IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., Et al., | ) ) ) | CASE NO. 1:08 CV 2755 |
| Plaintiff, | ) ) ) | JUDGE: WELLS |
| -vs- | ) ) ) ) | ANSWER, CROSS-CLAIM AND COUNTERCLAIM OF LSI-LOWERY SYSTEMS, INC. AND THE IBIS GROUP, INC. |
| SAP AMERICA, INC., et al., | ) ) | |
| Defendants. | ) | (Jury Demand Endorsed Hereon) |

Now come LSI-Lowery Systems, Inc. and The IBIS Group, Inc., and for their Answer to Plaintiff's Complaint state as follows:

FIRST DEFENSE

1. As they relate to the allegations against these answering Defendants, deny paragraph 1 of Complaint.

2. Deny, for want of knowledge and because the Ohio Secretary of State's office does not confirm this information, paragraph 2.

3. Deny as not applicable to this answering Defendant and for want of knowledge the allegations contained in paragraphs 3 and 4.

4. Admit paragraph 5.

5. Admit that on or about April of 2004 The IBIS Group, Inc. became a wholly owned subsidiary of LSI-Lowery Systems, Inc., and that IBIS Group, Inc. was a corporation

organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. Deny the remaining allegations in paragraph 6.

6. Deny, for want of knowledge, the allegations in paragraph 7.

7. Admit paragraphs 8 and 9.

8. Deny for want of knowledge and as the allegations are phrased, paragraph 10 and 11.

9. Deny as not applicable to these answering Defendants and for want of knowledge, paragraph 12.

10. Admit SAP sold Business One through a partner channel, and that SAP recruited partners capable of selling and supporting Business One.

11. Admit LSI-Lowery Systems, Inc. and IBIS Group, Inc. were SAP Partners authorized to market and service the SAP Business One product.

12. In response to paragraphs 16 through 22, admit that these answering defendants were experts in providing IT solutions, were SAP partners, but specifically deny that they made any independent representations regarding the capabilities of the SAP Business One product separate and apart from those representations made by SAP.

13. Admit that these answering Defendants worked in conjunction with Plaintiff to design and implement the InFlight Enterprise software which SAP encouraged.

14. Admit the allegations of paragraphs 23 and 24.

15. Deny for want of knowledge the allegations contained in paragraph 25.

16. Admit the allegations of paragraph 26 through 29 as they are made against SAP, but specifically deny those allegations as they relate to these answering Defendants. These answering Defendants made no representations independent of those supplied by or made by SAP, a fact that was disclosed to and understood by Plaintiff.

17. Admit the allegations of paragraphs 30, 31 and 32 as they relate to the SAP Business One program. Specifically deny the allegations as they relate to any actions or claimed inactions on the part of these answering Defendants or programs other than SAP Business One.

18. As they relate to these answering Defendants, deny as untrue the allegations contained in paragraph 33 through 61 of Complaint.

19. Deny, for want of knowledge, or because the allegations are untrue, each and every other allegation not specifically admitted as they relate to these answering Defendants.

## SECOND DEFENSE

20. As to some or all of Plaintiff's allegations, these answering Defendants were agents of disclosed principals and accordingly have no duty to Plaintiffs for the transgressions alleged in Plaintiff's Complaint.

## THIRD DEFENSE

21. Plaintiff is not a legal entity capable of bringing this action.

## FOURTH DEFENSE

22. Some or all of Plaintiff's claims may be barred by their own actions or inactions, including but not limited to comparative or contributory fault or voluntary assumption of known risks.

## FIFTH DEFENSE

23. Some or all of Plaintiff's claims may be barred by the Doctrines of Laches or the applicable statute of limitations.

<u>SIXTH DEFENSE</u>

24. This Court may lack jurisdiction over the subject matter of this litigation.

<u>SEVENTH DEFENSE</u>

25. Some or all of Plaintiff's claims may be barred by contractual limitations for failure to perform conditions precedent to recovery.

WHEREFORE, having fully answered, these answering Defendants pray Plaintiff's Complaint be dismissed.

Respectfully submitted,

/s/ Roy A. Hulme
ROY A. HULME (0001090)
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio  44115
Phone: 216/430-2135
Fax: 216/430-2250
E-Mail: rhulme@reminger.com

<u>COUNTERCLAIM</u>

1. There is due and owing by Plaintiff to Defendants the sum of $60,000.00 for services rendered and expenses advanced by Defendants on behalf of Plaintiff.

WHEREFORE, Counterclaiming Defendants pray for judgment against Plaintiff in the amount of $60,000.00 plus interest, attorney fees and costs.

/s/ Roy A. Hulme
ROY A. HULME

## CROSS-CLAIM AGAINST SAP AMERICA, INC. AND SAP AG

1. For purposes of their Cross-claim against SAP America, Inc. and SAP AG, Defendants assert and incorporate the allegations of Plaintiff against SAP America, Inc. and SAP AG as if rewritten herein.

2. As a result of SAP America, Inc. and SAP AG, Plaintiff has failed to pay to Defendants the sum of $60,000.00.

3. As a result of SAP America, Inc.'s and SAP AG's actions and inactions as alleged in Plaintiff's Complaint, LSI-Lowery Systems, Inc. and The IBIS Group, Inc. have both suffered additional economic damages and loss, including but not limited to lost income, uncompensated time and services of its employees, out-of-pocket expenses, costs of defending against the claims of Plaintiff, attorneys fees and other damages that will be presented at trial.

WHEREFORE, Defendants pray judgment against SAP America, Inc. and SAP AG in an amount in excess of $60,000.00, and additional sums believed to be in excess of $500,000.00, to compensate Defendants for their losses, attorney fees, interest and costs.

/s/  Roy A. Hulme
ROY A. HULME

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Answer, Cross-Claim and Counterclaim of LSI-Lowery Systems, Inc. and The IBIS Group, Inc. was filed electronically this 3rd day of February, 2009. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

    /s/ Roy A. Hulme
    ROY A. HULME (0001090)