UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| SAP AMERICA, INC., et al. | ) | MEMORANDUM IN SUPPORT OF |
| | ) | PLAINTIFF'S MOTION FOR LEAVE |
| Defendants. | ) | TO FILE ITS FIRST AMENDED |
| | ) | COMPLAINT AS TO DEFENDANTS |
| | ) | LSI-LOWERY SYSTEMS, INC. AND |
| | ) | THE IBIS GROUP, INC. |
| | ) | |

Plaintiff/Counterclaim Defendant Hodell-Natco Industries, Inc. ("Hodell-Natco"), submits the following Memorandum in Support of its Motion for Leave to File a First Amended Complaint pursuant to Fed. R. Civ. P. 15(a).

**I.  INTRODUCTION**

On November 21, 2008, Hodell-Natco filed its Complaint against Defendants SAP America Inc. ("SAP America"), SAP AG, LSi-Lowery Systems, Inc. ("LSi") and The IBIS Group, Inc. ("IBIS"). (ECF #1). Hodell-Natco's Complaint asserted four (4) causes of action: Count I: Fraudulent Inducement; Count II: Fraud; Count III: Breach of Contract; and Count IV: Negligence.

On February 3, 2009, defendants LSi and IBIS filed an Answer to Hodell-Natco's Complaint. (ECF #12). LSi and IBIS also filed a Counterclaim against Hodell-Natco

and a Cross-Claim against the SAP Defendants.  On February 5, 2009, Hodell-Natco filed its Answer to the Counterclaim.

On March 12, 2009, the SAP Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF #20, 21).  In their Motion to Dismiss, the SAP Defendants request that each of Hodell-Natco's four causes of action be dismissed with prejudice for failure to state a claim upon which relief could be granted.  The SAP Defendants have not filed an answer to the Complaint filed by Hodell-Natco.

## II. LEGAL ARGUMENT

The trial court is vested with discretion in granting or denying leave to amend a pleading under Fed.R.Civ.P. 15(a).  See *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, L.Ed. 2d 222 (1962).  Leave to file an amended complaint "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. *See Foman*, supra at 182; *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir.1999).

In the present case, Hodell-Natco seeks leave to file an Amended Complaint in order to supplement and clarify the allegations against the various defendants in this case. Plaintiff has attempted to set forth its allegations, which concern a series of transactions and involve multiple defendants and third-parties, in as concise a manner as possible while at the same time providing sufficient notice to the defendants of the claims against them.

Hodell-Natco also asserts an additional Fifth Cause of Action against the defendants for Negligent Misrepresentation.  *See* Prop. Am. Compl. at ¶¶91-95.  The additional Negligent Misrepresentation claim does not substantially alter the claims

against the defendants as would warrant a denial of the Motion to Amend.  Indeed, the amended cause of action is based largely on the same allegations contained in the original Complaint, and thus, the defendants were or should have been aware that such a cause of action could be alleged.

There will be no undue prejudice to any party by permitting the proposed First Amended Complaint.  This case is in its infancy, with no scheduling order having been issued, no initial disclosures exchanged, and only two of the four defendants having filed answers.  For similar reasons, there has been no undue delay on Hodell-Natco's behalf in seeking the proposed amendment, as the case was filed only a few months ago, and Hodell-Natco has not received any initial disclosures or other discovery from the defending parties.  Permitting the proposed Amended Complaint will not impact the proceedings in this case.

Through the same First Amended Complaint, Hodell-Natco intends to amend its allegations pertaining to the SAP Defendants.  Although LSi and IBIS have filed answers, their responsive pleadings do not prevent Hodell-Natco from amending the Complaint "as of right" against the non-answering SAP Defendants. *See Williams v. Bd. of Regents of the University System of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007) ("If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer."); *Barksdale v. King*, 699 F.2d 744, 747 (holding that plaintiff may amend the complaint as a matter of course where one, but not all defendants, had served an answer); *Natl. City Mortgage v. Navarro*, 220 F.R.D. 102, 104 (D. D.C. 2004); *Anderson v. USAA Casualty Ins. Co.*, 218 F.R.D. 307, 310 (D. D.C. 2003) (granting

plaintiff leave to amend complaint against answering defendants, and noting that plaintiffs could amend as a matter of course against non-answering defendants).

The SAP Defendants' Motion to Dismiss does not constitute a "responsive pleading," and therefore does not require Hodell-Natco to seek leave of Court prior to filing its amended allegations directed towards those non-answering defendants. *Youn v. Track, Inc.*, 324 F.3d 409, 416 (6th Cir. 2003). Thus, Hodell-Natco requests that the attached proposed Amended Complaint be deemed filed as a matter of right insofar as it pertains to the SAP Defendants.

### III. CONCLUSION

Based upon the foregoing, Plaintiff Hodell-Natco Industries, Inc. requests an Order of this Court permitting Hodell-Natco to file the attached proposed First Amended Complaint. Hodell-Natco requests that its First Amended Complaint be deemed filed as of the granting of this Motion.

Respectfully submitted,

/s/ James F. Koehler
James F. Koehler (0007904)
Koehler@buckleyking.com
Buckley King, LPA
1400 Fifth Third Center
600 Superior Ave.
Cleveland, Ohio 44114
(216) 363-1400
(216) 579-1020 (Fax)
Attorneys for Plaintiff Hodell-Natco
Industries, Inc.

100118-1