IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., Et al., | ) ) ) | CASE NO. 1:08 CV 2755 |
| | ) | JUDGE: WELLS |
| Plaintiff, | ) ) | |
| -vs- | ) ) ) ) ) | ANSWER TO FIRST AMENDED COMPLAINT, CROSS-CLAIM AND COUNTERCLAIM OF LSI-LOWERY SYSTEMS, INC. |
| SAP AMERICA, INC., et al., | ) ) | AND THE IBIS GROUP, INC. |
| Defendants. | ) | (Jury Demand Endorsed Hereon) |

Now come LSI-Lowery Systems, Inc. and The IBIS Group, Inc., and for their Answer to Plaintiff's First Amended Complaint state as follows:

FIRST DEFENSE

1. As they relate to the allegations against these answering Defendants, deny paragraph 1 of Complaint.

2. Deny, for want of knowledge and because the Ohio Secretary of State's office does not confirm this information, paragraph 2.

3. Deny as not applicable to this answering Defendant and for want of knowledge the allegations contained in paragraphs 3 and 4.

4. Admit paragraph 5.

5. Admit that on or about April of 2004 The IBIS Group, Inc. became a wholly owned subsidiary of LSI-Lowery Systems, Inc., and that IBIS Group, Inc. was a corporation

organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. Deny the remaining allegations in paragraph 6.

6. Deny, for want of knowledge, the allegations in paragraph 7.

7. Admit paragraphs 8 and 9.

8. Deny for want of knowledge and as the allegations are phrased, paragraph 10 and 11.

9. Deny as not applicable to these answering Defendants and for want of knowledge, paragraph 12.

10. Admit SAP sold Business One through a partner channel, and that SAP recruited partners capable of selling and supporting Business One.

11. Admit LSI-Lowery Systems, Inc. and IBIS Group, Inc. were SAP Partners authorized to market and service the SAP Business One product and were agents of SAP for purposes of the SAP products.

12. In response to paragraphs 16 through 26, admit that these answering defendants were experts in providing IT solutions, were SAP partners and agents of SAP for the SAP products, but specifically deny that they made any independent representations regarding the capabilities of the SAP Business One product separate and apart from those representations made by SAP. Deny for want of knowledge those factual allegations not involving there answering defendants. Admit the authenticity of Exhibits A-C until discovery reveals evidence to the contrary.

13. Admit that these answering Defendants worked in conjunction with Plaintiff to design and implement the InFlight Enterprise software which SAP encouraged.

14. In response to the allegations of paragraphs 27-29 admit that many conversations took place between representatives of these answering defendants and Plaintiffs, but

without further discovery deny for want of knowledge the specific factual allegations. Specifically deny these answering Defendants made any representations that were independent or different than those made or authorized by SAP relevant to the SAP products, a fact that was disclosed to and understood by Plaintiff.

15. Admit the allegations of paragraphs 30, 31 and 32.

16. Deny for want of knowledge at this time the allegations of paragraph 33.

17. Deny for want of knowledge and because some of that information is solely within the knowledge of Plaintiff, the allegations contained in paragraphs 34 and 35.

18. Deny only for want of knowledge those allegations in paragraph 36.

19. Admit, with hindsight, the allegation of paragraph 43 and 45, 47 and 48.

20. As they relate to these answering Defendants, deny as untrue the remaining allegations contained in paragraph 37 through 45 except to the extent of any representations passed through from SAP to Plaintiffs. Specifically deny making any representations not authorized by and understood by Plaintiffs to be those of SAP.

21. Admit in response to paragraph 49 that there were many problems with the SAP Business One software that may have included those listed, but deny the specifics for want of knowledge at this time.

22. Admit the allegations of paragraph 50.

23. Deny the allegations of 51-76 as they relate to these answering defendants.

24. Admit the allegations of paragraph 77 and 78.

25. Deny the allegations of paragraphs 79-95 as they relate to these answering defendants.

26. Deny, for want of knowledge, or because the allegations are untrue, each and every other allegation not specifically admitted as they relate to these answering Defendants.

## SECOND DEFENSE

27. As to some or all of Plaintiff's allegations, these answering Defendants were agents of disclosed principals and accordingly have no duty to Plaintiffs for the transgressions alleged in Plaintiff's Complaint.

## THIRD DEFENSE

28. Plaintiff is not a legal entity capable of bringing this action.

## FOURTH DEFENSE

29. Some or all of Plaintiff's claims may be barred by their own actions or inactions, including but not limited to comparative or contributory fault or voluntary assumption of known risks.

## FIFTH DEFENSE

30. Some or all of Plaintiff's claims may be barred by the Doctrines of Laches or the applicable statute of limitations.

## SIXTH DEFENSE

31. This Court may lack jurisdiction over the subject matter of this litigation.

## SEVENTH DEFENSE

32. Some or all of Plaintiff's claims may be barred by contractual limitations for failure to perform conditions precedent to recovery.

WHEREFORE, having fully answered, these answering Defendants pray Plaintiff's claims be dismissed.

        Respectfully submitted,

        /s/  Roy A. Hulme
        ROY A. HULME (0001090)
        REMINGER CO., L.P.A.
        1400 Midland Building
        101 Prospect Avenue, West
        Cleveland, Ohio  44115
        Phone: 216/430-2135
        Fax: 216/430-2250
        E-Mail: rhulme@reminger.com

## COUNTERCLAIM

1. There is due and owing by Plaintiff to Defendants the sum of $60,000.00 for services rendered and expenses advanced by Defendants on behalf of Plaintiff.

WHEREFORE, Counterclaiming Defendants pray for judgment against Plaintiff in the amount of $60,000.00 plus interest, attorney fees and costs.

        /s/  Roy A. Hulme
        ROY A. HULME

## CROSS-CLAIM AGAINST SAP AMERICA, INC. AND SAP AG

1. For purposes of their Cross-claim against SAP America, Inc. and SAP AG, Defendants assert and incorporate the allegations of Plaintiff against SAP America, Inc. and SAP AG as if rewritten herein.

2. As a result of SAP America, Inc. and SAP AG, Plaintiff has failed to pay to Defendants the sum of $60,000.00.

3. As a result of SAP America, Inc.'s and SAP AG's actions and inactions as alleged in Plaintiff's Complaint, LSI-Lowery Systems, Inc. and The IBIS Group, Inc. have both suffered additional economic damages and loss, including but not limited to lost income, uncompensated time and services of its employees, out-of-pocket expenses, costs of defending against the claims of Plaintiff, attorneys fees and other damages that will be presented at trial.

4. As to the claims of Plaintiff, LSI-Lowery Systems, Inc. and the IBS Group, Inc. are entitled to indemnity or contribution from SAP to the extent they are required to make payment to Plaintiff, plus attorney fees and expenses and costs of both defending against Plaintiff's claims and prosecuting their cross claims.

WHEREFORE, Defendants pray judgment against SAP America, Inc. and SAP AG in an amount in excess of $60,000.00, and additional sums believed to be in excess of $500,000.00, to compensate Defendants for their losses, attorney fees, interest and costs.

/s/ Roy A. Hulme
ROY A. HULME

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Answer, Cross-Claim and Counterclaim of LSI-Lowery Systems, Inc. and The IBIS Group, Inc. was filed electronically this 18th day of May, 2009.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.

      /s/  Roy A. Hulme
    ROY A. HULME (0001090)