IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAP AMERICA, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:08 CV 2755<br><br>JUDGE WELLS<br><br>**ANSWER OF DEFENDANTS SAP AMERICA, INC. AND SAP AG TO THE CROSS-CLAIM OF DEFENDANTS LSI-LOWERY SYSTEMS, INC. AND THE IBIS GROUP, INC. AND COUNTER-CLAIM AND CROSS-CLAIM AGAINST DEFENDANTS LSI-LOWERY, INC. AND THE IBIS GROUP, INC.** |

**ANSWER OF DEFENDANTS SAP AMERICA, INC. AND SAP AG TO
THE CROSS-CLAIM OF DEFENDANTS LSI-LOWERY SYSTEMS, INC. AND
THE IBIS GROUP, INC. AND COUNTER-CLAIM AND CROSS-CLAIM AGAINST
DEFENDANTS LSI-LOWERY SYSTEMS, INC. AND THE IBIS GROUP, INC.**

Now come Defendants SAP America, Inc. ("SAP America") and SAP AG ("SAP AG") (hereinafter occasionally referred to collectively as "SAP"), with their answer and affirmative defenses to the cross-claim of Defendants LSi-Lowery Systems, Inc. ("Lowery") and The IBIS Group ("IBIS") (collectively "LSI"), and with their counter-claim and cross-claim against LSI.

**ANSWER**

1-4.  Denied.  By way of further response, SAP asserts and incorporates SAP's motion to dismiss Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b).

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

The claims purportedly set forth in the cross-claim of LSI are barred by the written agreement(s) between SAP America and LSI.

SECOND DEFENSE

The claims purportedly set forth in the cross-claim of LSI fail to state a claim upon which relief may be granted against SAP.

THIRD DEFENSE

The claims purportedly set forth in the cross-claim of LSI may be barred, in whole or in part, by the doctrine of laches and/or the applicable statute(s) of limitation.

FOURTH DEFENSE

The claims purportedly set forth in the cross-claim of LSI may be barred, in whole or in part, by the doctrine of waiver, estoppel, *res judicata*, and/or unclean hands.

FIFTH DEFENSE

If LSI suffered any loss, damage or injury, which SAP expressly denies, such loss, damage or injury was not caused, either legally or proximately, by any act or omission of SAP.

SIXTH DEFENSE

If LSI suffered any loss, damage or injury, which SAP expressly denies, such loss, damage or injury was caused solely by reason of acts, omissions, representations, and/or courses of conduct of LSI, or by those other than SAP.

SEVENTH DEFENSE

To the extent LSI failed to mitigate, minimize or avoid any of the damages, which are the subject of LSI's cross-claim, which damages SAP denies, any recovery against SAP must be reduced by the amount attributable to LSI's failure.

EIGHTH DEFENSE

To the extent Plaintiff prevails on any of the causes of action set forth in Plaintiff's complaint, LSI is solely liable to Plaintiff.

### NINTH DEFENSE

The claims purportedly set forth in the cross-claim of LSI may be barred, in whole or in part, by common law.

### TENTH DEFENSE

The claims purportedly set forth in the cross-claim of LSI may be barred, in whole or in part, by the statute of frauds.

### ELEVENTH DEFENSE

SAP alleges that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate affirmative defenses available. SAP specifically reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development of this case. SAP also reserves the right to amend this answer to add, delete, or modify defenses based upon legal theories that may, might or will be divulged through clarification of Plaintiff's allegations, LSI's allegations, and/or through discovery

WHEREFORE, SAP respectfully requests that this Honorable Court enter an order dismissing the cross-claim of LSI with prejudice and awarding SAP its costs, attorneys' fees, and such other and further relief as this Honorable Court deems appropriate.

**COUNTER-CLAIM AND CROSS-CLAIM OF SAP AMERICA, INC.
AND SAP AG AGAINST
<u>DEFENDANTS LSI-LOWERY SYSTEMS, INC. AND THE IBIS GROUP, INC.</u>**

<u>COUNT I – INDEMNIFICATION</u>

1. At all times relevant to this action, SAP produced a business software solution known as SAP Business One ("Business One").

2. At all times relevant to this action, Business One – including the licensing rights thereto – was distributed to business customers through a channel of resellers. These resellers were granted, by SAP, a license to market and distribute Business One to business customers. Accordingly, these resellers marketed Business One to potential customers and dealt directly with customers in installing and/or implementing Business One.

