**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., | ) | CASE NO. 1:08-CV-02755 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE LESLEY WELLS |
| | ) | |
| SAP AMERICA, INC., *et al.*, | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| Defendants. | ) | |
| | ) | **NOTICE AND ORDER** |

This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.1, for preparation of a report and recommendation regarding Defendant SAP America Inc.'s and Defendant SAP AG's (collectively "SAP") combined Motion to Dismiss the First Amended Complaint of Plaintiff Hodell-Natco Industries Inc. ("Hodell"). (Doc. No. 46.) Take notice, this matter is scheduled for Oral Arguments at 9:30 a.m. on August 18, 2010 before The Honorable Greg White, United States Magistrate Judge, in Courtroom 11B, United States District Court, 801 W. Superior Avenue, Cleveland, OH 44113. Lead counsel are required to attend.

The Oral Arguments will address issues raised in SAP's motion to dismiss and counsel should be prepared to argue all relevant issues with special emphasis on the following:

> (1) Whether Hodell can maintain a breach of contract action against the SAP defendants with respect to the 2004 Development Agreement based on the facts alleged in the Amended Complaint and the standards Civil Rule 12(b)(6)?

    (a)    Can the SAP defendants can be held liable for breach of contract with respect to the 2004 Development Agreement based on allegations that they were intended third party beneficiaries of the contract?

    (b)    Can the SAP defendants can be held liable for breach of contract with respect to the 2004 Development Agreement based on allegations that they were either: (i) partners with LSi-Lowery Systems, Inc. ("LSI") or The IBIS Group, Inc. ("IBIS"); or, (ii) a disclosed principle of LSI or IBIS, who were allegedly acting as SAP's agents?[1]

(2)    Whether Hodell can maintain a breach of contract action against the SAP defendants with respect to the 2005 License Agreement based on the facts alleged in the Amended Complaint and the standards Civil Rule 12(b)(6)?

    (a)    Excluding the issue of what damages are recoverable under the terms of the contract, how does the Amended Complaint fail to state a breach of contract claim with respect to the License Agreement?

(3)    Do the alleged misrepresentations of SAP, LIS, and IBIS, as well as Hodell's fraud in the inducement claim, have any impact on the provisions of the 2005 License Agreement? Do the provisions of the 2005 License Agreement have any impact on the 2004 Development Agreement?

(4)    Does Ohio's "economic-loss rule" prohibit Hodell's tort claims?

    (a)    Does the economic-loss rule bar fraudulent inducement claims where there is privity of contract? Is it possible to maintain a fraudulent inducement claim in the absence of a contract? *See, e.g., Marine Direct v. Doughery Marine, Inc.*, 2007 U.S. Dist. LEXIS 1414 (S.D. Ohio 2005); *Onyx Environmental Services, LLC v. Maison*, 407 F. Supp.2d 874 (N.D. Ohio 2005).

---

[1] Counsel should also be prepared to present the Court with additional legal authority regarding the issue of whether LSI and/or IBIS had the authority, actual or apparent, to bind SAP to a contract. Furthermore, taking all of Hodell's allegations as true and construing the allegations most favorably towards Hodell, are the allegations sufficient to render SAP liable under the 2004 Development Agreement?

The parties should be prepared to cite authority on these issues.

IT IS SO ORDERED.

s/ Greg White<br>U.S. MAGISTRATE JUDGE

Date: July 29, 2010