IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE WELLS |
| | ) | |
| v. | ) | **OBJECTIONS OF DEFENDANTS SAP** |
| | ) | **AMERICA, INC. AND SAP AG TO** |
| SAP AMERICA, INC., et al. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **REGARDING MOTION TO DISMISS** |
| Defendants. | ) | **THE AMENDED COMPLAINT** |
| | ) | |

## I.     INTRODUCTION

One of the primary issues before the Court on SAP America, Inc.'s ("SAP America") and SAP AG's (collectively, "SAP") motion to dismiss is whether Hodell-Natco Industries, Inc. ("Hodell"), a commercial party that is in privity with SAP America under a software license agreement, is able to proceed on tort claims where Hodell seeks identical economic damages in tort and contract.  The Report and Recommendation of Magistrate Judge White concluded that Hodell's negligence claim fails, but that Hodell's claims for fraud, fraudulent inducement, and negligent misrepresentation may proceed on the basis that these claims rest on duties that arose independently of the contract between SAP America and Hodell.  The Court's analysis, however, failed to consider a separate independent basis for dismissal of these claim – namely, that the economic loss doctrine in Ohio (and Pennsylvania) prevents commercial parties in privity from seeking contract damages under a tort theory, even if the alleged tort is intentional.[1]

---

[1] SAP has argued that the issues in this matter between SAP and Hodell are governed by Pennsylvania law. However, for purposes of the motion to dismiss, SAP explained at argument that it was prepared to assume that Ohio law be applied because it is similar to Pennsylvania law and compels the same result.  SAP has not, however, waived its argument that Pennsylvania law controls.

Separate and apart from the economic loss doctrine issues, the Court erred in failing to recommend dismissal of the negligent misrepresentation claim on the grounds that Hodell has failed to, and indeed cannot, allege that SAP owed Hodell a "special duty" to supply information. Finally, the Court erred in not recommending that Hodell's request for punitive damages be stricken where Hodell's intentional tort claims fail, or alternatively because Hodell cannot allege the type of egregious behavior necessary to award punitive damages.

For the reasons set forth below, SAP respectfully suggests that Hodell's claims for fraud, fraudulent inducement, and negligent misrepresentation be dismissed, and that Hodell's request for punitive damages be stricken.

## II.     SAP'S OBJECTIONS AND ARGUMENT

### A.     The Court Erred In Its Application Of The Economic Loss Doctrine

The Ohio economic loss doctrine has two prongs.  It requires a plaintiff to show both: (1) a duty that is separate and distinct from contract duties; *and* (2) damages that are separate and distinct from its breach of contract damages.  *See Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App. 3d 137, 151-153 (Ohio Ct. App. 1996) (holding trial court erred in failing to grant directed verdict on fraud and negligent misrepresentation claims where plaintiff did not establish damages attributable to those claims distinguishable from those it claimed for breach of contract).  Although the Court addressed the first issue (whether a separate duty exists concerning Hodell's tort claims), the Court's analysis did not touch upon Hodell's damages.[2]  This is a material issue because, during argument, Hodell's counsel was unable to articulate any non-economic damages arising from

---

[2] In finding that Hodell's simple negligence claim should be dismissed, the Court relied on the first prong of the economic loss rule, stating "Hodell has failed to allege breach of any duty independent of contract and the economic loss rule clearly bars simple negligence actions where, as here, no non-economic damages have been alleged." (D.E. 50, p. 21.)

Hodell's tort claims, and the Court subsequently found that "no non-economic damages have been alleged" by Hodell.  (Tr. 73-74; D.E. 50, p. 21.)  In fact, based on Hodell's admission and the Court's finding, Hodell's tort damages are entirely duplicative of the damages it might recover for a breach of contract.

The Sixth Circuit holds that, in such cases, Ohio law requires the dismissal of the tort claim – regardless of whether the torts are alleged to be intentional or merely negligent.  *See Medical Billing, Inc. v. Medical Mgmt. Sciences, Inc.*, 212 F.3d 332, 338 (6th Cir. 2000) (holding district court erred in allowing identical damages for fraudulent inducement and breach of contract; "any award of damages to [plaintiff] arising from the fraudulent inducement must be separate and distinct from the damages awarded to [plaintiff] on its claim for breach of the [contract]. . . .  The tort injury must be unique and separate from any injury resulting from a breach of contract.").

