UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE:  LESLEY WELLS |
| | ) | MAGISTRATE JUDGE:  GREG WHITE |
| -vs- | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

_____

PLAINTIFF HODELL-NATCO INDUSTRIES, INC.'S  REPLY TO THE SAP
DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S
REPORT AND RECOMMENDATION
_____

Plaintiff Hodell-Natco Industries, Inc. ("Hodell"), submits the following  Reply to the Objections to the Magistrate's Report and Recommendation (the "R&R")(ECF #50) filed by defendants SAP America, Inc. and SAP AG (collectively the "SAP Defendants")(ECF #52).

I.  INTRODUCTION

On April 22, 2009, Hodell filed a First Amended Complaint (ECF #26) asserting the following claims:  Count I:  Fraudulent Inducement; Count II:  Fraud; Count III:  Breach of Contract; Count IV:  Negligence; and Count V:  Negligent Misrepresentation.  Hodell's claims

arise out of a series of transactions involving Hodell, as purchaser of a business management software, and the SAP defendants, LSi-Lowery Systems, Inc. ("LSi") and The IBIS Group, Inc. ("IBIS") as the marketers and sellers of that software, commonly known as SAP Business One.

On May 18, 2009, LSi and IBIS filed a joint Answer (ECF #30).  On June 21, 2009, in lieu of filing an answer, the SAP Defendants filed a Motion to Dismiss the Amended Complaint (ECF #36).  Hodell opposed that Motion (ECF #40).  On August 16, 2010, Magistrate Judge White held oral arguments on the SAP Defendants' Motion to Dismiss.  On September 2, 2010, Magistrate Judge White issued his R&R on the disposition of that Motion.  The R&R recommends, in large part, the denial of the SAP Defendants' Motion to Dismiss.  Relating to the issues addressed herein, the R&R found the SAP Defendants' arguments relying upon the economic loss doctrine and requesting dismissal of Hodell's claim for punitive damages to lack merit.  On September 16, 2010, the SAP Defendants filed Objections to the R&R pertaining solely to the economic loss doctrine and punitive damages (ECF #52).  Hodell submits the following Reply to those Objections.

II.     LEGAL ARGUMENT

       A.     <u>The Economic Loss Rule Does Not Bar Hodell's Tort Claims</u>

            1.     <u>Hodell Has Plead Extra-Contractual Damages and SAP's Damages Argument is Procedurally Premature.</u>

The Magistrate correctly found that it would be highly improper to decide, on a motion to dismiss, what damages Hodell can and cannot prove relating to its tort claims.  The cases cited in the SAP Defendants' Objections only further support Hodell's argument that the issue of damages may not be resolved on a motion to dismiss.  In *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 684 N.E.2d 1261 (1996), the court determined, in reviewing a <u>jury verdict</u>, that the plaintiff had not proven additional, non-contractual damages.  Similarly,

2

the Sixth Circuit's decision in *Medical Billing, Inc. v. Medical Management Sciences, Inc.*, 212 F.3d 332 (6th Cir. 2000) concerned the court's review of a jury verdict. Neither opinion supports the SAP Defendants' position herein that Hodell's claims may be dismissed on a motion to dismiss for failure to prove damages.[1]

Thus, if *Textron* or *Medical Mgmt.* have any relevance to this proceeding, their relevance is limited to the fact that Hodell must be permitted to present its tort claims at trial and be given the opportunity to <u>prove</u> its damages, rather than have its damages rejected on a motion to dismiss. If, during trial, Hodell is unable to prove damages outside of its contract claims, then the SAP Defendants may ultimately prevail. However, any decision on a motion to dismiss, abrogating Hodell's right to conduct discovery and prove damages, would be in error.

Even if the Court considers the SAP Defendants' damages arguments at this early stage of the litigation, those arguments are completely meritless and undermined by SAP's own contrary positions in this case. While SAP argues that Hodell's tort claims should be dismissed because any tort damages would be duplicative of Hodell's contractual remedies, it also asks the Court to foreclose Hodell from obtaining essentially any remedy in contract.

