UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE:  LESLEY WELLS |
| | ) | MAGISTRATE JUDGE:  GREG WHITE |
| v. | ) | |
| | ) | **MOTION FOR ENTRY OF STIPULATED** |
| SAP AMERICA, INC., et al. | ) | **PROTECTIVE ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Hodell-Natco Industries, Inc. ("Plaintiff") and Defendants SAP America, Inc., SAP AG, LSI-Lowery Systems, Inc. and The IBIS Group, Inc. ("Defendants"), jointly and through their respective undersigned attorneys, move and respectfully request the Court to enter the Stipulated Protective Order attached hereto as Exhibit A.  This motion is made on the grounds that: (1) the parties to this case each intend to produce documents and information in discovery which contain or consist of confidential, proprietary, or otherwise sensitive information that is not accessible to the public; (2) the parties have agreed and stipulated to the attached Stipulated Protective Order; and (3) the parties believe that if the Court approves and enters the attached Stipulated Protective Order, it will protect and preserve the confidentiality and privacy interests of the parties without unduly impeding discovery or any other aspect of this case.

For the foregoing reasons, the parties jointly request that the Court approve and enter the Stipulated Protective Order attached hereto.

Respectfully submitted,

/s/ P. Wesley Lambert
JAMES F. KOEHLER (0007904)
koehler@buckleyking.com
P. WESLEY LAMBERT (0076961)
lambert@buckleyking.com
BUCKLEY KING, LPA
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2652
(216) 363-1400
(216) 579-1020 (*facsimile*)
*Attorneys for Hodell-Natco Industries, Inc.*


/s/ Gregory J. Star
Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (*pro hac vice* to be submitted)
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
*Attorneys for SAP America, Inc. and SAP AG*

/s/ Roy A. Hulme
Roy A. Hulme (0001090)
REMINGER CO., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115
(216)687-1311
Facsimile: (216)430-2250
E-Mail address: rhulme@reminger.com
*Attorney for LSI-Lowery Systems, Inc. and The IBIS Group, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of November, 2010, a copy of the foregoing Motion for Entry of Stipulated Protective Order was filed electronically. Parties may access this filing through the Court's electronic filing system.

<u>/s/ P. Wesley Lambert</u>
P. WESLEY LAMBERT (0076961)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HODELL-NATCO INDUSTRIES, INC. ) | CASE NO. 1:08 CV 2755 |
| ) | |
| Plaintiff, ) | JUDGE:  LESLEY WELLS |
| ) | MAGISTRATE JUDGE:  GREG WHITE |
| v. ) | |
| ) | [EXHIBIT A] |
| SAP AMERICA, INC., et al. ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| Defendants. ) | |

WHEREAS Plaintiff Hodell-Natco Industries, Inc. and Defendants SAP America, Inc., SAP AG, LSI Lowery Systems, Inc. and The IBIS Group, Inc. (collectively, the "Named Parties") have moved the Court for its approval of this Stipulated Protective Order ( "Protective Order"); and

WHEREAS discovery in the captioned lawsuit ("Action") may require disclosure of confidential materials and information, and the Named Parties desire to maintain the confidentiality of such materials and information;

ACCORDINGLY, the Court, finding good cause for entry of this Protective Order,

IT IS HEREBY ORDERED:  That the Motion is GRANTED; and, it is STIPULATED AND FURTHER ORDERED that each Named Party to this Action, and anyone else who subsequently may subscribe to this Protective Order (by execution of the CONFIDENTIALITY UNDERTAKING attached hereto as Exhibit 1, the execution of which shall make such party, along with the Named Parties, a "Bound Party"), is ordered by the Court as follows:

1. **PROTECTED DISCOVERY MATERIAL**  This Protective Order shall govern all discovery materials produced or disclosed in the Action, including the following: documents,

things, data and information, including Electronically Stored Information ("ESI"), answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits and all other discovery taken pursuant to the Federal Rules of Civil Procedure (collectively, "Discovery Material").

