IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
|---|---|---|
| Plaintiff, | ) ) | JUDGE WELLS |
| v. | ) ) ) | **ANSWER OF DEFENDANTS SAP AMERICA, INC. AND SAP AG TO THE FIRST AMENDED COMPLAINT OF PLAINTIFF HODELL-NATCO INDUSTRIES, INC.** |
| SAP AMERICA, INC., et al. | ) ) ) | |
| Defendants. | ) ) | |

    Defendants SAP America, Inc. ("SAP America") and SAP AG ("SAP AG") (collectively "SAP"), hereby answer the first amended complaint of Plaintiff Hodell-Natco Industries, Inc. ("Hodell") as follows:

    1.    Denied.  By way of further answer, it is specifically denied that SAP's Business One software malfunctioned or was unsuitable in any manner, and that Hodell suffered any damages caused by SAP.

    2.    Admitted, upon information and belief.

    3.    Admitted.

    4.    Admitted in part, denied in part.  It is admitted that SAP America is a wholly owed subsidiary of SAP AG and that SAP America is a Delaware corporation with its principal place of business in Pennsylvania.  The remaining averments are denied as legal conclusions to which no response is required.

    5.    Admitted, upon information and belief.

    6.    Admitted, upon information and belief.

    7.    This is a legal conclusion to which no response is required.

8. This is a legal conclusion to which no response is required.

9. Admitted, upon information and belief.

10. Denied. It is specifically denied that Hodell purchased SAP Business One in 2004. To the contrary, Hodell never purchased Business One. Instead, on December 23, 2005, Hodell licensed the right to use SAP's Business One software by executing a detailed license agreement with SAP America ("License Agreement"). After reasonable investigation, SAP lacks knowledge and information sufficient to form a belief as to the truth of the remaining averments and they are therefore denied.

11. After reasonable investigation, SAP lacks knowledge and information sufficient to form a belief as to the truth of this averment and it is therefore denied.

12. Admitted in part, denied in part. It is denied that SAP AG and SAP America "acted jointly and in concert with one another to market and sell SAP Business One." The remaining averments in this paragraph are admitted.

13. Admitted in part, denied in part. It is admitted that at all times relevant to this action, Business One – including the licensing rights thereto – was distributed to business customers in the United States through a channel of resellers. These resellers were granted, by SAP America, a license to market and distribute Business One to business customers like Hodell. Accordingly, these resellers marketed Business One to potential customers and dealt directly with customers in installing and/or implementing Business One. It is denied that SAP AG marketed Business One through such resellers. It is specifically denied that the resellers are the agents of SAP, and this averment is further denied as a legal conclusion. Finally, it is denied that SAP AG made the referenced quotations, which are not attached as an exhibit to the complaint and are further denied for that reason.

14. Denied. By way of further answer, LSi-Lowery Systems, Inc. ("LSi") was a reseller of Business One. Indeed, on December 19, 2003, LSi and SAP America entered into a SAP Business One Software Marketing and Distribution Agreement (the "Distribution Agreement"), wherein SAP America granted, and LSi accepted, a license to market and distribute Business One to business customers.

15. Denied.

16. After reasonable investigation, SAP lacks knowledge and information sufficient to form a belief as to the truth of this averment and it is therefore denied.

17. Denied as to SAP. After reasonable investigation, SAP lacks knowledge and information sufficient to form a belief as to the truth of this averment as it relates to parties other than SAP, and it is therefore denied.

18. Admitted in part, denied in part. It is admitted only that Hodell has quoted from the attached exhibit. It is specifically denied that this exhibit was provided by SAP to Hodell or that it contains representations by SAP to Hodell. To the contrary, all representations made by SAP to Hodell are contained in the License Agreement. SAP has no knowledge concerning when Hodell may have received the referenced exhibit, and all remaining allegations and inferences are denied.

19. Admitted in part, denied in part. It is admitted only that Hodell has quoted from the attached exhibit. It is specifically denied that this exhibit was provided by SAP to Hodell or that it contains representations by SAP to Hodell. To the contrary, all representations made by SAP to Hodell are contained in the License Agreement. SAP has no knowledge concerning when Hodell may have received the referenced exhibit, and all remaining allegations and inferences are denied.

20. Denied.

21. Admitted in part, denied in part. It is admitted only that Hodell has quoted from the attached exhibit. It is specifically denied that this exhibit was provided by SAP to Hodell or that it contains representations by SAP to Hodell. To the contrary, all representations made by SAP to Hodell are contained in the License Agreement. SAP has no knowledge concerning when Hodell may have received the referenced exhibit, and all remaining allegations and inferences are denied.

