Exhibit 1

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| Hodell-Natco Industries, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    1:08 CV 2755 |
| SAP America, Inc., et al. | ) | |
| *Defendant* | ) | (If the action is pending in another district, state where: |
| | ) | Northern District of Ohio          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Records Custodian, Indotronix International Corp.
331 Main Street, Poughkeepsie, NY 12601

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Produce all information requested in the attached Exhibit A.

| Place:  Koehler Neal, LLC | Date and Time: |
|---|---|
| 3330 Erieview Tower, 1301 East Ninth Street Cleveland, Ohio 44114 | 06/30/2011 0:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    06/17/2011

*CLERK OF COURT*

OR  *P. Wesley Lambert*

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Hodell-Natco Industries, Inc.
_____ , who issues or requests this subpoena, are:

P. Wesley Lambert, Esq., Koehler Neal LLC
3330 Erieview Tower, 1301 East Ninth Street
Cleveland, Ohio 44114                     216-539-9370
                                          wlambert@koehlerneal.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:08 CV 2755

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _INDOTRONIX INTERNATIONAL CORP_
was received by me on *(date)* _____.

☒ I served the subpoena by delivering a copy to the named person as follows: _ELIZABETH_
_BALDIZZI AS GENERAL COUNSEL_
on *(date)* _6/20/11 at 12:20PM_

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _0.00_.

I declare under penalty of perjury that this information is true.

Date: _6/22/11_

_____
Server's signature

_ANDREW SZYMKOWICZ_
Printed name and title

_ULSTER PARK, N.Y._
Server's address

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT:      SOUTHERN   DISTRICT OF NEW YORK

---------------------------------------------------------------x  **Attorney**

HODELL-NATCO INDUSTRIES INC                     **Service # :** 106-253

                                             **Case # :**  1:08 CV 2755

                              Plaintiff

- against -                           ***AFFIDAVIT OF SERVICE***

SAP AMERICA INC ET-AL                    SUBPOENA TO PRODUCE

                                        DOCUMENTS INFORMATION OR

                                        OBJECTS OR TO PERMIT

                         Defendant,      INSPECTION OF PREMISES IN A

---------------------------------------------------------------x      CIVIL ACTION

STATE OF NEW YORK          COUNTY OF DUTCHESS     SS.:

             ANDREW SZYMKOWICZ   , being duly sworn, deposes and says: That deponent is not a party to this action, is over 18 years of age and resides at    ULSTER PARK NY

That on    JUNE 20 2011               at  12:20 PM    at  331 MAIN STREET

POUGHKEEPSIE NY 12601                           deponent served the above paper

upon  INDOTRONIX INTERNATIONAL CORP

      By delivering a true copy thereof to said defendant/witness personally; deponent knew said person served to be the person described as defendant (witness) therein.

X  A      DOMESTIC      corporation, by delivering a true copy thereof to   ELIZABETH BALDIZZI personally; deponent knew said corporation served to be the corporation described as defendant (witness) and knew said individual to be   GENERAL COUNSEL         ( authorized to accept service on behalf of the corporation )

      By delivering a true copy thereof to                            a person of suitable age and discretion. Said premises is defendant's / witness'    (dwelling place) (usual place of abode) (place of business)  within the State.

      By affixing a true copy thereof to the door of said premises, the same being the defendant's    (dwelling place) (usual place of abode)(place of business)   within the State of New York. Deponent was unable, with due diligence, to locate defendant or a person of suitable age and discretion thereat, having called there on the following dates and times :

      Deponent also enclosed a copy thereof in a first class postpaid, sealed envelope properly addressed to defendant (witness) at

defendant's (witness') last known (residence) (place of business)   and deposited said wrapper in an official US. Postal Service depository within the State, on         The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

     ☐ A certified Mailing,  ☐ Return Receipt requested was performed. #             was effected.

      Deponent paid (tendered) in advance $         , the authorized traveling expenses and one day's witness fee.

X   DESCRIPTION - Deponent describes the individual served as follows:

Sex FEMALE   Skin color WHITE    Approx. age    28Approx. Ht. 5'2   Approx. Wt.   145  lbs.

