IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------ : | |
| HODELL-NATCO, INC. | : CASE NO.  1:08 CV 2755 |
| Plaintiff | : |
| -vs- | : |
| | : CIVIL TRIAL ORDER |
| SAP AMERICA, INC., et al | : |
| Defendants | : |
| ------------------------------------------------ : | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

**TRIAL**

This case is scheduled for trial on  24 September 2012 at 9:00 a.m., subject to the attached order establishing the Court's monthly trial docket.  Counsel shall appear 30 minutes before trial.

**SCHEDULING[*] AND PRELIMINARY MATTERS**

**Final Pretrial Conference**

A Final Pretrial Conference is scheduled for 28 August 2012 at 2:30 p.m., in Chambers 328, United States Court House, 201 Superior Avenue, Third Floor, East Courtroom, Cleveland, Ohio.  **ALL PARTIES, LEAD COUNSEL OF RECORD AND ALL PERSONS WITH FULL AUTHORITY TO ENTER INTO**

---

[*]*See Exhibit A for summary of Deadlines for Trial Preparation*

**SETTLEMENT NEGOTIATIONS AND BINDING SETTLEMENT AGREEMENTS SHALL BE PRESENT.**

**Preliminary Matters**

Counsel shall confer with each other frequently to prepare this case for trial and shall confer with their clients and each other regarding their final settlement position within 48 hours before the final pretrial.

**TRIAL BRIEF AND MOTIONS**

Counsel shall provide the Court an electronic copy of the Stipulations of Fact and Proposed Jury Instructions through submission of a CD or email attachment.

**A.    Joint Trial Brief**

No later than 14 calendar days prior to the final pretrial conference, counsel shall file with this Court an original **JOINT Trial Brief**.  The Joint Final Pretrial Brief shall include the following:

**1. Background Information**

    a.    Identification of Trial Counsel.  The names, direct-dial phone numbers, fax numbers, and street and email addresses of trial counsel for all parties;

    b.    Nature of Action.  A brief statement of the general nature of this action;

    c.    Jurisdiction.  The provision(s) of the United States Code upon which this Court's jurisdiction is invoked, and a statement of

2

        whether this Court's jurisdiction is in dispute, including the basis of any such dispute; and

    d.    <u>Joint Stipulation of Facts</u>. All uncontested facts to be presented at trial. The Court may disallow direct or cross-examination of any witness with respect to facts which are uncontested and could have been stipulated.

### 2. **Joint Statement of Facts**

A comprehensive statement of the facts the parties assert must be proved with respect to liability, damages, and defenses. Each fact shall be listed separately, and the names of the witnesses and a description of the exhibits to be used to prove each fact shall be listed immediately beneath that fact. Counsel shall indicate for each fact whether it is admitted or denied by the opposing party.

### 3. **Statement of Law**

Controlling law shall be identified, with particular emphasis on those legal issues that might justify a complete or partial motion under Rule 50 of the Federal Rules of Civil Procedure.

### 4. **Other Information, if Applicable**

    a.    <u>Expert Qualifications</u>. Stipulations or statements setting forth the qualifications of the expert witnesses to be called at trial.

    b.    <u>Waivers</u>. Any and all waivers of claims or abandonments of defenses.

    c.    <u>Special Damages</u>. An itemized list of special damages.

**B.	Motions in Limine**

Motions in limine addressed to the admissibility of expert testimony under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire v. Carmichael, 526 U.S. 137 (1999) shall be filed 90 calendar days prior to the final pretrial.  Responses to such motions shall be filed 80 calendar days prior to the final pretrial.

All other motions in limine shall be filed 14 calendar days prior to the final pretrial.  Responses to such motions shall be filed 7 calendar days prior to the final pretrial.

**C.	Witness and Exhibit Lists**

No later than 21 calendar days before the final pretrial, the parties shall exchange and file witness and exhibit lists, complying with Fed. R. Civ. P.  26(a)(3).  Written objections to any proposed exhibit or witness's testimony shall be filed with the Court and served on opposing counsel no later than 14 calendar days before the final pretrial.  Written responses to the objections shall be filed no later than 7 calendar days before the final pretrial.  Objections not so disclosed (other than objections under Fed. R.  Evid.  402 and 403) shall be deemed waived unless excused by the Court for good cause shown.

**D.     Witnesses**

By 4:00 p.m. on the first business day before trial, and by the close of Court each day thereafter, the counsel conducting witness examinations on the following trial day shall provide the Court and opposing counsel with a list of those witnesses he or she anticipates calling the next day, in the order in which the witnesses are expected to testify.  It is counsel's responsibility to ensure that enough witnesses are present each day for presentation of proofs to fill the entire trial day.

**E.     Exhibits**

All exhibits shall be marked for identification prior to trial in accordance with Local Rule 39.1 and shall be made available for inspection by opposing counsel, and may be copied at their expense, unless waived, no later than 7 calendar days prior to trial.  All documentary exhibits, including charts, photographs, etc., shall be assembled in binders.  Two copies of the exhibit binders shall be furnished to the Court at the beginning of the trial.  Counsel shall also provide the Court with eight binders containing copies of all of their proposed exhibits for the jurors' use.  Counsel shall retain the originals of all exhibits.

