# UNITED STATES DISTRICT COURT
## FOR THE
### NORTHERN DISTRICT OF OHIO
#### Eastern Division

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE:  LESLEY WELLS |
| | ) | |
| v. | ) | Notice of Service of Subpoena Duces Tecum |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Hodell-Natco Industries, Inc. ("Hodell-Natco"), by and through undersigned counsel, provides notice of service of subpoena pursuant to Federal Rule 45 upon the third-party PNC Bank, N.A. via certified mail on October 24, 2011.

A copy of the subpoena and the certified mail receipt for are attached hereto as Exhibit 1.

Respectfully submitted,

*/s/ P. Wesley Lambert*
James F. Koehler (0007904)
jkoehler@koehlerneal.com
P. Wesley Lambert (0076961)
wlambert@koehlerneal.com
KOEHLER NEAL LLC
Erieview Tower 3330
1301 East Ninth Street
Cleveland, Ohio
216.539.9370/ 216.916.4369   (*facsimile*)
*Attorneys for Plaintiff*
*Hodell-Natco Industries, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of October, 2011, a copy of preceding document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


<u>/s/ *P. Wesley Lambert*        </u>
P. Wesley Lambert (0076961)

Anita 2011-R 70945

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Ohio

PNC Bank
Record Services
Received

| | | |
|---|---|---|
| Hodell-Natco Industries, Inc. | ) | |
| *Plaintiff* | ) | Civil Action No.   1:08-CV-02755 |
| v. | ) | OCT 2 5 2011 |
| SAP America, Inc., et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  PNC Bank, N.A., C/o CSC-LAWYERS INCORPORATING SERVICE (CORPORATION SERVICE COMPANY)
     50 WEST BROAD STREET SUITE 1800, Columbus, Ohio 43215

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: All documents identified in the attached Exhibit A

| Place:  Koehler Neal, LLC<br>3330 Erieview Tower, 1301 East 9th Street<br>Cleveland, Ohio 44114 | Date and Time:<br>11/15/2011 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___10/19/2011___

_CLERK OF COURT_

OR  P. Wesley _____

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Hodell-Natco Industries, Inc. _____, who issues or requests this subpoena, are:

P. Wesley Lambert, Koehler Neal LLC, 3330 Erieview Tower, 1301 East 9th Street, Cleveland, Ohio 44114
216-539-9370  WLambert@koehlerneal.com

## SPECIFIC REQUESTS

1.   Produce any and all communications by and between NCB and Hodell.

2.   Produce any and all communications by and between PNC and Hodell.

3.   Produce any and all loan files referring or relating to Hodell.

4.   Produce any and all analyses and communications prepared by NCB and/or PNC relating to proposed or completed acquisitions conduction by Hodell from 2000 to the present.

5.   Produce any and all documents referring or relating to software known as SAP Business One.

6.   Any and all files in the possession, custody, or control of Matthew Gausman referring or relating to Hodell.

7.   Any and all files in the possession, custody, or control of Boyd Pethel referring or relating to Hodell.

8.   Any and all files in the possession, custody, or control of Joseph Manley referring or relating to Hodell.

9.   All documents referring or relating to the credit and/or loan terms available to Hodell from 2000 to the present.

10.   To the extent not produced pursuant to a request above, all documents referring or relating to Hodell's proposed acquisition of Pacific Coast Bolt Corp.

11.   To the extent not produced pursuant to a request above, all credit memos prepared by NCB relating to Hodell's proposed acquisition of Pacific Coast Bolt Corp.

12.   All presentations to, or minutes of, any loan committee referring or relating to Hodell.

3

## EXHIBIT A TO CIVIL RULE 45 SUBPOENA

### DEFINITIONS

The following Definitions shall apply for purposes of this Exhibit A:

1.  "Agreement" means any legally enforceable understanding between two or more parties by which the parties exchange promises and assume certain obligations. "Agreement" shall include oral and written agreements.

2.  "Document" means all writings of any kind as defined in Rule 34 of the Ohio Rules of Civil Procedure including, without limitation, any written, recorded, or graphic matter, whether produced, reproduced, or stored on paper, cards, tapes, film, electronic facsimile, computer storage devices, videotapes, or any other medium, now or at any time in Plaintiff's possession, control or custody. It includes, without limitation, papers, books, letters, photographs, objects, tangible things, telegrams, cables, telex messages, memoranda, notes, notations, work papers, work records, transcripts, minutes of meetings, reports and records of telephone and other conversations, and of interviews, conferences, and other meetings, depositions, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, presentations, estimates, proposals, budgets, data, projections, press releases, charts, diagrams, schedules, specifications, maps, flow sheets, certifications, organizational charts, contracts, agreements, leases, journals, diaries, personal and business files, statistical records, governmental filings, articles of incorporation, by-laws, regulations, corporate books, stock ledgers, proxies, prospectives, portfolios, invoices, billing records, checks, remittance advices, receipts, ledgers, accounts, tax returns, audited and unaudited financial statements, balance sheets, statements of financial worth, logs, desk calendars, appointment books, lists, tabulations, sound records, computer printouts, programs and other matter, data processing input and output, microfilms, all other papers and records kept by computer, electronic, photographic, mechanical or other means, things similar to the foregoing, however denominated, and all originals, copies and drafts, whether identical or conforming or not, with or without notes, changes, or annotations thereto or thereon.

    Without limitation of the term "control" as used above, a document shall be deemed to be in your control if such document is in your possession or custody or you have the right to secure the document from another individual, company, or public or private entity having possession or control over such document.

3.  "Employee" means any director, trustee, officer, agent, employee, servant, representative or attorney of the designated entity, whether active or retired, full-time or part-time, current or former, or salaried or compensated or not.

4.   "Entity" means any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

5.   "Individual" means a human being unless you cannot identify such individual by name. In such case, "individual" shall mean the entity that such unidentified individual was employed by or engaged by or associated with.

6.   "Meeting" means any assembly, congregation, encounter or conversation between or among two or more persons for any purpose, whether planned, arranged or scheduled in advance.  "Meeting" includes, without limitation, all oral communications between two or more individuals.

7.   "Relate" or "Relating" means constituting, evidencing, reflecting, respecting, discussing, referring to, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, studying or relevant to, or any other term synonymous with or similar to the foregoing.

8.   "Representative" means consultant, expert, attorney, or other individual or entity who has been engaged by the designated entity to perform some task for the entity.

9.   "Review" means any reading of a document or any part hereof, or any reference to such document or part thereof, irrespective of the level or intensity of such reading or reference.

10.  "LSI" means LSi-Lowery Systems, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

11.  "IBIS" means The IBIS Group, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

12.  "SAP" means SAP America, Inc. and SAP A.G. and their employees, agents, officers, directors, and/or any other representatives thereof.

13.  "Hodell" means Hodell-Natco Industries, Inc. and its employees, agents, officers, directors, and/or any other representatives thereof.

14.  "Business One" means the SAP Business One software produced and sold by SAP.

15.  "PNC" shall mean PNC Bank N.A, successor to National City Bank.

16.  "NCB" shall mean National City Bank.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:08-CV-02755

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                         _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PNC Bank c/o CSC
50 West Broad St,
Ste 1800
Columbus, OH 43215

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name)      C. Date of Deliver

RECEIVED
OCT 2 4 2011

Deanne Kessler

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered           ☐ Return Receipt for Merchandis
☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
(Transfer from service label)

7010 3090 0003 5269 7460

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-15