IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | |
| --- | --- | --- |
| | ) | CASE NO. 1:08 CV 2755 |
| Plaintiff, | ) | |
| | ) | JUDGE WELLS |
| v. | ) | |
| | ) | **SAP AMERICA, INC.'S AND** |
| SAP AMERICA, INC., et al. | ) | **SAP AG'S RESPONSE IN** |
| | ) | **OPPOSITION TO PLAINTIFF'S** |
| Defendants. | ) | **MOTION TO COMPEL** |
| | ) | |

Defendants SAP America, Inc. and SAP AG (collectively, "SAP"), by and through their undersigned attorneys, hereby submit this response in opposition to Plaintiff's motion to compel [Doc. 75], and for the reasons set forth below, request that this Court deny Plaintiff's motion.

**I.      INTRODUCTION**

In its Amended Complaint, Plaintiff Hodell-Natco Industries, Inc. ("Hodell") seeks damages allegedly incurred as a result of Defendant LSi-Lowery Systems, Inc.'s ("LSi") implementation of LSi's In-Flight Enterprise software and SAP's Business One software.

However, the evidence shows that Hodell experienced problems before LSi's implementation of business software for Hodell, and after Hodell implemented an alternative to Business One. Indeed, documents and testimony obtained through discovery demonstrate that Hodell's network and computer infrastructure, operational complexities unique to Hodell's business, characteristics of LSi's In-Flight software, and Hodell's use of other integrated software, among other things, caused its alleged difficulties, not Business One.

Moreover, it was LSi that marketed and sold Business One to Hodell as part of LSi's agreement with Hodell to develop and implement LSi's In-Flight software. As Otto Reidl, Hodell's Chief Executive Officer, admitted at his deposition, Hodell had no communication with anyone at

PHLIT/ 1645005.3

SAP prior to the time that Hodell entered into a licensing agreement with SAP for the Business One software, which was well after Hodell entered into its Development Agreement with LSi for the development and implementation of LSi's In-Flight software. Indeed, SAP neither marketed any of its products to Hodell, nor participated in any decisions regarding Hodell software implementations. Notwithstanding Hodell's contentions to the contrary, SAP was *not* involved in Hodell's implementation of In-Flight software or Business One; SAP become involved only *after* LSi implemented both software products and brought Hodell "live."

And although Hodell would have this Court believe otherwise, SAP has already produced nearly 13,000 pages of documents responsive to both Hodell's first and second sets of requests for production of documents. Those documents have included documents collected from six key custodians: Daniel Kraus (former Vice President, SAP Business One), Paul Killingsworth (Senior Manager, Customer Relations, SME (Small and Medium Size Enterprise) Solutions), Geoffrey Ashley (former Director of Sales, SAP Business One), Michael Sotnick (former Senior Vice President of SME Solutions), Edward Neveux (Business One Solution Architect, SME Solutions), and Penelope Vitantonio (former Business and Technology Consultant, American Express Tax and Business Services, Inc.).[1] SAP also searched documents held by its legal department, and produced all relevant, non-privileged documents collected from all of these custodians. Further, in conducting its searches, SAP construed Hodell's document requests broadly, and SAP produced <u>all</u> information related to Hodell's allegations in this case.

Moreover, throughout this litigation, SAP has explained its discovery efforts to Hodell, including the identities of the aforementioned custodians and the search terms SAP used, to which

---

[1] In addition, Hodell has ample opportunity to question these key custodians, as Hodell has expressed its intent to depose them. Indeed, Hodell has already deposed Mr. Ashley and Mr. Neveux.

Hodell did not object. Two such communications, letters dated January 31, 2011 and January 6, 2012, are attached to Hodell's motion to compel as Exhibits C and E, respectively.

The fact is SAP has already produced non-privileged, responsive documents in its possession that are reasonably calculated to lead to admissible evidence. Should there be any information about SAP's Business One capabilities not already produced, such information will be captured in the additional search SAP has agreed to undertake, as set forth in its March 22, 2012 letter to the Court.

To require SAP to do more would be unduly burdensome and require the production of documents that are beyond the scope of discovery. Indeed, as further set forth below, the discovery Hodell seeks to compel would require SAP to undertake discovery with respect to three unrelated customers equivalent to that which it has conducted, over the past two years, in this case with respect to Hodell, including discovery involving foreign citizens. It would also require SAP to conduct a grossly overbroad search of every single SAP employee's papers and emails for the past ten years, at a cost that would equal or exceed the discovery expense already incurred in this case. There is no reasonable basis for compelling SAP to undertake such an effort and incur such expense. Hodell's motion to compel should, therefore, be denied.

