# Koehler Neal LLC

August 15, 2012

**Via Email and Federal Express**
The Honorable Lesley Wells
United States District Judge
Howard M. Metzenbaum U.S. Courthouse
201 East Superior Avenue, Room 328
Cleveland, Ohio 44114-1201
Facsimile: (216) 615-4371

          Re:   *Hodell-Natco Industries, Inc. v. SAP America, Inc., et al.*
                USDC Northern District of Ohio
                Case No. 1:08-cv-02755

Dear Judge Wells:

      I am writing to inform the Court regarding a number of discovery issues that Plaintiff Hodell-Natco Industries, Inc. ("Hodell" or "Plaintiff") has raised with Defendants SAP America, Inc. and SAP A.G. (collectively "SAP" or "Defendants"). The parties have been unable to resolve each of these issues and thus, Plaintiff requests the Court either facilitate a resolution or order Defendants to comply with their discovery obligations.

      The first and most time sensitive issue pertains to Defendants' inappropriate objections and failure to adequately prepare their Fed.R.Civ.P. 30(b)(6) witness. As discussed below, Defendants have had adequate time to prepare their 30(b)(6) witness on the 23 topics relevant to Plaintiff's claims in this lawsuit. Plaintiff requests this Court's assistance in ordering Defendants to provide a witness (or witnesses) with knowledge on these topics as noticed. Additionally, as further discussed below, Plaintiff is requesting that this Court address Defendants' failure to respond to properly served written discovery demands, and to resurrect Plaintiff's previously filed Motion to Compel due to Defendants' failure to produce relevant documents in this case.

## Deposition of Defendants' 30(b)(6) Witness

      Plaintiff has served multiple 30(b)(6) deposition notices on Defendants, the most recent of which were dated July 3, 2012 and July 11, 2012.[1] In a response dated July 5, 2012, Defendants objected to Plaintiff's July 3, 2012 Notice, and stated their refusal to provide

---

[1] The only substantive difference between the July 3, 2012 Notice and the July 11, 2012 Notice, is that the July 11, 2012 Notice contains two additional topics (numbers 22 and 23).

3330 Erieview Tower, 1301 East Ninth Street, Cleveland, Ohio 44114
p: 216.539.9370 f: 216.916.4369 KoehlerNeal.com

Honorable Lesley Wells
August 15, 2012
Page 2

30(b)(6) witness testimony on six of the listed topics, including topics 4, 8, 9, 10, 20 and 21.[2] Defendants also inappropriately sought to narrow the scope of topics 5 and 18. On July 9, 2012, Plaintiff's counsel wrote Defense counsel a letter disputing Defendants' objections but agreeing to narrow certain topics in the interest of resolving the dispute in an expedient manner. The undersigned also noted that if the parties were unable to work out their dispute at the time of the deposition, Plaintiff would be seeking a court order requiring Defendants to provide a 30(b)(6) witness knowledgeable to testify on these topics.

Due to the impending discovery cutoff date, the undersigned proceeded with the deposition of SAP's 30(b)(6) witness, Paul Killingworth, subject to resolution of the issues relating to Plaintiff's deposition notice. During that deposition, SAP's counsel refused to permit the witness to testify in his representative capacity for SAP on a number of topics outlined in the notice. Defendants specifically objected to Mr. Killingsworth testifying in his 30(b)(6) capacity with regard to testing results for the Defendants' Business One software, and where those testing results were preserved. During the deposition the parties determined that no agreement could be reached on Defendants' objections and the Court's intervention was necessary to reach a resolution. The parties also agreed to continue Mr. Killingsworth's deposition to cover the additional topics which Plaintiff was unable to complete during the first day.[3]

In addition to the topics identified above, Defendants' counsel also objected to Mr. Killingsworth's testimony on topics 22 and 23 of Plaintiff's 30(b)(6) Notice dated July 11, 2012 on the basis that he did not have adequate time to prepare the witness on these topics prior to the deposition. However, the parties have recently agreed to continue Mr. Killingsworth's testimony sometime in August, which provides defense counsel with over thirty (30) days from the date of this notice to prepare their witness on these two additional topics.

