# EXHIBIT A



Gregory J. Star
215 988 2734 Direct
215 988 2757 Fax
gregory.star@dbr.com

Law Offices

Logan Square, Ste. 2000
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

July 5, 2012

**Via Email and U.S. Mail**
P. Wesley Lambert, Esq.
Koehler Neal LLC
3330 Erieview Tower
1301 East Ninth Street
Cleveland, OH 44114

Re: Hodell-Natco Industries, Inc. v. SAP America, Inc., et al.

Dear Wes:

Enclosed please find SAP's Responses and Objection to Hodell's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6).

Very truly yours,

Gregory J. Star

JMK/saj
Enclosure

cc: Roy Hulme, Esq.

Established 1849

PHIT 1707428.1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HODELL-NATCO INDUSTRIES, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAP AMERICA, INC., et al. ) <br> ) <br> Defendants. ) <br> ) | CASE NO. 1:08 CV 2755 <br><br> JUDGE WELLS |

## RESPONSES AND OBJECTIONS OF DEFENDANTS, SAP AMERICA, INC. AND SAP AG, TO NOTICE OF DEPOSITION PURSUANT TO FED.R.CIV.P. 30(b)(6)

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants, SAP America, Inc. and SAP AG, (collectively "SAP"), by and through their undersigned attorneys, hereby submit the following Responses and Objections to Plaintiff, Hodell-Natco Industries, Inc.'s ("Plaintiff"), Notice of Deposition as follows.

### RESPONSES AND OBJECTIONS TO TOPICS OF TESTIMONY

**Topic Number 1:** Communications by and between Hodell and SAP relating to Hodell's purchase and implementation of the software.

**Response:** SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 2:** Communications by and between LSi and SAP relating to Hodell's purchase and implementation of the Software.

**Response:** SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 3:**   Communications by and between SAP and any third-parties relating to Hodell's purchase and implementation of the Software.

**Response:**   SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 4:**   SAP's acquisition of TopManage Financial Systems in or about March 2002 and the terms pertaining thereto.

**Response:**   Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. Even if construed narrowly, this topics seek information that is not relevant or material to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Indeed, and among other things, SAP's acquisition of a company in 2002, let alone the terms under which SAP acquired that company, has absolutely nothing to do with this case. SAP will not produce a witness in response to this topic.

**Topic Number 5:**   SAP's efforts to test the Software with respect to the following:

1. The Software's capability to accommodate multiple simultaneous users and any limitations pertaining thereto;

2. The Software's capability to accommodate data entry load and any limitations pertaining thereto;

3. Any limitations on the ability of the Software to accommodate multiple users, transaction volume, data size, and response times.

4. Any limitations on the ability and/or architecture of the Software to accommodate multiple locations over the internet under the conditions addressed in Item 5(3) above.

**Response:**   Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. For example, it is unknown to SAP what is meant by "efforts to test the Software," and this potentially requests that SAP offer testimony concerning each and every aspect and detail of any testing performed at any time, without limitation. Even if construed narrowly, this topic seeks information that is not relevant or material to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection, SAP intends to produce Paul Killingsworth as its witness in response to this topic. However, given the potential breadth and scope of this topic, such

testimony will be limited to the results of testing shown in the documents produced by SAP.

**Topic Number 6:** SAP's determination of the Software customer "sweet spot" as referenced in SAP's internal communications.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. For example, it is unknown to SAP what is meant by "determination of" the sweet spot, and this potentially requests that SAP offer testimony concerning each and every aspect and detail of the sweet spot. Without waiver of this objection, SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 7:** The use of SAP "channel partners" to market and sell the Software, and SAP's monitoring and supervision of its "channel partners."

**Response:** SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 8:** Failed installations of the Software at other locations due to user capacity, transaction volume, or data size.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. Even if construed narrowly, this topics seek information that is not relevant or material to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Indeed, and among other things, whether the Software was part of a "failed installation" for another customer is not relevant in this case, where Hodell had a unique implementation of the Software performed by LSI, including, among other things, the development and use of a brand new add on. SAP will not produce a witness in response to this topic.

**Topic Number 9:** Warranty and/or product claims relating to the SAP Business One software.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. Even if construed narrowly, this topics seek information that is not relevant or material to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Indeed, and among other things, whether other licensees of Business One have made warranty claims is not relevant to Hodell's claims where Hodell had a unique implementation of the Software performed by LSI, including, among other things, the development and use of a brand new add on. SAP will not produce a witness in response to this topic.

**Topic Number 10:** Litigation relating to SAP Business One software.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. Even if construed narrowly, this topics seek information that is not relevant or material to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Indeed, and among other things, whether SAP has been involved in other litigation relating to Business One is not relevant to Hodell's claims where Hodell had a unique implementation of the Software performed by LSI, including, among other things, the development and use of a brand new add on. SAP will not produce a witness in response to this topic.

**Topic Number 11:** SAP public representations regarding the Software's user capacity between 2003 and 2009.

**Response:** SAP intends to produce Paul Killingsworth as its witness in response to this topic. However, given the potential breadth and scope of this topic and the fact that Business One is sold in many countries around the world, Mr. Killingsworth's testimony will be limited to the facts already in his personal knowledge and to documents produced in this litigation.

**Topic Number 12:** Marketing and advertising of the SAP Business One software.

**Response:** SAP intends to produce Paul Killingsworth as its witness in response to this topic. However, given the potential breadth and scope of this topic and the fact that Business One is sold in many countries around the world, Mr. Killingsworth's testimony will be limited to the facts already in his personal knowledge and to documents produced in this litigation.

