

3330 Erieview Tower
1301 East Ninth Street, Cleveland, Ohio 44114
Tel: 216.539.9370, Fax: 216.916.4369
www.KoehlerNeal.com

August 22, 2012

**Via Facsimile and ECF**
The Honorable Greg White
United States Magistrate Judge
Carl B. Stokes United States Courthouse
801 West Superior Avenue, Courtroom 11B
Cleveland, Ohio 44113-1845

      Re:    *Hodell-Natco Industries, Inc. v. SAP America, Inc., et al.*
             **USDC Northern District of Ohio**
             **Case No. 1:08-cv-02755**

Dear Magistrate Judge White:

      This correspondence is submitted by Hodell-Natco Industries, Inc. specifically to respond to the letter submitted by counsel for SAP America, Inc. and SAP A.G. (collectively "SAP") in which SAP alleges that Hodell has somehow been dilatory in bringing the present discovery disputes to the Court's attention. As set forth below, each of the discovery issues raised by Hodell have been brought to the Court in a timely fashion, and to the extent there is any purported non-compliance with Local Rule 37.1, SAP should be estopped from relying upon that Local Rule by virtue of its repeated bad-faith discovery conduct in this litigation.

      **1.**    **Hodell's Issues with SAP's Document Productions Were Timely Raised**

      On May 2, 2012, this Court presided over a discovery conference hearing pursuant to a Motion to Compel filed by Hodell on February 24, 2012 (ECF #75). As part of that hearing, the parties reported that counsel for SAP had agreed to conduct additional searches for documents in response to 1, 2, 3, 4, 6, 8, 9, 10, 13, 14, 18, 19, 21, and 22. Additionally, this Court brokered what appeared to be an amicable resolution to the remaining discovery issues pertaining to First Document Request No. 14 and Second Document Request Nos. 5, 15, 17, and 18. See Minutes of May 2, 2012 Hearing (ECF #88).

      Pursuant to repeated assurances from Mr. Star and other counsel for SAP, Hodell awaited SAP's promised supplemental production. Pursuant to a second status conference presided over by this Court on June 15, 2012, SAP again represented to the undersigned, and to this Court, that its supplemental production would be completed shortly. Based upon SAP's representations, and the direction provided by this Court, Hodell agreed to refrain from re-filing its Motion to Compel until it had an opportunity to review SAP's supplemental production. See Minutes of June 15, 2012 Hearing (ECF #91).

      Unfortunately, despite SAP's representations, its purported "supplemental production" was not deemed complete until August 2, 2012, when it produced approximately 10,000 pages of

Honorable Greg White
August 22, 2012
Page 2

documents to Hodell. The correspondence included within this email stated: "This correspondence completes SAP's document production in this matter." Counsel for Hodell diligently reviewed the material produced by SAP. Hodell then reached out to this Court immediately upon learning that SAP had not fulfilled its promise to search for and produce relevant materials. Thus, SAP's contention that Hodell's correspondence on this issue is untimely is misplaced.

    2.    **Hodell Timely Raised Issues With SAP's Failure to Produce a Prepared 30(b)(6) Witness on Topics Duly Noticed by Hodell**

SAP further attempts to hide behind Local Rule 37.1 to excuse its blatant failure to produce a witness competent to testify on matters duly noticed pursuant to Hodell's Notice of Deposition. SAP fails to explain how Hodell's attempt to raise these issues could possibly be considered untimely when Mr. Killingsworth's deposition remains open. Specifically, all parties agreed that because Mr. Killingsworth's deposition had not been concluded, the parties would conclude his testimony on a mutually-agreeable date and time. Thus far, SAP has not provided any dates to reschedule the deposition. Thus, the purported "discovery deadline" has not expired, as discovery remains open. The parties have expressly agreed to conduct discovery beyond that deadline and counsel for Hodell withheld filing any discovery-related motions in reliance upon SAP's representations that depositions would continue into the month of August.

    3.    **Hodell Timely Raised Issues with SAP's Failure to Respond to Hodell's Third Requests for Documents and Second Requests for Admission, and Waived Any Objections Related Thereto**

SAP contends that it was under no obligation to respond to discovery requests duly served on June 29, 2012, and that Hodell should have filed a motion to compel with respect to those requests no later than July 9, 2012. As counsel for SA's Co-Defendant, LSi-Lowery Systems, Inc., will agree, the June 29, 2012 was intended to serve as the deadline for the service of written discovery – not the cutoff for responding to discovery (which, if was the case, SAP repeatedly violated). Rather than stake out its position upon being served with this discovery, SAP waited a full thirty-three (33) days to respond, merely stating that it would not comply with the requests. On August 3, 2012, pursuant to Local Rule 37.1, Hodell corresponded to counsel for SAP to attempt to resolve the discovery dispute and gave SAP until August 10, 2012 to serve its responses. See attached Exhibit A. SAP failed to either: (1) respond to Hodell's letter; and/or (2) serve its discovery responses.

Thus, Hodell's correspondence on this issue was timely sent, as Hodell complied with Local Rule 37.1 within the time provided, and submitted this instant correspondence to the Court immediately upon SAP's failure to comply. Moreover, because SAP wholly failed to respond to

Honorable Lesley Wells
August 22, 2012
Page 3


the duly-served requests, it has waived any objections thereto and should be ordered to respond fully and completely to each request.

Respectfully submitted,

/s/ Wesley L.

Wesley Lambert
*Counsel for Plaintiff Hodell-Natco Industries, Inc.*

cc:    Gregory Star
        Roy Hulme

Exhibit A



August 3, 2012

**VIA EMAIL AND FEDERAL EXPRESS**
Mr. Gregory J. Star, Esq.
Drinker, Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, Pennsylvania 19103-6996

      Re: *Hodell-Natco Industries, Inc. v. SAP America, Inc. et al.,*
         Northern District of Ohio Case No. 1:08 CV 2755

Dear Greg:

  This letter is in response to Macavan Baird's letter, and your email dated August 1, 2012, regarding Defendants' failure to respond to Plaintiff's outstanding discovery demands. In that correspondence Defendants asserted that they are not obligated to respond to Plaintiff's Third Request for the Production of Documents and Second Set of Requests for Admissions served on June 29, 2012 because those demands were not timely.

  I am writing in an attempt to resolve this issue and to assert Plaintiff's position that the Case Management Order set June 29, 2012 as the deadline for the exchange and service of written discovery, rather than for receipt of all discovery responses. Plaintiff, therefore, asserts that service of these demands on Defendants was timely, and that Defendants have waived their right to object to these demands by failing to object or otherwise respond in a timely manner. Plaintiff further notes that Defendants' actions are inconsistent with their position, as your office served Plaintiff with a 30(b)(6) notice containing written document demands on June 29, 2012.

  Therefore, unless we receive Defendants' responses to these demands by August 10, 2012, we will be raising this issue with the Court.

                Very truly yours,

                Laura A. Myers

Cc: R. Hulme