UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) ) ) | CASE NO. 1:08 CV 2755 |
| | ) | JUDGE: LESLEY WELLS |
| Plaintiff, | ) ) | MAGISTRATE JUDGE: GREG WHITE |
| | ) ) | |
| -vs.- | ) ) ) | |
| SAP AMERICA, INC., et al. | ) ) | |

Defendants.

---

RESPONSES TO PLAINTIFF HODELL-NATCO INDUSTRIES, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION SUBMITTED TO DEFENDANT
THE IBIS GROUP, INC.

---

Plaintiff Hodell-Natco Industries, Inc., by and through undersigned counsel pursuant to Fed. R. Civ. P. 26 and 34, submits the following First Set of Interrogatories and Requests for Admission to Defendant The IBIS Group, Inc. ("IBIS"). Defendant IBIS is instructed to answer these Discovery Requests within thirty (30) days of service. All responses shall be served upon plaintiff's counsel P. Wesley Lambert at Buckley King, LPA, 1400 Fifth Third Center, 600 Superior Avenue, East, Cleveland, Ohio 44114.

## INSTRUCTIONS

1.    Scope of Discovery. These discovery requests are directed to LSi and cover all information in its possession, custody, and control, including information in the possession of its agents, servants, representatives, attorneys, or other persons directly or indirectly acting on its behalf or otherwise subject to its control.

2.    Identification of Documents. Whenever there is a request in the following document requests to identify a document, state:

    a.    The type of document (e.g., letter, memorandum, contract, report, accounting records, etc.);
    b.    Its title;
    c.    Its addressee and all other persons receiving copies;
    d.    Its author and signatory;
    e.    Its date;
    f.    Its content;
    g.    Its custodian; and
    h.    Its present or last known location.

3.    Unavailable Documents. If any document requested is no longer in the possession, custody, or control of, or is otherwise unavailable to LSi state:

    a.    The date of such document;
    b.    What was done with the document
    c.    The name and address of the person who made the decision to transfer or dispose of the document;
    e.    The reasons for the transfer or disposition; and
    f.    The name and address of the current custodian of the document.

4.    Deletions from Documents. Where anything has been deleted from a document produced in response to a production request:

    a.    Specify the nature of the material deleted;
    b.    Specify the reason for the deletion; and
    c.    Identify the person responsible for the deletion.

5.    Incomplete Response. If any discovery request cannot be answered fully, as full an answer as possible should be provided. State the reason for the inability to answer fully, and give any information, knowledge, or belief which LSi has regarding the unanswered portion.

6.    Claim of Privilege. Should LSi believe that any information or documents requested by any of the following requests for production is privileged, please state the privilege asserted, and state the facts giving rise to such privilege. In the case of

documents, identify the document by number, date, author, addressee, recipients of copies, and the general nature of the document.

    i.    In addition, with respect to matters withheld based upon a claim of privilege, provide the following as to each matter withheld:

        a.    The identify of the person(s) having knowledge of the information;

        b.    The identity of all persons to whom the information was communicated or otherwise made available;

        c.    The job title or position of every person identified in response to subparagraphs 1 and 2;

        d.    The date(s) on which the information was received or became known by each person having knowledge of its existence;

        e.    A brief description of the nature and subject matter of the information; and

        f.    The statute, rule, or decision that is claimed to give rise to the privilege.

7.    <u>Objections</u>. If objection is made to a discovery request, or any portion thereof, the discovery request or portion thereof shall be specified and, as to each, all reasons for objections shall be stated fully by the responding party.

8.    <u>Singular/Plural</u>. Words used in the plural shall also be taken to mean and include the singular. Words used in the singular shall also be taken to mean and include the plural.

9.    <u>"And" and "Or"</u>. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

DEFINITIONS

1.    "Agreement" means any legally enforceable understanding between two or more parties by which the parties exchange promises and assume certain obligations. "Agreement" shall include oral and written agreements.

    2.    "Define," when used with reference to a phrase or term, means
        (1)    State the meaning of the phrase or term; and
        (2)    Identify each person known by LSi to have personal knowledge regarding the meaning of such phrase or term on whose testimony LSi presently intends to rely.

