UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE:  LESLEY WELLS |
| | ) | |
| -vs- | ) | **REPLY BRIEF IN SUPPORT** |
| | ) | **OF PLAINTIFF HODELL-NATCO** |
| SAP AMERICA, INC., et al. | ) | **INDUSTRIES, INC.'S MOTION FOR** |
| | ) | **JUDGMENT ON THE PLEADINGS, OR** |
| Defendants. | ) | **ALTERNATIVELY, FOR SUMMARY** |
| | ) | **JUDGMENT** |

Plaintiff Hodell-Natco Industries, Inc. ("Hodell") submits this Reply Brief in support of its Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment against LSi-Lowery Systems, Inc. and The IBIS Group, Inc. (collectively "LSi").  As described in depth in Hodell's original Motion, Hodell is entitled to a Judgment on the Pleadings or in the Alternative Summary Judgment on LSi/IBIS's Counterclaim, because there is no question of fact that LSi's installation and implementation of Business One and In Flight software (the "Software") was unsuccessful.

I.  ARGUMENT

    A.  <u>Hodell is Entitled to Judgment on the Pleadings</u>

In response to Hodell's arguments that LSi failed to adequately plead its counterclaim against Hodell, LSi directed the Court to Hodell's First Amended Complaint to provide the requisite detail supporting its counterclaim.  ECF # 132 at 3.  Hodell agrees with this approach and notes that, if the statements made in Hodell's First Amended Complaint are the only

allegations supporting its counterclaim, then Hodell is clearly entitled to Summary Judgment against LSi.

### B.      Hodell is Entitled to Summary Judgment

LSi has argued in its opposition to Hodell's Motion for Summary Judgment, that it: (1) performed all of the requirements of the Development Agreement it signed with Hodell, and (2) the performance of the Software was acceptable.  However, LSi failed to account for all of LSi's obligations under the Development Agreement, including that in order to receive its final payment of $60,000, the parties must agree there was a "successful implementation," of the Software.  Further, the overwhelming evidence in this case establishes that there was never a "successful implementation" of the Software.

#### 1.    LSi Was Entitled to Final Payment Only Upon Successful Installation of the Software

In its Opposition, LSi outlines the requirements for performance under the Development Agreement as:  (1) the delivery of 80 SAP Business One licenses, (2) the development of In-Flight Enterprise, and (3) unlimited licenses for In-Flight.  ECF #132, at 4-5.  This is not, however the full set of requirements for LSi's performance under the contract.

The Development Agreement states as its primary purpose:  "The development of The IBIS Group's (IBIS) In-Flight Enterprise application **and its integration into SAP Business One software**, for Hodell-Natco Industries, Inc. (Hodell Natco)."  The Development Agreement further provides that Hodell's down payment will be used "in the development effort of In-Flight Enterprise programs **and the respective integration of In-Flight Enterprise into SAP Business One software**."  ECF # 109, at Ex. A.  (emphasis added).  Thus, the Development Agreement, by its plain language, required LSi to successfully integrate the In Flight software

2

into Business One.[1] Further, the Development Agreement required that Hodell make the final payment of $60,000 to LSi, only upon the "successful implementation" of the software. *Id.* As discussed in Hodell's original motion, and further below, Hodell is not required to make this payment, because a successful implementation never occurred.

### 2. LSi's Installation of the Software was Unsuccessful

In *Wagner v. Anderson*, 2nd Dist. No. 2908, 1992 WL 302437 (Sept. 25, 1992)(attached as Exhibit D) the court found that in a commercial contract containing a satisfaction clause, the determination of the operative fitness of a good could be determined by "whether the performance would satisfy a reasonable person." *Id.* at *2. In the present case LSi is now arguing that the implementation of the Software was successful, and that Hodell's complaints regarding inadequate performance was somehow "not reasonable." ECF # 132 at 4-5. In support of this claim, LSi offers two sound bites of deposition testimony. The first is the testimony of former LSi's implementation manager, Jon Woodrum, who testified that *on one occasion* he observed the Software performing in an acceptable manner. *Id*. at 4. However, Mr. Woodrum later clarified that based on the performance that Hodell was experiencing, he thought it was appropriate for Hodell to move off of the software, and on to another system. Woodrum Depo. at 51:04-10.[2] LSi also offers testimony from SAP solution architect Edward Neveux, who similarly observed the Software performing in an acceptable manner, *on one occasion*. *Id.* However, during his deposition Mr. Neveux acknowledged that it was not his role to determine whether the overall performance of the software was acceptable, and had no opinion on the ultimate issue. Neveux Depo. at 69:02-22. Mr. Neveux further testified that Ralf Mehnert-

---

[1] Hodell has alleged that LSi breached this requirement of the Development Agreement, and has provided evidence in support of this claim in its Opposition to LSi's Motion for Summary Judgment. ECF # 158 at 31-35.
[2] Cited portions of Mr. Woodrum's transcript are attached as Exhibit A.

3

Meland concluded that the Software would never work for Hodell, and that Mr. Mehnert-Meland was qualified to make this determination. Neveux Depo. at 82:03-20.

Further, the evidence provided by LSi, which relates merely to isolated incidences where the Software performed for limited time periods, does not begin to refute the extensive evidence that the implementation of the Software *overall* was an "abject failure" that the performance issues were "never fixed." Lowery Depo. at 267, 835.[3] For example, in addition to testifying that the implementation of the Software at Hodell was an "abject failure," LSi's owner, Daniel Lowery testified that the integrated software did not meet a reasonable person standard when he concluded during his deposition: "You couldn't run your business on it." Lowery Depo. at 704:10-704:22.

Finally, in addition to the parties' conclusion that the Software was a "failure" due to performance, LSi's programmer and employee, Joseph Guagenti acknowledged that as late as 2008, key functionality for LSi's In Flight had not been coded and delivered to Hodell. Guagenti Depo. at 63-64.[4] Further, Mr. Guagenti acknowledged that LSi ultimately abandoned the In Flight solution, and pulled all support for the solution from Hodell. Guagenti Depo. at 59-60. Because the evidence in this case clearly reveals that a reasonable person would conclude that LSi's implementation of the Software was never successful, Hodell is entitled to Summary Judgment on LSi's counterclaim.

## II. CONCLUSION

Based upon the foregoing, plaintiff Hodell-Natco Industries, Inc. requests summary judgment in its favor on the LSi Defendants' Counterclaim.

---

[3] Cited portions of Mr. Lowery's transcript are attached as Exhibit B.
[4] Cited portions of Mr. Guagenti's transcript are attached as Exhibit C.

Respectfully submitted,

*/s/ P. Wesley Lambert*
JAMES F. KOEHLER (0007904)
jkoehler@koehlerneal.com
P. WESLEY LAMBERT (0076961)
wlambert@koehlerneal.com
KOEHLER NEAL LLC
3330 Erieview Tower, 1301 East 9th Street
Cleveland, Ohio  44114
(216) 539-9370
(216) 916-4369   (*facsimile*)
*Attorneys for Hodell-Natco Industries, Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

Pursuant to Local Rule 7.1(f), the undersigned hereby certifies that this Reply complies with the page limitation for Standard Track cases.

*/s/ P. Wesley Lambert*
P. WESLEY LAMBERT (0076961)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of October, 2012, a copy of the foregoing was filed electronically.  Parties may access this filing through the Court's electronic filing system.

*/s/ P. Wesley Lambert*
P. WESLEY LAMBERT (0076961)