1992 WL 302437
Only the Westlaw citation is currently available.

CHECK OHIO SUPREME COURT RULES FOR REPORTING
OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Second District, Clark County.

James Les WAGNER, Plaintiff-Appellant,

v.

James H. ANDERSON, et al., Defendant-Appellees.

2908.    |    Sept. 25, 1992.

**Attorneys and Law Firms**

Joseph N. Monnin, Springfield, for plaintiff-appellant.

John R. Butz, Springfield, for defendant-appellees.

**Opinion**

**OPINION**

GRADY, Judge.

 *1  Plaintiff James Les Wagner appeals from a summary judgment dismissing his complaint for breach of contract. He argues that the trial court erred in applying a subjective test to determine the fulfillment of a "satisfaction" clause in the contract. We find that, on the facts before the court, an objective test was required, and that applying that test there remains a genuine issue of material fact concerning whether Defendant was excused from performing on the contract by the operation of that clause. Therefore, we will reverse the judgment of the trial court and remand for further proceedings.

**I**

At some time in the summer of 1990, James Les Wagner cast the winning bid at a sheriff's sale in Logan County, Ohio, to purchase commercial real property in foreclosure. Subsequently, Wagner learned that he could not obtain financing to complete the deal. In order to cover his losses, on November 12, 1990, Wagner entered a written agreement with P.A.L. Investments, Inc., which agreed to pay Wagner $150,000 for his right to purchase the property. The contract called for closing on or before November 30, 1990. The contract, which was drawn by the corporate secretary of P.A.L. Investments, Inc., James H. Anderson, provided that the purchasers agreement was "subject to satisfactory loan commitment."

Closing date passed without performance by the purchasers. Wagner was unable to make good on his bid offer, which he intended to do with the cash produced by his sale to P.A.L. Investments, Inc. Subsequently, Wagner learned that the proper corporate name was P.A.L. Properties, Inc., and that the four principals in that organization were Anderson, Jim Linkhart, Andrew J. Pike, and Thomas V. Linkhart.

Wagner filed his complaint alleging breach of contract and for misrepresentation in respect to the identity of the corporation. Defendants answered, denying the allegations and presenting several affirmative defenses. Thereafter, Defendants filed their motion for summary judgment. They argued that the wrong corporate name was inadvertently used on the contract and, in any

case, that **Wagner's** claims were barred by the satisfaction clause in the contract. The motion was supported by an affidavit of **Anderson**, which stated, in part:

> I personally drafted the document attached to the complaint as Exhibit B (a copy is also attached to this affidavit). The offer was specifically "subject to *satisfactory loan commitment* ". these words in the agreement were my words and I specifically underlined them in the agreement to highlight their importance. Jim Linkhart and I discussed financing with Farmers Bank, Society Bank and Colonial Federal and we were not able to find terms satisfactory to us. Either the downpayment, interest rate or term was not satisfactory to us. Either the downpayment, interest rate or term was not satisfactory. At Colonial Federal, at first were (we) were told that a suitable loan would be no problem. Later we were told that the board of directors wanted no part of another loan on this property. The closing was to take place on November 20, 1990 (or no later than 10 days thereafter). Jim Linkhart and I advised the Plaintiff we could not get a satisfactory loan commitment and after November 30, 1990, there was no longer an agreement. The agreement expired by its terms.

 **\*2**  Plaintiff **Wagner** filed a motion contra summary judgment, attaching three affidavits pertaining to the same matters. The affidavits state, *inter alia,* that Defendant **Anderson** admitted that he could not get the four principals together at a bank to seek financing and that no formal loan application had been made by them. **Wagner's** affidavit states that he had not been advised by the Defendants that they could not obtain satisfactory financing.

On January 27, 1992, the trial court entered summary judgment dismissing Plaintiff's complaint upon a finding that the condition set up by the "satisfaction" clause in the contract was not met and that the contract expired after the passage of the date for closing. Plaintiff **Wagner** filed a timely notice of appeal on February 4, 1992, and now presents a single assignment of error.

## II

Plaintiff-Appellant's assignment of error states:

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS ON ALL THREE COUNTS WHEN THERE WAS A GENUINE ISSUE OF FACT AS TO EACH COUNT OF THE PLAINTIFF'S COMPLAINT.

