IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAP AMERICA, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:08 CV 2755<br><br>JUDGE WELLS |

**RESPONSE OF DEFENDANTS, SAP AMERICA, INC. AND SAP AG, IN
OPPOSITION TO PLAINTIFF, HODELL-NATCO, INC.'S, MOTION FOR LEAVE
TO FILE SURREPLY IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

SAP respectfully requests that the Court deny Hodell's motion for leave to file a surreply

[Doc. 166] in further opposition to SAP's motion for summary judgment.

**1.      Hodell seeks a second bite at the apple to respond to facts that are not**

**actually in dispute**.  SAP's motion was filed on August 31, 2012, and in it SAP set forth a very

clear statement of the undisputed material facts which entitle SAP to summary judgment.  For

each fact, SAP cited deposition testimony and/or documents produced during discovery.

Although Hodell's response was extended until October 12, 2012, giving Hodell an extra two

weeks to respond, Hodell failed to dispute SAP's statement of undisputed facts for the simple

reason that *such facts are not in dispute*.  Had Hodell actually disputed SAP's material facts,

Hodell should have made this clear in its initial response.  It did not, and there is no justification

for giving Hodell another chance to cloud the record and further delay the resolution of this case.

**2.  There are no factual inaccuracies in SAP's motion**.  Hodell's request for a surreply

is based on the false claim that "mischaracterizations of the factual record" are contained in

SAP's reply.  Hodell's Motion at 1.  Contrary to that claim, SAP's motion and reply are based

upon direct quotations from deposition testimony and documents, and (unlike Hodell did in its response) SAP does not re-write testimony to obscure the record.  Further, SAP has provided the Court with all testimony and documentation – the actual facts of this case – cited in its motion and reply brief.  Notably, Hodell fails to set forth even a single supposed factual mischaracterization in SAP's papers, and its unsupported accusation is not a basis to allow Hodell to now – more than two months after SAP's motion was filed – respond to SAP's statement of material facts and to attempt to create factual disputes that do not exist.

3.  **A surreply is not appropriate**.  Rule 56 required Hodell to address the facts set forth in SAP's motion that Hodell believed were in dispute.  *See* Fed. R. Civ. P. 56 (a) and (c). Moreover, "there is no provision under the Federal Rules of Civil Procedure or the Court's Local Rules that permit Plaintiff to file additional evidence or a surreply without leave of this Court *and a showing of good cause*."  *Uszak v. Yellow Transp., Inc.*, 2007 U.S. Dist. LEXIS 43663, at *2 (N.D. Ohio June 15, 2007) (emphasis added) (citing Local Rule 7.1(d) - (e)); *see also Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 846 F. Supp. 2d 805, 812-813 (S.D. Ohio 2012) (good cause exists when plaintiff seeks to address new arguments, new facts or new case law).

Beyond its unsupported claim of factual inaccuracies, Hodell's only argument is that it now wants to file a response to SAP's statement of material undisputed facts even though it should have done so with its initial response.  Having failed to dispute SAP's statement of facts, Hodell cannot establish a good faith basis for a further round of briefing.

In any event, if Hodell is permitted to file a surreply, then SAP should be given a further reply as the rules obviously provide that the movant should have the final word and Hodell has already displayed a willingness to distort the record.  SAP is confident that the actual undisputed facts in this case entitle it to summary judgment and that this case should be brought to a close.

WHEREFORE, SAP America, Inc. and SAP AG request that this Court enter an order denying Hodell's motion for leave to file a surreply [Doc. 166] in further opposition to SAP's summary judgment motion.

Respectfully submitted,

/s/ Gregory J. Star
Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757
*Attorneys for SAP America, Inc. and SAP AG*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of November 2012, a copy of the foregoing

Response in Opposition to Plaintiff's Motion for Leave to File was filed electronically.  Parties

may access this filing through the Court's electronic filing system.


/s/ Macavan A. Baird
Macavan A. Baird (admitted *pro hac vice*)