UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE: LESLEY WELLS |
| | ) | |
| -vs- | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

_____

PLAINTIFF HODELL-NATCO INDUSTRIES, INC.'S MOTION TO STRIKE THE SAP DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO PRECLUDE THE EXPERT REPORT AND OPINIONS OF G. WILLIAM KENNEDY
_____

Plaintiff Hodell-Natco Industries, Inc. ("Hodell"), through undersigned counsel, moves this Honorable Court for an Order striking the Reply Brief filed by Defendants SAP America, Inc. and SAP AG allegedly in "further support" of their Motion to Preclude the Expert Report and Opinions of Hodell's damages expert, G. William Kennedy [ECF #204]. For the reasons set forth below, SAP's Reply, which is now its fourth bite at the apple in an attempt to preclude Dr. Kennedy's valid expert opinion, is unauthorized and should be stricken from the record and disregarded.

Respectfully submitted,

*/s/* P. Wesley Lambert
JAMES F. KOEHLER (0007904)
jkoehler@koehlerneal.com
TIMOTHY J. FITZGERALD (0042734)
tfitzgerald@koehlerneal.com
P. WESLEY LAMBERT (0076961)
wlambert@koehlerneal.com
KOEHLER NEAL LLC
3330 Erieview Tower, 1301 East 9th Street
Cleveland, Ohio  44114
(216) 539-9370
(216) 916-4369   (*facsimile*)
*Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

**MEMORANDUM IN SUPPORT**

SAP's Reply Memorandum is not authorized by this Court's July 8, 2014 Order [ECF #195], nor was it agreed to by the parties when the filed a Joint Motion to Amend certain deadlines on July 2, 2014 [ECF #194]. It should therefore be stricken from the record by the Court and disregarded.

Specifically, on July 2, 2014, the parties jointly filed a Motion to Amend certain deadlines for filing motions in limine pertaining to the parties' damages experts. [ECF #194]. At that time, SAP had already filed a Motion to preclude Dr. Kennedy from testifying at trial. [ECF #176]. Hodell opposed that Motion on March 20, 2013. [ECF #180]. SAP filed its Reply Brief in Support on April 1, 2013. [ECF #181]. Thus, at the time the parties filed their Joint Motion to Amend, SAP acknowledged that "[w]ith the exception of the possible need for SAP to supplement this motion based on Mr. Kennedy's deposition testimony, the motion is fully briefed." [ECF #194, ¶3]. The parties therefore agreed to a protocol whereby SAP could supplement its "fully briefed" Motion in Limine, and Hodell could respond to that supplement.

On July 8, 2014, the Court granted the parties' Joint Motion, providing only that: (1) SAP could supplement its pending Motion in Limine; and (2) Hodell could respond to that supplement. [ECF #195, ¶1]. That is exactly what occurred, as SAP supplemented its Motion on July 16, 2014 [ECF #199] and Hodell responded on July 23, 2014 [ECF #202]. The Court did not grant SAP or Hodell leave to submit any further briefing on the issue. Nor did any party request leave to do so.

Apparently unsatisfied with its prior attempts, and recognizing its concession that Dr. Kennedy employed a reliable methodology was fatal to its motion, SAP now seeks a fourth attempt to misstate Dr. Kennedy's opinion and applicable case law, hoping that somehow by

3

having the last word it will be able to overcome the fundamental flaws in its factual and legal analysis.  SAP must hope that the misdirected arguments of counsel will be adopted as fact, while its utter failure to cite a single legal authority or scholarly article contradicting Dr. Kennedy's analysis will be ignored.

However, the line must be drawn somewhere.  SAP simply cannot be permitted to file an infinite amount of briefs directed to Dr. Kennedy's valid and admissible testimony, thereby creating a moving target that Hodell has already twice hit dead-on.  The Court has already precluded Hodell from filing similar "Surreply" briefs on two prior occasions during these proceedings.  [*See* Order entered 8/20/09 related to ECF #42, and Order entered 11/02/2012 relating to ECF #166].  There is no reason why SAP should now be allowed to file a fourth brief addressed to this topic when it has admitted that, with the exception of needing to supplement its two prior filings with Dr. Kennedy's deposition testimony, its Motion was already "fully briefed."

