IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
|---|---|---|
| Plaintiff, | ) ) ) | JUDGE WELLS |
| v. | ) ) | |
| SAP AMERICA, INC., et al. | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW OF SAP AG AND SAP AMERICA, INC.
IN OPPOSITION TO HODELL-NATCO INDUSTRIES, INC'S MOTION TO STRIKE THE
SAP DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO
PRECLUDE THE EXPERT REPORT AND OPINIONS OF G. WILLIAM KENNEDY**

SAP America, Inc. and SAP AG (collectively, SAP), through its undersigned counsel, hereby opposes the motion of Plaintiff Hodell-Natco Industries, Inc. (Hodell) to strike SAP's reply memorandum in support of SAP's motion *in limine* to preclude the expert testimony of G. William Kennedy.

During the discovery period, the parties agreed to postpone the depositions of the damages experts pending the outcome of summary judgment and a court-ordered settlement conference.  Nonetheless, in an effort to move the case forward, SAP filed a motion *in limine* to preclude the testimony of Hodell's damages expert G. William Kennedy.  SAP was (and remains) of the view that Mr. Kennedy's report was fundamentally flawed and that these flaws alone provided sufficient bases for preclusion.

However, the case did not resolve, and on May 1, 2014, the Court issued an order setting a trial date as well as various other deadlines, including the deadline for submission of motions *in limine* to preclude expert testimony as well as any opposition to those motions.

Because the damages experts were not available for deposition before the date set by the Court, the parties jointly moved for an extension of the deadlines set in the Court's trial order pertaining to the damages experts. SAP did not seek to establish a specific deadline for the submission of reply memoranda by way of the joint motion because the trial order did not set a deadline for their submission. To the extent a reply proved necessary, SAP understood that it would be allowed to file a reply pursuant to Local Rule 7.1. Thereafter, the Court adopted the amended dates proposed by the joint motion.

Nothing in the Court's original trial order, the parties' joint motion, or the Court's subsequent order amending the original deadlines with respect to the damages experts purported to obviate the well-settled right of a movant to have the last word on a particular motion. *See* Local Rule 7.1(e) (authorizing a moving party to file a reply memorandum). Unlike memoranda in support of and in opposition to a motion, reply memoranda are not mandatory under the local rules and, as a practical matter, are not always necessary. *Compare* Local Rule 7.1(c) ("The moving party *must* serve and file with its motion a memorandum of the points and authorities on which it relies in support of the motion.") (emphasis added) *and* Local Rule 7.1(d) ("[E]ach party opposing a motion *must* serve and file a memorandum in opposition . . . .") (emphasis added), *with* Local Rule 7.1(e) ("[T]he moving party *may* serve and file a reply memorandum. . . .") (emphasis added). The Court's orders set the deadlines for the mandatory events and left the timing of any permissive memoranda the parties might choose to file to the operation of the otherwise applicable rules. Under those rules, SAP – as the moving party – is entitled to file a reply and have the last word. *See* Local Rule 7.1(d).

The fact that SAP filed a "supplemental memorandum" and not an additional "motion" is of no moment. Under the Court's original trial order, SAP could have filed an additional motion

*in limine* to preclude Mr. Kennedy's testimony (or sought an order extending the deadline for same). That motion could have repeated the argument contained in SAP's already-filed motion to preclude as well set forth the supplemental argument arising out of Mr. Kennedy's deposition. There seems no dispute that SAP would have been authorized to file a reply in that case. Therefore, the same result should obtain here – where the only difference is that SAP chose, for reasons of judicial economy, to supplement an already pending motion with newly discovered evidence. Hodell's motion to strike asks the Court to incentivize bloated and superfluous motions practice that blindly rewards form over function.

SAP's reply memorandum was concise (less than ten pages) and directly responsive to the arguments set forth by Hodell in its memorandum in opposition.[1] For example, SAP clarified that SAP *absolutely* challenges the legitimacy of Mr. Kennedy's methodology and explained that the so-called "before and after" methodology employed by Mr. Kennedy is categorically *not the same* "before and after" methodology discussed in the cases cited by Hodell's memorandum in opposition. SAP also clarified the governing law in Ohio with respect to the proof necessary to prove lost profits and explained why the cases cited by Hodell's memorandum in opposition were inapposite. Giving a movant an opportunity to make responses such as these is precisely why movants are almost universally given the right to file a reply and have the last word.

Hodell's argument that SAP should be precluded from filing a reply because "[t]he Court has already precluded Hodell from filing similar 'Surreply' briefs on two prior occasions during these proceedings," *see* Hodell's Motion to Strike at 4, attempts to create an equivalence where there is none. In the two prior occasions referenced by Hodell, Hodell asked the Court to allow it to file *sur-replies* responsive to SAP's reply memoranda in connection with *SAP's motions* to

---

[1] Hodell mistitles its memorandum in opposition to SAP's supplemental memorandum of law as a "Reply."

dismiss and for summary judgment. The Court properly denied Hodell's requests – as non-moving party – to have the last word. Here, SAP is again the moving party, and again the last word should be SAP's.[2]

Accordingly, SAP respectfully requests the Court deny Hodell's motion to strike SAP's reply brief.

Respectfully submitted,

/s/ Gregory J. Star
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
*Attorney for SAP America, Inc. and SAP AG*

---

[2] For similar reasons, the Court should also deny Hodell's alternative request to be allowed to respond to SAP's reply brief. As noted, the rules do not give the non-moving party the right to file a sur-reply and Hodell's memorandum supporting its motion to strike – roughly a quarter of which is devoted to substantive argument on the underlying motion to preclude – demonstrates that any further Hodell response would be superfluous.

**CERTIFICATE OF SERVICE**

I hereby certify that on this twentieth day of August, 2014, a copy of the foregoing Memorandum of Law of SAP AG and SAP America, Inc. in Opposition to Hodell-Natco Industries, Inc.'s Motion to Strike the SAP Defendants' Reply Brief in Further Support of their Motion to Preclude the Expert Report and Opinions of G. William Kennedy was filed electronically via ECF.

/s/ Gregory J. Star
Gregory J. Star (admitted *pro hac vice*)