UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE: LESLEY WELLS |
| | ) | |
| -vs- | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

_____

REPLY BRIEF IN SUPORT OF PLAINTIFF HODELL-NATCO INDUSTRIES, INC.'S MOTION TO STRIKE THE SAP DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO PRECLUDE THE EXPERT REPORT AND OPINIONS OF G. WILLIAM KENNEDY

_____

Plaintiff Hodell-Natco Industries, Inc. ("Hodell"), through undersigned counsel, submits the following Reply Brief in support of its Motion for an Order striking the Reply Brief filed by Defendants SAP America, Inc. and SAP AG (collectively "SAP") allegedly in "further support" of their Motion to Preclude the Expert Report and Opinions of Hodell's damages expert, Dr. G. William Kennedy [ECF #204].

SAP's Opposition contravenes the clear agreement reached by the parties pertaining to SAP's "fully briefed" Motion in Limine. The parties expressly agreed, pursuant to SAP's acknowledgement that its Motion was "fully briefed," that SAP could "supplement" its Motion and that Hodell would respond to that supplement. "Supplementation," by its very nature, does not give rise to an entirely new round of briefing, nor does it give SAP the right to raise new

issues to which Hodell would not have an opportunity to respond.  Thus, with leave of this Court, SAP was granted leave to file a supplement, and Hodell was granted leave to respond to that supplement. [ECF #195].

SAP's position is that while it agreed to the protocol described above, it implicitly is entitled to file a further reply brief anyway.  That is simply not the case, as SAP's proposition would potentially give rise to endless cycles of briefing on motions which have otherwise been fully briefed.  Under SAP's scenario, a party could ask to "supplement" any previously-briefed motion practice, thereby giving it a presumed right to essentially re-brief the entire issue.  There is also no rule, written or unwritten, that the movant is entitled to have the "last word" with respect to any particular issue.  Courts frequently grant non-movants leave to file sur-reply briefs when warranted, thereby enabling the non-movant to have the "last word."  This is particularly true here because SAP attempts to interject new issues into its "Reply" by claiming to backtrack from its admission that it does not dispute the reliability (and thus admissibility) of the "before and after method," when calculating damages, but only quarrels with Dr. Kennedy's particular application of that method in this case.

SAP also argues that, rather than "supplementing," it simply could have filed another motion directed to Dr. Kennedy's testimony within the time frame proposed by the Court's trial order.  Yet, this is not what it chose to do.  It did not withdraw its earlier-filed motion and re-file a new motion.  Rather, based upon the parties' agreement, the Court granted SAP leave merely to supplement its fully briefed motion.  There are great procedural differences between filing a new motion and supplementing a previously-filed motion.  Because SAP represented that it was merely supplementing its motion, Hodell was given only seven (7) days to respond to that supplement.  Had SAP withdrawn its earlier motion and filed a new one, Hodell would have

been afforded fourteen (14) days to respond.

SAP could have waited until it had taken Dr. Kennedy's deposition to file its Motion. It chose not to do so, and elected to file its Motion without the benefit of his testimony. Because Dr. Kennedy's testimony showed the original premise of SAP's Motion to be flawed, it now attempts to submit an entirely new round of briefing on a motion it previously stated was fully briefed. The Court should not permit this gamesmanship, particularly where it has already precluded Hodell from filing sur-reply briefs on two prior occasions.

SAP has now had the opportunity to make its arguments relating to Dr. Kennedy's testimony on three prior occasions. It should not be afforded a fourth opportunity. And if it is, Hodell should be given the opportunity to respond.

Respectfully submitted,

*/s/* P. Wesley Lambert
JAMES F. KOEHLER (0007904)
jkoehler@koehlerneal.com
TIMOTHY J. FITZGERALD (0042734)
tfitzgerald@koehlerneal.com
P. WESLEY LAMBERT (0076961)
wlambert@koehlerneal.com
KOEHLER NEAL LLC
3330 Erieview Tower, 1301 East 9th Street
Cleveland, Ohio  44114
(216) 539-9370
(216) 916-4369   (*facsimile*)
*Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f)

Pursuant to Local Rule 7.1(f), this Reply Brief complies with the page limitations for non-dispositive motions in standard track cases.

*/s/ P. Wesley Lambert*
P. WESLEY LAMBERT (0076961)

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 26, 2014, a copy of the foregoing Reply Brief in Support of Hodell-Natco Industries, Inc.'s Motion to Strike was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        */s/* P. Wesley Lambert
                                        P. WESLEY LAMBERT (0076961)