UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE:  LESLEY WELLS |
| | ) | |
| -vs- | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF EVIDENCE OF ISSUES RAISED BY PLAINTIFF REGARDING OTHER ERP IMPLEMENTATIONS

Plaintiff Hodell-Natco Industries, Inc., through undersigned counsel submits the following Motion in Limine to preclude the introduction of irrelevant and unfairly prejudicial evidence regarding issues raised by Plaintiff during other ERP software implementations preceding and subsequent to the failed implementation of SAP Business One.

A Memorandum in Support of this Motion is included below.

Respectfully submitted,

*/s/* P. Wesley Lambert
P. WESLEY LAMBERT (0076961)
wlambert@koehlerneal.com
KOEHLER NEAL LLC
3330 Erieview Tower, 1301 East 9th Street
Cleveland, Ohio  44114
(216) 539-9370
(216) 916-4369   (*facsimile*)
*Attorneys for Hodell-Natco Industries, Inc.*

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION.**

Hodell expects that, during the trial of this matter, Defendants SAP America, Inc. and SAP A.G. (collectively "SAP") will attempt to introduce evidence of issues encountered by Hodell when it was running its prior software solution, FACTS, which immediately preceded the failed implementation of SAP Business One.  Hodell also expects that SAP will attempt to introduce evidence regarding issues raised and/or encountered when Hodell implemented replacement software, known as Prophet 21 ("P21") to replace the failed Business One implementation.

This case concerns the implementation of software known as SAP Business One, developed and sold by SAP.  Hodell purchased Business One based upon representations that, *inter alia*, Business One could support its immediate need for 120 users and could support Hodell's growth needs of at least 300 users.  It cannot reasonably be disputed that these representations were false.

Prior to going live on Business One, Hodell was using an ERP system known as FACTS.  FACTS was integrated with other add-on products and was in operation at Hodell for several years before Hodell was coaxed into purchasing and implementing Business One.  During discovery, SAP attempted to elicit testimony and introduce exhibits relating to issues encountered by Hodell when running the FACTS system.  SAP has included certain of these exhibits on its Exhibit List [ECF #212 – *See e.g.*, Exhibits SAP001; SAP004; SAP005].

After SAP and its business partner ultimately acknowledged that the Business One implementation had failed (after months of misleading Hodell to continue running Business One so that they would "limp along" until SAP could find a replacement SAP platform), Hodell went through an arduous selection process and ultimately selected P21 which is developed and

2

supported by Activant (now Epicor). The implementation and go-live process was time-sensitive and intensive. At times, Hodell suffered setbacks and issues with the implementation and engaged in dialogue with Activant to resolve these issues. Based upon deposition testimony designated by SAP (*See e.g.*, designations of Jay Sheldon and Michael Lovelace attached as Exhibits A and B hereto) and certain exhibits on SAP's Exhibit List [ECF #212 – *See e.g.* SAP Exhibits 273, 278, 276, 274, 277, 280, 279, 275, 325, 326 and 327] it is clear that SAP intends to confuse the jury and introduce improper character evidence regarding Hodell's implementation of this software. However, ultimately, Hodell successfully implemented P21 and remains a satisfied customer running the P21 system to this day.

## II. ARGUMENT.

Evidence and testimony regarding issues encountered while Hodell was running FACTS, and issues encountered when Hodell was forced to implement P21 – its second ERP in 2 years – is simply irrelevant to the issue of whether Business One was misrepresented to Hodell and whether the Business One software ever operated successfully at Hodell. FACTS and P21 are complete separate systems, operating based upon different underlying architecture and coding. FACTS and P21 had different add-on products associated with them.[1] They were implemented and operating on different technology. They were supported by different software companies.

It is clear that SAP intends to offer this evidence for one of two purposes, both of which are improper. First, SAP may attempt to unfairly prejudice the jury by painting Hodell as a "serial complainer," arguing that since Hodell voiced issues regarding FACTS and P21, Hodell's complaints about Business One in this matter must somehow be invalid. Second, SAP may

---

[1] Hodell acknowledges that FACTS utilized prior versions of InFlight and Radio Beacon. Different versions of these add-on products were later developed and implemented with the Business One software at Hodell. It is undisputed that the FACTS versions of these add-ons was different than what was ultimately implemented with Business One.

3

attempt to argue that because Hodell experienced issues running other software, the issues it experienced while running Business One must be unrelated to Business One itself and are particular to Hodell.  The jury should not be permitted to hear evidence in support of either argument.

The fact that Hodell voiced concerns with its other two software implementations is not probative of anything other than the fact that Hodell did in fact encounter hiccups along the way in implementing and maintaining these software platforms.  However, both platforms were great successes for Hodell.  Hodell ran FACTS for over a decade.   It has been running P21 since successfully installing it in March 2009.  The issues encountered running and/or implementing these two programs have nothing in common with the issues and catastrophic failures encountered by Hodell when implementing and running Business One.

It is clear SAP seeks to confuse and unfairly prejudice the jury by attacking Hodell's right to insist that its ERP software, which runs its entire business, operates correctly.   As SAP will admit, the implementations of FACTS and P21 have no relation to the implementation of Business One, and the problems encountered running Business One after the go-live date.  Accordingly, the Court should exclude from trial any evidence or testimony relating to issues encountered by Hodell running and/or implementing FACTS and P21.

                                  Respectfully submitted,

                                  */s/* P. Wesley Lambert
                                  P. WESLEY LAMBERT (0076961)
                                  wlambert@koehlerneal.com
                                  KOEHLER NEAL LLC
                                  3330 Erieview Tower, 1301 East 9th Street
                                  Cleveland, Ohio  44114
                                  (216) 539-9370
                                  (216) 916-4369   (*facsimile*)
                                  *Attorneys for Hodell-Natco Industries, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2014 a copy of the foregoing Motion in Limine was filed and served electronically upon counsel for SAP America, Inc. and SAP AG, and was sent by Email and First Class Mail to the following parties:

**LSI-Lowery Systems, Inc.**
c/o Chris Kellett
cpk@carmodymacdonald.com

**IBIS Group, Inc**
c/o John T. Grobe
1749 Naperville Road, Suite 203
Wheaton, IL 60187

/s/ P. Wesley Lambert
P. Wesley Lambert (0076961)