IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAP AMERICA, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:08 CV 2755<br><br>JUDGE WELLS |
|---|---|---|

**MEMORANDUM OF LAW OF SAP AMERICA, INC.
AND SAP AG IN SUPPORT OF MOTION *IN LIMINE* NO. 2
TO STRIKE JAMIE CLARKE FROM PLAINTIFF'S WITNESS
LIST AND PRECLUDE HIM FROM TESTIFYING AT TRIAL**

**I.      INTRODUCTION**

The SAP defendants seek to prevent Hodell from making an eleventh-hour designation of a new fact witness, Jamie Clarke, who was first identified by Hodell on its trial witness list last week.  Simply put, this case has been litigated for the last six years.  The parties have engaged in substantial discovery, including taking over 20 depositions.  Fact discovery closed in the summer of 2009, and yet *Hodell never once identified Jamie Clarke as a potential witness or as someone even remotely involved in this case*.  Until last week, Hodell never uttered Mr. Clarke's name in this case, let alone suggested that he was a witness it might possibly call at trial.  Even now, as of the filing of this motion, Hodell hasn't even bothered to explain to SAP what knowledge Mr. Clarke has or what topics his testimony might cover.  There is no excuse for Hodell's failure to identify Mr. Clarke and allowing him to testify will significantly prejudice SAP and should not be allowed.

**II.     MATERIAL FACTS**

As the Court is aware, Hodell commenced this case on November 21, 2008. *See* ECF No. 1. Hodell served its Rule 26 disclosures on May 24, 2010 and listed 19 individuals likely to have discoverable information. *See* Exhibit A, Hodell's Rule 26(a) Initial Disclosures, at 1-4. Hodell did not list Mr. Clarke.

On September 24, 2010, Hodell responded to SAP's First Set of Interrogatories, which included a request that Hodell "[i]dentify *all* witnesses, including expert witnesses, that You intend to use at trial . . . ." *See* Exhibit B, Hodell's Answers and Objections to SAP's First Set of Interrogatories (hereinafter, "Hodell's Interrogatory Responses") at Interrogatory No. 14 (emphasis added). In response, Hodell again did not identify Mr. Clarke (or any other fact witness). *Id.*

Subsequently, over a period of roughly two years, the parties conducted twenty fact witness depositions, including depositions of Hodell's Rule 30(b)(6) corporate designees. Not one of Hodell's current or former employees even uttered Jamie Clarke's name – nor did any other witness in the case.

And as recently as the week of September 15-19, 2014, counsel for the parties spoke by telephone and verbally exchanged the list of witnesses their clients were intending to identify the following week on their Court-ordered trial witness lists. Even then, counsel for Hodell did not identify Mr. Clarke as a Hodell witness.

The first time Hodell identified Mr. Clarke – indeed the first time anyone ever uttered his name in this case – was during a telephone call between counsel on September 24, 2014 – an astonishing *2,136 days after Hodell filed its Complaint and less than two months before trial*, and the very same day the parties were required to submit their respective trial witness lists.

2

Hodell's counsel identified Mr. Clarke as a long-time Hodell employee and suggested that he would offer trial testimony about his experience working at Hodell and using SAP's software. No further information was provided, and SAP's counsel immediately stated that this designation was troubling and objectionable. Nonetheless, later that day, Hodell submitted its witness list and identified "Jaime Clark," but provided absolutely no substantive information about this individual and did not even indicate that he is a Hodell employee or list his job title. *See* ECF No. 210 at 2.

SAP conducted its own subsequent investigation and located a LinkedIn profile for an individual named Jamie Clarke (not "Jaime Clark" as identified by Hodell). *See* Exhibit C, Jamie Clarke LinkedIn Profile.[1] From this, it appears that Mr. Clarke has worked in management at Hodell's Cleveland office since 2000 and may have been Hodell's Sales Manager in Cleveland from January 2000 to September 2006, a Senior Account Manager from August/October to July 2013, and a Business Development Manager from 2013 to present. *Id*.

Moreover, from what SAP can initially tell, Mr. Clarke's name appears on a grand total of *one* out of 505 exhibits the parties marked during depositions. That lone exhibit – an email on which Mr. Clarke was merely copied – is not even being offered as a potential trial exhibit by either Hodell or SAP.

### III. ARGUMENT

#### A. Hodell violated its disclosure obligations by failing to identify Mr. Clarke in its initial disclosures and in response to SAP's interrogatories.

