# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| | ) | <u>ANSWERS AND OBJECTIONS OF</u> |
| -vs- | ) | <u>PLAINTIFF HODELL-NATCO</u> |
| | ) | <u>INDUSTRIES, INC. TO</u> |
| | ) | <u>DEFENDANTS SAP AMERICA, INC.</u> |
| SAP AMERICA, INC., et al. | ) | <u>AND SAP AG'S FIRST SET OF</u> |
| | ) | <u>INTERROGATORIES</u> |
| Defendants. | ) | |

Plaintiff Hodell-Natco Industries, Inc., through undersigned counsel and pursuant to Fed. R. Civ. P. 26 and 33, responds to Defendants SAP America, Inc. and SAP AG (collectively, "SAP")'s First Set of Interrogatories ("SAP's Interrogatories") as follows:

## I. INTRODUCTION

Plaintiff responds to SAP's Interrogatories to the best of its knowledge, information and belief by the submission of this response. In responding to any Interrogatory, Plaintiff does not concede the relevance or materiality of the Interrogatory or of the subject to which the Interrogatory refers. Plaintiff's response to each Interrogatory is made subject to and without waiver of any objections as to competency, relevance, materiality, privilege or admissibility as evidence for any purpose, of any information provided or referred to, or of any of the responses given herein, or of the subject matter thereof, in any proceedings.

Plaintiff has not fully completed its investigation of the facts relating to this case, nor has it completed discovery or preparation for trial. It is anticipated that further

discovery, investigation, legal research and analysis will supply additional facts, add meaning to known facts, or establish new factual conclusions and legal contentions, all of which may lead to substantial additions or changes to these responses. The following responses to SAP's Interrogatories are given without prejudice to Plaintiff's right to produce at trial subsequently discovered evidence. Accordingly, Plaintiff reserves the right to change or add to any and all responses herein and to make use of or introduce at trial or other proceedings in this action any information not currently known and to advance any legal arguments or factual contentions based on such information.

## II. GENERAL OBJECTIONS

Plaintiff makes the following General Objections whether or not separately set forth in response to each Interrogatory propounded in SAP's Interrogatories. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of Plaintiff's General Objections.

1. Plaintiff objects to each Interrogatory to the extent that it, or any of them, purports to impose burdens and obligations inconsistent with and in excess of the requirements imposed by the Federal Rules of Civil Procedure, including, but not limited to Rules 26 and 33.

2. Plaintiff objects to each Interrogatory to the extent that it, or any of them, seeks documents and/or information that are not in Plaintiff's possession, custody or control and therefore beyond the scope of allowable discovery.

3. Plaintiff objects to each Interrogatory to the extent that it, or any of them, seeks privileged information, including without limitation, information which is

developed in anticipation of, or in preparation for, litigation which is protected by the attorney-client privilege, attorney work-product doctrine, or is otherwise privileged or immune from discovery. None of these responses or any transmittal, inadvertent or otherwise, of privileged or protected information is intended to be, or can or should be construed as, a waiver or relinquishment of all or any part of the protections of the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection or exemption.

  4. Plaintiff objects to each Interrogatory to the extent that it, or any one of them, seeks information from or concerning "each," "any," "all," or "every" organization(s), person(s) or document(s) on the ground that they are overbroad and that the efforts required to respond to them is so great as to render the Interrogatory, to that extent, unduly burdensome and oppressive.

  5. Plaintiff objects to each Interrogatory to the extent that it, or any of them, seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relevant to the claims set forth in Plaintiff's Complaint or any responsive pleadings thereto.

  6. Plaintiff objects to each Interrogatory to the extent that it, or any of them, calls for information within the custody or control of Defendant, or in the public domain. Defendant may obtain responsive information from its own records, or from sources equally or more readily available to Defendant, with less burden, expense and annoyance.

7. Plaintiff objects to each Interrogatory to the extent that it, or any of them, seeks information that is cumulative or redundant when joined with or compared to any other discovery Interrogatory.

8. Plaintiff objects to each Interrogatory to the extent that it, or any of them, is overly broad, unduly burdensome, oppressive, and to that extent, seeks information that is either not applicable, irrelevant to the subject matter of this action, or not reasonably calculated to lead to the discovery of admissible evidence.

9. Plaintiff objects to each Interrogatory to the extent that it, or any of them, is vague or ambiguous.

10. Plaintiff objects to each Interrogatory to the extent that it, or any of them, is phrased in an improper form, assumes unestablished facts, or is rhetorical in nature.

11. Plaintiff objects to each Interrogatory to the extent that it, or any of them, makes a request that is premature, calling for information that Plaintiff will reasonably obtain pursuant to further discovery investigations, but which Plaintiff does not yet possess.

12. Plaintiff objects to each Interrogatory to the extent it requires a narrative, essay-type response and not a brief categorical statement.

13. Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response below as though fully stated therein, Plaintiff responds to SAP's Interrogatories subject to the following additional express reservation of rights:

    a. The right to object on any ground whatsoever to the admission into evidence or other use of any of the information provided in response to SAP's

Interrogatories at the trial of this matter, at any other proceeding in this matter or in any other action; and

    b.  The right to object on any ground whatsoever at any time to any demand for further responses to SAP's Interrogatories or any other discovery procedures involving or relating to the subject matter of SAP's Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Set forth all legal and factual basis that support your contention in paragraph 59 of the Amended Complaint that SAP and/or other Defendants made misrepresentations "with knowledge of their falsity or utter disregard and recklessness as to falsity – with an intent to induce and mislead Hodell-Natco into making the purchases" of the licenses described in the Amended Complaint.

### ANSWER:

Plaintiff objects to this interrogatory on the grounds that it calls for information protected by the attorney-client privilege and attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it calls for a legal conclusion which is neither required nor proper under the Federal Rules of Civil Procedure. Plaintiff objects on the basis that Defendants have not provided Plaintiff with information necessary to fully prepare a response. Subject to and without waiving the foregoing, Plaintiff states that the factual underpinnings for this allegation, known to Plaintiff at this time and without the benefit of discovery, are fully set forth in the First Amended Complaint, and that the legal basis is as set forth in Plaintiff's Brief in Opposition to SAP's Motion to Dismiss the First Amended Complaint (ECF #36). SAP knew, or was reckless in not knowing, that the SAP Business One Software sold to Plaintiff in 2005 could not support the number of users anticipated, and disclosed, to SAP and/or its channel partners LSi-Lowery and IBIS.

### INTERROGATORY NO. 2:

Set forth all legal and factual basis that support your contention in paragraph 61 of the Amended Complaint that "the SAP Defendants made additional representations

5

regarding Hodell-Natco's 'limited one-time opportunity' to purchase additional user licenses to expand its number of users beyond the initial 80 licenses," and "[t]hese representations were made knowingly, or with reckless disregard for their truth, and the SAP Defendants knew or should have known that the initial 80 licenses would fail to perform based upon information solely in their possession, and the additional licenses would likewise fail to perform."

ANSWER:

Plaintiff objects to this interrogatory on the grounds that it calls for information protected by the attorney-client privilege and attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it calls for a legal conclusion which is neither required nor proper under the Federal Rules of Civil Procedure. Plaintiff objects on the basis that Defendants have not provided Plaintiff with information necessary to fully prepare a response. Subject to and without waiving the foregoing, Plaintiff states that the factual underpinnings for this allegation, known to Plaintiff at this time and without the benefit of discovery, are fully set forth in the First Amended Complaint, and that the legal basis is as set forth in Plaintiff's Brief in Opposition to SAP's Motion to Dismiss the First Amended Complaint (ECF #36). Plaintiff also refers to its answer to Interrogatory No. 1.

INTERROGATORY NO. 3:

Set forth all legal and factual basis that support your contention in paragraph 72 of the Amended Complaint that the "misrepresentations by the Defendants were made with knowledge of their falsity or utter disregard and recklessness as to falsity – with an intent to mislead" Hodell.

ANSWER:

Plaintiff objects to this interrogatory on the grounds that it calls for information protected by the attorney-client privilege and attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it calls for a legal conclusion which is neither required nor proper under the Federal Rules of Civil Procedure. Plaintiff objects on the basis that Defendants have not provided Plaintiff with information necessary to fully prepare a response. Subject to and without waiving the foregoing, Plaintiff states that the factual underpinnings for this allegation, known to

6

Plaintiff at this time and without the benefit of discovery, are fully set forth in the First Amended Complaint, and that the legal basis is as set forth in Plaintiff's Brief in Opposition to SAP's Motion to Dismiss the First Amended Complaint (ECF #36). Plaintiff also refers to its answer to Interrogatory No. 1.

INTERROGATORY NO. 4:

Please identify all Person(s) and/or entity(ies) from whom Hodell obtained any copy and/or copies of "SAP Solution Brief Qualified SAP All-in-One Partner Solutions."

ANSWER:

American Express and certain representatives thereof, IBIS, Dale Van Leeuwen, and various SAP publications.

INTERROGATORY NO. 5:

Please Identify and explain what is meant by, and the significance of, "the 'documentation'" as that term is used in Paragraph 84 of the Amended Complaint.

