IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>SAP AMERICA, INC., et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:08 CV 2755<br><br>JUDGE WELLS |
|---|---|---|

**MEMORANDUM OF LAW OF SAP SAP AMERICA, INC.
AND SAP AG IN SUPPORT OF MOTION *IN LIMINE* NO. 3 TO
PRECLUDE PLAINTIFF FROM ASSERTING A REQUEST FOR PUNITIVE DAMAGES**

**I.   ARGUMENT**

   **A.   Hodell cannot meet its burden to recover punitive damages on its fraud claims because it has no evidence showing that SAP acted with malice, and therefore, its punitive damages claim should be precluded at trial.**

Through its First Amended Complaint, Hodell seeks punitive damages with respect to its fraud claims. *See* ECF No. 26 at 26 (Prayer for Relief ¶¶ a, b). However, nowhere in the First Amended Complaint did Hodell bother to allege malicious conduct by any of the defendants, and no evidence of actual malice exists.

This is significant because, under Ohio law, punitive damages may be awarded in a fraud case only upon a showing of malice. *See*, *e.g.*, *Malone v. Courtyard by Marriott L.P.*, 659 N.E.2d 1242, 1247 (Ohio 1996) (citing Ohio Rev. Code § 2315.21(C)(1)). Because of the high bar for punitive damages and the need for evidence of actual malice, the Sixth Circuit has recognized that, under Ohio law, "when there is no evidence that the defendant's actions were motivated by actual malice, it is error to submit the question of punitive damages to the jury." *Cent. States Stamping Co. v. Terminal Equip. Co.*, 727 F.2d 1405, 1411 (6th Cir. 1984) (citing

*Miles v. Perpetual Sav. & Loan Co.*, 388 N.E.2d 1364, 1366 (Ohio 1979)); *see also Logsdon v. Graham Ford Co.*, 376 N.E.2d 1333, 1336 (Ohio 1978) (per curiam).

The Supreme Court of Ohio defines "actual malice, necessary for an award of punitive damages, [as] (1) that state of mind under which a person's conduct is characterized by **hatred, ill will or a spirit of revenge**, or (2) a **conscious disregard** for the rights and safety of other persons **that has a great probability of causing substantial harm**." *Preston v. Murty*, 512 N.E.2d 1174, 1176 (Ohio 1987) (emphasis added). And it is well-settled that "[p]unitive damages are intended to deter conduct resulting from a mental state that is so callous in its disregard for the rights and safety of others that society deems it intolerable." 30 Ohio Jur. 3d *Damages* § 121. Punitive damages are "not to compensate a plaintiff, but to punish and deter certain conduct." *Dardinger v. Anthem Blue Cross & Blue Shield*, 781 N.E.2d 121, 144 (Ohio 2002) (citation omitted).

Moreover, the Supreme Court of Ohio has held that even if there are facts establishing the underlying fraud, it is prejudicial to the defendant if the jury receives an instruction on punitive damages where there is insufficient evidence of actual malice. *Logsdon*, 376 N.E.2d at 1336. In *Logsdon*, the plaintiff purchased a truck and was told by the salesman that the truck contained new equipment. A year later, the plaintiff learned that certain equipment was not new, but was in fact a year old at the time of purchase. Plaintiff subsequently brought a fraud suit against the dealer and salesman. At trial, the judge gave an instruction to the jury on punitive damages, and the jury awarded both compensatory and punitive damages. The Court of Appeals of Ohio affirmed. *Id*. at 1335.

