IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE WELLS |
| | ) | |
| v. | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW OF SAP AMERICA, INC. AND SAP AG IN SUPPORT OF MOTION *IN LIMINE* NO. 4 TO PRECLUDE PLAINTIFF FROM EXPANDING ITS FRAUD CLAIMS AND MAKING ASSERTIONS OF FRAUDULENT CONDUCT BEYOND THE SCOPE OF ITS FIRST AMENDED COMPLAINT**

**I.   INTRODUCTION AND MATERIAL FACTS**

Hodell's first and second causes of action are for "Fraudulent Inducement" and "Fraud," respectively.  ECF No. 26 ¶¶ 55-73.  However, both of these claims are based on the same allegations of express, affirmative misrepresentations in 2003, 2004, and 2005 that Hodell contends induced it to execute contracts with the defendants.  *Id*.; *see also id*. ¶¶ 34-39 (making specific allegations of "express" representations which allegedly induced Hodell to sign a 2004 Development Agreement with LSi/IBIS and the 2005 License Agreement with SAP America). And in writing about these claims in various opinions throughout this case, this Court has essentially treated them as a single claim based on allegations of pre-contractual fraud.  *See*, *e.g.*, ECF No. 182 at 7 (referring to Hodell's two causes of action as a single claim for "Fraud/Fraud-in-the-Inducement"); ECF No. 192 at 11-15 (discussing both causes of action together under the single title of "Fraudulent Inducement").

Besides being duplicative, Hodell's first and second causes of action are very clearly confined to allegations of express, affirmative, *pre-contractual* misrepresentations by the

defendants. *See generally* First Amended Complaint ¶¶ 34-39, 55-73. Nowhere in the First Amended Complaint did Hodell aver that any of the defendants owed Hodell a duty of disclosure or that any defendant engaged in fraud/fraudulent inducement by failing to disclose material information to Hodell. *Id*. And nowhere did Hodell allege fraud/fraudulent inducement based on supposed misrepresentations that post-dated the signing of the December 2005 License Agreement. *Id*.

Moreover, at no time has Hodell attempted to amend its First Amended Complaint, and the deadline to amend pleadings expired several years ago. *See* ECF No. 71, ¶ 6 (deadline to amend pleadings expired on August 17, 2011). However, during briefing on SAP's motion for summary judgment, Hodell began to suggest that it had asserted a fraud claim based on an alleged violation by SAP of a duty to disclose information to Hodell. *See* ECF No. 155 at 12 (Hodell arguing that "[t]hroughout 2004 and 2005, before Hodell signed either the Development Agreement or License Agreement, SAP and LSi both knew that Hodell's implementation of B1 carried a significant risk of failure, yet did nothing to disclose that risk to Hodell. SAP and LSi concealed knowledge of significant product quality issues with B1, demonstrating that B1 was not the mature, robust software platform they represented it to be."); *id*. at 31 (arguing that SAP owed Hodell a duty of disclosure but failed to disclose material facts).

In that same briefing, Hodell also began to assert that its fraud/fraudulent inducement claim was somehow based on allegations of *post-contractual* misconduct by SAP in 2007 – well over a year after Hodell signed the License Agreement at the end of 2005. *See id*. at 21 (Hodell arguing that SAP made misrepresentations in 2007 about, *inter alia*, its ability to resolve Hodell's performance issues). Hodell's fraud claims should be combined as a single claim, and

Hodell should be precluded from asserting fraud claims that were not included in its operative pleading and that fail as a matter of law.

## II. ARGUMENT

### A. Hodell's First and Second Causes of Action Should be Combined as a Single Claim for Pre-contractual Fraudulent Inducement.

Given that Hodell's First and Second Causes of Action are duplicative, the Court should order that these are to be presented at trial as a single fraud-based claim. Allowing Hodell to proceed with two separate (but basically identical) claims would be highly confusing to the jury and potentially very prejudicial to SAP, and overall it would be a waste of time. Indeed, would the jury be instructed separately on these identical claims? Would the jury be asked to complete a separate set of interrogatories and render separate verdicts on two claims that are really one-and-the-same? The Court should exercise its authority under Federal Rule of Civil Procedure 1 and Federal Rule of Evidence 102 to modify Hodell's First Amended Complaint to combine Hodell's first and second causes of action as a single claim for pre-contractual fraudulent inducement.

