IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| --- | --- | --- |
| Plaintiff, | ) ) ) | JUDGE WELLS |
| v. | ) ) | |
| SAP AMERICA, INC., et al. | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OF LAW OF SAP AMERICA, INC. AND SAP AG IN SUPPORT OF MOTION *IN LIMINE* NO. 6 TO PRECLUDE PLAINTIFF AND CO-DEFENDANTS FROM OFFERING EVIDENCE OR TESTIMONY THAT THE IBIS GROUP WAS AN AUTHORIZED MARKETER OR DISTRIBUTOR OF BUSINESS ONE**

**I.    INTRODUCTION AND KEY FACTS**

Central to Hodell's misrepresentation claims against SAP America and SAP AG is Hodell's contention that in 2003 and 2004 it received pre-contractual representations about Business One from Dale Van Leeuwen, the owner of the IBIS Group.  Hodell further contends that SAP is responsible for IBIS's representations because, Hodell baldly alleges, IBIS was an SAP "reseller" with authority from SAP to market and distribute Business One.  *See* ECF No. 26, First Amended Complaint ¶ 14 (baldy and inconclusively alleging that "LSi-Lowery Systems, Inc. *and/or* The IBIS Group, Inc." were SAP resellers) (emphasis added).

Contrary to Hodell's speculative complaint allegations, discovery in this matter has revealed conclusively that *IBIS was never an SAP reseller*.  Co-defendant LSi was, however, an SAP reseller, a fact that has never been in dispute.  In its attempt to impugn SAP with the alleged comments of IBIS and Mr. Van Leeuwen, Hodell has attempted to jumble the clear corporate distinction between IBIS and its co-defendant LSi that existed at the time of some of the alleged

misrepresentations that form the basis of Hodell's claims.[1]  The actual undisputed admissible facts are as follows:

- IBIS is a corporation existing under the laws of the State of Illinois.  *See* ECF No. 30, Answer of LSi and IBIS to First Amended Complaint ¶ 5.

- Mr. Van Leeuwen was the sole owner of IBIS.  *See* Exhibit A, Van Leeuwen Dep. at 14:25-15:5.

- LSi is a corporation formed and existing under the laws of the State of Missouri.  *See* ECF No. 30 ¶ 5.

- On December 19, 2003, LSi executed an "SAP Business One Software Marketing and Distribution Agreement" (the "Marketing Agreement") with SAP America.  *See* Exhibit B, Marketing Agreement.  Through this agreement, LSi became a "reseller" of SAP Business One software and was granted limited authority to market and distribute said software.  *Id.*

- On December 31, 2003, SAP and IBIS entered into a "Limited Term SAP Business One Software Development Kit License (Version 2.0)" agreement (the "Development Kit License").  *See* Exhibit C, the Development Kit License.

- Through the Development Kit License, IBIS did nothing more than acquire the right to create separate, stand-alone applications that could be used along with Business One.  *Id*.  This agreement did *not* authorize IBIS to license or sell Business One software itself, nor did it authorize IBIS to act in any manner on SAP's behalf.  *See id.*

- The Development Kit License was the only contract between SAP America and IBIS.  *See id*.

- In late May 2004, IBIS became a wholly owned subsidiary of LSi.  *See* Exhibit D, Stock Purchase Agreement; Exhibit A, Tr. Van Leeuwen Dep. at 192:6-8.

During his deposition, Mr. Van Leeuwen was questioned about IBIS's relationship with SAP.  Although he initially (and incorrectly) claimed that IBIS was at some point an actual SAP reseller, on cross-examination, Mr. Van Leeuwen conceded that he did not recall the details and was not sure whether IBIS ever became an SAP reseller.  *See, e.g.*, Exhibit A, Tr. Van Leeuwen Dep. at 209:17-18, 210:3-9, 238:21-239:5.  Because Mr. Van Leeuwen cannot recall the details,

---

[1] In any event, LSi's authority from SAP was limited, and SAP contends that it is not liable for the alleged statements or acts of LSi, which is clear under the agreement in place between SAP and LSi.  Issues about LSi are not addressed herein, and this motion is limited to the undisputable fact that IBIS was never an SAP reseller.

2

he lacks the requisite personal knowledge as to this issue, and his testimony is therefore irrelevant, inadmissible, and fails to create a factual dispute. *See* Fed. R. Evid. 602.

