IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE WELLS |
| | ) | |
| v. | ) | **OBJECTIONS OF SAP AMERICA, INC.** |
| | ) | **AND SAP AG TO PLAINTIFF'S** |
| SAP AMERICA, INC., et al. | ) | **PROPOSED TRIAL EXHIBIT LIST** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants SAP America, Inc. and SAP AG (collectively, "SAP"), by and through undersigned counsel and pursuant to the Court's Civil Trial Order (ECF No. 193) hereby lodge the following objections to Plaintiff Hodell-Natco Industries, Inc.'s ("Hodell") proposed trial exhibit list.

**GENERAL OBJECTIONS**

1.      SAP objects to all proposed exhibits for which a proper foundation has not been laid. SAP specifically reserves the right to raise objections regarding foundation at trial.

2.      SAP specifically reserves the right to raise at trial any objection to any exhibit proffered by any party on the grounds of relevance, hearsay, or other grounds depending upon how such exhibit may be used, introduced, or offered at trial.

3.      SAP reserves the right to object to any exhibit depending upon the purpose for which it is offered at trial.

4.      SAP reserves the right to object to the introduction of any exhibit on any basis that may become apparent during the course of trial.

5.      SAP objects to any exhibits designated by Hodell on the bases of any motions *in limine* filed, or to be filed, by SAP.

6.      SAP reserves the right to withdraw, amend, or supplement any of the objections made

herein prior to or during the trial of this matter.

## SPECIFIC OBJECTIONS

| Tr. Ex. No. | Description | Dep. Ex. No. – OR - Bates No. | Objection |
|---|---|---|---|
| 3 | IBIS Responses to Requests for Admission | Dep. Exhibit 29 | None at this time. |
| 4 | Jan. 2004 FKOM Notes | Dep. Exhibit 33 | **Hearsay / Hearsay Within Hearsay / Relevance / Confusion / Undue Delay / Unfair Prejudice (Fed. R. Evid. 802, 805, 402, 403.)** This exhibit allegedly consists of an out-of-court transcription of Dale Van Leeuwen's handwritten notes from a 2004 SAP Field Kickoff meeting that will be offered for the truth.  The notes themselves contain out-of-court statements allegedly made by "high-level speakers" regarding Business One that will be offered as statements attributable to SAP.  However, the notes do not identify the speakers, and Mr. Van Leeuwen, who is unlikely to testify live at trial, did not testify at his deposition that the speakers were SAP representatives.  Statements that may have been made by unidentified speakers are not relevant to any issues in this case.  Moreover, Hodell will presumably offer this exhibit for the statement circled and marked with an asterix, which states: "[t]here is no upper size limit, however, for whom the B1 partners can sell into."  However, this purported statement is not attributed to any authorized SAP speaker and, at his deposition, Mr. Van Leeuwen testified that this was a marketing statement and did *not* concern the "user environment" into which Business One could be sold.  (Tr. Van Leeuwen Dep. 74:1-75:13.)  Whether SAP authorized resellers to sell into a particular space (or whether SAP reserved that space to itself or for resellers of other products) is not at issue.  Any marginal relevance is substantially outweighed by the likelihood that the jury will be distracted from the real issues, the trial will be unduly delayed, and SAP will be unfairly prejudiced. |
| 5 | SAP ROI Calculator | Dep. Exhibit 38 | **Completeness / Authenticity / Hearsay / Relevance / Unfair Prejudice / Confusion (Fed. R. Evid. 106, 901, 402, 403.)**  This exhibit consists of a single page apparently taken |

| | | | from the document contained at Deposition Exhibit 37.  (*See* Tr. Dep. of Lowery 127:8-10) (W. Lambert).  Hodell has not designated Deposition Exhibit 37 for use at trial, and in any event, Deposition Exhibit 37 also appears to be an incomplete document.  This document was produced by LSi; shown exclusively to three LSi witnesses during depositions; and none of them testified that this document was created by or transmitted to them by SAP.  Hodell will likely offer this out-of-court statement for the phrase "[w]hether you have 5 employees or 500, SAP Business One helps emerging businesses streamline their operational and managerial processes."  However, no witness testified at deposition that anyone from Hodell relied on this document in entering into any of the relevant agreements.  Unauthenticated, hearsay statements made about Business One that were not seen and relied upon by Hodell are not relevant to any issues in this case.  Any marginal relevance is substantially outweighed by the likelihood that the jury may (wrongly) assume that SAP (and/or its alleged agent) communicated this document to Hodell and/or that Hodell relied on it. |
|---|---|---|---|
| 6 | May 17, 2005 Letter | Dep. Exhibit 41 | **Relevance / Unfair Prejudice / Confusion (Fed. R. Evid. 402, 403.)**  This letter was typed on IBIS stationary and displays an SAP Business Partner logo.  Hodell will attempt to use this letter to show that IBIS was SAP's business partner.  However, IBIS was never an SAP business partner.  *See* Motion *in Limine* No. 7 re: IBIS.  Indeed, Dan Lowery testified at his deposition that this letter was sent roughly a year after IBIS was acquired by LSi and that it was issued on IBIS letterhead, at least in part, because they "still had lots of IBIS letterhead."  (Tr. Lowery Dep. 163:19-164:3.)  The SAP Business Partner logo should be redacted. |
| 7 | Lowery June 8, 2006 Email | Dep. Exhibit 53 | **Relevance / Confusion / Unfair Prejudice / Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 402, 403, 802, 805.)**  This email from Dan Lowery to Michael Sotnik requests a maintenance credit for Hodell due to LSi's failure to timely deliver In-Flight.  Whether SAP provided a maintenance credit is not at issue.  This email also contains the statement by Mr. Lowery that "I am still reeling from two losses in excess of $100,000, installing SAP B1 at RSI and DRI and simply put, I do not have the money."  LSi's financial status is also not at issue.  Any marginal relevance is substantially outweighed by the likelihood that the issues will be confused, the trial will be unduly delayed, and SAP will be unfairly prejudiced by suggesting to the jury that it should apportion greater liability to SAP due to LSi/IBIS's potential inability to satisfy any judgment that might be rendered |

| | | | against it. |
|---|---|---|---|
| 8 | Reidl 3/13/07 Email | Dep. Exhibit 60 | **_Hearsay / Hearsay within Hearsay / Lack of Personal Knowledge / Relevance / Unfair Prejudice_ (Fed. R. Evid. 802, 805, 602, 402, 403.)**  The emails in this exhibit are out-of-court statements that will be offered for the truth.  The email from Ross Elliott (the owner of third-party Accellos, Inc., the licensor of Radio Beacon software) dated March 13, 2007 itself contains Mr. Elliott's out-of-court attempt to "synopsize" the out-of-court technical conclusions reached by Rodion Pronin that will be offered for the truth.  (Tr. Elliott Dep. 39:11-15.)  Mr. Elliott was shown this email (sub nom deposition exhibit 185) and did not testify that he had personal knowledge of these conclusions, only that he tried to "summariz[e]" them.  (*Id.* at 39:11-15, 40:10-12.)  Mr. Pronin was not deposed and is not expected to testify at trial.  The email from Kevin Reidl to Dan Lowery dated March 13, 2007 responds to the conclusions relayed by Mr. Elliott, and it contains out-of-court statements allegedly made by Mr. Reidl to unidentified persons at Hodell that will be offered for the truth.  The hearsay statements of persons who have not been shown to have knowledge relaying the hearsay conclusions of persons who will not testify in the case are not relevant.  Any marginal relevance is substantially outweighed by the likelihood of jury confusion and unfair prejudice to SAP.  Hodell has brought a case about alleged technical non-performance of software.  It should not be allowed to attempt to prove it through the hearsay conclusions of persons who it has not deposed and who it will not call at trial. |
| 9 | Lowery 3/20/07 Email | Dep. Exhibit 66 | None at this time. |
| 10 | Lowery 4/7/07 Email | Dep. Exhibit 67 | **_Hearsay / Hearsay Within Hearsay / Lack of Personal Knowledge / Unfair Prejudice_ (Fed. R. Evid. 802, 805, 602, 403.)**  The emails in this exhibit are out-of-court statements that will be offered for the truth.  The email from Brandon Liebhard to Otto and Kevin Reidl dated April 5, 2007 itself contains the out-of-court statements (reactions) of unidentified Hodell employees to the Business One system that will be offered for the truth.  No one has deposed Mr. Liebhard; he was not identified by Hodell as a person possessing relevant knowledge; and he has not been listed as a potential trial witness. There is no foundation to support the notion that he had personal knowledge of any of the issues he discusses in his email.  Any marginal relevance is substantially outweighed by the unfair prejudice to SAP of Hodell attempting to prove a multi-million dollar damages |

| | | | claim through hearsay emails. |
|---|---|---|---|
| 11 | Ziv  4/12/07 Email | Dep. Exhibit 69 | **Relevance / Unfair Prejudice (Fed. R. Evid. 402, 403.)** *See* Motion *in Limine* No. 5. |
| 12 | Elliott 4/13/07 Email | Dep. Exhibit 70 | **Relevance / Unfair Prejudice (Fed. R. Evid. 402, 403.)** *See* Motion *in Limine* No. 5. |
| 13 | Van Leeuwen 7/30/04 Email | Dep. Exhibit 71 | **Relevance / Unfair Prejudice / Confusion / Character Evidence / Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 402, 403, 404, 802, 805.)**  The emails contained within this exhibit constitute and contain out-of-court statements that will be offered for the truth.  The email from Dan Lowery to Dan Kraus dated July 21, 2004 mentions a potential 150 user deal but does not mention Hodell and is therefore not relevant to show what SAP may have known about Hodell at this point in time.  Any marginal relevance is substantially outweighed by the likelihood that the jury will be misled.  The email from Dale Van Leeuwen to Dan Lowry dated July 30, 2004 appears to list a number of commitments Mr. Van Leeuwen believed were not met by SAP in connection with LSi's reseller relationship.  None of these alleged failures are at issue, and Hodell will improperly use this email to show that SAP acted in conformity with alleged past actions.  Any marginal relevance is substantially outweighed by the likelihood of confusing the jury as to what is really at issue and unfair prejudice to SAP insofar as Hodell attempts to paint SAP as a generalized bad actor.  The other SAP internal emails on this chain discuss the possibility of funding for future LSi developments.  SAP's development funding (or lack thereof) is not at issue.  Any marginal relevance is substantially outweighed by the likelihood of confusion and undue delay. |
| 14 | 3/15/04  LSi Press Release | Dep. Exhibit 73 | None at this time. |
| 15 | 2005 B1 Lead Qualificatio n Call Guide | Dep. Exhibit 74 | None at this time. |
| 16 | Ziv  4/15/07 Email | Dep. Exhibit 77 | **Relevance / Unfair Prejudice (Fed. R. Evid. 402, 403.)** **Hearsay (Fed. R. Evid. 802.)** **Lack of Personal Knowledge (Fed. R. Evid. 602.)** *See* Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs. |
| 17 | Lowery | Dep. | None at this time. |

| | 4/16/07 Email | Exhibit 79 | |
|---|---|---|---|
| 18 | Lowery 4/17/07 Email | Dep. Exhibit 81 | None at this time. |
| 19 | Kraus 4/25/07 Email | Dep. Exhibit 83 | **Hearsay / Hearsay Within Hearsay / Lack of Personal Knowledge / Relevance / Unfair Prejudice / Undue Delay (Fed. R. Evid. 802, 805, 602, 402, 403.)**  The emails contained in this exhibit are out-of-court statements that will be offered for the truth.  The email from Dan Lowery to Dirk Boessmann dated April 24, 2007 itself contains out-of-court statements allegedly made by unidentified people at Hodell as to the status of daily Hodell operations post-go-live that will be offered for the truth.  Hodell did not establish that Mr. Lowery had personal knowledge of Hodell's operational status at this time, and Mr. Lowery may not be available to testify at trial to lay further foundation.  The hearsay statements of unidentified persons at Hodell, and Mr. Lowery's foundationless descriptions of Hodell's situation post go-live, are not relevant to any issue in the case.  Any marginal relevance is substantially outweighed by the likelihood of undue delay through the presentation of cumulative evidence. |
| 22 | Lowery 6/6/07 Email | Dep. Exhibit 90 | **Hearsay / Hearsay Within Hearsay / Relevance / Undue Delay (Fed. R. Evid. 802, 805, 402, 403.)**  The email from Dan Lowery contained in this exhibit is an out of court statement that will be offered for the truth.  The email itself contains references to out-of-court statements allegedly made by unidentified persons at either SAP or Radio Beacon that will also be offered for the truth.  In any event, this email generally shows that after go-live, SAP, LSi, and Radio Beacon continued to work to resolve the performance issues Hodell identified.  This is not a contested issue, and any relevance is greatly outweighed by the likelihood of undue delay through the presentation of cumulative evidence. |
| 23 | Woodrum 7/14/07 Email | Dep. Exhibit 92 | **Hearsay / Hearsay Within Hearsay / Relevance / Undue Delay (Fed. R. Evid. 802, 805, 402, 403.)**  The email from Jon Woodrum contained in this exhibit is an out of court statement that will be offered for the truth.  The email itself contains a variety of out-of-court statements that will also be offered for the truth such as (a) the feelings/thoughts of "Joe"; (b) the results of testing conducted by "Cain"; (c) the intentions of "Joe" (and possibly "Keith"); (d) the statements allegedly made by an unidentified speaker in connection with an "SAP Webex"; (e) the plans of an unidentified customer in Kansas City; (f) the contents of an "SAP PP slide that had |

