UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE: LESLEY WELLS |
| | ) | |
| -vs- | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

**BRIEF IN OPPOSITION TO THE SAP DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE RELATED TO CERTAIN OF PLAINTIFF'S FINANCIAL RECORDS**

---

Plaintiff Hodell-Natco Industries, Inc. ("Hodell"), through undersigned counsel, submits the following Brief in Opposition to the Motion *in Limine* of Defendants SAP America, Inc. and SAP AG ("SAP") seeking to preclude certain of Hodell's financial records from being used at trial [ECF #219]("SAP's Motion).

SAP's Motion is nothing more than an untimely motion to compel filed under the guise of a "motion *in limine*," wherein SAP seeks to compel responses to document requests that it never even propounded. Further, SAP's Motion is premised upon demonstrably false accusations. A correct statement of the record follows.

I. **SAP Makes Unsupported Claims About Hodell's Document Production.**

SAP makes the following misstatements regarding Exhibit D to its Motion, marked as "Deposition Exhibit 24" during discovery; none of which are true:

- "The Consolidated Financial Statements are the *only documents* Hodell has ever produced that contain any information concerning the pounds of product shipped per hour worked." [ECF #219, p. 3](emphasis in original).

- "Notably, Hodell intentionally omitted or redacted all of the information from the 2009 Consolidated Financial Statement for the months of April thorough December and failed to produce consolidated financial statements for any subsequent years (e.g. 2010 through the present)." *Id.*

- "Due to Hodell's refusal to produce this information, SAP has no access to any data about the pounds of product Hodell shipped per hour worked from April 2009 to the present." *Id.*

- "Yet, when it came time to produce, Hodell intentionally redacted or omitted *all data* on the calendar year 2009 Consolidated Financial Statements for the months of April through December and did not produce any consolidated financial statement for 2010 to present." [ECF #219, p. 6](emphasis in original).

- "They [Hodell and Dr. Kennedy] both obviously knew that those statements contained no data beyond March 2009 and that nowhere else in the record was there any evidence from which SAP could glean the number of pounds of product Hodell shipped once it switched off Business One." [ECF #219, p. 9].

Contrary to these false assertions, the document being separately filed "Under Seal" as "Exhibit 1" to this Brief contains Hodell's full and complete Consolidated Financial Statements

for the Years 2009 through 2010. This document is Bates Labeled HODL001500 through HODL001501 and was **produced to SAP in April 2011 – well over three (3) years ago**.[1] It contains the information SAP's Motion claims had been "redacted or omitted" from Hodell's Consolidated Financials. It is undisputed that this document has been in SAP's possession for over three years. SAP's Motion is frivolous and should be denied.

II. **SAP Never Served a Document Request to Hodell For the Documents it Claims Were Not Produced. Hodell Has Complied With All Discovery Obligations.**

Despite SAP's current representations to the Court, it is indisputable that SAP served only one Request for Production of Documents upon Hodell. Those requests, and Hodell's responses, are attached as Exhibit 2 to this Opposition. SAP served sixty-six (66) document requests. The only document requests that could reasonably be read to pertain to Hodell's damages arising from productivity losses are Request Nos. 15, 49 and 53:

15. All Documents and Communications supporting Your claims for damages in this action.

49. All Documents and Communications that support the contention that Hodell reasonably relied upon representations made by SAP, and the contention that [Hodell] suffered damages as a result of said reliance.

53. All Documents and Communications that support the contention that Hodell incurred $2,425,000 to $2,600,000 in "[p]roductivity loss associated with unsuitability and malfunctions of SAP Business One Software" as a result of the circumstances alleged in the Amended Complaint.

In response to these requests seeking documents that Hodell would use to **support** its claim for damages from productivity losses, Hodell produced myriad documents, including Deposition Exhibit 24, the Consolidated Financial Statements. These documents support Hodell's claim for productivity losses because Hodell only seeks damages for productivity losses from March 2007 through March 2009. This time period is identified in Dr. Kennedy's Report as the "damages

---

[1] These pages were produced as part of a **complete** set of documents in the same document production made in April 2011 reflecting Hodell's consolidated financial information for the years 2002 through 2010.

