IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | **RESPONSES AND OBJECTIONS OF** |
| | ) | **PLAINTIFF HODELL-NATCO** |
| SAP AMERICA, INC., et al. | ) | **INDUSTRIES, INC. TO DEFENDANTS** |
| | ) | **SAP AMERICA, INC. AND SAP AG'S** |
| Defendants. | ) | **FIRST SET OF REQUESTS FOR** |
| | ) | **PRODUCTION** |
| | ) | |

Plaintiff Hodell-Natco Industries, Inc., by and through undersigned counsel and pursuant to Fed. R. Civ. P. 26 and 34, responds to Defendants SAP America, Inc. and SAP AG (collectively, "SAP")'s First Set of Requests for Production ("SAP's Requests") as follows:

## I.    INTRODUCTION

Plaintiff responds to SAP's Requests to the best of its knowledge, information and belief by the submission of this response. In responding to any Request, Plaintiff does not concede the relevance or materiality of the Requests or of the subject to which the Request refers. Plaintiff's response to each Request is made subject to and without waiver of any objections as to competency, relevance, materiality, privilege or admissibility as evidence for any purpose, of any document or information provided or referred to, or of any of the responses given herein, or of the subject matter thereof, in any proceedings.

Plaintiff has not fully completed its investigation of the facts relating to this case, nor has it completed discovery or preparation for trial. It is anticipated that further discovery, investigation, legal research and analysis will supply additional documents and facts, add

meaning to known facts, or establish new factual conclusions and legal contentions, all of which may lead to substantial additions or changes to these responses. The following responses to SAP's Requests are given without prejudice to Plaintiff's right to produce at trial subsequently discovered evidence. Accordingly, Plaintiff reserves the right to change or add to any and all responses herein and to make use of or introduce at trial or other proceedings in this action any documents or information not currently known and to advance any legal arguments or factual contentions based on such documents or information.

## II.    GENERAL OBJECTIONS

Plaintiff makes the following General Objections whether or not separately set forth in response to each Request propounded in SAP's Requests. These General Objections are hereby incorporated into each specific response. The assertion of the same, similar or additional objections or partial responses to the individual requests does not waive any of Plaintiff's General Objections.

1.    Plaintiff objects to each Request to the extent that it, or any of them, purports to impose burdens and obligations inconsistent with and in excess of the requirements imposed by the Federal Rules of Civil Procedure, including, but not limited to Rules 26 and 34.

2.    Plaintiff objects to each Request to the extent that it, or any of them, seeks documents or information that are not in Plaintiff's possession, custody or control and therefore beyond the scope of allowable discovery.

3.    Plaintiff objects to each Request to the extent that it, or any of them, seeks privileged documents or information, including without limitation, documents or information which are developed in anticipation of, or in preparation for, litigation which are protected by the attorney-client privilege, attorney work-product doctrine, or are otherwise privileged or immune

from discovery. None of these responses or any transmittal, inadvertent or otherwise, of privileged or protected documents or information is intended to be, or can or should be construed as, a waiver or relinquishment of all or any part of the protections of the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection or exemption.

4. Plaintiff objects to each Request to the extent that it, or any one of them, seeks documents or information from or concerning "each," "any," "all," or "every" organization(s) or person(s) on the ground that they are overbroad and that the efforts required to respond to them is so great as to render the Request, to that extent, unduly burdensome and oppressive.

5. Plaintiff objects to each Request to the extent that it, or any of them, seeks documents or information which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence relevant to the claims set forth in Plaintiff's Complaint or any responsive pleadings thereto.

6. Plaintiff objects to each Request to the extent that it, or any of them, calls for documents or information within the custody or control of Defendant, or in the public domain. Defendant may obtain responsive documents or information from its own records, or from sources equally or more readily available to Defendant, with less burden, expense and annoyance.

7. Plaintiff objects to each Request to the extent that it, or any of them, seeks documents or information that are cumulative or redundant when joined with or compared to any other discovery Request.

8. Plaintiff objects to each Request to the extent that it, or any of them, is overly broad, unduly burdensome, oppressive, and to that extent, seeks documents or information that

are either not applicable, irrelevant to the subject matter of this action, or not reasonably calculated to lead to the discovery of admissible evidence.

9.      Plaintiff objects to each Request to the extent that it, or any of them, is vague or ambiguous.

10.     Plaintiff objects to each Request to the extent that it, or any of them, is phrased in an improper form, assumes unestablished facts, or is rhetorical in nature.

