# DrinkerBiddle&Reath
LLP

Gregory J. Star
Associate
215-988-2734 Direct
215-988-2757 Fax
gregory.star@dbr.com

Law Offices

One Logan Square, Ste. 2000
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

August 21, 2012

**Via ECF and Facsimile**

The Honorable Greg White
United States Magistrate Judge
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 11B
Cleveland, Ohio 4113-1845

Re: *Hodell-Natco Industries, Inc. v. SAP America, Inc., et al.*
USDC, Northern District of Ohio, Eastern Division
No. 1:08-CV-02755

Dear Judge White:

This letter is submitted on behalf of SAP in response to the letter filed by Hodell on August 16, 2012 and referred to Your Honor by Judge Wells on the same date. Hodell's purported discovery dispute must be rejected out of hand because it violates Local Rule 37.1(b), which provides that "[n]o discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date."

Here, on June 28, 2012, the parties submitted a jointly proposed motion and order to modify the case management deadlines. [Doc. 95]. Among other things, the parties proposed that written discovery close on June 29, and depositions be completed by August 3. The Court adopted these deadlines on July 9.[1] Hodell's August 16 letter is obviously in direct violation of Local Rule 37.1(b), and no attention should be devoted to it or the purported issues Hodell attempts to raise. *See Baker v. Gerdenich Realty Co.*, 2009 U.S. Dist. LEXIS 12434, at *15 (N.D. Ohio Feb. 19, 2009) ("Plaintiff's Motion fails because it is untimely according to Local Rule 37.1(b)" where the motion was filed "past the ten-day deadline."); *Hitachi Med. Sys. Am. v. Horizon Med. Group*, 2008 U.S. Dist. LEXIS 123314, at *11-12 (N.D. Ohio Oct. 29, 2008) (denying, pursuant to Local Rule 37.1(b), motion to compel discovery filed more than 10 days after the discovery cut-off date).

To be sure, Hodell tries to raise three purported issues. Two of the issues involve written discovery, but are being raised nearly seven weeks after the June 29 cut-off date, and are clearly improper under Local Rule 37.1(b). The third issue involves a concocted

---

[1] No docket number was associated with the Court's order adopting these new case management deadlines.

Established 1849

PHLIT/ 1738381.1

**DrinkerBiddle&Reath**
L L P

The Honorable Greg White
August 21, 2012
Page 2

issue arising from a deposition taken on July 13, but is also in violation of Local Rule 37.1(b), as Hodell is attempting to raise the issue for the first time more than 10 days after the August 3 cut-off for deposition discovery.

Accordingly, Hodell's purported discovery dispute, raised on August 16, is untimely on its face and must be rejected.[2] It is SAP's strong belief that the conference call scheduled for August 22 at 10:00 a.m. should be cancelled and that Hodell's purported discovery dispute should be denied. In the event the Court is inclined to conduct this conference, the undersigned has a potential conflict and would appreciate having the conference rescheduled for August 23.

In an abundance of caution, and assuming Hodell's present complaints are addressed by the Court, it is important that the Court understand that these supposed issues are entirely misplaced. In reality, these issues are nothing more than last minute attempts to resurrect a dying lawsuit and to distract SAP as it is preparing to file its summary judgment motion, which is due August 31.

### Hodell's Third Requests for Production and Second Requests for Admissions

To add insult to injury, Hodell's present untimely motion seeks to compel SAP to answer discovery that was, itself, untimely to begin with. Indeed, in contravention of the Rules of Civil Procedure and well recognized case law interpreting those Rules, Hodell purported to serve, on June 29 -- the very date all written discovery closed -- two brand new sets of written discovery. The first was yet another request for production of documents, and the second was a set of requests for admissions related to the authenticity of a stack of non-bates labeled documents. No response was warranted. *See, e.g., Enyart v. Karnes*, No. 2:09-687, 2010 WL 4823061, at *2 (S.D. Ohio Nov. 12, 2010) ("[D]iscovery propounded fewer than 30 days prior to the discovery completetion date is not timley."); *Carson v. Patterson Dental Supply, Inc.*, No. 2:08-653, 2009 WL 3127755, at *5 (S.D. Ohio Sept. 25, 2009) (denying plaintiff's motion to compel production of documents pursuant to a document request filed 12 days before the discovery deadline). And neither the document request nor the requests for admissions was signed by an attorney of record in this case. Instead, both were signed by John Neal, who has never entered his appearance.

SAP thus informed Hodell of these deficiencies. Notwithstanding the obviously frivolous nature of its requests, Hodell now asks that Your Honor order that SAP respond, but has not bothered to even provide the Court with a copy of its tardy discovery requests. Instead of entertaining Hodell's position, this Court should award SAP its

---

[2] Hodell initially sent a letter to Magistrate Judge Wells dated August 15, and resubmitted that same letter on August 16. Even if this supposed discovery dispute is measured from August 15, it is untimely and in violation of Local Rule 37.1(b).

**DrinkerBiddle&Reath**
L L P

The Honorable Greg White
August 21, 2012
Page 3

attorney's fees and costs for having had to spend any time dealing with such a patently absurd issue.

Additionally, should the Court wish to consider Hodell's requests, the requests themselves are objectionable and Hodeel has not, and cannot, make the required showing that its requests are proper. *See Brown v. Warden Ross Corr. Inst.*, 2011 U.S. Dist. LEXIS 52246, at *15 (S.D. Ohio May 16, 2011) ("The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant.") In fact, Hodell's letter is entirely silent on why the information it seeks is discoverable, and indeed it is not.

