UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE:  LESLEY WELLS |
| | ) | |
| -vs- | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF HODELL-NATCO INDUSTRIES, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO STRIKE JAIME CLARKE FROM PLAINTIFF'S TRIAL WITNESS LIST AND PRECLUDE HIM FROM TESTIFYING AT TRIAL**

## ARGUMENT

The SAP defendants are correct in one respect.  Hodell-Natco first identified its employee Jaime Clarke as a trial witness in a telephone conversation with defense counsel on September 24, 2014 and then listed him as a trial witness. He is an employee witness who had knowledge of the malfunctions of the SAP Business One and Inflight software based on his experience operating the software and its impact on his ability to service Hodell's customers.

But SAP is not correct in suggesting that Hodell has deliberately scoffed at the Rules of Procedure, ignored its pre-trial discovery obligations or disrespected the Orders of this Court. There is no scheme afoot here to spring a surprise witness upon the Defendants on the eve of

trial.  The simple fact is that Mr. Clark is simply a replacement witness for a previously disclosed witness named Ray Zucco (listed in Hodell's Initial Disclosures in 2010) who is no longer an employee of Hodell and had moved to Florida.  Mr. Clarke was substituted for Mr. Zucco and is expected to testify about the same subject matter as was Mr. Zucco.

Hodell is not arguing that it did not know about Mr. Clarke's existence.  Of course it knew who he was.  Rather, his testimony on this subject was not needed until the previously identified witness Mr. Zucco was no longer available. The subject matter of Mr. Clarke's anticipated testimony is no secret.  It has been discussed by witnesses on both sides of this controversy from the onset of this litigation. Nor can SAP claim that it has been prejudiced by the substitution of Mr. Clark for Mr. Zucco.  SAP never deposed Hodell's previously designated witness Ray Zucco despite every opportunity to do so.

In order to ameliorate any inconvenience to SAP's counsel and eliminate any perceived prejudice to the SAP defendants while ensuring that all relevant facts are presented the jury, Hodell offers the following resolution and respectfully requests this Court's permission to allow this proposed compromise despite SAP's anticipated objections:

1. Hodell will make Mr. Clarke available for an in person deposition in Cleveland, Ohio, a telephone deposition or a videoconference deposition, whichever SAP's counsel prefers, at time selected by SAP's counsel.

2. Hodell will bear the costs of establishing any videoconference feed and securing attendance of the court reporter.

3. Hodell will stipulate that Mr. Clarke's testimony will be limited to the proffer made above, i.e., his knowledge of the malfunctions of the SAP Business One and Inflight software based on his experience operating the software and its impact on Hodell's ability to service its

customers.

This Court has discretion to permit Mr. Clark's testimony under the circumstances described above. "Where there is no surprise or prejudice to the other party by the failure to supplement discovery responses, exclusion of testimony or documents is unnecessary." *Charvat v. Echostar Satellite LLC*, No. 2:07–cv–1000, 2009 WL 2949294, *2 (S.D. Ohio Sept. 11, 2009)(holding that defendant was not prejudiced where newly disclosed witness offered same testimony as previously-disclosed witness defendant had chosen not to depose). *See also*, *Seymour v. U.S. Postal Service*, No. 04-2261, 2008 WL 927769 (W.D. Tenn. Apr. 4, 2008)(severe sanction of exclusion unwarranted where defendant knew that plaintiff intended to offer testimony on subject matter and expert witness was identified one month before trial).

Hodell is well aware of its responsibilities and believes that the proposed compromise identified above will ameliorate any anticipated inconvenience and eliminate entirely SAP's specific concern that Mr. Clarke will offer "wide ranging testimony on a variety of subjects which may never have been addressed before by any witness in the case…" as it argues in its Motion *in Limine*.

## CONCLUSION

This turn of events was not anticipated by Hodell's counsel. For the reasons expressed above, Hodell respectfully asks that this Court exercise its discretion and deny SAP's Motion In Limine and permit Mr. Clarke to testify at trial provided Hodell meets all of the pre-conditions listed above, eliminating any perceived or actual harm to the SAP Defendants.

Respectfully submitted,

*/s/* P. Wesley Lambert
JAMES F. KOEHLER (0007904)
jkoehler@koehlerneal.com
TIMOTHY J. FITZGERALD (0042734)
tfitzgerald@koehlerneal.com
P. WESLEY LAMBERT (0076961)
wlambert@koehlerneal.com
KOEHLER NEAL LLC
3330 Erieview Tower, 1301 East 9th Street
Cleveland, Ohio  44114
(216) 539-9370
(216) 916-4369   (*facsimile*)
*Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October 2014, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system. A copy of these pleadings will also be emailed and sent by federal express to the following parties:

**LSI-Lowery Systems, Inc.**
c/o Chris Kellett
cpk@carmodymacdonald.com

**IBIS Group, Inc**
1800 W. Hawthorne Lane, Suite N
W. Chicago, IL 60185

*/s/* P. Wesley Lambert
P. WESLEY LAMBERT (0076961)

4