2009 WL 2949294
Only the Westlaw citation is currently available.
United States District Court,
S.D. Ohio,
Eastern Division.

Philip J. CHARVAT, Plaintiff
v.
ECHOSTAR SATELLITE, LLC, Defendant.

Civil Action No. 2:07–cv–1000. | Sept. 11, 2009.

**Attorneys and Law Firms**

John William Ferron, Jessica G. Fallon, Lisa A. Wafer, Ferron & Associates, Columbus, OH, for Plaintiff.

Benjamen E. Kern, Ryan P. Hatch, Benesch Friedlander Coplan & Aronoff, Columbus, OH, Eric Larson Zalud, Benesch Friedlander Coplan & Aronoff, Cleveland, OH, for Defendant.

**OPINION AND ORDER**

JOHN D. HOLSCHUH, District Judge.

*1 On January 6, 2009, Plaintiff filed a motion to strike (Doc. 35) the affidavit of Blake Van Ernst attached to Defendant's Motion for Summary Judgment (Doc. 33). On July 16, 2009, the Magistrate Judge issued a Report and Recommendation, recommending that the motion to strike be denied (Doc. 40). Plaintiff has filed objections to the report and recommendation. This matter is now before the District Judge for *de novo* review. For the reasons set forth herein, Plaintiff's objections are overruled, and the report and recommendation is adopted.

Plaintiff claims in this action that Defendant EchoStar Satellite, LLC ("EchoStar") made various telemarketing calls which violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* On December 20, 2007, Defendant made its initial disclosures pursuant to Fed. R. Civ. Pro. 26(a)(1). It stated that, aside from Plaintiff, Defendant's employees Rob Munger ("Director of Call Service Operations") and Robb Origer ("Vice President of Retail Services") were likely to have discoverable information that Defendant might use to support its claims or defenses. (Doc. 35–3 at 2.) It made no formal supplementation of these initial disclosures. However, on June 27, 2008, Defendant sent Plaintiff interrogatory responses signed on Defendant's behalf by Blake Van Ernst, another of its vice presidents. Then, on December 19, 2008, Defendant moved for summary judgment, and attached to its motion an affidavit by Mr. Van Ernst, in which he denied that EchoStar had made the telephone calls at issue, described in detail Defendant's telephone policies, and identified various other attached documents as authentic corporate records. (Doc. 33–2.)

On January 6, 2009, Plaintiff moved to strike Mr. Van Ernst's affidavit. Plaintiff stated two grounds: first, that Defendant failed to disclose him as a person likely to possess discoverable information, as Fed. R. Civ. Pro. 26(a)(1)(A) requires, and second, that the affidavit failed to demonstrate that Mr. Vau Ernst had personal knowledge of the matters about which he testified. Plaintiff sought to either have Mr. Van Ernst's affidavit struck, or to have an opportunity to depose him before responding to the summary judgment motion. In opposition to the motion to strike, Defendant rejoined that Mr. Van Ernst had been disclosed to Plaintiff by virtue of the fact that he had signed interrogatory responses on behalf of Defendant, and that corporate officers are considered to have personal knowledge of the acts or omissions of their corporations.

The Magistrate Judge denied the motion to strike. He found that, as Plaintiff had chosen not to take the depositions of Messrs. Munger or Origer or of EchoStar itself, Plaintiff had suffered no prejudice by not being able to depose Mr. Van Ernst on the same topics. Moreover, the Magistrate Judge found that, although the interrogatory responses signed by Mr. Van Ernst contained a statement that some of the responsive information he had certified was "not within his personal knowledge," this did not mean that Mr. Van Ernst was thereby barred from testifying concerning Defendant's corporate activities and policies.

*2 Plaintiff has now brought objections to the Report and Recommendation. He reiterates substantially the same arguments that he did in his motion to strike. Plaintiff argues also that the Magistrate Judge engaged in baseless conjecture when he concluded that, as Plaintiff did not depose Defendant or any of its named witnesses concerning corporate policies, he would not have deposed Van Ernst either.

