UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE:  LESLEY WELLS |
| | ) | |
| -vs- | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

**BRIEF IN OPPOSITION TO THE SAP DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO PRECLUDE PLAINTIFF FROM OFFERING EVIDENCE OF PUNITIVE DAMAGES**

---

Plaintiff Hodell-Natco Industries, Inc. ("Hodell"), through undersigned counsel, submits the following Brief in Opposition to the Motion *in Limine* No. 3 of Defendants SAP America, Inc. and SAP AG ("SAP") to preclude Hodell from offering evidence of punitive damages at trial. [ECF #221]("SAP's Motion).

SAP seeks to exclude evidence relating to Hodell's punitive damages claim based upon the pleadings in Hodell's Amended Complaint [ECF #26] and the evidence Hodell has established through discovery.  As to the adequacy of Hodell's pleadings, the Judge White and this Court have already overruled SAP's arguments and they do not merit revisiting.  [ECF #50, pp. 25-26 and ECF #61, p. 15].

As to SAP's challenge to the evidence, SAP's Motion is nothing more than an untimely,

unsupported motion for summary judgment in which it argues that as a matter of law Hodell will be unable to present sufficient evidence at trial to permit a jury to award Hodell punitive damages. Of course, SAP never moved for summary judgment on Hodell's punitive damages claim and had every opportunity to do so. SAP may not move for dismissal of claims or issues two years after the dispositive motion cutoff date under the guise of filing a "motion *in limine*." The time to address the issue of the sufficiency of evidence for a particular claim is at the summary judgment stage, not on the eve of trial through a motion *in limine*. For the reasons set forth below, SAP's Motion should be denied.

I. **SAP's Motion is an Untimely Summary Judgment Motion and Should Not be Considered.**

SAP's Motion is the classic example of a motion for summary judgment masquerading as a motion *in limine*. The Sixth Circuit has consistently held that motions addressing the factual and legal merits of claims, or the sufficiency of evidence, may not be raised through motions *in limine* and may not be considered by courts after the summary judgment stage. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013).

In *Louzon*, the Sixth Circuit was clear that motions *in limine* may only be used to resolve evidentiary issues. Motions *in limine* may not be used to resolve disputes requiring the weighing of evidence, and the resolution of factual and legal disputes:

> In other words, a mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial – the summary judgment motion. Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment.

*Id.* at 561 (*citing Williams v. Johnson*, 747 F.Supp.2d 10, 14 (D.D.C. 2010) and 21 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND

PROCEDURE §5037.10 (2005)).

The *Louzon* Court also rejected the defendant's attempt to circumvent this rule by injecting relevance arguments into the motion, noting that "if these tactics were sufficient, a litigant could raise any matter in limine, as long as he included the duplicative argument that the evidence relating to the matter at issue is irrelevant. **Where, as here, the motion in limine is no more than a rephrased summary judgment motion, the motion should not be considered.**" *Id.* at 562-63 (emphasis added). The Sixth Circuit cited to a litany of cases from both federal appellate and district Courts refusing to consider motions *in limine* similar to that filed by SAP. *See Louzon*, *supra* at 561-62.

Relying upon *Louzon*, courts within this Circuit and elsewhere have held that a motion *in limine* is procedurally improper where it "requires the Court to weigh the totality of the evidence" or "seeks relief that is dispositive in nature." *See Hendrian v. Safety-Kleen Sys., Inc.*, 08-14371, 2014 WL 117315 (E.D. Mich. Jan. 13, 2014); *Am. Home Assur. Co. v. Greater Omaha Packing Co.*, 8:11CV270, 2014 WL 3661485 (D. Neb. July 22, 2014)(motion *in limine* improper where "the Court must do more than simply weigh the probative value against the potential for prejudice" but instead must "resolve a legal issue that is central to the merits of the case . . . * * * The resolution of such legal issues is the purpose and function of summary judgment, and the deadline for summary judgment motions has passed."); *Am. Home Assur. Co. v. Greater Omaha Packing Co.*, 8:11CV270, 2014 WL 2112865 (D. Neb. May 20, 2014) ("Cargill has moved to exclude 'any evidence of [Cargill's] 'acts or omissions' and is therefore a motion for summary judgment.")

