UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE:  LESLEY WELLS |
| | ) | |
| -vs- | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN OPPOSITION TO THE SAP DEFENDANTS' MOTION *IN LIMINE*
NO. 4 TO PRECLUDE PLAINTIFF FROM EXPANDING ITS FRAUD CLAIMS AND
MAKING ASSERTIONS OF FRAUDULENT CONDUCT BEYOND THE SCOPE OF
ITS FIRST AMENDED COMPLAINT**

Plaintiff Hodell-Natco Industries, Inc. ("Hodell"), through undersigned counsel, submits the following Brief in Opposition to the Motion *in Limine* of Defendants SAP America, Inc. and SAP AG ("SAP") to preclude Hodell from expanding its fraud claims and making assertions of fraudulent conduct beyond the scope of its First Amended Complaint. [ECF #222]("SAP's Motion).  As set forth below, SAP's Motion is procedurally improper and raises objections which it previously waived by failing to object to Magistrate White's Report and Recommendation (the "R&R") on this exact issue.  [*See* ECF #182].

Importantly, SAP has not moved the Court to exclude the evidence it claims would support the "expanded" fraud claim.  Thus, while SAP's Motion does not even identify the evidence it claims the Court should exclude, it is clear that the evidence SAP believes would

support the "expanded" claim would be admissible for other purposes. Thus, SAP's Motion, and this Opposition, do not address whether this evidence is admissible. Rather, they address whether Hodell should be allowed to assert certain claims based upon this admissible evidence. In essence, SAP's Motion is asking the Court to rule on the following dispositive motions on the eve of trial

(1) Rule 9(b) and Rule 12(b)(6) "motions" as to the sufficiency of Hodell's fraud allegations, the reasonableness of Hodell's reliance, and SAP's duties disclosure;

(2) a Rule 12(b)(6) "motion" as to the sufficiency of Hodell's articulation of a negligent misrepresentation claims;

(3) a Rule 56 "motion" for summary judgment on the merits of Hodell's post-contract fraud allegations; and

(4) a Rule 56 "motion" on the merits of SAP's newly-minted statute of limitations defense to Hodell's post-contract fraud allegations – an affirmative defense upon which SAP would bear the burden of proof during motion practice or at trial.

It is clear that under established Sixth Circuit precedent, these "motions" may not be asserted through a motion *in limine*, and SAP's Motion should be denied.

## INTRODUCTION

The undisputed evidence is that Hodell went live running SAP's Business One software in March 2008. Through discovery,[1] Hodell learned that SAP had determined and acknowledged, at least by April 2007, that Business One was inappropriate for a company requiring the number of users purchased by Hodell [*See e.g.*, ECF #155-11; Dep. Exhibit No. 69]; that Business One should never have been sold to Hodell [*See e.g.*, ECF #158-45; Dep.

---

[1] Evidence of SAP's post-contract fraud began to surface when SAP produced documents to Hodell in 2011.

Exhibit No. 160]; that Hodell was wasting time and money trying to fix the Business One product [ECF #155-69; Dep. Exhibit No. 439] and that there was no way Business One would work for Hodell.  [ECF #158-44; Dep. Exh. 159].

Hodell has also contended that neither SAP, nor its agent and business partner LSi, ever informed Hodell of these findings.  On the contrary, Hodell received multiple communications from SAP and LSi extolling the virtues of upcoming fixes to the Business One software.  [*See e.g.* ECF #155-19; Dep. Exhibit 83 and ECF #155-21; Dep. Exhibit 89].  Hodell has presented evidence that SAP's communications during this time period were designed to persuade Hodell from switching to other competitors' products.  [Ashley Dep., p. 204:23-205:15; 207:13-20](all cited portions of Mr. Ashley's Deposition have been filed under seal with Opposition to Motion in Limine #3).  Hodell has also presented evidence that SAP was concerned about the public perception if the Hodell implementation was deemed a failure because Hodell was a "huge influencer" and a failed implementation  would negatively impact future sales." [ECF #158-51; Exhibit 180; Ashley Dep. at 190:16 to 191:02].

SAP's Motion attempts to preclude Hodell from claiming that this conduct by SAP constituted "fraud."[2]  However, SAP's Motion is nothing more than a rehashing of arguments that were already rejected at the pleading stage and which were not reasserted by SAP at the summary judgment stage.  SAP may not belatedly disguise a motion for summary judgment as a "motion *in limine*" to dispose of claims or allegations Hodell may assert at trial.

