UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE: LESLEY WELLS |
| | ) | |
| -vs- | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN OPPOSITION TO THE SAP DEFENDANTS' MOTION *IN LIMINE*
NO. 7 TO PRECLUDE PLAINTIFF FROM ASSERTING THAT
MISREPRESENTATIONS WERE MADE BY AMERICAN EXPRESS**

Plaintiff Hodell-Natco Industries, Inc. ("Hodell"), through undersigned counsel, submits the following Brief in Opposition to the Motion *in Limine* No. 7 of Defendants SAP America, Inc. and SAP AG ("SAP") to preclude Hodell from asserting at trial that misrepresentations were made by American Express. [ECF #225]("SAP's Motion). As set forth below, SAP's Motion is procedurally improper and factually infirm.

**LEGAL ARGUMENT**

**I.     SAP's Motion is Procedurally Improper and Should Not be Considered.**

As with most of its other pretrial "motions *in limine*," SAP's Motion #7 is nothing more than a request to have the Court decide factual and legal issues that should have been raised by SAP during the summary judgment stage but were not. SAP essentially seeks to have the Court re-open the dispositive motion process so that it may have the Court decide factual disputes that

SAP did not raise when it had the opportunity. Moreover, it would have the Court decide these factual disputes without the procedural safeguards that would be afforded to Hodell during the summary judgment stage. SAP thus has forced Hodell to essentially respond to seven (7) summary judgment motions in a week's time when otherwise Hodell would have at least four weeks in which to develop the record.

For this reason, the Sixth Circuit recently held that dispositive motions masquerading as motions *in limine* should not be considered by district courts. In *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013), the Sixth Circuit made it clear, in reversing the district court's grant of a similar motion, that motions *in limine* may only be used to resolve evidentiary issues and not to resolve factual or legal disputes. Thus, it is now clearly the law in this Circuit that motions *in limine* may not be used to resolve disputes requiring the weighing of evidence, and the resolution of factual and legal disputes:

> In other words, a mechanism already exists in civil actions to resolve non-evidentiary matters prior to trial – the summary judgment motion. Allowing a party to litigate matters that have been or should have been resolved at an earlier stage not only allows those dissatisfied with the court's initial ruling a chance to relitigate, but also deprives their opponents of the procedural protections that attach at summary judgment.

*Id.* at 561 (*citing Williams v. Johnson*, 747 F.Supp.2d 10, 14 (D.D.C. 2010) and 21 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE AND PROCEDURE §5037.10 (2005)).

The *Louzon* Court also rejected the defendant's attempt to circumvent this rule by injecting relevance arguments into the motion, noting that "if these tactics were sufficient, a litigant could raise any matter in limine, as long as he included the duplicative argument that the evidence relating to the matter at issue is irrelevant. **Where, as here, the motion in limine is no more than a rephrased summary judgment motion, the motion should not be considered.**"

*Id.* at 562-63 (emphasis added). The Sixth Circuit cited to a litany of cases from both federal appellate and district courts refusing to consider motions *in limine* similar to that filed by SAP. *See Louzon*, *supra* at 561-62.

Relying upon *Louzon*, courts within this Circuit and elsewhere have held that a motion *in limine* is procedurally improper where it "requires the Court to weigh the totality of the evidence" or "seeks relief that is dispositive in nature." *See Hendrian v. Safety-Kleen Sys., Inc.*, 08-14371, 2014 WL 117315 (E.D. Mich. Jan. 13, 2014); *Am. Home Assur. Co. v. Greater Omaha Packing Co.*, 8:11CV270, 2014 WL 3661485 (D. Neb. July 22, 2014)(motion *in limine* improper where "the Court must do more than simply weigh the probative value against the potential for prejudice" but instead must "resolve a legal issue that is central to the merits of the case . . . * * * The resolution of such legal issues is the purpose and function of summary judgment, and the deadline for summary judgment motions has passed."); *Am. Home Assur. Co. v. Greater Omaha Packing Co.*, 8:11CV270, 2014 WL 2112865 (D. Neb. May 20, 2014) ("Cargill has moved to exclude 'any evidence of [Cargill's] 'acts or omissions' and is therefore a motion for summary judgment.")

The impropriety of SAP's Motion, and many of its other "motions *in limine*," is demonstrated by the district court's summation in *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008):

> **It is worth noting that a motion in limine should not be used to resolve factual disputes or weigh evidence**. *Sigma Tool & Mach. v. Nagayama Elect. Ind. Co., Ltd.*, No 00–cv–2936, 2002 WL 34354482, at * 2 (D.D.C. Dec.18, 2002). Nor should a motion in limine be used to argue, as Ashland does here, than an item of damages may not be recovered because no reasonable person could find that it was proximately caused by the defendant's acts. That is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards. *See Provident Life & Accident Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (D.Mich.1997) (motion in limine cannot be used as substitute for motion for summary judgment); *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064,

3

>1069–70 (3d Cir.1990) (motions in limine are not subject to the same procedural safeguards as motions for summary judgment). *See, e.g., Davis v. Gen. Accident Ins. Co.*, No. CIV. A 98–4736, 2000 WL 1780235, at *4 (E.D.Pa. Dec.4, 2000) (holding in an employment case that defendant's motion in limine was an improper vehicle to argue that plaintiff could not recover back and front pay because he had failed to make out a claim for constructive discharge; that argument "is untimely for a summary judgment motion and too early for a motion for judgment as a matter of law").

SAP's Motion falls within the categories of dispositive motions disguised as motions *in limine* that should not be considered. Specifically, SAP seeks the wholesale exclusion of evidence and testimony based solely upon its own interpretation of the factual record. Thus, SAP asks the Court to weigh evidence as to SAP's version of the record evidence, and asks the Court to rule that only its interpretation of this evidence could be accepted by the jury. Of course, the time for weighing the sufficiency and legal effect of evidence is at the summary judgment stage, not with the filing of pretrial motions *in limine*.

