IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE WELLS |
| | ) | |
| v. | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SAP'S RESPONSE TO HODELL'S OBJECTIONS TO THE SUPPLEMENTAL TRIAL EXHIBIT LIST OF SAP AMERICA, INC. AND SAP AG**

SAP America, Inc. and SAP AG (collectively, "SAP"), through their undersigned counsel and pursuant to this Court's pretrial order and Federal Rule of Civil Procedure 26(a)(3), hereby respond to Hodell-Natco Industries, Inc.'s ("Hodell") objections to SAP's Supplemental Trial Exhibit List. SAP reserves the right to modify this response as needed.

Hodell is incorrect that the exhibits identified in SAP's Supplemental Trial Exhibit List were untimely disclosed. SAP's Supplemental Exhibit List was filed over five weeks in advance of the original trial date and over *four months* in advance of the revised trial date. As such, no party has suffered any prejudice as a result of SAP's supplemental filing. *See, e.g.*, *Legens v. Nationwide Ins. Co.*, No. 2001-CV-794, 2005 WL 6196421 (S.D. Ohio Nov. 7, 2005) (finding that, even where plaintiff submitted a supplemental exhibit list after the exhibit list deadline had passed, "the harsh sanction of exclusion is unwarranted considering that the list was still filed well before the trial date").

Moreover, the majority of the exhibits contained in SAP's Supplemental Exhibit List are Hodell's own documents and were produced by Hodell during discovery. The remaining exhibits contained in SAP's Supplemental Exhibit List are documents that were produced by other parties during discovery and have now been in Hodell's possession for at least two full years.

In any event, Hodell's emphasis on the number of exhibits in SAP's Supplemental Trial Exhibit List is misplaced. Hodell's own trial exhibit list contained over 290 exhibits, many of which were not exhibits at all but rather broad catch-all categories of materials produced during discovery or cited by party experts. *See, e.g.*, Plaintiff's Exhibit List, ECF No. 211, at Nos. 288-91 (identifying "[a]ll documents produced pursuant to subpoena by Accellos" and, "[t]o the extent necessary, any and all documents produced by" SAP, LSI-Lowery Systems, Inc., the IBIS Group, Inc., and Hodell-Natco Industries, Inc. "in discovery"). Indeed, Hodell's proposed trial exhibit list effectively identified every single document produced by all parties during discovery – this necessarily includes all of the exhibits on SAP's Supplemental Trial Exhibit List.

Respectfully submitted,

/s/ Gregory J. Star
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757
*Attorney for SAP America, Inc. and SAP AG*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 24th day of October, 2014, the foregoing Response to Hodell's Objections to the Supplemental Trial Exhibit List of SAP America, Inc. and SAP AG was filed and served electronically via ECF.

                /s/ Gregory J. Star

                Gregory J. Star (admitted *pro hac vice*)