IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
|---|---|---|
| Plaintiff, | ) ) ) | JUDGE WELLS |
| v. | ) ) | |
| SAP AMERICA, INC., et al. | ) ) | |
| Defendants. | ) ) | |

**SAP AMERICA, INC.'S AND SAP AG'S OPPOSITION TO HODELL-NATCO INDUSTRIES, INC.'S MOTION FOR LEAVE TO FILE SURREPLY**

**I.    Hodell's request for leave to file a surreply should be denied.**

Hodell articulates five reasons why a surreply is supposedly needed, but all they really show is that Hodell wants to rehash arguments already made in its response to SAP's Motion to Preclude Certain Damages Evidence and accompanying Memorandum of Law (hereinafter, "SAP's Motion").

Hodell's first three reasons are that SAP made material misrepresentations and omissions about cited deposition testimony and the facts of cited cases. Hodell Motion at 2-3. These arguments are misplaced and were already addressed in Hodell's last submission.

Hodell made it very clear throughout this case that its ultimate damages computation would come from an expert. SAP's Motion walked the Court through Hodell's relevant statements and actions, quoted the material language, and exhibited the underlying documents and deposition testimony. *See* SAP Mem. at 2-8. Hodell responded by accusing SAP of "blatant and knowing misrepresentation of the factual record," but its Response completely failed to substantiate this hyperbole. *See, e.g.*, Hodell Response at 3. Indeed, as SAP explained in its Reply, it is hard to fathom how Hodell can claim it did not indicate that its ultimate damages computation would come from an expert when SAP's counsel asked Otto Reidl at his deposition – the one that Hodell claims

cured its insufficient disclosures – how he calculated alleged productivity losses, and Hodell's counsel objected and stated that Hodell would "designate an expert to come to the ***ultimate conclusion of what the damages are*** . . . ."  *See* SAP Reply at 5 (citing SAP Mem., Exhibit E, Tr. O. Reidl Dep. at 3401:7-342:6 (emphasis added)); *see also* Collins English Dictionary (defining the word "ultimate" as "conclusive in a series or process; last; final").

Hodell's motion for leave contains the same baseless hyperbole directed at the same alleged misrepresentations Hodell raised in its Response.  Moreover, SAP (and Hodell) provided the Court with all relevant deposition testimony and documents, and there is no reason for a surreply to again address whether additional words should have been quoted in SAP's papers or whether, as Hodell now baselessly alleges, SAP used "ellipses to conceal the true context of statements in the documents it purports to quote."  Hodell Motion at 2.  All of this was already addressed by Hodell in its prior submission.  *See* Hodell Response at 8 (claiming "SAP's Motion gives the extensive actual deposition testimony of Otto Reidl short shrift in the hopes the Court will not review the complete transcript of his testimony on the subject of Hodell's damages.").

Likewise, there is no reason for a surreply when Hodell had the chance – but declined – to grapple with the cases cited in SAP's Motion.  Indeed, SAP's Motion cited an abundance of cases supporting its requested relief and devoted nearly three pages discussing five on-point decisions holding that where a plaintiff relies on an expert to calculate damages and the expert's testimony is then precluded, the plaintiff may not surprise the defendant at trial with a new damages computation or theory that was not properly disclosed and pursued.  *See* SAP Mem. at 12-15 (citing cases).  Hodell's Response did not discuss a single one of these cases; instead, Hodell dismissed them out of hand and argued that its failure to disclose computations was cured by producing Otto Reidl and hundreds of documents.  *See* Hodell's Response at 6-7, 13.  SAP's Reply explained why Hodell's

Response was wrong as a matter of law and offered numerous citations to cases (both reported and unreported) for the proposition that making witnesses available and producing documents is not a substitute for the computation and analysis that Rule 26 requires.  *See* SAP Reply at 2-6, 10 n.6.  Hodell apparently now wants to address this overwhelming authority.  Yet, it was Hodell who raised this argument in its Response, and it was Hodell who should have been forthcoming in its Response as to how courts have addressed this scenario.  Instead, Hodell's free-form argument conspicuously lacked case citation, and the single case it did cite was off-point.  *See* SAP Reply at 6 n.4.

