IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

HODELL-NATCO INDUSTRIES, INC.,

                                Plaintiff,

-vs-

SAP AMERICA, INC., et al.,

                                Defendant.

---

CASE NO. 1:08 CV 02755

<u>ORDER</u>

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    This Court, having reviewed Hodell's and SAP's deposition designations for Jon Woodrum and the parties' respective objections thereto, resolves those objections as follows.

## I. SAP'S OBJECTIONS TO HODELL'S DEPOSITION DESIGNATIONS OF DEPOSITION TESTIMONY FOR JON WOODRUM

In general, Mr. Woodrum was asked to speculate and/or opine on a number of topics for which no foundation was laid as to his personal knowledge and/or for which he expressly testified that he was not competent and/or did not have personal knowledge. For example, Mr. Woodrum was frequently questioned about information that was allegedly communicated to SAP during the sale cycle despite Mr. Woodrum's testimony that he had no part in the sales process and that any sense he might have of information that might have been communicated came from hearsay statements and/or documents of Dale Van Leeuwen. However, in the event that certain of Mr. Woodrum's deposition testimony is permitted at trial, and without waiver of its objections, SAP has also counter-designated certain testimony.

| Testimony Designated by Hodell | SAP's Objections to Hodell's Designated Testimony |
|---|---|
| 21:20-22:5. | • SAP objects to these questions and answers under Federal Rules of Evidence 402, 403, and 602. *Overruled* |
| 23:4-24:25. | • SAP objects to the "hardware infrastructure" line of questioning under Federal Rules of Evidence 402, 403, 602, 701, and 802. *Sustained* |
| 25:1-26:3. | • SAP objects to the "software sizing" line of questioning under Federal Rules of Evidence 402, 403, 602, and 802. *Sustained* |
| 50:20-51:3. | • SAP objects to the line of questioning concerning Mr. Woodrum's feelings on whether Hodell had an opinion as to whether Hodell's system was acceptable under Federal Rules of Evidence 402, 403, 602, and 802. *Sustained* |
| 58:17-59:25. | • SAP objects to the line of questioning concerning Mr. Woodrum's belief as to whether the folks at SAP should have done more during the sale cycle under Federal Rules of Evidence 402, 403, 602, and 802. *Sustained* |
| 98:13-21. | • SAP objects to the line of questioning concerning "other add-ons or solutions that had similar problems with the Business One DI-API" under Federal Rules of Evidence 402, 403, 404, and 602. *Sustained* |

| | |
|---|---|
| 146:14-22. | • SAP objects to the line of questioning concerning Mr. Woodrum's belief as to the transaction volume information that may have been communicated to SAP under Federal Rules of Evidence 402, 403, 602, and 802. *Sustained* |
| 150:17-152:24, 153:21-154:1. | • SAP objects to the introduction of this exhibit and related testimony for the reasons stated in SAP's Objections to Plaintiff's Proposed Trial Exhibit List at Proposed Exhibit No. 144 and SAP's Motion *in Limine* No. 5. SAP does not necessarily object to the line of questioning in connection with the email from Dan Kraus to Dan Lowery, dated April 15, 2007, but does object to the extent that such questioning would require the introduction of the preceding emails between and among Dan Lowery and Udi Ziv, and any related testimony. *Overruled* |
| 163:16-164:10. | • SAP objects to the testimony concerning the performance of In-Flight at different LSi customer known as Fast Rite under Federal Rules of Evidence 402, 403, and 404. *Overruled* |
| 195:24-196:5. | • SAP objects to this question because it calls for hearsay in violation of Federal Rule of Evidence 802. *Overruled* |
| 203:22-204:7. | • SAP objects to this question under Federal Rules of Evidence 402, 403, 602, and 802. The "question" is not really a question, and it calls for speculation as to Kevin Reidl's intention with respect to Hodell's decision to go-live. *Sustained* |
| 208:20-210:6. | • SAP objects to the introduction of this exhibit and related testimony for the reasons stated in SAP's Objections to Plaintiff's Proposed Trial Exhibit List at Proposed Exhibit No. 276. *Sustained* |
| 212:20-213:5. | • SAP objects to the testimony under Federal Rules of Evidence 402, 403, 602, and 802. *Sustained* |
| 215:22-221:22. | • SAP objects to the introduction of this exhibit and related testimony for the reasons stated in SAP's Objections to Plaintiff's Proposed Trial Exhibit List at Proposed Exhibit No. 11 and SAP's Motion *in Limine* No. 5. *Overruled*<br><br>• SAP additionally objects to the introduction of the attorney comments at 216:1-9 under Federal Rules of Evidence 402 and 403. *Sustained* |
| 225:4-226:21. | • SAP objects to the testimony concerning what SAP may have known under Federal Rules of Evidence 402, 403, 602, and 802. *Sustained* |
| 229:11-16, | • SAP objects to the testimony concerning what may have been communicated to LSi under Federal Rules of Evidence 402, 403, 602, and *Overruled* |

