IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

HODELL-NATCO INDUSTRIES, INC.,

    Plaintiff,

-vs-

SAP AMERICA, INC., et al.,

    Defendant.

---

CASE NO. 1:08 CV 02755

<u>ORDER</u>

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    This Court, having reviewed Hodell's and SAP's deposition designations for Joseph Guagenti and the parties' respective objections thereto, resolves those objections as follows.

### I. HODELL'S OBJECTIONS TO SAP'S DEPOSITION DESIGNATIONS OF DEPOSITION TESTIMONY FOR JOSEPH GUAGENTI WITH SAP'S REPLIES

| Testimony Designated by SAP | Hodell's Objection to SAP's Designated Testimony | SAP's Reply to Hodell's Objection |
|---|---|---|
| 10:01-16 | Hearsay *Overruled* | 801(c). Not hearsay. The prior testimony of M. Weissman and E. Johnson is not being introduced for the truth of what is asserted, only to refresh the witness's recollection.<br><br>804(b)(1). Moreover, the statements of M. Weissman and E. Johnson that were used to refresh recollection are former testimony and therefore not hearsay. |
| 24:02-25:03 | Non-responsive *Overruled* | Inappropriate objection. This testimony was provided on direct examination by defendants' counsel. The "non-responsive" objection is reserved for use by the questioning attorney, unless the testimony violates some other rule of evidence. *See, e.g., McCormick on Evidence*, p. 52 at 127, n.6 (3d ed. 1984); *People v. Sweeney*, 46 Ill. App. 3d 858, 361 N.E.2d 344 (1977) ("The statement could only be stricken on a request from the questioning counsel, the only one who has standing to object to the nonresponsive nature of the witness' remark"). |
| 26:16-25 | Lack of personal knowledge; speculation; hearsay *Overruled* | 801(c). Not hearsay. No out of court statement is being offered for the truth of the matter asserted therein.<br><br>602. No lack of personal knowledge. A proper foundation was laid establishing that the witness was the most qualified person at LSi to make an assessment of Hodell's network setup. The witness testified that he believed a recommendation was made to Hodell, specifically to Keith Winn, to fix a network setup problem. The fact that the witness does not recall whether he personally made this recommendation to Keith Winn does not indicate lack of personal knowledge as to the subject matter. |
| 29:13-21 | Hearsay; lack of | The statement by Keith Winn is not hearsay because it is being offered against Hodell and was made by a |

| | | personal knowledge  *Overruled* | Hodell employee on a matter within the scope of that relationship and while it existed. 801(d)(2).  No lack of personal knowledge. A proper foundation has been laid that the witness has knowledge of the matters at hand. |
|---|---|---|---|
| | 35:13-25 | Lack of personal knowledge; speculation  *Overruled* | No lack of personal knowledge. The witness personally observed Hodell's computers and was asked about his observations. |
| | 39:16-40:08 | Hearsay; lack of personal knowledge; speculation  *Overruled* | No hearsay. No out of court statement is being offered for the truth of the matter asserted therein. 801(c). The witness is explaining why he recollects that Hodell's move to a Citrix environment occurred in 2007. His explanation is that he had a conversation about the move during this period. The content of his conversation with Keith Winn involved Mr. Winn getting certified. Whether Mr. Winn was or was not getting certified is not at issue.  Moreover, the statement is not hearsay because it is being offered against Hodell and was made by a Hodell employee on a matter within the scope of that relationship and while it existed. 801(d)(2). |
| | 44:21-45:07 | Speculation; lack of personal knowledge  *Overruled* | There is no lack of personal knowledge. A proper foundation has been laid, and the witness is providing a conclusion that is rationally based on the witness's perception. |
| | 49:15-51:06 | Hearsay, speculation; lack of personal knowledge  *Sustained* | The statement by Keith Winn is not hearsay because it is being offered against Hodell and was made by a Hodell employee on a matter within the scope of that relationship and while it existed. 801(d)(2).  Moreover, a proper foundation has been laid, and there is no lack of personal knowledge. The witness is simply recollecting what Mr. Winn told him; he is not testifying as to the truth of any matter. |
| | 51:16-52:21 | Speculation, lack of personal knowledge  *Sustained* | There is no lack of personal knowledge. A proper foundation has been laid as the witness was involved in this project and was aware at the time of certain aspects of Hodell's network. The witness is testifying as to his personal knowledge. The fact that |

