**DrinkerBiddle&Reath**
LLP

Michael J. Miller
215-988-2782 Direct
215-988-2757 Fax
michael.miller@dbr.com

*Law Offices*

One Logan Square, Ste. 2000
Philadelphia, PA
19103-6996

(215) 988-2700 phone
(215) 988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON D.C.
WISCONSIN

February 20, 2015

**VIA E-MAIL**

Hon. Lesley Wells
Howard M. Metzenbaum U.S. Courthouse
201 East Superior Avenue, Room 328
Cleveland, Ohio 44114-1201

RE: *Hodell-Natco Industries, Inc. v. SAP America, Inc. et al.*
**Case No. 1:080-cv-02755**

Dear Judge Wells,

    After receiving confirmation yesterday afternoon from Your Honor's clerk that it is not possible for Hodell to present Geoff Ashley via subpoena through a live video feed from New Hampshire, counsel for Hodell agreed that Mr. Ashley's videotape deposition testimony would instead be presented during trial. The parties agreed to quickly confer on designations for Mr. Ashley's testimony, and to then present the Court with a final proposed set of designations, counter-designations, and objections.

    Late yesterday, Hodell's counsel then advised us that they would like to have Mr. Ashley testify live in Cleveland on the terms he previously provided ($300 per hour plus expenses, with a minimum of $2,400 each day).

    We have discussed this matter with Mr. Ashley. He is extremely annoyed and is insisting now that he be provided with details on precisely when he will be needed, how payment will be calculated, and how payment will be arranged. We have passed this information along to counsel for Hodell.

    Significantly, Mr. Ashley also explained – consistent with his deposition – that he was not hired by SAP until November 2004; that he served in a sales management role and was not typically in direct contact with customers; that he was not involved in the Hodell sales cycle or any evaluation of the needs or requirements of Hodell prior to the December 2005 license agreement; and that prior to the license agreement his knowledge of the Hodell transaction was primarily from sales reports.

    In light of the forgoing, it appears that Mr. Ashley's testimony should be relatively limited in scope regardless of whether he testifies in person or by videotape. As discussed with the Court yesterday, we have reviewed Hodell's preliminary deposition designations for Mr. Ashley. A significant number of these designations relate to testimony that is inadmissible due to lack of personal knowledge, irrelevance, and the

*Established* 1849

DrinkerBiddle&Reath

Hon. Lesley Wells
February 20, 2015
Page 2

danger of unfair prejudice, confusion, and misleading the jury. A copy of the parties' designations and counter-designations, together with SAP's objections is attached.[1]

We appreciate Your Honor's attention to these issues.

Respectfully submitted,

Michael J. Miller

MJM/dmw
Enclosure

cc: P. Wesley Lambert, Esq. (wlambert@brouse.com)
Sharon A. Luarde, Esq. (sluarde@brouse.com)

---

[1] We will attempt to confer with counsel for Hodell on any potential objections they have to SAP's counter-designations and to attempt to further narrow Mr. Ashley's testimony.