# EXHIBIT "D"

2003 WL 22533425
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

Darryl L. DAGEN, Plaintiff,
v.
CFC GROUP HOLDINGS LTD., et al., Defendants.

No. 00 Civ. 5682(CBM). | Nov. 7, 2003.

Former employee sued employer claiming wrongful termination by constructive discharge. On employer's motion to allow witnesses to testify telephonically, the District Court, Motley, J., held that employer established good cause to allow five of its employees who resided in Hong Kong to testify via telephone instead of appearing in New York courtroom.

Motion granted.

## MEMORANDUM OPINION AND ORDER

MOTLEY, J.

**\*1** The court is in receipt of defendants' letter dated October 30, 2003 requesting the court to allow witnesses who reside in Hong Kong and are employees of CFC Asia to testify via telephone during trial. At a pretrial conference on November 6, 2003, the court provided both parties an opportunity to be heard on the issue.

Defendants aver that the Federal Rules of Civil Procedure contemplate telephonic testimony where good cause is shown. In addition to the expense involved in flying five individuals from Asia to the United States, because the five witnesses in question comprise a large portion of defendants' Hong Kong labor force, bringing them to New York for trial would more or less grind defendants' business to a halt. Moreover, the witnesses may face considerable obstacles obtaining VISAs; for at least one witness, such obstacles are prohibitive. In response, plaintiff argues that the court ordered plaintiffs to Hong Kong to take defendant Merkenich's deposition, see Order, September 15, 2003, so out of fairness, defendant should be required to bring witnesses from Hong Kong to New York. Plaintiff also points to this court's decision in *Gulino v. Board of Education,* 2002 WL 32068971 (S.D.N.Y.2002) (Motley, J.), wherein the court rejected the defendant's request to allow a witness to testify telephonically.

Federal Rule of Civil Procedure 43(a) provides that "for good cause shown in compelling circumstances and upon appropriate safeguards, [a court may] permit presentation of testimony in open court by contemporaneous transmission from another location." The advisory committee's note cautions that such permission should not be granted lightly:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend trial."

Fed.R.Civ.P. 43 advisory committee's note (1996 Amendment). At the same time, the court is not persuaded that allowing telephonic testimony is so extraordinary. Even before the Federal Rules were amended in 1996, "federal trial courts have repeatedly, in civil cases, taken testimony by telephone and closed circuit television. The jury has never had any difficulty in evaluating such testimony." *United States v. Gigante,* 971 F.Supp. 755, 758 (E.D.N.Y.1997) (allowing a witness' testimony through closed circuit television would not violate criminal defendant's constitutional right to face-to-face confrontation). *See e.g., U.S. v. Crown,* 1995 WL 600876, \*4 (S.D.N.Y.1995) (noting that Judge McHugh allowed defendant's wife to testify via telephone in an immigration hearing); *Ahmad v. Wigen,* 726 F.Supp. 389, 395 (E.D.N.Y.1989) (noting that in an extradition hearing before Judge Korman, an expert witness testified via telephone from Israel).

**\*2** Unlike *Gulino* where the moving party provided no rationale as to why a witness should not be required to travel domestically to testify, here, defendants' reasons for telephonic testimony are considerably broader than mere convenience. Instead, defendants raise international travel considerations, legitimate business concerns, and cost as rationales for allowing witnesses to testify via telephone instead of appearing in the courtroom. The court is equally impressed by the fact that defendants will suffer potentially

Dagen v. CFC Group Holdings Ltd., Not Reported in F.Supp.2d (2003)
2003 WL 22533425

incurable prejudice if the court excludes the testimony of the witnesses in question.

The fact that the court ordered plaintiffs to take defendant Merkenich's deposition in Hong Kong is inapposite. There, the court's rationale was that plaintiff had ample opportunity to request video conferencing for depositions well before the discovery cut off (instead of making an 11th hour request), explicitly declined this option on a number of occasions within the discovery period, could have foreseen that travel to Hong Kong for depositions would be necessary when plaintiff initiated this action in New York as opposed to Hong Kong, and offered the cost of flying an attorney to Hong Kong as the predominant rationale for depositions via video conference.

Although the court is mindful of the importance of live courtroom testimony, defendants have shown good cause to allow the five employees of CFC Asia who reside in Hong Kong to testify via telephone. Defendants' request is HEREBY GRANTED.

SO ORDERED.

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.