IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., | ) | CASE NO. 1:08-CV-2755 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | **REPLY BRIEF IN SUPPORT OF** |
| | ) | **PLAINTIFF'S MOTION THAT TRIAL OF** |
| SAP AMERICA, INC., et al. | ) | **THIS CASE BE CONDUCTED IN AN** |
| | ) | **ELECTRONIC COURTROOM** |
| Defendants. | ) | |

SAP's Opposition to Hodell's Motion is nothing more than an effort to have the Court reconsider the ruling it made *on the record* at the February 18, 2015 Final Pretrial wherein the Court ruled that Hodell would be permitted to present the testimony of Geoffrey Ashley and Dale Van Leeuwen live by contemporaneous video transmission.  The only way that order can be carried into effect is if this trial is conducted in an electronic courtroom at the Stokes Courthouse.

Failing to make any cogent argument against conducting trial in an electronic courtroom – a venue that would be beneficial to all parties, including SAP – SAP resorts to remanufacturing the losing arguments it made at the Final Pretrial.  There is no reason for the Court to reconsider its ruling, and there is ample time for the Court to reserve a courtroom at the Stokes Courthouse for the duration of trial without any delay to the start of trial.

It is not surprising that SAP "strongly opposes" conducting this trial in an electronic courtroom where the jury could most conveniently view the vast written record in this case demonstrating that SAP continuously and systematically misled Hodell over the course of several years.  It should be expected that SAP would seek to prevent these documents from being

presented to a jury in manner that maximizes "both efficiency and juror comprehension."[1]

It is also not surprising that SAP seeks to preclude this trial from being conducted in a courtroom that could easily and seamlessly effectuate this Court's order permitting Hodell to present witness testimony via contemporaneous video transmission.

Despite SAP's citation to inapplicable case law from other jurisdictions addressing the presentation of testimony by contemporaneous video transmission, the fact remains that it is within this Court's discretion to permit remote testimony.  And this Court has already exercised that discretion by holding that Hodell should be permitted to present testimony in this fashion. Hodell expended time and resources carrying this order into effect only to subsequently learn that limitations with the courtroom technology would not permit compliance with the Court's order.

SAP raises a strawman argument that there are insufficient safeguards to permit remote testimony and that conducting this trial in an electronic courtroom could "endanger" or "delay" these proceedings.  These arguments are meritless.  The electronic courtroom has been developed and adopted in this District for good reason – it is beneficial to the Court, to the attorneys and to the jury.  It permits a case to be tried fairly and efficiently.  It ensures that the courtroom's technological capabilities are available to *all* the parties and that *all* relevant evidence is submitted to the jury in a manner that most effectively enables a fair and just trial *on the merits*.

Despite SAP's protestations, there are built-in safeguards to ensure that the remote testimony is presented in an effective and just manner that most closely approximates the witness's live appearance at trial.  The witnesses will be subpoenaed to a federal courthouse located near their residence and will testify live from that federal courthouse by a secure remote

---

[1] http://www.ohnd.uscourts.gov/home/courtroom-support/courtroom-technology/

video connection.  SAP's opposition to presenting live witness testimony in lieu of piecemeal deposition clips (and the reading of deposition clips in Mr. Van Leeuwen's case) is simply baffling given that Hodell has agreed to bear the costs associated with the witnesses' remote testimony.  There is no conceivable basis – other than obfuscation of the truth – for SAP to actually prefer the presentation of trial testimony by deposition clips over live testimony.

Aside from the importance of presenting as much testimony as possible in a setting that most closely resembles live testimony from the witness stand, conducting trial in an electronic courtroom will permit the parties to present the vast written record in this case to the jurors in a manner that is more readily viewable and accessible to the jurors.  Over the course of a two to three-week trial, there can be little debate that jurors will be more apt to recall and digest documentary evidence presented to them in an electronic courtroom setting.

To be clear, Hodell's Motion was not filed to cause any delay in these proceedings.  As it stands today, there is ample time to reserve an electronic courtroom and there is no legitimate basis for SAP to argue that otherwise.

Accordingly, Hodell requests that its Motion That Trial of This Case Be Conducted in an Electronic Courtroom be granted.  Each of SAP's alleged "objections" to conducting this trial in an electronic courtroom is demonstrably infirm:  (1) the Court has already ruled that Hodell may present testimony by contemporaneous video transmission, and there is no reason for the Court to revisit its ruling; and (2) there will be no delay in these proceedings by conducing the trial in one of the many available electronic courtrooms at the Stokes Courthouse.  In the event Judge Wells is unable to conduct the trial at the Stokes Courthouse, Hodell requests that the case be transferred to a Judge whose schedule can reasonably accommodate the current trial date.

Dated:  March 10, 2015                      Respectfully submitted,

                                           /s/ *P. Wesley Lambert*
                                           Christopher J. Carney (0037597)
                                           Sharon A. Luarde (0071625)
                                           P. Wesley Lambert (0076961)
                                           BROUSE MCDOWELL
                                           600 Superior Ave. E., Suite 1600
                                           Cleveland, Ohio 44114
                                           (216) 830-6830 phone
                                           (216) 830-6807 fax
                                           CCarney@brouse.com
                                           SLuarde@brouse.com
                                           WLambert@brouse.com
                                           *Attorneys for Plaintiff Hodell-Natco*
                                           *Industries, Inc.*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on March 10, 2015, the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access the document through the Court's electronic filing system.

/s/ *P. Wesley Lambert*
P. Wesley Lambert, Esq. (0076961)
*Attorney for Plaintiff Hodell-Natco*
*Industries, Inc.*

[929438]