IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., | ) | CASE NO. 1:08-CV-2755 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION FOR LEAVE TO PRESENT** |
| SAP AMERICA, INC., et al. | ) | **REMOTE TRIAL TESTIMONY OR, IN THE** |
| | ) | **ALTERNATIVE, MOTION FOR LEAVE TO** |
| Defendants. | ) | **CONDUCT TRIAL DEPOSITIONS** |

Plaintiff Hodell-Natco Industries, Inc. ("Hodell") submits the following Memorandum in Support of its Motion for Leave to Present Remote Trial Testimony or, in the Alternative, Motion for Leave to Conduct Trial Depositions.

**I.     The Court Has Already Ruled That The Presentation of Remote Witness Testimony Is Supported By Good Cause And The Interests of Justice.**

Hodell has already sought and obtained leave of Court to present the testimony of Dale Van Leeuwen and Geoffrey Ashley by remote video transmission. At the Final Pretrial conducted by Judge Wells on February 18, 2015, the Court ruled that Hodell could present trial testimony by contemporaneous video transmission pursuant to Fed.R.Civ.P. 43 and 45. [ECF #298: Feb. 18, 2015 Tr. at 13]. Mr. Van Leeuwen and Mr. Ashley are former employees of opposing parties, reside outside the Court's subpoena power, and cannot be compelled to appear at trial.[1]

Presentation of these witnesses' testimony is the superior means of presenting this evidence at trial. While Mr. Van Leeuwen was deposed several years ago, due to an error by the

---

[1] Mr. Van Leeuwen resides in St. Charles, Illinois. Mr. Ashley resides in Bedford, New Hampshire.

videographer that was not discovered until shortly before the previously scheduled February 23, 2015 trial date, much of Mr. Van Leeuwen's deposition was not videotaped.  Absent leave to present his testimony remotely, Hodell would be required to read his deposition into the record.

As for Mr. Ashley, for several months leading up to the previously scheduled trial date, SAP advised Hodell that Mr. Ashley would appear live at trial.  Less than two weeks before the February 2015 trial date, SAP advised that Mr. Ashley would not appear live unless he was paid an exorbitant fee and related expenses.  Hodell should not be required to pay an exorbitant amount of money to secure the attendance of an adverse witness when the witness's testimony can be obtained by remote video transmission.

Both Mr. Van Leeuwen and Mr. Ashley are critical witnesses who have firsthand knowledge of facts supporting Hodell's claims.  Mr. Van Leeuwen, an owner of Defendants the IBIS Group and LSi-Lowery Systems, Inc. ("LSi"), was one of the people most responsible for selling the SAP Business One software to Hodell.  He will provide testimony based upon firsthand, personal knowledge of the representations made to Hodell during the sales process.

Similarly, Mr. Ashley, a former Sales Director for SAP Business One, was one of the SAP employees most involved in the sale of SAP Business One to Hodell.  He has firsthand, personal knowledge regarding SAP's involvement in the sale of SAP Business One to Hodell.

Not only are these witnesses extremely important to the pursuit of truth and a fair result in this case, their remote trial testimony can be presented with minimal effort and no disruption to the trial proceedings.  The Northern District of Ohio's website touts the efficacy of live witness testimony and the ease with which it can be accomplished:

> The streamlining of the litigation process through the implementation of advanced communication technologies has enhanced the Court's ability to meet the needs of the bar and the public, while preserving the dignity and fairness of the proceedings.

> Since we are five times as likely to remember something we both see and hear, the audio/visual means of presentation implemented in the courtrooms increases both efficiency and juror comprehension.
>
> With minimal training, attorneys can present photos, documents, objects, videotapes and electronic presentations to focus juror attention on critical details.
>
> \*   \*   \*
>
> Two video-conferencing cameras are focused on the judge and witness, as well as the presenter at the lectern. A camera with pan, tilt and zoom capabilities and a gooseneck mounted camera at the witness box can also be accessed.
>
> The equipment can be used for remote witness testimony, pretrial conferences or other court proceedings. The use of this technology is easily controlled from multiple touch panel controllers at the judge's bench and the lectern.[2]

The use of an electronic courtroom to permit remote testimony has been developed and adopted in this District for good reason – it is beneficial to the Court, to the attorneys and to the jury because it permits a case to be tried fairly and efficiently.

