IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., | ) | CASE NO. 1:08-CV-2755 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **NOTICE OF SUPPLEMENTAL** |
| | ) | **AUTHORITY IN OPPOSITION TO THE** |
| SAP AMERICA, INC., et al. | ) | **SAP DEFENDANTS' "MOTION TO** |
| | ) | **PRECLUDE INADMISSIBLE LAY** |
| Defendants. | ) | **OPINION TESTIMONY"** |

Plaintiff Hodell-Natco Industries, Inc. ("Hodell") hereby provides Notice of supplemental authority relevant to Hodell's Opposition to the SAP Defendants' "Motion to Preclude Inadmissible Lay Opinion Testimony."

On April 23, 2015—days before Hodell's Opposition Brief was due – the Sixth Circuit Court of Appeals decided *United States v. Kerley,* 2015 U.S. App. LEXIS 6723, 3, 2015 FED App. 0077P (6th Cir. Apr. 23, 2015). A copy of the Sixth Circuit's opinion in *Kerley* is attached as Exhibit 1.

In *Kerley*, the Sixth Circuit decided whether lay opinion testimony of two bank employees relating to their employers' underwriting standards and loan approval processes was admissible in a criminal prosecution arising from a mortgage fraud scheme. Notably, neither bank employee was actually involved in underwriting the fraudulent loans at issue. *Id.* at *9.

The Sixth Circuit affirmed the district court's ruling "that the lender representatives could testify about their investigations of the loan files and approvals and could offer opinions about how knowledge that the buyers were not using their own funds would have affected the lending

decision." *Id.* at *13. The witnesses' testimony was admissible even though, unlike Mr. Reidl, "neither witness was involved in the loan transactions at issue . . . ." *Id.* at *14.

Citing its decision in *Lativafter Liquidating Trust v. Clear Channel Communications, Inc.*, 345 Fed. App'x 46, 51 (6th Cir. 2009), the court noted that while it had "thus far approved the admission of lay opinion based on particularized knowledge only in the realm of lost profits," it was adopting the rationale of other circuits that "have permitted lay opinion testimony based on particularized knowledge on a variety of topics, when the witness gained such knowledge through employment or involvement in the day-to-day affairs of the business in question." *Id.* at *11.

The Sixth Circuit also found that testimony from one of the banks' controllers "about the losses SunTrust sustained from the fraudulent mortgage loans at issue" was admissible. *Id.* at *23. The court found that his testimony was "that of a fact witness" because it was limited to information within his personal knowledge . . . ." *Id.* at *24. "Moreover, even if [the controller's] testimony spilled into the realm of opinion testimony, the district court did not err in admitting it because . . . it was based on particularized knowledge that he acquired through his employment." *Id.* at *24.

Based upon the case law previously cited in opposition to the SAP Defendants' Motion, and the Sixth Circuit's recent decisions in *Kerley* and *Lativafter*, Mr. Reidl's testimony regarding his company's damages is based upon his personal knowledge and perception and is admissible under Fed.R.Evid. 701. SAP's Motion must be denied.

| | |
|---|---|
| Dated: May 15, 2015 | Respectfully submitted,<br><br>*/s/ P. Wesley Lambert*<br>Christopher J. Carney (0037597)<br>Sharon A. Luarde (0071625)<br>P. Wesley Lambert (0076961)<br>BROUSE MCDOWELL<br>600 Superior Ave. E., Suite 1600<br>Cleveland, Ohio 44114<br>(216) 830-6830 phone<br>(216) 830-6807 fax<br>CCarney@brouse.com<br>SLuarde@brouse.com<br>WLambert@brouse.com<br>*Attorneys for Plaintiff Hodell-Natco Industries, Inc.* |

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 15, 2015, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document through the Court's electronic filing system.

*/s/ P. Wesley Lambert*
P. Wesley Lambert, Esq. (0076961)
*Attorney for Plaintiff Hodell-Natco*
*Industries, Inc.*

934679