# Exhibit "A"



**PREDATOR INTERNATIONAL, INC., a Colorado corporation, Plaintiff, v. GAMO OUTDOOR USA, INC., a Florida corporation, Defendant.**

Civil Action No. 09-cv-00970-PAB-KMT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

*2014 U.S. Dist. LEXIS 12973*

January 31, 2014, Decided
January 31, 2014, Filed

**SUBSEQUENT HISTORY:** Motion denied by *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc., 2014 U.S. Dist. LEXIS 112871 (D. Colo., Aug. 14, 2014)*

**PRIOR HISTORY:** *Predator Int'l v. Gamo Outdoor United States, 2014 U.S. Dist. LEXIS 12963 (D. Colo., Jan. 31, 2014)*

**COUNSEL:** [*1] For Predator International, Inc., a Colorado corporation, Plaintiff, Counter Defendant: John M. Cogswell, LEAD ATTORNEY, Cogswell Law Offices, P.C., Buena Vista, CO; Abby C. Moskovitz, Jeffrey P. Thennisch, Jeffrey P. Thennisch, Attorney at Law, Detroit, MI; Michael J. Heaphy, Michael J. Heaphy, P.C., Vail, CO.

For Gamo Outdoor USA, Inc., a Florida corporation, Defendant, Counter Claimant: David G. Henry, Sr., Dykema Gossett, PLLC-Dallas, Dallas, TX; Hao Ni, Ni Law Firm, PLLC, Dallas, TX; Jonna McGinley Reilly, Julie Diane Miller, Keely Vanessa Lewis Wise, Paul Stephen Fardy, Swanson Martin & Bell, LLP, Chicago, IL; Peter Simon Gould, Richard Michael Simmons, Patton Boggs, LLP-Denver, Denver, CO.

**JUDGES:** PHILIP A. BRIMMER, United States District Judge.

**OPINION BY:** PHILIP A. BRIMMER

**OPINION**

**ORDER**

This matter is before the Court on Plaintiff's Motion In Limine No. 1 Re: Lou Riley [Docket No. 471] filed by plaintiff Predator International, Inc. ("Predator"); Plaintiff's Motion In Limine No. 2 Re: Lee Phillips [Docket No. 472]; Plaintiff's Motion In Limine No. 3 Re: Telephone Testimony for Regina Valladares [Docket No. 473]; Plaintiff's Motion in Limine No. 4 Re: Telephone Testimony for Jennifer Apple, Now Jennifer Nunley [*2] [Docket No. 474]; Plaintiff's Motion in Limine No. 5 Re: State Court Proceedings [Docket No. 475]; Plaintiff's Motion In Limine No. 6 Re: Summaries [Docket No. 476]; Plaintiff's Motion In Limine No. 7 Re: Demonstrative Exhibits [Docket No. 477]; Plaintiff's Motion In Limine No. 9 Re: Pre-Judgment Interest [Docket No. 479]; and Plaintiff's Motion in Limine No. 10 Re: Damages [Docket No. 480].

**I. ANALYSIS**

**A. Testimony of Lou Riley (Docket No. 471)**

Predator requests that the Court order defendant Gamo Outdoor U.S.A., Inc. ("Gamo") to call Lou Riley as a witness at trial (as opposed to introducing his deposition testimony in his absence) or, in the alternative, permit Predator to take a videotaped deposition of Mr. Riley at Gamo's expense. Docket No. 471. In addition, Predator asks that the Court strike the deposition testimony of Mr. Riley that Gamo has designated for admission at trial on the basis that it is irrelevant. *Id.*

Gamo responds that a court order compelling it to call Mr. Riley as a witness is not required as it intends to do so and that it has designated Mr. Riley's deposition testimony solely as a contingency in the event he is prevented from traveling by medical problems. Docket [*3] No. 501 at 1-2. Gamo argues that Predator is not entitled to an additional deposition of Mr. Riley since it

has already deposed him twice. *Id.* at 2-3. Gamo contends that the testimony it has designated is relevant to Gamo's affirmative defense to Predator's copyright claim. *Id.* at 3-4.

First, the Court agrees that there is no need for an order compelling Mr. Riley to appear at trial. Gamo listed him as a will-call witness in the Final Pretrial Order, Docket No. 410 at 35, ¶ 6, and Gamo states its intention to call him as a live witness. Docket No. 501 at 1.

