IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755-DCN |
|---|---|---|
| Plaintiff, | ) ) ) | JUDGE NUGENT |
| v. | ) ) | |
| SAP AMERICA, INC., et al. | ) ) | |
| Defendants. | ) ) ) | |

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants SAP America, Inc. and SAP AG (collectively, "SAP") hereby provide this Response to the Notice of Supplemental Authority submitted by Plaintiff, Hodell-Natco Industries, Inc. ("Hodell").

Hodell is wrong that the Sixth Circuit's decision in *United States v. Kerley*, No. 13-5821, 2015 U.S. App. LEXIS 6723 (6th Cir. 2015), somehow permits Mr. Reidl to offer his specialized, technical damages opinions. *Kerley* was a criminal mortgage fraud case where two bank employees were simply allowed "to testify about the materiality of the misrepresentations at issue." *Id.* at *9. The witnesses' actual testimony was quite basic – they claimed that had their employers known certain loan applications were false, they wouldn't have issued loans. The Sixth Circuit easily concluded that this sort of routine testimony "does not take any specialized or technical knowledge" because a witness testifying that he or she would have acted differently if aware of additional information is part of the "process of reasoning familiar in everyday life." *Id.* at *21-22. While a third witness was permitted to testify about losses sustained through fraudulent loans, the Sixth Circuit held that his "testimony was strictly that of

1

a fact witness," and the defendant failed to develop any argument as to how this testimony amounted to a lay opinion.  *Id*. at *24.

Thus, *Kerley* changes nothing.  The Sixth Circuit clearly does not authorize a layman to offer highly specialized damages opinions based on predictive valuation models, interpretive analyses, and hypothetical calculations lacking any semblance of economic reliability.  Nor does *Kerley* turn the restrictive evidentiary regime of Rules 701/702 into *carte blanche* for business owners to offer any opinion they want without scrutiny.  Indeed, the case law is clear that the admissibility of lay opinions is a fact-specific inquiry made on a case-by-case basis.  And here, Hodell's unusual focus on the factually inapposite *Kerley* decision simply serves to accentuate the fact that **Hodell has not cited a single case** (within the Sixth Circuit or without) where a lay witness was allowed to do anything close to what Mr. Reidl wants to do.

Respectfully submitted,

May 20, 2015

/s/ Gregory J. Star
Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757
*Attorneys for SAP America, Inc. and SAP AG*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May 2015, a copy of the foregoing Response to Notice of Supplemental Authority was filed and served via ECF.

/s/ Gregory J. Star
Gregory J. Star (admitted *pro hac vice*)