IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., | ) | CASE NO. 1:08-CV-2755 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **MOTION FOR RECONSIDERATION OR,** |
| | ) | **IN THE ALTERNATIVE, HEARING ON** |
| SAP AMERICA, INC., et al. | ) | **ADMISSIBILITY OF EXPERT OPINIONS** |
| | ) | **AND TESTIMONY OF DR. G. WILLIAM** |
| Defendants. | ) | **KENNEDY** |

Plaintiff Hodell-Natco Industries, Inc. ("Hodell"), through undersigned counsel, submits the following Motion For Reconsideration Or, In the Alternative, Hearing On The Admissibility Of Expert Opinions And Testimony Of Dr. G. William Kennedy. Dr. Kennedy is Hodell's damages expert and was the subject of a *Daubert* motion *in limine* filed by Defendants SAP America, Inc. and SAP AG ("SAP") in February 2013. [ECF #176]. On October 13, 2014, Judge Wells granted SAP's motion without conducting a *Daubert* hearing. [ECF #248].

Because it is well-accepted that a ruling on a motion *in limine* is merely a preliminary ruling made outside the context of a trial that may be revisited during trial, Hodell provided notice to the Court and opposing counsel that it intended to proffer Dr. Kennedy's testimony at trial. The Court agreed this proffer could – and should – occur. [ECF #298 at pp. 25-28]. However, the Court suddenly reversed course and issued an order precluding Hodell from even proffering Dr. Kennedy's testimony for the record at trial. [ECF #290].

While trial courts are not required to do so, it is frequently considered a best practice in this Circuit to conduct a *Daubert* hearing before excluding expert testimony. *See Jahn v. Equine*

*Servs., PSC*, 233 F.3d 382, 393 (6th Cir. 2000); *Havard v. Baxter Int'l., Inc.*, No. 1:92CV0863, 2000 U.S. Dist. LEXIS 21316, *9 (N.D. Ohio Jul. 21, 2000).  Here, Hodell's damages expert has been excluded without the benefit of a *Daubert* hearing, or even oral argument on the *Daubert* motions. Moreover, Hodell is subject to an Order precluding it from even proffering Dr. Kennedy's testimony into the record at trial.

Hodell therefore requests that the Court reconsider the order excluding Dr. Kennedy's testimony.  At a minimum, the Court should conduct a *Daubert* hearing on the subject of the admissibility of Dr. Kennedy's testimony or allow Hodell to proffer his testimony at trial.  Not only is conducting such a hearing frequently considered an advisable procedural undertaking, Hodell believes that the hearing will illuminate, and ultimately prevent, clear error from occurring through the exclusion of Dr. Kennedy's reliable and admissible testimony.

A Memorandum in Support of this Motion is attached hereto and incorporated herein.

Dated:  May 26, 2015 Respectfully submitted,

/s/ P. Wesley Lambert
Christopher J. Carney (0037597)
Sharon A. Luarde (0071625)
P. Wesley Lambert (0076961)
BROUSE MCDOWELL
600 Superior Ave. E., Suite 1600
Cleveland, Ohio 44114
(216) 830-6830 phone/(216) 830-6807 fax
CCarney@brouse.com
SLuarde@brouse.com
WLambert@brouse.com
*Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 26, 2015, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document through the Court's electronic filing system.

> */s/ P. Wesley Lambert*
> P. Wesley Lambert, Esq. (0076961)
> *Attorney for Plaintiff Hodell-Natco Industries, Inc.*

[935397]