IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755-DCN |
|---|---|---|
| Plaintiff, | ) ) ) | JUDGE NUGENT |
| v. | ) ) ) | |
| SAP AMERICA, INC., et al. | ) ) ) | |
| Defendants. | ) ) | |

**STATUS REPORT OF DEFENDANTS SAP AMERICA, INC. AND SAP AG**

Defendants SAP America, Inc. and SAP AG (collectively, "SAP"), in compliance with the Court's Civil Jury Trial Order, dated May 12, 2015 submit the following Status Report in preparation for the Final Pretrial Conference to be held on June 2, 2015.

## I. BRIEF HISTORY OF THE CASE

In December 2004, Hodell-Natco Industries, Inc. ("Hodell") entered into a Development Agreement with LSi-Lowery Systems, Inc. and The IBIS Group Inc. (collectively, "IBIS/LSi") to develop a software application known as In-Flight and integrate it with SAP Business One software (and other software products) to create a unique software solution to run Hodell's chain and fastener business. In December 2005, Hodell entered into the SAP Business One Software License Agreement with SAP and received 80 Business One licenses. Hodell went live on the combined system in March 2007 and raised complaints about its performance (i.e., speed). SAP worked with Hodell to improve performance, and Hodell ultimately used the solution to run its business for two years. In March 2009, Hodell migrated to a different system.

On November 21, 2008, Hodell-Natco Industries, Inc. ("Hodell") initiated this action against LSi-Lowery Systems, Inc., IBIS Group, Inc., SAP America, Inc., and SAP AG. The operative pleading is Hodell's First Amended Complaint, which asserted five causes of action against all defendants, namely: (a) fraudulent inducement; (b) fraud; (c) breach of contract; (d) negligence; and (e) negligent misrepresentation. SAP and IBIS/LSi asserted cross-claims for indemnity, and IBIS/LSi asserted a counterclaim against Hodell.

The Court subsequently dismissed Hodell's (a) breach of contract claims arising out of the Development Agreement as against both SAP defendants; (b) breach of contract claim arising out of the License Agreement as against SAP AG; and (c) negligence claims in their entirety. The Court reasoned, *inter alia*, that no SAP entity was a party to the Development

Agreement; that SAP AG was not a party to the License Agreement; and that the economic loss rule applied.

The parties then engaged in extensive discovery over a period of years.  Over 2.3 million pages of documents were exchanged.  Counsel for the parties (as well as the parties themselves, in many instances) traveled around the country taking the videotaped depositions of over twenty fact witnesses, many of whom were non-parties known to be outside the subpoena power of this Court.  During this time, SAP and Hodell both retained liability and damages experts, exchanged reports, and conducted expert discovery.

On February 23, 2015, the case proceeded to trial.  During jury voire dire, Hodell's counsel invited a potential juror to discuss her personal experience with an implementation of SAP software at the juror's place of business.  The question was propounded and answered in front of the entire jury pool.  Afterwards, Judge Wells decided that the pool had been tainted and that a new trial was the only remedy.   The new trial was scheduled for June 15, 2015.

## II.    NATURE OF THE REMAINING CLAIMS

The remaining claims against SAP are fairly narrow.  There is a single contract claim arising out of the License Agreement, which, by its own terms, prohibits a recovery in excess of the software license fees paid by Hodell for the software (i.e., roughly $400,000).  And there are tort claims for fraud and negligent misrepresentation predicated on alleged pre-contractual misrepresentations as to the ability of Business One to handle 300 to 500 users.

There is, however, no evidence that SAP made any such representations; indeed, Hodell concedes that it did not have any direct contact with SAP until well after the relevant contracts were executed, and none of the marketing material allegedly relied upon by Hodell discuss Business One's capacity in terms of users.  As a consequence, the only conceivable tort exposure

to SAP is vicarious by way of SAP's alleged agent, IBIS/LSi.  But SAP's License Agreement with IBIS/LSi plainly states that IBIS/LSi is not an SAP agent, and it further forbids IBIS/LSi from making any representation or warranty with respect to the software's performance or otherwise binding SAP.  Hodell explicitly acknowledged and agreed that it understood all of that when it later entered into the License Agreement with SAP.

Hodell's damages claims are also fairly narrow.  For years, Hodell litigated this case as though its damages evidence would come exclusively through the expert testimony of Dr. G. William Kennedy.  Dr. Kennedy was naturally constrained, however, by the incontrovertible record evidence showing, *inter alia*, that Hodell had its best financial years ever while running Business One and that Hodell did not lose any significant sales or customers.  Unsurprisingly, the opinions reached by Dr. Kennedy were quite strained, and after extensive briefing, the Court properly precluded Dr. Kennedy's opinions in their entirety as fundamentally flawed.

