# EXHIBIT B

# In The Matter Of:

*Hodell-Natco Industries, Inc. v.*
*SAP America, Inc., et al.*

*Otto Reidl*
*Vol. 1*
*February 7, 2012*

## NEXTGEN|REPORTING

Making Litigation Easier.                    NextGenReporting.com

PHILADELPHIA | 215.944.5800   NEW YORK CITY | 646.470.3376   PHOENIX | 623.224.2760   SILICON VALLEY | 650.799.8020

*Original File Reidl, Otto - Vol. I.txt*
*Min-U-Script® with Word Index*

Page 1

```
 1              UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF OHIO
 2                    EASTERN DIVISION

 3
   HODELL-NATCO         )   Case No. 1:08 CV 2755
 4 INDUSTRIES, INC.,    )
                        )   Judge:  Lesley Wells
 5       Plaintiff,     )   Magistrate Judge:
                        )       Greg White
 6   vs.                )
                        )   VOLUME I
 7 SAP AMERICA, INC., et )
   al.,                 )
 8                      )
          Defendants.   )
 9 _____

10

11
        THE VIDEOCONFERENCE DEPOSITION OF OTTO REIDL
12

13
        DATE:     Tuesday, February 7, 2012
14
        TIME:     9:57 a.m.
15
        PLACE:    Reminger & Reminger
16                1400 Midland Building
                  101 Prospect Avenue, West
17                Cleveland, Ohio  44115

18

19

20

21

22 _____

23 NEXTGEN
   REPORTING
24

25 Registered Professional Reporters
```

Page 3

```
 1              W I T N E S S   I N D E X

 2
                                          PAGE
 3
 4 DIRECT EXAMINATION
   OTTO REIDL
 5 BY MR. STAR ...................................    4

 6
                E X H I B I T   I N D E X
 7
 8 Exhibit 1   Revised Notice of Deposition of      9
                Hodell-Natco
 9
   Exhibit 2   Emails from Amy Poidomani to        17
10              Kevin Reidl

11 Exhibit 3   First Amended Complaint with        22
                Exhibits, Jury Trial Demand
12
   Exhibit 4   Pages off the Hodell website        54
13
   Exhibit 5   ERP Software printout from Internet 125
14

15

16

17

18

19

20

21

22

23

24

25
```

Page 2

```
 1 APPEARANCES:

 2
   ON BEHALF OF THE PLAINTIFF:
 3
       MR. P. WESLEY LAMBERT, ESQ.
 4     Koehler, Neal, LLC
       3330 Erieview Tower
 5     1301 East Ninth Street
       Cleveland, Ohio 44114
 6     (216) 539-9370
       wlambert@koehlerneal.com
 7
 8 ON BEHALF OF THE DEFENDANT SAP AMERICA, SAP AG:

 9     MR. GREGORY J. STAR, ESQ.
       Drinker, Biddle, Reath
10     One Logan Square
       Suite 2000
11     Philadelphia, Pennsylvania 19103
       (215) 988-2734
12     Gregory.Star@dbr.com

13
   ON BEHALF OF THE DEFENDANT LSI:
14
       MR. ROY A. HULME, ESQ.
15     Reminger & Reminger
       1400 Midland Building
16     101 Prospect Avenue, West
       Cleveland, Ohio 44115
17     (216) 687-1311
       rhulme@reminger.com
18

19

20 ALSO PRESENT:  Kevin Reidl
21                Daniel Lowery

22

23

24

25
```

Page 4

1     OTTO REIDL,
2 called as a witness herein, having been first duly
3 sworn, as hereinafter certified, was examined and
4     testified as follows:
5     DIRECT EXAMINATION OF OTTO REIDL
6     BY MR. STAR:
7 Q.  Good morning, Mr. Reidl.  I
8   apologize in advance if I continually
9   mispronounce your name today.  Feel free to
10   correct me.  I'm Greg Star.  I'm an attorney
11   on behalf of SAP America and SAP AG, and we're
12   here today for your deposition as the
13   corporate designee on behalf of Hodell-Natco.
14   Have you ever been deposed before, sir?
15 A.  Yes.
16 Q.  How many times?
17 A.  Once.
18 Q.  When was that?
19 A.  Approximately 15 years ago.
20 Q.  All right.  Let me go through the
21   rules for you then, since it's been a while.
22   I'll be asking you questions.  The court
23   reporter will be taking down what I say and
24   your answers.  It's important that we don't
25   speak over each other.  Is that fair?

