# EXHIBIT E

# In The Matter Of:

*Hodell-Natco Industries, Inc. v.*
*SAP America, Inc., et al.*

---

*Kevin Reidl*
*Vol. 2*
*July 31, 2012*

---

**NEXTGEN|REPORTING**

Making Litigation Easier.    NextGenReporting.com

PHILADELPHIA | 215.944.5800   NEW YORK CITY | 646.470.3376   PHOENIX | 623.224.2760   SILICON VALLEY | 650.799.8020

*Original File kreidl2_1.TXT*
*Min-U-Script® with Word Index*

## Page 181

```
 1            UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF OHIO
 2                   EASTERN DIVISION

 3
   HODELL-NATCO          )  Case No. 1:08 CV 2755
 4 INDUSTRIES, INC.,     )
                         )  Judge: Lesley Wells
 5    Plaintiffs,        )  Magistrate Judge:
                         )  Greg White
 6      vs.              )
                         )
 7 SAP AMERICA, INC.,    )  Volume II
   et al.,               )
 8                       )
      Defendants.        )
 9 _____)

10

11       VIDEOCONFERENCE DEPOSITION OF KEVIN REIDL

12

13      DATE:    Tuesday, July 31, 2012

14      TIME:    9:04 a.m.

15      PLACE:   Reminger & Reminger
                 1400 Midland Building
16               101 Prospect Avenue, West
                 Cleveland, Ohio  44115
17

18

19

20

21

22   _____

23 NEXTGEN                Angela A. O'Neill, RPR
   REPORTING              6729 Ross Road
24                        Rockford, Ohio   45882
                          (419) 302-4039
25 Registered Professional Reporters
```

## Page 182

```
 1 APPEARANCES:

 2
   ON BEHALF OF THE PLAINTIFF:
 3
   MR. P. WESLEY LAMBERT, ESQ.
 4 Koehler, Neal, LLC
   3330 Erieview Tower
 5 1301 East Ninth Street
   Cleveland, Ohio 44114
 6 (216) 539-9370
   wlambert@koehlerneal.com
 7

 8 ON BEHALF OF THE DEFENDANT SAP AMERICA, SAP AG:

 9 MR. GREGORY J. STAR, ESQ.
   Drinker, Biddle, Reath
10 One Logan Square
   Suite 2000
11 Philadelphia, Pennsylvania 19103
   (215) 988-2734
12 Gregory.Star@dbr.com

13

14 ON BEHALF OF THE DEFENDANT LSI:

15 MR. ROY A. HULME, ESQ.
   Reminger & Reminger
16 1400 Midland Building
   101 Prospect Avenue, West
17 Cleveland, Ohio 44115
   (216) 687-1311
18 rhulme@reminger.com

19

20

21

22

23

24

25
```

## Page 183

```
 1           W I T N E S S   I N D E X

 2

 3                                          PAGE

 4 CONTINUED DIRECT EXAMINATION
   KEVIN REIDL
 5 BY MR. STAR ......................      5
   BY MR. HULME .....................    468
 6

 7           E X H I B I T   I N D E X

 8 Deposition -

 9

10 Exhibit 3    Amended Complaint           310

11 Exhibit 5    11/1/05 Article             233

12 Exhibit 16   10/14/04 Article from SAP   228

13 Exhibit 24   Hodell Con. Financials 02-09 197

14 Exhibit 36   Exhibit A to Amended Comp.  216

15 Exhibit 144 11/14/06 Chain of Emails     289

16 Exhibit 146 1/12/07 Chain of Emails      294

17 Exhibit 252 12/05 License Agreement      240

18 Exhibit 277 5/22/09 Email to Activant    440

19 Exhibit 281 Survey from Activant         438

20 Exhibit 297 5/19/05 Chain of Emails      230

21 Exhibit 314 Exhibit A to Amended Comp.   218

22 Exhibit 315 10/11/04 Hodell Document     225

23 Exhibit 316 12/05 License Agreement      238

24 Exhibit 317 Hodell 39901-39952          261

25 Exhibit 318 1/21-25/06 Chain of Emails   273
```

