IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., | ) | CASE NO. 1:08-CV-2755 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **PROPOSED JURY INSTRUCTIONS OF** |
| | ) | **PLAINTIFF HODELL-NATCO** |
| SAP AMERICA, INC., et al. | ) | **INDUSTRIES, INC.** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Hodell-Natco Industries, Inc. ("Hodell"), through its undersigned counsel,

hereby submits the following proposed jury instructions. Hodell reserves the right to modify,

revise, and/or supplement these proposed instructions based upon developments during the

course of trial as permitted by the Court.

Dated: June 10, 2015           Respectfully submitted,

                   */s/ P. Wesley Lambert*
                   Christopher J. Carney (0037597)
                   Sharon A. Luarde (0071625)
                   P. Wesley Lambert (0076961)
                   BROUSE MCDOWELL
                   600 Superior Ave. E., Suite 1600
                   Cleveland, Ohio 44114
                   (216) 830-6830 phone/(216) 830-6807 fax
                   CCarney@brouse.com
                   SLuarde@brouse.com
                   WLambert@brouse.com
                   *Attorneys for Plaintiff Hodell-Natco*
                   *Industries, Inc.*

PLAINTIFF'S PROPOSED INSTRUCTION NO. 1

CORPORATIONS – KNOWLEDGE

Ohio law recognizes that a corporation cannot see or know anything except by the

eyes and intelligence of its officers.  A corporation can act only through its officer and agents,

and the knowledge of the officers of a corporation is at once the knowledge of the corporation.

**Authority:   ECF #182, Report and Recommendation at p. 13, *citing Orrenmaa v. CTI Audio, Inc.*, 2008-Ohio-4299 (Ohio Ct. App. Aug. 22, 2008), *citing Orme v. Baker*, 74 Ohio St. 337, 78 N.E. 439 (Ohio 1906); *Arcanum Nat'l Bank v. Hessler*, 69 Ohio St.2d 549, 557, 433 N.E.2d 204 (Ohio 1982); *The First Nat'l Bank of New Bremen v. Burns*, 88 Ohio St. 434, 103 N.E. 93 (Ohio 1913)).**

## PLAINTIFF'S INSTRUCTION NO. 2

### PLAINTIFF'S FRAUD CLAIM

Plaintiff Hodell-Natco has sued for actual and punitive damages because of certain representations made by the Defendants to Hodell that Hodell claims were false and fraudulent. The representations related to the acquisition and installation of the Business One software. Defendants SAP America and SAP AG deny making the representations and further deny the representations were false or fraudulent.

**Authority: O'Malley, Grenig, Lee, Federal Jury Practice and Instructions: Civil (5th Ed.), §123.01.**

Case: 1:08-cv-02755-DCN Doc #: 332 Filed: 06/10/15 4 of 40. PageID #: 17063

## PLAINTIFF'S INSTRUCTION NO. 3

### INTRODUCTION: FRAUD DEFINED

Hodell claims that Defendants SAP America, Inc. and SAP AG and Defendants LSi-Lowery Systems, Inc. and The IBIS Group, Inc. committed certain fraudulent acts against Hodell, upon which Hodell relied to its damage.

Fraud is a civil wrong. It is a deception practiced with a view to gaining an unlawful or unfair advantage.

Fraud is a false representation of fact, whether by words, conduct or concealment that misleads and is intended to mislead another so that they rely on it.

**Authority: Ohio Jury Instructions, §CV-449.01.**

# PLAINTIFF'S INSTRUCTION NO. 4

## ESSENTIAL ELEMENTS OF FRAUD

Hodell must prove by the greater weight of the evidence each of the following elements:

(A)(1) A false representation of fact was made with knowledge of its falsity or with utter disregard and recklessness about its falsity that knowledge may be concluded or found.

or

(A)(2) A knowing concealment of fact which was done when there was a duty to disclose.

and

(B)    The representation or concealment was material to the transaction.

and

(C)    The representation or concealment was made with the intent of misleading Hodell into relying upon it.

and

(D)    Hodell was justified in relying on the representation or concealment, and did, in fact, so rely.

and

(E)    Hodell was injured and the injury was proximately caused by its reliance on the representation or concealment.

If you find Hodell has established each of these elements by the preponderance of the evidence, then you should return a verdict for Hodell against one or more Defendants. If on the other hand you find that Hodell has failed to establish any one or more of these six elements,

then you must find for the Defendant against whom Hodell has not established one or more of these elements.

