# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **HODELL-NATCO INDUSTRIES, INC.** | ) | **CASE NO. 1:08 CV 2755** |
| **Plaintiff,** | ) | |
| | ) | **JUDGE NUGENT** |
| **v.** | ) | |
| | ) | |
| **SAP AMERICA, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PROPOSED JURY INSTRUCTIONS OF SAP AMERICA, INC. AND SAP AG

Defendants SAP America, Inc. and SAP AG (collectively, "SAP"), through its undersigned counsel, hereby submits the following proposed jury instructions.  SAP reserves the right to modify, revise, and/or supplement these proposed instructions based upon developments during the course of trial as permitted by the Court.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 1

## MULTIPLE CLAIMS, MULTIPLE PARTIES

There is one plaintiff and four defendants in this trial.  You should decide the plaintiff's case against each defendant separately as if it were a separate lawsuit.  Each defendant is entitled to separate consideration of its own defenses.

Different aspects of this case involve different parties.  Some instructions apply to all the parties, while other instructions only apply to only some of the parties.  If an instruction only applies to only some of the parties, the instruction will identify the parties to whom it applies.  Pay particular attention to the parties named in each instruction.

Although there is more than one defendant in this action, it does not follow from that fact alone that, if one defendant is liable to the plaintiff, all defendants are liable.  Each defendant is entitled to a fair consideration of the evidence.  None of the defendants is to be prejudiced should you find against the other.

**Authority:  3 Fed. Jury Prac. & Instr. § 103.14 (5th ed. 2010)**.

### DEFENDANTS' PROPOSED INSTRUCTION NO. 2

### CORPORATIONS

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.

**Authority:  3 Fed. Jury Prac. & Instr. § 103.12 (5th Ed. 2010)**.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 3

### FRAUD IN THE INDUCEMENT

A claim of fraud in the inducement arises when a party is induced to enter into an agreement through fraud or misrepresentation. A claim of fraudulent inducement asserts that a misrepresentation of facts outside the agreement or other wrongful conduct induced a party to enter into the agreement.

To prove fraudulent inducement, a plaintiff must demonstrate the same elements necessary to prove an action for fraud.

**Authority:**  *Am. Coal Sales Co. v. N.S. Power Inc.*, 2009 U.S. Dist. LEXIS 13550 (S.D. Ohio, Feb. 23, 2009) (citing *ABM Farms, Inc. v. Woods,* 81 Ohio St. 3d 498, 502-3, 1998 Ohio 612, 692 N.E.2d 574 (Ohio 1998)); *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 874 (6th Cir. 2007); Scotts Co. LLC v. Liberty Mut. Ins. Co.*, 606 F. Supp. 2d 722, 741 (S.D. Ohio 2009)*; ECF # 182: Report and Recommendation, at p. 8.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 4

*FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

### FALSE REPRESENTATION DEFINED

A representation is false when it is not substantially true.  The truth or falsity of a representation depends on the natural and obvious meanings of the words taking into consideration all the surrounding circumstances.

**Authority:  O.J.I. CV 449.03**.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 5

### *FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

### KNOWLEDGE DEFINED

Under Ohio law, actual knowledge of a misrepresentation exists when, at the time of the representation, it was known by the maker to be not substantially true.

**Authority:**  **O.J.I. CV 449.03**.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 6

*FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

### MATERIAL REPRESENTATION DEFINED

The representation must also be "material" in the sense that it must be important, necessary, or have influence on the transaction.  It must be so substantial and important that it actually influenced the person to whom it was made.  If a plaintiff would not have changed its decision had it known the truth of an alleged false statement, such a statement cannot be material to the transaction.

**Authority:**  **O.J.I. CV 449.03**; *Andersons, Inc. v. Consol, Inc.*, 221 F. Supp. 2d 810, 812-813 (N.D. Ohio 2002) (citing 50 Ohio Jurisprudence 3D, What is Material § 101 (1984) ("The representations must have operated as an inducement to the making of the contract in question, that is, must have influenced the mind of the party to whom they are made in making the contract or fixing its terms.")).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 7

### *FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

### INTENT DEFINED

Hodell must also show that if a misrepresentation was made, the person who made the misrepresentation actually intended to mislead Hodell and that it was his purpose to mislead.

A person's intent is known only to himself unless he expresses it to others or indicates it by his conduct.  Intent is determined from the way in which the representation is made, the means used, and all the facts and circumstances in evidence.

**Authority:**  **O.J.I. CV 449.03**.

7

## DEFENDANTS' PROPOSED INSTRUCTION NO. 8

### *FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

## PROXIMATE CAUSE OF DAMAGES

Hodell must prove by that it suffered injury or damage as a proximate result of an actionable misrepresentation.  This means that Hodell must prove that it suffered damage that was actually caused by the false representation in a natural and continuous sequence and that, without the false representation, the damage would not have occurred.

**Authority:  O.J.I. CV 405.01**.

**<u>DEFENDANTS' PROPOSED INSTRUCTION NO. 9</u>**

*FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

**REMOTE CAUSE OR CONDITION**

A person is not responsible for damage to another if his/her act is a remote cause and not a proximate cause.

A cause is remote when the result could not have been reasonably foreseen or anticipated as being the likely cause of any damage.

**<u>Authority:</u>  O.J.I. CV 405.03**.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 10

### AGENCY – SCOPE OF AUTHORITY

An act is within the agent's scope of authority when it is substantially within the stated terms and limits of the act the agent has agreed to do.  An act that is within the scope of authority is binding on the principal.

An agent's act is not within the scope of his authority and is not binding on his principal when:

(a) it was forbidden by the principal;

(b) it went beyond the principal's express authority;

(c) it was not reasonably necessary in order to do the agent's job;

(d) it was a complete departure from the act the agent was engaged to do; or

(e) it was performed solely for the benefit of the agent or some other person.

