# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **HODELL-NATCO INDUSTRIES, INC.** ) <br><br> **Plaintiff,** ) <br><br> **v.** ) <br><br> **SAP AMERICA, INC., et al.** ) <br><br> **Defendants.** ) | **CASE NO. 1:08 CV 2755** <br><br> **JUDGE DONALD C. NUGENT** |

## SAP'S NOTICE OF SUBPOENA TO TESTIFY AND PRODUCE DOCUMENTS AT TRIAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) and Rule 45 of the Federal Rules of Civil Procedure, Defendants SAP America, Inc. and SAP AG, Inc. (collectively "Defendants" or "SAP") through its attorneys, serve this subpoena on Plaintiff Hodell-Natco Industries, Inc. ("Hodell") to assign a corporate designee to produce documents and attend trial to offer testimony on June 15, 2015 at 8:30am, at Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113. *See* **Exhibit A.** The testimony will continue from day to day until complete, with such adjournments as may be necessary.

In accordance with Rule 30(b)(6) and Rule 45 of the Federal Rules of Civil Procedure, Hodell is hereby notified of its obligation to designate one or more officers, directors, or managing agents, or other persons who consent to testify and produce documents on Hodell's behalf with respect to matters set forth on the attached Exhibit A. Hodell shall provide SAP with the name(s) of the designated individual(s) and the category(ies) for which they have been designated. The individual(s) so designated shall be required to testify as to each of those matters. SAP reserves the

1

right to seek relief in the event that the designated individual(s) is (are) not properly prepared to

testify on behalf of Hodell on the identified matters.

Dated:  _6/10/15_

Drinker Biddle & Reath LLP

By: _____
Gregory J. Star
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

*Attorneys for Defendants*
SAP America, Inc. and SAP AG

2

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | |
|---|---|
| Hodell-Natco Industries, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:08 CV 2755 |
| SAP America, Inc., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Hodell-Natco Industries, Inc.

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place: Carl B. Stokes U.S. Court House<br>801 West Superior Avenue<br>Cleveland, Ohio 44113 | Courtroom No.: 15A |
| | Date and Time: 06/15/2015 8:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

See attached letter.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/10/2015

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Gregory J. Star* |
| Signature of Clerk or Deputy Clerk | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Defendant
SAP America, Inc. and SAP AG   , who issues or requests this subpoena, are:

Gregory J. Star, Esq.,                                      Gregory.Star@dbr.com
One Logal Square, Suite 2000, Philadelphia, PA 19104    Telephone: (215)988-2700l Facsimile: (215)988-2757

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:08 CV 2755

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00     .

I declare under penalty of perjury that this information is true.

Date: ____06/10/2015____

                                                  _____
                                                       *Server's signature*

                                                  _____
                                                    *Printed name and title*

                                                  _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO 30(b)(6) SUBPOENA

### INSTRUCTIONS

For purpose of responding to the subpoena, the following instructions shall apply:

A.     Each request for production of a document or documents shall be deemed to be a request for the production of the original document or documents, to the extent that they are in or subject to, directly or indirectly, your control.  In addition, each request should be considered as including all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (*e.g.* by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereto).

B.     Each request that seeks information relating in any way to Communications to, from, or within a business and/or corporate entity is hereby designated to mean, and should be construed to include, all Communications by and between representatives, employees, agents and/or servants of the business and/or corporate entity.

F.     These requests for production are continuing and should you acquire any additional documents responsive to these requests, the responses shall be supplemented to provide the additional documents in accordance with the applicable Court Rules.

G.     Electronically stored information ("ESI") should be produced, as far as reasonably possible, in the following formats:

i.     **General Format**.  Except as noted below, ESI may be produced in either native format or TIFF format with linked text files for all ESI that is searchable in the ordinary course of business.

ii.     **TIFFs**. Images should be delivered as 300 D.P.I. Group IV compression single-page TIFFs. TIFF images shall be clearly labeled to show redacted, privileged, non-responsive, or otherwise protected material.  If documents are in color and produced in black and white, they shall be labeled as such.  To the extent any document is produced in TIFF format, SAP reserves the right to request particular documents be produced in native format with all of their meta data and embedded data intact (including any metadata created or stored in any document management program).

iii.     **Unique IDs**. Each image should have a unique file name and should be named with the Bates number assigned to it.

iv.     **Text Files**. Document level extracted text files should be provided. Each document text file should be named according to the Bates or production number of the first page of the document to which it applies. Text from redacted pages should be produced in OCR format rather than extracted text.

v.      **Database Load Files/Cross-Reference Files**. Documents should be provided with an IPRO delimited file and Concordance delimited file.  Such files shall include the following field information for each document to the extent it exists: author, recipients (cc's and bcc's), source (e.g. pathname), date of creation, and last modified date.

vi.      **Spreadsheets**. In spreadsheets all hidden columns shall be exposed.  SAP reserves the right to request some or all spreadsheets produced in native format.

vii.      **PowerPoints**.  To the extent PowerPoints are produced and the originals contain speaker notes, the speaker notes shall be produced.

## DOCUMENT REQUESTS AND 30(b)(6) TOPICS

1.      The contracts or other agreements between Hodell and any Representative Agency, as identified during the deposition of Jaime Clarke.  (Representative Agency shall include, but not be limited to, any company, individual, agent, or third-party that solicited business on behalf of or represented Hodell in the process of selling its products.  As identified by Mr. Clarke, this shall include, but not be limited to, the following companies: R.L. English Company, Glen Levy Sales, McCormick and Associates, and Bob Bunce.

2.      The Hodell marketing literature and product literature used by any Representative Agency, as identified during the deposition of Jaime Clarke.

3.      All communications, including but not limited to e-mails, between Hodell (and its representatives), LSi, IBIS, Dale Van Leeuwen and/or Daniel Lowery since November 21, 2008.