IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., | ) | CASE NO. 1:08-CV-2755 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **BRIEF IN OPPOSITION TO THE SAP** |
| | ) | **DEFENDANTS' "MOTION FOR** |
| SAP AMERICA, INC., et al. | ) | **RECONSIDERATION OF SAP'S MOTION** |
| | ) | **FOR SUMMARY JUDGMENT ON THE** |
| Defendants. | ) | **ISSUE OF AGENCY"** |

Plaintiff Hodell-Natco Industries Inc. ("Hodell") submits the following Brief in Opposition to the SAP Defendants' "Motion for Reconsideration of SAP's Motion For Summary Judgment on the Issue of Agency."

Because the issues raised in SAP's Motion have already been addressed, briefed, and subjected to extensive oral argument, Hodell's Opposition will be short and to the point. This issue has already been decided against SAP *twice*. Judge White overruled these arguments two years ago in his Report and Recommendation [ECF #182] and Judge Wells correctly adopted Judge White's sound reasoning over one year ago. [ECF #192]. SAP has raised nothing new in the instant motion and its agency argument should be rejected for the same reasons previously articulated by Judge White and adopted by Judge Wells.

**I.    SAP Did Not Move For Summary Judgment On The Issue of Agency**

It is improper for SAP to characterize its filing as a "motion for reconsideration" because SAP *never* moved the Court for summary judgment on this issue in the first place.

While SAP disputed Hodell's assertion that LSi and IBIS acted as SAP's actual or apparent agents in selling the SAP Business One software, it did not actually move the Court for

a ruling on this issue. Rather, it addressed the issue only on a reactionary basis in response to Hodell's Opposition Brief.

Pursuant to Fed.R.Civ.P. 10(c), Hodell incorporates by reference the arguments set forth on Pages 7 through 11 of its Brief in Opposition to the SAP Defendants' Motion for Summary Judgment [ECF #162]. Hodell demonstrated therein that LSi acted with actual or apparent authority to market the Business One software to Hodell. As discussed below, two federal court judges correctly ruled that material issues of fact permeated the agency issue. It is improper for SAP to move for reconsideration on this issue when it never moved the Court for relief on this issue. The issue of whether LSi and/or IBIS acted as SAP's agent is one that must be decided by a jury. It may not be resolved on motion practice. SAP's motion for reconsideration should be denied for this reason alone.

**II.     Judge White And Judge Wells Correctly Held that Fact Issues Exist As To Whether LSi and IBIS Acted As SAP's Actual or Apparent Agent And There Is No Reason to Revisit Those Sound Decisions**

There is no reason to revisit the decisions of two federal judges that correctly ruled against SAP. Even though SAP's Motion for Summary Judgment did not actually raise the arguments it now asserts, SAP was given full due process to convince the Court that it was correct, including in its Summary Judgment Reply Brief, during oral argument presided over by Judge White in February 2013, and in its Objections to Judge White's Report and Recommendation.

After full briefing and oral argument, Judge White issued a well-reasoned Report and Recommendation that held a reasonable jury could find that LSi was acting with actual or apparent authority when marketing the Business One software to Hodell. In fact, Judge White's Report and Recommendation ruled in Hodell's favor on this issue in two separate passages:

1. Page 9, Fn 7: "Hodell has cited sufficient evidence in its brief …to at least create a genuine issue of material fact as to whether SAP clothed LSi or IBIS with apparent authority.  Furthermore, there is evidence, if credited, that the representations were actually made by SAP and simply relayed by LSi/IBIS."

2. Page 11: "However, the evidence is sufficient to support a finding by reasonable jurors that SAP, *directly and/or through third parties that it held out as agents and/or partners*, represented to Hodell that its B1 software could handle at least 250 users and, by implication, the 120 user licenses that Hodell purchased." (Emphasis added).

Perhaps most telling is the fact that SAP made virtually no effort to object to Judge White's holdings in its Objections to Judge White Report and Recommendation.  While SAP's Objections made a passing reference to Judge White's holding, it merely referred the Court back to its summary judgment arguments.  [*See* SAP Objections to R&R, ECF #187 at p. 6].  SAP made no effort to develop the record or its argument on the issue of agency, and certainly made no effort to explain why Judge White's analysis or conclusion was incorrect.

SAP thus waived its right to assign error to Judge White's opinion on appeal.  "'[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'"  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Thus, Judge Wells acted well within her authority to adopt Judge White's holding, and she correctly stated:  "The Court agrees with the Magistrate Judge's observation that 'factual issues remain whether SAP could be found liable through a theory of apparent agency or agency by estoppel.'  SAP does not provide a convincing argument to the contrary."  [ECF #192 at p. 11].

### III. Disclaimers of Agency in the Reseller Agreement and the License Agreement Are Not Dispositive.

SAP's untimely arguments cannot resolve the fact that the issue of agency is one that is reserved for the trier of fact. The Court has already held that the jury is entitled to consider the issue of actual or apparent agency for at least the following reasons:

1. SAP argues that the reseller agreement – an agreement that is solely between LSi and SAP – states that LSi is an independent contractor and not the agent of SAP. This argument is completely irrelevant to the issue of apparent authority, as it is undisputed (and Judge White correctly noted) that Hodell never saw the LSi/SAP reseller agreement. As to the issue of actual authority, this contractual language is but one factor the jury may consider when deliberating the issue. And as discussed below, this isolated disclaimer in an internal document that Hodell never saw is buried by mountains of evidence to the contrary.

