IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HODELL-NATCO INDUSTRIES, INC., | ) CASE NO. 1:08-CV-2755 |
| | ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) **BRIEF IN OPPOSITION TO THE SAP** |
| | ) **DEFENDANTS' "MOTION FOR** |
| SAP AMERICA, INC., et al. | ) **RECONSIDERATION OF MOTION *IN*** |
| | ) ***LIMINE* NO. 4 TO PRECLUDE PLAINTIFF** |
| Defendants. | ) **FROM EXPANDING ITS FRAUD CLAIMS** |
| | ) **AND MAKING ASSERTIONS OF** |
| | ) **FRAUDULENT CONDUCT BEYOND THE** |
| | ) **SCOPE OF ITS FIRST AMENDED** |
| | ) **COMPLAINT"** |

Plaintiff Hodell-Natco Industries Inc. ("Hodell") submits the following Brief in Opposition to the SAP Defendants' "Motion for Reconsideration of Motion *In Limine* No. 4 to Preclude Plaintiff from Expanding its Fraud Claims and Making Assertions of Fraudulent Conduct Beyond the Scope of Its First Amended Complaint."

Because the issues raised in SAP's Motion have already received extensive briefing and argument, Hodell's Opposition will be short and to the point. SAP's Motion does not identify any particular piece of evidence that it claims is inadmissible or cite any Rule of Evidence it claims is being violated. Instead, SAP's Motion *in Limine* and Motion for Reconsideration are procedurally improper requests to have this Court resolve substantive legal issues that are dispositive of the merits of this case without engaging the protective mechanisms provided under Rules 12 and 56. SAP's request is improper for a motion *in limine,* was properly denied by the Court, and does not necessitate reconsideration. [See Order dated Oct. 10, 2014].

**I.      SAP's Motion Was Procedurally Improper and Should Not be Reconsidered**

As an initial matter, pursuant to Fed.R.Civ.P. 10(c), Hodell incorporates by reference the arguments set forth in its "Brief in Opposition to the SAP Defendants' Motion in Limine No. 4" [ECF #239]. As noted therein, SAP's Motion *in Limine* No. 4 is nothing more than an improper attempt to relitigate factual and legal issues previously argued by the parties and addressed by the Court. Through its motion, SAP essentially seeks dismissal of claims asserted by Hodell, known to SAP throughout discovery, and explained in detail in Hodell's Opposition to SAP's Motion for Summary Judgment. [ECF #162]. SAP had every opportunity to address these claims[1] and move for their dismissal, but failed to do so. Accordingly, SAP may not now utilize a motion *in limine* (or the instant motion for reconsideration) to resurrect these untimely arguments. For this reason, Judge Wells properly denied SAP's original motion on October 10, 2014 and this Court should not reconsider that decision.

A motion *in limine* should only be granted if it is shown by the movant that the proffered evidence is "clearly inadmissible on all potential grounds." *Indiana Ins. Co. v. GE*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). If the court is unable to determine whether or not certain evidence is clearly inadmissible, it should defer ruling until trial. *Id.* Thus, motions *in limine* are proper only for addressing obvious and discrete evidentiary issues such as admissibility, probative value, or prejudicial effect. *Dunn v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274 (E.D. Mich. 2009) ("Motions in limine are meant to deal with discrete evidentiary issues related to trial."). Motions *in limine* are not proper, however, for addressing dispositive issues of fact or law. *Infocision Mgmt. Corp. v. Found. For Moral Law, Inc.*, 5:08cv1342, 2011 U.S. Dist. LEXIS 80266, *24 (N.D. Ohio July 22, 2011); *Dunn*, *supra* at 274-75 ("Motions in limine …are

---

[1] SAP directly addressed these issues on the merits in its Reply Brief in support of Summary Judgment. [ECF #163, pp. 28-29].

2

not another excuse to file dispositive motions," and "[t]he denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case [or] preclude the non-moving party from presenting its case.")