3. At all times relevant to this action, LSI was a reseller of Business One. Indeed, on December 19, 2003, LSI and SAP America entered into a SAP Business One Software Marketing and Distribution Agreement (the "Distribution Agreement"), wherein SAP America granted, and LSI accepted, a license to market and distribute Business One to business customers. A true and correct copy of the Distribution Agreement is attached hereto as Exhibit A.

4. The Distribution Agreement contained the following provision:

> 14.4 <u>Indemnification of SAP</u>. Reseller shall indemnify SAP [America], SAP AG and its licensors against all claims, liabilities, and costs and expenses, including reasonable legal fees, reasonably incurred in the defense of any claim (other than for infringement of intellectual property rights specified in Section 14.3 above) including but not limited to any recalls, claims, suits, or other complaints arising out of (i) any misrepresentations or modifications made by Reseller relating to the Software, or (ii) Reseller's unauthorized Use, distribution, sublicensing, or reproduction of the Software licensed under this Agreement, or (iii) as set forth in Section 17.8, or (iv) Reseller's breach of Section

> 7.5, or (v) any federal, state, or local sales, use, property, excise, service or similar taxes (excepting taxes on SAP's income) and related costs, interest and penalties paid or payable to SAP, or (vi) Reseller's breach of sections 3.3 or noncompliance with applicable U.S. or foreign law with respect to the use or transfer of the Proprietary Information outside the United States by Reseller; *provided* that, SAP promptly notifies Reseller in writing of such claim and that Reseller is permitted to control fully the defense and any settlement of the claim.

Ex. A (Distribution Agreement, § 14.4) (emphasis in the original).

5. On December 20, 2004, LSI entered into an agreement (the "Development Agreement") with a business customer known as Hodell-Natco Industries, Inc. ("Hodell"). Plaintiff's Amended Complaint, Ex. D. Under the terms of the Development Agreement, Hodell agreed to provide funding for, and LSI agreed to develop, a software application known as In-Flight Enterprise, which LSI further agreed to integrate with Business One. LSI also agreed to synchronize this integrated software solution with an application currently being utilized by Hodell, known as Radio Beacon, and to distribute to Hodell the software licenses necessary to utilize this software solution in its business operations.

6. On or about November 21, 2008, Hodell commenced this action, and on or about April 23, 2009 filed an amended complaint against LSI and SAP, alleging, among other things, that certain aspects regarding Business One and/or the integrated software solution had been misrepresented to Hodell, and that Business One and/or the integrated software solution failed to meet Hodell's needs. Hodell is seeking economic damages as a result.

7. Under the terms of the Distribution Agreement, and/or pursuant to principles of common law, SAP is entitled to indemnity and/or contribution from LSI in connection with Plaintiff's claims against SAP and/or LSI is otherwise liable to SAP for all or part of Plaintiff's claims against SAP.

WHEREFORE, SAP respectfully requests that this Honorable Court enter an order directing that SAP is entitled to indemnity and/or contribution for all losses and costs including attorneys' fees in connection with the claims Plaintiff has asserted against SAP; that LSI is otherwise liable to SAP for all or part of Plaintiff's claims against SAP; and that SAP be awarded such other and further relief as this Honorable Court deems appropriate.

Dated:  June 11, 2009

By:  */s/Leo  M. Spellacy, Jr., Esq.*
Hugh E. McKay, Esq. (0023017 )
Leo M. Spellacy, Jr., Esq. (0067304)
Charles W. Zepp., Esq. (0068129)
PORTER WRIGHT MORRIS & ARTHUR LLP
925 Euclid Avenue, Suite 1700
Cleveland, OH  44115-1483
(216) 443-9000 / Fax (216) 443-9011
lspellacy@porterwright.com

Attorneys for Defendants,
SAP America, Inc. and SAP AG

Of Counsel:

Michael J. Miller
Thomas S. Downie
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile:  (215) 988-2757

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Leo M. Spellacy, Jr., Esq.
Hugh E. McKay, Esq. (0023017 )
Leo M. Spellacy, Jr., Esq. (0067304)
Charles W. Zepp., Esq. (0068129)
PORTER WRIGHT MORRIS & ARTHUR LLP
925 Euclid Avenue, Suite 1700
Cleveland, OH  44115-1483
(216) 443-9000 / Fax (216) 443-9011
hmckay@porterwright.com
lspellacy@porterwright.com
czepp@porterwright.com

Attorneys for Defendants,
SAP America, Inc. and SAP AG