In a recent case applying Ohio law to a motion to dismiss a fraud claim, *Pratham Design Innovation Pvt. Ltd. v. Infovision 21, Inc.*, the court interpreted the holding in *Medical Billing* as being based upon Ohio's economic loss doctrine.  2007 U.S. Dist. LEXIS 93691 (E.D. Mich. Dec. 21, 2007) (stating that, in *Medical Billing*, "[t]he Sixth Circuit, relying on the Ohio economic loss doctrine, struck down the jury's award of fraud and breach of contract damages as redundant.  In reaching this conclusion, the Sixth Circuit noted that the injury claimed in the breach of contract claim and the fraud claim were identical.").  The *Pratham* court thus held that the doctrine barred plaintiff's fraud claim where the alleged injury was identical under plaintiff's breach of contract theory.  *Id.* at *13; *see also Corporex Dev. & Constr. Mgmt. v. Shook,* Inc., 106 Ohio St. 3d 412, 414 (Ohio 2005) ("Tort law is not designed . . . to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement.  That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement.  It

remains the particular province of the law of contracts."); *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins.* Co., 42 Ohio St. 3d 40, 45 (Ohio 1989) ("[W]hen the promisee's injury consists merely of the loss of his bargain, no tort claim arises because the duty of the promisor to fulfill the term of the bargain arises only from the contract."); *Polen Implement, Inc. v. Toth*, 2008 Ohio 3211, P24 (Ohio Ct. App., 2008) (tort claims failed where plaintiff "allege[d] precisely the same damages as its breach of contract claim.").

Thus, it is the law of Ohio that, regardless of whether a tort claim is based on duties independent of the parties' contract, the economic loss doctrine bars those tort claims where economic damages are sought which are not separate and distinct from breach of contract damages.[3] Here, counsel for Hodell admitted, and the Court found, that Hodell's alleged tort damages and contract damages are not distinct.  (Tr. 73-74; D.E. 50, p. 21.)  Instead, under all theories alleged, Hodell seeks exactly the same relief.  *See* Cmplt., ¶¶1, 53, 54, 65, 73, 86, 90, 95 (alleging the same damages under all causes of action).  Thus, the Court erred in failing to address the second prong of the economic loss doctrine, and in not finding that Hodell's tort claims should be dismissed on the basis that its alleged damages are entirely duplicative of its alleged breach of contract damages.

**B.    The Economic Loss Doctrine Bars Hodell's Negligent Misrepresentation Claim, And Hodell Otherwise Fails To State A Viable Claim**

The Court concluded (and the parties do not dispute) that SAP America and Hodell are parties to the License Agreement, and are thus in privity.  (D.E. 50, p. 13.)  Under these circumstances, it was incorrect for the Court to conclude that Hodell may proceed with a negligent misrepresentation claim seeking purely economic losses against SAP America.

---

[3] SAP does not concede that Hodell has met the requirement of proving, under Ohio (or Pennsylvania) law, a duty that is separate and distinct from the contract duties in this case.

Although the Court correctly stated the <u>general</u> rule that the economic loss doctrine is not usually extended to negligent misrepresentation claims, the Court exclusively cited cases in which the parties were not in privity.  *See* D.E. 50, p. 20; *see also J.F. Meskill Enters., LLC v. Acuity*, 2006 U.S. Dist. LEXIS 41491, *17-18 (N.D. Ohio Apr. 7, 2006) (negligent misrepresentation claim by insured against insurance broker not barred by economic loss doctrine where parties lacked privity and broker's advice was provided after plaintiff obtained insurance contract); *Lee v. Dublin Manor Corp.*, 2007 U.S. Dist. LEXIS 56703 at *19 (S.D. Ohio Aug. 3, 2007) (economic loss rule did not bar claim for negligent misrepresentation by plaintiff home purchaser against title agency with whom plaintiff lacked privity).[4]

Contrary to these cases, this Court has recently recognized that "the foundational doctrinal distinction in the economic loss rule jurisprudence is whether the parties are in privity of contract [and] [i]n cases of contractual privity, courts apply a strong version of the economic loss rule" and hold commercial parties to their contract.  *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 684 F. Supp. 2d 942, 949 (N.D. Ohio 2009).  Thus, Ohio courts have recognized that a negligent misrepresentation claim seeking economic damages cannot exist between commercial parties in privity.  *See 425 Beecher, LLC v. Unizan Bank*, 186 Ohio App. 3d 214, 229 (Ohio Ct. App. 2010) (citing *Universal Contr. Corp. v. Aug*, 2004 Ohio 7133, P20 (Ohio Ct. App. 2004) ("Where the parties are sophisticated business entities that have contracted to protect against potential economic loss, contract principles override the tort principles embodied in [Restatement of Torts]