Specifically, SAP argues that it was not a party to the 2004 Purchase. Adopting the SAP Defendants' argument, the Magistrate recommended that Hodell be foreclosed from recovering any contractual remedies from the SAP Defendants arising from the 2004 Purchase.[2] Thus, as a matter of law, there would be no duplication of tort and contract remedies against the SAP Defendants arising from the 2004 Purchase, because if the R&R is adopted, Hodell will have no

---

[1] The Eastern District of Michigan's decision in *Pratham Design Innov. Pvt. Ltd. v. Infovision 21, Inc.*, 2007 WL 4557712 (E.D. Mich., 2007) is also inapplicable. The court noted that the case did not involve fraudulent inducement. *Id.* at *5. Nor did it involve negligent misrepresentation. Further, as stated above, the SAP Defendants seek to avoid all contract damages arising from the 2004 Purchase, and seek to severely limit the contract damages arising from the 2005 Purchase.

[2] The R&R ruled in the SAP Defendants' favor on this issue. Hodell has filed an Objection to that ruling, and asks that it not be adopted by the Court.

contractual remedies against the SAP Defendants relating to the 2004 transaction.  See *Onyx Environ. Servs., LLC v. Maison*, 407 F.Supp.2d 874, 877 (N.D. Ohio 2005)(holding that tort damages would not be duplicative of contract damages where contract remedy was not available).

The SAP Defendants' argument that Hodell can not establish separate tort damages attributable to the 2005 Purchase is also meritless.  In 2005, Hodell purchased 40 additional user licenses and was forced to sign a License Agreement containing draconian limitations of liability provisions.  SAP asserts that these limitations foreclose virtually all contractual remedies against SAP in the event it is found to have breached that agreement.  By contrast, Hodell asserts that it was fraudulently induced into signing the License Agreement.  Thus, the damages attributable to the fraudulent inducement of the License Agreement would, as a matter of law, be distinct from the contractual damages awardable under that agreement.

        2.        <u>Contractual Privity is Irrelevant to the Economic Loss Doctrine Analysis</u>

Whether Hodell and the SAP Defendants were in contractual privity relating to the 2004 and 2005 Purchases is irrelevant to whether the economic loss doctrine applies.  Although the SAP Defendants contend that the exception to Ohio's economic loss doctrine for intentional tort and negligent misrepresentation claims does not apply where the parties are in contractual privity, they do not cite a single case in which a court dismissed a fraud or negligent misrepresentation claim based upon the economic loss doctrine merely because the parties were in privity.  Fraud, negligent misrepresentation, and fraudulent inducement were not at issue in either *In re Whirlpool Corp. Front-Loading Lit.*, 684 F.supp.2d 942 (N.D. Ohio 2009) or *425 Beecher, LLC v. Unizan Bank, N.A.*, 186 Ohio App.3d 214, 927 N.E.2d 46 (2010).  Both cases dealt strictly with traditional negligence actions.

4

By contrast, the court in *Burlington Ins. Co. v. Artisan Mechanical, Inc.*, 2010 WL 2680330 (Ohio 2010) expressly relied upon contractual privity in upholding a claim for negligent misrepresentation where the defendant requested dismissal based upon the economic loss doctrine. *Id.* at *3 ("But because the record demonstrates that Wells Fargo had a special relationship with Artisan akin to privity, the economic-loss doctrine did not bar the negligent-misrepresentation claim against it.").

The economic loss doctrine simply does not apply to intentional tort or negligent misrepresentation claims. "When a duty in tort exists, a party may recover in tort." *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 415, 835 N.E.2d 701 (2005). While parties may anticipate issues arising from a breach of the contract they are negotiating, they cannot be responsible for anticipating a situation in which one party is defrauding the other. Pennsylvania law has also recognized that "it is impracticable, if not impossible, for parties to negotiate terms regarding what happens if one of them is intentionally deceiving the other." *Air Products and Chemicals, Inc. v. Eaton Metal Products, Co.*, 256 F.Supp.2d 329, 336 (E.D. Pa. 2003). "The notion that parties are free to allocate risks of negligence or defect fails when one party is intentionally deceiving the other." *Id.*

Thus, both Ohio and federal courts have uniformly held that the economic loss doctrine is inapplicable to intentional tort claims such as fraud, whether or not the parties were in contractual privity. *Reengineering Consultants, Ltd. v. EMC Corp.*, 2009 WL 113058 (S.D. Ohio 2009)("The economic loss rule prevents recovery in negligence of purely economic loss, <u>not recovery under an intentional tort theory for economic loss</u>.")(emphasis added); *Onyx Environmental Servs. LLC v. Maison*, 407 F.Supp.2d 874, 879 (N.D. Ohio 2005)("Because these

5

fraud and contract duties are distinct from one another, the economic loss doctrine is no bar to Onyx's fraud claim.").