2. Discovery Material designated for protection under this Protective Order shall be identified as such by the entity or individual producing it ("Producing Party") and shall constitute "Protected Discovery Material" under this Order.

3. The "CONFIDENTIAL" designation may only be used for Discovery Material that the Producing Party reasonably and in good faith determines to be protected from disclosure by statute and/or to constitute confidential trade secrets or other sensitive commercial information that is not publicly available ("Confidential Discovery Material").

4. The "RESTRICTED CONFIDENTIAL – SOURCE CODE" designation may only be used for Discovery Material that the Producing Party reasonably and in good faith determines is a document, material, or thing which contains software or its computer source code.  ("Restricted Confidential – Source Code Discovery Material").

5. **CONFIDENTIAL DISCOVERY MATERIAL:**  To designate and identify Discovery Material as Confidential, the Producing Party may stamp "CONFIDENTIAL" or similar language on each page of such Discovery Material or use some other method reasonably calculated to so designate the material as CONFIDENTIAL.  A Producing Party may permit a Receiving Party to review Confidential Discovery Material prior to so marking it without waiving the right to so mark it when producing copies to the Receiving Party.  The designation and classification of Discovery Material as Confidential Discovery Material will be deemed

effective to bring it under the protections of this Protective Order unless and until the Court orders otherwise.

  6. Confidential Discovery Material designated pursuant to paragraph 5 may be disclosed only to the following persons, each of whom shall be deemed a "Receiving Party," except upon the prior written consent of the Producing Party:

  (a) Attorneys from any law firm that is counsel of record for any Named Party and in-house counsel for any Named Party;

  (b) Employees of the Named Parties and any of their agents, to the extent disclosure is necessary in connection with this Action;

  (c) Former employees of the Named Parties, who have executed a written statement in the form attached hereto as Exhibit 1, to the extent disclosure is necessary in connection with this Action;

  (d) Independent consultants and experts, who have executed a written statement in the form attached hereto as Exhibit 1, to the extent disclosure is necessary for their services in connection with this Action;

  (e) Outside contractors hired by any of the parties designated in 6(a), (b), and (d) to copy, index, sort, or otherwise manage the storage and retrieval of Discovery Materials, provided that such outside contractors have agreed to keep confidential any Confidential Discovery Material to which they have access

  (f) Any person who otherwise would be entitled to review the Confidential Discovery Materials, including insurers, reinsurers, auditors and regulators, as a result of federal or state investigations, laws or court orders;

(g) Secretarial, clerical and legal assistants working under the supervision of the parties designated in Paragraphs 6(a), (b), and (d) assigned to and necessary to assist in the conduct of this Action;

(h) Court reporters and videographers who record and/or transcribe deposition or other testimony in this Action; and

(i) Any other individual falling within the provisions of Paragraph 21;

(j) The Court and its staff.

(k) Any other entity or individual designated by a further order of the Court to receive Confidential Discovery Material.

7. **RESTRICTED CONFIDENTIAL – SOURCE CODE**.  Source code shall be designated the same way, and be provided the same protections as CONFIDENTIAL Discovery Material.  The parties are presently discussing additional protections for source code, including the manner in which source code will be made available for inspection, and will supplement this Protective Order in a reasonable time.  The parties agree that no source code will be produced until this Protective Order is so supplemented.

8. **USE OF PROTECTED DISCOVERY MATERIAL.** Receiving Parties are permitted to use Protected Discovery Material produced by another Party solely and exclusively for the purpose of litigating the Action.  All other uses, including but not limited to, business uses, litigation uses in connection with other legal actions or matters, is strictly prohibited.  This Order does not restrict in any manner the use or disclosure by any Producing Party of any information in its own documents and things.