22. Denied. It is specifically denied SAP made, or authorized others to make on its behalf, representations to Hodell during an online webinar. To the contrary, all representations made by SAP to Hodell are contained in the License Agreement. SAP has no knowledge concerning the alleged webinar or whether Hodell participated in it, and all remaining allegations and inferences are denied.

23. Denied. After reasonable investigation, SAP lacks knowledge and information sufficient to form a belief as to the truth of the remaining averments and they are therefore denied.

24. Denied. After reasonable investigation, SAP lacks knowledge and information sufficient to form a belief as to the truth of the remaining averments and they are therefore denied.

25. Denied. It is specifically denied that the referenced exhibit was provided by SAP to Hodell or that it contains representations by SAP to Hodell. To the contrary, all representations made by SAP to Hodell are contained in the License Agreement. SAP has no knowledge concerning when Hodell may have received the referenced exhibit, and all remaining allegations and inferences are denied.

26. Denied. After reasonable investigation, SAP lacks knowledge and information sufficient to form a belief as to the truth of the remaining averments and they are therefore denied.

27. Denied. The averments in this paragraph relate to supposed representations by persons and parties other than SAP. After reasonable investigation, SAP lacks knowledge and information sufficient to form a belief as to the truth of these averments and they are therefore denied. By way of further answer, all representations made by SAP to Hodell are contained in the License Agreement.

28. Denied. All representations made by SAP to Hodell are contained in the License Agreement. By way of further answer, see responses to paragraphs 13 and 14.

29. Denied. After reasonable investigation, SAP lacks knowledge and information sufficient to form a belief as to the truth of the remaining averments and they are therefore denied.

30. Admitted upon information and belief.

31. Denied. SAP lacks knowledge and information sufficient to form a belief as to the truth of the averment that Hodell issued a purchase order or that the referenced exhibit is authentic. Moreover, SAP denies the inference that SAP received a $300,000 license fee from Hodell for the purchase of 80 users licenses.

32. Denied. SAP lacks knowledge and information sufficient to form a belief as to the truth of the averment that LSi issued an invoice or that the referenced exhibit is authentic. Moreover, SAP denies the inference that SAP received a $300,000 license fee from Hodell for the purchase of 80 users licenses.

33. Denied. The entire agreement between SAP and Hodell is contained in the License Agreement. Moreover, the factual and legal conclusions set forth in this averment have been rejected by the Court. See docket entry number 61.

34. Denied.

35. Denied. It is specifically denied that SAP misled Hodell or was reckless or negligent in any manner. All representations made by SAP to Hodell are contained in the License Agreement. It is specifically denied that SAP made, or authorized others to make on its behalf, representations to Hodell concerning Hodell's user needs. It is also specifically denied that Hodell communicated to SAP its alleged user needs.

36. Admitted in part, denied in part. It is admitted only that Hodell has quoted from the attached exhibit. However, Hodell mischaracterizes the exhibit by claiming that it makes reference to the number of users, which it does not. It is also specifically denied that this exhibit was provided by SAP to Hodell or that it contains representations by SAP to Hodell. To the contrary, all representations made by SAP to Hodell are contained in the License Agreement.

37. Denied. All representations made by SAP to Hodell are contained in the License Agreement.

38. Denied. All representations made by SAP to Hodell are contained in the License Agreement.

39. Denied. All representations made by SAP to Hodell are contained in the License Agreement.

40. Denied. All representations made by SAP to Hodell are contained in the License Agreement.

41. Denied.

42. Denied. Moreover, Hodell mischaracterizes the referenced exhibits.

43. Denied. Moreover, Hodell mischaracterizes the referenced exhibit.

44. Denied.

45. Denied.

46. Admitted in part, denied in part. It is admitted only that Hodell executed a maintenance schedule to the License Agreement in December 2005. The remaining averments in this paragraph are denied.

47. Denied.

48. Denied. It is specifically denied that Hodell purchased 80 user licenses from SAP in December 2004. Indeed, see answer to paragraph 10. It is also specifically denied that SAP played any role in the initial implementation of "the software." To the contrary, under the terms of the Development Agreement between Hodell and LSi, Hodell agreed to provide funding for, and LSi agreed to develop, a software application known as In-Flight Enterprise, which LSi further agreed to integrate with Business One. LSi also agreed to synchronize this integrated software solution with an application that was being utilized by Hodell, known as Radio Beacon, and to distribute to Hodell the software licenses necessary to utilize this software solution in its business operations. LSi and Hodell undertook all efforts to implement the integrated software. LSi and Hodell, without the knowledge or involvement of SAP, made the decision to go-live with the integrated software without first having performed sufficient testing and without a backup plan to revert to Hodell's legacy system in the event of any problems. In addition to these and other problems, including deficiencies in LSi's integrated software and in Hodell's hardware, SAP became involved with the project in or around 2007 and thereafter expended significant time and resources attempting to fix the problems caused by LSi and Hodell.