Color of Hair BROWN   Beard     Mustache      Other:

MILITARY SERVICE - Deponent asked the person served (spoken to) whether the defendant was in active military service of the United States or of the State and was informed he/she was not. Defendant wore ordinary civilian clothes and no military uniform.

Sworn to before me this

   22  day of JUNE 2011

_____                   _____

Notary Public                                        ANDREW SZYMKOWICZ

        ELLEN EDWARDS

    NOTARY PUBLIC, State of New York

       Qualified in Ulster County

    Commission Expires August 23, 2013

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A TO CIVIL RULE 45 SUBPOENA

## DEFINITIONS

The following Definitions shall apply for purposes of this Exhibit A:

1.  "Agreement" means any legally enforceable understanding between two or more parties by which the parties exchange promises and assume certain obligations. "Agreement" shall include oral and written agreements.

2   "Document" means all writings of any kind as defined in Rule 34 of the Ohio Rules of Civil Procedure including, without limitation, any written, recorded, or graphic matter, whether produced, reproduced, or stored on paper, cards, tapes, film, electronic facsimile, computer storage devices, videotapes, or any other medium, now or at any time in Plaintiff's possession, control or custody.  It includes, without limitation, papers, books, letters, photographs, objects, tangible things, telegrams, cables, telex messages, memoranda, notes, notations, work papers, work records, transcripts, minutes of meetings, reports and records of telephone and other conversations, and of interviews, conferences, and other meetings, depositions, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, presentations, estimates, proposals, budgets, data, projections, press releases, charts, diagrams, schedules, specifications, maps, flow sheets, certifications, organizational charts, contracts, agreements, leases, journals, diaries, personal and business files, statistical records, governmental filings, articles of incorporation, by-laws, regulations, corporate books, stock ledgers, proxies, prospectives, portfolios, invoices, billing records, checks, remittance advices, receipts, ledgers, accounts, tax returns, audited and unaudited financial statements, balance sheets, statements of financial worth, logs, desk calendars, appointment books, lists, tabulations, sound records, computer printouts, programs and other matter, data processing input and output, microfilms, all other papers and records kept by computer, electronic, photographic, mechanical or other means, things similar to the foregoing, however denominated, and all originals, copies and drafts, whether identical or conforming or not, with or without notes, changes, or annotations thereto or thereon.

Without limitation of the term "control" as used above, a document shall be deemed to be in your control if such document is in your possession or custody or you have the right to secure the document from another individual, company, or public or private entity having possession or control over such document.

3.  "Employee" means any director, trustee, officer, agent, employee, servant, representative or attorney of the designated entity, whether active or retired, full-time or part-time, current or former, or salaried or compensated or not.

4.  "Entity" means any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

5.  "Individual" means a human being unless you cannot identify such individual by name.  In such case, "individual" shall mean the entity that such unidentified individual was employed by or engaged by or associated with.

6.  "Meeting" means any assembly, congregation, encounter or conversation between or among two or more persons for any purpose, whether planned, arranged or scheduled in advance.   "Meeting" includes, without limitation, all oral communications between two or more individuals.

7.  "Relate" or "Relating" means constituting, evidencing, reflecting, respecting, discussing, referring to, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, studying or relevant to, or any other term synonymous with or similar to the foregoing.

8.  "Representative" means consultant, expert, attorney, or other individual or entity who has been engaged by the designated entity to perform some task for the entity.

9.  "Review" means any reading of a document or any part hereof, or any reference to such document or part thereof, irrespective of the level or intensity of such reading or reference.

10.  "LSI" means LSi-Lowery Systems, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

11.  "IBIS" means The IBIS Group, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

12.  "SAP" means SAP America, Inc. and SAP A.G. and their employees, agents, officers, directors, and/or any other representatives thereof.

13.  "Hodell" means Hodell-Natco Industries, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

14.  "Business One" means the SAP Business One software produced and sold by SAP.

15.  "Apollo" means Apollo Consulting and its employees, agents, officers, directors, and/or any other representatives thereof.

16.  "InFlight" shall mean the InFlight Enterprise add-on software to Business One produced by LSI.