Demonstrative exhibits shall not be marked but shall be exchanged 2 calendar days prior to trial.

**F.	Deposition Testimony**

Whenever depositions (videotape or written) are to be used at trial, counsel proposing such testimony shall provide opposing counsel with pertinent transcript references 21 calendar days prior to the final pretrial.  Objections to the proposed testimony will be provided to counsel within 7 calendar days thereafter.  Counsel shall consult in an effort to resolve any objections raised.

No later than 24 hours prior to the final pretrial, counsel proposing to use the deposition testimony will provide the Court with a transcript of the deposition, containing highlighted references to the testimony to be offered.  Where objections have been raised and not resolved, those objections shall be noted in the margin.

**G.	Proposed Jury Instructions**

Counsel shall exchange proposed jury instructions no later than 14 calendar days prior to the final pretrial date.  Counsel shall then confer regarding their respective proposals in an effort to reach agreement regarding as many jury instructions as possible.  Twenty-four hours prior to the final pretrial, counsel shall JOINTLY submit: (1) agreed instructions; (2) instructions proposed by party plaintiff, but opposed by party defendant; and, (3) instructions proposed by party defendant, but opposed by party plaintiff.   All proposed instructions shall be supported by citations to authority and shall be submitted to the Court electronically, through an email attachement, or on a CD.  Instructions common to all civil trials should not be submitted.

**H.**     **Proposed Voir Dire**

No later than 14 calendar days prior to the final pretrial, counsel may file with the Court and serve on opposing counsel proposed voir dire questions.

**I.**     **Continuances**

A motion for continuance based on a conflict shall be filed within 10 calendar days of counsel becoming aware of the conflict and not less than 60 calendar days prior to trial.

The motion shall set forth the reason for the requested continuance and show the consent of the client and of all other counsel or, if objected to, with the movant's certification of efforts to obtain such consent.

**J.**     **Cooperation and Compliance**

Failure of counsel to cooperate in the preparation or submission trial materials, or to comply with the terms of this Trial Order, may result in dismissal of claims, default judgment, exclusion of testimony and/or exhibits from evidence, assessment of costs and/or expenses (including attorney fees) and/or other appropriate sanctions.

**K.**     **ASSESSMENT of Costs**

Settlement is encouraged.  However, the parties and lead counsel of record are advised that the Court, pursuant to Local Rule 54.1, will assess the parties or

counsel with the cost of one day's attendance of the jurors if the case is settled after the jury has been summoned.

IT IS SO ORDERED.

          /s/ Lesley Wells
        UNITED STATES DISTRICT JUDGE

Dated: 6 July 2011

# DEADLINES FOR TRIAL PREPARATION

<u>90 Calendar Days Prior to the Final Pretrial Conference:</u>

File and serve motions in limine regarding expert testimony.

<u>80 Calendar Days Prior to the Final Pretrial Conference:</u>

File and serve responses to motions in limine regarding expert testimony.

<u>21 Calendar Days Prior to the Final Pretrial Conference:</u>

- File and serve witness lists.
- File and serve exhibit lists.
- Exchange proposed deposition transcript references.

<u>14 Calendar Days Prior to the Final Pretrial Conference:</u>

- File and serve Joint Trial brief and motions in limine not concerning experts.
- File and serve proposed voir dire.
- File and serve objections to proposed exhibits.
- File and serve objections to proposed witnesses.
- Exchange proposed jury instructions.
- Exchange objections to proposed deposition testimony.

<u>7 Calendar Days Prior to the Final Pretrial Conference:</u>

- File and serve responses to motions in limine not concerning experts.
- File and serve responses to objections to proposed exhibits and witnesses.

<u>24 Hours Prior to Final Pretrial</u>:

- File joint submission regarding jury instructions (**including** electronic copy submitted to the Court as an email attachment or on CD).
- File deposition transcripts to be used at trial containing references to unresolved objections.

<u>At Final Pretrial</u>:

- Provide Court with counsel's office, home, and cell phone numbers.
- Notify Court if you are planning to use the courtroom's electronic equipment and arrange with court staff for training on use of equipment.

<u>7 Calendar Days Prior to TRIAL</u>

- Complete inspection and copying of opposing counsel's exhibits.

<u>48 Hours Prior to TRIAL</u>

- Exchange demonstrative exhibits.

<u>Day of TRIAL</u>:

Provide Court with:

- list of witnesses in the order in which they are intended to be presented; and

- 2 binders containing a copy of all pre-marked proposed exhibits to the Court.

Provide Opposing Counsel with:

- copy of all pre-marked proposed exhibits to opposing counsel.

Counsel are responsible to have available at all times during the trial:

- 8 binders containing copies of all pre-marked proposed exhibits for the jurors.

*Note: During trial, all materials must be removed from the courtroom at the end of each trial day. The Court will not store any trial materials overnight.*