## II. ARGUMENT

### A. SAP Has More than Satisfied its Discovery Obligations as Defined Under the Federal Rules of Civil Procedure

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense…[so long as] the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). When determining "whether discovery on a particular matter is permissible …the operative test…is 'whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence.'" *Freudeman v. Landing of Canton*, Civ. No. 09-175, 2010

U.S. Dist. LEXIS 55273, at *8 (N.D. Ohio May 31, 2010) (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970.)).

### B. Hodell Failed to Meet its Obligations for Presenting Discovery Disputes Prior to Filing a Motion to Compel

As a threshold matter, Hodell's motion should be denied because it is procedurally improper. Counsel for Hodell has failed to make good faith efforts, as required under Local Civil Rule 37.1(a), to resolve the issues presented in this motion.

Local Civil Rule 37.1 requires litigants to raise discovery disputes with a Judicial Officer prior to filing discovery motions. The Judicial Officer may seek to resolve the discovery dispute by telephone conference. "In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter," and the Judicial Officer will try to resolve the dispute "without additional legal memoranda." Local Civil Rule 37.1(a)(3). Thereafter, if the Judicial Officer remains unable to resolve the dispute, then, and *only* then, may the parties file memoranda in support of, and in opposition to, the discovery at issue.

In this case, SAP served responses to Hodell's First Set of Document Requests in June 2010. By letter dated January 19, 2011, Hodell took issue with SAP's responses and sought additional documents pursuant to its first set of requests. SAP responded by letter dated January 31, 2011 (Exhibit C to Hodell's Motion), detailing SAP's document searches. Eleven months later, by letter December 12, 2011, Hodell again took issue with SAP's responses to certain discovery requests. SAP responded by letter January 6, 2012, providing additional explanation of its searches for information, and stating that SAP's document production was complete. Soon thereafter, in December 2011, Hodell served its Second Set of Document Requests, which SAP responded to on January 9, 2012. By letter dated January 16, 2012, Hodell raised several issues with SAP's responses. Without making good faith efforts to resolve these issues, and without

following the procedure set forth in Local Rule 37.1, Hodell filed its motion to compel on February 24, 2012. Because of Hodell's failure to comply with the Local Rule 37.1, Hodell's motion should be denied in its entirety.

### C. Disputed Discovery Requests

In the event the Court declines to deny Hodell's motion for failure to comply with the Local Civil Rules, Hodell's motion should be denied because the discovery requests at issue are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

As set forth in SAP's March 22, 2012 letter to this Court, although Hodell's motion references many discovery requests, the only requests that remain in dispute are Hodell's First Document Request No. 14 and Hodell's Second Document Requests Nos. 5, 15, 17 and 18. SAP addresses each of those disputed requests below.

### First Document Request No. 14: TopManage Financial Systems Acquisition

In its First Document Request No. 14, Hodell seeks all information "relating to the acquisition of TopManage Financial Systems by SAP" in 2002. SAP's acquisition of TopManage Financial Systems is not at issue in this action, and this request seeks to have SAP produce massive amounts of completely irrelevant documents, such as all accounting records, transactional documents, and other documents related to the acquisition that having nothing at all to do with Hodell or Business One. Although this request is overbroad and not reasonably tailored to uncover admissible evidence, SAP has searched for this information among all of its custodial collections. ***The few potentially relevant documents uncovered through these searches have already been produced.*** If there is any information related to the capabilities of Business One not already produced, that information would be captured in SAP's search for additional documents referenced in SAP's March 22, 2012 letter to this Court. Any additional

efforts beyond that search would be unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

### Second Document Requests Nos. 5, 15 and 17: Other Customer Implementations

Hodell's Second Document Request No. 5 seeks all documents relating to the installation of Business One at a company that is unrelated to any party to this litigation, and the requested documents are irrelevant to any of the issues in case. Similarly, Second Requests Nos. 15 and 17 seek information relating to alleged performance problems with the installation of Business One at two other companies that are unrelated to this action. Those documents are also irrelevant to any issue in this case.