In addition to Defendants' inappropriate objections, Defendants' corporate representative was not adequately prepared on a number of the topics. Mr. Killingsworth specifically lacked knowledge to answer Plaintiff's questions regarding: Defendants' communications with channel partners (Topic 7), product testing (Topic 5), and how the parties licensing agreement came to be signed (Topics 1 and 2), among others. Therefore, Plaintiff requests that the Court order Defendants to prepare the witness to testify regarding noticed topics during the relevant timeframe, or provide a 30(b)(6) witness who can provide this information.

In order to resolve the issues described above, Plaintiff Hodell requests that this Court schedule a conference call or set a briefing schedule so that the Court may address Plaintiff's concerns and resolve this dispute.

---

[3] Plaintiff Hodell similarly agreed to and allowed 2.5 days of deposition testimony for two different 30(b)(6) witnesses on behalf of Hodell so that it adequately covered all topics included in defendants' 30(b)(6) notice.

Case: 1:08-cv-02755-DCN Doc #: 97 Filed: 08/16/12 3 of 4. PageID #: 1411
2012-08-16 14:46:10 (GMT)
From: Wes Lambert
o: Page 4 of 5

Honorable Lesley Wells
August 15, 2012
Page 3

### Plaintiff's Third Requests for Production of Documents and Second Requests for Admission

Plaintiff would also like to bring to the Court's attention Defendants' failure to respond to document demands and requests for admission which were served on counsel within the written discovery period set forth in the Case Management Order. Defendants assert that Plaintiff was required to serve all written discovery 30 days prior to the written discovery cutoff date. Plaintiff does not believe this is the law pursuant to Federal Rules of Civil Procedure or the law in the Northern District of Ohio. Defendants' position is further belied by their own actions, wherein they served document demands on Plaintiff's 30(b)(6) witness on June 29, 2012. Plaintiff, therefore requests the Court's guidance in compelling Defendants to comply with their discovery obligations.

### Plaintiff's Prior Motion to Compel

Finally, Plaintiff wishes to resurrect its prior Motion to Compel that was filed on February 24, 2012 (ECF #75). Despite agreeing to supplement their document production during a telephone conference with Magistrate White on May 2, 2012, Defendants did not complete their "supplemental document production" until August 2, 2012, one day *after* the discovery cutoff deadline. Defendants' "supplemental production" consisted of 10,000 new pages of documents provided after the conclusion of discovery and after virtually every fact witness had been deposed.

Further, upon the undersigned's initial review of the nearly 10,000 pages of documents produced after the discovery cutoff, it is apparent that Defendants are still grossly lacking in their production. For example, Defendants remain steadfastly opposed to producing any documents relating to the testing of the capacities of the SAP Business One software despite: (1) copious documents in Plaintiff's possession showing that such tests were conducted and the results thereof published; and (2) multiple SAP former and current employees testifying that such tests were performed with the results recorded and made accessible to SAP employees. Udi Ziv, the former development head of SAP Business One in Israel acknowledged that testing was performed and recorded from his facility in Israel, and identified Tali Naim as the current head of testing for SAP Business One. There is no indication that her records have been searched for relevant testing information.

In addition to the testing information discussed above, there is no indication that Defendants have produced documents responsive to Second Document Request Nos. 1, 2, 3, 4, 5,

Honorable Lesley Wells
August 15, 2012
Page 4

11, 12, 19, and 20. Therefore, Plaintiff requests that the Court provide Plaintiff an opportunity to re-present these issues for the Court's consideration.

    Thank you for your time and consideration.

Respectfully submitted,

*/s/ Wesley Lambert*

Wesley Lambert
*Counsel for Plaintiff Hodell-Natco Industries, Inc.*

cc:   Gregory Star
      Roy Hulme