**Topic Number 13:** Product life of the SAP Business One software.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. For example, it is not known what Hodell means by the term "product life." Assuming Hodell means the expected usable life of Business One and that Hodell is seeking general, non-technical information, without waiver of this objection, SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 14:** Sales and profitability of the SAP Business One software.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. Even if construed narrowly, this topics seek information that is not relevant or material to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Indeed, and among other things, the overall sales and profitability have nothing at all to do with Hodell's claims, because, among other things, it is undisputed that Business One is a continuing, viable business software solution, and that Hodell ran its business operations on this solution. Without waiver of this objection, and assuming Hodell is seeking general information, SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 15:** Development plans for the SAP Business One software.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. For instance, it is unknown to SAP what Hodell means by "development plans." Even if construed narrowly, this topics seek information that is not relevant or material to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection, and assuming this topic relates to SAP's overall, general plans for Business One as a continuing product offering by SAP, SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 16:** Software versioning of the SAP Business One software, including, but not limited to the nature and character of changes therein and the release dates and history therof.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. For instance, the topic of software versioning could entail highly specific, technical details that have little, if anything, to do with the issues in this case. Moreover, even construed narrowly, this topic seek other information that is not relevant or material to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection, and assuming this topic seek general, non-technical information about Business One, SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 17:** SAP internal communications and knowledge regarding difficulties or challenges that Hodell would encounter, or did encounter, using the Software.

**Response:** Objection. This topic is ambiguous and wrongly supposes that SAP knew that Hodell would "encounter" "difficulties or challenges" using the Software. Without waiver of this objection, and to the extent this topic seeks testimony concerning SAP's communications regarding Hodell, SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 18:** SAP internal communications and knowledge referring or relating to the Software's capabilities with respect to number of users, transaction volume, data volume, and number of locations connecting over the internet.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. For instance, the topic of the Software's capabilities based on multiple variables could entail highly specific, technical details that have little, if anything, to do with the issues in this case. Moreover, even construed narrowly, this topic seek other information that is not relevant or material to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection, and assuming this topic seek general, non-technical information about Business One, SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 19:** SAP internal communications relating to the Software DI-API limitations with major add-on packages and the resulted modifications needed to foster throughout and speed of response. This would include SAP's decision not to proceed with such modifications and the resulting implications for Hodell's continued use of the Software.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. For instance, the topic of the Software's DI-API could entail highly specific, technical details that have little, if anything, to do with the issues in this case. Moreover, even construed narrowly, this topic seek other information that is not relevant or material to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection, and assuming this topic seek general, non-technical information about Business One, SAP intends to produce Paul Killingsworth as its witness in response to this topic.

**Topic Number 20:** Budget allocations relating to the development, marketing, and support of SAP Business One from 2004 through the present.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. For instance, it is unknown to SAP what Hodell means by "budget allocations." Moreover, it appears designed to harass SAP and is not for a proper discovery purpose. Indeed, to the extent this seeks information concerning the amount of funding SAP has devoted to Business One with respect to marketing, development, and support, Hodell has made absolutely no showing that this information is relevant or material to this case, and this is not a subject addressed in Hodell's amended complaint. In short, there is no tangential relevance between this topic and any issue in this case. And, in any event, it is undisputed that Business One was, and is, a fully supported product offered by SAP. SAP will not produce a witness in response to this topic.

**Topic Number 21:** The development, ramp-up, and deployment of SAP's Business by Design and A1 products.

**Response:** Objection. This topic is vastly overbroad, unduly burdensome, and ambiguous. Moreover, it appears designed to harass SAP and is not for a proper discovery purpose. For instance, Hodell ostensibly seeks testimony concerning all of the details of SAP's "development" of two unrelated ERP products that were not licensed by Hodell and which are not at issue. Moreover, as Hodell obviously realizes, the "development" of an ERP product is a hugely expansive endeavor involving many individuals, topics, and details, none of which is even remotely relevant or material in this case. Hodell, of course, has made no effort to suggest why it needs any information concerning the "development" of other SAP products, let alone why it requires testimony about the "ramp-up" and "deployment" of these other products. On its face, this topic has no rational relationship to this litigation and is obviously included to simply harass SAP. SAP will not produce a witness in response to this topic.

By: /s/ Gregory J. Star
Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square
Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

Attorneys for Defendants,
SAP America, Inc. and SAP AG

Hugh E. McKay, Esq. (0023017)
Leo M. Spellacy, Jr., Esq. (0067304)
Charles W. Zepp., Esq. (0068129)
PORTER WRIGHT MORRIS &
ARTHUR LLP
925 Euclid Avenue, Suite 1700
Cleveland, OH 44115-1483
(216) 443-9000 / Fax (216) 443-9011
lspellacy@porterwright.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July 2012 a copy of the foregoing was served by e-mail and by first class mail, postage pre-paid, upon the following:

P. Wesley Lambert, Esq.
Koehler Neal LLC
3330 Erieview Tower
1301 East Ninth Street
Cleveland, OH 44114
*Attorney for Plaintiff Hodell-Natco Industries, Inc.*

Roy A. Hulme
Reminger & Reminger
1400 Midland Bldg.
101 Prospect Avenue, W
Cleveland, OH 44115
216-430-2135
Fax: 216-687-1841
rhulme@reminger.com
*Attorney for Defendants LSI-Lowery Systems, Inc. and The IBI Group, Inc.*

/Gregory J. Star/
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square
Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

Attorneys for Defendants,
SAP America, Inc. and SAP AG

PHLIT/ 1706249.2