3. "Describe," "describe with specificity," "describe with particularity," or "state in detail" means to explain fully by reference to underlying facts and to the application of law to fact.

4. "Document" means all writings of any kind including, without limitation, any written, recorded, or graphic matter, whether produced, reproduced, or stored on paper, cards, tapes, film, electronic facsimile, computer storage devices, videotapes, or any other medium, now or at any time in LSi's possession, control or custody. It includes, without limitation, papers, books, letters, photographs, objects, tangible things, telegrams, cables, telex messages, memoranda, notes, notations, work papers, work records, transcripts, minutes of meetings, reports and records of telephone and other conversations, and of interviews, conferences, and other meetings, depositions, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, presentations, estimates, proposals, budgets, data, projections, press releases, charts, diagrams, schedules, specifications, maps, flow sheets, certifications, organizational charts, contracts, agreements, leases, journals, diaries, personal and business files, statistical records, governmental filings, articles of incorporation, by-laws, regulations, corporate books, stock ledgers, proxies, prospectives, portfolios, invoices, billing records, checks, remittance advices, receipts, ledgers, accounts, tax returns, audited and unaudited financial statements, balance sheets, statements of financial worth, logs, desk calendars, appointment books, lists, tabulations, sound records, computer printouts, programs and other matter, data processing input and output, microfilms, all other papers and records kept by computer, electronic, photographic, mechanical or other means, things similar to the foregoing, however denominated, and all originals, copies and drafts, whether identical or conforming or not, with or without notes, changes, or annotations therein or thereon.

Without limitation of the term "control" as used above, a document shall be deemed to be in LSi's control if such document is in LSi's possession or custody or LSi has the right to secure the document from another individual, company, or public or private entity having possession or control over such document.

5. "Employee" means any director, trustee, officer, agent, employee, servant, representative or attorney of the designated entity, whether active or retired, full-time or part-time, current or former, or salaried or compensated or not.

6. "Entity" means any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

7. "Individual" means a human being unless LSi cannot identify such individual by name. In such case, "individual" shall mean the entity that such unidentified individual was employed by or engaged by or associated with.

8. "Meeting" means any assembly, congregation, encounter or conversation between or among two or more persons for any purpose, whether planned, arranged or

scheduled in advance. "Meeting" includes, without limitation, all oral communications between two or more individuals.

9. "Relate" or "Relating" means constituting, evidencing, reflecting, respecting, discussing, referring to, stating, describing, recording, noting, considering, embodying, evaluating, analyzing, mentioning, containing, studying or relevant to, or any other term synonymous with or similar to the foregoing.

10. "Representative" means consultant, expert, attorney, or other individual or entity who has been engaged by the designated entity to perform some task for the entity.

11. "Review" means any reading of a document or any part thereof, or any reference to such document or part thereof, irrespective of the level or intensity of such reading or reference.

12. "Identify," when used in reference to an individual, shall mean to state his/her full name, employer, job title, home and business address (or last known address), and his/her home and business phone number.

13. "The Software" means the SAP Business One software that is the subject of Plaintiff's First Amended Complaint.

14. The "Development Agreement" shall mean the contract attached as Exhibit D to Plaintiff's First Amended Complaint.

15. The "License Agreement" shall mean the document attached as Exhibit G to Plaintiff's First Amended Complaint.

16. "SAP" shall mean collectively the Defendants SAP America, Inc. and SAP AG.

17. "LSi" shall mean the Defendant LSi-Lowery Systems, Inc.

18. "IBIS" shall mean the Defendant IBIS Group, Inc.

5

OBJECTION

Defendant objects to the four pages of "instructions" and "definitions" to the extent they expand upon obligations set forth in the State or Federal Rules of Civil procedure. There is no representation that these responses are in accordance with those "instructions" and "definitions" or that they have even been read by defense counsel.