In addition to the breach of contract alleged in count one of the complaint, counts two and three allege intentional misrepresentation by the Defendants of the identity of their corporation. Though the trial court did not discuss the misrepresentation claim, nevertheless, the order of the trial court encompasses all claims for relief. Our inquiry must be whether the record before the trial court supported its judgment under the provisions of Civ.R. 56(C).

It is clear that the trial court found that, notwithstanding certain disputes of fact, the satisfaction clause permitted the Defendants to reject any financing opportunity not to their individual "satisfaction". The trial court thus followed a subjective standard in determining proof of satisfaction.

The issue central to this appeal was recently addressed in *Hutton v. Monograms Plus, Inc.* (January 31, 1992), Greene App. No. 91-CA-07, unreported:

Contract clauses which make the duty of performance of one of the parties conditional upon his satisfaction are generally referred to as "satisfaction clauses." These clauses have been divided by the courts into two categories, and have been interpreted in accordance with the category. *Mattei v. Hooper* (1958), 51 Cal.2d 119, 330 P.2d 625, 626.

Where the satisfaction clause requires satisfaction as to such matters as commercial value or quality, operative fitness, or mechanical utility, dissatisfaction cannot be claimed unreasonably. In these contracts, an objective standard is applied to the satisfaction clause and the test is whether the performance would satisfy a reasonable person. *Id.; Cranetex, Inc. v. Precision Crane & Rigging of Houston, Inc.* (1988), 760 S.W.2d 298, 301-302.

If, on the other hand, the satisfaction clause relates to matters involving fancy, personal taste, or judgment, then a subjective standard is applied, and the test is whether the party is actually satisfied. *Id.* Although application of a subjective standard to a satisfaction clause would seem to give the obligor virtually unlimited latitude to avoid his duty of performance, such is not the case. In these situations, courts impose the limitation that the obligor act in good faith. *Mattei, supra,* at 626. Thus, under the subjective standard, the promisor can avoid the contract as long as he is genuinely, albeit unreasonably, dissatisfied. Which standard applies in a given transaction is a matter of the actual or constructive intent of the parties, which, in turn, is a function of the express language of the contract, or the subject matter of the contract. *Kadner v. Shields* (1971), 97 Cal.Rptr. 742, 751-752.

**\*3** *Id.* at pages 7-8. We held in *Hutton* that, " * * * in the absence of express language to the contrary, or evidence of impracticability of application, an objective standard governs satisfaction clauses in contracts which involve commercial and financial matters." *Id.* at page 16.

In determining summary judgment or reviewing assignments of error, the trial and appellate courts used the same standard. Inferences to be drawn from the underlying facts must be viewed most favorably to the party opposing the motion, if, and when so viewed, reasonable minds can come to differing conclusions, the motion should be overruled. *Hounshell v. American States Insurance Co.* (1981), 67 Ohio St.2d 427. Before summary judgment may be granted, it must be determined that no genuine issue as to any material fact remains to be litigated, that the moving party is entitled to judgment as a matter of law, and that, viewing the evidence most strongly in favor of the party against whom the motion is made, it appears from the evidence that reasonable minds can come to but one conclusion, which is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

The contract between Plaintiff Wagner and the Defendants involve the financial aspects of a commercial transaction. The contract contains no express provision that a subjective standard will apply to the satisfaction clause. Therefore, the question is whether there is sufficient evidence that application of an objective standard is impracticable. This must be determined according to the standards of Civ.R. 56(C), by which summary judgment was granted.

Anderson asserted in his affidavit that the Defendants spoke with several financial institutions concerning a loan, but that either the Defendants were unable to obtain terms satisfactory to them or the institution declined to make a loan. Certainly, denial of a loan moots any issue of impracticability. However, Anderson's simple assertion that the Defendants could not obtain terms at other institutions which were satisfactory to them says nothing about the practicability of that alternative. Therefore, the evidence offered by Defendants in support of their motion fails to demonstrate that a subjective standard of satisfaction must apply. Further, that evidence fails to demonstrate that, under an objective standard, the financing available would not satisfy a reasonable person.

We find that the evidence presented by the Defendants in support of their motion for summary judgment, when construed most strongly in favor of the Plaintiff, does not necessarily permit a finding adverse to him. Reasonable minds may come to different conclusions. Therefore, the trial court erred in granting summary judgment.

The assignment of error is sustained.

### III

The judgment of the trial court will be reversed and the case will be remanded for further proceedings.

BROGAN and WOLFF, JJ., concur.

---

**End of Document**  © 2012 Thomson Reuters. No claim to original U.S. Government Works.