Indeed, SAP's Reply is not even a reply brief at all.  Rather, as with its "Supplemental Brief," it is just a rehashing of the same misguided, and frankly, inaccurate arguments advanced in its original Motion.  SAP continues to provide a misguided summary of Dr. Kennedy's opinions and deposition testimony.  SAP's misstatement of Dr. Kennedy's opinion is clear on the record, and is precisely why courts rarely, if ever, exclude experts during motion practice before the expert has had the opportunity to testify at trial.

Indeed, there is simply no need for further briefing on this issue, as SAP has already admitted on the record that it is not challenging Dr. Kennedy's methodology, the "before and after method."  Rather, it is only questioning Dr. Kennedy's "specific application in this case."  [ECF #199, p. 2, fn 1].  Thus, the Sixth Circuit decisions in *In re Scrap Metal Antitrust Litig.*,

4

527 F.3d 517, 529-30 (6th Cir. 2008) and *United States v. Bonds*, 12 F.3d 540, 556 (6th Cir. 1993) are dispositive of SAP's Motion. Each case expressly held that where an expert uses a reliable methodology, challenges to the specific application of that methodology go to the weight of the expert's opinion, not its admissibility. Despite taking an unauthorized fourth pass at Dr. Kennedy, SAP fails to credibly explain why *Scrap Metal* and *Bonds* should not apply.

SAP's latest Reply attempts to backtrack from this fatal admission, but in the end does nothing more than continue to quibble with how Dr. Kennedy applied the before and after method in this particular case. It argues that he should have relied upon or used certain data (i.e., customer demand), whereas Dr. Kennedy explains that such data is not necessary for application of the before and after method in this particular case. And it continues to reply upon the completely inapplicable *Panduit* case which does not stand for the proposition it is advancing to this Court. SAP's arguments continue to underscore why its challenges to Dr. Kennedy's application of the before and after method are not challenges to admissibility. They are challenges that *Scrap Metal*, *Bonds*, and the countless other cases cited by Hodell's Reply Brief [ECF #202] require the jury to resolve.

Thus, SAP's fourth "Reply Brief" should be stricken, as it is not authorized by this Court's July 8, 2014 Order and is inconsistent with SAP's representation to the Court that its Motion was "fully briefed" except for the need to <u>supplement</u> its motion with Dr. Kennedy's deposition testimony. What SAP has done now is turn this "supplement" into a completely new round of briefing, and used it as a way to advance new but equally frivolous arguments directed to Dr. Kennedy's sound and valid damages analysis. The Court should strike SAP's "Reply" consistent with its denial of Hodell's requests to file similar Surreply briefs on two prior occasions.

Alternatively, the Court should permit Hodell to respond to SAP's "Reply Brief." SAP should not be permitted to continuously and systematically misstate Dr. Kennedy's opinion, his deposition testimony, and applicable law without Hodell having the opportunity to respond and set the record straight. Accordingly, in the event SAP's Reply is not stricken, Hodell requests leave to respond on or before August 20, 2014.

>Respectfully submitted,
>
>*/s/* P. Wesley Lambert
>JAMES F. KOEHLER (0007904)
>jkoehler@koehlerneal.com
>TIMOTHY J. FITZGERALD (0042734)
>tfitzgerald@koehlerneal.com
>P. WESLEY LAMBERT (0076961)
>wlambert@koehlerneal.com
>KOEHLER NEAL LLC
>3330 Erieview Tower, 1301 East 9th Street
>Cleveland, Ohio 44114
>(216) 539-9370
>(216) 916-4369 (*facsimile*)
>*Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

Pursuant to Local Rule 7.1(f), this Motion and Memorandum in Support comply with the page limitations for non-dispositive motions in standard track cases.

>*/s/ P. Wesley Lambert*
>P. WESLEY LAMBERT (0076961)

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 7, 2014, a copy of the foregoing Motion to Strike was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                      */s/* P. Wesley Lambert
                                      P. WESLEY LAMBERT (0076961)