Under Rule 26(a), Hodell was obligated to provide SAP with, *inter alia*:

> (i) the ***name*** and, if known, the address and telephone number of each individual likely to have discoverable information--***along with the subjects of that information***--that the disclosing party

---

[1] So far as SAP can tell from its own research, Hodell meant to identify the individual SAP refers to herein as Jamie Clarke.

3

> may use to support its claims or defenses, unless the use would be solely for impeachment. . . .

Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).  As noted, Mr. Clarke was never identified, nor has SAP ever been provided with any information about the subjects on which he is knowledgeable.

Moreover, SAP served Hodell with interrogatories under Rule 33 seeking the names of all witnesses that Hodell planned to call at trial.  At the time, Hodell indicated that it had not yet determined its trial witnesses, but stated that it would respond in "accordance with the Federal Rules of Civil Procedure, applicable Local Rules, and any orders of the Court."  Exhibit B, Hodell's Interrogatory Responses at No. 14.  While that may have been a somewhat reasonable initial response in 2010, Hodell had a duty to supplement both its initial disclosures and its interrogatory responses under Rule 26(e), which provides, in pertinent part:

> ***A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory,*** *request for production, or request for admission--**must supplement** or correct its disclosure or response . . . in a **timely manner** if the party learns that in some **material** respect the disclosure or response is **incomplete or incorrect**, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . . .*

Fed. R. Civ. P. 26(e)(1) (emphasis added).  Despite this obligation – and despite the fact that four years passed since Hodell's 2010 disclosures and discovery responses – Hodell never bothered to supplement its Rule 26 disclosures or its interrogatory answer by listing Mr. Clarke as a witness and stating the relevant knowledge he possesses.

4

**B.      Hodell's failure to comply with Rule 26(a) and 26(e) compels an order precluding Hodell from calling Mr. Clarke as a witness at trial.**

Hodell's failure to comply with its discovery obligations must result in Mr. Clarke being precluded from testifying at trial.  *See Vance ex rel. Hammons v. United States*, No. 98–5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999) (failure to absolutely comply with Rule 26 "mandates" sanctions pursuant to Rule 37).  Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  The burden to establish substantial justification and harmlessness is on Hodell – and this is a burden Hodell simply cannot meet. *See Roberts ex rel Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

**1.      Hodell has no substantial justification for failing to disclose Mr. Clarke, a current employee that has been employed with Hodell since 2000.**

From what SAP can glean through its own investigation, Mr. Clarke appears to have worked in management-level positions for Hodell for the last 14 years, including at all times material to the issues in this case.  This is clearly not a witness who just popped onto the scene for Hodell, and it is hard to imagine that Hodell can offer any explanation – let alone show that there is "substantial justification" – for its eleventh-hour identification of Mr. Clarke.

In similar circumstances, courts routinely preclude testimony where a party fails to timely identify trial witnesses and persons with knowledge without justification, especially when the new witness is a current or former employee.  *See Luty v. City of Saginaw*, No. 07-2035, 2009 WL 331621, at *4 (6th Cir. Feb. 10, 2009*)* (upholding trial court's exclusion of two witnesses where plaintiffs identified witnesses 13 months after initial disclosures were due and three months after discovery closed); *Davis v. Marathon Oil Co.*, 528 F.2d 395, 403 (6th Cir. 1975)

5

(upholding trial court's exclusion of five witnesses identified days before trial because "reasonable diligence would have disclosed the additional witnesses far in advance of trial"; "[o]ne was a former employee . . . [and] two were [current] employees . . . "); *Sollitt v. KeyCorp*, No. 1:09-cv-43, 2009 WL 2447949, at *1-2 (N.D. Ohio Aug. 6, 2009) (Gwin, J.) (precluding defendant from relying on declaration from employee where (1) it was clear that defendant knew the declarant had discoverable information when it served its initial disclosures, and (2) the defendant failed to provide the declaration until the day summary judgment motions were due); *see also Debose v. Broward Health,* No. 08-61411, 2009 WL 1410348, at *6 (S.D. Fla. May 20, 2009) (striking plaintiffs' witnesses belatedly disclosed without valid reason).

This case has been ongoing for the last six years. The record is now closed, and SAP's energy is focused on presenting an organized trial. Allowing Hodell to introduce the testimony of this witness at the last minute will significantly impair SAP's ability to do so. For example, SAP still has no idea what Mr. Clarke will testify to at trial. If his testimony turns out to be of meager relevance, then there is no need to disrupt counsel's efforts to orderly prepare for trial. If, as Hodell appears to believe, Mr. Clarke's testimony is material and relevant, then SAP would necessarily need to conduct full discovery of Mr. Clarke and his testimony. Given that Mr. Clarke is a current employee and Hodell waited for more than four years after its initial disclosures, 26 months after fact witness discovery closed, and less than two months before trial to disclose Mr. Clarke, Hodell clearly cannot show substantial justification.