ANSWER:

Plaintiff objects to this interrogatory on the grounds that it calls for information protected by the attorney-client privilege and attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it calls for a legal conclusion which is neither required nor proper under the Federal Rules of Civil Procedure. Plaintiff objects on the basis that Defendants have not provided Plaintiff with information necessary to fully prepare a response. Subject to and without waiving the foregoing, Plaintiff states that the factual underpinnings for this allegation, known to Plaintiff at this time and without the benefit of discovery, are fully set forth in the First Amended Complaint, and that the legal basis is as set forth in Plaintiff's Brief in Opposition to SAP's Motion to Dismiss the First Amended Complaint (ECF #36). Please also refer to Section 7.1 of the SAP Business One Software License Agreement.

INTERROGATORY NO. 6:

Identify the Person(s) responsible for Hodell's IT infrastructure upon which the In-Flight and/or SAP Business One software was to be installed, integrated, and/or implemented.

ANSWER:

The current information technology professional at Hodell is Joe Vislocky. The information technology professional for Hodell at the time SAP Business One was installed was Keith Winn. He is no longer employed by Hodell. Also present at certain times were Terry Phillips and Mark Betts. Hodell also utilized input from Dale Van Leeuwen of IBIS on certain matters relating to IT infrastructure.

INTERROGATORY NO. 7:

Identify and describe the method(s) used to determine Your alleged damages sought in the Amended Complaint and as identified in Your Initial Disclosures.

ANSWER:

The categories and method of calculating damages was determined by reference to documents, including financial records and other data, in Hodell's possession. Such records are being produced herewith or will be forthcoming. Hodell expects that it will retain an expert witness to more precisely calculate certain aspects of Hodell's damages, and such expert(s)' methodologies will be set forth in the expert(s) report and opinion to be produced in accordance with the Federal Rules of Civil Procedure, applicable Local Rules, and any orders of the Court.

INTERROGATORY NO. 8:

Identify and describe fully Hodell's internal IT infrastructure for the years 2003 through 2006, upon which the In-Flight and/or SAP Business One software was to be installed, integrated, and/or implemented.

ANSWER:

Objection. The phrase "internal IT infrastructure" as used in this Interrogatory is vague, undefined, and subject to varying interpretations. Additionally, there may

8

have been several iterations of the basic IT infrastructure at Hodell from 2003 to 2006 which cannot be adequately captured or explained in response to a written interrogatory. Subject to and without waiving the foregoing, Hodell utilized a Citrix Presentation Server environment serving various office applications. The ERP system "FACTS" was hosted by an IBM H70 RS/6000 AIX-based server with its own high volume storage and tape backup subsystem. Nearly all users were Thin Client device users with the exception of some executives with laptops and an H/R Director with a desktop PC. Warehouse automation was provided by an RS/6000 based version of "Radio Beacon" software and a number of Intermec scanning guns. See also, the document titled "Information Systems Analysis from ANS 2005" being produced simultaneously herewith. Hodell reserves the right to supplement this response through expert testimony.

INTERROGATORY NO. 9:

Identify and describe fully the "integrated software" as referenced in Paragraph 49 of the Amended Complaint.

ANSWER:

The phrase "integrated software" has the same meaning as employed by SAP in is sales literature, including, but not necessarily limited to, the SAP Business One Brief attached "Exhibit A" to Plaintiff's First Amended Complaint.

INTERROGATORY NO. 10:

Identify and describe fully any and all changes, alterations, updates, and/or modifications made to Hodell's IT infrastructure in the twelve (12) months prior to Hodell entering the Development Agreement.

ANSWER:

Hodell upgraded the IT infrastructure to support the new ERP system and associated support systems with purchases that include, but may not be limited to:

- 2 Dell servers to be used as SAP-specific Presentation Servers
- A Dell 6850 server to house the SAP system
- An entirely new Radio Beacon software package
- A server to house the Radio Beacon production environment
- A server to serve as Radio Beacon test environment

9

Case: 1:08-cv-02755-DCN Doc #: 220-5 Filed: 10/01/14 11 of 16. PageID #: 13039

.

- 30 new warehouse scanning guns (previous guns not compatible with new RB system)
- Chargers and batteries for new scanning guns
- Server to interface Columbia, SC scanning guns to system
- 2 EMC Clariion SAN devices. (one as primary, the other as high-availability backup device)
- All associated Microsoft Server licenses and Client Access Licenses
- All associated Citrix licenses
- A new tape backup server and tape library subsystem to backup Windows-based systems (software and data)
- Data switches for server stacks to support the new servers
- 4-hour maintenance packages for all mission-critical systems

See also the document titled "Infrastructure Update February 2007" being produced simultaneously herewith. Hodell reserves the right to supplement this response through expert testimony.

INTERROGATORY NO. 11:

Identify all Persons charged with maintaining or overseeing Hodell's IT Infrastructure for the years 2003 through 2006.