On appeal, the Supreme Court of Ohio reversed the punitive damages award. Although the Court agreed that the defendant salesman "knowingly concealed from appellee a fact material

to the transaction," it held that "such actions on the part of appellant's salesman did not evince a malicious, wanton or gross fraud." *Id.* at 1336. The court further cautioned against providing a punitive damages instruction when it is not warranted because it may mislead the jury into thinking the judge believes the plaintiff is entitled to such relief. *Id.*; *see id.* ("We think it clear that this was no case for the application of the proposition stated by the court to the jury; and the statement of it tended to lead the minds of the jury to suppose that the court regarded it as such a case." (quoting *Pittsburg, Fort Wayne & Chi. R.R. Co. v. Slusser*, 19 Ohio St. 157, 161-62 (Ohio 1869))

Thus, under *Logsdon*, even if Hodell has sufficient facts to support an underlying claim for fraud (which SAP strongly disputes), this would not automatically entitle Hodell to pursue punitive damages or to instruct the jury on punitive damages. Instead, Hodell must come forth with evidence of actual malice – meaning Hodell must have evidence that SAP behaved with "**hatred, ill will or a spirit of revenge**," or that SAP acted in "**conscious disregard**" of Hodell's rights and safety and in a way that had "**a great probability of causing substantial harm**" to Hodell. *See Preston*, 512 N.E.2d at 1176.

Even Hodell would have to concede that it is unable to present any evidence that SAP (or any other defendant) behaved with hatred, ill will, or was out to get revenge against Hodell. Thus, at best, Hodell would seek to proceed on the "conscious disregard theory of malice." *See Malone*, 659 N.E.2d at 1247-48 (describing the second type of actual malice as the "conscious disregard theory"). However, even that theory requires "a positive element of conscious wrongdoing [which] has been termed ***conscious, deliberate or intentional [and] requires the party to possess knowledge of the harm that might be caused by his behavior***." *Id.* (emphasis added) (citing *Preston*, 512 N.E.2d at 1176).

3

In *Preston*, the Supreme Court of Ohio was clear on what is required: One must act in a manner that is "outrageous," "flagrant," or "criminal" and there must be a "finding that the probability of harm occurring is great and that the harm will be substantial." *Preston*, 512 N.E.2d at 1176. Thus, it is not enough that a person's outrageous behavior would "possib[ly] or even probab[ly]" result in harm; instead, the probability of harm must be "great" and the harm itself must be "substantial." *Id*.

Given this extremely high evidentiary bar, *Preston* requires that "a trial court must review the evidence to determine if reasonable minds can differ as to whether the party was aware his or her act had a great probability of causing substantial harm [and that] the court must determine that sufficient evidence is presented revealing that the party consciously disregarded the injured party's rights or safety." *Id*.

No such showing could possibly be made in this case. The basic facts are that Hodell licensed Business One from SAP in December 2005. *See*, *e.g.*, ECF No. 192 at 4-5. It is undisputed that in March 2007, after at least two years of a *custom software development project* between Hodell and co-defendants LSi/IBIS, Hodell went live on an integrated software solution that included Business One, a custom add-on application called In-Flight Enterprise, and another add-on called Radio Beacon. *See id*. Hodell contends that this custom software solution never functioned to Hodell's satisfaction, and it is undisputed that in March 2009, Hodell switched to a new software platform. *Id*.

The record is replete with evidence that SAP and Hodell had no relationship prior to Hodell signing a license agreement in December 2005. And once Hodell lodged complaints more than a year after licensing SAP's software, SAP responded to those complaints. SAP acknowledges that Hodell claims it remained dissatisfied and that the parties' dispute over the

4

performance of Business One and other software has given rise to this litigation.  But by no stretch of the imagination does any conduct at issue rise to the level of hatred, ill will, or revenge.  Nor is there any evidence that SAP acted in a conscious manner with "a great probability of causing substantial harm" to Hodell.

Without any evidence of malice, Hodell should not be permitted to seek punitive damages against SAP.  *See Giebel v. Lavalley*, No. 5:12-cv-750, 2013 WL 6903784, at *14 (N.D. Ohio Dec. 31, 2013) (Lioi, J.) (relying on *Malone* to dismiss claim for punitive damages in context of a motion for summary judgment).

      Respectfully submitted,

/s/ Gregory J. Star
Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757
*Attorneys for SAP America, Inc. and SAP AG*