### B. Hodell Should be Precluded From Asserting Fraud-Based Claims That Were Not Included in Its Operative Pleading.

Based on arguments raised by Hodell in summary judgment briefing, SAP suspects that Hodell will attempt to argue at trial that (1) SAP owed Hodell a duty of disclosure but violated that duty, and thus committed fraud, prior to Hodell's signing of the 2005 License Agreement; and (2) SAP committed separate acts of fraud in 2007 by again allegedly failing to disclose information and/or through affirmative false representations in 2007.

#### 1. Hodell cannot now claim fraud based on a duty to disclose because no such claim is included in the First Amended Complaint and such a claim would fail as a matter of law.

It is clear that the First Amended Complaint is based on allegations of actual affirmative

3

misrepresentations.  To the extent Hodell wanted to plead a fraud claim based on a theory of concealment, Hodell was required under Rule 9 to state its allegations "with particularity."  *See* Fed. R. Civ. P. 9(b).  Hodell would also have had to allege a duty to speak.  *See Steinfels v. Ohio Dep't of Commerce, Div. of Sec.*, 719 N.E.2d 76, 82 (Ohio Ct. App. 1998).  Yet, as discussed above, there is no allegation in the First Amended Complaint that SAP (or any other defendant) owed a duty of disclosure or that any defendant knowingly concealed a material fact from Hodell – let alone "specific" allegations of these elements.  Because Hodell has not alleged in the First Amended Complaint a claim for fraud/fraudulent inducement based on concealment of material facts in violation of a duty by SAP (or any other defendant) to disclose such information, no such claim or assertions can be made to the jury.

      Moreover, Hodell could not now move to amend its First Amended Complaint to add such a claim because the claim would be substantively futile and would otherwise be barred by the statute of limitations.  First, it is clearly the law in Ohio that "[i]n arms length business transactions . . . neither party has a duty to disclose material information to the other."  *Escue v. Sequent, Inc.*, Case No. 2:09-cv-765, 2010 U.S. Dist. LEXIS 87043, at *19 (S.D. Ohio Aug. 24, 2010) (citing *Blon v. Bank One, Akron, N.A.*, 519 N.E.2d 363, 367 (Ohio 1988)).  The duty to disclose arises only in the context of a "fiduciary or other similar relation of trust and confidence."  *Steinfels*, 719 N.E.2d at 82 (holding no duty to disclose as a matter of law where there is no evidence a fiduciary relationship or other similar relationship of trust and confidence and "the evidence shows that this was an arm's-length transaction").  In other words, no duty to disclose can exist – and thus no fraud can arise from an alleged concealment of information – unless the parties are in a "fiduciary or other trust relationship that would give rise to a duty to disclose."  *See Loyd v. Huntington Nat'l Bank*, Case No. 1:08 CV 2301, 2009 U.S. Dist. LEXIS

4

51858, at *53 (N.D. Ohio 2009) (Nugent, J.) (dismissing claim of fraudulent non-disclosure based on lack of evidence of "a fiduciary or other trust relationship that would give rise to a duty to disclose").

Here, Otto Reidl, testifying on behalf of Hodell, clearly admitted that Hodell's relationship with SAP was nothing more than arms' length:

> Q. . . . At the time that you signed the license agreement in December of 2005, *did Hodell believe that it had any special relationship with SAP America, or SAP AG, such that it was in a position of trust or confidence with SAP*?
> MR. LAMBERT: Objection.
> THE WITNESS: ***I don't believe it was a special relationship***. I believe a company of SAP's stature requires an up and up relationship with all their clients.
> Q. So you'd agree that when you signed the license agreement, ***you had nothing more than a business to business, or arm's length relationship between Hodell and SAP, correct***?
> A. ***Correct***.

Exhibit A, Tr. O. Reidl Dep. at 236:8-24 (emphasis added).  Accordingly, Hodell's own admissions preclude any possibility of a finding that SAP owed any duty of disclosure, and thus completely bars any purported fraud claim based on non-disclosure.[1]

Second, the statute of limitations for fraud is four years in Ohio.  Ohio Rev. Code Ann. § 2305.09(C).  Any claim of non-disclosure (as argued by Hodell in opposing SAP's motion for summary judgment) would apparently have been based on SAP's supposed concealment of facts prior to Hodell's signing of the December 2005 License Agreement, which occurred nearly nine