To be sure, Mr. Van Leeuwen's initial speculative and incorrect testimony is contradicted by the actual documents produced in this case by LSi, IBIS, and SAP. During discovery, Hodell requested that LSi and IBIS produce "[a]ll contracts, agreements, understanding, and memorandums of oral agreements between . . . IBIS on the one hand and SAP . . . on the other hand." *See* Exhibit E, Response of IBIS and LSi to Hodell's Document Requests, Req. No. 17. In response, LSi and IBIS produced only one relevant document, the December 31, 2003 Development Kit License. For its part, SAP produced all documents evidencing any contractual relationship with the other parties. The only such document between SAP and IBIS was the aforementioned Development Kit License. Neither LSi, IBIS, nor SAP has any record of IBIS ever having become an SAP reseller.

Accordingly, it is undisputed based on the admissible record evidence that IBIS was never an SAP reseller and that IBIS never received authorization from SAP to market and distribute Business One or to make representations about Business One.

## II. ARGUMENT

Hodell, LSi, and IBIS should be precluded from asserting that IBIS had authority to market, distribute, or make representations concerning Business One for two reasons. First, there is no competent evidence to support Hodell's bald allegation that IBIS was a reseller. Second, the only competent evidence of record contradicts that allegation. Allowing Hodell to argue that IBIS was a reseller will only confuse the jury and actually elongate the trial. And because there is no factual support for the notion that IBIS acted with authority from SAP,

Hodell should be precluded from asserting that any statements or actions by IBIS are attributable to SAP.

> **A.     Hodell, LSi, and IBIS should be precluded from asserting that IBIS had authority to market, distribute, or make representations concerning Business One because any and all testimonial evidence supporting such a claim is either irrelevant or of insufficient probative value.**

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.  Irrelevant evidence is not admissible. Fed. R. Evid. 402.  The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403; *see Roth v. NCC Recovery, Inc.*, No. 1:10-cv-02569-LW (N.D. Ohio Dec. 11, 2012) (Wells, J.).

Here, all the testimony of Mr. Van Leeuwen as to whether IBIS was an authorized reseller is entirely inconclusive and inadmissible.  For example:

> Q.  Do you recall when you became an SAP reseller?
> A.  *No, I don't*.

Exhibit A, Van Leeuwen Dep. at 209:17-18 (emphasis added).

> Q.  Is it your testimony that IBIS was an actual SAP channel partner or reseller?
> A.  I believe . . . . *It may or may not have been*.

*Id.* at 210:3-15 (emphasis added).

> Q.  Does that refresh your recollection as to whether, in fact, The IBIS Group as of April of 2004 as actually an SAP reseller?
> A.  It doesn't.  It doesn't jog my memory.  *I don't know*.

*Id.* at 239:1-5 (emphasis added).

> Q. So as we sit here right now, is it your belief that as of April 2004, for instance, IBIS Group – The IBIS Group itself, separate and apart from LSi, was an actual reseller --

> A. Reseller.
> Q. -- of Business One?
> A. Yes. We – yeah. *I'm pretty sure* that we had signed a reseller agreement before LSi did."

*Id.* at 240:6-13 (emphasis added).

Quite simply, while Mr. Van Leeuwen has no personal knowledge of the relevant facts and his testimony is therefore barred. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Furthermore, his inconclusive testimony has no tendency to make the fact of whether IBIS was or was not an SAP reseller any more or less probable. *See* Fed. R. Evid. 401. As a result, any and all testimony offered alleging that IBIS was ever an authorized SAP reseller is irrelevant and therefore inadmissible. *See* Fed. R. Evid. 402. To the extent any such testimony is deemed relevant, its probative value is nonetheless substantially outweighed by the danger of it confusing the issues, misleading the jury, and otherwise wasting time on an issue that is not legitimately in dispute. *See* Fed. R. Evid. 403.

    **B.** **Hodell, LSi, and IBIS should be estopped from asserting that IBIS had any authority to market, distribute, or make representations concerning Business One because any such assertions are directly contradicted by the contracts in the record.**

Without Mr. Van Leeuwen's inadmissible testimony, the sole basis for Hodell's contention that IBIS was authorized to market, distribute, or make representations about Business One is Hodell's *own* unsupported complaint allegation that IBIS *may* have been an SAP reseller. *See* ECF No. 26, First Amended Complaint ¶ 14 (alleging that "LSi-Lowery Systems, Inc. *and/or* The IBIS Group, Inc." were resellers) (emphasis added). Hodell, IBIS, and LSi have had ample opportunity to enter documents into the record to support any allegation that IBIS was an authorized reseller, yet the record remains entirely devoid of any competent supporting evidence. In fact, the only document in the record addressing the relationship between SAP and

5

IBIS is the single contract to which SAP and IBIS are both parties, and this contract directly contradicts any such allegation. *See* Exhibit C, Development Kit License.