| | | | |
|---|---|---|---|
| | | | numbers on it"; and (g) the statements of "Eric."  In any event, this email generally shows that after go-live, SAP and LSi continued to work to resolve the performance issues Hodell identified.  This is not a contested issue and any relevance is substantially outweighed by the likelihood of undue delay through the presentation of cumulative evidence. |
| 24 | Lowery 7/27/07 Email | Dep. Exhibit 93 | **Hearsay / Hearsay Within Hearsay / Relevance / Undue Delay (Fed. R. Evid. 802, 805, 402, 403.)**  The email contained in this exhibit is an out-of-court statement that will be offered for the truth.  The email itself contains out-of-court statements that will also be offered for the truth.  In any event, this email generally shows that after go-live, SAP and LSi continued to work to resolve the performance issues Hodell identified.  This is not a contested issue and any relevance is greatly outweighed by the likelihood of undue delay through the presentation of cumulative evidence |
| 25 | Lowery 9/5/07 Email | Dep. Exhibit 97 | **Hearsay / Hearsay Within Hearsay / Relevance / Unfair Prejudice / Character Evidence (Fed. R. Evid. 802, 805, 402, 403, 404.)**  This email from Dan Lowery to Kevin Reidl is an out-of-court statement that will be offered for the truth.  The email itself contains out-of-court statements by Mr. Lowery about what the owner of an organization known as Computer Decisions told him about "a bad customer situation on performance" that a different customer allegedly experienced with SAP that will be offered to show action in conformity therewith.  The email in question is a mere seven sentences long and says nearly nothing about the alleged bad situation at this other company.  The fact that a different customer may have had an unidentified bad situation with Business One is not probative of any issue in this case.  Any marginal relevance is substantially outweighed by the likelihood that the jury will be confused and that SAP will be prejudiced by general bad actor evidence. |
| 26 | Lowery 9/14/07 Email | Dep. Exhibit 101 | **Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 802, 805.)**  The emails in this chain are out-of-court statements that will be offered for the truth.  The September 14, 2007 10:22 a.m. email from Dan Lowery to Otto Reidl contains a reproduction of an entire email that Mr. Lowery sent to SAP's Henny Kagermann, which is and contains out-of-court statements that will be offered for the truth.  *See* SAP's Objections to Proposed Trial Exhibit 27, *infra*.  Moreover, the September 14, 2007 3:44 p.m. email from Dan Lowery to Otto Reidl contains and concerns statements made by, *inter alia*, a person referred to only as "the guy telling [sic] me this."  This hearsay is particularly unreliable. |
| 27 | Lowery | Dep. | **Hearsay / Hearsay Within Hearsay / Lack of Personal** |

| 9/17/07 Email | Exhibit 103 | **Knowledge / Relevance / Unfair Prejudice / Character Evidence (Fed. R. Evid. 802, 805, 602, 402, 403, 404.)**  The emails contained within this exhibit are out-of-court statements that will be offered for the truth.  The email from Dan Lowery to Henning Kagermann dated September 16, 2007 purports to speak "[o]n behalf of all partners" and contains references to out-of-court "whispers" from unidentified persons "in the channel" that "B1 performance was poor in other installations" as well as statements from unidentified partners that they followed "a similar path" with Business One (i.e., that they "spen[t] themselves out of business trying to fix the problems in Business One").  Hodell has not, however, laid any foundation to support the conclusion that Mr. Lowery had personal knowledge of the experiences and beliefs of "so many other partners and customer," and Mr. Lowery is unlikely to testify at trial.  The statements contained in this email are therefore particularly unreliable out-of-court statements offered for the truth of the matter asserted and to prove SAP action in conformity with alleged past actions.  The email from Dan Lowery to Dan Kraus dated September 16, 2007 speaks to "[w]hat SAP is doing to a bunch of very good partners and customers" and that [s]ome good men and women and their families are about to be victims of a poor product being hyped behind a good name, SAP."  However, Mr. Lowery admitted in his deposition that he had "no specific partners or customers in mind" and that the basis for this assertion was his belief that "if they're doing it to me, they're probably doing it to others." (Tr. Lowery Dep. 400:13-3.)  Hodell should not be allowed to offer this email to prove that SAP acted in accordance with alleged past actions of which the witness has no actual knowledge.  In the same email, Mr. Lowery stated his opinion that "[t]his product was oversold before it was ready for market."  Yet at his deposition Mr. Lowery stated this opinion was based on a legal letter he had received from the Reidls and was not specifically based on anything else other than his "overall impression of the situation."  (Tr. Dep. Lowery 401:17-23.)  Mr. Lowery is not a technical person, (*see* Tr. Lowery Dep. 18:16-18), and his lay opinion on this technical matter is not rationally based on his own perception of specific facts nor will his "overall [non-technical] impression" help the jury resolve any relevant question.  At bottom, the emails from Dan Lowery contained in this exhibit consist of summary accusations of misconduct based on hearsay accounts of other projects and non-specific impressions of the Hodell project for which he often lacked any personal |

| | | | |
|---|---|---|---|
| | | | knowledge that were leveled after litigation was threatened. Any marginal relevance is substantially outweighed by the likelihood of confusion and unfair prejudice. |
| 28 | Lowery 9/17/07 Email | Dep. Exhibit 104 | **Hearsay / Hearsay Within Hearsay / Character Evidence / Personal Knowledge / Relevance / Unfair Prejudice (Fed. R. Evid. 802, 805, 404, 602, 402, 403.)** The emails contained within this exhibit are out-of-court statements that will be offered for the truth. The email from Dan Lowery to Dan Kraus dated September 17, 2007 itself references the alleged experiences of "partners and ex partners," who allegedly suffered due to "jive [SAP] pumped out." Yet at his deposition, Mr. Lowery admitted that the only specific person he was referring to in that email was someone called Dan Carr – not the multiple "partners and ex partners" claimed. (*See* Tr. Lowery Dep. 398:22-399:7.) Moreover, these out-of-court statements for which Mr. Lowery does not have personal knowledge will be impermissibly offered to show SAP acted in conformity with alleged past actions. At bottom, the emails from Dan Lowery contained in this exhibit consist of summary accusations of misconduct based on hearsay accounts of other projects and non-specific impressions of the Hodell project for which Mr. Lowery lacked personal knowledge that were leveled after litigation was threatened. Any marginal relevance is substantially outweighed by unfair prejudice to SAP and the likelihood of jury confusion. Mr. Lowery also mentions that SAP is "putting [him] out of business," which may improperly affect the jury's apportionment of any liability. |
| 29 | Sotnick 11/16/07 Email | Dep. Exhibit 109 | **Hearsay / Lack of Personal Knowledge / Relevance / Unfair Prejudice (Fed. R. Evid. 802, 602, 402, 403.)** The emails contained in this exhibit are out-of-court statements that will be offered for the truth. In the email from Otto Reidl to Michael Sotnick, Mr. Reidl discusses alleged technical "problems" with SAP Business One without any indication that Mr. Reidl has personal knowledge of the nature or genesis of those alleged problems. In large part, the emails contained in this exhibit arise out of and largely concern Hodell's failure to pay invoices for implementation support provided by LSi as well as LSi's related contention that it needed the payment because it had run out of cash. Hodell's payment of invoices is not at issue in this case. Any marginal relevance is substantially outweighed by the prejudicial effect to SAP of the jury learning of LSi's alleged inability to satisfy its creditors. |
| 32 | 1/30/06 Notes | Dep. Exhibit | **Hearsay / Hearsay Within Hearsay / Lack of Personal Knowledge / Relevance / Unfair Prejudice / Undue Delay** |

| | | 123 | **(Fed. R. Evid. 802, 805, 602, 402, 403.)**  This six-page document entitled "FKOM Notes" is an out-of-court statement that will be offered for the truth.  However, it is not signed, and the author is unknown.  Indeed, counsel for Hodell showed these notes to three different LSi witnesses and all testified that they were not the author.  (*See* Tr. Dep. of Woodrum 458:16-459:1; Tr. Dep. of Woodrum 243:18-243; Tr. Dep. of Van Leeuwen 161:1-9.)  Moreover, the document itself contains out-of-court statements allegedly made by at least sixteen people, and the majority of these notes have nothing to do with Business One.  Hodell should not be allowed to attempt to prove its case through hearsay statements within hearsay notes from an unidentified source when the same subject matters could have been explored with persons with personal knowledge. |
| 37 | SAP Business Partner Coop Marketing Guide | Dep. Exhibit 134 | None at this time. |
| 39 | Lowery 3/15/07 Email | Dep. Exhibit 147 | **Hearsay / Hearsay Within Hearsay / Lack of Personal Knowledge / Relevance / Unfair Prejudice (Fed. R. Evid. 802, 805, 602.)**  The emails contained in this exhibit are out-of-court statements offered for the truth of the matters asserted.  The email from Dan Lowery to Kevin Reidl dated March 15, 2007 forwards an email from Jon Woodrum to Dan Lowery containing a technical assessment of the status at Hodell derived, at least in part, from out-of-court statements by unidentified SAP and Radio Beacon personnel that will also be offered for the truth and concludes that "[t]he problem lies with SAP B1 code."  However, Mr. Lowery is not a person with technical knowledge, (*see* Tr. Lowery Dep. 18:16-18), and he explained at his deposition that the basis for the aforementioned conclusion was something LSi was "probably being told at that point."  (Tr. Dep. Lowery 699:2-19.)  The hearsay-based conclusion of a non-technical witness on a technical topic is not relevant to any question in this case.  Any marginal relevance it is substantially outweighed by the risk of unfair prejudice to SAP.  Hodell had the opportunity to depose (and did in fact depose) individuals with technical knowledge on the locus of the alleged performance problems.  The jury should hear from those witnesses and not witnesses without the relevant knowledge or expertise who admit that their conclusion is based on hearsay. |

| 41 | Mehnert-Meland 4/17/07 Email | Dep. Exhibit 158 | None at this time. |
| 44 | Kraus 6/13/07 Email | Dep. Exhibit 161 | None at this time. |
| 45 | Neveux 6/18/07 Email | Dep. Exhibit 162 | None at this time. |
| 46 | Kraus 9/26/07 Email | Dep. Exhibit 163 | None at this time. |
| 47 | Ashley 12/29/11 Email | Dep. Exhibit 173 | **Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 802, 805.)**  The emails sent by Geoff Ashley in December 2011 contained in this exhibit are out-of-court statements made by Mr. Ashley when he no longer worked for SAP that will be offered for the truth.  Hodell has laid no foundation that any hearsay exception applies. |
| 48 | Ashley 1/3/12 Email | Dep. Exhibit 174 | **Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 802, 805.)**  This exhibit consists of emails between and among Geoff Ashley and Dan Lowery in January 2012 that will be offered for the truth.  However, at the time, litigation had been underway for years, Mr. Ashley no longer worked for SAP, and LSi's Business One practice was not a going concern.  Hodell has laid no foundation that any hearsay exception applies. |
| 49 | Ashley 1/2/06 Memo | Dep. Exhibit 177 | **Relevance / Confusion / Unfair Prejudice (Fed. R. Evid. 402, 403.)**  This email from Geoff Ashley to Michael Sotnick dated January 2, 2006 refers to "issues surrounding the product" and "product quality issues" without further specification.  There has been no foundation laid that any of the "issues" referred to in this email were similar or the same as the performance issues alleged by Hodell in this lawsuit.  Any relevance is substantially outweighed by the risk of confusion and unfair prejudice. |
| 50 | Ashley 2/10/06 Email | Dep. Exhibit 178 | None at this time. |
| 51 | Ziv  4/25/07 Email | Dep. Exhibit 247 | **Relevance / Prejudice (Fed. R. Evid. 402, 403.)**  *See* Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs. |
| 52 | Kraus 3/13/07 Email | Dep. Exhibit 253 | None at this time. |
| 53 | Sotnick | Dep. | **Hearsay / Hearsay Within Hearsay / Lack of Personal** |