3

period."  Hodell also produced Exhibit 1, which provided SAP with almost two years of productivity data **after** the "damages period" ended.  Further, Hodell produced thousands of pages of underlying data supporting these documents including, but not limited to:  (1) Financial Statements, (2) Statements of Revenue and Expenditures, (3) Balance Sheet/Profit & Loss Comparisons; and (4) Consolidated Summary Financial Statements through September 2011.

Thus, Hodell fully and completely responded to SAP's only document requests **years** ago by producing all documents "supporting [its] claim for damages;" (Req. No. 15) and "that support the contention that Hodell incurred . . . 'productivity loss associated with the unsuitability and malfunctions of SAP Business One software' . . . ." (Req. No. 53).  In this regard, Hodell also fulfilled its obligations under Rule 26(a)(3) to produce documents **supporting** its claims for damages.

SAP cannot reasonably dispute that it has had this information for several years.  SAP's damages expert conceded at his deposition that he was able to review the documents Dr. Kennedy relied upon in forming his opinion, that he had no dispute as to their authenticity or reliability, and that he had no quarrel with Dr. Kennedy's actual calculations based upon this data.

SAP's Motion is nothing more than an untimely motion to compel filed under the guise of a "motion *in limine*."  Yet, as shown above, on the eve of trial, SAP now seeks to compel production of documents it has never requested – or worse, foreclose Hodell's entire damages claim.  SAP's only set of document requests could not reasonably be read to encompass the documents it claims were not produced, as SAP only requested documents Hodell would **rely upon** to support its damages claims.  Hodell does not intend to **rely upon** any financial data relating to events after March 2009 to support its claims for productivity losses, and in any event, Hodell has produced information through at least December 2010 – almost two full years after the "damages period."  Ignoring its failure to serve discovery requests seeking production of the allegedly "missing information," SAP mistakenly claims that Hodell had a duty to supplement its discovery responses under Rule 26(e).  However, a

4

duty to supplement arises only under two circumstances: (1) if the original response was not complete when made; or (2) as ordered by the Court. Hodell's response was complete at the time it was served, as Hodell has produced all documents supporting its claim for damages. Thus, no duty to supplement ever arose. And, as discussed below, even if SAP thought it was entitled to production of documents it never sought through formal document requests, it never raised the issue with the Court until now.

### III. SAP's Alleged Informal Requests for Consolidated Financial Information Were Untimely. Further, SAP Never Complied With Local Rule 37.1.

SAP attempts to excuse its failure to request Hodell's post- "damages period" consolidated financial information through proper discovery requests by claiming that it informally asked for this information in Kevin Reidl's deposition which occurred on July 30-31, 2012. An informal, vague inquiry during a deposition that is never formalized or pursued is no substitute for actually serving a request for documents under the Civil Rules. SAP is estopped from claiming that Hodell had a duty to comply with this sort of informal request, as it occurred well after the June 29, 2012 discovery cutoff date established by the Court. [*See* Order dtd. Jul. 9, 2012]. Indeed, SAP represented to Judge White that it need not respond to **formal** discovery requests issued by Hodell on June 29, 2012 because they were not served at least thirty (30) days *before* the June 29th discovery cutoff. [Exhibit 3]. Here, SAP's purported discovery request made during Mr. Reidl's deposition was made one month **after** the discovery cutoff, and there was never any follow up. Given the harsh language used by SAP's counsel in Exhibit 3, it is somewhat unseemly for SAP to now claim that Hodell had some duty to act after the discovery cut-off. And in any event, SAP never petitioned the Court to compel Hodell to produce the information it now seeks.