11.     Plaintiff objects to each Request to the extent that it, or any of them, makes a request that is premature, calling for documents or information that Plaintiff will reasonably obtain pursuant to further discovery investigations, but which Plaintiff does not yet possess.

12.     Plaintiff objects to each Request to the extent it requires a narrative, essay-type response and not a brief categorical statement.

13.     Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response below as though fully stated therein, Plaintiff responds to SAP's Requests subject to the following additional express reservation of rights:

        a.      The right to object on any ground whatsoever to the admission into evidence or other use of any of the documents or information provided in response to SAP's Requests at the trial of this matter, at any other proceeding in this matter or in any other action; and

        b.      The right to object on any ground whatsoever at any time to any demand for further responses to SAP's Requests or any other discovery procedures involving or relating to the subject matter of SAP's Requests.

## REQUESTS FOR PRODUCTION

1.     All Documents and Communications by and between Hodell and LSI on or prior to December 20, 2004, related to Hodell's "user capacity and other needs" as identified in Paragraph 17 of the Amended Complaint, including, but not limited to the Development Agreement.

   **Response:**

   Any responsive, non-privileged documents in Plaintiff's possession will be produced.


2.     All Documents and Communications by and between Hodell and SAP on or prior to December 20, 2004, related to Hodell's "user capacity and other needs" as identified in Paragraph 17 of the Amended Complaint, including, but not limited to the Development Agreement.

   **Response:**

   Any responsive, non-privileged documents in Plaintiff's possession will be produced.


3.     All Documents and Communications by and between Hodell and any other person/ entity related to Hodell's "user capacity and other needs" as identified in Paragraph 17 of the Amended Complaint, including, but not limited to the Development Agreement.

   **Response:**

   Any responsive, non-privileged documents in Plaintiff's possession will be produced.


4.     All Documents and Communications by and between Hodell and SAP related to the Development Agreement, the License Agreement, and/or SAP Business One.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

5.      All Documents and Communications by and between Hodell and any other person/ entity after December 1, 2005 related to the Development Agreement, the License Agreement, and/or SAP Business One, including but not limited to any drafts thereof.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

6.      All Documents and Communications by and between Hodell and LSI after December 1, 2005 related to the Development Agreement, the License Agreement, and/or SAP Business One.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

7.      All Documents and Communications related to or supporting Hodell's contention that a contractual relationship existed between Hodell and SAP, including but not limited to any alleged contract other than the License Agreement.

**Response:**

Objection.  Calls for a legal conclusions.  Objection, calls for information protected by the attorney work-product doctrine and attorney-client privilege.  Subject to and without waiving the foregoing, any responsive, non-privileged documents in Plaintiff's possession will be produced.

8.      All Documents and Communications by and between Hodell and SAP related to the publication entitled "SAP Solution Brief Qualified SAP All-in-One Partner Solutions," as identified in Paragraph 13 of the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

9.      All Documents and Communications by and between Hodell and LSI related to the publication entitled "SAP Solution Brief Qualified SAP All-in-One Partner Solutions," as identified in Paragraph 13 of the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

10.     All Documents and Communications by and between Hodell and American Express related to SAP Business One, including but not limited to the publication entitled "SAP Solution Brief Qualified SAP All-in-One Partner Solutions," as identified in Paragraph 13 of the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

11. All Documents and Communications by and between Hodell and any other person/ entity related to the publication entitled "SAP Solution Brief Qualified SAP All-in-One Partner Solutions," as identified in Paragraph 13 of the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

12. All Documents and Communications relating to any payments by Hodell to SAP relating to the License Agreement.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

13. All Documents and Communications by and between Hodell and SAP relating to Business One, including but not limited to Business One's integration with In-Flight Enterprise.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

14. All Documents and Communications relating to LSI's work, services and/or efforts related or pursuant to the Development Agreement and/or the License Agreement.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

15.     All Documents and Communications supporting Your claims for damages in this action.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

16.     All Documents and Communications supporting Your allegations set forth in Paragraph 15 of the Amended Complaint, including but not limited to Your contention that LSI was a "duly authorized agent" of SAP "for the express purpose of making representations concerning" SAP Business One.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

17.     All Documents and Communications relating to or supporting Hodell's contention that it "was provided by SAP and/or a SAP 'partner' with a copy of the SAP Business One Brief," as alleged in Paragraph 18 of the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

18.     All Documents and Communications relating to the "Online Webinar and Demonstration" of October 20, 2003, as identified in Paragraph 22 of the Amended Complaint.