For example, the document requests ask for entirely irrelevant documents related to such things as "budget allocations, itemizations, procedures, or guidelines as it pertains to marketing, development, production, and implementation of SAP Business one from 2003 through 2008." This request is indecipherable, vastly overbroad, and does not even remotely deal with any issue in this case. Hodell also asks for "any and all documents referring or relating to the termination of Udi Ziv's [and Daniel Kraus's] employment with SAP, including, but not limited to, servance agreements and/or separation agreements." These requests have nothing to do at all to do with Hodell's claims. Moreover, Hodell deposed both of these individuals and did not uncover any information that might lead it to speculate that either Mr. Ziv or Mr. Kraus was "terminated" by SAP or that either left SAP for any reason related to Hodell. This is a classic fishing expedition. In no manner is this discovery even appropriate as they have no relationship to the fact or contentions in this case. *See* Local Rule 26.1 ("Attorneys serving discovery requests must review them to ascertain that they are applicable to the facts and contentions of the particular case.")

Furthermore, Hodell's purported requests for admissions ask SAP to admit the authenticity of two inches worth of non-bates labeled documents. Hodell apparently contends that such documents are SAP business records, and expects that SAP can somehow confirm this. But to do so, and assuming that the documents themselves are relevant to this case, SAP would have to locate the originals and do a word-by-word comparison. The burden of doing so is enormous, and the requests are improper.

### SAP's 30(b)(6) Witness

Hodell realizes its written discovery requests are improper, and tries to bolster its supposed discovery dispute by creating two additional false issues. The first is Hodell's completely false claim that SAP failed to produce an adequately prepared corporate designee. In reality, SAP's witness was more than adequately prepared, and Hodell's counsel did a poor job of conducting the deposition and now seeks a second chance.

PHLIT/ 1738381.1

**DrinkerBiddle&Reath**
L L P

The Honorable Greg White
August 21, 2012
Page 4

      This issue starts with Hodell's notice of this deposition, which was served July 3, 2012, and which listed 21 separate topics for the deposition. SAP responded to that notice on July 5, 2012. *See* Exhibit A. SAP informed Hodell that topics 4, 8, 9, 10, 20, and 21 were objectionable and that no witness would be produced. These topics are exceedingly broad and, once again, seek information that has nothing to do with this case. For example, topic 4 asked for a witness to testify about SAP's acquisition of an Israeli company in March 2002, including "the terms pertaining thereto." On its face, this topic is ridiculous and Hodell has never proffered any explanation for why this information is discoverable, or why SAP should be put to the burden of producing this information. Indeed, Hodell apparently did not even provide Your Honor with a copy of its 30(b)(6) notice of deposition, let alone explain why its topics are proper, and instead simply asks that SAP be required to submit to another deposition. SAP's position concerning topics 4, 8, 9, 10, 20, and 21 are well taken, as are the limitations SAP agreed to with respect to topics 5 and 18. *See* Exhibit A.

      Hodell also complains that SAP objected to a purported amended deposition notice that was served less than 48 hours before Mr. Killingsworth's deposition on July 13. Specifically, Hodell served a new notice on July 11, adding two topics relating to SAP's efforts to preserve, collect and produce documents in this case. While that notice clearly failed to give the reasonable notice required under Rule 30(b)(1) and was objectionable for that reason, Hodell fails to inform Your Honor that Mr. Killingsworth nonetheless was able to answer the questions that were put to him on these subjects during his July 13 deposition. Hodell also ignored the fact that its counsel agreed that the July 11 notice was late, and that Mr. Killingsworth's testimony on the two new topics would be very limited. *See* Exhibit B.

      Hodell also complains – without citation to the transcript of Mr. Killingsworth's deposition – that he lacked knowledge about other topics. This, too, is false. In reality, Mr. Killingsworth was able to answer all proper questions put to him during his deposition. Hodell's counsel is simply frustrated that he was unable to break Mr. Killingsworth or obtain some sound bite of testimony that might save this case for his client.

      For these reasons and more, Hodell's complaints about SAP's 30(b)(6) designee are entirely unfounded, non-specific, and not supported by any citation to the actual testimony given. Accordingly, Hodell's request on these fabricated issues should be denied.

### Hodell's Prior Motion to Compel

      Out of the blue, Hodell now again complains that SAP's prior document production is incomplete. But here again Hodell is totally off base. In short, SAP did all

PHLIT/ 1738381.1

DrinkerBiddle&Reath
LLP

The Honorable Greg White
August 21, 2012
Page 5

that it promised to do with respect to Hodell's prior motion to compel. More importantly, Hodell claims that SAP failed to produce documents responsive to nine of Hodell's document requests. But Hodell ignores the fact that only one of those specific requests – Second Document Request No. 5 – was before this Court on Hodell's prior motion to compel. Issues with many other requests had been resolved among counsel or withdrawn, as noted in SAP's March 22, 2012 letter to the Court and SAP's brief in opposition to the motion to compel. *See* Exhibit C. And Hodell never disputed this.

Further, the single disputed request – Second Document Request No. 5 – mentioned in Hodell's August 16 letter sought documents related to a particular, unrelated SAP customer named Weidmueller. As agreed among counsel, SAP collected, searched for, and produced all documents responsive to that request. Hodell's August 16 letter is the first indication that Hodell has any issue with documents and information produced in response to Request 5, and like its other manufactured complaints, is worthy of no consideration.

For these reasons, this Court should deny Hodell's request for additional discovery, cancel the conference call scheduled for tomorrow, and award SAP its reasonable attorney's fees for having to respond to Hodell's manufactured dispute.

Very truly yours,

Gregory J. Star

Gregory J. Star

Enclosures
cc: P. Wesley Lambert, Esq. (via ECF and email)
    Roy Hulme, Esq. (via ECF and email)