The pretrial disclosure of witnesses is governed by Fed.R.Civ.P. 26(a)(1)(A), which provides'

Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing part may use to support its claims or defenses, unless the use would be solely for impeachment;

Moreover, Fed.R.Civ.P. 26(e)(1)(A) provides:

A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;

Plaintiff has consistently characterized Defendant's failure to name Van Ernst as a potential witness or to supplement its initial disclosures to add Van Ernst's name as an "improper ambush tactic", first concealing and then producing a "surprise witness". Given the facts in this case, however, Plaintiff's contention is unwarranted. Plaintiff is suing a seller of satellite television service, claiming that its authorized agents directed pre-recorded telephone solicitations to him in a manner violative of law. Defendant contends, *inter alia,* that it did not place or assist in the placement of any of the calls at issue, and that it does not control how third-party retailers market its products. It identified its director of call service operations and a vice president as persons who were likely to have discoverable information. Later, it tendered an affidavit by a different vice president concerning its telephone policies.

There is no basis here to conclude that Plaintiff suffered any actual prejudice due to Defendant's failure to list this additional vice president in its initial disclosures. He has not suggested any such prejudice, except for his statement that he thereby did not have the opportunity to depose Van Ernst. As the Magistrate Judge noted, given that Plaintiff did not conduct any other depositions—including those of the persons who *were* specifically named—it is unlikely that Defendant's procurement of an affidavit from undeposed vice president Van Ernst instead of undeposed vice president Origer caused Plaintiff any prejudice. Plaintiff has offered no indication as to what a deposition of Van Ernst might reveal that the foregone deposition of, *e.g.,* EchoStar itself would not have done. Where there is no surprise or prejudice to the other party by the failure to supplement discovery responses, exclusion of testimony or documents is unnecessary. *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.,* 240 F.3d 1, 9–10 (1st Cir.2001); *Nalder v. W. Park Hosp.,* 254 F.3d 1168, 1177–1178 (10th Cir.2001); *Zoltek Corp. v. U.S.,* 71 Fed.Cl. 160, 168 (2006). As Defendant's omission from its explicit initial disclosures list was harmless, Van Ernst's evidence can be used to support Defendant's summary judgment motion. Fed.R.Civ.P. 37(c) (1).

*3 Moreover, the Court notes that Fed.R.Civ.P. 26(e)(1)(A) requires a party to supplement its disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing". Defendant argues that it did make Van Ernst's identity known to Plaintiff, by virtue of the fact that he signed Defendant's interrogatory responses on behalf of the company. This contention has merit. Plaintiff cannot reasonably argue that Van Ernst was unknown to him; his possession of knowledge about EchoStar became obvious when he certified that he possessed such knowledge. Defendant made it known to Plaintiff in writing "during the discovery process" that Van Ernst was a person likely to have discoverable information. That is all Fed.R.Civ.P. 26(e)(1)(A) requires. *See, e.g., Harding v. Cianbro Corp.,* 436 F.Supp.2d 153, 163 fn. 19 (D.Me.2006) (where identity of witness was made known to opposing counsel during course of discovery, formal supplementation unnecessary); *Gutierrez v. AT & T Broadband, LLC,* 382 F.3d 725, 733 (7th Cir.2004) (additional witness named in deposition was "otherwise made known"); *Coleman v. Keebler Co.,* 997 F.Supp. 1102, 1107 (N.D.Ind.1998) (duty to supplement "does not require an application of form over substance"). The Court accordingly finds that Defendant satisfied the disclosure requirement of Fed.R.Civ.P. 26(e)(1)(A) with respect to Mr. Van Ernst.[1]

In his objections, Plaintiff also reiterates the argument in his original motion that Van Ernst's affidavit fails to show affirmatively that he possesses personal knowledge of the facts set forth in the affidavit. He states that Fed.R.Civ.P. 56(e) requires that affidavits must be based upon personal knowledge, and "shall show affirmatively that the affiant is competent to testify to the matters stated therein." Van Ernst's

affidavit, he argues, establishes no such personal knowledge and fails to describe how Van Ernst could have reached conclusions about EchoStar's activities based upon his own personal knowledge.

As the Magistrate Judge found, this argument is merit less. Van Ernst is one of EchoStar's vice presidents, and therefore a corporate officer. "Corporate officers are considered to have personal knowledge of the acts of their corporations and an affidavit setting forth those facts is sufficient for summary judgment."*AGI Realty Service Group, Inc. v. Red Robin Intern., Inc.,* 81 F.3d 160 at *4 (6th Cir.1996), citing *Catawba Indian Tribe of South Carolina v. South Carolina,* 978 F.2d 1334, 1342 (4th Cir.1992).