The impropriety of SAP's Motion, and many of its other "motions *in limine*," is demonstrated by the district court's summation in *C & E Servs., Inc. v. Ashland Inc.*, 539 F.

Supp. 2d 316, 323 (D.D.C. 2008):

> **It is worth noting that a motion in limine should not be used to resolve factual disputes or weigh evidence**. *Sigma Tool & Mach. v. Nagayama Elect. Ind. Co., Ltd.*, No 00–cv–2936, 2002 WL 34354482, at * 2 (D.D.C. Dec.18, 2002). **Nor should a motion in limine be used to argue, as Ashland does here, than an item of damages may not be recovered because no reasonable person could find that it was proximately caused by the defendant's acts. That is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.** See *Provident Life & Accident Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (D.Mich.1997) (motion in limine cannot be used as substitute for motion for summary judgment); *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069–70 (3d Cir.1990) (motions in limine are not subject to the same procedural safeguards as motions for summary judgment). *See, e.g., Davis v. Gen. Accident Ins. Co.*, No. CIV. A 98–4736, 2000 WL 1780235, at *4 (E.D.Pa. Dec.4, 2000) (holding in an employment case that defendant's motion in limine was an improper vehicle to argue that plaintiff could not recover back and front pay because he had failed to make out a claim for constructive discharge; that argument "is untimely for a summary judgment motion and too early for a motion for judgment as a matter of law").

(Emphasis added).

In the present case, SAP moved for dismissal of Hodell's punitive damages claim during the pleading stage. [ECF #36-2]. Judge White held that SAP's argument should be deferred until the discovery stage, and this Court agreed. [ECF #50, pp. 25-26; ECF #61, p. 15]. Apparently satisfied with the evidence Hodell gathered through discovery (as discussed below), SAP failed to move for summary judgment on Hodell's punitive damages claim. [ECF #110].

SAP now moves the Court for an order disposing of Hodell's punitive damages claim through a motion *in limine*. SAP argues only: "Hodell cannot meet its burden to recover punitive damages on its fraud claims because it has no evidence showing that SAP acted with malice, and therefore, its punitive damages claim should be precluded at trial." [ECF #221-1, p. 1]. SAP has waived its right to seek dismissal of this claim by failing to move for dismissal at the summary judgment phase which would have afforded Hodell "the procedural protections that attach at summary judgment." *Louzon*, *supra*.

4

Indeed, SAP has cited no cases disposing of a punitive damages claim through a motion *in limine*. All of the cases relied upon by SAP are inapplicable here. They involve either appeals from trial verdicts (*Miles v. Perpetual Savings*; *Logsdon v. Graham Ford*; *Preston v. Murty*; *Central States*) or an appeal from a summary judgment order dismissing a punitive damages claim (*Giebel v. Lavalley*). In each and every case cited by SAP there was a full and thorough analysis of the plaintiff's evidence of malice in the record. The issue in every case was whether or not the record evidence - developed through full briefing on the merits or introduced at trial – was sufficient to support a jury verdict or a jury instruction on a punitive damages claim.

Additionally, courts are frequently reluctant to grant summary judgment as to punitive damages claims, even when such arguments are presented in a procedurally proper manner. *See Ruth v. A.O. Smith Corp.*, No. 1:04–CV–18912, 2006 WL 530388, *3 (N.D. Ohio Feb. 27, 2006)("The Court notes the following aspects of its ruling on this issue: (1) it is generally preferable to wait until after all the evidence is in before addressing the legal sufficiency of a punitive damages claim, where one is authorized by law; accordingly, this Court normally will grant a summary judgment motion on this issue only in compelling circumstances not present in this case; and (2) as explained elsewhere, the Court has determined that much of the evidence that would support a claim for punitive damages is also relevant and admissible for other purposes, so it is appropriate to allow the testimony to proceed and to make a determination later whether there will be a punitive damages charge to the jury.").

Defendants have not cited one single authority for the proposition that unsupported arguments of counsel in a pretrial motion *in limine* can justify a ruling excluding admissible evidence at trial on the issue of punitive damages. The issue of malice, as SAP correctly states, requires evidence of intent and conscious disregard of a party's rights. Had SAP filed a motion

for summary judgment, Hodell would have had the opportunity to present its evidence in support of its punitive damages claim.  Instead, SAP would have this Court not only decide this mixed fact-sensitive  and substantive legal issue without anything more than SAP's say-so, but deprive Hodell the opportunity to produce its evidence altogether.  Hodell is entitled to its day in court, as this Court has already decided.  That means it has the right to present all of its evidence, including evidence of fraud, intent, and malice.  SAP's Motion is procedurally improper and should not be considered.