Further, SAP's Motion concedes that it was well aware of Hodell's post-contract fraud claim arising from its withholding of information during 2007 since Hodell argued this in

---

[2] SAP also claims that Hodell would not be able to use this evidence to expand upon its negligent misrepresentation claim because such a claim is dependent upon an affirmative representation,  not an omission.  However, Hodell would be able to show that, at a minimum, SAP and LSi were negligent in continuously, and affirmatively representing to Hodell that they would be able to achieve acceptable performance improvements in Business One.  Thus, SAP's Motion misapplies the facts to the applicable law.

3

opposition to SAP's Motion for Summary Judgment. [ECF #162, pp. 18-21; 29-30]. SAP never moved to strike this claim, and indeed addressed it solely on the merits in its Summary Judgment Reply Brief [ECF #163, pp. 28-29].

## LEGAL ARGUMENT

I.  **SAP's Motion is Procedurally Improper and Should Not be Considered.**

As with most of its other pretrial "motions *in limine*," SAP's Motion #4 is nothing more than an attempt to relitigate factual and legal issues previously addressed by the Court. Through its Motion, SAP seeks the dismissal of a claim asserted by Hodell, known to SAP continually through discovery, and explained in detail in Hodell's Opposition to the SAP Defendants' Motion for Summary Judgment. [ECF #162]. SAP had every opportunity to move for dismissal of any claims based upon these allegations at the summary judgment stage, but failed to do so. SAP may not try to resurrect these untimely arguments through a motion *in limine*.

Through its Motion, SAP essentially seeks to have the Court re-open the dispositive motion process so that it may have the Court decide factual and legal disputes that SAP did not raise when it had the opportunity. Moreover, it would have the Court decide these factual disputes without the evidentiary burdens and procedural safeguards that would be afforded to Hodell during the summary judgment stage. SAP thus has forced Hodell to essentially respond to seven (7) summary judgment motions in a week's time when otherwise Hodell would have at least four weeks in which to develop the record.

For this reason, the Sixth Circuit recently held that dispositive motions masquerading as motions *in limine* should not be considered by district courts. In *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013), the Sixth Circuit made it clear, in reversing the district court's grant of a similar motion, that motions *in limine* may only be used to resolve evidentiary issues

4

and not to resolve factual or legal disputes.  Thus, it is now clearly the law in this Circuit that motions *in limine* may not be used to resolve disputes requiring the weighing of evidence, and the resolution of factual and legal disputes:

> In other words, a mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial – the summary judgment motion.  Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment.

*Id.* at 561 (*citing Williams v. Johnson*, 747 F.Supp.2d 10, 14 (D.D.C. 2010) and 21 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE §5037.10 (2005)).

The *Louzon* Court also rejected the defendant's attempt to circumvent this rule by injecting relevance arguments into the motion, noting that "if these tactics were sufficient, a litigant could raise any matter in limine, as long as he included the duplicative argument that the evidence relating to the matter at issue is irrelevant.  **Where, as here, the motion in limine is no more than a rephrased summary judgment motion, the motion should not be considered.**" *Id.* at 562-63 (emphasis added).  The Sixth Circuit cited to a litany of cases from both federal appellate and district courts refusing to consider motions *in limine* similar to the current Motion.  *See Louzon*, *supra* at 561-62.

Relying upon *Louzon*, courts within this Circuit and elsewhere have held that a motion *in limine* is procedurally improper where it "requires the Court to weigh the totality of the evidence" or "seeks relief that is dispositive in nature."  *See Hendrian v. Safety-Kleen Sys., Inc.*, 08-14371, 2014 WL 117315 (E.D. Mich. Jan. 13, 2014); *Am. Home Assur. Co. v. Greater Omaha Packing Co.*, 8:11CV270, 2014 WL 3661485 (D. Neb. July 22, 2014)(motion *in limine* improper where "the Court must do more than simply weigh the probative value against the

potential for prejudice" but instead must "resolve a legal issue that is central to the merits of the case . . . * * * The resolution of such legal issues is the purpose and function of summary judgment, and the deadline for summary judgment motions has passed."); *Am. Home Assur. Co. v. Greater Omaha Packing Co.*, 8:11CV270, 2014 WL 2112865 (D. Neb. May 20, 2014) ("Cargill has moved to exclude 'any evidence of [Cargill's] 'acts or omissions' and is therefore a motion for summary judgment.")