SAP must resort to filing its improper motion *in limine* because it **never** asserted this argument at the dispositive motion stage. Hodell's allegations relating to the representations made by American Express have been known to SAP since the inception of this litigation. Hodell relied upon these allegations, which were supported by evidence, in opposing summary judgment. SAP never disputed them during summary judgment.

Judge White's R&R specifically relied upon representations made by American Express in recommending the denial of SAP's summary judgment motion:

>On December 31, 2003, Hodell's president, Otto Reidl, met with representatives from American Express and LSi, he believed to be authorized agents and representatives of SAP. (ECF No. 155-82, Exh. F, O. Reidl Dep. at 138-39.) At that meeting Reidl was told that B1 can handle 300 or 500 users.[8] Id. at 112, 139.

[ECF #182, pp. 8-9]. Indeed, during his deposition, Otto Reidl stated that he expressly communicated Hodell's user capacity, business process, and Hodell's growth needs of up to 300

4

system users to SAP's Business Partner. O. Reidl. Depo. at 112-114. Mr. Reidl testified: "I was assured by both parties (AMEX and Van Leeuwen) . . . the system is capable of supporting 300 users." *Id.* at 113. It was Mr. Reidl's understanding that both parties were representing SAP. *Id.* at 116.[1] Because SAP seeks the wholesale exclusion of evidence based upon its own unsupported view of the factual record, its Motion is nothing more than a disguised motion for summary judgment that should not be considered at this stage of the proceedings.

II.     **Evidence of Statements Made by American Express is Relevant and Admissible.**

Even if SAP's procedurally improper "motion *in limine*" is considered, SAP has failed to carry its burden of demonstrating that this evidence is inadmissible for any purpose. "The court has the power to exclude evidence in limine only when evidence is **clearly inadmissible on all potential grounds**. *Cf. Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 463 n. 4, 83 L.Ed.2d 443 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)(emphasis added).

SAP has failed to meet this "high standard." Specifically, SAP's argument that American Express was marketing an entirely different software platform is not only unsupported by any evidence in the record, it is misleading.

Specifically, the arguments advanced in SAP's Motion show, at most, that American Express may have been marketing a version of the same core SAP Business One software at issue herein that was to be integrated with an add-on developed by American Express. However, the core backbone of this software solution was at all times SAP Business One – the same core

---

[1] Mr. Reidl's deposition has been previously filed with the Court. Cited portions are attached hereto as Exhibit 1.

software ultimately sold to Hodell and at issue in this litigation. Thus, the representations made by American Express to Hodell during the sales process – that Business One could support at least 300 users – is relevant and admissible to explain Hodell's knowledge and belief as to Business One's capabilities, and to explain Hodell's motive and reasons for purchasing the Business One software.

SAP does not even dispute in its Motion that American Express was at all times acting as an authorized reseller of SAP's Business One software. Thus, evidence of statements made, and literature provided by American Express during the sales process is relevant and admissible on the issue of whether SAP made representations by and through its reseller agents concerning Business One's capabilities.

Further, even if the jury were to ultimately find that American Express was not acting as SAP's "agent," the representations made by American Express are relevant to the issue of whether SAP utilized third-parties to convey false and misleading information during the sales process. "[U]nder the common law a fraud may be established when the defendant has made use of a third party to reach the target of the fraud." *Tanner v. United States*, 483 U.S. 107, 129, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987). "The requirement that the plaintiff allege that the defendant made a misrepresentation does not mean that the plaintiff must allege that the defendant communicated that misrepresentation directly to the plaintiff." *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 686, fn. 29 (6th Cir. 2005)(addressing whether misrepresentations made through third parties could nonetheless be actionable). *See also*, *Benedict v. Cooperstock*, 23 F.Supp.2d 754 (E.D. Mich. 1998). As in the securities fraud context, "[t]here is no requirement that the alleged violator directly communicate misrepresentations to plaintiffs for primary liability to attach." *SEC v. Holschuh*, 694 F.2d 130,

6

142 (7th Cir.1982) ( "actual or first-hand contact with offerees or buyers [is not] a condition precedent to primary liability for antifraud violations")." *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1226 (10th Cir. 1996).

For these reasons alone, evidence of statements made to Hodell by and through SAP's authorized agents and resellers such as American Express is relevant and admissible, and should not be excluded from trial.

## CONCLUSION

Based upon the foregoing, SAP's Motion is procedurally improper and should be denied. At the very least, it is an issue for the jury to decide as to whether information imparted to Hodell by and through American Express relating to the Business One software should be attributed to SAP and this evidence is relevant to demonstrate Hodell's reasons for believing that the Business One software would be suitable for its needs.  The jury is perfectly capable of hearing the testimony and assessing what, if any weight to give it.

                Respectfully submitted,

                */s/* P. Wesley Lambert
                P. WESLEY LAMBERT (0076961)
                wlambert@koehlerneal.com
                KOEHLER NEAL LLC
                3330 Erieview Tower, 1301 East 9th Street
                Cleveland, Ohio  44114
                (216) 539-9370
                (216) 916-4369   (*facsimile*)
                *Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy of these pleadings will also be emailed and sent by federal express to the following parties:

**LSI-Lowery Systems, Inc.**
c/o Chris Kellett
cpk@carmodymacdonald.com

**IBIS Group, Inc**
1800 W. Hawthorne Lane, Suite N
W. Chicago, IL 60185

*/s/* P. Wesley Lambert
P. WESLEY LAMBERT (0076961)