Hodell's fourth reason for a surreply is completely off the mark.  Specifically, Hodell claims that because LSi and IBIS – who are no longer represented by counsel and have not appeared in the case for months – have not objected or moved to preclude Hodell's damages evidence, the evidence will be admissible in this case.  By Hodell's logic, Dr. Kennedy's opinions and testimony are admissible at trial because – even though this Court very clearly precluded such evidence – only the SAP defendants moved for preclusion.  Hodell's fourth reason makes no sense and, in any event, Hodell could have raised this defunct argument in its Response.

Finally, Hodell's fifth argument – that SAP did not raise arguments under Federal Rule of Evidence 701 in its Motion – is simply incorrect.  SAP argued extensively that Mr. Reidl's testimony on non-out-of-pocket damages should be precluded because Mr. Reidl admitted he did not possess the expertise necessary to arrive at the damages opinions he was expressing and because much of his testimony was based, in whole or in part, on the same flawed methodologies employed by Dr. Kennedy.  *See* SAP Mem. at 8-21 (citing cases).  The heading at the bottom of page 15 of SAP's Motion even highlighted SAP's argument that "Hodell would now be offering *improper lay evidence* to restate Dr. Kennedy's opinions." *Id.* at 15 (emphasis added).  And SAP expressly mentioned that in the matter of *Info-Hold, Inc. v. Muzak LLC*, No. 1:11-cv-283, 2013 U.S. Dist. LEXIS 161684, at

*7 (S.D. Ohio Nov. 13, 2013), the United States District Court for the Southern District of Ohio precluded a plaintiff from doing what Hodell is attempting because, in part, the plaintiff's alternate damages testimony was inadmissible lay opinion under Federal Rule of Evidence 701.  SAP Mem. at 14; *see also* Hr'g Tr., Oct. 15, 2014 at 43:14-44:13 (previewing SAP's argument that Mr. Reidl's testimony was improper "with respect to Federal Rule of Evidence 701, dealing with allowing a layperson to come in and testify to damages calculations that are outside of that person's knowledge and expertise as a – as a layperson").

Oddly, Hodell responded with the erroneous assertion that SAP somehow did not contest Mr. Reidl's ability to "testify as to Hodell's damages under Fed.R.Civ.P. 701" and denied, in summary fashion, that Mr. Reidl would be testifying to "the very same opinions as Dr. G. William Kennedy." *See* Hodell's Response at 13.  Given Hodell's mischaracterization of SAP's position, SAP's Reply clarified that SAP most certainly disputed Mr. Reidl's ability to offer lay opinions about sophisticated, non-obvious damages theories about which he himself admitted he lacked expertise. *See* SAP Reply at 6-10.  Hodell already had the chance to respond to SAP's arguments about whether Mr. Reidl would be offering inadmissible lay opinions.

Accordingly, Hodell has failed to articulate a real need for a surreply, and its motion for leave should be denied.

## II.    SAP's Motion should not be referred to a magistrate judge.

SAP believes its entitlement to relief is plain from the papers and therefore does not think oral argument is necessary.  However, to the extent the Court is inclined to hold argument, SAP does not object and welcomes the opportunity to discuss this matter further.

SAP does not believe that referral to a magistrate judge is appropriate because this Court has decided all previous motions *in limine*; the issues raised in SAP's Motion were discussed with this

4

Court during the October 15, 2014 pre-trial conference, after which this Court indicated that the issues should be the subject of a motion,[1] and this Court issued the related opinion and order precluding Dr. Kennedy's report and testimony.  Thus, for purposes of consistency and expediency, SAP's Motion should not be referred to a magistrate judge.

                                  Respectfully submitted,

                                  /s/ Gregory J. Star
                                  Michael J. Miller (admitted *pro hac vice*)
                                  Gregory J. Star (admitted *pro hac vice*)
                                  Drinker Biddle & Reath LLP
                                  One Logan Square, Suite 2000
                                  Philadelphia, PA 19103-6996
                                  Telephone:  (215) 988-2700
                                  Facsimile:  (215) 988-2757
                                  *Attorneys for SAP America, Inc. and SAP AG*

---

[1] *Compare* Hodell's Response at 3, 4, 14, 16, 18, 22 (arguing that SAP's Motion was "untimely"), *with* Hr'g Tr. Oct. 15, 2014 at 50:14-15 ("THE COURT:  Well, there's time to brief, so let's brief.").

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of December, 2014, a copy of the foregoing Opposition to Plaintiff Hodell-Natco Industries, Inc.'s Motion for Leave to File Surreply was filed and served via ECF.

                                           /s/ Gregory J. Star
                                           Gregory J. Star (admitted *pro hac vice*)