| | |
|---|---|
| 230:17-231:9 | 802. |
| 231:15-232:8. | • SAP objects to the testimony concerning Mr. Woodrum's knowledge of the environments in which Business One was tested under Federal Rules of Evidence 402, 403, 602, and 802. *Sustained* |
| 234:21-24. | • SAP objects to the question of whether Hodell did "everything in their power" to make Business One work under Federal Rules of Evidence 402, 403, and 602. *Sustained* |
| 236:16-237:3. | • SAP objects to this testimony under Federal Rules of Evidence 402, 403, 602, and 802. *Overruled* |
| 239:12-242:23. | • SAP objects to this testimony under Federal Rules of Evidence 402, 403, 602, and 701. *Sustained* |
| 243:18-245:5. | • SAP objects to the introduction of this exhibit and related testimony for the reasons stated in SAP's Objections to Plaintiff's Proposed Trial Exhibit List at Proposed Exhibit No. 32. *Overruled* |
| 248:3. | • SAP objects to this attorney comment under Federal Rules of Evidence 402 and 403. *Sustained* |
| 247:24-248:3. | • SAP objects to this testimony under Federal Rules of Evidence 402, 403, and 602. *Sustained* |
| 249:24-250:8. | • SAP objects to the introduction of this exhibit and related testimony for the reasons stated in SAP's Objections to Plaintiff's Proposed Trial Exhibit List at Proposed Exhibit No. 5. *Sustained* |
| 255:13-256:8. | • SAP objects to this testimony under Federal Rules of Evidence 402, 403, 602, and 802. *Sustained* |
| 271:6-18. | • SAP objects to this testimony under Federal Rules of Evidence 402, 403, 602, and 802. *Sustained* |
| 272:6-273:15. | • SAP objects to the introduction of this exhibit and related testimony for the reasons stated in SAP's Objections to Plaintiff's Proposed Trial Exhibit List at Proposed Exhibit No. 4. *Overruled* |
| 274:6-275:7. | • SAP objects to this testimony under Federal Rules of Evidence 402, 403, 602, and 802. *Sustained* |