| | | | |
|---|---|---|---|
| | | | he first says "I believe" is not dispositive. |
| 53:20-54:06 | Speculation, lack of personal knowledge; argumentative *Sustained* | | Does not violate 602, as witness did not testify to the matter but instead stated lack of knowledge. Objections to form were not raised at deposition and are therefore waived under FRCP 32(d)(3)(B). Regardless, nothing in this testimony is argumentative. |
| 55:18-22 | Improper opinion testimony – Evid. R. 701 *Sustained* | | The witness's testimony is rationally based on the witness's perception and helpful to determining facts at issue. |
| 55:25-56:14 | Form, foundation, speculation, argumentative, lack of personal knowledge *Sustained* | | There is no lack of personal knowledge. A proper foundation has been laid as the witness was involved in this project and was aware at the time of certain technical aspects of Hodell's network. The witness is testifying as to his personal knowledge. Nothing in this line of questioning is argumentative. |
| 70:12-71:11 | Hearsay, speculation, lack of personal knowledge, argumentative, form, foundation *Sustained* | | 801(c). Not hearsay. The prior testimony of M. Weissman was not being introduced for the truth of what was asserted. 804(b)(1). Moreover, the statements of M. Weissman are former testimony and therefore not hearsay. As to foundation, the foundation is based on the witness's personal knowledge. As to form, there was no misstatement of M. Weissman's testimony. |
| 74:04-78:06 | Lack of personal knowledge; speculation, relevance *Sustained* | | There is no 602 violation because the witness is being asked about his interpretation of specific words in an exhibit. The foundation has been laid that the witness was part of the Hodell project and has technical knowledge. The fact that he has not seen this particular exhibit before is immaterial, and there is no speculation. The testimony is clearly relevant as to interpretation of "users" versus "employees." |

| | | |
|---|---|---|
| 79:05-81:17 | Lack of personal knowledge, foundation, speculation, argumentative, relevance  *Sustained* | There is no 602 violation because the witness is being asked about his interpretation of specific words in an exhibit. The foundation has been laid that the witness was part of the Hodell project and has technical knowledge. The fact that he has not seen this particular exhibit before is immaterial, and there is no speculation.  None of the testimony is argumentative.  The testimony is clearly relevant as to interpretation of "users" versus "employees." |
| 88:12-90:03 | Foundation, lack of personal knowledge, speculation, relevance, improper expert opinion testimony (Rule 701)  *Sustained* | The foundation has been laid that the witness has technical expertise and experience with over 40 Business One implementation projects. There is no lack of personal knowledge.  The testimony is relevant as to Business One and whether it was surprising that glitches exist out of the box.  There is no 701 violation because the witness's testimony is rationally based on the witness's perception and helpful to determining facts at issue.  Finally, this statement may be offered against LSi because it was made by an LSi employee on a matter within the scope of that relationship and while it existed. 801(d)(2). |
| 90:19-92:04 | relevance, improper expert opinion testimony (Rule 701)  *Sustained* | The testimony is relevant as to how many users Business One can accommodate, what factors influence that limit, and the negative impact Hodell's hardware may have had.  There is no 701 violation because the witness's testimony is rationally based on the witness's perception and helpful to determining facts at issue. |
| 93:23-94:14 | Lack of personal knowledge, speculation, improper legal opinion  *Sustained* | There is no lack of personal knowledge and a proper foundation has been laid. The witness expressly confirmed that he had "personal knowledge as to how 40-plus different Business One implementations have occurred . . . ," and the question asks the witness to answer "based on [his] personal knowledge and [his] experience in 40-plus Business One implementations |

| | | |
|---|---|---|
| | | . . . ."<br><br>Moreover, this statement may be offered against LSi because it was made by an LSi employee on a matter within the scope of that relationship and while it existed. 801(d)(2).<br><br>There is no improper legal opinion here. The witness's testimony is rationally based on the witness's perception and helpful to determining facts at issue. |
| 96:17-98:15 | Speculation, lack of personal knowledge, improper expert opinion (Rule 701)<br><br>*Sustained* | There is no lack of personal knowledge and a proper foundation has been laid. The witness expressly confirmed that he had "personal knowledge as to how 40-plus different Business One implementations have occurred . . . ."<br><br>There is no 701 violation. The witness's testimony is rationally based on the witness's perception and helpful to determining facts at issue.<br><br>Moreover, this statement may be offered against LSi because it was made by an LSi employee on a matter within the scope of that relationship and while it existed. 801(d)(2). |
| 102:06-103:09 | Speculation, improper expert opinion (Rule 701)<br><br>*Sustained* | There is no lack of personal knowledge and a proper foundation has been laid. The witness expressly confirmed that his answers were "based on [his] years of experience in the software industry."<br><br>There is no 701 violation. The witness's testimony is rationally based on the witness's perception and helpful to determining facts at issue. |
| 103:10-106:15 | Hearsay<br><br>*Overruled* | No hearsay. No out of court statement is being offered for the truth of the matter asserted therein. 801(c). The witness is merely being asked about his impression of certain language in an email exchange. In any event, the email exchange that is the subject of questioning is plainly admissible under the business record exception to the hearsay rule under Federal Rule of Evidence 803(6). |
| 106:23-108:10 | Speculation, lack of personal knowledge, | There is no lack of personal knowledge and a proper foundation has been laid that the witness has |