Accordingly, because Hodell has already sought and obtained leave to present trial testimony by remote means, and given the paramount importance of presenting live witness testimony at trial, Hodell requests leave to present testimony by contemporaneous video transmission. Hodell requests that such leave be granted with regards to Van Leeuwen and Ashley, and, if necessary, with regards to Lowery, Kraus, Mehnert-Meland, Neveux and Killingsworth.

## II. In The Event Hodell Cannot Present Live Trial Testimony, It Should Be Permitted to Conduct Videotaped Trial Depositions.

In the event Hodell's request to present remote testimony is denied, Hodell will be left with very limited means to present the testimony of Van Leeuwen and Ashley at trial. In such a case, Hodell requests leave to conduct the videotaped trial depositions of these witnesses so they

---

[2] http://www.ohnd.uscourts.gov/home/courtroom-support/courtroom-technology/

3

can be played at trial.

"Trial depositions (also known as 'preservation depositions' or '*be bene esse* depositions') are not treated as part of the discovery process" and have consistently been held to fall outside courts' scheduling and discovery cut-off orders. *Rayco Mfg. v. Deutz Corp.*, N.D. Ohio No. 5:08-cv-00074, 2010 U.S. Dist. LEXIS 3153, *9 (N.D. Ohio Jan. 14, 2010)(*quoting Burket v. Hyman Lippitt, P.C.*, 2008 U.S. Dist. LEXIS 30088 at *3 (E.D. Mich. 2008)). In circumstances where witnesses are unable to appear at trial in person, trial depositions taken shortly before trial are commonplace and are properly understood as part of the trial proceedings, not discovery.

Courts in this Circuit have noted the "practice of taking *de bene esse* depositions prior to trial is often common practice known to practitioners, and a practical resolution to a witness' unavailability." *Armstrong v. Shirvell*, E.D. Mich. No. 11-11921, 2013 U.S. Dist. LEXIS 129526 at *19 (E.D. Mich. Sept. 11, 2013). *See also*, *Charles v. Wade*, 665 F.2d 661, 664 (5th Cir.1982) (reversing trial court's denial of a request to take a trial deposition where denial was based on closure of fact discovery and noting that request was made six weeks prior to trial which gave the parties ample time to arrange and conduct the depositions).

The trial depositions to be conducted by Hodell are limited to two critical witnesses whose testimony cannot be presented live in court. SAP will likely argue that both witnesses have already been deposed and that their deposition testimony can be presented at trial. However, in the case of Mr. Van Leeuwen, the videographer's error means that his deposition will have to be read into the record – a far less preferable method than either presenting his remote testimony or playing a videotaped trial deposition.

As for Mr. Ashley, he was deposed very early on in the discovery period. After his

deposition, thousands of pages of documents were produced by SAP and many additional witnesses were deposed, thus bringing to light facts unknown (and unknowable) to Hodell at the time of Mr. Ashley's discovery deposition. Until the eve of trial, Hodell was led to believe that Mr. Ashley would be testifying live at trial. Because that is no longer the case, the interests of justice favor the Hodell's right to obtain the trial deposition of this key witness if he does not testify by remote video transmission.

Additionally, SAP has represented to the Court that certain of its former and current employees (Neveux, Killingsworth, Kraus and Mehnert-Meland) will appear at trial. In the event SAP recants, Hodell should be permitted to obtain their videotaped trial depositions as well.

### III.    Conclusion.

For the reasons set forth herein, Hodell asks that its Motion be granted.

Dated:  May 13, 2015                                  Respectfully submitted,

                                                      */s/ P. Wesley Lambert*
                                                      Christopher J. Carney (0037597)
                                                      Sharon A. Luarde (0071625)
                                                      P. Wesley Lambert (0076961)
                                                      BROUSE MCDOWELL
                                                      600 Superior Ave. E., Suite 1600
                                                      Cleveland, Ohio 44114
                                                      (216) 830-6830 phone
                                                      (216) 830-6807 fax
                                                      CCarney@brouse.com
                                                      SLuarde@brouse.com
                                                      WLambert@brouse.com
                                                      *Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

934580