Second, with respect to the request for a videotaped deposition of Mr. Riley, Predator has already deposed Mr. Riley in April 2010. *See* Docket No. 471 at 2. Predator states that "much has transpired since 2010 related to GAMO, most of which is known to Lou Riley." *Id.* However, Predator does not specify what has happened, explain how it is relevant to this case, or offer any other argument in support of requiring a third deposition of Mr. Riley, at Gamo's expense. *See Fed. R. Civ. P. 30(a)(2)(A)(ii)* (a party must obtain leave of the court before deposing a witness who has already been deposed, absent a stipulation by the parties); *Myers v. Mid-West Nat'l Life Ins. Co.,* No. 04-cv-0396-LTB-KLM, 2008 WL 2410413, at *2 (D. Colo. June 11, 2008) [*4] ("as a general rule, the court will not require a deponent to appear for a second deposition without some showing of need or good reason for doing so . . . . scheduling a second deposition of the same person without a showing of [reason] will generally support a finding of annoyance and undue burden or expense") (citing *Cuthbertson v. Excel Indus. Inc.,* 179 F.R.D. 599, 605 (D. Kan. 1998)). As Predator has not shown "need or good reason" for scheduling a second deposition of Mr. Riley, the Court will deny this request. *See id.*

Third, the deposition testimony that Gamo has designated concerns Predator's patent infringement claim and its conduct in litigating that claim. *See* Docket No. 471 at 1. Specifically, Gamo seeks to introduce Mr. Riley's testimony that "Predator hid Lee Phillips' ownership interest in the *'893 Patent* and fraudulently pursued patent infringement litigation against Gamo." Docket No. 501 at 3. Gamo contends that this testimony is relevant to its affirmative defense of unclean hands. *Id.* at 4. Gamo goes on to explain its theory that:

Predator intentionally misled [*5] Gamo and the Court by misrepresenting to the Copyright Office that it was the owner of the copyrighted work, when, in fact, Phillips and May were the owners. As Mr. Riley's designated testimony from *Predator v. Phillips* makes clear, Predator has a history of hiding Lee Phillips' existence and also did this with Phillips' patent ownership interest. In December 2013, the

Honorable Judge Charles M. Barton issued a 34 page opinion resulting from a four day bench trial where the Colorado state court in *Predator v. Phillips* found that Predator had fraudulently misled Gamo. Similar to the patent ownership misrepresentations in the state court matter, Predator intentionally omitted Phillips from the initial complaint in this matter as a patent inventor. Predator also intentionally omitted Phillips from the materials it submitted to the Copyright Office. Predator's failure to acknowledge Phillips as an author of the text at issue prevented the issue of whether Predator is the owner of the copyrighted work from arising to Gamo or to this Honorable Court. Mr. Riley's designated testimony therefore is directly relevant to Gamo's affirmative defense of Predator's unclean hands and Predator's request [*6] that it be stricken should be denied.

Docket No. 501 at 4. Gamo's characterization of the designated portions of Mr. Riley's deposition indicates that it is not relevant to the matter at hand. While Predator's concealment of Mr. Phillips' existence with respect to the copyright may be relevant to Gamo's defense of unclean hands, Predator's conduct with respect to the patent is separate and does not tend to show that Predator did or did not take certain actions with respect to the copyright. *See Purzel Video GmbH v. Smoak,* No. 13-cv-01167-WYD-MEH, F. Supp. 2d , 2013 U.S. Dist. LEXIS 182586, 2014 WL 37269, at *6 (D. Colo. Jan. 6, 2014)* ("In copyright actions, the doctrine of unclean hands is only applied 'where the wrongful acts in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'") (citing *Mitchell Bros. Film Grp. v. Cinema Adult Theater,* 604 F.2d 852, 863 (5th Cir. 1979)). Gamo may not introduce evidence of Predator's alleged inequitable conduct regarding the patent to support its affirmative defense of unclean hands regarding Predator's copyright claim. *See id.; see also Fed. R. Evid. 404(b).*

**B. Lee Phillips (Docket No. 472)**

Predator [*7] asks the Court to strike Gamo's designations of Mr. Phillips' deposition testimony on the basis that (1) Mr. Phillips is not unavailable within the meaning of *Federal Rule of Civil Procedure 32(a)(4)* and (2) the portions of Mr. Phillips' deposition designated by Gamo are not relevant to trial. Docket No. 472 at 1-2. Gamo responds that it intends to call Mr. Phillips as a

live witness, but has designated his deposition testimony in case he is unable to appear. Docket No. 502 at 2. Gamo says that Mr. Phillips lives more than one hundred miles from the courthouse. *Id.* Gamo contends that the designated testimony is relevant insofar as it relates to the "creation, publication, and ownership of the copyrighted work." *Id.* Gamo states that "Mr. Phillips will testify that he and Tom May authored the copyrighted text prior to the incorporation of Predator and that as a result, no work for hire exists and that they (and not Predator) are the creators of the copyrighted work." *Id.* at 2-3.