This should have led to a focused trial about whether SAP was liable for the alleged misrepresentations of IBIS/LSi, and if so, what out-of-pocket losses Hodell could prove.  But instead, Hodell doubled-down and scrambled to back-fill Dr. Kennedy's expert opinions with the lay opinions of Hodell's CEO, Otto Reidl, who now hopes to opine on the very same highly specialized topics as Dr. Kennedy did (i.e., lost productivity losses, lost opportunity losses, etc.) by employing an array of predictive valuation models, interpretive analyses, and hypothetical calculations that lack any semblance of economic reliability. A motion to preclude Hodell from attempting to offer this highly improper evidence is presently before the Court.[1]

## III. ISSUES TO BE ADDRESSED

The following issues remain outstanding.

---

[1] SAP raised the issues underlying this motion in chambers and in open court on February 23, 2015, and SAP's motion is filed pursuant to permission granted by the Court at that time.

- On April 14, 2015, SAP filed a motion to Preclude Inadmissible Lay Opinion Testimony. The motion has been fully briefed and is ready for disposition.

- On May 15, 2015, Hodell filed a Motion for Leave to Present Remote Trial Testimony. The motion has been fully briefed and is ready for disposition.

- On May 26, 2015, Hodell filed a motion for reconsideration of the Court's Opinion and Order precluding Dr. Kennedy's expert testimony. The motion is baseless, and SAP is preparing a brief response.

SAP intends to raise the following issues by way of pretrial motion pursuant to the Court's Civil Jury Trial Order.

- Hodell is estopped from claiming that IBIS/LSi was SAP's agent where the contract governing IBIS/LSi and SAP's relationship plainly states that IBIS/LSi is not SAP's agent and lacks authority to make representations about the performance of the software or otherwise bind SAP and where the contract governing Hodell and SAP's relationship contains Hodell's acknowledgment and agreement that IBIS/LSi was not so authorized.

- Hodell has not pled, and cannot prove, that SAP had a duty to disclose information to Hodell with whom SAP had an ordinary "arm's-length" business relationship and to whom SAP owed no special or fiduciary duty.

- Hodell's tort claims are barred by the Ohio economic loss rule because Hodell is seeking purely economic losses arising out of an alleged misrepresentation about the number of users the software could support. This alleged misrepresentation is not collateral to the contract because the contract explicitly warranted the performance of the software for a specific number of users and integrated and superseded any prior representations.

- Hodell's damages, if any, are limited by the express terms of its contract with SAP.

Moreover, SAP's liability expert, Brooks Hilliard, will testify at trial. On January 1, 2015, the Court entered an order precluding certain of Mr. Hilliard's opinions on relevance grounds. The majority of Mr. Hilliard's testimony will take the form of a rebuttal of the testimony of Hodell's liability expert, Helmuth Gumbel. SAP believes that certain of Mr. Hilliard's precluded opinions will be plainly relevant to rebut testimony given by Mr. Gumbel and that a motion for reconsideration may be in order at this time. However, in the interest of judicial economy, SAP seeks the Court's guidance as to whether it would prefer to deal with these relevance issues on an ad hoc basis as they arise at trial.

Also, on February 12, 2015, the Court entered default against IBIS/LSi pursuant to Federal Rule of Civil Procedure 55(a) for failure to participate in the litigation.  Importantly, judgment on the default was not entered and no finding of liability was made.  Nor would doing so prior to trial on the merits have been appropriate under the case law given the fact that, among other things, Hodell is seeking to hold SAP liable for the bad acts of IBIS/LSi.  SAP believes it goes without saying that Hodell should not be allowed to claim that IBIS/LSi are not parties and/or to tell the jury that a default has been entered or to in any way suggest that liability has been established against IBIS/LSi.  SAP reserves the right to make a pretrial motion on this basis should the need arise.

Finally, to the extent these issues are not disposed sooner, SAP believes it will be entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 on all of Hodell's claims for the reasons expressed in the Joint Trial Brief, dated October 9, 2014.

## IV.    SETTLEMENT DISCUSSIONS

SAP has always been open to participating in reasonable settlement discussions and remains so.

Respectfully submitted,

May 28, 2015

/s/ Gregory J. Star
Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757
*Attorneys for SAP America, Inc. and SAP AG*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of May 2015, a copy of the foregoing Status Report was filed and served via ECF.

/s/ Gregory J. Star
Gregory J. Star (admitted *pro hac vice*)