Page 233

1  Q.  No -- I'm sorry.  I'm looking at
2  paragraph 1.2 on the first page of the license
3  agreement.
4  A.  Oh, I'm sorry.  I thought you
5  said 7.1.
6  Q.  Just want to make sure we don't
7  have any confusion there.
8  Just to do that again, you see in
9  paragraph 1.2, it says Documentation, right?
10  It says it means SAP's documentation, which is
11  delivered to licensee, being Hodell, under
12  this agreement, correct?
13  A.  Correct.
14  Q.  Okay.  Do you have that
15  documentation?
16  A.  I would have to defer to Kevin.
17  Q.  Okay.  Do you know if that
18  documentation's actually been produced in this
19  litigation?
20  MR. LAMBERT: Objection.
21  THE WITNESS: I would have to defer to
22  Kevin.
23  BY MR. STAR:
24  Q.  Okay.  Do you recall personally
25  ever reading the documentation?

Page 235

1  understanding, as the designee on behalf of
2  Hodell, that the alleged misrepresentations
3  that support your fifth cause of action for
4  negligent misrepresentation, are the same
5  alleged misrepresentations that form the basis
6  of your claims for fraud and fraudulent
7  inducement?
8  MR. LAMBERT: Objection, same.
9  THE WITNESS: Sorry, I didn't hear what
10  you said.
11  MR. LAMBERT: I was just objecting.
12  You can answer, if you know.
13  THE WITNESS: I believe so.
14  BY MR. STAR:
15  Q.  Okay.  And you'd also agree with
16  me that all of the misrepresentations that
17  form the basis of your negligent
18  misrepresentation claim were representations
19  made to Hodell prior to its signing of the
20  license agreement on December 23rd, 2005,
21  right?
22  MR. LAMBERT: Objection.
23  THE WITNESS: I believe that's correct.
24  BY MR. STAR:
25  Q.  Okay.  At the time Hodell signed

Page 234

1  MR. LAMBERT: Objection.
2  THE WITNESS: I don't know.
3  BY MR. STAR:
4  Q.  So you don't know if the
5  documentation may have representations about
6  productivity gains and those sorts of things
7  that you have described, correct?
8  MR. LAMBERT: I just want to note an
9  objection.
10  THE WITNESS: I don't know.
11  BY MR. STAR:
12  Q.  The fifth cause of action in your
13  complaint is for negligent misrepresentation.
14  It begins with paragraph 91.  Is it correct
15  that the representations, or
16  misrepresentations that form the basis of this
17  cause of action for negligent
18  misrepresentation, are the same
19  representations that support your claims for
20  fraudulent inducement and fraud?
21  MR. LAMBERT: Objection.
22  THE WITNESS: Please rephrase that
23  question.
24  BY MR. STAR:
25  Q.  Sure.  Okay.  Is it your

Page 236

1  the license agreement in 2005, was it your
2  personal belief that you had any sort of
3  special relationship with SAP, either SAP
4  America, or SAP AG, or did you feel that you
5  were just dealing with them as a business
6  customer, or -- not the right word -- let me
7  ask the question again.
8  At the time that you signed the license
9  agreement in December of 2005, did Hodell
10  believe that it had any special relationship
11  with SAP America, or SAP AG, such that it was
12  in a position of trust or confidence with SAP?
13  MR. LAMBERT: Objection.
14  THE WITNESS: I don't believe it was a
15  special relationship.  I believe a company of
16  SAP's stature requires an up and up
17  relationship with all their clients.
18  BY MR. STAR:
19  Q.  So you'd agree that when you
20  signed the license agreement, you had nothing
21  more than a business to business, or arm's
22  length relationship between Hodell and SAP,
23  correct?
24  A.  Correct.
25  Q.  Let's go off the record for a

Page 237

```
 1   second.
 2   (Whereupon, an off-the-record discussion
 3   was held at 4:13.)
 4   (Whereupon, the deposition was continued
 5   until the following day.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 238

```
 1              CERTIFICATE OF THE REPORTER
 2         I, Angela A. O'Neill, a Registered Professional
 3   Reporter and Notary Public, authorized to administer oaths and to
 4   take and certify depositions, do hereby certify that the
 5   above-named witness was by me, before the giving of their
 6   deposition, first duly sworn to testify the truth, the whole
 7   truth, and nothing but the truth to questions propounded at the
 8   taking of the foregoing deposition in a cause now pending and
 9   undetermined in said court.
10         I further certify that the deposition above-set forth
11   was reduced to writing by me by means of machine shorthand and was
12   later transcribed from my original shorthand notes; that this is a
13   true record of the testimony given by the witness; and that said
14   deposition was taken at the aforementioned time, date, and place,
15   pursuant to notice or stipulations of counsel.
16         IN WITNESS WHEREOF, I have set my hand and seal this
17   14th day of February, 2012.
18                          _____
19                          Angela A. O'Neill, RPR
20                          My Commission Expires:  Aug. 10, 2012
21
22
23
24
25
```