## Page 184

```
 1 Exhibit 319 Transcript of Lowery Tapes   340

 2 Exhibit 320 5/21-22/07 Chain of Emails   347

 3 Exhibit 321 5/22/07 Chain of Emails      354

 4 Exhibit 322 1/11/08 Chain of Emails      361

 5 Exhibit 323 Compendium Ex of Bus. Rec.   363

 6 Exhibit 324 Kennedy's Expert Report      382

 7 Exhibit 325 9/25/09 Chain of Emails      443

 8 Exhibit 326 12/18/09 Chain of Emails     448

 9 Exhibit 327 1/15/10 Chain of Emails      463

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Hodell-Natco Industries, Inc. v.
SAP America, Inc., et al.

Kevin Reidl - Vol. 2
July 31, 2012

Page 249

1    BY MR. STAR:
2    Q.  My question is --
3    A.  In 2004.
4    Q.  My question is different.  When
5    did you -- at the -- strike that.  When did
6    you expect that licenses were actually going
7    to be acquired from SAP --
8    A.  I don't --
9    Q.  -- regardless of the number of
10   licenses --
11   A.  I don't recall.
12   Q.  -- or type?
13   A.  I don't recall when they were
14   going to buy.
15       MR. LAMBERT: Objection.
16       THE WITNESS: We were concerned with
17   buying licenses from SAP and their business
18   partner, and that's what -- we bought 80 in
19   2004.
20       BY MR. STAR:
21   Q.  You never signed a -- a license
22   agreement like the one we're looking here --
23   looking at here, which is -- which is in front
24   of you right now, back in 2004, right?
25   A.  Correct.

Page 250

1    Q.  The first time you signed a
2    document like this was December 2005, correct?
3    A.  Yes, when we bought the 40 CRM
4    licenses.
5    Q.  Where in this license agreement
6    do you see reference to 40 CRM licenses?
7    A.  I don't see reference to any
8    licenses, whether it's 40 or otherwise.
9    Q.  Okay.  When you signed the
10   development agreement in December of 2004, did
11   you have an expectation that Hodell was going
12   to have to pay maintenance fees to SAP in
13   connection with its licensing of software?
14   A.  Yes.
15   Q.  What did you understand would --
16   would occur with respect to maintenance fees?
17   A.  I -- I vaguely remember about a
18   $50,000 a year fee for maintenance.
19   Q.  When was --
20   A.  General level.
21   Q.  Sure.  When was that maintenance
22   supposed to be charged, as you understood it?
23   A.  As we understood it, I believe
24   when we started using the software.
25   Q.  When was the first time Hodell

Page 251

1    received a -- a bill for maintenance from SAP?
2    A.  I don't recall, but I do know
3    that there was some discussion about that
4    maintenance fee.
5    Q.  When did Hodell actually receive
6    software from SAP?
7    A.  I believe I testified on this
8    yesterday, so I'm going to stick with what I
9    said.  I -- can you read back for me what I
10   testified to yesterday?
11   Q.  I can't.  I don't have a live
12   recording of it.
13   Do you know if Hodell had received
14   software from SAP in 2005?
15   A.  Again, I'm going to refer to my
16   testimony yesterday, and I think I said in the
17   latter half of 2006.
18   Q.  Software was received.  And --
19   A.  Installed by Avery Myrick.
20   Q.  When Mr. Lowe called you to tell
21   you about this license agreement, did you
22   discuss any of the terms of this document with
23   him?
24   A.  No, I don't believe so.
25   Q.  What was Mr. Lowe's position with

Page 252

1    LSi?
2    A.  He was a sales rep.
3    Q.  How long did the conversation
4    with him last in connection with this license
5    agreement?
6    A.  To my recollection, it was brief.
7    Q.  At the time Hodell was
8    represented by an attorney named
9    Eugene Kratus, correct?
10   A.  Correct.
11   Q.  Did you take this agreement to
12   Mr. Kratus to review it?
13       MR. LAMBERT: I'm going to object and
14   instruct you not to answer it.
15       MR. STAR: On what basis?
16       MR. LAMBERT: Attorney/client
17   privilege.
18       MR. STAR: Well, I'm not asking the
19   substance of the conversation.  It's an
20   unfounded objection.
21       BY MR. STAR:
22   Q.  Did you take this document to
23   Mr. Kratus and have a discussion with him
24   about it?
25   A.  I don't recall.

Hodell-Natco Industries, Inc. v.
SAP America, Inc., et al.

Kevin Reidl -  Vol. 2
July 31, 2012

---

Page 477

1            E R R A T A   S H E E T

2

3   WITNESS:  KEVIN REIDL

    DATE:  July 31, 2012
4
    CASE:  Hodell-Natco vs. SAP America, et al.
5
         After you have read your transcript,
6   please note any errors in transcription on this
    page.  Do not mark on the transcript itself.
7   Please sign and date this sheet as indicated
    below.  If additional lines are required for
8   corrections, attach additional sheets.  If no
    corrections, please indicate "None."
9

10  Page/Line        Correction  Reason

11  _____

12  _____

13  _____

14  _____

15  _____

16  _____

17  _____

18  _____

19  _____

20  _____

21  _____

22

23          DATED:_____

24

25          _____
                KEVIN REIDL

---

Page 478

1           UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF OHIO
2               EASTERN DIVISION

3
    HODELL-NATCO        )   Case No. 1:08 CV 2755
4   INDUSTRIES, INC.,   )
                        )   Judge: Lesley Wells
5     Plaintiffs,       )   Magistrate Judge:
                        )   Greg White
6     vs.               )
                        )
7   SAP AMERICA, INC.,  )   Volume II
    et al.,             )
8                       )
      Defendants.       )
9                       _____

10

11              SIGNATURE SHEET
           DEPOSITION OF KEVIN REIDL
12

13       I do hereby acknowledge that the above and
    foregoing deposition has been submitted to me.  I
14  have carefully read the same, and it correctly
    portrays the answers given by me, except as may be
15  otherwise noted on the errata sheet(s) attached
    hereto.
16

17          _____
                KEVIN REIDL
18
        Dated: _____
19

20

21

22

23

24

25

---

Page 479

1           CERTIFICATE OF THE REPORTER

2        I, Angela A. O'Neill, a Registered

3   Professional Reporter and Notary Public,

4   authorized to administer oaths and to take and

5   certify depositions, do hereby certify that the

6   above-named witness was by me, before the giving

7   of their deposition, first duly sworn to testify

8   the truth, the whole truth, and nothing but the

9   truth to questions propounded at the taking of the

10  foregoing deposition in a cause now pending and

11  undetermined in said court.

12       I further certify that the deposition

13  above-set forth was reduced to writing by me by

14  means of machine shorthand and was later

15  transcribed from my original shorthand notes; that

16  this is a true record of the testimony given by

17  the witness; and that said deposition was taken at

18  the aforementioned time, date, and place, pursuant

19  to notice or stipulations of counsel.

20       IN WITNESS WHEREOF, I have set my hand and

21  seal this 3rd day of August, 2012.

22

23          Angela A. O'Neill

24

25  Angela A. O'Neill, RPR

---