**Authority: O'Malley, Grenig, Lee, Federal Jury Practice and Instructions: Civil (5th Ed.), §123.02; Ohio Jury Instructions, §CV--449.03.**

## PLAINTIFF'S INSTRUCTION NO. 5

### ELEMENTS OF FRAUD DEFINED

The representation must be material; that is, it must be important, necessary or having influence on the transaction. It must be so substantial and important that it influenced the person to whom it was made or from whom it was concealed.

A representation is false when it is not substantially true. The truth or falsity of a representation depends on the natural and obvious meanings of the words taking into consideration all the surrounding circumstances.

A person knows a representation is false when he is aware it is not substantially true.

A representation is made with utter disregard and recklessness when the person who makes the representation is completely careless or indifferent to the consequences or the risk that the representation will cause the person to whom it is made to do or not do certain things.

If a person has no knowledge of a fact, but asserted it as true when it was false, you may find that he made the representation with utter disregard and recklessness. A representation recklessly made without knowledge of the truth is the same as a false representation knowingly made.

For example, if a member of SAP's sales team made representations about the capabilities of Business One to Hodell or LSi that SAP's development team knew were incorrect, recklessness can be reasonably inferred. Similarly, if a member of SAP's sales team made representations to Hodell or LSi about the capabilities of Business One without having actual knowledge of its capabilities, recklessness can be reasonably inferred.

A person intends to mislead another to rely on a representation when it is his purpose to mislead. A person's intent is known only to himself unless he expresses it to others or indicates it

by his conduct. Intent is determined from the way in which the representation is made, the means used and all the facts and circumstances in evidence.

Rarely is the subjective intent of the party alleged to have committed fraud provable by direct evidence. Fraud must be measured by objective standards. The existence of intent to mislead or defraud must be considered under the totality of the circumstances.

There is a justifiable reliance in a representation or concealment when a person of ordinary care would rely on it under the same or similar circumstances.

Hodell must be directly damaged by the reliance on the representation or concealment. This means that the damage was caused by the representation or concealment in a natural and continuous sequence and without which the damage would not have occurred.

Where an original act is wrongful and in a natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established, and the fact that some other act unites with the original act does not relieve the initial offender from liability. Even where an act is not the sole cause of the injury, that act can still be sufficient to satisfy the element of proximate cause so long as it put in motion the sequence of events leading to the injury.

**Authority: Ohio Jury Instructions, §CV-449.03; ECF #182, Report and Recommendation at p. 12;** *Clinger v. Duncan*, **166 Ohio St. 216, 217, 223, 141 N.E.2d 156 (1957);** *Doyle v. Fairfield Mach. Co., Inc*., **120 Ohio App. 3d 192, 211, 697 N.E.2d 667, 677 (1997).**

## PLAINTIFF'S INSTRUCTION NO. 6

## FRAUD – KNOWLEDGE AND INTENT

If one or more of the Defendants made a representation not knowing whether it was true or false, the Defendant cannot be considered as innocent, since a positive assertion of fact is, by plain implication, an assertion of knowledge concerning the fact.

If one asserts that a thing is true within his personal knowledge, or makes a statement as of his own knowledge, or makes such an absolute, unqualified, and positive statement as implies knowledge on his part, when in fact he has no knowledge as to whether his assertion is true or false and his statement proves to be false, he is as culpable as if he had willfully asserted that to be true which he absolutely knew to be false and is equally guilty of fraud.

In proving knowing falsity and intent to mislead or deceive, Hodell is not necessarily required to present direct evidence, such as a confession by the Defendant that it knowingly deceived Hodell. Rather, Hodell may present circumstantial evidence to show the required knowledge or intent.

**Authority:** *Pumphrey v. Quillen*, 165 Ohio St. 343, 135 N.E.2d 328 (1956), quoting Bigelow on Fraud, at 61 and 23 American Jurisprudence 921, Sec. 128; *Doyle v. Fairfield Mach. Co., Inc.*, 120 Ohio App. 3d 192, 208, 697 N.E.2d 667, 677 (1997); *Mohler v. Baker*, 88 Ohio App. 461, 97 N.E.2d 683 (1950).