**Authority:  O.J.I. CV 423.01**.

<u>**DEFENDANTS' PROPOSED INSTRUCTION NO. 11**</u>

**COMPARATIVE NEGLIGENCE – TWO OR MORE DEFENDANTS WITH PLAINTIFF**

**NEGLIGENCE**

TWO OR MORE DEFENDANTS.  Since there are more than two defendants in this case, several alternatives are presented for your decision.

ONE OR MORE DEFENDANTS LIABLE, PLAINTIFF NEGLIGENT.  If you find that the plaintiff and one, some, or all of the defendants were negligent, and that such negligence proximately caused damage to the plaintiff, then your verdict must be for the plaintiff against one, some, or all of the defendants, unless plaintiff's negligence was greater than the combined negligence of all persons from whom recovery is sought.

CAUSATION.  Even though you find in favor of the plaintiff as to one or more defendants, if you find that plaintiff failed to prove that negligence of the other defendant(s) proximately caused damage to the plaintiff, then your verdict must be in favor of such other defendant(s).

NO DEFENDANT LIABLE.  If you find that plaintiff failed to prove that any defendant was negligent, or if you find that plaintiff failed to prove that any defendant's negligence proximately caused damage to the plaintiff or if plaintiff's negligence was more than 50%, then your verdict must be for all defendants.

**<u>Authority:</u>  O.J.I. CV 406.05**.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 12

## DUTY TO MITIGATE

SAP claims that Hodell failed to mitigate its damages.  If SAP proves by a preponderance of the evidence that Hodell did not make reasonable efforts under the facts and circumstances in evidence to avoid loss or lessen damages caused by SAP's misrepresentation, you should not allow damages that could have been avoided by reasonable efforts to avoid loss.  Hodell, however, is not required to take measures that would involve undue risk, burden, or humiliation.

**Authority:**  **O.J.I. CV 501.33**.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 13

### MISREPRESENTATION

Hodell asserts that it received certain false representations upon which it relied in deciding to enter into both the Development Agreement and the License Agreement.  Hodell does not allege that it received any direct verbal false representation from SAP, but Hodell does allege that it received false written representations from SAP in the form of advertising literature concerning Business One.  SAP denies that any misrepresentation was made to Hodell and asserts that the statements in their advertising literature were true.

Based on the same alleged misrepresentations, Hodell asserts two separate claims that you will need to consider.  The first claim is for fraudulent misrepresentation.  The second claim is for negligent misrepresentation.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 14

### *FRAUDULENT MISREPRESENTATION*

#### A.    SPECIFIC ELEMENTS

Fraud is a deception practiced with a view to gaining an unlawful or unfair advantage. Fraud is a false representation of fact, whether by words or conduct which misleads and is intended to mislead another so that he relies on it to his injury.

Because there are multiple defendants in this case, and because Hodell asserts that each of the four defendants committed fraud, you must be careful to determine specifically which defendant, if any, may have committed fraud.  If you find that any defendant committed fraud, you will be further instructed on whether, and under what circumstances, certain defendants may be liable for the fraudulent actions of another defendant.

To find that any one of the four defendants committed fraud, Hodell must prove with clear and convincing evidence that the following occurred:

A.    A false representation of fact was made by a particular defendant with knowledge of its falsity or with such utter disregard and recklessness about its falsity that knowledge may be found;

OR

B.    A particular defendant knowingly concealed a fact(s) when there was a duty to disclose.

If you find either A or B, to find that any one of the four defendants committed fraud, Hodell must also prove the following with clear and convincing evidence:

(1) That the false representation was material to the transaction;

(2) That the false representation was made with the intent by the particular defendant who made the representation to mislead Hodell into relying upon it;

(3) That Hodell was justified in relying on the false representation, and did, in fact, so rely; and

14

(4) That Hodell was injured, and the injury was proximately caused by its reliance on the false representation.

**Authority:**  **O.J.I.CV 449.01; O.J.I.CV 449.03**.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 15

### *FRAUDULENT MISREPRESENTATION*

### B.   EVIDENCE REQUIRED

Hodell asserts that the defendants engaged in pre-contractual fraud and that this alleged fraud renders the License Agreement void.  It is the law in Ohio that, in order to set aside a contract based on fraud, you must find that Hodell proved each of the elements of its fraud claim with clear and convincing evidence.

When a party has the burden of proof on any claim by clear and convincing evidence, it means you must be persuaded by the evidence that it is highly probable that each element of the claim is true.  "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue.  Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.  To be clear and convincing, the evidence must have more than simply a greater weight than the evidence opposed to it and must produce in your minds a firm belief or conviction about the facts to be proved.

**Authority:  3 Fed. Jury Prac. & Instr. § 104.02 (5th ed. 2010); O.J.I. CV 303.07**;  *See Household Fin. Corp. v. Altenberg*, 5 Ohio St. 2d 190, 214 N.E.2d 667, 669-70 (Ohio 1966)) (holding that an action to "set aside or reform a written contract" requires "clear and convincing evidence of the fraud."); *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 873-874 (6th Cir. 2007) ("When a plaintiff seeks to set aside a written document, clear and convincing evidence of fraud is required.")

## DEFENDANTS' PROPOSED INSTRUCTION NO. 16

### *NEGLIGENT MISREPRESENTATION*

### A.   SPECIFIC ELEMENTS

For you to find a negligent misrepresentation, Hodell must prove, by the greater weight of the evidence, that each of the following occurred:

(1) A particular defendant(s) was in the business of supplying information;

(2) Hodell sought guidance with respect to its business transactions from that particular defendant(s);

(3) That particular defendant(s), in the course of its business, supplied false information for the guidance of Hodell in its business transactions;

(4) Hodell justifiably relied upon the information; and

(5) The particular defendant who supplied the false information for the guidance of Hodell failed to exercise reasonable care or competence in obtaining or communicating the information to Hodell.