2. SAP argues that the License Agreement between Hodell and SAP disclaims any agency relationship between SAP and LSi. SAP fails to inform the Court that Hodell *never* saw the License Agreement until December 2005 – by which time it was already obligated to purchase Business One pursuant to the Development Agreement. In fact, before the License Agreement was even presented to it, Hodell had already paid at least *$277,500* for Business One licenses.

3. The Court has already held repeatedly that Hodell may pursue claims against SAP for making fraudulent misrepresentations regarding Business One with regard to the Development Agreement transaction – a transaction that the Court has always treated as separate and distinct from the License Agreement. The Development Agreement was signed over one year before the License Agreement, and the Development Agreement contractually obligated Hodell to purchase Business One. SAP has never objected to the Court's holding that Hodell

4

may pursue a separate claim for fraud relating to the Development Agreement transaction despite several opportunities to do so.

4. If the License Agreement was fraudulently induced, SAP cannot rely upon its terms nor use them to distort the reality of its relationship with LSi. Furthermore, SAP AG is precluded from relying upon on the terms of the License Agreement to shield itself from liability because the Court held previously that SAP AG was not a party to the License Agreement. *See* ECF No. 61 at 8-9. SAP AG cannot have it both ways: because SAP AG successfully argued it was not a party to the License Agreement, it cannot also use the terms of the License Agreement to avoid agency liability.

5. Throughout the briefing of this issue, SAP has ignored well-established Ohio law that a contractual provision purporting to disclaim agency is not conclusive of the question of whether an agency relationship in fact exists. In fact, a contractual agency disclaimer is merely one factor to be considered by the court in evaluating whether an agency relationship exists.

The case of *Cooley v. Valero Energy Corp.*, 2012 U.S. Dist. LEXIS 40291 (S.D.Ohio Mar. 20, 2012) is emblematic of this point. In *Cooley*, the plaintiff alleged that he had been mistreated and discriminated against at a gas station operated by the defendant sublicensees according to a franchise agreement with defendant gasoline distributor. The distributor moved to dismiss, arguing that the agency disclaimer in the franchise agreement shielded it from liability. *Id.* at 12. The court disagreed, however, stating that the disclaimer was "not dispositive." *Id.* at 13, citing *Agosto v. Leisure World Travel, Inc.*, 36 Ohio App.2d 213, 216, 304 N.E.2d 910 (10th Dist. 1973). Evidence that the distributor maintained the ability to exercise control over various aspects of the franchisee's operation, as well as the fact that the franchisee prominently used and displayed the distributor's trade name, created a genuine issue of material fact as to both actual

and apparent agency. *Cooley* at 13-19. *See also Agosto*, 36 Ohio App.2d at 217 (genuine issue of material fact existed regarding agency relationship, despite contractual agency disclaimer, because the "public is entitled to assume that transactions" with a party authorized to use the principal's business or trade name "are transactions with the [principal]"); *Ray v. R.A. Zeis*, 6th Dist. Erie No. E-92-02, 1992 Ohio App. LEXIS 6045, 7-8, 11 (Dec. 4, 1992) (genuine issue of material fact existed regarding agency relationship, despite contractual agency disclaimer, where alleged principal provided alleged agent's name to plaintiffs and received a percentage of fees charged by alleged agent).

Ohio law on this point is in agreement with the Restatement of the Law 3d, Agency, Section 1.02 (2006), which states that "[w]hether a relationship is characterized as agency in an agreement between parties or in the context of industry or popular usage is not controlling." *See also id.* at Comment a ("Although agency is a consensual relationship, how the parties to any given relationship label it is not dispositive."). In addition, authorities from across the country concur with the Restatement and Ohio law. *See, e.g.*, *Bartholomew v. Burger King Corp.*, 15 F.Supp.3d 1043, 1049 (D.Haw. 2014) (contractual agency disclaimer "will not, by itself, defeat liability where the circumstances indicate that the requisite control exists."); *Shaw v. Delta Airlines, Inc.*, 798 F.Supp. 1453, 1457 (D.Nev. 1992) ("[I]t is clear that a clause negating agency in a written contract is not controlling.") (citing federal and state cases); *Mohr v. Grantham*, 262 P.3d 490, 498 (Wash. 2011) (contractual agency disclaimer was "but one factor to consider" where "other relevant considerations" indicated agency relationship existed); *C&J Vantage Leasing Co. v. Outlook Farm Golf Club, LLC*, 784 N.W.2d 753, 760 (Iowa 2010) (contractual agency disclaimer "is not necessarily conclusive as to the non-existence of such a relationship") (quotation marks and citation omitted).

The assertion that isolated agency disclaimers in the Reseller Agreement and the License Agreement are dispositive of the agency issue is wrong. Consideration of all the facts of the case shows that, despite SAP's agency disclaimers, LSi and IBIS were in fact SAP's agents and therefore their statements and actions are attributable to SAP. The issue of actual or apparent agency is one that can only be resolved by the jury at trial.

### III. Conclusion

Based upon the foregoing, SAP's arguments on the issue of agency should be rejected for a fourth time.

Dated: June 12, 2015	Respectfully submitted,

/s/ *P. Wesley Lambert*
Christopher J. Carney (0037597)
Sharon A. Luarde (0071625)
P. Wesley Lambert (0076961)
BROUSE MCDOWELL
600 Superior Ave. E., Suite 1600
Cleveland, Ohio 44114
(216) 830-6830 phone
(216) 830-6807 fax
CCarney@brouse.com
SLuarde@brouse.com
WLambert@brouse.com
*Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 12, 2015, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document through the Court's electronic filing system.

/s/ *P. Wesley Lambert*
P. Wesley Lambert, Esq. (0076961)
*Attorney for Plaintiff Hodell-Natco Industries, Inc.*

936094