Indeed, the Sixth Circuit recently held that dispositive motions masquerading as motions *in limine* should not be considered by district courts. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) ("Where, as here, the motion in limine is no more than a rephrased summary-judgment motion, the motion should not be considered.") Instead, as recognized by the Court in *Louzon*, dispositive motions—such as a motion to dismiss under Rule 12(B)(6) or motion for summary judgment under Rule 56—provide the proper mechanism to address substantive arguments regarding the legal or factual sufficiency of a party's claims. *Id.* at 561; *see also Am. Home Assur. Co. v. Greater Omaha Packing Co.*, 8:11CV270, 2014 U.S. Dist. LEXIS 99433, *4 (D. Neb. July 22, 2014) (motion *in limine* was improper where it required court to "resolve a legal issue that is central to the merits of the case."); *Hendrian v. Safety-Kleen Sys., Inc.*, 08-14371, 2014 U.S. Dist. LEXIS 3638, *34 (E.D. Mich. Jan. 13, 2014) (motion *in limine* was procedurally improper where is sought relief that was "dispositive in nature."); *Provident Life & Accident Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997) (summary judgment—not motion *in limine*—was the proper procedural vehicle for addressing sufficiency of party's defense).

Permitting a party to utilize a motion *in limine* to litigate matters that were or could have been addressed in a dispositive motion "not only allows those dissatisfied with the court's initial ruling a chance to relitigate [the issue], but also deprives their opponents of the procedural protections" afforded by the Civil Rules. *Louzon*, *supra* at 561; *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069-70 (3d Cir. 1990) (noting that motions *in limine* are not subject to

the same procedural safeguards as motions for summary judgment). This is because motions *in limine* do not provide the same standards for determination and do not provide the non-moving party the same opportunity to develop a record in opposition. *See, e.g., Meyer Intellectual Props, Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012) (district court's conversion of a motion in limine to a motion for summary judgment did not "allow for a full development of the evidence and deprived [the party] of an opportunity to present all pertinent material to defend against the dismissal.").

Here, SAP's Motion does not raise questions about the admissibility of certain evidence or even purport to address objections under the Rules of Evidence, but instead raises arguments regarding dispositive legal issues that have been or could have been addressed through a dispositive motion made pursuant to Rules 12 or 56.[2]

In sum, SAP had the benefit of several years of discovery when it moved for summary judgment, had full notice that Hodell considered its fraud claims to encompass SAP's fraudulent concealment (pre- and post-contract), and had every opportunity to move to dismiss those claims based upon the legal arguments asserted in its Motion *in limine* and Motion for Reconsideration. However, SAP failed to bring those motions, has waived its right to raise these arguments, and under well established Sixth Circuit case law cannot resort to moving *in limine* to obtain its requested relief.[3] Accordingly, this Court properly denied SAP's Motion *in Limine* No. 4 and should further deny SAP's Motion for Reconsideration.

---

[2] A summary review of SAP's Motion for Reconsideration proves this point. The legal argument within SAP's Motion does not address evidentiary admissibility at all, but instead focuses solely on whether Hodell can establish its claims for pre- and post-contractual fraud *as a matter of law*.

[3] Notably, Judge White previously ruled that SAP waived its Fed.R.Civ.P. 9(b) defense regarding the alleged insufficiency of Hodell's complaint when SAP failed to move for a more definite statement. [R&R at p. 15]. SAP never cured this and never moved for a more definite statement. Thus, any argument under Fed.R.Civ.P. 9(b) is improper.

### II. Hodell's Claims Are Proper Under Ohio Law

Even if the Court were inclined to consider the merits of SAP's Motion *in Limine* No. 4 and Motion for Reconsideration—which it should not—the Court must nonetheless deny SAP's motions because Hodell's claims for pre- and post-contractual fraudulent concealment are sufficient as a matter of law. SAP argues at length that Ohio law precludes Hodell from asserting claims for fraudulent concealment: (1) in the absence of a "special relationship" between the parties; or (2) where the parties' duties are governed by a written contract. [ECF #324 at pp. 4, 5]. Both assertions, however, misstate Hodell's claims and the applicable law.