---

[4] The Court also cited *Long v. Time Ins. Co*., 572 F. Supp. 2d 907, 912 (S.D. Ohio 2008), for the proposition that "negligent misrepresentation claims survive the economic loss rule."  (D.E. 50, p.20.)  The *Long* court's general statement is of no moment because it, too, presented a situation where the parties lacked privity.  In that case, the court concluded that the life insurance contract at issue had been rescinded and rendered void based on undisputed misrepresentations by the insured.  572 F. Supp. 2d. at 916-17.  Thus, the defendants (an insurer and an insurance broker) were no longer in privity with the plaintiff insured.  Having no privity with the defendants, the plaintiff insured was thus permitted to proceed on a negligent misrepresentation claim.  *Id*. at 913.  The court nonetheless dismissed that claim on summary judgment for failure to provide evidence of a false statement.  *Id.*

Section 552 [concerning negligent misrepresentation], and economic damages are not recoverable except as provided in the contract or by the rules of contract interpretation.")).  This is consistent with Pennsylvania's economic loss doctrine, which similarly prevents parties in privity from asserting negligent misrepresentation claims for economic losses.  *See Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.*, 700 F. Supp. 2d 720, 735 (W.D. Pa. 2010) (the exception permitting negligent misrepresentation claims for economic losses "applies when the parties are not in a contractual relationship and the information in question is supplied to 'another in privity' with the plaintiff.").

Similarly, neither Ohio nor Pennsylvania has a blanket exception from the economic loss doctrine for intentional torts, including fraud or fraudulent inducement.  To the contrary, as explained above, where identical damages are sought under intentional tort and breach of contract theories, the doctrine precludes all tort claims.  *See Medical Billing, Inc.*, 212 F.3d 332, 338 (6th Cir. 2000) (fraudulent inducement claim precluded as duplicative of contract damages); *Pratham Design* 2007 U.S. Dist. LEXIS 93691, *13 (E.D. Mich. Dec. 21, 2007) (fraud claim dismissed where alleged injury was identical under plaintiff's breach of contract theory); *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 680 (3d Cir. 2002) (under Pennsylvania law there is no exception to the economic loss doctrine for intentional torts such as fraudulent concealment).

Because the Court found that SAP and Hodell are commercial parties in privity, the Court erred in concluding that the economic loss doctrine is not a bar to Hodell's negligent misrepresentation claim.  Further, independent from the economic loss doctrine, Hodell's negligent misrepresentation claim should be dismissed because there is no dispute that SAP is a computer software company, not a professional in the business of supplying information to be relied upon by

others. As such, SAP owed no duty to Hodell which could give rise to a negligent misrepresentation claim.

According to Hodell, it can proceed on a negligent misrepresentation claim even though its losses are purely economic because the duty allegedly breached arises "outside the four corners of the parties' contract." (D.E. 40, p. 20, n.24.) SAP countered this argument in its reply brief, arguing that Hodell has failed to cite any "case to support the imposition of an independent duty in tort where, as here, one party sold software to another, pursuant to a commercial contract by and between them." (D.E. 41, p. 12). The Court erred in concluding that Hodell's negligent misrepresentation claim can survive under the facts of this case.

In limited circumstances – not present in this case – Ohio law permits a negligent misrepresentation claim under Section 552 of the Restatement (Second) of Torts. *See Haddon View Investment Co. v. Coopers and Lybrand*, 436 N.E.2d 212 (Ohio 1982) (discussing liability of an accountant under Section 552). Negligent misrepresentation claims are expressly limited to situations where a person in the business of providing advice does so negligently, causing a foreseen third party with whom he has a special relationship to rely upon that advice to his detriment. *See Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 106 Ohio St. 3d 412, 415 (Ohio 2005) ("[Section 552] recognizes professional liability, and thus a duty in tort, <u>only in those limited circumstances in which a person, in the course of business</u>, negligently supplies false information, knowing that the recipient either intends to rely on it in business, or knowing that the recipient intends to pass the information on to a foreseen third party or limited class of third persons who intend to rely on it in business.").[5]

---

[5] Ohio courts have limited negligent misrepresentation claims to those involving claims of negligent professional advice from licensed professionals such as architects, attorneys, accountants, real estate professionals, and insurance agents. *See, e.g., Floor Craft Floor Covering, Inc. v. Parma Cmty. Gen. Hosp. Ass'n*, 560 N.E.2d 206 (Ohio 1990)

(Continued)

"A core requirement in a claim for negligent misrepresentation is a special relationship under which the defendant supplied information to the plaintiff for the latter's guidance in its business transaction."  *Hayes v. Computer Assocs. Int'l, Inc*., 2003 U.S. Dist. LEXIS 10712, *18-20 (N.D. Ohio June 24, 2003) (dismissing negligent misrepresentation claim on summary judgment).  "This 'special' relationship does not exist in ordinary business transactions."  *Id*. (citing *Picker Intern., Inc. v. Mayo Found*., 6 F. Supp. 2d 685, 689 (N.D. Ohio 1998) (holding "[t]his relationship occurs only in 'special' circumstances . . . [u]sually [where] the defendant is a professional (e.g., an accountant) who is in the business of rendering opinions to others for their use in guiding their business, and the plaintiff is a member of a limited class.")).