Additionally, specific exceptions have been created for negligent misrepresentation claims. *Haddon View Inv. Co. v. Coopers and Lybrand*, 436 N.E.2d 212 (1982); *National Mulch and Seed, Inc. v. Rexius By-Products Inc.*, 2007 WL 894833 (S.D. Ohio2007)("Thus, for the reasons stated, the Court does not believe that under Ohio law a negligent misrepresentation claim is barred by the economic loss rule."). See *Combs v. Crown Life Ins.*, 2008 WL 641557, *7 (S.D. Ohio 2008)(holding that economic loss doctrine was inapplicable to plaintiff's negligent misrepresentation and fraud claims).

Even if defendants' contractual privity argument was legally accurate, it does not apply to this case. Specifically, defendants assert they have no contract with Hodell relating to the 2004 Purchase. Thus, at a minimum, contractual privity would not be a bar to Hodell asserting its intentional tort and negligent misrepresentation claims relating to that transaction. Accordingly, the economic loss doctrine is not a bar to Hodell's tort claims, whether or not there is contractual privity between the parties.

    B.    <u>The Amended Complaint States a Claim for Negligent Misrepresentation.</u>

While the issue of whether Hodell has alleged the elements of a negligent misrepresentation claim were not specifically briefed to the Court, and should be reserved for another day, the SAP Defendants' argument on this issue lacks merit in any event.

The elements of negligent misrepresentation are as follows: "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the

6

information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Delman v. Cleveland Heights*, 41 Ohio St.3d 1, 4, 534 N.E.2d 835 (1989). Ohio law recognizes a cause of action for negligent misrepresentation where a party has a duty to know whether or not its representations are true, but neglects this duty by making representations it believes are true, but turn out to be false. *In re Cincinnati Gas & Electric Securities Litigation*, 594 F.Supp. 233 (S.D. Ohio1984).

There is no requirement that a negligent misrepresentation claim be based upon a "professional" or "special" relationship. *ATM Exchange, Inc. v. Visa Intl. Service Assn.*, 2008 WL 3843530 (S.D. Ohio 2008)( negligence misrepresentation claim is cognizable where defendant supplied false information for the guidance of the plaintiff in its business transactions – not merely in a "special relationship"). "All that is necessary is for 'the maker of the representation [to] intend to reach and influence either a particular person or persons, known to him, or a group or class of persons, distinct from a much larger class who might reasonably be expected sooner or later to have access to the information." *National Mulch*, supra at 2007 WL 894833, *10 (quoting *Amann v. Clear Channel Communications, Inc.*, 165 Ohio App.3d 291, 298-99 (2006)).

The SAP Defendants' own cases acknowledge that a negligent misrepresentation claim may be asserted in a non-professional, business tort case. In *Textron*, the court noted a negligent misrepresentation claim lies against a party supplying information "in the course of his <u>business, profession or employment</u> . . . for the guidance of others." *Textron*, 115 Ohio App.3d at 149; citing *Delman v. Cleveland Hts.*, 41 Ohio St.3d 1, 4, 534 N.E.2d 835 (1989)(emphasis added). The court dismissed Textron's claim <u>not</u> because of a lack of any "special relationship" or professional negligence, but because the plaintiff failed to allege an affirmative

misrepresentation by the defendant.  *Id.* at 149.  *See also*, *Natl. Mulch*, supra at 2007 WL 894833, *11 ("Therefore, as we discussed *supra*, a 'special relationship' is not a formal element of a claim for negligent misrepresentation under the law of Ohio.").