9. **DISCLOSURE TO EXPERTS AND CONSULTANTS.**  A Party desiring to disclose Protected Discovery Material to testifying or consulting experts pursuant to paragraph

6(d) shall first obtain from each such expert or consultant a signed "Confidentiality Undertaking" in the form attached as Exhibit 1.  Such retained or employed experts and consultants agree not to use the Protected Discovery Material for any purpose other than discovery in this litigation or assisting in the preparation of this matter for trial.  Any individual who has executed Exhibit 1 shall be treated as subject to this Order.  A willful violation of any material term of this Order by any such individual may be punishable by contempt.

10. **CHALLENGING CONFIDENTIALITY DESIGNATION.**  A Bound Party shall not be obligated to challenge the propriety of a designation of Discovery Material as Protected Discovery Material under this Protective Order at the time made, and the failure to do so shall not preclude a subsequent challenge.  If at any time a Bound Party objects to a designation (the "Objecting Party"), the Objecting Party shall notify the Producing Party in writing of its request to have the designation modified or withdrawn (the "Challenge Notice").  The Challenge Notice shall identify the designation in question, and shall specify in reasonable detail the reason or reasons for the objection.  Within ten (10) business days of the receipt of a Challenge Notice, the Producing Party shall respond in writing to the Objecting Party, either withdrawing the designation, setting forth in reasonable detail the reasons why the Producing Party believes the Discovery Material is entitled to the designated status, or modifying the designation and setting forth in reasonable detail the reasons why the Producing Party believes the Discovery Material is entitled to a modified designation.  If not satisfied, the Objecting Party may move the Court for an order stating a different designation for the Discovery Material.  For any such motion, the burden of making a *prima facie* showing as to why the designation is improper shall be on the Objecting Party.  The ultimate burden of showing that the designation is proper shall be on the Producing Party.  The Discovery Material that is the subject of such a

motion shall be treated in accordance with its original designation until the Court makes a final ruling on the motion.

11. **FILING UNDER SEAL.**  All Protected Discovery Material that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing such material, shall be filed under seal in compliance with any Local Rules and with the designations required by this Protective Order.  The designation "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be stamped prominently on the filing envelope, together with the words "FILED UNDER SEAL."  This paragraph shall not be construed to limit or prohibit the right of an entity or individual having the requisite standing to challenge a designation under this Protective Order.

12. **JURISDICTION:**  Each Bound Party hereby agrees to subject himself/herself/itself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Protective Order.

13. **DEPOSITIONS AND COURT PROCEEDINGS:**  Testimony or other material disclosed or to be disclosed at any deposition or during court proceedings may be designated by and Bound Party by: (a) indicating on the record at the deposition or during court proceedings that the testimony or other material is designated as such; (b) notifying all Case Parties in writing of such designation prior to the deposition or court proceeding; or (c) by making such a designation, in writing to all Named Parties, within thirty (30) calendar days from the earlier of the date that the transcript is first available for review by the witness or the date that the preliminary transcript is sent to counsel, if ordered.  Those portions of depositions that are so designated shall be filed separately and under seal with the Court pursuant to paragraph 15 whenever depositions are so filed.  The court reporter shall identify those portions of deposition

and court proceeding transcripts designated as Protected Discovery Material and shall separate them from those portions of transcripts and exhibits not designated as such.

14. In the event that any question is asked at a deposition or at a court proceeding with respect to which a Named Party asserts that the answer requires the disclosure of Protected Discovery Material, such question shall nonetheless be answered by the witness fully and completely.  Prior to answering, however, all persons present shall be advised that the information is CONFIDENTIAL and all persons, other than the witness and the witness' counsel, who are not allowed to obtain such information pursuant to this Protective Order shall leave the room during the time in which this information is disclosed.

15. **PRODUCTION BY THIRD PARTIES:** Any third party producing confidential information in connection with this Action shall have the right to designate the third party's own information as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – SOURCE CODE subject to the terms of this Protective Order, and to the extent that any third party seeks to produce information subject to the terms of this Protective Order, the Bound Parties agree to treat the third party's Protected Discovery Material in accordance with the terms of this Protective Order.