49. Denied.

50. Admitted in part, denied in part. It is admitted only that Hodell has quoted from the attached exhibit. It is specifically denied that this exhibit was provided by SAP to Hodell or that it contains representations by SAP to Hodell. To the contrary, all representations made by SAP to Hodell are contained in the License Agreement.

51. Denied. By way of further answer, all representations made by SAP to Hodell are contained in the License Agreement. SAP has no knowledge concerning the alleged telephone call, and all remaining allegations and inferences are denied.

52. Denied as a legal conclusion. Moreover, denied to the extent this averment suggests that these individuals made representations on behalf of SAP. To the contrary, all representations made by SAP to Hodell are contained in the License Agreement.

53. Denied.

54. Denied.

## FIRST CAUSE OF ACTION – FRAUDULENT INDUCEMENT

55. SAP incorporates herein its above responses to the complaint.

56. Denied. It is specifically denied that SAP made any misrepresentation to Hodell. Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

57. Denied. It is specifically denied that SAP made any misrepresentation to Hodell. Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

58. Denied. It is specifically denied that SAP made any misrepresentation to Hodell. Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

59. Denied. It is specifically denied that SAP made any misrepresentation to Hodell. Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

60. Denied.  It is specifically denied that SAP made any misrepresentation to Hodell.  Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

61. Denied.  It is specifically denied that SAP made any misrepresentation to Hodell.  Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

62. Denied.  It is specifically denied that SAP made any misrepresentation to Hodell.  Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

63. Denied.  It is specifically denied that SAP made any misrepresentation to Hodell.  Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

64. Denied.  It is specifically denied that SAP made any misrepresentation to Hodell.  Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

65. Denied.

## SECOND CAUSE OF ACTION – FRAUD

66. SAP incorporates herein its above responses to the complaint.

67. Denied.  It is specifically denied that SAP made any misrepresentation to Hodell.  Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

68. Denied.  It is specifically denied that SAP made any misrepresentation to Hodell.  Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

69. Denied.  It is specifically denied that SAP made any misrepresentation to Hodell.  Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

70. Denied.  It is specifically denied that SAP made any misrepresentation to Hodell.  Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

71. Denied.  It is specifically denied that SAP made any misrepresentation to Hodell.  Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

72. Denied.  It is specifically denied that SAP made any misrepresentation to Hodell. Moreover, all representations made by SAP to Hodell are contained in the License Agreement.

73. Denied.

### THIRD CAUSE OF ACTION – BREACH OF CONTRACT

74. SAP incorporates herein its above responses to the complaint.  Moreover, the Court dismissed Hodell's claim for breach of the Development Agreement as against SAP America and SAP AG, and further dismissed Hodell's claim that SAP AG breached the License Agreement.  As against SAP, the only remaining breach of contract claim is against SAP America for the alleged breach of the License Agreement, which is denied.

75. Denied.  See paragraphs 10 and 48.

76. Denied as a legal conclusion.  Moreover, see answer to paragraph 10.

77. Denied as a legal conclusion.  Moreover, the factual and legal conclusions set forth in this averment have been rejected by the Court.  See docket entry number 61.

78. Denied as a legal conclusion.  Moreover, the factual and legal conclusions set forth in this averment have been rejected by the Court.  See docket entry number 61.

79. Denied.

80. This averment is directed to parties other than SAP and no response is required.

81. This averment is directed to parties other than SAP and no response is required.

82. Denied as to any software licensed by Hodell from SAP America.

83. Denied as to any software licensed by Hodell from SAP America.

84. Denied.

85. Denied.

86. Denied.

## FOURTH CAUSE OF ACTION – NEGLIGENCE

87. SAP incorporates herein its above responses to the complaint. Moreover, the Court dismissed Hodell's claim for negligence as against SAP.

88. Denied. See answer to paragraph 87.

89. Denied. See answer to paragraph 87.

90. Denied. See answer to paragraph 87.

## FIFTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTAION

91. SAP incorporates herein its above responses to the complaint.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

WHEREFORE, SAP respectfully requests that this Honorable Court enter judgment in favor of SAP on each of Hodell's claims and that SAP be awarded such other and further relief as this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Hodell's amended complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Hodell's amended complaint is barred, in whole or in part, by the economic loss doctrine, the gist of the action doctrine, and the parol evidence rule. Furthermore, Hodell's negligent misrepresentation claim is legally deficient because SAP is a computer software company and is not in the business of supplying advice such that it could be exposed to a negligent misrepresentation claim.