2

## SPECIFIC REQUESTS

1.  Produce any and all communications by and between Apollo and SAP relating to Hodell.

2.  Produce any and all communications by and between Apollo and Hodell.

3.  Produce any and all communications by and between Apollo and SAP referring or relating to Business One from January 1, 2003 to the present.

4.  Produce any and all communications by and between Apollo and LSI.

5.  Produce any and all communications by and between Apollo and IBIS.

6.  Produce any and all internal documents and/or communications referring or relating to Business One from January 1, 2003 to the preset.

7.  Produce any and all agreements by and between Apollo and SAP.

8.  Produce any and all analyses of the Business One software, whether created by Apollo or another entity.

9.  Produce any and all analyses of the InFlight software, whether created by Apollo or another entity.

10. Produce any and all analyses of Hodell's computer infrastructure, whether created by Apollo or another entity.

11. Produce any and all documents related to work performed by Apollo relating to Business One from January 1, 2003 to the present.

Exhibit 2

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of New Jersey

| | | |
|---|---|---|
| Hodell-Natco Industries, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:08 CV 2755 |
| SAP America, Inc., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Northern District of Ohio       ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Records Custodian, Third Wave Business Systems
      1680 Route 23, #320, Wayne, New Jersey, 07470

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Produce all information requested in the attached Exhibit A.

| Place:  Koehler Neal, LLC | Date and Time: |
|---|---|
| 3330 Erieview Tower, 1301 East Ninth Street | |
| Cleveland, Ohio 44114 | 06/30/2011 0:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  06/17/2011

*CLERK OF COURT*

                                                                OR   P. Wesley Lambert

_____                    _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Hodell-Natco Industries, Inc.
_____ , who issues or requests this subpoena, are:

P. Wesley Lambert, Esq., Koehler Neal LLC
3330 Erieview Tower, 1301 East Ninth Street          216-539-9370
Cleveland, Ohio 44114                                         wlambert@koehlerneal.com

© 1988 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

XXXXXXXXXX

HODELL—NATCO INDUSTRIES, INC.,

*Plaintiff(s)*

against

SAP AMERICA, INC., et al.,

*Defendant(s)*

*Index No.* 1:08 CV 2755

**AFFIDAVIT OF
SERVICE OF SUBPOENA
TO PRODUCE DOCUMENTS, INFOR-
MATION, OR OBJECTS OR TO
PERMIT INSPECTION OF PREM-
ISES IN A CIVIL ACTION**

STATE OF NEW YORK, COUNTY OF PASSAIC        SS: The undersigned, being duly sworn, deposes and says; deponent is not a
party herein, is over 18 years of age and resides at  WAYNE, NEW JERSEY

That on  6/20/11              at 1:15P M., at 1680 ROUTE 23, #320, WAYNE, NEW JERSEY
deponent served the within subpoena on  THIRD WAVE BUSINESS SYSTEMS, RECORDS                    witness therein named,
TO PRODUCE DOCUMENTS        CUSTODIAN

INDIVIDUAL
1. ☐ by delivering a true copy to said witness personally; deponent knew the person so served to be the witness described in said
subpoena.

CORPORATION
2. ☒ a DOMESTIC              corporation, by delivering thereat a true copy to KOREY LIND
personally, deponent knew said corporation so served to be the corporation witness and knew said individual to be
MANAGING AGENT    thereof.

SUITABLE AGE PERSON
3. ☐ by delivering thereat a true copy to                                  a person of suitable age
and discretion. Said premises is witness'—actual place of business—dwelling place—usual place of abode—within the state.

AFFIXING TO DOOR, ETC.
4. ☐ by affixing a true copy to the door of said premises, which is witness'—actual place of business—dwelling place—usual place
of abode—within the state. Deponent was unable, with due diligence to find witness or a person of suitable age and discretion
thereat, having called there

MAILING TO
RESIDENCE
USE WITH 3 OR 4
5A. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to witness
at witness' last known residence, at                                                            and deposited
said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO
BUSINESS
USE WITH 3 OR 4
5B. ☐ Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class postpaid envelope properly
addressed to witness at witness' actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore
the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the
communication was from an attorney or concerned an action against the witness.