While Hodell seeks this information for the purpose of comparing problems allegedly experienced by other customers with the problems Hodell claims to have experienced when LSi installed In-Flight and Business One, each software installation for each individual customer involves a unique set of issues and concerns. These issues are impacted by many factors, including individual networks, infrastructure, data sets, types and numbers of transaction, other integrated third-party software and more. Further, LSi specifically tailored its In-Flight software to meet the needs of Hodell's business and others in the same industry. Because the details of software implementations vary widely among different customers, the third-party information sought through this request would not shed any light on the causes of *Hodell's* alleged problems or on any claims, issues or defenses in this case. In short, the disputed requests are not reasonably calculated to lead to the discovery of admissible evidence.

In addition, the production of the requested information would require a mini-trial for each customer identified, and necessitate all of the same steps SAP has taken to produce responsive information related to Hodell. Specifically, SAP would be required to identify

appropriate custodians, many of whom may be foreign citizens; determine what information each custodian possesses; conduct document collections; comply with foreign privacy laws; and review and process the documents for production. The costs of these efforts for even one other customer would equal, or exceed, the discovery expense incurred in this case. These significant costs would be incurred for each customer identified for discovery because distinct collections, searches, and depositions would be necessary for each customer. Moreover, this colossal effort and expense would be entirely futile because the undertaking is unlikely to lead to any admissible evidence given the unique set of factors affecting every software implementation. Such discovery would also open the door to a sea of additional discovery related to those other customers who have successfully implemented and used Business One. Those customers number in the tens of thousands.

And while Hodell also complains, as to Second Request No. 5, that SAP "has produced few, if any, documents from any SAP Business One developers discussing the software's capabilities" (*see* Motion at 8), Request No. 5 does not encompass documents from SAP developers. Regardless, SAP has already agreed to search the "SAP Portal" – a potential source of information identified by fact witnesses – for additional documents related to Business One development.

In short, to the extent Hodell seeks to compel SAP to produce any additional documents in response to Second Request Nos. 5, 15, and 17, its requests are not reasonably calculated to lead to discovery of admissible evidence and they are overbroad and unduly burdensome. As a result, Hodell's motion to compel should be denied.

### Second Document Request No. 18: SAP Field Kick-Off Meeting in Las Vegas

Finally, Hodell's Second Document Request No. 18 seeks all materials referring to an "SAP North America Field Kick-Off meeting" held in Las Vegas, Nevada from January 19, 2004 through January 21, 2004. According to Hodell, this request is based on an anonymous, undated document produced by LSi, which Hodell asserts are the notes of an LSi employee from the Las Vegas meeting. (*See* Exhibit R to Hodell's Motion to Compel). The document in question states that "[t]here is no upper size limit, however, for whom the B1 partners can sell to." However, neither Hodell nor LSi has identified the author of this document or the source of the information in it. There are no documents or testimony indicating that the representations in this LSi-created document were made by SAP.

*As SAP has explained to Hodell, this request seeks every scrap of paper and every email by, to, and from any SAP employee that refers to this meeting – a grossly overbroad request that would require a search of <u>every</u> SAP employee's e-mails, files and computers for the past decade.* In an effort to reach a reasonable accommodation, SAP has offered to conduct a reasonable search on the SAP Portal, mentioned above, for materials from the relevant time period that refer to the size of companies targeted for Business One sales. Hodell has rejected this offer, stating that it wants any and all memos, presentations, slides and other materials in any SAP employee's possession that were prepared, reviewed, sent or received in connection with the Las Vegas meeting. This type of search is not even possible within any reasonable time frame, and the cost of even a partial search of all SAP employees' files would be enormous. Hodell has provided no justification for its demand that SAP conduct a pointless and costly search for irrelevant information that will not lead to the discovery of admissible evidence. Hodell's motion to compel responses to Second Request No. 18 should therefore be denied.

## III.    CONCLUSION

For the reasons set forth above, Hodell's motion to compel supplemental responses to Hodell's First Document Request No. 14 and its Second Document Requests Nos. 5, 15, 17 and 18 should be denied.

Respectfully submitted,

/s/Leo M. Spellacy, Jr.
Leo M. Spellacy, Jr. (0067304)
Charles W. Zepp. (0068129)
PORTER WRIGHT MORRIS & ARTHUR LLP
925 Euclid Avenue, Suite 1700
Cleveland, OH  44115-1483
(216) 443-9000 / Fax (216) 443-9011
lspellacy@porterwright.com

Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757
*Attorneys for SAP America, Inc. and SAP AG*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March 2012, a copy of the foregoing Response in Opposition to Plaintiff's Motion to Compel was filed electronically. Parties may access this filing through the Court's electronic filing system.

/s/Leo M. Spellacy, Jr.
Leo M. Spellacy, Jr. (0067304)

PHLIT/ 1645005.3