_____
ROY A. HULME

INTERROGATORIES AND REQUESTS FOR ADMISSION

INTERROGATORY NO. 1:

Please state the name, business address, employer, and job title of all persons furnishing information in response to Plaintiff's First Set of Interrogatories and Requests for Admission and Plaintiff's First Document Requests to Defendant.

ANSWER: Dan Lowery, President, LSi-Lowery Systems Inc.

INTERROGATORY NO. 2:

Please state the date on which IBIS first became a "channel partner" of SAP or SAP AG for the Software.

ANSWER: March 2004

INTERROGATORY NO. 3:

Please identify the location of any computers, hard drives, or other data storage devices which contain information relating to the First Amended Complaint or any responsive pleadings thereto.

ANSWER: St. Louis

6

REQUEST FOR ADMISSION NO. 1:

Admit that IBIS was a party to the Development Agreement attached as Exhibit D to the First Amended Complaint.

ANSWER: Admit

INTERROGATORY NO. 4:

If your answer to Request for Admission No. 1 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: N/A

REQUEST FOR ADMISSION NO. 2:

Admit that IBIS was authorized by SAP America, Inc. and SAP AG (collectively "SAP") to bind SAP as a party to the Development Agreement.

ANSWER: Admit as to the SAP software and representations of its capabilities.

INTERROGATORY NO. 5:

If your answer to Request for Admission No. 2 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: The In-Flight Enterprise Software was an IBIS product.

REQUEST FOR ADMISSION NO. 3:

Admit that, prior to December 2004, IBIS was aware that the Software could not support the number of users required by Plaintiff.

ANSWER: Deny.

7

INTERROGATORY NO. 6:

If your answer to Request for Admission No. 3 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: Not a true statement – in fact SAP represented the contrary.

REQUEST FOR ADMISSION NO. 4:

Admit that, prior to December 2005, IBIS was aware that the Software could not support the number of users required by Plaintiff.

ANSWER: Deny.

INTERROGATORY NO. 7:

If your answer to Request for Admission No. 4 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: Not a true statement – in fact SAP represented the contrary.

REQUEST FOR ADMISSION NO. 5:

Please admit that the Development Agreement, Purchase Order, and Invoice (attached as Exhibits E and F to the First Amended Complaint) were the only contract documents evidencing Plaintiff's initial purchase of 80 Software user licenses in December 2004.

ANSWER: Admit, as between us and Plaintiff.

8

INTERROGATORY NO. 8:

If your answer to Request for Admission No. 5 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: There were other documents between Plaintiff and SAP.

REQUEST FOR ADMISSION NO. 6:

Admit that IBIS was aware that Plaintiff was relying upon IBIS's knowledge and expertise in selecting a software program to fit its business needs.

ANSWER: Deny.

INTERROGATORY NO. 9:

If your answer to Request for Admission No. 6 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: Not a true statement. Plaintiff independently was dealing with and reviewing SAP information, and had its own internal IP people evaluating the SAP products.

REQUEST FOR ADMISSION NO. 7:

Admit that IBIS was aware that Plaintiff required the Software to be capable of supporting up to 300 users during its useful life.

ANSWER: Deny.

INTERROGATORY NO. 10:

9

If your answer to Request for Admission No. 7 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: The number was 125.

REQUEST FOR ADMISSION NO. 8:

Admit that IBIS represented to Plaintiff that the Software was capable of supporting the number of users required by Plaintiff during the Software's useful life.

ANSWER: Admit that the representations made by SAP of this were communicated to Plaintiff.

INTERROGATORY NO. 11:

If your answer to Request for Admission No. 8 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: N/A

REQUEST FOR ADMISSION NO. 9:

Admit that, at no time during IBIS's involvement in marketing and selling the Software, was the software capable of supporting the number of users required by Plaintiff.

ANSWER: Admit the SAP software was not capable.

INTERROGATORY NO. 12:

10

If your answer to Request for Admission No. 9 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: The In-Flight software and One Beacon were capable.

INTERROGATORY NO. 13:

Please identify the IBIS employee(s) or former employee(s) most knowledgeable about the Software, and IBIS's involvement in the marketing and sale of the Software to Plaintiff.