        **2.**    **Hodell cannot establish that its failure to properly disclose Mr. Clarke is harmless to SAP.**

On its face, what Hodell has done is already prejudicial to SAP because SAP has been caused to divert its attention from trial preparation to deal with a previously unknown, undisclosed witness. And this doesn't even begin to consider the fact that SAP (and the other

6

defendants) spent significant time and money conducting discovery of the witnesses Hodell did identify during discovery. This is, of course, why courts recognize that a plaintiff's failure to comply with Rule 26 undermines a defendant's ability to "make intelligent decisions regarding how they will efficiently use the limited number of depositions" under Rule 16 and generally undermines its ability to conduct discovery as to the non-disclosed witnesses, and why Hodell's conduct should not be permitted. *See Sender v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004).

Hodell will likely argue that Mr. Clarke should not be excluded because he can be deposed before trial. This is not acceptable and causes more harm than it solves. Even from a high-level, trial is just 51 days away and Mr. Clarke's deposition would be a clear distraction. *See Saudi v. Valmet-Appleton, Inc*., 219 F.R.D. 128, 134 (E.D. Wis. 2003) ("[A]t the heart of Rule 37's **automatic** sanction provision is the recognition that precious time and resources of both opposing counsel and this Court are wasted when faced with unjustified delay." (emphasis added)); *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) ("If [plaintiff] had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well. Disruption to the schedule of the court and other parties in that manner is not harmless.")

But even more importantly, this is also not acceptable based on the specific facts and circumstances of this case. As the Court is aware, Hodell is alleging claims based on events that transpired over the course of approximately five years (from 2003 through 2008). SAP suspects (based solely on Mr. Clarke's LinkedIn profile) that Hodell intends to have Mr. Clarke offer wide-ranging testimony on a variety of subjects, some of which may never have been addressed before by any witness in the case, and spanning the course of many years.

7

One can very easily imagine that Mr. Clarke's deposition would lead SAP to reasonably need to conduct further discovery. For example, Hodell likely did not use Mr. Clarke as a document custodian when it collected and produced documents to SAP years ago. If he is permitted to testify at trial SAP must be entitled to full and complete discovery from him and Hodell, including discovery of all of his documents. For another example, one could imagine that Mr. Clarke will identify other Hodell employees, including perhaps some that will also need to be deposed. This is why if Hodell believed he was a witness, it should have identified him long ago. While there may be some cases where the taking of a deposition at such a late stage (and then determining whether that testimony should be permitted) might be appropriate – for instance, where the witness has knowledge of only limited information or is testifying about a discrete event – this is clearly not such a case.

### 3. Mr. Clarke must be precluded from testifying at trial.

Given that Hodell has no justification for its utter failure to comply with its Rule 26 obligations by timely disclosing Mr. Clarke as a witness and providing SAP with the substance of his pertinent knowledge and because Hodell cannot possibly articulate a lack of harm or prejudice to SAP, Mr. Clarke should be precluded from testifying at trial. *See Luty*, 2009 WL 331621, at *4 (upholding trial court's exclusion of two witnesses under Rule 37); *Davis*, 528 F.2d at 403 (upholding trial court's exclusion of five witnesses, including current and former employees, under Rule 37); *Wong*, 410 F.3d at 1062 (upholding trial court's exclusion of expert witness disclosed only a few months before trial date); *Sollitt*, 2009 WL 2447949, at *1-2 (precluding defendant from relying on declaration from employee in context of summary judgment under Rule 37); *Debose*, 2009 WL 1410348, at *6 (striking plaintiffs' trial witnesses belatedly disclosed without valid reason); *Saudi*, 219 F.R.D. at 134 (precluding plaintiffs from calling lay and expert witnesses at trial under Rule 37).

In short, allowing Hodell to offer Mr. Clarke at trial would improperly reward Hodell for its inexcusable violation of all applicable rules. Accordingly, SAP respectfully requests that this Court enter an order striking Mr. Clarke from Hodell's witness list and precluding Hodell from offering Mr. Clarke as a witness at trial.

    Respectfully submitted,

    /s/ Gregory J. Star
    Michael J. Miller (admitted *pro hac vice*)
    Gregory J. Star (admitted *pro hac vice*)
    Drinker Biddle & Reath LLP
    One Logan Square, Suite 2000
    Philadelphia, PA 19103-6996
    Telephone: (215) 988-2700
    Facsimile: (215) 988-2757
    *Attorneys for SAP America, Inc. and SAP AG*