ANSWER:

| | |
|---|---|
| 2003 to mid-2006: | Kevin Evanoski (no longer employed by Hodell) |
| mid-2006 to 3/09: | Keith Winn (no longer employed by Hodell) |
| 3/09 to present: | Terry Phillips |
| 1986 to present: | Mark Betts |

INTERROGATORY NO. 12:

Identify and explain all of Hodell's internal IT organizational documents in use for the years 2003 through 2006.

ANSWER:

Objection. This interrogatory is vague and ambiguous in that the phrase "internal IT organizational documents" is vague, ambiguous, and undefined. Documents pertaining to Hodell's internal IT structure will be produced in response to SAP's First Request for Production of Documents.

10

INTERROGATORY NO. 13:

Identify and describe fully any and all of Hodell's efforts to market SAP Business One, In-Flight Enterprise, and/or any other applications, programs, software, or solutions developed in connection with the Development Agreement.

ANSWER:

None.

INTERROGATORY NO. 14:

Identify all witnesses, including expert witnesses, that You intend to use at trial, and provide the address and telephone number of each proposed witness and a summary of his/her anticipated testimony.

ANSWER:

Hodell has not identified which expert(s) it intends to use at trial. Hodell will identify any such expert(s) and disclose the information requested in Interrogatory No. 14 in accordance with the Federal Rules of Civil Procedure, applicable Local Rules, and any orders of the Court.

INTERROGATORY NO. 15:

Identify all persons involved in, participating in, copied on, present during, and/or observing all meetings and communications described in the Amended Complaint.

ANSWER:

Objection. This interrogatory is vague, ambiguous and requires a narrative response. Subject to and without waiving the foregoing, Hodell states that the following individuals were involved, in one way or another, with certain meetings and/or communications described in the Amended Complaint: Otto Reidl; Kevin Reidl; Ellen Daniels; Joe Vislocky; Dan Lowery; Dale Van Leeuwen; Joe Guagenti; Paul Killingsworth; Dan Kraus; Penelope Vitantonio.

INTERROGATORY NO. 16:

Please describe all actions that Hodell took or attempted to take to mitigate its alleged damages that Hodell claims in its Amended Complaint were caused by SAP.

ANSWER:

Objection. Interrogatory No. 16 is vague, ambiguous, and incorrectly presupposes that Hodell had an obligation to mitigate any or all of the damages sustained as a result of SAP's conduct as described in the Amended Complaint. Subject to and without waiving the foregoing, Hodell undertook numerous efforts to work with SAP and its channel partners to implement the Software, dedicating numerous employee hours and its own labor force to attempt to resolve the issues with SAP's Software. After it became apparent that SAP's Software could not function as promised, Hodell began a search for a replacement software system that could perform some or all of the functions promised by SAP. Hodell purchased replacement software in 2008 at an increased cost and after significant disruptions to Hodell's business operations by SAP Business One.

As to objections,

*/s/ P. Wesley Lambert*
P. Wesley Lambert (0076961)

OF COUNSEL:

BUCKLEY KING LPA

Respectfully submitted,

*/s/ P. Wesley Lambert*
JAMES F. KOEHLER (0007904)
koehler@buckleyking.com
P. WESLEY LAMBERT (0076961)
lambert@buckleyking.com
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2652
(216) 363-1400
(216) 579-1020 (*facsimile*)

Attorneys for Plaintiff
Hodell-Natco Industries, Inc.

12

CERTIFICATE OF SERVICE

A copy of the foregoing Answers and Objections of Hodell-Natco Industries, Inc. to Defendants SAP America, Inc. and SAP AG's First Set of Interrogatories has been sent by electronic mail and regular U.S. mail, postage prepaid, this 24th day of September, 2010, to the following:

Roy A. Hulme, Esq.
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio  44115

*Attorney for Defendants LSI-Lowery Systems, Inc. and The IBIS Group, Inc.*

Michael J. Miller
Thomas S. Downie
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

*Attorneys for SAP America, Inc. and SAP AG Inc. and SAP AG*

_____
P. WESLEY LAMBERT (0076961)

803604_1

STATE OF OHIO )
) ss: VERIFICATION
COUNTY OF CUYAHOGA )

Otto Reidl, on behalf of Hodell-Natco Industries, Inc., being first duly sworn according to law, does hereby state that the foregoing Responses and Objections Defendants' First Set of Interrogatories are true as he verily believes.

_____
Otto Reidl

SWORN TO BEFORE ME, and subscribed in my presence this 21st day of September, 2010.

_____
Notary Public

CATHLEEN SCHERER, Notary Public
State of Ohio
My Commission Expires Aug. 26, 2014
(Recorded in Summit Cty.)

803604_1

[Page content is rotated/upside down and largely illegible. Visible elements include a notary seal reading "OVERLEE COLEMAN, Notary Public, State of Ohio, My Commission Expires May 28, 2018 (Recorded in Summit Cty.)" and faint text that cannot be reliably transcribed.]