---

[1] To the extent Hodell were to argue that it may allege and argue non-disclosure to support its negligent misrepresentation claim (Fifth Cause of Action in the First Amended Complaint), this argument would also fail as a matter of law.  Indeed, even if Hodell could establish that SAP owed and breached a duty to disclose (which Hodell cannot), it is clear that a failure to disclose information where such a duty exists does *not* give rise to a negligent misrepresentation claim.  *See Andersons, Inc. v. Consol, Inc*., 348 F.3d 496, 506 (6th Cir. 2003) ("[A] negligent misrepresentation claim only lies for an affirmative false statement, not an omission."); *Leal v. Holtvogt*, 702 N.E.2d 1246, 1253 (Ohio Ct. App. 1998) ("[N]egligent misrepresentation does not lie for omissions; there must be some affirmative false statement." (quoting *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 684 N.E.2d 1261, 1269 (Ohio Ct. App. 1996)).

5

years ago.  Accordingly, Hodell would clearly be time-barred from now attempting to amend its pleading to include a claim for fraud based on non-disclosure.

> **2. Hodell cannot now claim fraud based on supposed post-contractual fraud in 2007 because no such claim is included in the First Amended Complaint and such a claim would fail as a matter of law.**

As set forth above, Hodell's fraud/fraudulent inducement claim is very clearly based on allegations of misrepresentations made by the defendants and received by Hodell up through December 2005, when Hodell signed the License Agreement.  Hodell does not allege in the First Amended Complaint that any misrepresentation was made subsequent to the License Agreement.  If Hodell wanted to base its fraud claim on actions that post-dated the License Agreement, Hodell was required to specifically allege the details of this supposed fraud with particularity, including such details as the "the time, place, and content of the alleged misrepresentation."  *See Arra v. All Occasion Limousine, Inc.*, 2013 U.S. Dist. LEXIS 155605, at *6-9 (N.D. Ohio Oct. 30, 2013) (Gaughan, J.) ("It is well-settled in the Sixth Circuit that circumstances constituting fraud include 'the time, place, and content of the alleged misrepresentation' as well as the identity of the individual making the representation." (quoting *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008) (dismissing fraud claim for failure to allege detail about "the time, place, or manner of the fraud"))).  Accordingly, because Hodell has not alleged in the First Amended Complaint a claim for fraud/fraudulent inducement based on post-License Agreement acts, no such claim or assertions can be made to the jury.

Moreover, Hodell could not now move to amend its complaint to add such a claim because the claim would be substantively futile and would otherwise be barred by the statute of limitations.

First, under Ohio law, any claim that SAP violated a duty after the parties signed the License Agreement in December 2005 is nothing more than a claim that SAP tortiously

performed its contractual obligations. No such claim exists under Ohio law, and this theory does not give rise to any tort claim, including fraud. *See Textron*, 684 N.E.2d at 1270 ("[B]reach of contract does not create a tort claim.").

Second, any claim by Hodell that SAP made misrepresentations throughout 2007 (as argued by Hodell in its summary judgment briefing (*see* ECF No. 155 at 32)) would fail as a matter of law because Otto Reidl testified that by April 2007, Hodell had "zero confidence" in SAP and was not relying upon any representation by SAP after that date. *See* Exhibit A, Tr. O. Reidl Dep. at 306:20-25.

Finally, Ohio's four-year statute of limitations for fraud would preclude Hodell from now attempting to amend its pleading to include a claim based on fraudulent acts in 2007. *See* Ohio Rev. Code Ann. § 2305.09(C). Indeed, giving Hodell all benefit of the doubt, such acts would have occurred at least six to seven years ago.

### III. CONCLUSION

Hodell chose to plead and pursue its claims in the manner it saw fit, and consciously chose to present its fraud-based claim as limited to allegations of actual, express false statements made prior to the signing of the License Agreement in December 2005. Hodell never attempted to amend its pleading to add new fraud theories or claims, and doing so now would be futile because those claims would fail as a matter of law. Accordingly, Hodell must be precluded at trial from making claims, asserting arguments, and/or presenting evidence that SAP (or the other defendants) (a) owed and violated a duty of disclosure, or that any failure to disclose amounted to fraud; and (b) made misrepresentations after the License Agreement was signed in December 2005, or that this amounted to fraud.

Respectfully submitted,

/s/ Gregory J. Star
Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
*Attorneys for SAP America, Inc. and SAP AG*