This contract did not authorize IBIS to license or sell Business One software. Indeed, it did nothing more than provide IBIS the right to create separate, stand-alone applications that could be used along with Business One. In fact, the plain language of the Development Kit License makes clear that SAP is granting said license to IBIS "solely for the purposes of Non-Productive Uses in developing Extensions" and for use "in the implementation and configuration of the as-delivered Software." *Id.* ¶¶ 1.15, 1.16. And of course when IBIS and LSi were asked to produce all agreements between IBIS and SAP, IBIS and LSi did not produce any evidence that IBIS was ever an SAP reseller.

There is no admissible evidence in the record that contradicts the plain language of, and limited rights afforded by, this license that could be properly presented to the jury to support any assertion that IBIS was actually an SAP reseller. Accordingly, whether IBIS was ever an SAP reseller is not truly a factual dispute, and all parties should be estopped from asserting that IBIS ever became an SAP reseller or that IBIS had any such authorization from SAP.

> C.  **Hodell should be precluded from asserting that SAP is responsible for any representations made by IBIS, and to the extent evidence of IBIS's alleged statements are allowed, the jury should be instructed that this evidence is only admissible against IBIS.**

In the First Amended Complaint, Hodell claims to have received representations from IBIS and Mr. Van Leeuwen *prior to May 2004*. *See* First Amended Complaint ¶ 24 (alleging representations by IBIS in "late 2003"); *id.* at ¶ 27 (generally alleging that "[d]uring 2004, communications between Hodell-Natco and The IBIS Group, Inc., and its owner, Dale Van Leeuwen, continued"). During deposition, Hodell further claimed that Mr. Van Leeuwen was

6

also part of a telephone conference call that occurred on December 3, 2003, which is set forth at paragraph 25 of the First Amended Complaint.  *See* Tr. O. Reidl Dep. at 114:1-18.

These allegations, and any evidence concerning anything IBIS/Van Leeuwen might have told Hodell prior to IBIS's merger with LSi in May 2004, are completely irrelevant as to the SAP defendants.  Indeed, as already established, it is undisputed that at no time prior to December 31, 2003 did IBIS or Mr. Van Leeuwen have any relationship with either of the SAP defendants.  And on that date, IBIS merely licensed the right to use certain SAP software to develop applications that could be used along with Business One.  *See* Exhibit C, Development Kit License.  IBIS never signed an agreement authorizing it to license or sell Business One software itself or to act in any manner on SAP's behalf.  *Id.*

Therefore, Hodell cannot possibly be permitted to argue to the jury or introduce testimony to suggest that SAP could somehow be liable for anything IBIS/Van Leeuwen might have told Hodell.  This is especially clear with respect to any communications between IBIS/Van Leeuwen prior to December 31, 2003 and equally true with respect to communications from IBIS/Van Leeuwen up through the date of IBIS's merger with LSi in May 2004.[2]  Such evidence has no possible bearing on SAP and is thus irrelevant to Hodell's claims against SAP because it has no tendency to prove that SAP (directly or indirectly) made a misrepresentation.  *See* Fed. R. Evid. 401 and 402.

While perhaps testimony about the dealings between IBIS/Van Leeuwen and Hodell are admissible against IBIS, such evidence has absolutely no bearing or relevance on anything SAP did directly or, as Hodell will argue, could be vicariously liable for.  Thus, to the extent any of

---

[2] To be clear, SAP also contends that after May 2004, it was not responsible for any alleged false representations that may have been made by the merged LSi/IBIS entity or its employees, but acknowledges there may be factual issues on this point and thus limits this motion *in limine* to communications by IBIS prior to the merger.  SAP further contends and will establish at trial that no actionable misrepresentation was made at any time by any defendant.

this evidence is admitted, the Court should restrict this evidence to its proper scope and instruct the jury accordingly. *See* F.R.E. 105.

### III.     CONCLUSION

It is undisputed based on the admissible record evidence that IBIS was never an SAP reseller and that IBIS never received authorization from SAP America to market and distribute Business One or to make representations about Business One. Accordingly, SAP respectfully requests that this Court enter an Order that:

1) The IBIS Group was not a reseller of Business One;

2) The IBIS Group was not authorized to market Business One or to make representations about Business One; and

3) Hodell is precluded from offering argument, testimony, or documents at trial suggesting that any representations it received from The IBIS Group or Dale Van Leeuwen prior to IBIS's merger with LSi in May 2004 are attributable to SAP or relevant to Hodell's claims against SAP; and to the extent Hodell otherwise establishes that such evidence is admissible, the evidence is only admissible as against The IBIS Group and the jury will be instructed accordingly at trial.

Respectfully submitted,

/s/ Gregory J. Star
Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
*Attorneys for SAP America, Inc. and SAP AG*