| 9/24/07 Email | Exhibit 259 | **Knowledge / Relevance / Unfair Prejudice (Fed. R. Evid. 802, 805, 602, 402, 403.)**  The emails contained in this exhibit are out-of-court statements that will be offered for the truth.  The emails themselves contain out-of-court statements (including conclusions and analysis) that will also be offered for the truth.  However, there is no foundation that any of the witnesses who will be presented at trial have personal knowledge of any of the technical analysis and conclusions contained within these emails.  The email from Dusan Lacko to Jui Shang-Ling and Monty Sagal, dated September 19, 2007 contains conclusions as to the propriety of Business One for Hodell.  Mr. Lacko was not deposed nor is he listed as a trial witness, and there is no foundation that Mr. Lacko had personal knowledge of that conclusion.  The email from Jui Shang-Ling to Niels Stenfeldt dated September 19, 2007 contains a conclusion as to the propriety of Business One for Hodell.  Mr. Shang-Ling was not deposed nor is he listed as a trial witness, and there is no foundation that Mr. Shang-Ling had personal knowledge of that conclusion.  (And at his deposition, Mr. Killingsworth testified that he completely disagreed with those conclusions.  *See* Tr. Killingsworth Dep. 132:16-133:5.)  Mr. Killingsworth also testified that he believes Messrs. Shang-Ling and Lacko were, in the aforementioned emails, "making an assessment with just a little bit of information.  They did not have all of the information."  (Tr.  Killingsworth Dep. 133:1-6.)  The email from Dusan Lacko to Paul Killingsworth dated September 24, 2007 contains a technical analysis of certain performance issues at Hodell.  As noted, Mr. Lacko was not deposed and is not listed as a trial witness, and there is no foundation that Mr. Lacko had personal knowledge of that analysis.  At his deposition, Mr. Kraus was asked about that analysis, and he stated "You're asking me to give you an opinion on something technical that I'm probably not qualified to give you an opinion on."  (Tr. Kraus Dep. 151:21-152:1.)  The email from Dan Kraus to Michael Sotnick dated September 24, 2007 contains a statement by Mr. Kraus regarding the performance issue at Hodell.  At his deposition, Mr. Kraus testified that he simply relayed that conclusion from other persons within the support team (identified by first name only) who were not deposed and who are not listed as trial witnesses.  *See* (Tr. Kraus Dep. 152:14-22.)  The hearsay statements of persons who have not been shown to have knowledge filtered through the emails of witnesses who have disclaimed knowledge of those conclusions are not relevant to any issues in the case.  Any marginal relevance is |

| | | | substantially outweighed by unfair prejudice to SAP.  Hodell has brought a case about alleged technical non-performance of software.  If Hodell wanted to rely on the technical statements expressed in these emails, it should have laid a foundation through persons with actual knowledge. |
|---|---|---|---|
| 54 | Sotnick 10/31/07 Email | Dep. Exhibit 262 | None at this time. |
| 55 | Kraus 10/1/07 Email | Dep. Exhibit 267 | **Hearsay / Lack of Personal Knowledge / Unfair Prejudice (Fed. R. Evid. 602, 802, 403.)**  In the email from Dan Kraus to Paul Killingsworth dated September 29, 2007, Mr. Kraus asks Mr. Killingsworth to have a "confidential conversation with Kevin [Reidl] and get an understanding of what they have spent on software and on services?"  In the email from Paul Killingsworth to Dan Kraus dated October 1, 2007, Mr. Killingsworth responds with ballpark figures received from Mr. Reidl after litigation was threatened.  Mr. Killingsworth obviously had no personal knowledge that the hearsay figures he received from Hodell were accurate.  Hodell is seeking millions of dollars in damages and should not be allowed to prove its damages through ballpark figures contained in unreliable hearsay. |
| 56 | Lowery 2/7/06 Email | Dep. Exhibit 292 | None at this time. |
| 59 | SAP Business One Brief | Dep. Exhibit 314 | **Hearsay (Fed. R. Evid. 802.)**  The documents contained herein are out-of-court statements offered for the truth of the matters asserted.  Hodell has not laid any foundation that an exception to the hearsay rule applies. |
| 60 | Boessmann 4/24/07 Email | Dep. Exhibit 402 | None at this time. |
| 61 | SAP Partner Branding Guide | Dep. Exhibit 425 | **Relevance / Confusion / Undue Delay (Fed. R. Evid. 402, 403.)**  This exhibit consists of a 14-page document entitled "SAP Partner Branding Guide."  Its sole purpose is to explain to SAP partners how to display various SAP logos in terms of color patterns, color palettes, minimum size, web presentation, file formats, placement on various products, placement at tradeshows, etc.  This is not relevant to any issue in the case and would only tend to distract the jury and delay the trial. |
| 62 | Killingsworth 10/22/07 Email | Dep. Exhibit 426 | None at this time. |
| 63 | "Run With SAP | Dep. Exhibit | None at this time. |

| | Business One" | 428 | |
|---|---|---|---|
| 64 | Killingsworth 4/26/07 Email | Dep. Exhibit 431 | None at this time. |
| 65 | Shamia 9/29/05 Email | Dep. Exhibit 432 | **Hearsay / Lack of Personal Knowledge / Relevance / Confusion / Undue Delay (Fed. R. Evid. 802, 602, 402, 403.)**  This exhibit consists of internal SAP emails among various persons none of whom were deposed or are listed as trial witnesses.  Hodell showed this document exclusively to Mr. Killingsworth, who testified that he had no knowledge of what was being discussed.  (Tr. Killingsworth Dep. 61:9-63:25.)  It is not clear that this document is relevant to any issues in the case.  Any marginal relevance is substantially outweighed by the likelihood that SAP will be unfairly prejudiced and that the trial will be unduly delayed. |
| 66 | SAP Business One- Opportunity Qualification Tool | Dep. Exhibit 435 | None at this time. |
| 67 | Opportunity Qualification Tool Advanced Topics | Dep. Exhibit 436 | None at this time. |
| 68 | Kraus 5/21/07 Email | Dep. Exhibit 438 | None at this time. |
| 69 | Boessmann 5/22/07 Email | Dep. Exhibit 439 | None at this time. |
| 71 | Lacko 9/28/07 Email | Dep. Exhibit 444 | None at this time. |
| 72 | Fuerst 9/27/07 Email | Dep. Exhibit 446 | None at this time. |
| 77 | Press Fact Sheet Oct. 2003 | Dep. Exhibit 34 | None at this time. |
| 78 | Lowery 11/2/03 Email | Dep. Exhibit 40 | None at this time. |
| 79 | Woodrum | Dep. | None at this time. |

| | 1/12/07 Email | Exhibit 55 | |
|---|---|---|---|
| 80 | Table of B1 Sales | Dep. Exhibit 75 | None at this time. |
| 81 | Lowery 9/16/07 Email | Dep. Exhibit 102 | *See* SAP's objection to proposed trial exhibit 27. |
| 82 | Lowery 11/8/07 Email | Dep. Exhibit 108 | None at this time. |
| 83 | Kraus 1/31/06 Email | Dep. Exhibit 118 | **Relevance / Unfair Prejudice / Confusion / Undue Delay / Character Evidence / Hearsay (Fed. R. Evid. 402, 403, 404, 802.)** This email chain concerns Dan Lowery's hearsay allegation that Dan Kraus promised him that LSi would win a sales trip if it sold to Hodell. SAP's failure to award Mr. Lowery a sales trip is not relevant to any issues in this case. Any marginal relevance is substantially outweighed by the likelihood that the jury will confuse the real issues; that the trial will be unduly delayed; and that SAP will be unfairly prejudiced by general "bad actor" allegations that have nothing to do with the issues in this case. |
| 86 | Ashley 4/16/07 Email | Dep. Exhibit 180 | None at this time. |
| 93 | Hodell Financial Statements Years Ended 2010 and 2009 | HODL030 667- HODL030 681 | **Completeness / Unfair Prejudice (Fed. R. Evid. 106, 403.)** *See* SAP's Motion *in Limine* No. 1 re: Hodell's incomplete financial statements. |
| 95 | PCBC Asset Purchase Agreement and Documentation | HODL032 366, HODL032 253, HODL032 254- 032304 | None at this time. |
| 96 | Pinnacle Capital Top Ten Deals of the Year | HODL040 692- HODL040 703; HODL040 710- HODL040 729 | None at this time. |
| 97 | Hodell | HODL030 | **Completeness / Unfair Prejudice (Fed. R. Evid. 106, 403.)** |

| | | 622-<br>HODL030<br>636 | *See* SAP's Motion *in Limine* No. 1 re: Hodell's incomplete financial statements. |
|---|---|---|---|
| | Financial Statements for the Years Ended 2006 and 2007 | | |
| 98 | Hodell Financial Statements for the Years Ended 2007 and 2008 | HODL030 637-<br>HODL030 651 | **Completeness / Unfair Prejudice (Fed. R. Evid. 106, 403.)** *See* SAP's Motion *in Limine* No. 1 re: Hodell's incomplete financial statements. |
| 99 | Hodell Financial Statements for the Years Ended 2008 and 2009 | HODL030 652-<br>HODL030 666 | **Completeness / Unfair Prejudice (Fed. R. Evid. 106, 403.)** *See* SAP's Motion *in Limine* No. 1 re: Hodell's incomplete financial statements. |
| 100 | Compendium of Hodell Expenses Related to SAP Business One Costs | *See* attached Exhibit A: Kennedy Report Schedule 8; HODL040 000-<br>HODL040 401 | SAP objects to the admission of this "compendium" as a single exhibit on the grounds that it is unduly burdensome for SAP to inspect these approximately 70 individual documents for their admissibility.<br><br>**Hearsay (Fed. R. of Evid. 702, 703.)** Federal Rule of Evidence 702 "permits the admission of expert opinion *testimony*[,] not opinions contained in documents prepared out of court." *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994) ("Rules 702 and 703 do not, however, permit the admission of materials, relied on by an expert witness, for the truth of the matters they contain if the materials are otherwise inadmissible."). |
| 101 | Compendium of all documents provided to and reviewed by Dr. G. William Kennedy as identified on the attached Exhibit B. | | SAP objects to the admission of this "compendium" as a single exhibit on the grounds that it is unduly burdensome for SAP to inspect these approximately 220 individual documents for their admissibility.  While these documents were allegedly provided to Dr. Kennedy in connection with the preparation of his report, it appears that only a small number of these documents were ever specifically cited by Mr. Kennedy. Moreover, it is not apparent from the face of these documents what their relevancy is to the issues at hand.  (*See, e.g.*, "Employment Agreement between Hodell-Natco and Gwen Herron [undated];" "Building Lease between Alex Marinin and Marie Marinin and Hodell-Natco as of July __, 2001;" "Section F [blank page];" and "Letter (May 5, 1998) |

|   |   |   | concerning lease of 7825 Hub Parkway building.") **Hearsay (Fed. R. of Evid. 702, 703)** Federal Rule of Evidence 702 "permits the admission of expert opinion *testimony*[,] not opinions contained in documents prepared out of court." *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994) ("Rules 702 and 703 do not, however, permit the admission of materials, relied on by an expert witness, for the truth of the matters they contain if the materials are otherwise inadmissible."). |
|---|---|---|---|
| 102 | SAP Business One 2004C Release notes published May 2005 |   | **Lack of Personal Knowledge (Fed. R. Evid. 602.)**  No foundation was laid for this exhibit whatsoever.  It was not shown to any witnesses during deposition. |
| 103 | SAP Business One 2007A Release Notes September 2006 |   | **Lack of Personal Knowledge (Fed. R. Evid. 602.)**  No foundation was laid for this exhibit whatsoever.  It was not shown to any witnesses during deposition. |
| 104 | SAP Business One Statement of Direction January 2009 |   | **Lack of Personal Knowledge (Fed. R. Evid. 602.)**  No foundation was laid for this exhibit whatsoever.  It was not shown to any witnesses during deposition. |
| 105 | SAP Business One Statement of Direction 2007, November 2006, version 2.0 released March 29, 2006 |   | **Lack of Personal Knowledge (Fed. R. Evid. 602.)**  No foundation was laid for this exhibit whatsoever.  It was not shown to any witnesses during deposition. |
| 106 | Presentation by Andreas |   | **Lack of Personal Knowledge (Fed. R. Evid. 602.)**  No foundation was laid for this exhibit whatsoever.  It was not |

| | | | |
|---|---|---|---|
| | Wolfinger, SAP AG, Vice President Head of Global Product Management June 2012 | | shown to any witnesses during deposition. |
| 107 | Presentation by Torsten Hopmeier, CIO Weidmüller dated March 2, 2006 "Business One – Entscheidungskriterien und Praxiserfahrungen" | | **Lack of Personal Knowledge (Fed. R. Evid. 602.)**  No foundation was laid for this exhibit whatsoever.  It was not shown to any witnesses during deposition.  Moreover, this document is written entirely in German.  This violates the rule that all evidence must be presented in English.  *See United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English.")  Hodell should be required to provide an English translation.  *See* Fed. R. Evid. 604 (governing translations).  SAP specifically reserves its rights to make further objections upon receipt of an English translation. |
| 108 | Computer World Article available at http://www.computerwoche.de/a/weidmueller-laesst-saps-business-one-einfuehren,554731 | | This document was not provided to SAP in print form.  The version available at the internet link provided by Hodell is written entirely in German.  This violates the rule that all evidence must be presented in English.  *See United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English.")  Hodell should be required to provide an English translation.  *See* Fed. R. Evid. 604 (governing translations).  SAP specifically reserves its rights to make further objections upon receipt of an English translation. |
| 109 | November 2, 1005 SAP Business One 2005 Article | Dep. Exhibit 5 | None at this time. |
| 111 | SAP Market Strategy Article | Dep. Exhibit 14 | **Hearsay / Hearsay Within Hearsay / Relevance / Confusion (Fed. R. Evid. 802, 805, 402, 403.)**  This document constitutes an out-of-court statement that will be offered to prove that "the general target market for Business One is any small and medium size business with between 5 |