After allegedly making this untimely, informal request during Mr. Reidl's July 2012 deposition, SAP never once followed-up with Hodell's counsel until **over one year later**. Hodell had every reason to believe that SAP was not interested in pursuing the matter. SAP's Motion

attaches a letter to the undersigned dated September 20, 2013 – more than one year after Mr. Reidl's deposition and almost fifteen (15) months after the close of discovery. Even this letter did not actually request the documents referenced in SAP's Motion. Rather, it requested Hodell's "financial statements" and "consolidated financial reports." Shortly thereafter, the undersigned contacted SAP's counsel and voiced his objection to producing this information on relevance, timeliness and other grounds. The undersigned then confirmed this in an email to SAP's counsel on October 10, 2013, which is attached to SAP's Motion as "Exhibit I." [ECF #219-12]. Nothing happened after that. SAP did not file a motion to compel or otherwise bring the matter to the Court's attention.

      SAP then sat dormant for almost another full calendar year. On July 21, 2014, SAP raised this issue over two (2) years past the discovery cutoff, almost two years after Mr. Reidl's deposition, and almost one year after its last correspondence to Hodell on the matter. [ECF #219-14]. Having already informed SAP's counsel that it would not produce such information, and given the extremely untimely nature of the request, Hodell had no duty to respond. [*See* Exhibit 3 – SAP correspondence to the Court claiming "[n]o response was warranted" to alleged untimely request]. Even still, SAP never brought the alleged "issue" to the Court's attention.

      SAP has now resorted to filing a "motion *in limine*" because had it filed a motion to compel in August 2012 -- immediately after its first informal mention of these documents during Mr. Reidl's deposition -- that motion would have been untimely.[2] Local Rule 37.1(d) provides: "No discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date." SAP was fully aware of this Rule because, in another instance, relying upon Local Rule 37.1, SAP requested that Judge White award SAP its attorneys' fees for having to respond to a discovery dispute letter served by Hodell on August 15, 2012 because SAP claimed it was untimely under Rule 37.1. [*See* Exhibit 3: "Two of the issues involve written discovery, but are being raised nearly seven weeks after the June 29 cut-off date, and

---

[2] It also would have been frivolous because, as mentioned above, SAP already had the documents it now seeks.

are clearly improper under Local Rule 37.l(b)."].[3]  SAP's "motion *in limine*" is nothing more than a back door attempt to remedy its earlier failures to bring this newly-manufactured dispute to the Court's attention, and is filed two and a half **years** after the discovery cutoff.

There is no basis whatsoever to entertain SAP's Motion at this point.  This is particularly true given that, if SAP truly thought this information was critical to its case, SAP had well over two years (since Kevin Reidl's deposition) to bring the issue to the Court's attention.  Instead, SAP did nothing for years and waited until the eleventh hour to complain. It now wants to preclude Hodell from even briefing the issue to the Court and complying with any order of the Court should it ultimately be determined that Hodell needed to produce documents in response to SAP's untimely requests.

## IV.     The Information SAP Claims Was Not Produced Is Irrelevant to this Lawsuit.

To be clear, Hodell has complied with, and fully responded to, any and all discovery requests actually served upon it by SAP.  In fact, in the one and only discovery issue brought to the Court's attention by SAP and presided over by Judge White, SAP agreed that Hodell need only produce documents through May 2009.  [Exhibit 4; ECF #91].  This issue, addressed by the parties and Judge White in June 2012, pertained to a related issue -- SAP's contention that Hodell must produce documents related to its implementation of replacement software.  SAP claimed that this information was relevant for the same reasons it contends that Hodell's financial performance after March 2009 is relevant.  Yet, as Exhibit 5 reflects, SAP agreed to limit the relevant time period for which it would seek such information to May 31, 2009.  And despite this limitation, Hodell has produced financial information well past 2009. SAP never argued to the Court that post-2009 records were critical and relevant. Until now.