**<u>Response:</u>**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

19.     All Documents and Communications relating or supporting Hodell's contention that the October 20, 2003 Webinar "was conducted by, or was conducted under the supervision of the SAP Defendants, and representations made therein were authorized by, and made on behalf of, the SAP Defendants."

**<u>Response:</u>**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

20.     All Documents and Communications by and between Hodell and Heather Devereuax regarding business software, including but not limited to SAP Business One and/or In-Flight.

**<u>Response:</u>**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

21.    All Documents and Communications related to or supporting Hodell's contention that, at all times relevant to this action, American Express acted as an authorized agent and representative of SAP.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

22.    All Documents and Communications by and between Hodell and American Express related to In-Flight, Radio Beacon, SAP Business One, and any relationship between American Express and Lowery and/or IBIS.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

23.    All Documents and Communications by and between Hodell and IBIS related to In-Flight, Radio Beacon, SAP Business One, and any relationship between American Express and Lowery and/or IBIS.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

24.     All Documents and Communications by and between Hodell and LSI related to In-Flight, Radio Beacon, SAP Business One, and any relationship between American Express and Lowery and/or IBIS.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

25.     All Documents and Communications related to and in support of Hodell's contentions that SAP made representations to Hodell, as alleged in Paragraph 28 of the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

26.     All Documents and Communications related to and in support of the contention in paragraph 2 of the Amended Complaint that Hodell "is a corporation organized under the laws of the State of Ohio with its principal place of business in Valley View, Ohio."

**Response:**

Objection.  The information requested in Request No. 26 is available through public documentation sources and may be obtained through less onerous measures.

27.     All Documents and Communications that support the contentions in Paragraph 40 of the Amended Complaint, specifically including, but not limited to, the contention that Hodell "justifiably relied upon the material representations of SAP."

**Response:**

Objection.  Calls for a legal conclusion.  Objection.  Calls for information protected by the attorney-client privilege and attorney work-product doctrine.  Subject to and without waiving the foregoing, any responsive, non-privileged documents in Plaintiff's possession will be produced.

28.     All Documents and Communications related to Hodell's purchase of user licenses from IBIS, including but not limited to the contention in Paragraph 46 of the Amended Complaint that Hodell received and executed a maintenance schedule and license agreement.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

29.     All Documents and Communications that support the contention in paragraph 47 of the Amended Complaint that "SAP AG and SAP America, Inc. knew, or were reckless in not knowing, that SAP Business One could not reasonably support more than 30 users."

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

30.    All Documents and Communications relating to any proposals, estimates, presentations, and/or agreements received by Hodell from any competitor of SAP regarding computer software or services similar to those encompassed by the License Agreement.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

31.    All Documents and Communications that support the contention in paragraph 48 of the Amended Complaint that Hodell "worked diligently to implement the software with the assistance of the Defendants."

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

32.    All Documents and Communications that support the contention in paragraph 48 of the Amended Complaint that "[n]otwithstanding the best efforts of Hodell-Natco, the installation of SAP Business One was an abject failure."

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

33.    All Documents and Communications that support the contention in paragraph 48 of the Amended Complaint that in 2008 Hodell "reached the conclusion that SAP Business One had failed and that it needed to be replaced."

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.


34.    All Documents and Communications that support the contentions in paragraph 49 of the Amended Complaint that Hodell encountered "many problems . . . [with] SAP Business One and the integrated software."

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.


35.    All Documents and Communications that relate to and support the contention in Paragraph 52 of the Amended Complaint that any statements of Dan Lowery of LSi-Lowery Systems, Inc. and/or Dale Van Leeuwen constituted "admissions against interest and clearly establish that Hodell-Natco was materially misled as to the adequacy of SAP Business One for its business needs."

**Response:**

Objection.  Calls for a legal conclusion.  Objection.  Calls for information protected by the attorney-client privilege and attorney work-product doctrine.  Subject to and without waiving the foregoing, any responsive, non-privileged documents in Plaintiff's possession will be produced.

36.     All Documents and Communications that support the contention in paragraph 59 of the Amended Complaint that SAP and/or other Defendants made misrepresentations "with knowledge of their falsity or utter disregard and recklessness as to falsity – with an intent to induce and mislead Hodell-Natco into making the purchases" alleged in the Amended Complaint.