Plaintiff rejoins, however, that Van Ernst previously admitted under oath that he did not have such personal knowledge. He points to the EchoStar interrogatory answers which Van Ernst verified (Doc. 38–2 at 10). In his verification, Van Ernst stated that:

> [A]lthough he does not have personal knowledge of all the information set forth in [the answers], such information contained therein has been collected and made available to him by others, and said Answers are true to the best of his knowledge and belief based upon the information made available to him. Some of the matters stated in the foregoing Answers are not within his personal knowledge and he is informed and believes that no employee of EchoStar has personal knowledge of all such matters; and that the facts stated in the foregoing Answers have been assembled by authorized employees, agents or attorneys of EchoStar, and that he is informed by those authorized employees, agents or attorneys and believes that the facts stated in the foregoing Answers are true.

*4 Plaintiff argues that Van Ernst's statement that the EchoStar interrogatory responses are not entirely based upon his personal knowledge should abnegate his claim to be able to testify in an affidavit about the acts of EchoStar. As the Magistrate Judge found, this contention lacks merit. Van Ernst merely acknowledged the unremarkable fact that other people in his company report information to him, and stated that, as far as he knew, the information which had been given him was accurate. There is no support for Plaintiff's argument that this qualification to his answers to the interrogatories was a binding admission that Van Ernst is unable to testify about EchoStar's corporate acts due to lack of personal knowledge.

The Court therefore finds that Defendant made known to Plaintiff during the discovery process that Blake Van Ernst was a person likely to have discoverable information, and that Plaintiff was not prejudiced by any failure to formally identify him. Furthermore, Mr. Van Ernst's statement in his verification of interrogatory responses that EchoStar's answers were not entirely drawn from his own personal experience did not bar him from testifying about corporate acts for purposes of Rule 56(e)(1). The Court accordingly declines to strike Mr. Van Ernst's affidavit accompanying Defendant's motion for summary judgment. The Report and Recommendation of the Magistrate Judge (Doc. 40) is ADOPTED. The Motion to Strike (Doc. 35) is DENIED.

Footnotes

1   Plaintiff argues also that, with respect to his knowledge of Van Ernst as a potential witness, Van Ernst's verification in the EchoStar interrogatory responses that "he does not have personal knowledge of all of the information set forth" therefore "made crystal clear the fact that *Van Ernst did not have personal knowledge* concerning any of the facts in this case."(Doc. 43 at 9, emphasis in original.) This substantially misrepresents Van Ernst's statement. Van Ernst said that he did not have personal knowledge of "all" of the facts, not "any" of the facts. (Doc. 38–2 at 10.)

**End of Document**                                   © 2014 Thomson Reuters. No claim to original U.S. Government Works.

2008 WL 927769
Only the Westlaw citation is currently available.
United States District Court,
W.D. Tennessee,
Western Division.

Marcus SEYMOUR, Plaintiff,
v.
UNITED STATES POSTAL SERVICE and John E. Potter, Postmaster General, Defendants.

No. 04-2261 D/P.  |  April 4, 2008.

**Attorneys and Law Firms**

John R. Hershberger, Hershberger Price, PLLC, William B. Ryan, Donati Law Firm, LLP, Memphis, TN, for Plaintiff.

Cynthia Ray Eggleston, Gary A. Vanasek, United States Postal Service, James M. Allen, Memphis, TN, for Defendants.

**ORDER FOLLOWING HEARING DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO STOP THE EVIDENTIARY DEPOSITION OF DR. VALERIE AUGUSTUS BY PLAINTIFF AND TO EXCLUDE HER TESTIMONY AT TRIAL**

TU M. PHAM, United States Magistrate Judge.

*1 Before the court by order of reference is defendants United States Postal Service and John E. Potter's Motion For A Protective Order To Stop The Evidentiary Deposition Of Dr. Valerie Augustus Noticed By Plaintiff And To Exclude Her Testimony At Trial, filed February 28, 2008. (D.E.100). Plaintiff Marcus Seymour filed his response in opposition on March 18. On April 3, the court held a hearing on the motion. Counsel for all parties were present and heard. At the conclusion of the hearing, the court DENIED the motion as follows:

With respect to the timeliness of Seymour's disclosure of Dr. Augustus as his treating psychiatrist, Rule 26(e)(1)(A) requires a party to supplement or correct its disclosure under Rule 26(a) or discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; ..."Fed.R.Civ.P. 26(e)(1)(A). While Seymour did not supplement his response to interrogatory no. 22 (disclosing Dr. Augustus as his new treating psychiatrist) until approximately one month before the February 20 trial date,[1] at the April 3 hearing it became apparent to the court that the late disclosure was a result of a miscommunication between Seymour and his attorney, and not due to any bad faith or dilatory conduct on the part of plaintiff or his counsel. In addition, although the supplemental response did not fully address all of the topics raised in the interrogatory, the defendants have now received a complete copy of Dr. Augustus' records and therefore possess the relevant information sought in the interrogatory. Moreover, during the discovery period Seymour made the defendants aware that he was receiving mental health treatment from another psychiatrist, Dr. Antoinne Jean-Pierre, and provided them with Dr. Jean-Pierre's treatment records. Thus, the defendants were on notice that Seymour would likely offer expert testimony at trial relating to his mental health treatment, and therefore Seymour sufficiently complied with Rule 26(a)(2)(A)'s disclosure requirement.[2] Under the circumstances, the late supplementation of Dr. Augustus does not prejudice the defendants to the extent that the severe sanction of exclusion would be warranted.

Finally, Seymour is not required to provide an expert report for Dr. Augustus under Rule 26(a)(2)(B), as an expert report is not required if the treating physician's testimony about causation and prognosis is based on personal knowledge and on observations obtained during the course of care and treatment. *See Fielden v. CSX Transp. Inc.,* 482 F.3d 866, 872-73 (6th Cir.2007); *Hawkins v. Graceland,* 210 F.R.D. 210, 211-12 (W.D.Tenn.2002) (Breen, M.J.); *see also Kirkham v. Societe Air France,* 236 F.R.D. 9, 11-12 (D.D.C.2006); *Williams v. Asplundh Tree Expert Co.,* No. 305cv479J33MCR, 2006 WL 2868923, at *6 (M.D.Fla. Oct. 6, 2006); *Kallassy v. Cirrus Design Corp.,* No. Civ.A. 3:04-CV-0727N, 2006 WL 1489248, at *7 (N.D.Tex. May 30, 2006); *Leathers v. Pfizer, Inc* ., 233 F.R.D. 687, 696-97 (N.D.Ga.2006); *Garcia v. City of Springfield Police Dept.,* 230 F.R.D. 247, 249 (D.Mass.2005); *Philbert v. George's Auto and Truck Repair,* No. 04-CV-405 (DRH), 2005 WL 3303973, at *2 (N.D.N.Y. Dec. 6, 2005); *Martin v. CSX Transp., Inc.,* 215 F.R.D. 554, 557 (S.D.Ind.2003); *McCloughan v. City of Springfield,* 208 F.R.D. 236, 242 (C.D.Ill.2002); *Washington v. Arapahoe County Dept. of Social Servs.,* 197 F.R.D. 439, 442 (D.Colo.2000); *Sprague v. Liberty Mut. Ins. Co.,* 177 F.R.D. 78, 80 (D.N.H.1998);

*Sullivan v. Glock, Inc.,* 175 F.R.D. 497, 501 (D.Md.1997); *Shapardon v. West Beach Estates,* 172 F.R.D. 415, 417 (D. Hawaii 1997); *Salas v. United States,* 165 F.R.D. 31, 33 (W.D.N.Y.1995); *Wreath v. United States,* 161 F.R.D. 448, 450 (D.Kan.1995).

**\*2** If, after deposing Dr. Augustus, it is discovered that her opinions are based on information that was obtained outside the course of care and treatment, the defendants may renew their motion to exclude her testimony. *See Mohney v. USA Hockey, Inc.,* 138 Fed. Appx. 804, 811 (6th Cir.2005); *Harville v. Vanderbilt Univ.,* 95 Appx. 719, 724 (6th Cir.2003).

IT IS SO ORDERED.

Footnotes

1 The trial has since been continued to June 16, 2008.
2 As the court noted at the April 3 hearing, Rule 26(a)(2)(A) requires a party to disclose the identity of any expert witness it may use at trial, including a treating physician. Rule 26(a)(2)(B), however, requires a written report only from certain types of expert witnesses. *See*Fed.R.Civ.P. 26(a)(2) (Committee Notes to 1993 Amendments) ("this rule ... continue[s] to use the term 'expert' to refer to those persons who will testify under Rule 702.... The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.").

**End of Document** © 2014 Thomson Reuters. No claim to original U.S. Government Works.