**II.     SAP's Motion Ignores Evidence and Misconstrues the Law.**

Even if SAP's Motion is considered, it fails legally and factually.  SAP has not met its burden of demonstrating that Hodell's evidence of punitive damages is "clearly inadmissible." "The court has the power to exclude evidence in limine only when evidence is **clearly inadmissible on all potential grounds**. *Cf. Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 463 n. 4, 83 L.Ed.2d 443 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)(emphasis added).

The Sixth Circuit has summarized the standard necessary for an award of punitive damages as follows:

> Under Ohio law, in order to recover punitive damages for a negligence claim ..., the plaintiff must establish, by clear and convincing evidence, that "the actions or omissions of [the] defendant demonstrate **malice or aggravated or egregious fraud."** Ohio Rev.Code Ann. §§ 2315.21(C)(1), 2315.21(D)(4), 3721.17(I)(2)(b). Malice is divided into two categories: "(1) that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty*, 32 Ohio St.3d 334,

6

> 336, 512 N.E.2d 1174 (1987). . . .
>
> The "conscious disregard" type of malice "requires the party to possess knowledge of the harm that might be caused by his behavior." *Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 446, 659 N.E.2d 1242 (1996). Because "it is rarely possible to prove actual malice otherwise than by conduct and surrounding circumstances," "actual malice can be inferred from conduct and surrounding circumstances which may be characterized as reckless, wanton, willful or gross." *Villella v. Waikem Motors, Inc.*, 45 Ohio St.3d 36, 37, 543 N.E.2d 464 (1989) (quotations omitted).

*Freudeman v. Landing of Canton*, 702 F.3d 318, 330 (6th Cir. 2012)(emphasis added). Furthermore, under Ohio law, Hodell may satisfy the required showing by presenting evidence that **either**: (1) SAP's conduct meets this standard; or (2) that the LSi Defendants engaged in conduct warranting punitive damages as SAP's agent. R.C. §2315.21(C)(1).

As noted in *Freudeman*, because defendants rarely admit to such purposeful wrongdoing, "actual malice can be inferred from conduct and surrounding circumstances which may be characterized as reckless, wanton, willful or gross." *Villella v. Waikem Motors, Inc.*, 45 Ohio St. 3d 36, 37, 543 N.E. 2d 464, 467 (1989). This principle comports with the general rule that a defendant's motive or intent can always be proven circumstantially in civil actions. *State Employ. Rel. Bd. v. Adena Loe. Sch. Dist. Bd. o/Edn.*, 66 Ohio St. 3d 485, 495, 1993-0hio-118, 613 N.E. 2d 605, 612; *Adams v. Aluchem, Inc.*, 78 Ohio App. 3d 261, 264, 604 N.E. 2d 254, 256 (Ohio App. 1st Dist. 1992).

In the present case, the Court has already held that Hodell has set forth more than sufficient facts to survive summary judgment, and that its fraud claims may be presented to the jury. In Magistrate White's R&R that was adopted in whole by this Court, Judge White found: "Based on the above and the totality of the circumstances, it can be inferred that SAP oversold its B1 product as Hodell was seen as a critical gateway customer to gain a foothold in a whole new industry." [ECF #182, R&R at pp. 12-13]. *See also*, ECF #158-51; Dep. Exhibit 180

7

(expressing concern that a failed implementation at Hodell could impact future Business One sales).[1] The statements in Exhibit 180 were made by Geoffrey Ashley, SAP's former "channel manager" responsible for overseeing resellers such as LSi.