The impropriety of SAP's Motion, and many of its other "motions *in limine*," is demonstrated by the district court's summation in *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008):

> **It is worth noting that a motion in limine should not be used to resolve factual disputes or weigh evidence**. *Sigma Tool & Mach. v. Nagayama Elect. Ind. Co., Ltd.*, No 00–cv–2936, 2002 WL 34354482, at * 2 (D.D.C. Dec.18, 2002). Nor should a motion in limine be used to argue, as Ashland does here, than an item of damages may not be recovered because no reasonable person could find that it was proximately caused by the defendant's acts. That is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards. *See Provident Life & Accident Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (D.Mich.1997) (motion in limine cannot be used as substitute for motion for summary judgment); *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069–70 (3d Cir.1990) (motions in limine are not subject to the same procedural safeguards as motions for summary judgment). *See, e.g., Davis v. Gen. Accident Ins. Co.*, No. CIV. A 98–4736, 2000 WL 1780235, at *4 (E.D.Pa. Dec.4, 2000) (holding in an employment case that defendant's motion in limine was an improper vehicle to argue that plaintiff could not recover back and front pay because he had failed to make out a claim for constructive discharge; that argument "is untimely for a summary judgment motion and too early for a motion for judgment as a matter of law").

SAP's Motion falls within the categories of dispositive motions disguised as motions *in limine* that should not be considered. Indeed, SAP has waived the right to assert any claim that Hodell's fraud claims have not been adequately pled by failing to object to Magistrate White's R&R. SAP first raised its Rule 9(b) defense in its Motion to Dismiss Hodell's First Amended Complaint. [ECF #36-2]. However, Judge White expressly held that SAP's Rule 9(b) argument

6

was meritless because SAP never filed a motion for more definite statement. [R&R at p. 15].

SAP never objected to the R&R's holding, resulting in a waiver of that defense and a waiver of its right to appeal that issue. *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).

Indeed, as Judge White previously held, SAP's failure to move for a more definite statement of Hodell's Amended Complaint completely forecloses it from asserting a defense based upon the adequacy of Hodell's pleadings. [R&R at p. 15: "The Sixth Circuit . . . has often noted that even where [the] plaintiff fails to satisfy the requirements of Rule 9(b), "in the absence of defendants' motion for more definite statement under Rule 12(e), dismissal on this basis alone would not be appropriate."](*quoting Coffey v. Foamex, L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) and *citing, inter alia, Resource Title Agency, Inc. v. Morreale Real Estate Servs.*, 314 F.Supp.2d 763, 776 (N.D. Ohio 2004)(Wells, J.)).

SAP must resort to filing its improper motion *in limine* because it **never** re-asserted this argument at the dispositive motion stage. SAP had the benefit of several years of discovery when its Motion for Summary Judgment was filed. During the discovery phase, after Hodell was finally provided with documents demonstrating the ongoing nature of the SAP Defendants' fraud, Hodell vigorously pursued this theory of its case through depositions and the discovery process. SAP has been on notice since the early stage of discovery that Hodell considered its fraud claims to encompass SAP's post-contract fraud. SAP had the opportunity to defend against this evidence throughout the discovery period, and has done so. Yet, SAP never claimed during the summary judgment phase that Hodell could not prove a claim for conduct occurring post-sale, and specifically after the go-live date.

For the same reason, SAP is foreclosed from arguing that Hodell's fraud and fraudulent

7

inducement claims should be combined into a single claim for fraud. In this regard, SAP is again making factual and legal arguments that simply may not be raised within the context of a motion *in limine*. SAP is essentially urging the dismissal of Hodell's fraud claim through a motion *in limine*, something the Sixth Circuit's ruling in *Louzon* expressly precludes. Moreover, SAP has come forward with no justification for this argument other than its own say-so. Indeed, the Court and Magistrate White in various rulings have treated Hodell's fraud and fraudulent inducement claims as distinct claims. SAP has never argued during motion practice that one claim is duplicative of the other, and thus, Hodell has not had any reason to actually assert any distinction. Had SAP thought that a combination of these claims was proper under the record evidence, it had every opportunity to argue this point within the confines of the summary judgment process. It did not do so, and Hodell is not required to develop the record for SAP through an opposition to a motion *in limine*. For this reason, SAP's Motion should be denied.