II. HODELL'S OBJECTIONS TO SAP'S COUNTER-DESIGNATION OF DEPOSITION TESTIMONY FOR JON WOODRUM – WITH SAP'S REPLIES

| Testimony Counter-Designated by SAP | Hodell's Objection to Counter-Designated Testimony | SAP's Reply to Hodell's Objection |
|---|---|---|
| 44:08-45:07 *Sustained as to 44:15-45:4 Otherwise Overruled* | Relevance, hearsay, lack of personal knowledge | Mr. Woodrum testified that the software's performance "looked okay" based on first-hand observations of a person entering an order. He also testified that Hodell would have agreed that this performance was acceptable and no one from Hodell indicated that it was not acceptable. This is highly relevant to SAP's defense that Hodell's performance complaints are overblown. His testimony is based on his first-hand observations while on-site at Hodell and what he knows about Hodell's performance expectations having worked closely with Hodell for a long time. The statements (or non-statements) by Hodell employees are not hearsay under Federal Rule of Evidence 801(d)(2). |
| 46:18-47:11 *Overruled* | Lack of personal knowledge, speculation, hearsay | Mr. Woodrum testified that he remembered improvements to the solution's performance as time went on. This is highly relevant to SAP's defense that Hodell's performance complaints are overblown. Mr. Woodrum testified as to what he "remembered" and thus did not lack personal knowledge. Mr. Woodrum did not testify to out-of-court statements so the hearsay rule is not implicated. |
| 55:07-56:08 *Overruled* | Legal conclusion, speculation | Mr. Woodrum testified that he did not believe he had an employer/employee relationship with SAP; he did not believe he was authorized to act on behalf of SAP; and that he only believed he could speak on behalf of SAP if relaying information received from SAP. This is highly relevant to SAP's agency defense. Mr. Woodrum did not testify to a legal conclusion but rather to his understanding of the scope of his authority. There was no speculation. |
| 58:4-16 *Sustained* | Speculation, improper opinion testimony (Evid. Rule 701), legal conclusion | Mr. Woodrum testified that he believed SAP and LSi did everything they could reasonably do to address Hodell's problems and that there was nothing else that LSi should have done that it did not do to help. Mr. Woodrum has been in the industry a long time and is qualified to testify as to his belief as to whether LSi and SAP did all they reasonably could have done under the circumstances. This opinion is rationally based on Mr. Woodrum's own perception of the |

| | | | implementation at Hodell and will be helpful to the jury. The questions asked did not call for a legal opinion or speculation. |
|---|---|---|---|
| 60:8-25 *Sustained* | | Improper opinion testimony (Evid. Rule 701), speculation, legal conclusion | Mr. Woodrum testified to his understanding that neither SAP nor LSi sold Hodell anything they thought would not be a good fit. Mr. Woodrum's testimony is rationally based on his perceptions of the project gained through his intimate involvement with same and will assist the jury. |
| 61:01-62:10 *Sustained* | | Speculation, Improper opinion testimony (Evid. Rule 701) | Mr. Woodrum testified and explained that there are a number of factors that can affect performance. Mr. Woodrum was Hodell's Vice President of Business Software Support with many years in the industry. His testimony was rationally based on that experience and will help the jury understand a fundamental technical issue in the case. There is no speculation. |
| 62:11-62:21 *Sustained* | | Improper opinion testimony (Evid. Rule 701), speculation, relevance | Mr. Woodrum testified that originally neither LSi nor SAP thought that number of employees would be a factor affecting performance and only learned that over time. This is fact testimony based on Mr. Woodrum's rational perception of events. It is highly relevant to SAP's defense to Hodell's misrepresentation claims. |
| 67:17-68:07 *Sustained* | | Speculation, opinion on ultimate issue, improper opinion testimony (Evid. Rule 701), relevance | Mr. Woodrum testified to his belief that SAP did not know at the time of the sale that Business One could not handle the growth and that SAP should not have known because Business One was a fairly new product. This testimony is highly relevant to SAP's defense to Hodell's fraud claims. Mr. Woodrum's testimony is rationally based on his own perceptions and will help the jury determine important issues. |
| 71:09-23 *Sustained* | | Legal conclusion, speculation, improper opinion testimony (Evid. Rule 701), opinion | Mr. Woodrum testified that he understands fraud to mean selling something that you knew was going to fail or was the wrong thing and that he does not think that was done here. The testimony is highly relevant to SAP's defense to Hodell's fraud claims. The testimony is rationally based on Mr. Woodrum's own perceptions and will help the jury determine important issues. |