| | | |
|---|---|---|
| | improper expert opinion (Rule 701)<br><br>*Sustained* | extensive experience with over 40 Business One implementations.<br><br>There is no 701 violation. The witness's testimony is rationally based on the witness's perception and helpful to determining facts at issue.<br><br>Moreover, this statement may be offered against LSi because it was made by an LSi employee on a matter within the scope of that relationship and while it existed. 801(d)(2). |
| 109:22-113:19 | Speculation, Hearsay, lack of personal knowledge<br><br>*Sustained* | There is no lack of personal knowledge as the witness is being asked his impression of certain statements contained in an email.<br><br>Moreover, the statements discussed in this email may be offered against LSi and Hodell because they were made by LSi and Hodell employees on a matter within the scope of that relationship and while it existed. 801(d)(2). |
| 111:13-121:07 | Form, foundation, speculation, lack of personal knowledge, improper expert opinion (Rule 701)<br><br>*Overruled* | As a general matter, Hodell has not objected with enough specify to allow SAP to reply to its objections, which span the course of nine pages of testimony.<br><br>As to Hodell's form objections, Hodell objected four times during the deposition to this portion of the witness's testimony, but it is unclear on what grounds. The questions asked were not improper in form, and the witness was able to readily answer each.<br><br>As to personal knowledge, a proper foundation has been laid that the witness possessed personal knowledge about Business One and about this project in particular, including "firsthand knowledge" about "whether the base SAP Business One application were working find for Hodell . . . ." A proper foundation was also laid that the witness had experience coding for the software industry.<br><br>There is no 701 violation. The witness's testimony is rationally based on the witness's perception and helpful to determining facts at issue. |

| | | |
|---|---|---|
| | | Moreover, these statements may be offered against LSi because it was made by an LSi employee on a matter within the scope of that relationship and while it existed. 801(d)(2). |
| 131:19-132:09 | Form, foundation, lack of personal knowledge, speculation<br><br>*Overruled* | As to personal knowledge, a proper foundation has been laid that the witness possessed personal knowledge about Business One and its operation as of 2004 and 2005. There is no speculation; the witness simply answered that he personally was not aware of particular information.<br><br>It is unclear what Hodell's form objection is here. Any problems with the form of the question were subsequently cured, and the witness was able to answer. |

## II. SAP'S OBJECTIONS TO HODELL'S COUNTER-DESIGNATION OF DEPOSITION TESTIMONY FOR JOSEPH GUAGENTI

| Testimony Counter-Designated by Hodell | SAP's Objection to Counter-Designated Testimony |
|---|---|
| 37:1-14. | • SAP objects to these questions and answers under Federal Rule of Evidence 602. *Sustained* |
| 65:21-68:2. | • SAP objects to these questions and answers under Federal Rule of Evidence 602. *Sustained* |
| 144:13-148:23. | • SAP objects to these questions and answers under Federal Rules of Evidence 602 and 701. *Sustained* |
| 150:18-155:20. | • SAP objects to these questions and answers under Federal Rules of Evidence 602 and 701. *Sustained* |
| 163:4-164:9. | • SAP objects to these questions and answers under Federal Rule of Evidence 602. *Sustained* |
| 171:10-174:17. | • SAP objects to these questions and answers under Federal Rule of Evidence 602. *Sustained*<br>• SAP additionally objects to certain questions contained herein on the basis of improper form. |
| 181:5-184:5. | • SAP objects to these questions and answers under Federal Rules of Evidence 602 and 701. *Sustained* |
| 184:11-185:4. | • SAP objects to these questions and answers under Federal Rule of Evidence 602. *Sustained* |
| 196:14-197:9. | • SAP objects to certain questions contained herein on the basis of improper form. *Overruled* |
| 197:24-202:24. | • SAP objects to these questions and answers under Federal Rule of Evidence 602. *Sustained* |
| 209:4-210:19. | • SAP objects to these questions and answers under Federal Rule of Evidence 602. *Sustained* |

| 214:15-223:18. | • SAP objects to these questions and answers under Federal Rule of Evidence 602. *Sustained* <br> • SAP additionally objects to certain questions contained herein on the basis of improper form. |
|---|---|
| 229:21-231:20. | • SAP objects to these questions and answers under Federal Rule of Evidence 602. *Sustained* |
| 233:10-235:12. | • SAP objects to these questions and answers under Federal Rule of Evidence 602. *Sustained* |
| 238:25-240:11. | • SAP objects to these questions and answers under Federal Rule of Evidence 602. *Sustained* |

*Lesley Wells*
US District Court