Predator asserts that Gamo "should be made to subpoena Lee Phillips to trial rather than use his deposition since he is located within the State of Colorado." Docket No. 516 at 1 (citing *Fed. R. Civ. P. 45(c)(1)(B)*). [*8] There is no basis for this request.

First, if Mr. Phillips' appearance at trial is of importance to Predator, Predator could have listed him as a witness and procured his appearance at trial by issuing its own subpoena. Second, deposition testimony is admissible under *Rule 32(a)(4)(B)* if the "witness is more than 100 miles from place of hearing or trial . . . unless it appears that the witness's absence was procured by the party offering the deposition," even if the witness lives within the state and would thus be subject to a subpoena under *Rule 45. See Fed. R. Civ. P. 32(a)(4)(D)*. There is no evidence to support Predator's professed belief that "GAMO is seeking to procure Phillips' absence because GAMO does not want him to personally appear," Docket No. 472 at 2, ¶ 4, especially in light of Gamo's stated intention to call Mr. Phillips as a live witness. Accordingly, this request will be denied.

The designated portions of Mr. Phillips' deposition testimony discuss the development of Predator's polymer-tipped pellet, obtaining *United States Patent No. 6,526,893* (the "*'893 Patent*") for the pellet, incorporating Predator as a company, Predator's initial marketing and sales efforts, the [*9] use of the color red in Predator's pellets, the assignment of rights in the *'893 Patent* to Predator, and litigation over the *'893 Patent. See generally,* Docket Nos. 472-1 and 472-2. The development of the pellet design, the application for and approval of the *'893 Patent*, and the subsequent dispute over the *'893 Patent* are not relevant to this trial. *See* Docket No. 526 at 2. The incorporation of Predator by Mr. Phillips is relevant only insofar as it lays a foundation for his subsequent testimony regarding marketing Predator's pellet. However, Mr. Phillips' involvement in designing marketing materials for the pellet is relevant to both of Predator's claims, since it relates to Predator's ownership of the copyright.

Accordingly, the designated deposition testimony of Mr. Phillips will be stricken as irrelevant, except for the following portions: Docket No. 472-1 at 7 to 12, 24, 35 to 36, 51 to 56 (Phillips dep., at 3, l.9 to 9, l.6; 21, ll.16-24; 34, l.3 to 35, l.13; 64, l.1 to 69, l.21).

## C. Testimony of Jennifer Apple and Regina Valladares (Docket Nos. 473 and 474)

Predator requests leave to introduce the testimony of Regina Valladares and Jennifer Apple by telephone. Docket No. 473 [*10] and 474. As a basis for this request, Predator states that it is unable to compel either witness to attend trial because they live on the east coast, that it has not taken the deposition of Ms. Valladares, and that Ms. Apple is employed and the mother of three young children. Docket No. 473 at 2, ¶ 3 ("Predator has offered expenses if [Ms. Valladares] flew to Denver. She declined."); Docket No. 474 at 2, ¶ 1 ("While [Ms. Apple] is willing to attend trial voluntarily if Predator pays her travel expenses and reimburses her for lost time at work, she has recently advised that it may be difficult for her to travel depending on circumstances.").

Predator states that Ms. Valladares is expected to testify that, "sometime prior to her departure in September 2008, Lou Riley walked around the office and showed people a red-tipped pellet stating that GAMO intended to produce that pellet. She is also expected to testify that Lou Riley told her that he was going to China to get the pellet manufactured." Docket No. 473 at 2, ¶ 1. Predator states that Ms. Apple will testify that:

> she took orders from Lou Riley, that Lou Riley drove her to shopping centers where she could copy pellet descriptions, that [*11] she prepared the artwork for the Red Bull (prior name to Red Fire), that she told Lou Riley that it was outright plagiarism, and that she knew that Lou Riley and two other employees were going to China to have the Red Bull pellet manufactured.

Docket No. 474 at 2, ¶ 2.