## PLAINTIFF'S INSTRUCTION NO. 7

### DUTY OF DISCLOSURE

The existence of a fiduciary duty or other special relationship is not required before a duty to disclose arises. Instead, the duty may arise when full disclosure is necessary to dispel misleading impressions that are or might have been created by partial revelation of the facts. Therefore, full disclosure may be required of a party to a business transaction where such disclosure is necessary to dispel misleading impressions that are or might have been created by partial revelation of the facts.

**Authority:** *Escue v. Sequent*, **Inc., 2:09-cv-765, 2010 WL 3365933, \*7 (S.D. Ohio Aug. 24, 2010), citing** *Blon v. Bank One, Akron, N.A.*, **35 Ohio St. 3d 98, 101, 519 N.E.2d 363 (1988);** *Miles v. Perpetual Savings & Loan Co.*, **58 Ohio St. 2d 93, 97, 388 N.E.2d 1364 (1979);** *Word of God Church v. Stanley*, **2011-Ohio-2073, ¶ 26 (Ohio App. 2d Dist. 2011).**

<u>**PLAINTIFF'S INSTRUCTION NO. 8**</u>

**FRAUD IN THE INDUCEMENT**

A claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation. A claim of fraudulent inducement asserts that a misrepresentation of facts outside the agreement or other wrongful conduct induced a party to enter into the agreement.

To prove fraudulent inducement, Hodell must demonstrate the same elements necessary to prove an action for fraud.

**Authority: ECF # 182: Report and Recommendation, at p. 8.**

## PLAINTIFF'S INSTRUCTION NO. 9

### "RECKLESSLY" DEFINED

"Recklessly" means wantonly, with indifference to consequences. If a person makes a representation without knowing whether it is true or not, or makes it without regard to its truth or falsity or to its possible consequences, he may be found to have made the representation recklessly.

**Authority: O'Malley, Grenig, Lee, Federal Jury Practice and Instructions: Civil (5th Ed.), §123.20.**

## PLAINTIFF'S INSTRUCTION NO. 10

## FRAUD – METHOD OF COMMUNICATION

Hodell alleges that SAP America and SAP AG made misrepresentations to Hodell through LSI and IBIS by making representations to LSi and IBIS orally and through its marketing literature that were then passed along to Hodell.

Under the common law a fraud may be established when the defendant has made use of a third party to reach the target of the fraud. The requirement that Hodell prove that SAP America or SAP AG made a misrepresentation does not mean that Hodell must prove that SAP America or SAP AG communicated that misrepresentation directly to Hodell.

**Authority:** *Tanner v. United States*, **483 U.S. 107, 129, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987);** *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, **399 F.3d 651, 686, fn. 29 (6th Cir. 2005);** *Benedict v. Cooperstock*, **23 F.Supp.2d 754 (E.D. Mich. 1998).**

## PLAINTIFF'S INSTRUCTION NO. 11

## FRAUD – CONCLUSION

If you find that Hodell has proved by the greater weight of the evidence all of the elements of fraud, your verdict must be for Hodell and you will then consider damages. However, if you find that the Hodell has failed to prove by the greater weight of the evidence any one or more of the elements of fraud against one or more of the Defendants, your verdict must be for the Defendant against whom one or more of the elements was not proven.

**Authority: Ohio Jury Instructions, §CV-449.17.**

## PLAINTIFF'S INSTRUCTION NO. 12

### NEGLIGENT MISREPRESENTATION

Under a claim for negligent misrepresentation in Ohio, a defendant who, in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

**Authority*: ECF # 182: Report and Recommendation, at p. 16-17, citing *David A. Flynn, Inc. v. GMAC*, 345 Fed. Appx. 974, 977 (6th Cir. 2009) (citing *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 505-06 (6th Cir. 2003)); *Delman v. City of Cleveland Heights*, 534 N.E.2d 835, 41 Ohio St. 3d 1, 10 (Ohio 1989).**

## PLAINTIFF'S INSTRUCTION NO. 13

## NEGLIGENT MISREPRESENTATION
## NEGLIGENCE – DEFINITION

Negligence is a failure to use reasonable care. Every person is required to use reasonable care to avoid injuring another person.

Reasonable care is the care that a reasonably careful person would use under the same or similar circumstances.