**Authority:**  *Middlefield Banking Co. v. Deeb*, 2012-Ohio-3191, P29-P30 (Ohio Ct. App., Geauga County July 16, 2012); *Delman v. Cleveland Heights*, 41 Ohio St.3d 1, 4, 534 N.E.2d 835 (1989).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 17

### *NEGLIGENT MISREPRESENTATION*

### B.    IN THE BUSINESS OF SUPPLYING INFORMATION

In Ohio, only certain types of professionals who are engaged in the business of supplying information may be subject to a negligent misrepresentation claim.  SAP asserts that it is not the proper type of defendant for a negligent misrepresentation claim because they assert that they are in the business of selling software, and are not in the business of supplying information or advice.  To find that SAP may be liable for a negligent misrepresentation, Hodell must prove that SAP is in the business of supplying information or advice.

**Authority:**  *Haddon View Inv. Co. v. Coopers & Lybrand*, 70 Ohio St.2d 154, 436 N.E.2d 212 (1982); *Middlefield Banking Co. v. Deeb*, 2012 Ohio 3191, P31 (Ohio Ct. App., Geauga County July 16, 2012); *Thornton v. State Farm Mut. Auto Ins. Co.*, No. 1:06-cv-00018, 2006 U.S. Dist. LEXIS 83968, *49 (N.D.Ohio, Nov. 17, 2006) (rejecting claim in context of ordinary consumer and business transaction); *Premier Bus. Group, LLC* 2009 U.S. Dist. LEXIS 91647 *31 ("[P]rofessions traditionally fitting the definition include attorneys, surveyors, inspectors of goods, and abstractors of title [and] the mere act of supplying information in itself is not sufficient to give rise to a negligent misrepresentation claim.") (citing *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgmt.*, 87 Ohio App. 3d 613, 631, 622 N.E.2d 1093 (Ohio Ct. App., Cuyahoga County 1993)).

**DEFENDANTS' PROPOSED INSTRUCTION NO. 18**

*FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

**A.    DUTY TO DISCLOSE**

You may only find that a negligent misrepresentation was made if you find that there was an affirmative misrepresentation.  Even if you find that material facts were known by a defendant but were not disclosed to Hodell, you must find in favor of the defendants on Hodell's claims for negligent misrepresentation.

You may find, however, that a fraudulent misrepresentation was made if you find either that there was an affirmative misrepresentation or if you find that a particular defendant knowingly concealed material facts when there was a duty to disclose.  Under Ohio law, a duty to disclose arises in a fiduciary relationship or other similar relationship of trust and confidence. A fiduciary relationship is an extraordinary one and will not be lightly created.  A fiduciary relationship is one founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking. Subjective trust is insufficient to create a fiduciary relationship, and the mere fact that one party trusts another does not transform a business arrangement into a fiduciary relationship; the trust must be justifiable.  Advice in a commercial context does not create a fiduciary relationship.  A confidential relationship exists between two persons if one has gained the confidence of the other and purports to act or advise with the other's interest in mind.  Solely because the relationship between the parties has been lengthy and cordial does not necessarily mean a confidential relationship exists.

**Authority:** *Andersons, Inc.*, 348 F.3d at 506 ("[A] negligent misrepresentation claim

19

only lies for an affirmative false statement, not an omission."); *Leal v. Holtvogt*, 123 Ohio App.

3d 51, 62 (Ohio Ct. App., Miami County 1998) ("[N]egligent misrepresentation does not lie for

omissions; there must be some affirmative false statement."); *Textron Fin. Corp. v. Nationwide*

*Mut. Ins. Co.*, 115 Ohio App. 3d 137, 150, 684 N.E.2d 1261 (1996) (same); *Andersons, Inc.*, 348

F.3d at 509 (6th Cir. Ohio 2003) (a duty to disclose arises in a fiduciary or other similar

relationship of trust and confidence); 37 Am. Jur. 2d Fraud and Deceit § 37 (discussing what

constitutes fiduciary or confidential relationship); *In re Sallee*, 286 F.3d 878, 894 (6th Cir. 2002)

("[A]dvice in a commercial context does not create a fiduciary relationship.") (citing *Ed Schory*

*& Sons, Inc. v. Soc. Nat'l Bank*, 662 N.E.2d 1074, 1082 (Ohio 1996)); *see also* **O.J.I CV**

**449.03(6)** (explaining that "[t]he variety of duty to disclose situations is such that it is not

feasible to create pattern instructions").

**DEFENDANTS' PROPOSED INSTRUCTION NO. 19**

*FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

**B.    TYPES OF REPRESENTATIONS NOT ACTIONABLE**

Under Ohio law, certain types of representations cannot constitute a misrepresentation. SAP asserts that the alleged verbal misrepresentations made to Hodell were not false, and that such representations were merely expressions of opinion.  Under Ohio law, expressions of opinion, even if false, are not a basis for misrepresentation.  SAP also asserts that the SAP Business One advertising literature was general product literature not specific to Hodell; that nothing in that literature was false; and that to the extent anything in that literature was false, it amounted to mere "puffery."

FUTURE ACT.  A misrepresentation must also relate to an "existing fact."  Ordinarily, a statement about a future act and what a person intends to do in the future does not relate to an existing fact and cannot be the basis of a claim for misrepresentation unless the person who made the statement did so with a present intent to act contrary to the statement.

OPINIONS.  Expressions of opinions, even though false, are not a basis for misrepresentation.

PUFFING.  Boastful assertions or highly exaggerated descriptions or claims are puffing or bragging and are not false representations. It is sometimes called dealer's talk or trade talk.