It is well established under Ohio law that a party has a duty to disclose material information that is necessary to dispel misleading impressions or assumptions created by its partial revelation of facts. *See, e.g., Escue v. Sequent, Inc.*, 2:09-cv-765, 2010 WL 3365933, *7 (S.D. Ohio Aug. 24, 2010) ("[F]ull disclosure may be required of a party to a business transaction where such disclosure is necessary to dispel misleading impressions that are or might have been created by partial revelation of the facts.") (citing *Blon v. Bank One, Akron, N.A.*, 35 Ohio St. 3d 98, 101, 519 N.E.2d 363 (1988); *Miles v. Perpetual Savings & Loan Co.*, 58 Ohio St. 2d 93, 97, 388 N.E.2d 1364 (1979)); *Word of God Church v. Stanley*, 2011-Ohio-2073, ¶ 26 (Ohio App. 2d Dist. 2011) ("The existence of a fiduciary duty or other special relationship is not always required before a duty to disclose arises." Instead, the duty may arise when "*full disclosure is necessary to dispel misleading impressions that are or might have been created by partial revelation of the facts.*") (emphasis in original). Thus, Hodell's assertion that SAP had a duty to disclose certain information in order to dispel misleading impressions and assumptions is not insufficient as a matter of law.

Specifically, SAP, and its business partner LSi, had a pre-contractual duty to disclose any

5

material information necessary to dispel misleading impressions or assumptions regarding the viability and capabilities of Business One that were created by SAP's marketing literature and representations made during the sales process. To the extent that SAP argues that its literature and representations did not create misleading impressions or assumptions upon which Hodell relied, such an issue is one of fact that must be resolved by the jury. [R&R at pp. 15-16]. Accordingly, Hodell's claims for pre-contractual fraudulent concealment are not insufficient as a matter of law and cannot be dismissed at this stage of the litigation.

Similarly, SAP had a duty to disclose to Hodell any material information necessary to dispel the misleading impressions and assumptions regarding its ability and willingness to remedy the issues Hodell was experiencing with Business One. This duty exists separate from SAP's contractual duties under the License Agreement because it arose from the affirmative representations SAP made regarding its ability to address Hodell's issues with Business One even when it knew that Business One was the wrong software solution for Hodell – something that SAP clearly knew, but kept silent about, for over six months after Hodell went "live" on Business One. Accordingly, Hodell's claims for post-contractual fraud are not insufficient as a matter of law and cannot be dismissed at this stage of the litigation.

### III.  Conclusion

Based upon the foregoing, SAP's Motion for Reconsideration must be denies for the same reasons the Court correctly denied SAP's Motion *in Limine* No. 4 eight months ago.

Dated:  June 12, 2015            Respectfully submitted,

                      /s/ *P. Wesley Lambert*
                      Christopher J. Carney (0037597)
                      Sharon A. Luarde (0071625)
                      P. Wesley Lambert (0076961)
                      BROUSE MCDOWELL
                      600 Superior Ave. E., Suite 1600
                      Cleveland, Ohio 44114
                      (216) 830-6830 phone
                      (216) 830-6807 fax
                      CCarney@brouse.com
                      SLuarde@brouse.com
                      WLambert@brouse.com
                      *Attorneys for Plaintiff Hodell-Natco*
                      *Industries, Inc.*

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on June 12, 2015, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document through the Court's electronic filing system.

                <u>/s/ *P. Wesley Lambert*</u>
                P. Wesley Lambert, Esq. (0076961)
                *Attorney for Plaintiff Hodell-Natco Industries, Inc.*

936123