Hodell does not allege it was in a special relationship with SAP such that SAP owed Hodell any particular duty to supply advice.  For instance, Hodell does not claim that it hired SAP as a software consultant or advisor to help Hodell select appropriate software for its needs.  Hodell does not even allege that SAP had any knowledge of Hodell's business in particular, let alone its requirements for computer software to run its operations.  To the contrary, the complaint reveals that Hodell licensed software from SAP through an arms' length transaction, lacking any special relationship that could support a finding that SAP owed a duty to supply Hodell with information. Accordingly, the Court should have recommended that Hodell's negligent misrepresentation claim be dismissed.

---

(Continued)

(discussing architect's liability for negligent misrepresentation); *Harrell v. Crystal* 611 N.E.2d 908 (Ohio Ct. App. 1992) (attorneys); *Perpetual Fed. Savs. & Loan Ass'n. v. Porter & Peck, Inc*. 609 N.E.2d 1324 (Ohio Ct. App. 1992) (real estate appraisers); *Kilburn v. Becker* 573 N.E.2d 1226 (Ohio Ct. App. 1990) (insurance agent).  Pennsylvania courts have done the same.  *See*, *e.g.*, *Bilt-Rite Contrs., Inc. v. Architectural Studio*, 866 A.2d 270, 285 (Pa. 2005) (adopting Section 552 to permit contractor to bring negligent misrepresentation claim against architect with whom contractor was not in privity).

### C. The Court Erred In Failing To Reject Hodell's Request For Punitive Damages

In Ohio, punitive damages are not recoverable in an action for breach of contract. *Ketcham v. Miller*, 136 N.E. 145, 146 (Ohio 1922). Thus, because the Court erred in failing to recommend the dismissal of Hodell's claims for fraud, fraudulent inducement, and negligent misrepresentation, the Court also erred in failing to recommend that Hodell's request for punitive damages be dismissed. Furthermore, even if the Court correctly concluded that these tort claims survive, the Court should have recommended the dismissal of Hodell's request for punitive damages because Hodell has not, and cannot, allege facts supporting the award of such damages.

Under Ohio law, even in cases of fraud, an award of punitive damages must be based upon an additional finding that "the fraud is aggravated by the existence of malice or ill will, or . . that the wrongdoing is particularly gross or egregious." *Logsdon v. Graham Ford Co.*, 376 N.E.2d 1333, n.2 (Ohio 1978). As the Court found, "Hodell's fraud, fraud in the inducement, and negligent misrepresentation claims revolve around allegations that the SAP defendants, directly and through their agents, knowingly, recklessly, or negligently misrepresented the capabilities of the Software, particularly with respect to the number of users that could be accommodated." (D.E. 50, p. 17.) Absent from the complaint and from the Court's Report and Recommendation is any well-pled allegation that SAP's conduct was egregious, malicious, or otherwise done in a manner that could warrant an award of punitive damages. Because no such allegations exist, the Court erred in failing to recommend that Hodell's request for punitive damages be stricken.

### III. CONCLUSION

For the foregoing reasons, and those stated in SAP's Motion to Dismiss and Reply Brief, SAP respectfully requests that, in addition to the relief recommended by Magistrate Judge White in favor of SAP, the Court dismiss Hodell's claims for fraud, fraudulent inducement, and negligent misrepresentation, and strike Hodell's request for punitive damages.

Dated: September 16, 2010

By:  /s/Leo  M. Spellacy, Jr., Esq.

Hugh E. McKay, Esq. (0023017 )
Leo M. Spellacy, Jr., Esq. (0067304)
Charles W. Zepp., Esq. (0068129)
PORTER WRIGHT MORRIS & ARTHUR LLP
925 Euclid Avenue, Suite 1700
Cleveland, OH  44115-1483
(216) 443-9000 / Fax (216) 443-9011
lspellacy@porterwright.com

Attorneys for Defendants,
SAP America, Inc. and SAP AG

Of Counsel:
Michael J. Miller (*pro hac vice*)
Gregory J. Star (*pro hac to be filed*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile:  (215) 988-2757

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2010 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

By: /s/Leo M. Spellacy, Jr., Esq.

Hugh E. McKay, Esq. (0023017 )
Leo M. Spellacy, Jr., Esq. (0067304)
Charles W. Zepp., Esq. (0068129)
PORTER WRIGHT MORRIS & ARTHUR LLP
925 Euclid Avenue, Suite 1700
Cleveland, OH 44115-1483
(216) 443-9000 / Fax (216) 443-9011
lspellacy@porterwright.com

Attorneys for Defendants,
SAP America, Inc. and SAP AG