In the present case, Hodell has sufficiently plead each element of its negligent misrepresentation claim necessary to survive a motion to dismiss.  Hodell alleges that "[g]iven the strategic investment in time and money, and the importance to the functioning of its business, it was . . . important to Hodell-Natco that it deal with a major software vendor with a high level of expertise and a proven product supported with and by <u>expert</u> channel partners."  Am.Compl. at ¶16 (emphasis added).  The SAP Defendants inundated Hodell with marketing materials extolling the virtues of its expertise, and those of its "expert channel partners."  Am.Compl. at ¶¶18-27.  It was also represented to Hodell that Hodell "would receive 'high-level' customer support and services and that such <u>services would be tailored to the specific needs of Hodell-Natco's particular industry</u>."  Am.Compl. at ¶39 (emphasis added).  Hodell has alleged that, at the time of the 2004 Purchase, and certainly by the 2005 Purchase, the SAP Defendants knew, or should have known, that their representations were untrue.  Am.Compl. at ¶¶45, 47.  Thus, according to their own representations, the SAP Defendants were in the business of supplying expert information regarding Hodell's specific software needs, were aware that Hodell was relying on this expertise, and intended for Hodell to do so.  Hodell specifically relied upon this information and expertise, and the information provided by the SAP Defendants to Hodell was incorrect.  Significantly, LSi and IBIS admitted in their Answer that many of the representations made by SAP either directly, or through LSi and IBIS, were untrue, and that SAP knew or should

8

have known they were untrue. Ans. of Defs. LSi and IBIS at ¶¶14, 19-22 (ECF #30).[3] Hodell has alleged each element of a claim for negligent misrepresentation, and the R&R correctly recommends the denial of the SAP Defendants' Motion to Dismiss Hodell's negligent misrepresentation claim.

> C.  There is No Pleading Requirement for Punitive Damages

Despite having ample opportunity to do so, defendants have never provided the Court with any authority that Hodell's punitive damages request may be eliminated in a motion to dismiss. There is no such pleading standard relating to a request for punitive damages,[4] and the R&R correctly recommends denial of defendants' motion on this issue.

While recovery of punitive damages may require proof of actual malice, the issue of whether facts have been developed rising to the level of actual malice are generally issues of fact to be resolved by the jury. *Zoppo v. Homestead Insurance Co.*, 71 Ohio St.3d 552, 644 N.E.2d 397, 401 (1994). "Even if actual malice is not shown, actions that are particularly gross or egregious, such as intentionally made misrepresentations, may support an award of punitive damages." *Pullins v. Klimley*, 2008 WL 85871, *43 (S.D.Ohio 2008)(citing *Smith v. General Motors Corp.,* 168 Ohio App.3d 336, 859 N.E.2d 1035, 1042 (2006)). "Fraudulent or negligent misrepresentations and fraudulent inducements are all valid tort claims and can lead to both compensatory damages and punitive damages." *Simon Property Group, L.P. v. Kill*, 2010 WL 1266835 (Ohio 2010), citing *Curran v. Vincent*, 175 Ohio App.3d 146, 2007-Ohio-3680, 885 N.E.2d 964 (Ohio 2007). Thus, if Hodell prevails on its claims for <u>either</u> fraud or negligent

---

[3] In ruling upon a motion to dismiss, the Court may consider other pleadings filed in the action without converting the proceeding to a motion for summary judgment. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010)(court may refer to other pleadings filed in the same case when ruling upon a motion to dismiss).
[4] Except in cases of default, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R.Civ.P. 54(c).

9

misrepresentation, the jury is entitled to review the evidence presented and determine whether punitive damages are awardable.

III.     CONCLUSION

Based upon the foregoing, the Magistrate's Report and Recommendation, relating to Hodell's claims for fraudulent inducement, negligent misrepresentation, and fraud should be adopted, and the SAP Defendants' Objections should be overruled.

                Respectfully submitted,

                */s/* P. Wesley Lambert
                JAMES F. KOEHLER (0007904)
                koehler@buckleyking.com
                P. WESLEY LAMBERT (0076961)
                lambert@buckleyking.com
                BUCKLEY KING, LPA
                1400 Fifth Third Center
                600 Superior Avenue, East
                Cleveland, Ohio 44114-2652
                (216) 363-1400
                (216) 579-1020   (*facsimile*)
                *Attorneys for Hodell-Natco Industries, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October 2010, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's electronic filing system.

>/s/ P. Wesley Lambert
>P. WESLEY LAMBERT (0076961)

857002_1