16. **SUBPOENA OF CONFIDENTIAL INFORMATION.** If a Receiving Party receives a subpoena or other form of compulsory process from a third party seeking production or other disclosure of Protected Discovery Material, it immediately shall give written notice to the Producing Party that designated the Protected Discovery Material, specifying the Protected Discovery Material sought by the third party and enclosing a copy of the subpoena or other form of compulsory process.  In no event shall production or disclosure be made before twenty-one (21) calendar days after giving such notice to the Producing Party unless ordered by a court.

17. **INADVERTENT MISDESIGNATION:** In the event that a Producing Party discovers that Protected Discovery Material inadvertently has been produced without being marked with the appropriate designation, the Producing Party may thereafter notify the Receiving Party and require the Receiving Party to retrieve and return any unmarked or incorrectly marked material and to substitute appropriately marked material, provided (i) the Producing Party initially has taken reasonable measures to identify and designate the subject material, and (ii) the Producing Party notifies the Receiving Party promptly after learning of such inadvertent designation.  Upon receipt of such notification from the Producing Party, the Receiving Party immediately shall treat the Discovery Material as Protected Discovery Material. However, the Receiving Party shall have no liability with respect to any prior disclosure or use of such Discovery Material that is consistent with the terms of this Protective Order.

18. If data or information has been extracted from Discovery Material that subsequently is reclassified pursuant to paragraph 17, reasonable efforts shall be taken to ensure that the data or information shall be treated according to its reclassification.  However, to the extent that, prior to being notified of the inadvertent misdesignation of Discovery Material, the Receiving Party uses in good faith such information and/or data in documents filed with the Court or at depositions, the Receiving Party will have no obligation to expunge such information and/or data from or otherwise to alter any such documents filed with the Court or the transcript of any such deposition.

19. **INADVERTENT PRODUCTION:** If a Producing Party discovers that it has produced information subject to the attorney-client privilege and/or the work product doctrine to a Receiving Party inadvertently, then the Producing Party shall be entitled to request the immediate return of such information, provided:  (i) the Producing Party initially has taken

- 8 -

reasonable measures to identify and withhold materials subject to such a claim, and (ii) the Producing Party notifies the Receiving Party promptly after learning of such inadvertent production. Upon notification from the Producing Party that an inadvertent production has been made, together with identification of the material at issue and the nature of the claim being asserted, the Receiving Party immediately shall retrieve and return to the Producing Party all copies of such information, and the Receiving Party thereafter shall make no use of any kind of any information obtained therefrom. However, the Receiving Party shall have no liability with respect to any prior disclosure or use of such information that is consistent with the terms of this Protective Order. Nothing herein shall prevent the Receiving Party from challenging, by motion, the propriety of the assertion of attorney-client privilege or work product immunity. In the event the Receiving Party wishes to make such a challenge on a ground other than waiver or because it contends that condition (i) or (ii) above has not been met, it may retain one (1) copy only of such information for the sole purpose of making its challenge, and in the event the challenge is unsuccessful, shall return the information at issue to the Producing Party immediately.

20. **INADVERTENT DISCLOSURE:** In the event of an inadvertent disclosure by a Receiving Party of Protected Discovery Material, the Receiving Party making the inadvertent disclosure shall, upon learning of the disclosure:

(i) immediately notify the entity or individual to whom the disclosure was made that the disclosure contains Protected Discovery Material subject to this Protective Order;

(ii) immediately make all reasonable efforts to recover the disclosed Protected Discovery Material as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and

(iii)     within five (5) days, notify the Producing Party of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the Protected Discovery Material and ensure against the further dissemination or use of the Protected Discovery Material.