### Third Affirmative Defense

Hodell's amended complaint is barred, in whole or in part, by the doctrine of laches and/or the applicable statute(s) of limitations.

### Fourth Affirmative Defense

Hodell expressly agreed that any pre-contractual promises and representations concerning the functionality of the software licensed by SAP America to Hodell were merged in, and superseded by, the License Agreement, and Hodell expressly disclaimed any other warranties, express or implied, that could possibly apply to the software licensed to Hodell by SAP America. Hodell's amended complaint is thus barred, in whole or in part, by the terms of the License Agreement, which is a valid and binding contract between Hodell and SAP America.

### Fifth Affirmative Defense

Hodell's claims are legally deficient because SAP America and Hodell are parties to the License Agreement, which bars, in whole or in part, Hodell's claims and the alleged damages Hodell seeks.

### Sixth Affirmative Defense

Hodell's amended complaint is barred, in whole or in part, because SAP did not make any misrepresentation and did not breach any duty owed to Hodell.

### Seventh Affirmative Defense

Hodell's amended complaint is barred, in whole or in part, because any duty or obligation which Hodell claims to have been owed by SAP has been fully performed, satisfied and/or discharged.

### Eighth Affirmative Defense

Hodell's amended complaint is barred, in whole or in part, by Hodell's acts and/or omissions.

### Ninth Affirmative Defense

Hodell's amended complaint is barred, in whole or in part, by Hodell's failure to mitigate its alleged damages.

### Tenth Affirmative Defense

Hodell's amended complaint is barred, in whole or in part, because any damages allegedly incurred by Hodell were caused, in whole or in part, by intervening factors and not by any acts or omissions of SAP.

### Eleventh Affirmative Defense

Hodell's amended complaint is barred, in whole or in part, because any damages allegedly incurred by Hodell were caused by the acts and/or omissions of other persons and/or entities for which SAP is not legally responsible.

### Twelfth Affirmative Defense

Hodell's amended complaint is barred, in whole or in part, by the doctrine of waiver.

### Thirteenth Affirmative Defense

Hodell's amended complaint is barred, in whole or in part, by the doctrines of estoppel and equitable estoppel.

### Fourteenth Affirmative Defense

Hodell's amended complaint is barred, in whole or in part, by the doctrine of unclean hands.

### Fifteenth Affirmative Defense

Under the terms of the Distribution Agreement, and/or pursuant to principles of common law, SAP is entitled to indemnity and/or contribution from LSi in connection with Hodell's claims against SAP, and/or LSi is otherwise liable to SAP for Hodell's claims against SAP.  See SAP's Counter-Claim and Cross-Claim, docket entry number 37, which is incorporated herein by reference.  Accordingly, Hodell is precluded from any recovery against SAP.

WHEREFORE, SAP respectfully requests that this Honorable Court enter judgment in favor of SAP on each of Hodell's claims and that SAP be awarded such other and further relief as this Honorable Court deems appropriate.

Dated:  June 24, 2011

                                    Respectfully submitted,

                                    /s/Leo M. Spellacy, Jr.
                                    Leo M. Spellacy, Jr. (0067304)
                                    Charles W. Zepp. (0068129)
                                    PORTER WRIGHT MORRIS & ARTHUR LLP
                                    925 Euclid Avenue, Suite 1700
                                    Cleveland, OH  44115-1483
                                    (216) 443-9000 / Fax (216) 443-9011
                                    lspellacy@porterwright.com
                                    czepp@porterwright.com

                                    Michael J. Miller (admitted *pro hac vice*)
                                    Gregory J. Star (admitted *pro hac vice*)
                                    Drinker Biddle & Reath LLP
                                    One Logan Square, Suite 2000
                                    Philadelphia, PA 19103-6996
                                    Telephone:  (215) 988-2700
                                    Facsimile:  (215) 988-2757
                                    gregory.star@dbr.com
                                    michael.miller@dbr.com

                                    *Attorneys for SAP America, Inc. and SAP AG*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June 2011, a copy of the foregoing Answer of SAP America, Inc. and SAP AG to Plaintiff's First Amended Complaint was filed electronically. Parties may access this filing through the Court's electronic filing system.

/s/Leo M. Spellacy, Jr.
Leo M. Spellacy, Jr. (0067304)