DESCRIPTION
USE WITH
1, 2, OR 3

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

At the time of said service, deponent paid (tendered) in advance $              the authorized traveling expenses and one day's witness fee.

Sworn to before me on
6/21/11

NADINE PASERCHIA
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES

LINDA FELDMAN

License No.

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:.

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A TO CIVIL RULE 45 SUBPOENA**

**DEFINITIONS**

The following Definitions shall apply for purposes of this Exhibit A:

1.    "Agreement" means any legally enforceable understanding between two or more parties by which the parties exchange promises and assume certain obligations. "Agreement" shall include oral and written agreements.

2     "Document" means all writings of any kind as defined in Rule 34 of the Ohio Rules of Civil Procedure including, without limitation, any written, recorded, or graphic matter, whether produced, reproduced, or stored on paper, cards, tapes, film, electronic facsimile, computer storage devices, videotapes, or any other medium, now or at any time in Plaintiff's possession, control or custody.  It includes, without limitation, papers, books, letters, photographs, objects, tangible things, telegrams, cables, telex messages, memoranda, notes, notations, work papers, work records, transcripts, minutes of meetings, reports and records of telephone and other conversations, and of interviews, conferences, and other meetings, depositions, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, presentations, estimates, proposals, budgets, data, projections, press releases, charts, diagrams, schedules, specifications, maps, flow sheets, certifications, organizational charts, contracts, agreements, leases, journals, diaries, personal and business files, statistical records, governmental filings, articles of incorporation, by-laws, regulations, corporate books, stock ledgers, proxies, prospectives, portfolios, invoices, billing records, checks, remittance advices, receipts, ledgers, accounts, tax returns, audited and unaudited financial statements, balance sheets, statements of financial worth, logs, desk calendars, appointment books, lists, tabulations, sound records, computer printouts, programs and other matter, data processing input and output, microfilms, all other papers and records kept by computer, electronic, photographic, mechanical or other means, things similar to the foregoing, however denominated, and all originals, copies and drafts, whether identical or conforming or not, with or without notes, changes, or annotations thereto or thereon.

Without limitation of the term "control" as used above, a document shall be deemed to be in your control if such document is in your possession or custody or you have the right to secure the document from another individual, company, or public or private entity having possession or control over such document.

3.    "Employee" means any director, trustee, officer, agent, employee, servant, representative or attorney of the designated entity, whether active or retired, full-time or part-time, current or former, or salaried or compensated or not.

4.     "Entity" means any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

5.     "Individual" means a human being unless you cannot identify such individual by name.  In such case, "individual" shall mean the entity that such unidentified individual was employed by or engaged by or associated with.

6.     "Meeting" means any assembly, congregation, encounter or conversation between or among two or more persons for any purpose, whether planned, arranged or scheduled in advance.   "Meeting" includes, without limitation, all oral communications between two or more individuals.

7.     "Relate" or "Relating" means constituting, evidencing, reflecting, respecting, discussing, referring to, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, studying or relevant to, or any other term synonymous with or similar to the foregoing.

8.     "Representative" means consultant, expert, attorney, or other individual or entity who has been engaged by the designated entity to perform some task for the entity.

9.     "Review" means any reading of a document or any part hereof, or any reference to such document or part thereof, irrespective of the level or intensity of such reading or reference.

10.    "LSI" means LSi-Lowery Systems, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

11.    "IBIS" means The IBIS Group, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

12.    "SAP" means SAP America, Inc. and SAP A.G. and their employees, agents, officers, directors, and/or any other representatives thereof.

13.    "Hodell" means Hodell-Natco Industries, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

14.    "Business One" means the SAP Business One software produced and sold by SAP.

15.    "Third Wave" means Third Wave Business Systems, LLC and its employees, agents, officers, directors, and/or any other  representatives thereof.

16.    "InFlight" shall mean the InFlight Enterprise add-on software to Business One

2

produced by LSI.

## SPECIFIC REQUESTS

1.  Produce any and all communications by and between Third Wave and SAP from January 1, 2003 to the present referring or relating to the amount users that can be supported by Business One.