ANSWER: Dale Van Leeuwen
Joe Guagenti
John Woodrum

INTERROGATORY NO. 14:

Please identify the IBIS employee(s) most knowledgeable about IBIS's relationship with SAP.

ANSWER: Dale Van Leeuwen
Joe Guagenti

INTERROGATORY NO. 15:

Please identify all instances in which IBIS has been involved with the successful installation of the Software, and for each instance, identify:
       a. The name of the business in which it was installed
       b. The number of users for which it was installed
       c. The date(s) the Software was installed

ANSWER: A.- Montana Tractor-20 Users 2007
- DRI –Kansas City- 25 Users 2007
-

11

REQUEST FOR ADMISSION NO. 10:

Please admit that the installation failures identified in Paragraph 49 of Plaintiff's First Amended Complaint did in fact occur and were communicated to IBIS.

ANSWER: Deny

INTERROGATORY NO. 16:

If your answer to Request for Admission No. 10 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: We agree there were response time issues, but these were all due to SAP's DI-API which was a bottleneck in processing data.
All other issues were resolved during normal trouble shooting. Accurate "Issues Open Item" list were maintained and when LSi/IBIS last supported Hodell Natco, there were no open items on the list other than speed, which were all caused bySAP's DI_API.

REQUEST FOR ADMISSION NO. 11:

Please admit that the License Agreement was intended to apply only to Plaintiff's purchase of an additional 40 Software licenses in December 2005.

ANSWER: Admit.

INTERROGATORY NO. 17:

If your answer to Request for Admission No. 11 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: N/A

12

REQUEST FOR ADMISSION NO. 12:

Admit that IBIS was authorized to, and did in fact, make representations regarding the Software's qualities, characteristics and suitability for Plaintiff's business.

ANSWER: Admit.

INTERROGATORY NO. 18:

If your answer to Request for Admission No. 12 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: N/A

REQUEST FOR ADMISSION NO. 13:

Admit that Plaintiff's purchase of 40 additional licenses from IBIS in December 2005 was a separate and distinct transaction from the December 2004 purchase.

ANSWER: Admit.

INTERROGATORY NO. 19:

If your answer to Request for Admission No. 13 is anything other than an unqualified admission, please state all reasons therefore.

ANSWER: N/A

*[signature: Roy A. Hulme]*

ROY A. HULME (0001090)

Respectfully submitted,

_____
JAMES F. KOEHLER (0007904)
koehler@buckleyking.com
P. WESLEY LAMBERT (0076961)
lambert@buckleyking.com
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2652
(216) 363-1400
(216) 579-1020  (*facsimile*)

Attorneys for plaintiff

OF COUNSEL:

BUCKLEY KING LPA

## CERTIFICATE OF SERVICE

A copy of the foregoing Document Requests has been sent via regular United States mail, postage prepaid, this 23rd day of December, 2009, to the following:

Charles W. Zepp, Esq.  
Porter, Wright, Morris & Arthur  
1700 Huntington Bldg.  
925 Euclid Avenue  
Cleveland, OH 44115  

Roy A. Hulme, Esq.  
Reminger & Reminger  
1400 Midland Bldg.  
101 Prospect Avenue, W  
Cleveland, OH 44115  

*Attorney for Defendants SAP America, Inc. and SAP AG*

*Attorney for Defendants LSi-Lowery Systems, Inc. and The IBIS Group, Inc.*

_____  
P. WESLEY LAMBERT (0076961)

237814_1

CERTIFICATE OF SERVICE

The foregoing Responses to Plaintiff's First Set of Interrogatories and Request For Admissions were sent by ordinary U.S. Mail, postage prepaid and electronically on this 5th day of March, 2010 to:

P. WESLEY LAMBERT
Buckley King LPA
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2652
*Attorney for Plaintiff*

Charles W. Zepp, Esq.
Porter, Wright, Morris & Arthur
1700 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115
*Attorney for Defendants SAP America, Inc. and SAP AG*

ROY A. HULME (0001090)