| | | | and 500 users."  However, Otto Reidl confirmed that he does not know when this document was prepared or whether SAP even prepared it.  (Tr. O. Reidl Dep. 278:24-279:1, 279:6-12, 280:7-9, 281:25-282:3.)  Moreover, Mr. Reidl admitted that Hodell did not have this document in its possession before Hodell signed any of the relevant agreements.  (*Id.* at 280:3-9.)  An undated, hearsay document of unknown authorship that Hodell did not review or rely upon prior to entering into any relevant agreement is not relevant to any issue in this case.  Any marginal relevance is substantially outweighed by the likelihood that the jury will be confused and SAP will be unfairly prejudiced. |
|---|---|---|---|
| 112 | Otto Reidl notes dated April 17, 2007 | Dep. Exhibit 18 | None at this time. |
| 113 | Otto Reidl notes dated May 11, 2007 | Dep. Exhibit 19 | None at this time. |
| 115 | Notes of January 11, 2008 conference call | Dep. Exhibit 22 | None at this time. |
| 116 | "SAP B1 Effect on Productivity" | Dep. Exhibit 25 | **Hearsay (Fed. R. Evid. 802.)**  This document is entitled "SAPB1 effect on Productivity" and purports to show, *inter alia*, "SAP Lost Productivity Cost" sustained by Hodell.  It constitutes an out-of-court statement that will be offered for the truth.  It does not appear to have been created in the course of a regularly conducted business activity; in fact, it appears to have been created specifically for this litigation.  (*See* Tr. Dep. O. Reidl 438:8-15.) |
| 117 | LSi Answer to First Amended Complaint | Dep. Exhibit 27 | None at this time. |
| 118 | LSi Defendants' Answers to SAP Discovery Requests | Dep. Exhibit 28 | None at this time. |
| 121 | SAP Business One Press | Dep. Exhibit 34 | None at this time. |

| | Fact Sheet October 2003 | | |
|---|---|---|---|
| 122 | SAP Business One Partner Brief June 2004 | Dep. Exhibit 35 | None at this time. |
| 123 | SAP Business One Solution Brief | Dep. Exhibit 36 | None at this time. |
| 124 | SAP Business One informational bulletin | Dep. Exhibit 37 | **Relevance / Unfair Prejudice / Confusion (Fed. R. Evid. 402, 403.)** This undated document constitutes an out-of-court statement that will be offered for the truth of the statement "SAP Business One is ideally suited for companies with . . . up to 250 employees." However, no Hodell witness testified that Hodell reviewed and/or relied on this document prior to the sale. (*See* K. Reidl 218:7-219:1.) Statements made about Business One that were not seen and relied upon by Hodell are not relevant to any issues in this case. This is particularly so where Hodell may not argue that any defendant committed fraud by failure to disclose. *See* Motion in Limine No. 4 re: fraud. Any marginal relevance is greatly outweighed by the likelihood that the jury may (wrongly) assume that SAP (and/or its alleged agent) communicated this document to Hodell and/or that Hodell relied on it. There is also a handwritten note on this document that say "Bull---" that is irrelevant, profane, and unfairly prejudicial to SAP and should be redacted. |
| 125 | Compendium of SAP Annual Reports (2004 to present) | | **Relevance / Unfair Prejudice / Confusion (Fed. R. Evid. 402, 403.)** It is unclear from the testimony for what purpose Hodell will offer the annual statements. If used to show the size of SAP, its net worth, or any other financial information, Hodell should not be permitted to offer this information because it will mislead the jury. Further, it is irrelevant to the issue of the technical non-performance of software, *i.e.*, Business One. |
| | | | Moreover, this document has not been adequately identified by Hodell. No Bates numbers have been provided, nor does it appear to have been previously marked as a deposition exhibit. SAP reserves its right to lodge additional objections once the document has been properly identified. |
| 126 | SAP | | This is a duplicate of proposed trial exhibit 36 and should be |

| | | | |
|---|---|---|---|
| | Business One Solution Brief (Exhibit A to First Amended Complaint) | | removed for good order. |
| 127 | Devereaux 10/1/03 with American Express Edition Attachment (Exhibit B to First Amended Complaint) | | **Relevance/Unfair Prejudice/Confusion/Hearsay (Fed. R. Evid. 402, 403, 802.)**  *See* SAP's Motion in Limine No. 7 re: American Express. |
| 128 | SAP Business One Whitepaper (Exhibit C to First Amended Complaint) | | **Relevance/Unfair Prejudice/Hearsay (Fed. R. Evid. 402, 403, 802.)**  *See* SAP's Motion in Limine No. 7 re: American Express.  Moreover, this exhibit was shown to no witnesses during depositions and no foundation has been laid for its admission into evidence. |
| 129 | 12/20/04 Purchase Order and Invoice (Exhibits E and F to First Amended Complaint) | | This appears to be a duplicate of 194 and should be removed for good order. |
| 130 | SAP B1 Procedure Manual dated October 2006. | | This document has not been adequately identified by Hodell. No Bates numbers have been provided, it does not appear to have been previously marked as a deposition exhibit, nor is SAP able to identify it as a previously produced document. SAP reserves it right to lodge additional objections once the document has been properly identified. |
| 132 | Email string beginning with K. Reidl 3-8-07 | Dep. Exhibit 59 | None at this time. |
| 133 | Email string | Dep. | None at this time. |

|  | with attachment 9-19-07 | Exhibit 61 |  |
|---|---|---|---|
| 134 | Email string beginning with J. Woodrum 3-15-07 | Dep. Exhibit 64 | **Hearsay / Lack of Personal Knowledge / Relevance / Unfair Prejudice / Lay Opinion (Fed. R. Evid. 802, 602, 402, 403, 701.)** The emails contained in this exhibit are out-of-court statements offered for the truth of the matters asserted. The email from Jon Woodrum to Dan Lowery dated March 15, 2007 contains a technical status update of Hodell's implementation. The email from Dan Lowery to Kevin Reidl dated March 15, 2007 forwards and summarizes that email, stating "Here is how I am seeing this: The problem lies within SAP B1 code." Yet, Mr. Lowery has no technical expertise, (*see* Tr. Dep. Lowery 18:16-18), and Mr. Woodrum, who will not testify at trial, was not shown this document at his deposition. Mr. Lowery's non-technical opinion on this technical matter is not likely to assist the jury answer any relevant questions, and any marginal relevance is substantially outweighed by the likelihood of unfair prejudice to SAP. Hodell has brought a case about alleged technical non-performance of software. If Hodell wanted to rely on the technical statements expressed in these emails, it should have laid a foundation through a witness with technical knowledge. |
| 135 | Email string with attachment beginning with K. Reidl 3-20-07 | Dep. Exhibit 65 | **Hearsay / Unfair Prejudice (Fed. R. Evid. 802, 403.)** The email from Kevin Reidl to Dan Lowery threatens legal action and states that Mr. Reidl was hesitant to go-live, but was "coaxed into believing that everything would be fine." The email further states that "[t]hese issues are critical to our company's survival, and we're really hurting." These self-serving, out-of-court statements expressly made in contemplation of litigation are particularly unreliable hearsay. |
| 136 | SAP maintenance schedule and software license agreement | Dep. Exhibit 252 | None at this time. |
| 137 | Email string beginning with Daniel Ferenci starting 3-16-07 | Dep. Exhibit 429 | **Relevance / Undue Delay (Fed. R. Evid. 402, 403.)** This string of emails shows that after go-live, SAP and LSi continued to work to resolve the performance issues Hodell identified. This is not a contested issue in the case. Any marginal relevance is substantially outweighed by the likelihood of undue delay by way of cumulative evidence. |
| 138 | SAP | Dep. | **Lack of Personal Knowledge / Relevance / Confusion /** |

| | performance requirements definition document | Exhibit 244 | **Unfair Prejudice (Fed. R. Evid. 602, 402, 403.)**  This appears to be a technical document entitled "B1 Performance Requirements."  However, it was shown to two witnesses, Udi Ziv and Paul Killingsworth, and neither could recall having seen it in any capacity other than during preparation for the deposition.  Both witnesses repeatedly confirmed that they were unaware of the meaning of statements contained in this exhibit or whether it is whatever it is purported to be.  (*See* Tr. U. Ziv Dep. 63:24-86:20; Tr. P. Killingsworth Dep. 92:20-101:12.)  Any relevance is substantially outweighed by the likelihood that the jury will be confused by an unexplained technical document and that SAP will suffer unfair prejudice. |
|---|---|---|---|
| 139 | Email string beginning with Jon Woodrum's forward starting on 5-22-07 | Dep. Exhibit 440 | None at this time. |
| 140 | Email string beginning with Lowery starting on 9-4-07 | Dep. Exhibit 443 | None at this time. |
| 142 | LSI customer spreadsheet | Dep. Exhibit 72 | None at this time. |
| 143 | Email string beginning with J. Woodrum 4-16-07 | Dep. Exhibit 76 | None at this time. |
| 144 | Email string beginning with Lowery 4-12-07 | Dep. Exhibit 78 | **Relevance / Prejudice (Fed. R. Evid. 402, 403.)**  *See* Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs. |
| 145 | Email string beginning with Guagenti 3-13-06 | Dep. Exhibit 80 | **Unfair Prejudice (Fed. R. Evid. 403.)**  The email from Dan Lowery to Dan Kraus, dated April 16, 2007 references Mr. Lowery's worry that his company will go out of business and that it would be a "death roll for [him] and his employees."  Any relevance is substantially outweighed by the likelihood that the jury will be influenced by LSi's apparent inability to satisfy any judgment when apportioning liability. |

| 146 | Email string beginning with O. Reidl 4-25-07 | Dep. Exhibit 82 | None at this time. |
|-----|-----|-----|-----|
| 147 | Email string beginning with K. Reidl 4-25-07 | Dep. Exhibit 84 | **Hearsay / Hearsay Within Hearsay / Relevance / Unfair Prejudice (Fed. R. Evid. 802, 805, 402, 403.)** The emails among and between Dan Lowery and Otto Reidl constitute out-of-court statements that will be offered for the truth. The email from Otto Reidl to Dan Lowery dated April 25, 2007, copy to Eugene Kratus, Esquire, contains self-serving, out-of-court statements regarding what Hodell alleges it "was told" in connection with Business One before the sale; unsubstantiated hyperbole regarding Hodell's alleged "financial drain"; and a warning that "we will have a discussion on who will pay for the damage" – all plainly made in anticipation of litigation – that will be offered for the truth. This is unreliable hearsay and should be excluded. |
| 148 | Email from Lowery 4-25-07 | Dep. Exhibit 85 | None at this time. |
| 149 | Email from Lowery 4-26-07 | Dep. Exhibit 86 | **Relevance / Confusion / Undue Delay (Fed. R. Evid. 402, 403.)** This email chain memorializes a brief discussion between Dirk Boessmann and Dan Lowery in which Mr. Lowery complains about receiving a "critical message regarding Patch 20," and Mr. Boessmann informs Mr. Lowery that he has installed the wrong patch. This is a non-issue. Any marginal relevance is substantially outweighed by the likelihood that the jury will confuse the real issues and the trial will be unduly delayed.

**Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 802, 805.)** The emails from Dan Lowery to Dan Kraus and Dirk Boessmann regarding upgrades to "Patch 20" are out-of-court statements offered for the truth of the matters asserted. The email from Dan Lowery to Dan Kraus dated April 26, 2007 itself contains out-of-court statements (recommendations) by unidentified personnel at SAP as well as statements attributed to Geoff Ashley and Ralf Mehnert-Meland. The email from Dan Lowery to Dirk Boessmann itself contains out-of-court statements (directions) from unidentified persons to "skip 19 and go to 20" as well as apparent reproductions of out-of-court statements (instructions) also from an unidentified person(s). |
| 150 | Email string beginning | Dep. Exhibit 88 | None at this time. |

| | | | |
|---|---|---|---|
| | with Lowery 5-22-07 | | |
| 151 | Email string beginning with Kraus 7-2-07 | Dep. Exhibit 91 | **Relevance / Unfair Prejudice (Fed. R. Evid. 402, 403.)** This email chain concerns Mr. Lowery's request for clarification from SAP as to whether SAP would be representing LSi in the lawsuit being threatened by Hodell and SAP's explanation that separate defense counsel would be required.  This is not relevant to any issues in the case, and any marginal relevance is substantially outweighed by the likelihood that the jury will be confused and SAP unfairly prejudiced.<br><br>**Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 802, 805.)**  The emails from Dan Lowery contained in this exhibit are self-serving, out-of-court statements made after litigation was threatened that will be offered for the truth.  The email from Mr. Lowery to Dan Kraus, Rodney Seligmann, and Michael Sotnick dated July 2, 2007 itself contains the out-of-court statement from an unidentified person at Hodell that LSi would "be contacted by [Hodell's] attorneys."  The email from Dan Lowery to Dan Kraus dated July 3, 2007 itself contains a vague reference to unidentified out-of-court statements ("the reply") from Miki Zilberstein.  This is unreliable hearsay and should be excluded. |
| 152 | Email string beginning with Lowery 8-3-07 | Dep. Exhibit 94 | **Hearsay / Hearsay Within Hearsay / Relevance / Confusion / Unfair Prejudice (Fed. R. Evid. 402, 403.)** The email from Dan Lowery to Dan Kraus dated August 3, 2007 contains the out-of-court statement:  "You forgot we caused that bridge to fall in MN, and the Titanic to sink."  This amorphous one line email is not relevant to any issue in the case, and any marginal relevance is substantially outweighed by the likelihood that it will confuse the jury, unduly delay trial, and unfairly prejudice SAP insofar as the jury is led to believe, without any support or indication of what is being referred to, that SAP did something similar to causing "a bridge to fall in MN" and "the Titanic to sink." |
| 153 | Email string beginning with D. Lacko 8-8-07 | Dep. Exhibit 95 | None at this time. |
| 154 | Email from Lowery 9-5-07 | Dep. Exhibit 96 | **Hearsay / Hearsay Within Hearsay / Unfair Prejudice (Fed. R. Evid. 802, 805, 403.)**  This self-serving email from Dan Lowery to Otto and Kevin Reidl dated September 5, 2007 – after litigation was threatened – consists of a list of |