Even though Hodell has produced financial information well past March 2009, it is irrelevant and would be inadmissible at trial.  This information is not needed to support Hodell's claims for

---

[3] *See also*, ECF #163, SAP MSJ Reply Br. at p. 32, fn. 15 (asserting that Hodell could not raise issue regarding an SAP employee's deletion of relevant email evidence because it was not raised pursuant to Local Rule 37.1).

7

damages. SAP contends that it "may" or "likely" would show that Hodell's financial condition continued to deteriorate after undergoing Hodell's second major ERP implementation in two years. If anything, such information would *benefit* Hodell's case, as Hodell could have attempted to hold SAP responsible for causing Hodell to undergo this pain and sought additional damages as a result. However, Hodell and Dr. Kennedy took a conservative approach to damages, and cut the "damages period" off at the point where Hodell switched off Business One. One would think SAP would seek to hide this information from the jury rather than compel its production.

### V. SAP's Proposed Sanction is Impermissible and Unwarranted.

As discussed above, SAP's Motion is both factually wrong and procedurally improper. But even if it is to be considered by the Court, the purported "sanction" SAP seeks to impose, which could essentially result in a default judgment as to Hodell's claim for damages associated with decreased profitability, is entirely improper. As the Sixth Circuit recently held, SAP may not seek orders of last resort, such as the one proposed in its Motion, without first moving for, and obtaining an order compelling discovery. *Burley v. Gagacki*, 729 F.3d 610, 618 (6th Cir. 2013)("Here, because plaintiffs never moved to compel disclosure or discovery, the federal defendants did not violate any court order that would justify any sanction under Rule 37, let alone the sanction of last resort.")

Indeed, SAP cannot reasonably argue that evidence it has had in its possession for over three years should be excluded merely because Hodell reasonably objected to producing evidence that SAP never sought through formal discovery. SAP cites no legal authority for the proposition that the Court may enter an order providing for the wholesale exclusion of evidence that has been in its possession for many years merely because SAP believes more documents should have been produced. The rules cited in SAP's Motion do not provide for such an order – indeed, the Rules only provide that information that has not been supplied may not be used on any motion or at trial. They do not provide that information that **has** been produced may be excluded.

Again, if the information was so vitally relevant as SAP now claims, it would not have sat on

8

its hands until the eve of trial to bring the "issue" to the Court's attention. And if Hodell's consolidated financial information after March 2009 was so vital, SAP would not have simply "forgotten" that the information it claims was withheld was actually produced over three (3) years ago – as evidenced by Exhibit 1.

## VI. Conclusion.

Based upon the foregoing, SAP's unsupported allegations in its Motion *in Limine* are nothing more than a tardy motion to compel documents that it never even sought through discovery requests served upon Hodell. And in any event, SAP has already been provided with the information it now seeks. SAP's Motion should be denied.

Respectfully submitted,

*/s/* P. Wesley Lambert
P. WESLEY LAMBERT (0076961)
wlambert@koehlerneal.com
KOEHLER NEAL LLC
3330 Erieview Tower, 1301 East 9th Street
Cleveland, Ohio 44114
(216) 539-9370
(216) 916-4369 (*facsimile*)
*Attorneys for Hodell-Natco Industries, Inc.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October 2014, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  Further, a true and accurate copy of "Exhibit 1" was separately filed "Under Seal" pursuant to the Court's Protective Order and was served by electronic mail upon counsel for SAP America, Inc. and SAP AG pursuant to Fed.R.Civ.P. 5(b)(2)(E).  A copy of these pleadings will also be emailed and sent by federal express to the following parties:

**LSI-Lowery Systems, Inc.**
c/o Chris Kellett
cpk@carmodymacdonald.com

**IBIS Group, Inc**
1800 W. Hawthorne Lane, Suite N
W. Chicago, IL 60185

/s/ P. Wesley Lambert
P. WESLEY LAMBERT (0076961)
Koehler Neal
3330 Erieview Tower
1301 East Ninth Street
Cleveland, OH 44114
216-539-9375
Fax: 216-916-4369
wlambert@koehlerneal.com
Attorney for Plaintiff