**Response:**

Objection.  Calls for a legal conclusion.  Objection.  Calls for information protected by the attorney-client privilege and attorney work-product doctrine.  Subject to and without waiving the foregoing, any responsive, non-privileged documents in Plaintiff's possession will be produced.

37.     All Documents and Communications that support the contentions in paragraph 61 of the Amended Complaint, including, but not limited to the contention that "the SAP Defendants knew or should have known that the initial 80 licenses would fail to perform based upon information solely in their possession, and the additional licenses would likewise fail to perform."

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

38.     All Documents and Communications that support the contention in paragraph 64 of the Amended Complaint that "the Defendants knew that they had no intention and/or ability to perform their contractual obligations."

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

39.     All Documents and Communications that support the contention in paragraph 67 of the Amended Complaint that "Defendants made material misrepresentations of fact . . . [including] that SAP Business One was suitable for companies with hundreds of employees and that SAP Business One was suitable for 250 users."

**Response:**

Objection.  Calls for a legal conclusion.  Objection.  Calls for information protected by the attorney-client privilege and attorney work-product doctrine.  Subject to and without waiving the foregoing, any responsive, non-privileged documents in Plaintiff's possession will be produced.

40.     All Documents and Communications that support the contention in paragraph 68 of the Amended Complaint that the SAP Defendants represented "that Hodell-Natco would receive high-level and industry-specific support, when in fact the support was poor at best."

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

41.     All Documents and Communications related to and supporting the contention in paragraph 69 of the Amended Complaint that the "SAP Defendants represented in 2003 that SAP Business One was being used by thousands of businesses in 15 countries when in fact the number of installations was far smaller."

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

42.     All Documents and Communications that support the contention in Paragraph 77 of the Amended Complaint that "SAP was a disclosed principal for whose benefit LSi contracted with Hodell-Natco . . . [and] SAP is liable for any breaches which may be established against LSi."

**Response:**

Objection. Calls for a legal conclusion. Objection. Calls for information protected by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving

the foregoing, any responsive, non-privileged documents in Plaintiff's possession will be produced.

43.    All Documents and Communications that support the contention that SAP is liable under the Development Agreement and/or for any breaches thereof by LSI or any other person and/or entity, including, but not limited to the contention in Paragraph 78 of the Amended Complaint that "the SAP Defendants are third-party beneficiaries of the Development Agreement and are liable for any breaches thereof."

**Response:**

Objection. Calls for a legal conclusion. Objection. Calls for information protected by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving the foregoing, any responsive, non-privileged documents in Plaintiff's possession will be produced.

44.    All Documents and Communications that support the contention that the warranty set forth in Paragraph 7.1 of the License Agreement was breached.

**Response:**

Objection. Calls for a legal conclusion. Objection. Calls for information protected by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving the foregoing, any responsive, non-privileged documents in Plaintiff's possession will be produced.

45.    All Documents and Communications that relate to any and all employees, agents, and/or independent contractors, involved in IT work for Hodell during the twelve (12) months prior to Hodell entering the Development Agreement.

**Response:**

Objection.  Calls for a legal conclusion.  Objection.  Calls for information protected by the attorney-client privilege and attorney work-product doctrine.  Objection.  The information requested in Request No. 45 is irrelevant to the litigation and is not interposed in good faith. Plaintiff will produce documents relating to IT infrastructure.

46.    All Documents and Communications that support the contention that SAP had a duty of ordinary care to Hodell and breached that duty of care.

**Response:**

Objection.  Calls for a legal conclusion.  Objection.  Calls for information protected by the attorney-client privilege and attorney work-product doctrine.  Subject to and without waiving the foregoing, any responsive, non-privileged documents in Plaintiff's possession will be produced.

47.    All Documents and Communications that support the contention in paragraph 92 of the Amended Complaint "the defendants supplied false information to Hodell-Natco with respect to the capabilities of SAP Business One."

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

48.     All Documents and Communications related to any and all efforts by Hodell to market SAP Business One, In-Flight, and/or any other applications, programs, software, or solutions developed in connection with the Development Agreement.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

49.     All Documents and Communications that support the contention that Hodell reasonably relied upon representations made by SAP, and the contention that suffered damages as a result of said reliance.