Moreover, Hodell will be present evidence at trial that SAP and its agent were: (1) aware that Hodell was losing substantial amounts of money [ECF #155-8 and 155-10; Dep. Exhibits 60, 67]; (2) that in April 2007, SAP employees believed Hodell would be wasting time and money if it continued run Business One [ECF #155-69; Dep. Exh. 439]; (3) that SAP employees continued to track Hodell's losses throughout 2007 [ECF #155-55; Dep. Exhibit 267]; and (4) that SAP misled Hodell to remain on Business One in hopes that it could limp along until SAP could find another SAP product to present to Hodell. [ECF #155-54; Dep. Exhibit 262]. *See also*, ECF #155-48; Dep. Exh. 174: "I have always told SAP, Dan [Kraus], lawyers, etc. that **this was a case where we had a product not ready for prime time**, a partner relying on documentation that SAP put together, a prospect/customer relying on SAP to back their commitments, and frankly, a solution that could have worked if anyone at SAP would have wanted to take the time to get you there." (Emphasis added).

Further, Udi Ziv, the head of SAP Business One worldwide, testified that at the software was sold to Hodell, Business One was not profitable and had been ordered to by SAP's board of directors to become profitable in short order. [Exhibit 1: Ziv. Depo. at 139:04-10]. A jury could find SAP's continued misrepresentations from 2004 through 2007 were designed either as a means to preserve its inroads in the fastener industry, or as a way to buy itself time to find another SAP software platform to replace Business One and not lose Hodell to another vendor.

---

[1] Documents cited herein as Deposition Exhibits have been previously filed with the Court as part of the record with Hodell's Briefs in Opposition to the SAP Defendants' and LSi Defendants' Motions for Summary Judgment, ECF Nos. 155 and 158, respectively. For the sake of judicial economy, Hodell has not re-filed this evidence with this Opposition. Hodell will file these exhibits separately with the Court if requested.

[Exhibit 2: Ashley Dep. at 204:23 to 205:15; 207:13-20](Out of an abundance of caution, Mr. Ziv's and Mr. Ashley's cited deposition testimony is being filed separately Under Seal pursuant to the Court's Protective Order).

This is by no means all-inclusive as to the evidence of malice that Hodell will be able to introduce at trial. However, it demonstrates at the least that whether Hodell can demonstrate the necessary state of mind on behalf of SAP, or its agent LSi, sufficient to present a claim of punitive damages to the jury is an issue of fact that could not be resolved upon a motion for summary judgment, much less within the context of a motion *in limine*. See *Charles R. Combs Trucking, Inc. v. Internatl. Harvester Co.*, 12 Ohio St.3d 241, 12 OBR 322, 466 N.E.2d 883 (1984)(knowing misstatements intended to cause plaintiff to forego doing business with competitors sufficient to award punitive damages); *Pearn v. DaimlerChrysler Corp.*, 2002-Ohio-3197, 148 Ohio App. 3d 228, 236, 772 N.E.2d 712, 719 (Ohio App. 9th Dist. 2002)(upholding award of punitive damages arising from egregious fraud based upon evidence that defendant knowingly made false representations regarding quality and characteristics of product sold to plaintiff); *Romp v. Haig*, 110 Ohio App. 3d 643, 646, 675 N.E.2d 10, 12 (1995)("Upon evaluating the evidence in this case in a light most favorable to the Romps, we conclude that reasonable minds could differ whether Bauer's misrepresentations, including the material misrepresentations in the cash flow sheet and the information sheet that consciously omitted data regarding the fifty-percent downswing in business, constituted malice or aggravated or egregious fraud.")

### III. Conclusion.

Based upon the foregoing, SAP's Motion is procedurally improper and should not be considered. Even if considered, SAP's analysis of the law, and the facts applicable law are

9

demonstrably wrong, and its Motion should be denied.

Respectfully submitted,

*/s/* P. Wesley Lambert
P. WESLEY LAMBERT (0076961)
wlambert@koehlerneal.com
KOEHLER NEAL LLC
3330 Erieview Tower, 1301 East 9th Street
Cleveland, Ohio  44114
(216) 539-9370/(216) 916-4369   (*facsimile*)
*Attorneys for Hodell-Natco Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October 2014, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  Exhibits 1 and 2 are being filed separately Under Seal and will be served upon counsel for SAP via electronic mail pursuant to Fed.R.Civ.P. 5(b)(2)(E).  A copy of these pleadings will also be emailed and sent by federal express to the following parties:

**LSI-Lowery Systems, Inc.**
c/o Chris Kellett
cpk@carmodymacdonald.com

**IBIS Group, Inc**
1800 W. Hawthorne Lane, Suite N
W. Chicago, IL 60185

*/s/* P. Wesley Lambert
P. WESLEY LAMBERT (0076961)