II. **Hodell is Not Required to Plead Facts Specifically Within the Knowledge of the Defendants.**

Even if SAP's procedurally improper "motion *in limine*" is considered, SAP has failed to carry its burden of demonstrating that this evidence is inadmissible for any purpose. Again, SAP's Motion does not seek to foreclose Hodell from presenting evidence, it seeks to preclude Hodell from asserting a *claim*. However, even so, it has never been the standard under the Federal Rules of Civil Procedure that a plaintiff is required to plead facts solely within the defendant's knowledge and possession in order to survive a Rule 9(b) challenge. "[E]ven in fraud cases, there is an exception to the particularity requirement when the facts on which the allegations are based are in the defendant's control." *Chisholm v. Foothill Capital Corp.*, 940 F. Supp. 1273, 1280 (N.D. Ill. 1996). *See also*, *In re Cincinnati Gas & Electric Securities Litigation*, 594 F.Supp. 233, 238 (S.D. Ohio1984)(stating that "Rule 9(b) does not require

8

plaintiffs to allege facts. All that the rule requires is that the pleading state with particularity the circumstances giving rise to the alleged fraud.").

It is undisputed that the evidence pertaining to the SAP Defendants' clear knowledge that Business One should not have been sold to Hodell, and that SAP would never be able to remedy the performance defects in its software, was solely and exclusively within the SAP Defendants' knowledge. It is further undisputed that Hodell was not copied on any of the correspondence demonstrating this knowledge, precluding it from knowing this information which SAP solely possessed. Accordingly, Hodell was not required to plead with particularity the facts supporting this aspect of its fraud claim, as it had no way of knowing this information when the Amended Complaint was prepared. Moreover, the evidence of post-contract fraud documents an ongoing course of conduct which is relevant to establishing malice and egregious fraud in support of Hodell's punitive damage claim.

### III. <u>Hodell's Claim is Not Futile.</u>

The final argument raised in SAP's Motion is that Hodell should not be able to assert a claim at trial relating to SAP's post-contract fraud because such a claim would be futile. It could not be more clear that this argument is nothing more than a disguised dispositive motion requiring the Court to weigh evidence and apply the law to that evidence. It does not require the Court to rule on a single evidentiary objection raised under the Federal Rules of Evidence.

Even so, SAP's sole argument is that such a claim would fail because it had no duty of disclosure. However, whether SAP owed a duty to Hodell has been briefed at length both at the pleading stage and at the summary judgment stage. SAP cannot move for dismissal of claims at this stage based upon legal arguments that have been continuously rejected by this Court.

"[F]ull disclosure may be required of a party to a business transaction where such

9

disclosure is necessary to dispel misleading impressions that are or might have been created by partial revelation of the facts." *Escue v. Sequent, Inc.*, No. 2:09–cv–765, 2010 WL 3365933, *7 (S.D. Ohio Aug. 24, 2010)(citing *Blon v. Bank One, Akron, N.A.*, 35 Ohio St.3d 98, 101, 519 N.E.2d 363 (1988); *Miles v. Perpetual Savings & Loan Co.*, 58 Ohio St.2d 93, 97, 388 N.E.2d 1364 (1979)). *See also*, *Word of God Church v. Stanley*, Slip Copy, 2011 WL 1641714 (Ohio App. 2 Dist., April 29, 2011).  Thus, at a minimum, a reasonable jury could hold that SAP and its business partner, LSi, created misleading an false impressions as to their ability and/or willingness to remedy the software's defects, and this owed Hodell a duty of full disclosure.

SAP's additional arguments are also meritless.  SAP argues that Hodell was not relying upon any information that originated from SAP.  Yet, Judge White has already held that the issue of reliance is one of fact that must be resolved by the jury.  [R&R at pp. 15-16].  Further, this Court and Judge White have repeatedly held that Hodell's fraud claims are not barred by its contract claim.

As to SAP's assertion that Hodell's claim would be barred by the statute of limitations, such an argument is clearly off the mark.  First, any amendment of Hodell's pleadings (as discussed below) would relate back to the date of the original Complaint under Fed.R.Civ.P. 15(c)(1)(B).  Second, although the conduct giving rise to this claim occurred in 2007, material fact issues exist as to whether Hodell could have discovered the fraud prior to 2011.  In Ohio, a cause of action for fraud does not accrue until the plaintiff knew or could have known that the fraud had been committed.  This is ordinarily an issue of fact for the jury: "Determination of when a plaintiff's cause of action accrues is to be decided by the factfinder." *Phelps v. Lengyel*, 237 F. Supp. 2d 829, 838 (N.D. Ohio 2002)(examining discovery rule applicable to fraud claims).  Here, it is undisputed that the documents evidencing SAP's post-sale fraud were not

produced until some time in 2011. Thus, even if any amendment of the pleadings would not relate back to the original Complaint, Hodell could not have discovered SAP's additional fraud until this information was produced in 2011—and such a claim would be timely under the four-year limitations period.