| | | |
|---|---|---|
| | on ultimate issue, relevance | |
| 71:24-72:23 *Overruled* | Hearsay | Mr. Woodrum testified that Kevin Reidl made him aware that he was going to recommend to his father to file suit but that this struck Mr. Woodrum as a little odd because Otto Reidl had said that Hodell had lost no customers and had had "the most phenomenal month of May that they'd ever experienced." This is not hearsay because it will be offered against Hodell under Federal Rule of Evidence 801(d)(2). It also satisfies the then-existing mental condition exception to the hearsay rule under Federal Rule of Evidence 803(3). |
| 73:10-73:21 *Sustained* | Speculation, legal conclusion, opinion on ultimate issue, improper opinion testimony (Evid. Rule 701) relevance | Mr. Woodrum testified that he was not aware of any false information that was passed from SAP to Hodell and that no one communicated to him that they believed SAP passed false information to Hodell and that he was not personally aware of any false information that passed from LSi to Hodell. This is highly relevant to SAP's defenses to Hodell's fraud and misrepresentation claims. Mr. Woodrum answered factual questions with factual answers. There was no speculation, legal conclusion, or opinion testimony at play here. |
| 74:12-76:25 *Overruled* | Hearsay | Mr. Woodrum testified to his belief that LSi agreed to an In-Flight development scope that was beyond LSi's means as a company to deliver. This is not hearsay as SAP will offer it against LSi under Federal Rule of Evidence 801(d)(2). The email from which this testimony originates also satisfies the present sense impression, then-existing mental condition, and business record exception to the hearsay rule under Federal Rule of Evidence 803(6). |
| 77:01-78:12 *Overruled* | Hearsay | To the extent there is any hearsay contained in this testimony *see* SAP's immediately preceding response. |
| 78:17-79:25 *Overruled* | Hearsay | To the extent there is any hearsay contained in this testimony *see* SAP's response to 74:12-76:25. |
| 80:01-82:19 *Overruled* | Lack of personal knowledge, hearsay, speculation | Mr. Woodrum testified as to his ill-at-ease "receiving milestone payments for something that was not defined better with a better understanding of what the deliverable would be." This is highly relevant to SAP's contention that LSi improperly managed In-Flight and that In-Flight contributed significantly to the alleged performance issues. |

| | | |
|---|---|---|
| | | Mr. Woodrum testified to his personal experience. The exhibit referenced is not hearsay under Federal Rule of Evidence 801(d)(2) and otherwise satisfies the business records exception to the hearsay rule under Federal Rule of Evidence 803(6) and the statement against interest exception under Federal Rule of Evidence 804(b)(3). |
| 83:15-91:01 *Overruled* | Hearsay | Mr. Woodrum testified further about LSi's poor management of the In-Flight development. None of this testimony or the related exhibits are hearsay under Federal Rule of Evidence 801(d)(2). The exhibits also satisfy the business record exception, present sense impression, then-existing mental condition, and statement against interest exceptions to the hearsay rule under Federal Rules of Evidence 803(1), (3), and (6) and 804(b)(3). Mr. Woodrum is allowed to testify to the facts of how the In-Flight development was managed. |
| 92:12-93:25 *Overruled* | Hearsay, relevance | Mr. Woodrum further testified to LSi's management of the In-Flight development. This is highly relevant to SAP's defense that LSi mismanaged the In-Flight development and that In-Flight significantly contributed to alleged performance issues. The exhibit and related testimony are not hearsay under Federal Rule of Evidence 801(d)(2). The exhibit also satisfies the present sense impression, then-existing mental condition, and business record exceptions to the hearsay rule under Federal Rule of Evidence 803(1), (3), and (6). It also satisfies the statement against interest exception to the hearsay rule under Federal Rule of Evidence 804(b)(3). |
| 94:01-96:16 *Overruled* | Hearsay, relevance, speculation, lack of personal knowledge | Mr. Woodrum testified that he recalled someone at SAP testing SAP at Hodell without In-Flight and that he was aware that it ran nicely without In-Flight and that it began to "crawl" when installing In-Flight. This is highly relevant to SAP's defense that In-Flight significantly contributed to alleged performance problems at Hodell. Mr. Woodrum clearly testified to his recollection; he did not lack personal knowledge, nor did he speculate. The exhibit is not hearsay under Federal Rule of Evidence 801(d)(2). It also satisfies the present sense impression, then-existing mental condition, and business record hearsay exceptions under Federal Rule of Evidence 803(1), (3), and (6). The testimony and exhibit satisfy the statement against interest exception under Federal Rule of Evidence 804(b)(3).<br><br>Hodell also objected to testimony that it also designated. |