First, Predator's characterization of the anticipated testimony of both witnesses does not demonstrate the relevance of such testimony since the design and manufacture of the Red Fire pellet is not at issue in this case.[1] *See* Docket No. 526 at 2.

1      The Court's previous Order addresses in greater detail the relevance of Ms. Apple's anticipated testimony. *See* Docket No. 536.

Second, *Rule 43(a)* provides that a witness may testify "in open court by contemporaneous transmission from a different location" upon a showing of "good cause in compelling circumstances." The Advisory Committee Notes stress that the "importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and presence of the factfinder may exert a powerful force of truthtelling." Accordingly, transmission "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." *Fed. R. Civ. P. 43(a)*, Advisory **[*12]** Committee Notes. "Good cause" is easiest to show on the basis of "unexpected reasons, such as accident or illness," and more difficult to establish when a party could "reasonably foresee the circumstances offered to justify transmission of testimony." *Id.; see also Eller v. Trans Union, LLC, 739 F.3d 467, 478 (10th Cir. 2013)* ("Courts most frequently allow remote testimony in special circumstances, such as where a vital witness would be endangered or made uncomfortable by appearing in a courtroom.").

Predator has not established "good cause" within the meaning of *Rule 43*. The only basis for Predator's request is the inconvenience of the witnesses. This is insufficient, especially in this case, where Predator was aware of their location in advance of trial and was not surprised by "unexpected reasons" for their unavailability. *See Fed. R. Civ. P. 43(a)*, Advisory Committee Notes; *see also* Docket No. 474 at 2, ¶ 1 ("Predator was able to locate [Ms. Apple] and take her deposition on May 21, 2010."); Docket No. 517 at 1-2 ("Predator finally made contact with [Ms. Valladares] on or about December 12, 2013."). Accordingly, these motions will be denied.

## D. State Court Proceedings (Docket No. **[*13]** 475)

Predator requests that the Court instruct the jury on the litigation over the *'893 Patent* that the parties pursued in state court. Docket No. 475. Predator states that, "[d]uring the trial of this case, the issue of the patent will come up. The jury will wonder why the case before it is not a patent infringement case. None of this is relevant to the case." Docket No. 475 at 4. However, Predator contends that a jury instruction is necessary to "satisfy [the jury's] expected curiosity" on the matter. *Id.*

First, a jury instruction is usually an inappropriate means of apprising a jury of facts, especially facts that are not stipulated. Second, since Predator concedes that the patent litigation is not relevant to this trial, giving such an instruction would be more likely to confuse the jury than to head off inappropriate speculation. Accordingly, the Court will deny this motion.

## E. Admissibility of Summaries (Docket No. 476)

Predator requests an order stating that "its exhibits containing summaries are evidence in this case upon a showing that the underlying evidence has been admitted or furnished to the other party." Docket No. 476 at 1. In addition, it specifically identifies a number **[*14]** of exhibits that it contends fall within this category. *Id.*

A party may "use a summary, chart, or calculation to prove the content of voluminous writings . . . that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying . . . by other parties at a reasonable time and place." *Fed. R. Evid. 1006*. "Before a summary is admitted, the proponent must lay a proper foundation as to the admissibility of the material that is summarized and show that the summary is accurate." *Needham v. White Labs. Inc., 639 F.2d 394, 403 (7th Cir. 1981)*. The decision to admit a summary into evidence falls within the discretion of the trial court. *Daniel v. Ben E. Keith Co., 97 F.3d 1329, 1334-35 (10th Cir. 1996)*.

Predator does not lay a foundation for these exhibits in its motion. *See* Docket No. 520 at 3 ("Predator intends to lay a foundation with respect to these exhibits to the extent not stipulated by GAMO. The Court should order that Predator's summaries are admissible upon proper authentication."). The Court in its discretion will deny Predator's request for a conditional ruling of admissibility, subject to a proper foundation being **[*15]** provided at trial, as it is unclear what purpose such a ruling would serve. *See Needham, 639 F.2d at 403; Daniel, 97 F.3d at 1334-35.*