**Authority: O.J.I. CV 401.01.**

<u>**PLAINTIFF'S INSTRUCTION NO. 14**</u>

**NEGLIGENT MISREPRESENTATION**
**NEGLIGENCE – FORESEEABILITY**

In deciding whether reasonable care was used, you will consider whether one or more of the Defendants should have foreseen under the circumstances that the likely result of an act or failure to act would cause injuries.

The test for foreseeability is not whether a person should have foreseen the injuries exactly as it happened to the specific person. The test is whether under the circumstances a reasonably careful person would have anticipated that an act or failure to act would likely cause injuries.

**Authority: O.J.I. CV 401.07.**

## PLAINTIFF'S INSTRUCTION NO. 15

**NEGLIGENT MISREPRESENTATION
FALSE REPRESENTATION DEFINED**

A representation is false when it is not substantially true. The truth or falsity of a representation depends on the natural and obvious meanings of the words taking into consideration all the surrounding circumstances.

**Authority: O.J.I. CV 449.03.**

18

Case: 1:08-cv-02755-DCN Doc #: 332 Filed: 06/10/15 19 of 40. PageID #: 17084

## PLAINTIFF'S INSTRUCTION NO. 16

### NEGLIGENT MISREPRESENTATION
### PROXIMATE CAUSE OF DAMAGES

Hodell must prove by a preponderance of the evidence that it suffered injury or damage as a proximate result of the negligent misrepresentation. This means that Hodell must prove that it suffered damage that was actually caused by the false representation in a natural and continuous sequence and that, without the false representation, the damage would not have occurred.

Where an original act is wrongful and in a natural and continuous sequence produces a result which would not have taken place without the act, proximate cause is established, and the fact that some other act unites with the original act does not relieve the initial offender from liability. Even where an act is not the sole cause of the injury, that act can still be sufficient to satisfy the element of proximate cause so long as it put in motion the sequence of events leading to the injury.

**Authority: O.J.I. CV 405.01;** *Clinger v. Duncan*, **166 Ohio St. 216, 217, 223, 141 N.E.2d 156 (1957);** *Doyle v. Fairfield Mach. Co., Inc.***, 120 Ohio App. 3d 192, 211, 697 N.E.2d 667, 677 (1997).**

## PLAINTIFF'S INSTRUCTION NO. 17

## INTRODUCTION TO AGENCY

Hodell claims that Defendants SAP America, Inc. and SAP AG are responsible for the acts, omissions, and/or statements of Defendants LSi-Lowery Systems, Inc. and the IBIS Group, Inc. because LSi and IBIS acted as SAP's agents.

Hodell also claims that the Defendants are responsible for the acts, omissions, and/or statements of their own employees.

Hodell contends that you may find that LSI and/or IBIS acted as SAP's agent under four different theories of agency:  Express Agency; Implied Agency; Apparent Agency; and Agency by Estoppel.  These types of agency will be described in the instructions that follow.

**Authority:  ECF #182, Report and Recommendation at pp. 8-9.**

## PLAINTIFF'S INSTRUCTION NO. 18

### AGENTS OF CORPORATION

A corporation may act only through natural persons as its agents or employees. In general, agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

**Authority: O'Malley, Grenig, Lee, Federal Jury Practice and Instructions: Civil (5th Ed.), §108.01.**

## PLAINTIFF'S INSTRUCTION NO. 19

### EXPRESS AND IMPLIED AGENCY

An agent's authority may be either an express authority or an implied authority. Both types of authority must be proved by the greater weight of the evidence. They have the same legal result, and the difference between them lies in how the authority is given.

Express authority is given to the agent when the exact details, terms and limits of the authority are stated by the principal. Express authority may be based on a writing or in several writings, entirely on what the principal said to the agent, or partly in a writing or writings and partly in what the principal said.

Implied authority is given to the agent when all the exact details, terms and limits are not fully stated by the principal in writing or orally, but some or all must be inferred or derived from what the principal wrote, said or did in the circumstances of their relationship. Implied authority arises when reasonable minds could conclude from all the facts and circumstances in evidence that the principal intended to authorize the agent to do or not do certain things or the agent's conduct was reasonably necessary in order to do the job, service, or task the agent was hired to do.