**Authority:  O.J.I. CV 449.05**; *Diemert v. Lincoln Wood Prods.*, No. 1 11 CV 358, 2012 U.S. Dist. LEXIS 3505, 8-9 (N.D. Ohio Jan. 11, 2012) ("Statements of opinion and sales 'puffery' are insufficient to form the basis of a fraud claim . . . because such statements cannot reasonably be relied upon by the recipient;" statements by a salesman about the "quality and performance" of windows he was purchasing; holding "the reasonable reliance element of fraud

21

cannot be established."); *Premier Bus. Group, LLC v. Red Bull of N. Am., Inc.*, No. 08-CV-01453, 2009 U.S. Dist. LEXIS 91647 *26-29 (N.D. Ohio Sept. 30, 2009) (reasonable reliance does not exist where statement was that that defendant was "reliable and trustworthy" as this is merely an opinion about someone's reputation).

DEFENDANTS' PROPOSED INSTRUCTION NO. 20

*FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

C.    JUSTIFIABLE RELIANCE DEFINED

It is also Hodell's burden to show that Hodell was justified in relying upon the false representation such that a person of ordinary care would rely on it under the same or similar circumstances.  In the context of a business transaction, justifiable reliance requires Hodell to prove both that it acted in reliance on a material misrepresentation, and that Hodell had a right to do so.

There is justifiable reliance in a representation when a person or ordinary care would rely on it under the same or similar circumstances.  Factors to be considered in determining whether reliance is reasonable include "the nature of the transaction, the form and materiality of the representation, the relationship of the parties, the respective intelligence, experience, age and mental and physical condition of the parties, and their respective knowledge and means of knowledge."  A plaintiff "has no right to rely on misrepresentations when the true facts are equally open to both parties."

**Authority:  O.J.I. CV 449.03**; *Columbia Gas Transmission Corp. v. Ogle*, 51 F.Supp.2d 866, 875 (S.D. Ohio 1997) (finding that factors to be considered in determining whether reliance is reasonable include "the nature of the transaction, the form and materiality of the representation, the relationship of the parties, the respective intelligence, experience, age and mental and physical condition of the parties, and their respective knowledge and means of knowledge.") (citing *Renner v. Derin Acquisition Corp.*, 676 N.E.2d 151 (Ohio Ct. App. 1996)); *id.* at 876 (finding that a plaintiff "has no right to rely on misrepresentations when the true facts are equally open to both parties.") (citing *Aetna Ins. Co. v. Reed*, 33 Ohio St. 283 (1877)).

23

<u>**DEFENDANTS PROPOSED INSTRUCTION NO. 21**</u>

*FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

**D.    PLAINTIFF'S DUTY TO INVESTIGATE**

It is the law in Ohio that a purchaser is expected to do his own due diligence and is not entitled to rely on the "say-so" of a third party without conducting his own investigation.

Purchasers are expected to conduct their dealings with proper vigilance.  Such vigilance imputes a duty upon one to reasonably investigate the truth of representations made prior to reliance thereon.

FAILURE TO INVESTIGATE.  SAP claims that Hodell had a duty to investigate and was not justified in relying on any allegedly false representation.  Where a person has the opportunity to investigate, inspect, and/or inquire, and when circumstances would cause a person of ordinary care to do so and he fails to do so, the element of justifiable reliance has not been proved and plaintiff cannot recover.

RELIANCE ON OWN INVESTIGATION.  If plaintiff investigates the facts represented and relies on this investigation and does not rely on facts represented, then plaintiff is not entitled to recover.

MISREPRESENTATION CAUSED FAILURE.  If representations were made by defendant with an intention to deceive or mislead the plaintiff, causing him to refrain from making an investigation, inspection, and/or inquiry which, in the use of ordinary care, he would have made, there is no duty to investigate, and the plaintiff may justifiably rely on defendant's representations.

<u>**Authority:**</u>  **O.J.I. CV 449.09**; *Lucas Ford, LLC v. Ford Motor Credit Co.*, No. 3:09CV451, 2011 U.S. Dist. LEXIS 51141, *10-11 (N.D. Ohio May 12, 2011) (dismissing

fraudulent inducement claim where plaintiff "presented no evidence as to its due diligence" and holding "[n]o reasonable businessman relies on the say-so of a third party when acquiring a business – even where that third party can be assumed to know all about the business and its affairs. It's up to the purchaser to do his own due diligence.").

## DEFENDANTS PROPOSED INSTRUCTION NO. 22

*FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

## E.    CONDUCT MUST ARISE OUTSIDE THE DUTIES IMPOSED BY A CONTRACT

Under Ohio law, Hodell is entitled to recover on its claims for fraudulent and/or negligent misrepresentation only if it can establish that the conduct that SAP allegedly committed arose from circumstances separate and apart from duties SAP owed under their contract with Hodell, specifically the License Agreement.  If Hodell's fraudulent and/or negligent misrepresentation claim arises from SAP's performance or non-performance of obligations under those contracts, Hodell can maintain only its claim for breach of contract, and not a separate claim for fraudulent and/or negligent misrepresentation.  Therefore, before you can find for Hodell on its claims for fraudulent and/ or negligent misrepresentation, you must determine whether the factual basis for Hodell's claims arises from matters unrelated to SAP's obligations under the License Agreement.  If you determine that the facts supporting Hodell's claims for fraudulent and/or negligent misrepresentation are the same as, or intertwined with, SAP's obligations under the License Agreement, then you must find for SAP on Hodell's claims for fraudulent and/or negligent misrepresentation.

**Authority:** *Parma Community General Hospital v. Premier Anesthesia of Parma*, No. 1:09-cv-325, 2011 WL 400054, *4 (N.D. Ohio Feb. 4, 2011); *Ebenisterie Beaubois Ltee. v. Marous Brothers Construction, Inc*., No. 02-CV-985, 2002 WL 32818011, *10 (N.D. Ohio Oct. 17, 2002); *Textron Financial Corp. v. Nationwide Mutual Insurance Co*., 684 N.E.2d 1261, 1272 (Ohio Ct. App. 1996); *Wilkes Associates v. Hollander Industries Corporation*, 144 F. Supp. 2d 944, 957 (S.D. Ohio 2001); *see also Corporex Development & Construction Management, Inc. v. Shook, Inc*., 835 N.E.2d 701, 704 (Ohio 2005); *Floor Craft Covering, Inc. v. Parma Community General Hospital Assoc.*, 560 N.E.2d 206, 211 (Ohio 1990); *Irwin Seating Co. v. International Business Machines Corp*., 306 Fed. Appx. 239, 243 (6th Cir. 2009).