21.     **ATTORNEYS' EYES ONLY DISCOVERY MATERIAL:**  In the event a Producing Party reasonably believes that Discovery Material should be identified as "ATTORNEYS' EYES ONLY," such that Discovery Material so designated may be disclosed only to those Receiving Parties identified in Paragraph 6(a), (d), (e), (f), (h), (i), (j), and (k), the Producing Party may, prior to producing such Discovery Material, move the Court for a suitable protective order.

22.     **SECURITY:**  Each Receiving Party shall maintain all Protected Discovery Material and shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the Receiving Party with respect to its own confidential information.

23.     **MISCELLANEOUS PROVISIONS:**  Nothing in this Protective Order shall prohibit a Bound Party or its counsel from disclosing a document containing Protected Discovery Material to any individual that the document clearly identifies as an author, addressee, or carbon copy recipient.

24.     No Discovery Material shall be Protected Discovery Material if it is, or becomes, available as a matter of public record or is otherwise intentionally disclosed to the public at large by the Producing Party.

25.     This Protective Order pertains only to Protected Discovery Material provided by a Producing Party and does not limit the use or disclosure of materials that have been obtained by

any Bound Party from any other source lawfully possessing such information and not in violation of any obligation of confidentiality with respect thereto.

26. After the final disposition of the Action, whether by settlement, dismissal, bench trial verdict, jury trial verdict, or decision on appeal ("Final Disposition"), and within thirty (30) calendar days of a request by the Producing Party, all Receiving Parties shall, at their election, either return all Protected Discovery Material and all copies thereof to the Producing Party or destroy all Protected Discovery Material and all copies thereof.  All Receiving Parties shall certify, to the best of their knowledge after reasonable inquiry, the return or destruction by affidavit or signed letter furnished to the Producing Party.  This paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys for each Case Party as archival records or other attorney work-product created for any Case Party.  Any Protected Discovery Material, or portions or excerpts thereof, which are not destroyed or returned pursuant to this paragraph, shall remain subject to the terms of this Protective Order.  Notwithstanding the foregoing, to the extent necessary, a Receiving Party may retain and use Protected Discovery Material for the limited purpose of presenting insurance or reinsurance claims; provided, however, that this continued use is subject to the terms of this Stipulated Protective Order and that such documents must be returned as provided above within 90 days of the resolution of such claims.  Furthermore, nothing herein shall be construed to require a party to return or destroy Protected Discovery Material for the length of time that the party is required to maintain them pursuant to any state or federal law, regulation or investigation, document retention policies, or a court order.

27. Any Named Party at any time may make a motion requesting that the Court modify this Protective Order.

28. The disclosure of Discovery Material or its production for inspection in this Action shall not constitute an admission of its authenticity or of its admissibility in this Action.

IT IS SO ORDERED:  Dated this _____ day of \_\_\_\_ 2010.

_____
JUDGE LESLEY WELLS

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE: LESLEY WELLS |
| | ) | MAGISTRATE JUDGE: GREG WHITE |
| v. | ) | |
| | ) | SIPULATED PROTECTIVE ORDER |
| SAP AMERICA, INC., et al. | ) | CONFIDENTIALITY UNDERTAKING |
| | ) | |
| Defendants. | ) | |

I, _____, hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER entered by the Court in the above-captioned action ("Protective Order"), that I am one of the persons contemplated in the Protective Order as authorized to receive Protected Discovery Material and that I fully understand and agree to abide by the obligations and conditions of the Stipulated Protective Order.  I agree that I shall be deemed a Bound Party, and I agree to maintain any Protected Discovery Material that comes into my possession in a separate and identifiable file, access to which is appropriately restricted.

Designated to receive:  
[ ]   Confidential Discovery Material  
[ ]   Restricted Confidential Source Code  

_____  
(Signature)  

_____  
(Printed or Typed Name)  

_____  
(Dated)  

_____  
(Title or Position)  

_____  

(Street)  

_____  
(City, State, Zip Code)  

STATE OF _____

COUNTY OF _____

    Subscribed and sworn to before me this _____ day of _____, 20___.  
Witness my hand and official seal.

_____