2.  Produce any and all communications by and between Third Wave and SAP from January 1, 2003 to the present referring or relating to the amount of data that can be supported by Business One.

3.  Produce any and all documents in the possession of Third Wave referring or relating to customer complaints concerning Business One.

4.  Produce any and all analyses of the Business One software, whether created by Third Wave or another entity.

5.  Produce any and all communications by and between Third Wave and any third parties from January 1, 2003 to the present referring or relating to the amount users that can  be supported by Business One.

6.  Produce any and all communications by and between Third Wave and any third parties from January 1, 2003 to the present referring or relating to the amount of data that can be supported by Business One.

7.  Produce any and all documents referring or relating to the number of users and/or amount of data that can be supported by Business One.

Exhibit 3

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | |
|---|---|
| Hodell-Natco Industries, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| SAP America, Inc., et al. | ) |
| *Defendant* | ) |

Civil Action No.    1:08 CV 2755

(If the action is pending in another district, state where:
Northern District of Ohio            )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Records Custodian, Accellos, Inc.
90 South Cascade Avenue, Suite 1200, Colorado Springs, CO 80903

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Produce all information requested in the attached Exhibit A.

| Place:   Koehler Neal, LLC<br>3330 Erieview Tower, 1301 East Ninth Street<br>Cleveland, Ohio 44114 | Date and Time:<br><br>06/30/2011 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    06/17/2011

CLERK OF COURT

_____          OR        _____
Signature of Clerk or Deputy Clerk                                    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Hodell-Natco Industries, Inc.
_____ , who issues or requests this subpoena, are:

P. Wesley Lambert, Esq., Koehler Neal LLC
3330 Erieview Tower, 1301 East Ninth Street
Cleveland, Ohio 44114

216-539-9370
wlambert@koehlerneal.com

UNITED STATES DISTRICT COURT DISTRICT OF COLORADO

Court Address

Phone No:

| Plaintiff:<br>HODELL-NATCO INDUSTRIES, INC<br><br>VS:<br><br>Defendant:<br>SAP AMERICA, INC | |
|---|---|
| Attorney or party without attorney<br>RENNILLO DEPOSITION & DISCOVERY<br>1301 E NINTH ST. - 100 ERIEVIEW TOWER<br>CLEVELAND, OHIO 44114<br><br>Phone Number: (216) 621-9660<br>Fax Number: (216) 621-5444 Atty Reg # | ^ COURT USE ONLY ^<br><br>Case No 1:08 CV 2755<br><br>Div Courtroom |
| AFFIDAVIT OF SERVICE | |

JAMES L WALKOWSKI the affiant, being sworn, says that I am over the age
of eighteen years and is not a party to this action, and have served this
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

on the herein named WITNESS
RECORDS CUSTODIAN, ACCELLOS, INC

SERVED         by handing to and leaving it with
                   STEPHANIE THIELE, CUSTODIAN OF RECORDS FOR
                   ACCELLOS, INC

AT USUAL PLACE OF BUSINESS
ADDRESS SERVED    90 SO. CASCADE AVE., STE.1200
                   COLORADO SPRINGS El Paso County, State of Colorado
DATE & TIME        06/20/11 10:27 AM

JAMES L WALKOWSKI
Affiant

Subscribed and sworn to before me this Jun 20, 2011
My comission expires October 3, 2011

SEAL

Michael Aguilar
P. O. Box 2562
Colorado Springs, CO. 80901

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A TO CIVIL RULE 45 SUBPOENA**

**DEFINITIONS**

The following Definitions shall apply for purposes of this Exhibit A:

1.  "Agreement" means any legally enforceable understanding between two or more parties by which the parties exchange promises and assume certain obligations. "Agreement" shall include oral and written agreements.