| | | | bullet points that Dan Lowery suggests the Reidls should use in future communications with SAP in connection with issues ultimately raised in the lawsuit against SAP.   This self-serving email was plainly drafted with an eye towards creating a record for litigation purposes lacks reliability and should be excluded. |
|---|---|---|---|
| 155 | Email string beginning with Lowery 9-5-07 | Dep. Exhibit 98 | None at this time. |
| 156 | Email string beginning with Lowery 9-7-07 | Dep. Exhibit 99 | None at this time. |
| 157 | Email from Dan Lowery 9-14-07 | Dep. Exhibit 100 | **Hearsay / Hearsay Within Hearsay / Relevance / Unfair Prejudice / Character Evidence (Fed. R. Evid. 802, 805, 402, 403, 404.)**  The email from Dan Lowery dated September 14, 2007 is an out-of-court statement offered for the truth of the matter asserted.  It also contains the alleged out-of-court statements (alerts) of unidentified "other partners" speculating that LSi would "soon be disparaged and discredited to B1"  This email does not appear to have any relevance to any issues in this case, and any marginal relevance is substantially outweighed by the likelihood that the jury will be confused as to the real issues and SAP will be unfairly prejudiced by the alleged, hearsay statements of unidentified persons apparently drawing upon alleged unspecified past acts of SAP to paint SAP as a general bad actor and to suggest that SAP acted in conformity at Hodell. |
| 158 | Email string beginning with    M. Sotnick    9-20-07 | Dep. Exhibit 105 | **Hearsay / Hearsay Within Hearsay / Relevance / Unfair Prejudice (Fed. R. Evid. 402, 403, 802, 805.)**  The email from Dan Lowery constitutes a self-serving, out-of-court statement made in anticipation of litigation that will be offered for the truth of the matters asserted.  The email from Mr. Lowery are not reliable and should be excluded. |
| 159 | Email string beginning with Lowery    9-21-07 | Dep. Exhibit 106 | **Hearsay / Hearsay Within Hearsay / Relevance / Unfair Prejudice (Fed. R. Evid. 802, 805, 402, 403.)**  The emails from Dan Lowery contained in this exhibit are self-serving, out-of-court statements made in anticipation of litigation that attempt to lay blame on SAP for the alleged problems at Hodell and will be offered for the truth of the maters asserted.  The emails from Mr. Lowery are not reliable and should be excluded. |
| 160 | Email    with | Dep. | None at this time. |

26

| | | |
|---|---|---|
| | attachment from Lowery 9-16-07 | Exhibit 110 | |
| 161 | Email from Lowery 9-26-08 | Dep. Exhibit 115 | **Relevance / Undue Delay / Unfair Prejudice / Character Evidence / Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 402, 403, 404, 802, 805.)** The self-serving, out-of-court statements contained in this email from Dan Lowery to others in September of 2008 was drafted well after litigation was underway and fails to mention the Hodell implementation. It is irrelevant and will only cause undue delay and confusion. It also contains inflammatory comments about SAP's alleged character that are unfairly prejudicial and inadmissible. It also contains references to LSi "shutter[ing] the doors on [its] SAP practice," which could unfairly prejudice SAP by tempting the jury to consider LSi's ability to satisfy a judgment when allocating any liability. |
| 162 | Email string beginning with Killingsworth 10-9-07 | Dep. Exhibit 445 | None at this time. |
| 163 | Email string beginning with Gillespie 12-10-07 | Dep. Exhibit 447 | **Relevance / Undue Delay / Unfair Prejudice / Character Evidence (Fed. R. Evid. 402, 403, 404.)** These emails contain out-of-court statements regarding alleged problems with an entirely unrelated implementation and speculation based on that unrelated implementation as to whether SAP or LSi is at fault for alleged performance issues at Hodell. Any marginal relevance is substantially outweighed by undue delay and unfair prejudice to SAP arising out of Hodell's improper attempt to suggest that SAP has acted in conformity with alleged past bad acts.<br><br>**Subsequent Remedial Measures (Fed. R. Evid. 407.)** The December 13, 2007 email from Paul Killingsworth states: "Are we smarter about Business One than we were four years ago? Absolutely. And we are using our increased knowledge to carefully position the product where it works best." This cannot be used to show negligence or culpable conduct. |
| 164 | SAP messages service – test description | Dep. Exhibit 449 | None at this time. |
| 166 | SAP performance | Dep. Exhibit | **Lack of Personal Knowledge / Relevance / Unfair Prejudice / Undue Delay (Fed. R. Evid. 602, 402, 403.)** It is |

| | report 2005-SPI Vs 2005 | 451 | not entirely clear what this document entitled "Performance Report SP1 2005 vs. 2005" is or what it will be offered to show.  It was only shown to Paul Killingsworth during depositions, and he reported that he never saw it before preparing for his deposition.  (*See* Tr. Killingsworth Dep. 175:23-176:4.) |
|---|---|---|---|
| 167 | Email string beginning with Dan Lowery 5-11-07 | Dep. Exhibit 455 | **Relevance / Undue Delay / Unfair Prejudice (Fed. R. Evid. 402, 403.)**  The emails in this chain relate to Hodell's threat to move to a competitor's software product if performance did not improve.  There is no dispute that Hodell threatened to move and indeed did move to a competing software product due to alleged dissatisfaction with the Business One product.  Any marginal relevance is substantially outweighed by the likelihood of undue delay through the presentation of cumulative evidence.  Moreover, the email chain contains irrelevant statements about the applicability of an outdated patch to Hodell that were made because the recipient of the email mistook a reference to the competitor's software "P21" as a reference to an outdated SAP patch known as "PL21." This is a non-issue and will only unnecessarily confuse the jury and unduly delay trial. |
| 168 | Email string between Daniel Kraus and Naama Aharoni starting 6-6-07 | Dep. Exhibit 454 | None at this time. |
| 169 | Email string beginning with Ovadia 4-9-07 | Dep. Exhibit 458 | **Relevance / Undue Delay / Character Evidence / Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 402, 403, 802, 805.)**  These emails contain out-of-court statements of non-parties in connection with alleged problems with an entirely unrelated implementation at a different company.  These hearsay statements will be improperly offered to show SAP acted in conformity with alleged past actions.<br><br>**Subsequent Remedial Measures (Fed. R. Evid. 407.)**  The April 10, 2007 email from Dan Kraus requests that SAP "[p]lease get someone on site here immediately."  This cannot be used to show negligence or culpable conduct. |
| 170 | Email string beginning with Killingsworth 11-1-07 | Dep. Exhibit 460 | None at this time. |

| 171 | Email string beginning with Gillespie 1-14-08 with attachment SAP Business One best practice system setup and sizing | Dep. Exhibit 461 | **Relevance / Unfair Prejudice / Undue Delay / Character Evidence / Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 402, 403, 404, 802, 805.)**  These emails constitute out-of-court statements that will be offered for the truth.  However, they are not related to the Hodell implementation and address a wholly separate implementation at a wholly separate company.  They are likely to be offered to improperly show SAP acted in a certain way in this case based on alleged past actions. |
| --- | --- | --- | --- |
| 174 | Email string beginning with Kraus 3-16-07 | Dep. Exhibit 254 | **Lack of Personal Knowledge / Relevance / Unfair Prejudice (Fed. R. Evid. 602, 402, 403.)**  Neither of the two witnesses to whom this was presented, Dan Kraus and Paul Killingsworth, could confirm whether Hodell was the topic of this email chain.  (Tr. Kraus Dep. 101:9-20; Tr. Killingsworth Dep. 232:3-233:2.)  Nowhere in the emails is Hodell identified by name, nor is there any other indication that the parties were discussing Hodell as opposed to some other, wholly unrelated project. |
| 175 | Email string with attachment beginning with T. Singleton 10-8-08 | Dep. Exhibit 116 | **Relevance / Unfair Prejudice / Undue Delay (Fed. R. Evid. 402, 403.)**  This email chain occurred in 2008, discusses no Hodell project details, and only discusses the ramifications on other customers of LSi's collapse.  Any marginal relevance is substantially outweighed by the likelihood that the jury will refrain from apportioning liability to LSi due to a recognition that LSi cannot satisfy any judgment. |
| 179 | Letter to Dan Lowery 8-1-05 | Dep. Exhibit 128 | None at this time. |
| 180 | Memo regarding Hodell's Business One implementation | Dep. Exhibit 132 | **Lack of Personal Knowledge (Fed. R. Evid. 602.)**  No foundation was laid for this exhibit whatsoever.  The only witness to whom it was presented, Dan Lowery, could not identify the source of this memo/note, said that he did not participate in "this exchange," and that he had not seen this note before.  (*See* Tr. Lowery Dep. 486:16-24.) |
| 181 | Email string beginning with J. Woodrum 4-16-07 | Dep. Exhibit 156 | **Relevance / Unfair Prejudice (Fed. R. Evid. 402, 403.)**  *See* Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs. |
| 182 | Email string beginning | Dep. Exhibit | None at this time. |

| | | | |
|---|---|---|---|
| | with S. Fuerst 10-10-07 | 164 | |
| 185 | Email string beginning with P. Killingsworth 10-11-07 | Dep. Exhibit 169 | None at this time. |
| 186 | B1 product direction 2005 and roadmap February 2005 | Dep. Exhibit 171 | None at this time. |
| 187 | Email from G. Ashley with attachment 1-19-09 | Dep. Exhibit 172 | None at this time. |
| 188 | Email string beginning with G. Ashley 12-22-05 | Dep. Exhibit 176 | None at this time. |
| 189 | Email from Lowery 10-25-06 | Dep. Exhibit 52 | None at this time. |
| 190 | Email string beginning with Van Leeuwen 2-9-06 | Dep. Exhibit 50 | **Relevance / Unfair Prejudice (Fed. R. Evid. 402, 403.)** The emails are completely irrelevant and merely speculate that participating in an SAP marketing event will have some future benefit to Hodell. The attachment contains *draft* responses to questions from SAP about Hodell that SAP could use in a marketing presentation. |
| 191 | First Amended Complaint with Exhibits | Dep. Exhibit 3 | None at this time. |
| 192 | Email string beginning with P. Killingsworth 9-13-07 | Dep. Exhibit 42 | **Hearsay / Hearsay Within Hearsay / Relevance / Unfair Prejudice / Undue Delay / Character Evidence (Fed. R. Evid. 802, 805, 402, 403, 404.)** The statements contained in this chain are from an out-of-court speaker and will be offered for the truth of the matters asserted, namely that Dan Lowery heard from unidentified "other partners" that "this is where B1 management tries to disparage or discredit LSi." This improperly suggests that SAP has a reputation for dealing |

| | | | |
|---|---|---|---|
| | | | unfairly in its business relationships, which is inadmissible to show action in conformity therewith.  Moreover, in the main, this email shows that after go-live, SAP and LSi continued to work to resolve the performance issues Hodell identified, which is not a contested issue in the case, and any marginal relevance is substantially outweighed by the likelihood of undue delay through cumulative evidence. |
| 193 | Email string beginning with O. Reidl 12-28-04 | Dep. Exhibit 44 | None at this time. |
| 194 | Hodell purchase order from IBIS 12-20-04 | Dep. Exhibit 45 | This appears to be a duplicate of Exhibit 129. |
| 195 | Invoice from IBIS 12-20-04 | Dep. Exhibit 46 | None at this time. |
| 196 | Email string beginning with Lowery 7-21-05 | Dep. Exhibit 49 | None at this time. |
| 197 | Email string beginning with T. Steffner 6-1-06 | Dep. Exhibit 51 | None at this time. |
| 198 | SAP In-Flight development and Hodell-Natco implementation 3-16-06 | Dep. Exhibit 121 | **Authenticity / Hearsay (Fed. R. Evid. 901, 802.)**  This was shown to two witnesses (Dale Van Leeuwen and Dan Lowery) during depositions.  Neither was aware of the author and neither had personal knowledge of how the document was prepared.  This document includes a purported summary of a "conference call with SAP on 3/15/2006" and purports to set forth statements about testing, but no SAP defendant employee is identified as having made any statement. |
| 199 | Power Point beginning with Dan Carr, CDI | Dep. Exhibit 175 | **Authenticity / Lack of Personal Knowledge (Fed. R. Evid. 602, 901.)**  This series of 17 undated documents was shown to two witnesses (Geoff Ashley and Dan Kraus) during depositions.  Neither had any specific recollection of these documents and merely guessed at what they might have been and when they might have been prepared.  Although this consists of 17 SAP-produced documents, there is no foundation establishing that this was a single document. |