**Response:**

Objection.  Calls for a legal conclusion.  Objection.  Calls for information protected by the attorney-client privilege and attorney work-product doctrine.  Subject to and without waiving the foregoing, any responsive, non-privileged documents in Plaintiff's possession will be produced.

50.     All Documents and Communications that support the contention that Hodell incurred $126,000 in "costs associated with maintenance functions," as claimed in Your Initial Disclosures, as a result of the circumstances alleged in the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

51.    All Documents and Communications that support the contention that SAP is responsible for Hodell's claimed $55,000 to $130,000 in alleged costs relating to Radio Beacon Licenses as claimed in Your Initial Disclosures.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

52.    All Documents and Communications that support the contention that Hodell incurred $35,000 to $50,000 in "[t]raining, testing and travel expenses" as a result of the circumstances alleged in the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

53.    All Documents and Communications that support the contention that Hodell incurred $2,425,000 to $2,600,000 in "[p]roductivity loss associated with unsuitability and malfunctions of SAP Business One Software" as a result of the circumstances alleged in the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

54.     All Documents and Communications that support the contention that Hodell incurred $900,000 to $1,500,000 in "[l]ost opportunity costs" as a result of the circumstances alleged in the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

55.     All Documents and Communications that support the contention that Hodell incurred $45,000 to $75,000 in "[i]nventory control costs" as a result of the circumstances alleged in the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

56.     All Documents and Communications that support the contention that Hodell incurred $430,000 to $550,000 in "[i]nterest debt incurred to cover costs associated with unsuitability and malfunctions of SAP Business One Software" as a result of the circumstances alleged in the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

57.     All Documents and Communications that support the contention that Hodell suffered $1,000,000 to $1,200,000 in damages for "[l]ack of five-year payback on investment in SAP Business One" as a result of the circumstances alleged in the Amended Complaint.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

58.     All Documents and Communications related to each representation made by SAP which You contend was false.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

59.     All Documents and Communications which identify each person you contend made a false representation on behalf of SAP to Hodell.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

60.     If You contend that SAP made a representation with knowledge that it was false, please produce all Documents and Communications which support that contention.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

61.     If You contend that SAP should have known that any statement made by SAP was false, please produce all Documents and Communications that support that contention.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

62.     If You contend that SAP made a representation recklessly, and without knowledge of its truth or falsity, please produce all Documents and Communications which support that contention.

**Response:**

Objection. Calls for a legal conclusion. Objection. Calls for information protected by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving the foregoing, any responsive, non-privileged documents in Plaintiff's possession will be produced.

63.     If You contend that SAP made a promise of future action for the purpose of deceiving Hodell as to SAP's intentions concerning future performance, please produce all Documents and Communications that support that contention.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

64.     If You contend that SAP intended that Hodell would or did act upon any
misrepresentation by SAP, please produce all Documents and Communications which support
that contention.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

65.     All Documents and Things You may make use of at trial.

**Response:**

Objection.  This Request calls for information protected by the attorney-client privilege
and attorney work-product doctrine.  Plaintiff will produce an exhibit list in accordance with the
Federal Rules of Civil Procedure, applicable Local Rules, or any orders of the Court.

66.     All Documents containing information requested by SAP's Interrogatories and/or
referred to in Hodell's responses to Interrogatories.

**Response:**

Any responsive, non-privileged documents in Plaintiff's possession will be produced.

Respectfully submitted and as to Objections,

*[signature]*

JAMES F. KOEHLER (0007904)
koehler@buckleyking.com
P. WESLEY LAMBERT (0076961)
lambert@buckleyking.com
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2652
(216) 363-1400
(216) 579-1020 (*facsimile*)

OF COUNSEL:

BUCKLEY KING LPA

*Attorneys for Hodell-Natco Industries, Inc.*

## CERTIFICATE OF SERVICE

A true and accurate copy of the Responses and Objections of Hodell-Natco Industries, Inc. to Defendants SAP America, Inc. and SAP AG's First Requests for Production of Documents was served by Electronic Mail and Regular United States Mail, postage paid, this 10th day of December, 2010 upon the following:

Roy A. Hulme, Esq.
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

*Attorney for Defendants LSI-Lowery
Systems, Inc. and The IBIS Group, Inc.*

Michael J. Miller
Thomas S. Downie
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

*Attorneys for SAP America, Inc. and SAP AG*

*[signature]*

P. Wesley Lambert (0076961)

803684_1