Again, these issues should not be argued, much less decided within the confines of a motion *in limine*. But even so, SAP's arguments are factually and legally meritless.

### IV. The Pleadings May Be Amended to Conform to the Evidence.

In any event, even if SAP were correct, the Court has discretion to permit either an amendment to the Complaint under Rule 15(a), or an amendment at trial to conform to the evidence presented under Rule 15(b). The Sixth Circuit has spoken extensively on the standard for granting leave to amend under Rule 15(a), citing to decisions of the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). In *Foman*, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.

The Court in *Zenith Radio Corp.* indicated that mere delay, in itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Additionally, Federal Civil Rule 15(b)(1) provides: "If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. **The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence**

11

**would prejudice that party's action or defense on the merits.** The court may grant a continuance to enable the objecting party to meet the evidence." (Emphasis added). Courts regularly permit amendments of pleadings to conform to the evidence where the issues to be tried have been known to, and litigated by the parties through discovery and pre-trial motion practice. *See e.g.*, *Oxford Biomedical Research, Inc. v. Invitrogen Corp.*, 05-60274, 2009 WL 1279175 (E.D. Mich. May 8, 2009)(noting that court would permit pleadings to be amended during trial as to issues litigated by parties in motion practice).

An amendment should be permitted either pre-trial or during the trial to conform to the evidence Hodell will be able to present. It is undisputed that Hodell could not have raised these allegations when its Amended Complaint was drafted, as it did not have access to SAP's internal communications at the time. Hodell was only given access to these documents with the benefit of discovery. And even then, Hodell was forced to bring discovery disputes to Judge White's attention in order to gain access to many of the documents it sought.

SAP will suffer no prejudice or surprise if Hodell is permitted to assert these claims at trial. Importantly, Hodell is not asserting completely new legal causes of action. It is not converting the nature of this case, as its claims for fraud and fraudulent inducement have been asserted since the infancy of this case. SAP has had the benefit of several years' worth of discovery into these claims.

Indeed, at the beginning of deposition discovery, Hodell asserted that it had been mislead into remaining on the Business One software throughout 2007. Questions going to this claim were posed to LSi's president, Daniel Lowery, in February and March 2012. Similar deposition testimony was elicited during the depositions of Geoffrey Ashley and Edward Neveux in March 2012, during the deposition of Daniel Kraus in June 2012, and during the deposition of Paul

12

Killingsworth in July 2012.  All of these depositions occurred before SAP moved for summary judgment.

SAP has had the full and complete opportunity to defend against these allegations of post-sale fraud.  Further, SAP had the opportunity to move for summary judgment on these allegations during the summary judgment phase.  SAP has defended these claims during discovery, and may continue to do so at trial.  Given the complete lack of any surprise or prejudice to SAP in the assertion of these allegations, SAP's failure to move for judgment on these claims, and their demonstrated legal sufficiency, SAP's Motion should be denied.

## CONCLUSION

Based upon the foregoing, SAP's Motion is procedurally improper and should be denied.  The jury should be permitted to decide whether SAP's post-sale conduct, and/or the conduct of its agent LSi, gives rise to additional claims for fraud.

Respectfully submitted,

*/s/* P. Wesley Lambert
P. WESLEY LAMBERT (0076961)
wlambert@koehlerneal.com
KOEHLER NEAL LLC
3330 Erieview Tower, 1301 East 9th Street
Cleveland, Ohio  44114
(216) 539-9370
(216) 916-4369   (*facsimile*)
*Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October 2014, a copy of the foregoing was filed Under Seal pursuant to the Court's Protective Order and served by electronic mail upon counsel for SAP America, Inc. and SAP AG. A copy will also be emailed and sent by federal express to the following parties:

**LSI-Lowery Systems, Inc.**
c/o Chris Kellett
cpk@carmodymacdonald.com

**IBIS Group, Inc**
c/o John T. Grobe
1749 Naperville Road, Suite 203
Wheaton, IL 60187

/s/ P. Wesley Lambert
P. WESLEY LAMBERT (0076961)