| 99:07-103:06 *Overruled* | Hearsay, speculation | Mr. Woodrum again testified as to LSi's mismanagement of the In-Flight development. He testifies to facts of which he has personal knowledge. The exhibit is not hearsay under Federal Rule of Evidence 801(d)(2). The exhibit also satisfies the hearsay exception at Federal Rule of Evidence 803(1), (3), and (6) and 804(b)(3). |
|---|---|---|
| 103:07-105:03 *Overruled* | Hearsay, relevance | Mr. Woodrum further testified as to the management of the In-Flight development. This is highly relevant to SAP's defense that In-Flight significantly contributed to alleged performance problems at Hodell. The exhibit discussed is not hearsay under Federal Rule of Evidence 801(d)(2). It also satisfies the hearsay exceptions under Federal Rules of Evidence 803(1), (3), and (6) and 804(b)(3). |
| 119:07-120:06 *Overruled* | Hearsay, relevance, lack of personal knowledge, speculation | Mr. Woodrum testified about a company that was successfully running a big add-on with Business One. This is highly relevant to Hodell's misrepresentation claims. He had personal knowledge of his testimony and did not speculate. The exhibit discussed is not hearsay, satisfies the business record exception, and is included within Hodell's own designations. |
| 128:22-25 *Overruled* | Hearsay | This objection does not actually object to any testimony. |
| 150:1-16 *Sustained* | Speculation, lack of personal knowledge | Mr. Woodrum testified to his belief that the message that Business One was not right for Hodell was passed along to Hodell. This testimony is based on Mr. Woodrum's recollection of facts not speculation. |
| 184:08-186:15 *Sustained* | Hearsay, lack of personal knowledge, speculation | Mr. Woodrum testified that Kevin Reidl told him that this project was "all LSi's project" and that he agreed with Mr. Reidl's statement. The testimony and exhibits referenced are not hearsay under Federal Rule of Evidence 801(d)(2) and satisfy the hearsay exceptions under Federal Rule of Evidence 803(1), (3), and (6) and 804(b)(3). |
| 232:09-22 *Sustained* | Speculation, improper opinion testimony (Fvid. Rule 701), legal conclusion, opinion on ultimate issue | Mr. Woodrum was asked by counsel for Hodell whether he would have expected SAP to have told Hodell certain things and Mr. Woodrum testified that he would not expect that because "you don't know what you don't know." Mr. Woodrum's expectations constitute fact-based testimony. To the extent it constitutes an opinion, it is rationally based on his perception and will help the jury determine important issues. It doesn't constitute an opinion on an ultimate issue or a legal opinion. |

| 251:12-20 | Improper opinion testimony (Evid. Rule 701), speculation, lack of personal knowledge, lack of foundation | Mr. Woodrum testified as to the "free and open and frank" nature of the discussions between LSi and Hodell and that he believed Kevin Reidl was a sophisticated customer. This is fact-based testimony. To the extent there is an opinion, it is rationally based on Mr. Woodrum's perceptions working with and at Hodell. |
|---|---|---|
| 259:15-21 | Relevance, improper opinion testimony (Evid. Rule 701) | Mr. Woodrum testified that the number of concurrent users is more important to a fit-analysis than users in general. This is relevant to SAP's defense to Hodell's misrepresentation claim. It is not an opinion and to the extent it is, it is rationally based on Mr. Woodrum's perceptions and experience and will help the jury understand technical issues. |

*Sustain* [handwritten annotations on both rows]

Lesley Wells
US District Judge
ND Ohio