In opposing Predator's motion, Gamo raises a number of separate objections to the exhibits, namely, that they are irrelevant or contain impermissible legal argument. Docket No. 506. Predator relies on *Just In Case Business Lighthouse, LLC v. Murray, 2013 Colo. App. LEXIS 1140, 2013 WL 3778184, at *10 (Colo. App. July 18, 2013)*, in which the appellate court upheld the admission of summaries where the trial court had found that the case was sufficiently complicated that the plaintiff required "some method to demonstrate to the jury how it all comes together . . . otherwise the jury is never going to understand this." There is no basis for concluding that this case, which involves only two claims based on a single, limited sequence of events, will be too complicated for the jury to understand absent numerous summaries of the evidence. The Court rules on Gamo's objections to specific exhibits as follows:

| Exhibit No. | Predator's | Gamo's Argument | Ruling |
|---|---|---|---|

2014 U.S. Dist. LEXIS 12973, *

| | Argument or Exhibit Title | | |
|---|---|---|---|
| 192 | "timeline which will assist the jury in piecing together the relevant evidence in a chronological manner," Docket No. 520 at 1 | Irrelevant | This exhibit is inadmissible. Many of the entries are not relevant as they do not pertain to the alleged copyright infringement or CCPA violation. Other entries are quotes from source documents, which are not appropriate for a summary. There is no indication that the underlying evidence is too voluminous to be "conveniently examined in court." *See* Fed. R. Evid. *1006*. |
| 193 | "truncated timeline for the same purpose" as Exhibit No. 192, Docket No. 520 at 1 | Irrelevant | Same ruling as above. In addition, this exhibit contains improper legal conclusions. |
| 194 | "graphic timeline reflecting the occurrence of events over the five year span involved in this trial," Docket No. 520 at 1 | Irrelevant | Same ruling as above. |

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| 196 | Selected Discovery Responses by GAMO and GAMO Spain | "improper, attorney-created work product that does not fall within the parameters of admissible evidence," Docket No. | The index on the first page of this exhibit is inadmissible as it constitutes legal argument. The Court makes no ruling regarding the admissibility of the attached discovery |

2014 U.S. Dist. LEXIS 12973, *

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| | | 506 at 3 | responses, except to note that this is not a summary exhibit, but rather a composite exhibit. |
| 197 | "facts admitted by GAMO and GAMO Spain in various pleadings as indicated and are appropriate for presentation to the jury," Docket No. 520 at 3 | "improper, attorney-created work product that does not fall within the parameters of admissible evidence," Docket No. 506 at 3 | This exhibit is inadmissible. Many of the entries are not relevant as they do not pertain to the alleged copyright infringement or CCPA violation. Other entries involve alleged admissions of Gamo Outdoor Spain, which is not a party to this case. There is no indication that the underlying evidence is too voluminous to be "conveniently examined in court." *See* Fed. R. Evid. *1006.* Admitting this exhibit would be premature in any event since much of this evidence may be cumulative. |

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| 198 | "facts previously found by the Court which are relevant and admissible to show the sequence of events, background information, and bad faith," Docket No. 520 at 1-2 | Irrelevant | Inadmissible. The Court has not determined any facts for purposes of this trial. That is the role of the jury. Any suggestion by an attorney or witness during trial to the effect that the Court |

2014 U.S. Dist. LEXIS 12973, *

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| | | | has already determined certain facts is improper. |
| 199 | Summary of Gamo Short Period Sales | Irrelevant | This exhibit is inadmissible. It pertains solely to Predator's alleged actual damages, which are not at issue in this trial. *See* Docket No. 526 at 3. |
| 203 | Database Summary of GAMO Polymer-Tipped Pellet Sales 2009-2013 | Irrelevant | Same ruling as above. |
| 205 | GAMO Profits Through June 30, 2013 According to Predator | Irrelevant | Same ruling as above. |
| 212 | Summary of GAMO Gross Margin Percentages per Summarized Financial Information for Sales and Projections | Irrelevant | Same ruling as above. |

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| 213 | Summary of GAMO Projections for Red Fire, Performance Pellets, Blue Flame and Glow Fire Sales and Actual Sales of Polymer Pellets (PBA) to Extent Known | Irrelevant | Same ruling as above. |
| 215 | Predator Database | Irrelevant | Same ruling as |