**Authority: Ohio Jury Instructions, §CV-423. 01, ¶4.**

## PLAINTIFF'S INSTRUCTION NO. 20

## EXPRESS AND IMPLIED AGENCY – SCOPE OF AUTHORITY

An act or a failure to act is within the agent's scope of authority when it is substantially within the stated or inferred terms and limits of the service or task the agent has to do. An act or failure that is within the scope of authority is binding on the principal.

An agent may be authorized to do only one act in a certain way or to carry on all or part of the principal's business activity generally. The scope or extent of the agent's authority may be determined from the specific agreement between him and his principal or from a consideration of what is necessary and reasonable to enable the agent to accomplish the purposes of the agency.

**Authority: Ohio Jury Instructions, §CV-423.01, ¶¶5-6.**

<u>**PLAINTIFF'S INSTRUCTION NO. 21**</u>

**APPARENT AGENCY**

Even if you find that LSi and/or IBIS were not given express authority to serve as the agent for SAP AG and/or SAP America, you may consider the legal principle of apparent agency.

A principal's liability for an agent's acts and contracts is not limited to those which are expressly authorized, necessarily implied from express authority granted, or otherwise actually conferred by the principal. The agent's acts within the apparent scope of the authority conferred upon the agent, even though no actual authority to do such acts or to make such contracts has in fact been conferred, are also binding on the principal.

As to third persons, the power of an agent is not only that conferred upon the agent by his or her commission, but that which the agent is held out as possessing. When an agent acts within the scope of the agent's apparent authority, unless the third person has notice that the agent is exceeding the agent's actual authority, the principal is liable.

A corporation's liability for an agent's misrepresentations may rest upon a theory of apparent authority. The agent's tortious action, while not actually authorized by the corporation, appears authorized to those adversely affected. Vicarious liability is based upon the fact that the agent's position facilitates the consummation of the fraud, in that from the point of view of the third person the transaction seems regular on its face and the agent appears to be acting in the ordinary course of the business provided to him.

**Authority: ECF #182, Report and Recommendation at pp.8-9, fn. 7; O'Malley, Grenig, Lee, Federal Jury Practice and Instructions: Civil (5th Ed.), §105.11; Restatement (Second) of Agency § 8.**

24

## PLAINTIFF'S INSTRUCTION NO. 22

## AGENCY BY ESTOPPEL

Agency by estoppel is similar to apparent agency.

Even if you find that LSi and/or IBIS were not authorized by SAP AG or SAP America, SAP AG and/or SAP America are liable for what LSi and/or IBIS did or did not do because SAP AG and/or SAP America caused or allowed Hodell to believe that SAP AG and/or SAP America had authorized LSi and/or IBIS, and Hodell changed its position when it relied on that belief. You will find that SAP AG and/or SAP America are liable for LSi and/or IBIS's act or failure to act if you find by the greater weight of the evidence that:

(A)(1) SAP AG and/or SAP America intentionally caused the belief that LSi and/or IBIS were authorized by them and should have expected Hodell to rely on that belief;

or

(A)(2) SAP AG and/or SAP America knew that Hodell believed that LSi and/or IBIS was authorized by them and might change its position because of that belief, but SAP AG and/or SAP America did not take reasonable steps to notify Hodell of the truth of the matter;

and

(B) Hodell reasonably relied on that belief, its knowledge of the truth being less than that of SAP AG and/or SAP America;

and

(C) Hodell changed its position.

A change of position includes payment of money, work, or suffering a loss.

**Authority: Ohio Jury Instructions, §CV-423. 01, ¶9.**

## PLAINTIFF'S INSTRUCTION NO. 23

## RATIFICATION

Even if the LSi or IBIS's act or failure to act was outside the scope of their authority, SAP America and/or SAP AG may have ratified or later approved what LSi and/or IBIS did or did not do. You will find SAP America and/or SAP AG liable for LSi and/or IBIS's act or failure to act if you find by the greater weight of the evidence that LSi and/or IBIS acted or failed to act and SAP America and/or SAP AG later ratified or approved what LSi/IBIS did or did not do.

**Authority: OJI CV 423. 01 ¶8.**

**PLAINTIFF'S INSTRUCTION NO. 24**

**EFFECT OF CONTRACTUAL DISCLAIMER RELATING TO AGENCY**

SAP America contends that LSi did not act as its agent (whether express, implied, or apparent agents) because of contractual disclaimers of agency found in the reseller agreement and the License Agreement. However, a contractual disclaimer attempting to define whether certain parties do or do not have an agency relationship is not conclusive of the issue. Such contractual provisions are only one factor to be considered in evaluating all the circumstances of the parties' relationship to determine whether an agency relationship in fact existed. Other facts, such as whether one party was authorized to use the other party's business or trade name or whether one party exercised control over the other party's operations, are also relevant to the determination.