**<u>DEFENDANTS' PROPOSED INSTRUCTION NO. 23</u>**

**FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION**

**F.    CONTRACT INTERPRETATION**

GENERAL. The parties disagree as to the meaning of certain language in the License Agreement contract.  The plaintiff claims that the License Agreement does not describe and include all of the representations SAP made about Business One, and asserts that it relied on representations that were not contained in the License Agreement.  SAP contends that all of the representations it made to Hodell about Business One were contained within the License Agreement, and that any promises made prior to the License Agreement were merged into and superseded by the License Agreement.  The License Agreement contains the following clause:

> This Agreement and each Schedule and Appendix hereto constitute the complete and exclusive statement of the agreement between SAP and Licensee [i.e., Hodell], and all previous representations, discussions, and writings are merged in, and superseded by, this Agreement.

License Agreement ¶ 11.9.

You must decide from all of the facts and circumstances in evidence what the parties intended the disputed language to mean.

INTENT OF THE PARTIES. You will decide the intention of the parties by viewing the contract as a whole, considering the subject matter and apparent purpose of the contract, all of the facts and circumstances in evidence surrounding the contract, and the reasonableness of the respective interpretations offered by the parties.  You will decide their intention by giving the words of the contract their plain, ordinary, and reasonable meaning, unless the facts and circumstances in evidence surrounding the contract indicate that the parties intended a different meaning.  You are not to decide the parties' intent from any unexpressed intention or understanding of either party.  Words that have acquired a particular meaning in the trade in

27

which the parties are engaged will normally be given that meaning.

Applying these principles, you must determine whether SAP made any representation outside of the License Agreement which Hodell alleges was false.

**Authority:**  **O.J.I. CV 501.07**.

<u>**DEFENDANTS PROPOSED INSTRUCTION NO. 24**</u>

*FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION*

**G.    ASSUMPTION OF THE RISK**

SAP asserts that, in the License Agreement, Hodell expressly assumed the risk of injury from negligent conduct, and agreed to limit its damages in the event of negligence.  A plaintiff expressly assumes the risk of injury if he/she expressly agreed or contracted with the defendant not to sue for any future injuries which might be caused by the defendant's negligence.

SAP also asserts that Hodell impliedly assumed the risk of injury because it asserts that Hodell was aware through testing of the software of the risk of injury, but that Hodell proceeded to use the software anyway.  A plaintiff impliedly assumes the risk of injury if he/she had knowledge of a condition that was obviously dangerous to him/her, and voluntarily exposed himself/herself to that risk of injury.

If you find from the greater weight of the evidence that Hodell expressly agreed or contracted with SAP to assume the risk of injury, you shall return a verdict in favor of the SAP.

If you find from the greater weight of the evidence that Hodell impliedly assumed the risk of injury by proceeding with go-live, you shall continue your deliberations to consider written questions called interrogatories.

<u>**Authority:**</u>  **O.J.I. CV 403.09**; *Anderson v. Ceccardi*, 6 Ohio St.3d 110, 451 N.E.2d 780 (1983); *Briere v. Lathrop Co.*, 22 Ohio St.2d 166, 174-75, 258 N.E.2d 597 (1970).

29

**<u>DEFENDANTS PROPOSED INSTRUCTION NO. 25</u>**

**AGENCY / INDEPENDENT CONTRACTOR**

One issue in this case is whether, at the time of the alleged misrepresentations, LSi and/or IBIS was the agent of SAP, whether LSi and/or IBIS was the agent of Hodell, or whether LSi and/or IBIS was an independent contractor.

If LSi and/or IBIS was the agent of SAP, its conduct is treated as that of SAP and SAP may be liable for injuries proximately caused by the acts of its agent that were committed within the scope of the agency.

However, if LSi and/or IBIS was the agent of Hodell then its conduct cannot be that of SAP and SAP is not responsible for it.  Likewise, if you find that LSi and/or IBIS was an independent contractor, then SAP cannot be held liable for LSi and/or IBIS's conduct.

While both an agent and an independent contractor work for the party that hired them, there is an important difference between an agent and an independent contractor.  An independent contractor carries on an independent business and agrees to do specific jobs without direction or control by the party who hired him.  An independent contractor is free to consider and to follow suggestions of the person who hires him.  The hiring party may make suggestions or requests, but such things do not change the relationship so long as the contractor has the right of control over the performance of the work and the methods to be used.

If LSi and/or IBIS had the right to direct and control the performance of its/their own work, the methods to be used, and what, when, and how its/their work was to be done, then LSi and/or IBIS was an independent contractor, and SAP is not responsible for the acts of LSi and/or IBIS.

If Hodell had the right to direct and control the performance of LSi and/or IBIS' work,

the methods to be used, and what, when, and how its/their work was to be done, then LSi and/or IBIS was Hodell's agent and Hodell is responsible for the acts of LSi and/or IBIS.

**Authority:**  **O.J.I. CV 423.03**; **O.J.I. CV 423.09**.

## <u>DEFENDANTS PROPOSED INSTRUCTION NO. 26</u>

### AGENCY – ACTUAL AUTHORITY

Actual authority exists where the principal manifests to the agent that the agent has the authority to act on the principal's behalf.  An agent's actual authority can be either express or implied.  Both types of actual authority must be proved by the greater weight of the evidence.  They have the same legal result, and the difference between them lies in how the authority is given.