2.  "Document" means all writings of any kind as defined in Rule 34 of the Ohio Rules of Civil Procedure including, without limitation, any written, recorded, or graphic matter, whether produced, reproduced, or stored on paper, cards, tapes, film, electronic facsimile, computer storage devices, videotapes, or any other medium, now or at any time in Plaintiff's possession, control or custody.  It includes, without limitation, papers, books, letters, photographs, objects, tangible things, telegrams, cables, telex messages, memoranda, notes, notations, work papers, work records, transcripts, minutes of meetings, reports and records of telephone and other conversations, and of interviews, conferences, and other meetings, depositions, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, presentations, estimates, proposals, budgets, data, projections, press releases, charts, diagrams, schedules, specifications, maps, flow sheets, certifications, organizational charts, contracts, agreements, leases, journals, diaries, personal and business files, statistical records, governmental filings, articles of incorporation, by-laws, regulations, corporate books, stock ledgers, proxies, prospectives, portfolios, invoices, billing records, checks, remittance advices, receipts, ledgers, accounts, tax returns, audited and unaudited financial statements, balance sheets, statements of financial worth, logs, desk calendars, appointment books, lists, tabulations, sound records, computer printouts, programs and other matter, data processing input and output, microfilms, all other papers and records kept by computer, electronic, photographic, mechanical or other means, things similar to the foregoing, however denominated, and all originals, copies and drafts, whether identical or conforming or not, with or without notes, changes, or annotations thereto or thereon.

    Without limitation of the term "control" as used above, a document shall be deemed to be in your control if such document is in your possession or custody or you have the right to secure the document from another individual, company, or public or private entity having possession or control over such document.

3.  "Employee" means any director, trustee, officer, agent, employee, servant, representative or attorney of the designated entity, whether active or retired, full-time or part-time, current or former, or salaried or compensated or not.

4.  "Entity" means any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

5.  "Individual" means a human being unless you cannot identify such individual by name.  In such case, "individual" shall mean the entity that such unidentified individual was employed by or engaged by or associated with.

6.  "Meeting" means any assembly, congregation, encounter or conversation between or among two or more persons for any purpose, whether planned, arranged or scheduled in advance.  "Meeting" includes, without limitation, all oral communications between two or more individuals.

7.  "Relate" or "Relating" means constituting, evidencing, reflecting, respecting, discussing, referring to, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, studying or relevant to, or any other term synonymous with or similar to the foregoing.

8.  "Representative" means consultant, expert, attorney, or other individual or entity who has been engaged by the designated entity to perform some task for the entity.

9.  "Review" means any reading of a document or any part hereof, or any reference to such document or part thereof, irrespective of the level or intensity of such reading or reference.

10.  "LSI" means LSi-Lowery Systems, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

11.  "IBIS" means The IBIS Group, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

12.  "SAP" means SAP America, Inc. and SAP A.G. and their employees, agents, officers, directors, and/or any other representatives thereof.

13.  "Hodell" means Hodell-Natco Industries, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

14.  "Business One" means the SAP Business One software produced and sold by SAP.

15.  "Radio Beacon" means Radio Beacon, Inc., acquired by Accellos in October 2006, and its employees, agents, officers,    directors,    and/or    any    other representatives thereof.

2

16.     "InFlight" shall mean the InFlight Enterprise add-on software to Business One produced by LSI.

## SPECIFIC REQUESTS

1.     Produce any and all communications by and between Radio Beacon/Accellos and SAP relating to Hodell.

2.     Produce any and all communications by and between Radio Beacon/Accellos and Hodell from January 1, 2003 to the present.

3.     Produce any and all communications by and between Radio Beacon/Accellos and SAP referring or relating to Business One from January 1, 2003 to the present.

4.     Produce any and all communications by and between Radio Beacon/Accellos and LSI.

5.     Produce any and all communications by and between Radio Beacon/Accellos and IBIS.

6.     Produce any and all internal documents and/or communications referring or relating to Business One from January 1, 2003 to the preset.

7.     Produce any and all agreements by and between Radio Beacon/Acccellos and SAP.

8.     Produce any and all analyses of the Business One software, whether created by Radio Beacon/Accellos or another entity.

9.     Produce any and all analyses of the InFlight software, whether created by Radio Beacon/Accellos or another entity.

10.     Produce any and all analyses of Hodell's computer infrastructure, whether created by Radio Beacon/Accellos or another entity.

11.     Produce any and all documents related to work performed by Radio Beacon/Accellos relating to Business One from January 1, 2003 to the present.

3