| | | | |
|---|---|---|---|
| | | | **Completeness (Fed. R. Evid. 106.)**  Mr. Ashley speculated that this may have been pulled from a larger PowerPoint presentation, but no such presentation has been marked. (There is no foundation for Hodell to even describe this exhibit as a PowerPoint.)<br><br>**Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 802, 805.)**  Each of the 17 pages of this exhibit contains purported statements and complaints from SAP resellers not involved in this case.  Certain pages also contain "summaries" of statements which are double hearsay.  There is no basis to conclude that any of this information is accurate or trustworthy.<br><br>**Relevance / Unfair Prejudice / Confusion / Character Evidence (Fed. R. Evid. 402, 403, 404.)**  No witness has been able to identify the author or the date (or even time period) this was created.  There is no mention of Hodell, LSi, or IBIS in these documents, and there is no connection established between this document and the relevant issues in this case.  The document purports to contain comments and complaints by SAP resellers.  Given the above, the jury may well (wrongly) assume that these are accurate statements and that they had some relationship to Hodell or the complaints it made.  This document will be used to show that SAP allegedly acted in conformity with alleged past actions. |
| 200 | Email from Paul Killingsworth 10-25-07 | Dep. Exhibit 284 | None at this time. |
| 202 | Email string beginning with Killingsworth 4-10-07 | Dep. Exhibit 403 | **Relevance / Unfair Prejudice / Undue Delay / Confusion / Character Evidence / Hearsay (Fed. R. Evid. 402, 403, 404, 802.)**  The central part of this email chain consists of the out-of-court statements (complaints) from a separate Business One customer, who was not deposed in this case, that will be offered for the truth.  Although there is a comment that this customer's complaint is similar to Hodell's, this document has no tendency to prove any issue in this case, and any relevance is substantially outweighed by the likelihood that it will confuse and mislead the jury to wrongly conclude that if another customer complained, then Business One must have had issues. |
| 204 | Email attachment from Dal | Dep. Exhibit 296 | **Relevance / Unfair Prejudice (Fed. R. Evid. 402, 403.)**  The document contains a statement that IBIS has "partnered" with SAP, which is contradicted by the only contract between IBIS and SAP |

| | | |
|---|---|---|
| | Van Leeuwen – SAP Business One – In Flight Enterprise Developme nt Map | | and SAP.  *See* SAP's Motion *in Limine* No. 6 re: IBIS.  That statement should be redacted; otherwise, SAP has no objection (except that the document is illegible and unusable). |
| 205 | Email string beginning with Woodrum 4-3-07 | Dep. Exhibit 206 | None at this time. |
| 206 | Email string beginning with Elliott 3-16-07 | Dep. Exhibit 203 | None at this time. |
| 207 | Email string beginning with Brian Jamieson 3-7-07 | Dep. Exhibit 182 | **Hearsay / Hearsay Within Hearsay / Relevance / Unfair Prejudice / Character Evidence (Fed. R. Evid. 802, 805, 402, 403, 404.)**  The emails among Brian Jamieson, Rodion Pronin, and Jon Woodrum constitute out of-court statements that will be offered for the truth.  The email from Mr. Jamieson to Mr. Pronin dated March 7, 2007 itself contains reference to out-of-court statements (a voicemail) from Jon Woodrum stating that Hodell needed to upgrade patch levels to deal with "an issue exacerbated by the fact that they have 120 users in SAP."  Mr. Jamieson proceeded to query whether "this in any way [could] be related to the problem [Accellos was] experiencing at Super Duper."  These statements will impermissibly be offered for the truth.  They will also be offered to suggest that SAP's actions with respect to Hodell are in conformity with unidentified alleged problems with Super Duper.  Yet, there is no foundation that the unidentified problems Accellos may have had at Super Duper were in any way related to the alleged issues at Hodell.  Any marginal relevance is substantially outweighed by the likelihood that the jury will be confused and SAP will suffer unfair prejudice by the jury assuming that if SAP had problems at Super Duper that it must have had problems at Hodell as well. |
| 208 | Email from Rodion Pronin 3-13-07 | Dep. Exhibit 183 | None at this time. |
| 209 | Email string beginning | Dep. Exhibit | This document is duplicative of Exhibit 183. |

| | with Rodion Pronin 3-13-07 | 184 | |
|---|---|---|---|
| 210 | Email string beginning with Lowery 3-13-07 | Dep. Exhibit 185 | *See* SAP's Objections to Proposed Trial Exhibit 8, *supra*. |
| 211 | Email string beginning with Woodrum 3-12-07 | Dep. Exhibit 186 | **Hearsay / Hearsay Within Hearsay / Personal Knowledge / Character Evidence (Fed. R. Evid. 402, 403, 404, 602, 802, 805.)** The emails contained in this exhibit are out-of-court statements that will be offered for the truth.  The email from Rodion Pronin to Ross Elliott et al., dated March 13, 2007 contains the out-of-court analysis of technical performance issues performed by a witness who was never deposed and who is not scheduled to testify at trial.  The analysis refers to a "similar situation" where Accellos experienced "locking up" while using Business One tools "[o]ver a year ago."  There is no indication that the solution developed for this unidentified client was anything like the solution developed for Hodell and even if there were, Hodell may not use evidence of SAP's alleged prior bad acts to show that the DI-API malfunctioned in this case. |
| 212 | Email string with top from D. Boessmann 3-16-07 | Dep. Exhibit 254 | **Relevance / Unfair Prejudice / Confusion / Hearsay / Character Evidence (Fed. R. Evid. 402, 403, 404, 802.)** This email between Dirk Boesmann and Dan Kraus contains out-of-court statements ("summary of the problem") allegedly made by an unknown person at the "developer" as communicated by Dirk Boessmann.  No witness testified that such statements were attributable to him or her.  Further, Hodell will likely offer this document to establish SAP knew in March 2007 that "it doesn't look good" and that the problem is similar to "Weidmueller."  However, in their depositions, neither Messrs. Kraus nor Killingsworth knew whether this email related to Hodell and, therefore, it would be unfairly prejudicial and confusing to show the jury this document without a witness being able to establish this email related to Hodell.

**Subsequent Remedial Measures (Fed. R. Evid. 407.)** Aside from being irrelevant, the steps taken by SAP to address issues at Weidmeuller cannot be used as evidence of negligence in relation to Business One's implementation at Hodell. |
| 213 | Email string with top | Dep. Exhibit | **Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 802, 805.)** The emails within this chain are out-of-court statements |

| | | | |
|---|---|---|---|
| | from M. Sotnick 4-16-07 | 255 | offered for the truth of the matters asserted and they also contain out-of-court statements from Dan Lowery that were not shown to Mr. Lowery during his deposition.  Mr. Lowery is not expected to testify; the hearsay aspects of this email should be redacted.  *See* SAP 0005037 (p. 2 of chain).<br><br>**Relevance / Unfair Prejudice / Confusion (Fed. R. Evid. 402, 403.)**  Mr. Lowery's email contains irrelevant statements regarding the financial status of LSi (e.g., "I am scared, and worried about my company going under over this"), which could improperly influence the jury to refrain from apportioning any liability to LSi due to LSi's apparent insolvency. |
| 214 | Email string with top from M. Sotnick 10-1-07 | Dep. Exhibit 261 | **Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 802, 805.)**  This chain contains out-of-court statements from Dan Lowery, which were not shown to Mr. Lowery during his deposition.   Mr. Lowery is not expected to testify; the hearsay aspects of this email should therefore be redacted. *See* SAP 0005286 (p. 3 of chain). |
| 220 | SAP Business One 'Sweet Spot' overview for partners | Dep. Exhibit 240 | **Relevance / Prejudice / Lack of Personal Knowledge / Hearsay (Fed. R. Evid. 402, 403, 602, 802.)**  This document contains frequently asked questions about Business One's purported "sweet spot" for small businesses.  Udi Ziv, the only witness to which Hodell showed this document, could not identify the document and had no personal knowledge of its contents.  (Tr. Ziv Dep. 29:4-31:10.)  Any marginal relevance is outweighed by the prejudice to SAP. *See also* SAP Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs. |
| 221 | Email from Gilad Gruber 4-18-05 | Dep. Exhibit 241 | **Relevance / Prejudice / Confusion / Lack of Personal Knowledge / Hearsay (Fed. R. Evid. 402, 403, 602, 802.)**  Hodell will attempt to use the development checkpoint power point contained herein to show that SAP did not conduct tests of Business One in a Citrix environment.  The slides are not relevant given that Mr. Ziv testified that it is unclear if this power point was even dealing with Business One and he had no personal knowledge of its contents. (*See* Tr. Ziv Dep. 34:2-36:10.)  Further, the document does not mention Business One and the purported creator of the document (Gilad Gruber) did not provide testimony (nor is he expected to testify at trial) such that a person could reasonably determine the slides related to Business One. SAP would be unfairly prejudiced if the document was admitted given the lack of demonstrated connection to Business One and Hodell's failure to properly lay a foundation for the admission of the out-of-court statements and conclusions in the power point. *See also* |

| | | | Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs. |
|---|---|---|---|
| 222 | Power Point titled 'Update on B1 Business Cases' | Dep. Exhibit 242 | **Relevance / Prejudice / Confusion (Fed. R. Evid. 402, 403.)** This 2004/2005 power point detailing recommendations on what business cases should be pursued has no relevance to the specific development and implementation of Business One at Hodell. Admitting this document for the purpose of establishing that SAP did not want to commit additional funds to the product will confuse the jury and prejudice SAP. This is especially true here, given the temporal disconnect between the creation of this document (2004/2005) and the implementation of Business One at Hodell (late 2006/early 2007). *See also* Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs.  **Subsequent Remedial Measures (Fed. R. Evid. 407.)** SAP's recommendations of business cases (i.e., potential improvements) for Business One cannot be used to establish SAP's negligence vis-à-vis Hodell. |
| 223 | Power Point titled 'SAP Business One 2006 Plan' 12-13-05 | Dep. Exhibit 243 | **Relevance / Unfair Prejudice / Lack of Personal Knowledge / Hearsay (Fed. R. Evid. 402, 403, 602, 802.**) This December 13, 2005 power point entitled "SAP Business One 2006 Business Plan" contains certain recommendations by SAP Labs employees. Hodell did not depose the author, David Kadosh, an SAP Labs employee, to ascertain the meaning of the recommendations and conclusions in this document. Nor did Udi Ziv, the only witness to be shown this document, have any knowledge of its contents. (Tr. Ziv Dep. 53:17-63:7) Based on Plaintiff's counsel's line of questioning during Mr. Ziv's deposition, Hodell will likely equate the document's reference to "key legal and financial gaps" with functionality issues with Business One. *See* SAP 0013031. However, there is no connection from testimony or the document that would permit such a conclusion. Accordingly, without any testimony from someone with personal knowledge and/or a foundation to determine its relevance to the issues experienced by Hodell, any marginal relevance is outweighed by unfair prejudice to SAP. *See also* Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs. |
| 224 | Power Point titled 'B1 Performance requirements document version 1.0' 1-4-06 | Dep. Exhibit 244 | **Relevance / Unfair Prejudice / Confusion / Lack of Personal Knowledge / Hearsay (Fed. R. Evid. 402, 403, 602, 802.)** This document, created by a person named Ofer Oz, outlines certain performance requirements for Business One. No deponent possessed any personal knowledge of the contents of this document. No witness could identify Mr. Oz or his department and/or relationship to SAP. Udi Ziv and Paul Killingsworth did not have any specific knowledge of |

| | | | the tests (or lack of tests) of Business One that were referenced in the documents.  If admitted without a proper foundation, the document would mislead andconfuse the jury. *See also* Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs. |
|---|---|---|---|
| 225 | Email from Kraus 4-13-07 | Dep. Exhibit 245 | **Relevance / Unfair Prejudice / Hearsay (Fed. R. Evid. 402, 403, 802.)**  *See* Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs.<br><br>**Lacks Personal Knowledge / Hearsay / Hearsay within Hearsay (Fed. R. Evid. 602, 802, 805.)**  The emails from Dan Lowery should also be precluded because it contains out-of-court statements from  Mr. Lowery (who is not expected to appear at trial) about what an unknown person at the "customer" told him, including the statement "He is losing hundreds of thousands of dollars a month from lost orders, lost customers, and extras employees to get workload out." This statement, among others regarding the "customer," constitutes an out-of-court statement offered for the truth of the matters asserts to which Mr. Lowery has not been shown to have personal knowledge.<br><br>**Relevance / Confusion / Unfair Prejudice / Character Evidence (Fed. R. Evid. 402, 403, 404.)**  Statements that may have been made by unidentified speakers are not relevant, would be confusing, and would be unfairly prejudicial to SAP insofar as they suggest that SAP should be held liable based on past alleged wrongs. |
| 226 | Email from G. Ashley 4-16-07 | Dep. Exhibit 246 | None at this time. |
| 227 | Power Point titled 'Quality Gate, planning to developmen t' 1-12-06 | Dep. Exhibit 248 | **Relevance / Unfair Prejudice / Hearsay (Fed. R. Evid. 402, 403, 802.)**  This 2006 power point created by SAP Labs entitled "Quality Gate" details certain benchmarks for Business One.  Hodell will likely look to slide 34 where it states that B1 performance is "acceptable but not good enough" and that "acceptable performance might become an issue for customers expecting a system with good performance." *See* SAP 0013106.  SAP Labs statements are not imputable to SAP AG or SAP America, especially where Hodell only showed this document to SAP Labs employees. *See* Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs. |
| 228 | Power Point titled 'Moving B1 Forward' 3-17-06 | Dep. Exhibit 250 | *See* Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs. |