2014 U.S. Dist. LEXIS 12973, *

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| | Summary of Polymag Sales, Costs and Gross Margin 2007-June 30, 2013 | | above. |
| 220 | Predator's Sales to its Four Largest Customers 2007 - June 30, 2013 | Irrelevant | Same ruling as above. |
| 226 | Summary of Predator's Sales of Non-Polymer-Tipped JSB Pellets 2009-2013 (From Ex. 225) | Irrelevant | Same ruling as above. |
| 227 | Predator's Interest Damages on Lost Post-Q3 Trendable Sales vs. Actual Sales | Irrelevant | Same ruling as above. |

| Exhibit. No | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| 230 | "summary for GAMO's many infringements which will be of benefit to the jury," Docket No 520 at 3 | "improper, attorney-created work product that does not fall within the parameters of admissible evidence," Docket No. 506 at 3 | This exhibit is inadmissible. The title of this exhibit contains inadmissible legal conclusions. The phrase "unsurpassed performance" is not at issue in this case. There is no indication that the underlying evidence is too voluminous to be "conveniently examined in court." *See* Fed. R. Evid. *1006.* |
| 231 | "summaries of GAMO's infringement | "improper, attorney-created | The summary on the first page of this |

2014 U.S. Dist. LEXIS 12973, *

| Exhibit. No | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| | by website description, packaging description, conduct after the stipulated injunction," Docket No. 520 at 3 | work product that does not fall within the parameters of admissible evidence," Docket No. 506 at 3 | exhibit appears to be admissible. Gamo's objection is overruled. The remainder of the exhibit is not a summary, but a compilation. |
| 232 | "summaries of GAMO's infringement by website description, packaging description, conduct after the stipulated injunction," Docket No. 520 at 3 | "improper, attorney-created work product that does not fall within the parameters of admissible evidence," Docket No. 506 at 3 | The summary on the first page of this exhibit appears to be admissible. Gamo's objection is overruled. |

| Exhibit. No | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| 233 | "summaries of GAMO's infringement by website description, packaging description, conduct after the stipulated injunction," Docket No. 520 at 3 | "improper, attorney-created work product that does not fall within the parameters of admissible evidence," Docket No. 506 at 3 | The summary on the first page of this exhibit appears to be admissible. Gamo's objection is overruled. |
| 234 | Summary of Website Descriptions for Polymag (Predator) and Red Fire (GAMO) Posted by Other Companies | Irrelevant | The Court reserves ruling on this exhibit in order to determine its relevancy when offered. |
| 235 | Summary of Exhibits Relating to Google Data on Infringement by Third Parties | Irrelevant | The Court reserves ruling on this exhibit in order to determine its relevancy when offered. |
| 236 | "summary of e-mails relating to GAMO's efforts to remove infringement on the | "improper, attorney- | This exhibit is inadmissible. There is no indication that the underlying |

2014 U.S. Dist. LEXIS 12973, *

| Exhibit. No | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| | internet showing its unwillingness to tell people the truth," Docket No. 520 at 3 | | evidence is too voluminous to be "conveniently examined in court." *See* Fed. R. Evid. *1006.* |
| 237 | Summary of Some Exhibits Relevant to GAMO's Red Fire Pellet Marketing Program May 2008 - January 2010 | Irrelevant | This exhibit is inadmissible. There is no indication that the underlying evidence is too voluminous to be "conveniently examined in court." *See* Fed. R. Evid. *1006.* |

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| 238 | "summary of marketing facts which will be helpful to the jury in understanding what happened," Docket No. 520 at 3 | "improper, attorney-created work product that does not fall within the parameters of admissible evidence," Docket No. 506 at 3 | This exhibit is inadmissible. Many of the entries are not relevant as they do not pertain to the alleged copyright infringement or CCPA violation. Other entries are quotes from source documents, which are not appropriate for a summary. There is no indication that the underlying evidence is too voluminous to be "conveniently examined in court." *See* Fed. R. Evid. *1006.* |
| 239 | Summary of Exhibit 90 Relating to GAMO's Development of the | "improper, attorney-created work product that does not fall | This exhibit is inadmissible. It contains quotes from source documents, |

2014 U.S. Dist. LEXIS 12973, *

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| | Blue Flame and Glow Fire Pellets | within the parameters of admissible evidence," Docket No. 506 at 3 | which are not appropriate for a summary. It is not relevant as it does not pertain to the alleged copyright infringement or CCPA violation. |

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| 240 | "summary of the officers and directors and employees of GAMO which will assist the jury in placing and putting witnesses in context in connection with their role in GAMO which indirectly affects their credibility and GAMO's credibility," Docket No. 520 at 2 | Irrelevant | The Court reserves ruling on this exhibit in order to determine its relevancy when offered. |
| 241 | "summary of GAMO Spain's international patent papers which show that GAMO Spain initiated its efforts to copy the Polymag pellet with its Red Bull or Red Fire pellet in March 2008, and knew of the Polymag patent." Docket No. 520 at 2. | Irrelevant | This exhibit is inadmissible. It is not relevant as it does not pertain to the alleged copyright infringement or CCPA violation. |
| 242 | "summary of the annual reports of the Florida Secretary of State showing the changes in officers . . . It is relevant to Predator's argument | Irrelevant | Same ruling as above. |