In the case of SAP AG, unlike SAP America, it is not a party to the reseller agreement or the License Agreement and therefore is not entitled to rely on the agency disclaimers contained in those agreements.

**Authority: Restatement of the Law 3d, Agency, Section 1.02 (2006); *Cooley v. Valero Energy Corp.*, No. 2:11-cv-526, 2012 U.S. Dist. LEXIS 40291 (S.D. Ohio Mar. 20, 2012); *Agosto v. Leisure World Travel, Inc.*, 36 Ohio App.2d 213, 304 N.E.2d 910 (10th Dist. 1973); *Ray v. R.A. Zeis*, 6th Dist. Erie No. E-92-02, 1992 Ohio App. LEXIS 6045 (Dec. 4, 1992); ECF #50, Report and Recommendation at pp. 14-15.**

Case: 1:08-cv-02755-DCN Doc #: 332 Filed: 06/10/15 28 of 40. PageID #: 17053

## PLAINTIFF'S INSTRUCTION NO. 25

### INDEPENDENT CONTRACTOR – PARTIAL LIABILITY

SAP America and SAP AG contend that LSi and/or IBIS were not agents, but instead were independent contractors.

The relationship of independent contractor may exist as to part, but not all, of a given project. A hiring party who gives certain work to an independent contractor may keep control of some part of the project. One who keeps control over some part of the work owes the duty to use ordinary care to see that the activities in connection with such part are conducted so as to not injure others. In that part of the work which the hiring party controls, any negligence of the contractor is the negligence of the hiring party.

**Authority: O.J.I. CV 423.11.**

Case: 1:08-cv-02755-DCN Doc #: 332 Filed: 06/10/15 29 of 40. PageID #: 17094

## PLAINTIFF'S INSTRUCTION NO. 26

## DUTY TO MITIGATE

SAP claims that Hodell failed to mitigate its damages. If SAP proves by a preponderance of the evidence that Hodell did not make reasonable efforts under the facts and circumstances in evidence to avoid loss or lessen damages caused by SAP's misrepresentation, you should not allow damages that could have been avoided by reasonable efforts to avoid loss. Hodell, however, is not required to take measures that would involve undue risk, burden, or humiliation.

**Authority: O.J.I. CV 501.33.**

## PLAINTIFF'S INSTRUCTION NO. 27

### FRAUD – DAMAGES

In this fraud action, Hodell is entitled to recover as compensatory damages such damages as will fairly compensate Hodell for the wrong suffered, that is, the damages sustained by reasons of the fraud or deceit and which have naturally and proximately resulted therefrom.

If you find for Hodell, you will decide from the greater weight of the evidence what amount of money will reasonably compensate Hodell for the damages directly caused by the fraud.

**Authority: Mulch Mfg., Inc. v. Advanced Polymer Solutions, LLC, 947 F.Supp.2d 841, 862 (S.D. 2013); Ohio Jury Instructions, §CV-449.15.**

## PLAINTIFF'S INSTRUCTION NO. 28

### NEGLIGENT MISREPRESENTATION DAMAGES

A plaintiff may recover damages on a negligent misrepresentation claim even when those damages are exclusively economic in nature. The plaintiff is entitled to recover actual damages necessary to compensate it for pecuniary loss suffered due to the negligent misrepresentation.

**Authority:** *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgmt.*, **87 Ohio App.3d 613, 629, 622 N.E.2d 1093 (8th Dist. 1993).**

Case: 1:08-cv-02755-DCN Doc #: 332 Filed: 06/10/15 32 of 40. PageID #: 17097

## PLAINTIFF'S INSTRUCTION NO. 29

### MATHEMATICAL CERTAINTY OF DAMAGES

The general rule regarding damages in civil cases is that they must be proven with certainty, but the amount may be reasonably estimated. Damages are not rendered uncertain because they cannot be calculated with absolute exactness. It is sufficient if a reasonable basis of computation is afforded, although the result be only approximate.

In other words, damages need not be calculated with mathematical certainty.