Express authority is given to the agent when the exact details, terms, and limits of the authority are stated by the principal.  Express authority may be based on a writing or in several writings or on what the principal said to the agent.

Implied authority is given to the agent when all the exact details, terms, and limits are not fully stated by the principal in writing or verbally, but all must be inferred from what the principal wrote, said, or did in the circumstances of their relationship.  Implied authority arises when reasonable minds could conclude from all the facts and circumstances in evidence that the principal intended to authorize the agent to do or not do certain things and that the agent's conduct was reasonably necessary in order to do the job the agent was hired to do.

It is the law in Ohio that where a contract expressly disclaims agency with respect to any of the activities that the alleged agent conducts pursuant to its terms, there is no actual authority, whether express or implied.

In this case, the Marketing Agreement between LSi and SAP contains the following language:

> Reseller [i.e., LSi] is an independent contractor and not an agent, employee, or legal representative of SAP . . . [with] no power or authority to . . . make any guarantees or warranties concerning [Business One] or the delivery thereof, or to make any

32

commitments for SAP or to obligate SAP in any respect whatsoever.

Marketing Agreement ¶ 17.8.

The Marketing Agreement between LSi and SAP also contains the following language:

Reseller [i.e., LSi] shall not make any representations or warranties as to the performance of the Software, Maintenance, or other services on behalf of SAP or SAP AG, or otherwise bind SAP or SAP AG.

*Id.* ¶ 12.3.

**Authority:**  **O.J.I. CV 423.01**; *Master Consolidated Corp. v. BancOhio,* 575 N.E.2d 817, 820 (Ohio 1991) ("Express authority is that authority which is directly granted to . . . the agent . . . by the principal . . . ."); *Cincinnati Golf Mgmt. v. Testa*, 132 Ohio St. 3d 299, 305 (Ohio 2012) (holding that where a "contract between the parties expressly disclaims agency with respect to any of the activities that [the alleged agent] conducts pursuant to its terms . . . there is no actual or express authority to bind the [alleged principal].").

### DEFENDANTS PROPOSED INSTRUCTION NO. 27

### AGENCY – APPARENT AUTHORITY

Hodell claims that even if LSi and/or IBIS were not actually authorized by SAP, SAP is responsible for what LSi and/or IBIS did because SAP created an apparent authority to act.  SAP asserts that under the License Agreement, Hodell acknowledged that:

> Licensee [i.e., Hodell] acknowledges and agrees that the SAP Reseller [i.e., LSi] . . .
> is not the agent of SAP.  The SAP Reseller [i.e., LSi] is an independent company,
> person, or entity with no authority to bind SAP or to make representations or
> warranties on behalf of SAP.

License Agreement ¶ 4.

Apparent authority exists when the principal gives the appearance to a third party that another has authority to conduct a transaction, and the third party reasonably believed that the agent had such authority and relied on it.

There can be no apparent authority, however, if Hodell acknowledged that IBIS and/or LSi was not SAP's agent and/or did not have the authority to bind or make representations or warranties on behalf of SAP.

**Authority:**  **O.J.I. CV 423.01**; *Master Consolidated Corp. v. BancOhio,* 575 N.E.2d 817, 822 (Ohio 1991) (holding that apparent authority exists when the principal gives the appearance to a third party that the agent has authority to conduct a transaction, and the third party reasonably believed that the agent had such authority and relied on it); *Ohio State Bar Ass'n v. Martin*, 118 Ohio St. 3d 119, 126 (Ohio 2008) ("[A]n agent's authority is determined by the acts of the principal rather than by the acts of the agent.  The principal is responsible for the agent's acts only when the principal has clothed the agent with apparent authority and not when the agent's own conduct has created the apparent authority."); *Orchard Group, Inc. v. Konica*

*Medical Corp.*, 918 F.Supp 186 (N.D. Ohio 1996) (citing *Kilbourn v. Henderson*, 63 Ohio App.3d 38, 577 N.E.2d 1132 (Cuyahoga Cty. 1989)) (holding that there can be no apparent authority where third parties "possess knowledge tending to contradict the agent's apparent authority."); *Dayton Bread Co. v. Mont. Flour Mills Co.*, 126 F.2d 257, 261 (6th Cir. 1942) ("If, however, a third person dealing with an agent knows he is acting under a circumscribed and limited authority and that his act is in excess of or an abuse of the authority actually conferred, then clearly the principal is not bound."); *Holloway v. Howerdd*, 536 F.2d 690, 696 (6th Cir. 1976) (holding that purchasers who understood that salesman sold stock to them independent of his firm could not recover against the firm on the basis of apparent authority); *Anderson v. Int'l Union*, 370 F.3d 542, 551-52 (6th Cir. 2004) (similar); *Ogden v. Transcontinental Airport of Toledo, Inc.*, 177 N.E. 536, 538 (Ohio Ct. App. 1931) (holding that one cannot rely on apparent authority where one has been informed of a limitation to that authority).

## DEFENDANTS' PROPOSED INSTRUCTION NO. 28

### JOINT VENTURE

SAP alleges that Hodell and IBIS and/or LSi were engaged in a joint venture and that, therefore, Hodell is charged with the knowledge of IBIS and/or LSi, and that Hodell is responsible for any conduct on the part of IBIS and/or LSi.

A joint venture arises from a contractual association of parties with the common purpose of carrying out a single business venture for their mutual profit, for which they combine their efforts, property, money, skill and knowledge without creating a partnership or a corporation. The relationship does not have the formality of a partnership or a corporation, and the legal concept is broad in that it has few fixed boundaries. Certain general factors must be present, in one form or another, depending upon the agreement of the parties: contributions of effort, property, skill, knowledge and other assets to the common undertaking; a joint property interest in the subject matter of the venture and a right of mutual control or management of the enterprise; expectation of profits; a right to participate in the profits; and, usually, a limitation of the objective to a single undertaking.