| 229 | Email from Gadi Shamia 3-13-06 | Dep. Exhibit 251 | *See* Motion *in Limine* No. 5 re: Udi Ziv and SAP Labs. |
|---|---|---|---|
| 230 | Dale VanLeeuwen subpoena for deposition | Dep. Exhibit 290 | **Relevance / Prejudice (Fed. R. Evid. 402, 403.)**  The subpoena for Dale Van Leeuwen is not relevant to trial in this case.  He appeared at his deposition and provided testimony.  The listing of this exhibit shows Hodell's indiscriminate inclusion of irrelevant exhibits and, consequently, its failure to make reasonable efforts to list exhibits they will actually use. |
| 231 | Email string beginning with Eric Johnson 3-16-07 | Dep. Exhibit 187 | **Lack of Personal Knowledge / Hearsay (Fed. R. Evid. 602, 802.)**  This email chain contains out of court statements from Rodion Pronin to Ross Elliott and will be offered for the truth of the matter asserted:  "I was under the impression that the only problem they have is performance and we have proven that this problem is SAP."  Mr. Pronin, an employee of third-party Accellos (the licensor of Radio Beacon) was not deposed and is not expected to be called at trial.  Nor can Mr. Elliott's deposition testimony cure the hearsay objection given that he lacks the personal knowledge regarding the basis for Mr. Pronin's statement. |
| 232 | Email string beginning with Lowery (forward of msg. sent 4-11-07 to Udi)    4-12-07 | Dep. Exhibit 188 | **Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 802, 805.)**  Hodell will offer Calum Grieg's, Ross Elliott's & Dan Lowery's out-of-court statements regarding the potential cause of the problems at SAP and Mr. Grieg's warning to other SAP partners concerning alleged issues with Patch 20.  Mr. Greig was not deposed and is not expected to testify at trial.  Further, the bottom of the chain contains an email from Mr. Lowery to SAP concerning what an unknown person at the customer told him about losing orders and business.

**Lack of Personal Knowledge (Fed. R. Evid. 602.)**  Hodell cannot cure SAP's hearsay objection because the only deponent to have seen the document (Ross Elliott) lacks sufficient knowledge of its contents.  Although Mr. Elliott remembered being sent the email chain contained in Exibit 188, he does not know what Udi Ziv told anyone at Accellos, if anything.  (Tr. Elliott Dep. 53:8-22)  Nor does he have any understanding about what Calum Greig means regarding "perhaps we should be warning our SAP partners not to upgrade to Patch 20…."  (Tr. Elliott Dep. 55:6-12)  Lastly, he does not have any personal knowledge concerning Calum's conclusion that "Accellos, Inc., can't assist further until further information / change comes from SAP." (*See* Tr. Elliott Dep. 56:1:8 (quoting Ex. 188) (stating he does not |

| | | | |
|---|---|---|---|
| | | | recall if SAP provided confirmation to Accellos).  Therefore, this document should not be admitted. |
| 233 | Email string beginning with Lorenzo Zecca 4-16-07 | Dep. Exhibit 189 | **Lack of Personal Knowledge / Hearsay / Hearsay within Hearsay (Fed. R. Evid. 602, 802, 805**.)  Hodell will offer this email chain discussing the potential problems at Hodell to show the truth of Rodion Pronin's out-of-court statement that the "number of front end connection not playing nice with DI API connections" means that, per Mr. Elliott:  "the number of concurrent people sitting at keyboards in addition to volume of work going in through the AI DPI."  (Tr. Elliott Dep. 57:12-18.)  But Mr. Elliott testified that does not have any personal knowledge of Mr. Pronin's statement, and Mr. Pronin was not deposed.  The email also contains additional out-of-court statements from Mr. Rodion and Craig Powell (Balloon One) that, if offered for their truth, would not be admissible.<br><br>**Relevance / Unfair Prejudice (Fed. R. Evid. 402, 403.)**  The hearsay statements of persons, who have not been shown to have knowledge, relaying the hearsay conclusions of unidentified sources are not relevant to any issues in the case.  Any marginal relevance is substantially outweighed by the likelihood of confusion to the jury and unfair prejudice to SAP.  Hodell has brought a case about alleged technical non-performance of software.  It should not be allowed to attempt to prove it through the hearsay conclusions of unidentified persons contained in an email that was never (and will never be) shown to the author. |
| 234 | Email from Anatoliy Boyko to Rodion Pronin and Ross Elliott dated 4-26-07 | Dep. Exhibit 191 | **Lack of Personal Knowledge / Hearsay / Hearsay Within Hearsay (Fed. R. Evid. 602, 802, 805.)**  Hodell will offer this document to show the truth of out of court statement by Anatoliy Boyko regarding certain unknown issues at Delicato, another SAP B1 customer that Hodell will likely argue may have been experiencing similar issues as Hodell. Mr. Boyko's statements are pure hearsay.  He was not deposed, and Mr. Elliott lacks personal knowledge of what Mr. Boyko references in his email since he does not remember what issues Delicato was having and did not perform the analysis.  (Tr. Elliott Dep. 60:4-6.)  The email also contains several additional statements from Messrs. Rodion and Craig Powell (Balloon One) that, if offered for their truth, would not be admissible.<br><br>**Relevance / Unfair Prejudice / Character Evidence (Fed. R. Evid. 402, 403, 404.)**  The hearsay statements of persons, who have not been shown to have knowledge, relaying the |

| | | | |
|---|---|---|---|
| | | | hearsay conclusions of unidentified sources are not relevant to any issues in the case.  This is especially true here because Hodell will likely use this email to show that other Business One customers, here, Delicato, experienced similar issues as Hodell.  Given the lack of foundation establishing a basis to compare Delicato to Hodell, any marginal relevance is substantially outweighed by the likelihood of confusion and unfair prejudice.  Hodell has brought a case about alleged technical non-performance of software.  It should not be allowed to attempt to prove it through the hearsay conclusions of unidentified persons contained in an email that was never (and will never be) shown to the author. |
| 235 | Email string between Dan Lowery and Ross Elliott 5-27-07 | Dep. Exhibit 193 | None at this time. |
| 236 | SAP Partner Edge Opportunity Qualification Tool | Exhibit 400 | None at this time. |
| 237 | 2003 SAP Annual Report | Dep. Exhibit 400 | **Relevance / Unfair Prejudice / Confusion (Fed. R. Evid. 402, 403.)**  It is unclear from the testimony what purpose Hodell will offer the annual statements.  If used to show the size of SAP, its net worth, or any other financial information, Hodell should not be permitted to offer this information because it will mislead the jury.  Further, it is irrelevant to the issue of the technical non-performance of software, *i.e.*, Business One. |
| 238 | 2004 SAP Annual Report | Dep. Exhibit 421 | **Relevance / Unfair Prejudice / Confusion (Fed. R. Evid. 402, 403.)**  It is unclear from the testimony what purpose Hodell will offer the annual statements.  If used to show the size of SAP, its net worth, or any other financial information, Hodell should not be permitted to offer this information because it will mislead the jury.  Further, it is irrelevant to the issue of the technical non-performance of software, *i.e.*, Business One. |
| 239 | 2005 SAP Annual Report | Dep. Exhibit 422 | **Relevance / Unfair Prejudice / Confusion (Fed. R. Evid. 402, 403.)**  It is unclear from the testimony what purpose Hodell will offer the annual statements.  If used to show the size of SAP, its net worth, or any other financial information, Hodell should not be permitted to offer this information because it will mislead the jury.  Further, it is irrelevant to the |

| | | | issue of the technical non-performance of software, *i.e.*, Business One. |
|---|---|---|---|
| 240 | 2006 SAP Annual Report | Dep. Exhibit 423 | **Relevance / Unfair Prejudice / Confusion (Fed. R. Evid. 402, 403.)**  It is unclear from the testimony what purpose Hodell will offer the annual statement.  If used to show the size of SAP, its net worth, or any other financial information, Hodell should not be permitted to offer this information because it will mislead the jury.  Further, it is irrelevant to the issue of the technical non-performance of software, *i.e.*, Business One. |
| 241 | 2007 SAP Annual Report | Dep. Exhibit 424 | **Relevance / Unfair Prejudice / Confusion (Fed. R. Evid. 402, 403.)**  It is unclear from the testimony what purpose Hodell will offer the annual statements.  If used to show the size of SAP, its net worth, or any other financial information, Hodell should not be permitted to offer this information because it will mislead the jury.  Further, it is irrelevant to the issue of the technical non-performance of software, *i.e.*, Business One. |
| 242 | Killingsworth email to Sotnick 1/10/08 | Dep. Exhibit 456 | None at this time. |
| 243 | Email string with 7/6/07 email from Lowery to Woodrum | Dep. Exhibit 152 | **Lack of Personal Knowledge / Hearsay / Hearsay Within Hearsay / Relevance / Unfair Prejudice / Character Evidence (Fed. R. Evid. 602, 802, 805, 402, 403, 404.)**  This email from Dan Lowery to John Woodrum contains out-of-court statements from Mr. Lowery that will be offered for its truth, *i.e.* Lowery's subjective belief that "Gadi's purpose is really to get information painting the blame on InFlight."  Mr. Lowery's subjective belief about SAP's intentions constitutes inadmissible character evidence about SAP and would distract the jury from the ultimate issue of SAP's potential liability for the issues experienced by Hodell. |
| 245 | 12/20/05 IBIS Invoice | Dep. Exhibit 155 | None at this time. |
| 246 | Killingsworth to Sotnick email chain dated Oct. 29, 2007 | Dep. Exhibit 427 | None at this time. |
| 247 | Killingsworth/Boessmann email chain dated March 23, | Dep. Exhibit 429 | None at this time. |

| | 2007 | | |
|---|---|---|---|
| 248 | SAP Business One Bullet Points | Dep. Exhibit 434 | **Completeness / Relevance / Unfair Prejudice / Confusion / Lack of Personal Knowledge (Fed. R. Evid. 106, 402, 403, 602.)**  This incomplete set of bullet points discussing Business One objectives should not be admitted because there is no author, date, or any context whatsoever that might show the purpose or effect of the statements contained in the document. (*See* Tr. Killingsworth 69:5-14.)  Without such context, it would be unfairly prejudicial to SAP to permit Hodell to offer this exhibit for the truth to show that "[a]s the number of users and complexity increases, the suitability of SAP One Decreases."  Without knowing the "number of users" the author based his conclusion on, this statement could lead the jury to conclude that the number of users on Hodell's system (120) was toward the high end of whatever unknown baseline the author used to evaluate Business One's potential efficiency.  Similarly, without knowing when this document was created, it is impossible to know if these issues existed at the time Hodell alleges it was experiencing slowness with Business One, In-Flight and Radio Beacon (2007 through 2009). |
| 249 | Killingsworth email to K. Reidl dated May 14, 2007 | Dep. Exhibit 437 | None at this time. |
| 250 | Barnea/Weis email dated July 8, 2007 | Dep. Exhibit 442 | None at this time. |
| 251 | Sotnick/Kraus/Killingsworth Emails dated Sept. 4, 2007 | Dep. Exhibit 443 | None at this time. |
| 252 | SAP Testing Observations | Dep. Exhibit 452 | **Relevance / Unfair Prejudice / Confusion / Lack of Personal Knowledge (Fed. R. Evid. 402, 403, 602.)**  This exhibit is a spreadsheet that contains results from August / April 2005 tests of unknown software under unknown conditions and parameters.  Despite these significant unknowns, Hodell will likely offer the document to show its reference to "all tests except AI DPI passed" means that SAP knew there was something wrong with the AI-DPI pre-implementation at Hodell.  Yet Hodell did not depose the author, Adam Horacek, to determine the tests performed, |