2014 U.S. Dist. LEXIS 12973, *

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| | that GAMO | | |
| | developed a plan | | |
| | following the | | |
| | acquisition by MCH | | |
| | Equity of GAMO | | |
| | Spain and its | | |
| | aggressive plan to | | |
| | increase profits at the | | |
| | expense of others." | | |
| | Docket No. 520 at 2. | | |

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| 243 | "summary of the Secretary of State reports with respect to SW47 Corp, the corporation owned by Francisco Casas Salva who offices with GAMO but is the inventor for GAMO Spain," Docket No. 520 at 2 | Irrelevant | Same Ruling as above. |
| 244 | "summary of some exhibits relevant to GAMO's deceptive trade practices taken from other exhibits," Docket No. 520 at 3 | "improper, attorney-create dwork product that does not fall within the parameters of admissible evidence," Docket No. 506 at 3 | This evidence is inadmissible because it constitutes legal argument. See *United States v. Bray*, *139 F.3d 1104, 1110* (6th Cir. 1998) (the information in a summary may not be "embellished by or annotated with the conclusions of or inferences drawn by the proponent"). |
| 245 | "selection of various exhibits evidencing confusing and will be helpful to the jury," Docket No. 520 at 2 | Irrelevant | This exhibit is inadmissible. It contains quotes from source documents, which are not appropriate for a |

2014 U.S. Dist. LEXIS 12973, *

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| | | | summary. There is no indication that the underlying evidence is too voluminous to be "conveniently examined in court." *See* Fed. R. Evid. *1006.* |

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| 246 | "summary of GAMO's Red Fire weight changes which reinforces its copying Predator's Polymag pellet despite mixed performance information received by it relating to the weight of the Red Fire pellet. It is relevant to copying and bad faith." Docket No. 520 at 3 | "improper, attorney-created work product that does not fall within the parameters of admissible evidence," Docket No. 506 at 3 | This exhibit is inadmissible. It is not relevant as it does not pertain to the alleged copyright infringement or CCPA violation. |
| 247 | "summary of GAMO's litigation with respect to Crosman and Heckler," Docket No. 520 at 2 | Irrelevant | This evidence is inadmissible. *See* Docket No. 526 at 1-3. |
| 249 | Summary of Exhibit 84 Relating to GAMO's Perofrmance Pellet Orders from GAMO Spain April 1, 2009 - June 26, 2009 | Irrelevant | This exhibit is inadmissible. Many of the entries are not relevant to as they do not pertain to the alleged copyright infringement or CCPA violation. There is no indication that the underlying evidence is too voluminous to be "conveniently examined in court." |

Page 14

2014 U.S. Dist. LEXIS 12973, *

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| | | | *See* Fed. R. Evid. *1006.* |
| 250 | Summary of Exhibit 84 Relating to GAMO's Red Fire Pellet Orders from GAMO Spain November 13, 2008 - September 2, 2009 | Irrelevant | Same Ruling as above. |

| Exhibit No. | Predator's Argument or Exhibit Title | Gamo's Argument | Ruling |
|---|---|---|---|
| 251 | "relevant to the credibility of GAMO and its parent company GAMO Spain and to GAMO's bad faith," Docket No. 520 at 2 | Irrelevant | This exhibit is inadmissible. It concerns pellet design and not packaging copy. It is not relevant as it does not pertain to the alleged copyright infringement or CCPA violation. |
| 252 | Summary of Exhibit 71 Relating to Predator's Prospective Business Relationship with Crosman | Irrelevant | This exhibit is inadmissible. It is not relevant as it does not pertain to the alleged copyright infringement or CCPA violation. |
| 253 | Summary of Exhibit 69 Relating to Predator's Prospective Business Relationship with Wal-Mart | Irrelevant | Same Ruling as above. |
| 254 | Predator Damage Calculations | Irrelevant | This exhibit is not admissible. It pertains solely to Predator's alleged actual damages, which are not at issue in this trial. *See* Docket No. 526 at 3. |