**Authority: Eckel v. Bowling Green State Univ., 2012-Ohio-3164, 974 N.E.2d 754, ¶59 (Ohio App. 2012); TJX Cos., Inc. v. Hall, 183 Ohio App.3d 236, 2009-Ohio-3372, 916 N.E.2d 862, ¶32 (Ohio App.)**

Case: 1:08-cv-02755-DCN Doc #: 332-3 Filed: 06/10/15 33 of 40. PageID #: 17057

**PLAINTIFF'S INSTRUCTION NO. 30**

**PUNITIVE DAMAGES AND ATTORNEY FEES**

1.      GENERAL. You will also decide whether one or more of the Defendants shall be liable for punitive damages in addition to any other damages that you award to Hodell. The purposes of punitive damages are to punish the offending party and to make the offending party an example to discourage others from similar conduct. You may decide that one or more of the Defendants are liable for punitive damages if you find by clear and convincing evidence that:

(A)(1) The Defendant's acts or failures to act demonstrated malice, aggravated or egregious fraud, oppression, or insult;

or

(A)(2) The Defendant as principal authorized, participated in, or ratified acts or failures to act of an agent that demonstrate malice, aggravated or egregious fraud, oppression, or insult; and

(B) Hodell has presented proof of actual damages that resulted from those acts or failures to act of the Defendant or an agent of the Defendant.

2.      MALICE. "Malice" includes:

(A)      that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge;

or

(B)      a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

3.      SUBSTANTIAL. "Substantial" means major or significant, and not trifling or small.

33

4.      AGGRAVATED OR EGREGIOUS FRAUD. Fraud is "aggravated" if it is accompanied by the existence of malice or ill will. Fraud is "egregious" if the fraudulent wrongdoing is particularly gross.

5.      OPPRESSION. "Oppression" is an act or series of acts that wrongfully subject the victim or victims to harm or hardship by the unjust or cruel use of force or authority.

6.      INSULT. "Insult" means any act or remark that is consciously, deliberately, or intentionally scornful or humiliating.

11.     CLEAR AND CONVINCING. "Clear and convincing" means that the evidence must produce in your minds a firm belief or conviction about the facts to be proved or the truth of the matter. It must be more than evidence that simply outweighs or overbalances the evidence opposed to it.

12.     AMOUNT. If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive or influenced by passion, sympathy, or prejudice.

13.     ATTORNEY FEES. If you decide that one or more of the Defendants are liable for punitive damages, you must also decide whether that Defendant(s) is/are liable for the attorney fees of counsel employed by the Hodell in the prosecution of this action. If you decide that a Defendant is liable for those attorney fees, the Court will determine the amount.

**Authority: Ohio Jury Instructions, §CV-315.37; Ohio Jury Instructions, §CV 303.07.**

## PLAINTIFF'S INSTRUCTION NO. 31

### BREACH OF WARRANTY

1.     INTRODUCTION. There are two types of warranties that may accompany a sale of goods: the first is the express warranty, arising from the terms of the sale; the second is the implied warranty, arising only from the fact that a sale was made. Both may exist in the same sale. If the seller defaults under either type of warranty, the buyer has remedies which will be discussed later.

2.     FORMATION OF EXPRESS WARRANTY. If you find that (a) an affirmation of fact was made by the seller or the seller's representative and (b) the affirmation of fact became a part of the basis of the bargain between the parties, then the agreement contains an express warranty that the goods will conform to the affirmation of fact.

3.     PROMISE OR AFFIRMATION OF FACT. The seller has made an affirmation of fact if, from the facts and circumstances in evidence, you find that a reasonable person in the position of the buyer would believe that the seller had made the affirmation of fact about the goods.

4.     BASIS OF THE BARGAIN. It is not necessary that the promise or affirmation be the motivating factor of the sale or be relied upon by the buyer; it is sufficient if the affirmation of fact is one of the bases of the bargain. If you find, however, that the buyer did rely on the affirmation of fact, the affirmation of fact would then be part of the basis of the bargain.

5.     WARRANTY VS. PUFFING. No special words are needed to create an express warranty. There is no requirement that the words "warranty" or "guaranty" be used, nor must the seller intend to create a warranty. An express warranty is created if a reasonable person in the position of the buyer would understand that the seller was making a promise as to the performance of the goods or asserting a fact about the condition of the goods. If you find,

however, from all of the facts and circumstances in evidence that a reasonable person in the position of the buyer would understand that the statement was only an opinion or commendation of the goods by the seller, that statement is not an express warranty.