Each party to a joint venture is jointly and severally liable for the wrongful acts of the other which is committed within the scope, or in furtherance, of the business of the joint enterprise. Each party to a joint venture is charged with the knowledge of the other party, and each is jointly liable for the acts of the other(s).

***Authority:*** *Kahle v. Turner*, 66 Ohio App. 2d 49, 52-53 (Ohio Ct. App. 1979); 46 Am Jur 2d Joint Ventures § 35

36

## DEFENDANTS' PROPOSED INSTRUCTION NO. 29

### DAMAGES – GENERALLY

Under Ohio law, damages for fraudulent misrepresentation are measured by the "benefit-of-the-bargain" rule.  Damages for negligent misrepresentation are limited to "out of pocket" losses.

The difference between the two can be illustrated.  Assume that the buyer purchases a car for $5000.  The seller represents that the vehicle has certain qualities (like a functional transmission), which would make it worth $6000.  In fact, the vehicle does not have these qualities and is only worth $4800.  Applying the out-of-pocket rule, the buyer would recover $200, the difference between the value of the vehicle and what he had paid.  Applying the benefit-of-the-bargain rule, the buyer would be entitled to recover $1200, the difference in value between the car as it was represented to him and the car he received.  The buyer expected to get a car worth $6000 for $5000, a net benefit-of-the-bargain of $1000.  In order to receive this benefit, he needs to be compensated in the amount of $1200.

**Authority:**  *See Pierce v. Tiersch,* 40 Ohio St. 168 (1883); *Logsdon v. Graham Ford*, 54 Ohio St. 2d 336, 376 N.E.2d 1333 (1978); *The ATM Exch., Inc. v. Visa Int'l Serv. Ass'n*, 2008 U.S. Dist. LEXIS 84289, at *22-23 (S.D. Ohio Oct. 21, 2008) (citing *Telxon Corp v. Smart Media of Del., Inc.*, 2005 Ohio 4931, P99 (2005)); *McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Management*, 87 Ohio App. 3d 613, 634 (Ohio Ct. App., Cuyahoga County 1993) ("[C]laim for negligent misrepresentation is limited to 'out-of-pocket' losses."); 1-2 Anderson's Ohio Consumer Law § 2.13 (damages for negligent misrepresentation "are limited to out of pocket loss").

**DEFENDANTS PROPOSED INSTRUCTION NO. 30**

**DAMAGES – LOST PROFITS**

Hodell contends in this case that it suffered lost profits.  It is the law in Ohio that a claim for lost profits must be proven with reasonable certainty and must not be remote or speculative.

It is the law in Ohio that a plaintiff is prohibited from recovering lost profits on a negligent misrepresentation claim.

**Authority:**  *The ATM Exch., Inc. v. Visa Int'l Serv. Ass'n*, 2008 U.S. Dist. LEXIS 84289 at *22, 24-25 (S.D. Ohio Oct. 21, 2008) (citing *Charles R. Combs Trucking, Inc. v. Intern'l Harvester Co.*, 466 N.E.2d 883 (Ohio 1984); *Telxon Corp v. Smart Media of Del., Inc.,* 2005 Ohio 4931, P99 (2005)).

## <u>DEFENDANTS PROPOSED INSTRUCTION NO. 31</u>

## **BREACH OF EXPRESS WARRANTY – ELEMENTS**

Hodell asserts that SAP breached an express warranty contained at Section 7.1 of the License Agreement between Hodell and SAP.  This claim applies only to Business One, and Hodell does not allege that SAP breached any warranty concerning the In-Flight or Radio Beacon add-ons.

Before you may find for Hodell with respect to this claim, you must find, by a preponderance of the evidence, that:

(1) SAP made an affirmation of fact or promise to Hodell which related to the goods;

(2) The affirmation of fact or promise became part of the basis of the bargain between Hodell and SAP;

(3) There was a material breach of the affirmation of fact or promise by SAP; and

(4) There were damages to Hodell as a result of SAP's material breach.

The parties agree that the express warranty within the License Agreement on which Hodell bases its breach of warranty claim on the following:

<u>Warranty</u>. SAP warrants that the [Business One] Software will substantially conform to the functional specifications contained in the Documentation for six months following delivery.  The warranty shall not apply: (i) if the Software is not used in accordance with the Documentation; or (ii) if the defect is caused by a Modification, Integration Add-On, Licensee, third-party software, or third-party database.  SAP does not warrant that the Software will operate uninterrupted or that it will be free from minor defects or errors that do not materially affect such performance, or that the applications contained in the Software are designed to meet all of Licensee's business requirements.

License Agreement ¶ 7.1.

**Authority:**  Ohio Rev. Code Ann. § 1302.26; *Micrel, Inc. v. TRW, Inc.*, 486 F.3d 866, 879 (6th Cir. 2007) (affirming jury instruction on material breach in UCC action under Ohio law).

## DEFENDANTS PROPOSED INSTRUCTION NO. 32

## FAILURE TO MEET PUBLISHED SPECIFICATIONS

It is the law in Ohio that, in order to prove a breach of an express warranty concerning computer software, the plaintiff must articulate and prove by the greater weight of the evidence that the software failed to conform to published specifications.

**Authority:** *McLeod Addictive Disease Ctr., Inc. v. Wildata Sys. Group, Inc*., 2010 U.S. Dist. LEXIS 20643, *19 (S.D. Ohio Mar. 8, 2010) (a plaintiff must articulate "how the software fails to conform to published specifications").

<u>**DEFENDANTS PROPOSED INSTRUCTION NO. 33**</u>

**DISCOVERY OF DEFECTIVE CONDITION**

SAP contends that no defect was discovered during the six-month warranty period, which began on December 23, 2005.

It is the law in Ohio that a plaintiff can only recover for the breach of an express warranty where the alleged defect is discovered during the warranty period.