| | | | including whether the tests related to Business One or, moreover, whether the conditions of the tests resembled the environment of Hodell's computer system.  It would be confusing to the jury and prejudicial to SAP if Hodell was permitted to offer a document that may not have any relation to the issues in this case. |
|---|---|---|---|
| 253 | Summary of Hodell P21 Expenditures While on Business One | Beg. Bates No. HODL01388 | None at this time. |
| 254 | Chart of SAP Business One Implementation Costs | Beg. Bates No. HODL01400 | None at this time. |
| 255 | Chart of Hodell Expenditures for P21 System | Beg. Bates No. HODL01451 | None at this time. |
| 256 | O. Reidl Phone Call Notes with Dale Van Leeuwen Sept. 6, 2007 | HODL00088 | **Relevance / Unfair Prejudice / Completeness / Lack of Personal Knowledge / Hearsay / Hearsay within Hearsay / Authenticity (Fed. R. Evid. 106, 402, 403, 602, 802, 805, 901.)**  These handwritten notes from an unknown author allegedly made on September 2007 contain out-of-court statements that will likely be offered to prove that Dale Van Leeuwen (IBIS's owner) purportedly told the author about problems IBIS allegedly had with SAP.  No witness has been shown this document.  Its origin is unclear.  And the subject matter of the notes – IBIS's alleged issues with SAP – has no relevance to Hodell's purported issues with SAP.  Admission of this document would therefore unfairly prejudice SAP.  *See also* SAP's motion *in Limine* No. 6 re: IBIS. |
| 260 | SAP B1 Five Year Payback | HODL040730- HODL040731 | None at this time. |
| 261 | Hodell Reviewed Financial Statements 1998-2010 | | Hodell-Natco Industries, Inc. produced nearly 57,000 pages of documentation during discovery.  SAP cannot be expected to now review each document produced by Hodell-Natco or otherwise to determine whether it qualifies as a "Hodell Reviewed Financial Statement" from 1998-2010, much less review each such qualifying document for its admissibility. |

| | | | Hodell has already identified numerous exhibits which it intends to use at trial.  At this juncture, Hodell should know which of its documents, including financial records and documentation pertaining to Hodell, it needs to prove its case.  Designating an unidentified number of vaguely described documents undermines the prevention of surprise – one of the major facets of the pre-trial process.  Thus, this designation is improper.  *See, e.g.*, *Gardner v. Safeway Stores, Inc.*, 99 F.R.D. 258, 260 (D. Kan. 1983) ("In this district, arrangements are made during pretrial proceedings for the identification of all documentary evidence . . . to be used at trial.  The court believes these procedures require *candid* and *complete* disclosure of . . . potential exhibits . . . .  Thus, the court agrees with the defendants that the plaintiff's original and supplemental list of exhibits . . . is deficient for lack of specificity.")  SAP reserves it right to lodge additional objections once the documents have been properly identified.  *See* Motion *in Limine* No. 1 re: Hodell's financial statements. |
|---|---|---|---|
| 262 | Hodell Monthly Income Statements 2002-2009 | | Hodell-Natco Industries, Inc. produced nearly 57,000 pages of documentation during discovery.  SAP cannot be expected to now review each document produced by Hodell-Natco or otherwise to determine whether it qualifies as a "Hodell Monthly Income Statement" from 1998-2010, much less review each such qualifying document for its admissibility.  *See* Objection to Exhibit 261. |
| 263 | PCBC Tax Returns 2004-2008 | HODL032 305- HODL032 360 | None at this time. |
| 264 | PCBC Financial Statement Comparatives | HODL032 361- HODL032 366 | None at this time. |
| 265 | PCBC Income History | HODL032 367 | None at this time. |
| 266 | Hodell- Natco Acquisition Impact on Net Sales and Income | HODL032 371- HODL032 376 | None at this time. |

| 267 | Hodell IT Cost Spreadsheet | HODL032 377 | None at this time. |
|-----|---------------------------|-------------|---------------------|
| 268 | Hodell Booking and Sales Charts with Supporting Data | HODL032 401- HODL032 451 | None at this time. |
| 269 | Charts and Spreadsheet of Hodell Sales With and Without Acquisitions with Supporting Data | HODL032 452- HODL032 484 | None at this time. |
| 270 | E-mail, 12/9/07, to Jon Woodrum from Dan Lowery | Dep. Exhibit 218 | None at this time. |
| 271 | E-mail, 12/28/07, to Killingsworth | Dep. Exhibit 219 | None at this time. |
| 273 | E-mail, 2/22/08, from Jon Woodrum to Dan Lowery | Dep. Exhibit 221 | None at this time. |
| 274 | E-mail chain, 11/26/05, from Jon Woodrum to Kevin Reidl | Dep. Exhibit 226 | None at this time. |
| 275 | E-mail, 1/17/07, from Jon Woodrum to Kevin Reidl and others | Dep. Exhibit 228 | None at this time. |
| 276 | E-mail, | Dep. | **Hearsay (Fed. R. Evid. 802.)** This e-mail chain contains |

| | | | |
|---|---|---|---|
| | 3/27/07, from Jon Woodrum to Paul Killingsworth and others | Exhibit 229 | back and forth communication between Paul Killingsworth and John Woodrum regarding the impact of PL20. Hodell will likely rely on Mr. Woodrum's statement that an unknown Hodell employee stated "[t]heir planning are operational survival" to show the alleged severity of the situation at Hodell. Yet Mr. Woodrum could not remember what he meant by that statement, nor was anyone from Hodell or LSi asked about this document. (Tr. Woodrum Dep. 209:12-20.) Hodell is demanding millions of dollars; it should not be allowed to attempt to prove its damages claim through hyperbolic hearsay. |
| 277 | Elliott email to Krantz and others, 4/25/07 | Dep. Exhibit 190 | *See* SAP's Objections to Proposed Exhibit 147, *supra*. |
| 278 | Elliott email to Krenke and others, 5/22/07 | Dep. Exhibit 192 | **Relevance / Unfair Prejudice / Character Evidence / Lack of Personal Knowledge / Hearsay (Fed. R. Evid. 402, 403, 404, 602, 802.)** This May 22, 2007 email chain between Joel Kremke (COO of Accellos) and Ross Elliott contains out-of-court statements from Mr. Kremke regarding his concerns that "SAP will blame [Accellos/Radio Beacon] for their issues here." Such character evidence is not admissible. Further, Mr. Elliott speculated but did not have any personal knowledge of Mr. Kremke's basis for making the statements (Tr. Elliott Dep. 62:19-64:19) and Hodell's failure to depose Mr. Kremke militates in favor of precluding the out-of-court statements. Further, Radio Beacon's potential legal position as to SAP and Mr. Kremke's belief (for which Hodell has offered no support) has no relevance to the issues in this case. |
| 279 | "Building Winning Solution with ISV Solutions" | Dep. Exhibit 401 | None at this time. |
| 280 | All documents relied upon by Dr. G. William Kennedy as identified in his Expert Report | | **Hearsay (Fed. R. of Evid. 702, 703)** Federal Rule of Evidence 702 "permits the admission of expert opinion *testimony*[,] not opinions contained in documents prepared out of court." *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994) ("Rules 702 and 703 do not, however, permit the admission of materials, relied on by an expert witness, for the truth of the matters they contain if the materials are otherwise inadmissible."). <br><br> *See also* SAP's motion *in Limine* No. re: Dr. Kennedy. |
| 281 | All documents | | **Hearsay (Fed. R. of Evid. 702, 703)** Federal Rule of Evidence 702 "permits the admission of expert opinion |

| | | | |
|---|---|---|---|
| | relied upon by Helmuth Guembel as identified in his Expert Report | | *testimony*[,] not opinions contained in documents prepared out of court." *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994) ("Rules 702 and 703 do not, however, permit the admission of materials, relied on by an expert witness, for the truth of the matters they contain if the materials are otherwise inadmissible."). |
| 282 | Discovery responses (Interrogatories, Requests for Admission and Requests for Production of Documents) provided by Defendants SAP America, Inc. and SAP AG | | None at this time. |
| 283 | Discovery responses (Interrogatories, Requests for Admission and Requests for Production of Documents) provided by Defendants LSi-Lowery Systems, Inc. and the IBIS Group, Inc. | | None at this time. |
| 284 | Discovery responses (Interrogato | | None at this time. |

| | | | |
|---|---|---|---|
| | ries, Requests for Admission and Requests for Production of Documents) provided by Plaintiff Hodell-Natco Industries, Inc. | | |
| 285 | All documents provided to and relied upon by the SAP Defendants' Expert witnesses | | **Hearsay (Fed. R. of Evid. 702, 703)**  Federal Rule of Evidence 702 "permits the admission of expert opinion *testimony*[,] not opinions contained in documents prepared out of court."  *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994) ("Rules 702 and 703 do not, however, permit the admission of materials, relied on by an expert witness, for the truth of the matters they contain if the materials are otherwise inadmissible."). |
| 286 | All financial records and documentation pertaining to Hodell-Natco Industries, Inc. produced by Plaintiff | | Hodell-Natco Industries, Inc. produced nearly 57,000 pages of documentation during discovery.  SAP cannot be expected to now review each document produced by Hodell-Natco to determine whether it qualifies as a "financial record[] [or] document[] pertaining to Hodell-Natco Industries, Inc.," much less review each such qualifying document for its admissibility.

Hodell has already identified numerous exhibits which it intends to use at trial.  At this juncture, Hodell should know which of its documents, including financial records and documentation pertaining to Hodell, it needs to prove its case.  Designating an unidentified number of vaguely described documents undermines the prevention of surprise – one of the major facets of the pre-trial process.  Thus, this designation is improper.  *See, e.g.*, *Gardner v. Safeway Stores, Inc.*, 99 F.R.D. 258, 260 (D. Kan. 1983) ("In this district, arrangements are made during pretrial proceedings for the identification of all documentary evidence . . . to be used at trial.  The court believes these procedures require *candid* and *complete* disclosure of . . . potential exhibits . . . .  Thus, the court agrees with the defendants that the plaintiff's original and supplemental list of exhibits . . . is deficient for lack of |

| | | | |
|---|---|---|---|
| | | | specificity.")  SAP reserves it right to lodge additional objections once the documents have been properly identified. |
| 287 | All spreadsheets relating to Plaintiff's damages previously produced and, to the extent necessary, all underlying financial records relating to such spreadsheets | | Nearly 2,500,000 pages of documentation were produced during discovery.  SAP cannot be expected to now review each document produced to determine whether it qualifies as a "spreadsheet[] relating to Plaintiff's damages," much less review each such qualifying document for its admissibility.  *See* Objection to Proposed Trial Exhibit 286. |
| 288 | All documents produced pursuant to subpoena by Accellos (including ACC0001 to ACC000422 ) | | *See* Objection to Proposed Trial Exhibit 286. |
| 289 | To the extent necessary, any and all documents produced by Defendants SAP America, Inc. and SAP AG in discovery | | SAP America, Inc. and SAP AG, combined, produced over 15,000 pages of documentation during discovery.  SAP cannot be expected to now review each document produced for its admissibility.  *See* Objection to Proposed Trial Exhibit 286. |
| 290 | To the extent necessary, any and all documents | | LSi-Lowery Systems, Inc. and the IBIS Group, Inc., combined, produced nearly 2,226,000 pages of documentation during discovery.  SAP cannot be expected to now review each document produced for its admissibility. |

| | | | |
|---|---|---|---|
| | produced by Defendants LSi-Lowery Systems, Inc. and the IBIS Group, Inc. in discovery | | *See* Objection to Proposed Trial Exhibit 286; *see also* SAP's Motion *in Limine* No. 6 re: IBIS. |
| 291 | To the extent necessary, any and all documents produced by Plaintiff Hodell-Natco Industries, Inc. in discovery | | Hodell-Natco Industries, Inc. produced nearly 57,000 pages of documents during discovery.  SAP cannot be expected to now review each document produced for its admissibility.<br><br>*See* Objection to Proposed Trial Exhibit 286. |
| 292 | Expert Report of Dr. G. William Kennedy and supporting exhibits and schedules | | **Hearsay (Fed. R. of Evid. 702, 703.)**  Federal Rule of Evidence 702 "permits the admission of expert opinion *testimony*[,] not opinions contained in documents prepared out of court."  *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994) (finding that "[n]either [the experts'] written opinions nor the materials on which they relied were admissible under Rules 702 and 703.").<br><br>*See also* SAP's Motion *in Limine* re: Dr. Kennedy. |
| 293 | Expert Report of Helmuth Guembel and supporting exhibits and schedules | | **Hearsay (Fed. R. of Evid. 702, 703.)**<br>Federal Rule of Evidence 702 "permits the admission of expert opinion *testimony*[,] not opinions contained in documents prepared out of court."  *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994) (finding that "[n]either [the experts'] written opinions nor the materials on which they relied were admissible under Rules 702 and 703.") |

Respectfully submitted,

/s/ Gregory J. Star
Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP

50

One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757
*Attorneys for SAP America, Inc. and SAP AG*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of October, 2014, copies of the foregoing Objections of SAP America, Inc. and SAP AG to Plaintiff's Proposed Trial Exhibit List was filed and served electronically on Hodell-Natco Industries, Inc. via ECF and was sent by First Class Mail on the following business day to the following parties:

**LSI-Lowery Systems, Inc.**
c/o Timothy K. Kellett
911 Washington Ave., Suite 400
St. Louis, MO 63101

**IBIS Group, Inc**
c/o Dale Van Leeuwen
1800 W. Hawthorne Lane, Suite N
West Chicago, IL  60185


/s/ Gregory J. Star

Gregory J. Star (admitted *pro hac vice*)