### F.  [*16]  Admissibility of Demonstrative Exhibits (Docket No. 477)

Predator seeks an order "authorizing the admission of Predator's demonstrative exhibits into evidence when properly authenticated subject to a proper jury instruction." Case 1:09-cv-00970-PAB-KMT Document 538 Filed 01/31/14 USDC Colorado Page 21 of 24 Docket No. 477 at 1. Predator identifies a number of specific exhibits[2] that it contends would fall within the scope of such an order and characterizes these exhibits as "charts [] prepared by the Microsoft Excel spreadsheet program using summarized data furnished either by GAMO or Predator." *Id.* It states that these "demonstrative charts are pedagogical in nature," "offered to assist the jury in evaluating the evidence in the case," and "admissible under *F.R.E. 1006*." *Id.* at 2. The Court assumes that when Predator seeks the "admission" of these demonstrative exhibits, it refers solely to their being displayed to the jury, not that the jury would have them during deliberation.

> 2    This motion is brought with respect to Exhibit Nos. 194-95, 204, 206-11, 214, 216-19, and 221-24.

Gamo argues that the charts Predator seeks to admit pertain solely to damages and are thus inadmissible at trial.  [*17] Docket No. 507 at 1. Predator does not dispute that these exhibits are intended only to support its entitlement to damages. The Court's review of these exhibits confirms this conclusion.[3] *See* Docket No. 507. Accordingly, these exhibits are not relevant and are not admissible as demonstrative exhibits. *See* Docket No. 526 at 3.

> 3    Exhibit No. 195, a Gamo organizational chart, does not necessarily pertain to damages, but its relevance to this litigation is unclear and, in any case, there is no indication that the evidence on which it is based is too voluminous to present in court. *See Fed. R. Evid. 1006*.

### G. Pre-Judgment Interest and Damages (Docket Nos. 479 and 480)

Predator requests an order that it is "entitled to pre-judgment interest on its copyright damage claim if that claim is available," Docket No. 479 at 1, and an order that "its damage calculation exhibit . . . is consistent with applicable law and that all evidence in furtherance of such damage calculations is relevant and admissible." Docket No. 480 at 1. Both motions are predicated upon Predator's ability to seek actual damages on its copyright

infringement claim. *See* Docket No. 479 at 1; Docket No. 480 at 1 n.1. Since Predator  [*18] is not entitled to seek actual damages on its copyright infringement claim, *see* Docket No. 526 at 3, these motions will be denied.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion In Limine No. 1 Re: Lou Riley [Docket No. 471] filed by plaintiff Predator International, Inc. is GRANTED in part. The designated deposition testimony of Mr. Riley is stricken to the extent it relates solely to the parties' state court patent litigation. It is denied in all other respects. It is further

**ORDERED** that Plaintiff's Motion In Limine No. 2 Re: Lee Phillips [Docket No. 472] is GRANTED in part. The designated deposition testimony of Mr. Phillips is stricken, except for the following portions: Docket No. 472-1 at 7 to 12, 24, 35 to 36, 51 to 56 (Phillips dep., at 3, l.9 to 9, l.6; 21, ll.16-24; 34, l.3 to 35, l.13; 64, l.1 to 69, l.21). It is further

**ORDERED** that Plaintiff's Motion In Limine No. 3 Re: Telephone Testimony for Regina Valladares [Docket No. 473] is DENIED. It is further

**ORDERED** that Plaintiff's Motion In Limine No. 4 Re: Telephone Testimony for Jennifer Apple, Now Jennifer Nunley [Docket No. 474] is DENIED. It is further

**ORDERED** that Plaintiff's Motion in Limine  [*19] No. 5 Re: State Court Proceedings [Docket No. 475] is DENIED. It is further

**ORDERED** that Plaintiff's Motion In Limine No. 6 Re: Summaries [Docket No. 476] is DENIED. The exhibits cited therein are inadmissible at trial. it is further

**ORDERED** that Plaintiff's Motion In Limine No. 7 Re: Demonstrative Exhibits [Docket No. 477] is DENIED. The exhibits cited therein are inadmissible at trial. It is further

**ORDERED** that Plaintiff's Motion In Limine No. 9 Re: Pre-Judgment Interest [Docket No. 477] is DENIED. It is further

**ORDERED** that Plaintiff's Motion In Limine No. 10 Re: Damages [Docket No. 480] is DENIED.

DATED January 31, 2014.

BY THE COURT:

/s/ Philip A. Brimmer

PHILIP A. BRIMMER

2014 U.S. Dist. LEXIS 12973, *

United States District Judge