6.      THE SELLER'S KNOWLEDGE. An express warranty has been formed by the affirmation of fact whether or not the seller knew the affirmation of fact was untrue or intended that the promise would be performed.

7.      TIME OF MAKING THE PROMISE OR AFFIRMATION. The affirmation of fact need not be made before the sale is made. An affirmation of fact made after the sale creates an express warranty if you find that the affirmation of fact became a part of the basis of the bargain.

**Authority: Ohio Jury Instructions, §CV-505.11.**

Case: 1:08-cv-02755-DCN Doc #: 332 Filed: 06/10/15 37 of 40. PageID #: 17161

## PLAINTIFF'S INSTRUCTION NO. 32

## DUTY OF GOOD FAITH AND FAIR DEALING

Under Ohio law, parties to a contract owe each other an implied duty of good faith and
fair dealing. Ohio law defines "good faith" as "honesty in fact and the observance of reasonable
commercial standards of fair dealing." The duty of good faith is determined according to the
reasonable expectations of the parties based on the language of the contract. Good faith
emphasizes "faithfulness to an agreed common purpose," and includes the obligation "not to take
opportunistic advantage in a way that could not have been contemplated at the time of drafting,
and which therefore was not resolved explicitly by the parties."

**Authority: Ohio Revised Code § 1301.201(B)(20); Ohio Revised Code § 1301.304;
Restatement of the Law 2d, Contracts, Section 205 (1981); *Ed Schory & Sons v. Francis*, 75
Ohio St.3d 433, 443-444, 662 N.E.2d 1074 (1996) (quoting *Kham & Nates Shoes No. 2, Inc. v.
First Bank of Whiting*, 908 F.2d 1351, 1357-1358 (7th Cir. 1990); *B-Right Trucking Co. v.
Interstate Plaza Consulting*, 154 Ohio App.3d 545, 2003-Ohio-5156, 798 N.E.2d 29, ¶ 32 (7th
Dist. 2003).**

### PLAINTIFF'S INSTRUCTION NO. 33

### BREACH OF WARRANTY – FAILURE OF ESSENTIAL PURPOSE

Warranty disclaimers and limitations of liability may be disregarded where the product in question "failed of its essential purpose." Under certain circumstances, when a contract, including its damages limitation provision, entirely fails of its essential purpose and the product in question cannot be remedied through means provided in the contract, the finder of fact may disregard the contract, thereby allowing traditional damages.

Failure to cure defects under warranty within a reasonable time supports a finding that a remedy failed of its essential purpose. When a warranty limits a buyer's remedy to repair and replacement, but the product is so riddled with defects that the limited remedy of repair and replacement fails its essential purpose, the buyer may institute an action to recover damages for breach of warranty incidental and consequential damages.

**Authority:** *Invacare Corp. v. Sperry Corp.*, 612 F. Supp. 448, 451, 454 (N.D. Ohio 1984), citing J. White and R. Summers, Uniform Commercial Code, §12-10 (2nd Ed. 1980); *Malkamaki v. Sea Ray Boats, Inc.*, 411 F. Supp. 2d 737, 745 (N.D. Ohio 2005); *Goddard v. Gen. Motors Corp.*, 60 Ohio St. 2d 41, 47, 396 N.E.2d 761, 765 (1979).

<u>**PLAINTIFF'S INSTRUCTION NO. 34**</u>

**CONTRACT DAMAGES**

If you find SAP America, Inc. breached the License Agreement, then you must determine the amount of Hodell's damages. You must place Hodell in the same position as if the License Agreement had not been breached. Hodell may recover those damages naturally arising from the breach of the License Agreement.

**Authority: O'Malley, Grenig, Lee, Federal Jury Practice and Instructions: Civil (5th Ed.), §126.07.**

Case: 1:08-cv-02755-DCN Doc #: 332 Filed: 06/10/15 40 of 40. PageID #: 17109

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 10, 2015, the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access the document through the Court's electronic filing system.

*/s/ P. Wesley Lambert*
P. Wesley Lambert, Esq. (0076961)
*Attorney for Plaintiff Hodell-Natco*
*Industries, Inc.*

936685