<u>**Authority:**</u> *M. L. Simmons v. Bellman Plumbing*, NO. 67832, 1995 Ohio App. LEXIS 2831, *8-9 (Ohio Ct. App., Cuyahoga County July 6, 1995) (holding that a party can only recover for breach of express warranty if defects are discovered within the warranty period).

## <u>DEFENDANTS PROPOSED INSTRUCTION NO. 34</u>

## <u>BUYER'S ACCEPTANCE OF THE GOODS</u>

SAP asserts that Hodell received and accepted the Business One software, and that Hodell did not reject the Business One software within a reasonable time or within the six-month warranty period.

You will find that Hodell accepted and did not reject the Business One software if you find either that:

(a) Hodell had a reasonable opportunity to inspect Business One and after such reasonable opportunity, Hodell signified to SAP by words or conduct that the Business One software conformed to the contract or that Hodell would keep the Business One software in spite of any non-conformity; or

(b) Hodell had a reasonable opportunity to inspect the Business One software and after such reasonable opportunity, Hodell failed to make an effective rejection of the Business One software.  In order to make an effective rejection, Hodell must have, within a reasonable time after SAP made the Business One software available, notified SAP that Hodell is rejecting the goods.  What is a "reasonable time" depends on all the facts and circumstances in evidence.

Here, if you find that Hodell accepted and did not reject the Business One software within a reasonable time or within the six-month warranty period, no damages for breach of warranty may be awarded to Hodell.

**<u>Authority:</u>  O.J.I CV 505.37**; Ohio Rev. Code Ann. § 1302.64.

43

## DEFENDANTS PROPOSED INSTRUCTION NO. 35

### BUYER'S NOTICE OF BREACH REGARDING ACCEPTED GOODS

If you find that Hodell accepted and did not reject the Business One software, in order for Hodell to prevail, it must demonstrate that it provided SAP with notice of a breach. It is the law of Ohio that a buyer who has accepted goods must notify the seller of any claimed breach by the seller or be barred from any recovery. The notice may be written or oral. The notice is sufficient if it alerts the seller that there is a problem with the goods. It need not state all that is wrong with the goods. The notice must be given by the buyer within a reasonable time after the buyer should have discovered the breach. If the buyer did not give such notice, the buyer is barred from any remedy against the seller even if the seller was not harmed by the failure to give proper notice.

Here, if you find that Hodell accepted the Business One software and did not provide SAP with notice of a claimed breach, no damages for breach of warranty may be awarded to Hodell.

**Authority: O.J.I CV 505-47**; Ohio Rev. Code Ann. § 1302.65(C)(1); *Johnson v. Monsanto Co.,* No 11-02-02, 2002 WL 2030889, *4 (Ohio App. Ct. Sept. 6, 2002); *see also Jones v. Davenport,* No. 18162, 2001 WL 62513, *4 (Ohio App. Ct. Jan. 26, 2001); *Standard Alliance Indus., Inc. v. Black Clawson Co.,* 587 F.2d 813, 823 (6th Cir. 1978).

## <u>DEFENDANTS PROPOSED INSTRUCTION NO. 36</u>

## **DAMAGES FOR BREACH OF WARRANTY OF ACCEPTED GOODS**

If you find that there was a breach but that Hodell accepted the Business One software and did not give notice to SAP within a reasonable time after Hodell should have discovered the breach, then you will find that Hodell is barred from any remedy against SAP even if SAP was not harmed by the failure to give proper notice.

If you find that there was a breach, and you also find either (a) that Hodell did not accept the Business One software or (b) that Hodell did accept the Business One software but that Hodell provided SAP with sufficient and timely notice of a breach, you must further decide whether such breach caused Hodell to suffer any damages and, if so, in what amount.

If you find that SAP breached the warranty and that Hodell had accepted the Business One software but also timely notified SAP of the breach, then Hodell is entitled to no more than the difference between the value of the Business One software at the time and place Hodell accepted it and the value the Business One software would have had if it had been as SAP warranted, subject to any contractual damages limitation.  To measure these damages you first must determine the value of the Business One software as warranted.  Then subtract the value of the Business One software as accepted.  The difference is Hodell's damages.

**<u>Authority:</u>  O.J.I. CV 501.01; O.J.I. CV 505.45;** Ohio Rev. Code § 1302.88; Ohio Rev. Code § 1302.65(C)(1).

## DEFENDANTS PROPOSED INSTRUCTION NO. 37

## LIMITATION OF BUYER'S REMEDIES

It is the law in Ohio that contracting parties may agree to limit the remedies and damages they may recover in the event of a breach of warranty.  In this case, the License Agreement contains a limitation of damages provision and SAP asserts that the provision limits Hodell's remedies in the event you find that SAP breached the express warranty in the License Agreement.  The License Agreement provides as follows:

> Licensee's Remedies. Licensee's sole and exclusive remedies for any damages or loss in any way connected with the Software or Services furnished by SAP and its licensors, whether due to SAP's negligence or breach of any other duty, shall be, at SAP's option:  (i) to bring the performance of the Software into substantial compliance with the functional specifications; (ii) re-performance of Services; or (iii) return of an appropriate portion of any payment made by Licensee to the SAP Reseller with respect to the applicable portion of the Software or Services.

License Agreement ¶ 9.3.

Before these provisions are enforceable against Hodell, you must find both of the following:

(a) that SAP and Hodell expressly agreed that the remedy(ies) described in these

provisions were to be the only remedies available to Hodell upon a breach of

warranty by SAP; and

(b) that the provisions did not prevent Hodell from receiving conforming goods within a

reasonable time following the agreed-upon delivery date.

If you find for SAP on both of these points, then Hodell is not entitled to recover any type or amount of damages excluded by the License Agreement.

**Authority:  O.J.I. CV 505.53**; Ohio Rev. Code Ann. § 1302.93.