IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HODELL-NATCO INDUSTRIES, INC., ) | CASE NO. 1:08-CV-2755 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | **BRIEF IN OPPOSITION TO THE SAP** |
| ) | **DEFENDANTS' "MOTION FOR** |
| SAP AMERICA, INC., et al. ) | **RECONSIDERATION OF THE VIABILITY** |
| ) | **OF PLAINTIFF'S TORT CLAIMS"** |
| Defendants. ) | |

Plaintiff Hodell-Natco Industries Inc. ("Hodell") submits the following Brief in Opposition to the SAP Defendants' "Motion for Reconsideration of the Viability of Plaintiff's Tort Claims."

The issues raised in this Motion have already received two rounds of exhaustive briefing and oral argument, have been considered by two federal judges, and have been decided *against* SAP every time. Because these issues have already received such extensive consideration, Hodell's Opposition will be short and to the point: SAP repeatedly mischaracterizes the nature of Hodell's claims and misstates the applicable law. SAP's Motion—which seeks dispositive adjudication of legal issues almost three (3) years after the deadline for such motions and more than one year after this Court's adjudication of summary judgment—does not provide the Court any new legal support for its requested relief and its arguments should be rejected for the same reasons previously articulated by Judge White and adopted by Judge Wells. SAP's untimely, unwarranted motion should be denied.

**I.       This Court Need Not Reconsider Legal Issues that Have Been Fully and Extensively Argued by the Parties and Decided Against SAP.**

The issues raised within SAP's Motion for Reconsideration have been extensively argued by the parties and decided against SAP *twice.* SAP raised and argued these exact same issues in both its Motion to Dismiss [ECF No. 36] and its Motion for Summary Judgment [ECF No. 110]. On both occasions, Hodell fully and adequately opposed SAP's request for relief [ECF Nos. 40, 155, and 162], and SAP filed a reply in support [ECF Nos. 41 and 163].

Judge Greg White *twice* heard oral argument on these very same issues [*See* ECF Nos. 51 and 178]. Thereafter, Judge White correctly recommended denial of SAP's Motion to Dismiss [ECF No. 50] and Motion for Summary Judgment [ECF No. 182] finding that the economic loss doctrine *did not* bar Hodell's claims for fraud[1] and that Hodell's allegations, if proven true, could constitute fraud under Ohio law.[2] Subsequently, Judge Wells, recognizing the soundness of Judge White's reasoning and analysis, adopted both Reports and Recommendation in whole. [ECF No. 61 at pp. 15; ECF No. 162 at pp. 25].

These issues have been thoroughly considered by two separate judges of this Court and have been correctly decided in accordance with Ohio law on each occasion. SAP has not shown the Court any new or additional support justifying its motion for reconsideration, but rather repeats the same unsuccessful arguments in an abrupt and incomplete fashion. SAP's Motion for Reconsideration is untimely, as it was filed an entire year after adjudication of summary judgment and more than *four years* after the denial of its motion to dismiss. Additional motion

---

[1] *See* ECF No. 50 at pp. 20 – 22 (rejecting SAP's argument that Ohio's economic loss rule barred claims for fraud, fraudulent inducement, or negligent misrepresentation and stating, "It does not appear that Ohio courts intended to extend the economic loss rule beyond negligence actions to bar intentional torts as well. Indeed it is a rare case where fraud or fraud in the inducement results in non-economic damages. SAP's all-encompassing construction of the economic loss rule would effectively eviscerate the viability of fraud and fraudulent inducement tort claims.").

[2] *See* ECF No. 182 at pp. 9 – 12 (setting forth the evidence from which a reasonable jury might find SAP committed fraud or fraudulent inducement) and pp. 21 – 25 (finding that Hodell's claims for fraud, fraudulent inducement, and negligent misrepresentation were not barred by the parol evidence rule).

practice is unwarranted and should not be entertained by this Court.

**II.    Judge White and Judge Wells Correctly Held That Hodell's Claims for Fraud, Fraudulent Inducement, and Negligent Misrepresentation Were Not Barred by the Economic Loss Doctrine or Precluded By Ohio Law.**

Even if the Court decides to address SAP's arguments a fifth time, the outcome is no different. As correctly determined in the Court's multiple prior rulings, SAP's legal arguments are wrong.

Ohio law clearly indicates that the economic-loss doctrine *does not* apply to intentional tort claims such as fraud. In fact, "[s]uch a proposition is replete in the case law; courts have repeatedly rejected application of the doctrine to intentional torts." *ODW Logistics, Inc. v. Karmaloop, Inc.*, Nos. 2:12-cv-996, 2:13-cv-270, 2014 U.S. Dist. LEXIS 9615, 11 (S.D.Ohio Jan. 27, 2014), citing *Medpace, Inc. v. Biothera, Inc.*, No. 1:12-cv-179, 2013 U.S. Dist. LEXIS 48817, 15-16 (S.D.Ohio Apr. 4, 2013); *Pride of the Hills Mfg., Inc. v. Range Resoures-Appalachia*, No. 5:09CV02764, 2011 U.S. Dist. LEXIS 59794, 19-20 (N.D.Ohio May 27, 2011); *Hodell-Natco Indus. v. SAP Am., Inc.*, No. 1:08-cv-02755, 2010 U.S. Dist. LEXIS 143144, 35 (N.D.Ohio Sept. 2, 2010); *Reengineering Consultants, Ltd. v. EMC Corp.*, No. 2:08-cv-47, 2009 U.S. Dist. LEXIS 2627, 16 (S.D.Ohio Jan. 14, 2009).

As Judge White correctly recognized in his Report and Recommendation of September 2, 2010, this Court has refused to "extend the economic loss doctrine to negligent misrepresentation claims." *See* ECF No. 50 at 20, citing *J.F. Meskill Enterps., LLC v. Acuity*, No. 05-cv-2955, 2006 U.S. Dist. LEXIS 41491, 12 (N.D.Ohio Apr. 7, 2006); *Long v. Time Ins. Co.*, 572 F.Supp.2d 907, 912 (S.D.Ohio 2008); *Lee v. Dublin Manor Corp.*, No. 2:06-cv-0533, 2007 U.S. Dist. LEXIS 56703, 19 (S.D.Ohio Aug. 3, 2007); *see also HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1032 (6th Cir. 2003) (noting that "the economic loss rule does

not apply to claims for negligent misrepresentation") (citation omitted). Accordingly, despite SAP's assertions, none of Hodell's claims are "precluded" by the economic-loss doctrine.

SAP's argument that Hodell's tort claims should be dismissed because "Hodell has ultimately been unable to point to a promise or obligation that arose outside of the License Agreement" is untrue. Under Ohio law, SAP owed Hodell duties and obligations regardless of the parties' contractual relationship. As Judge Wells correctly noted in her Memorandum of Opinion and Order of March 31, 2014, Ohio law recognizes "a common law duty to refrain from making fraudulent representations to induce a party to enter a contract." ECF No. 192 at 12, citing *Onyx Envtl. Servs. v. Maison*, 407 F.Supp.2d 874, 879 (N.D.Ohio 2005). Furthermore, the Ohio Supreme Court has recognized that a party to a business transaction has a duty to disclose information to another party "where such disclosure is necessary to dispel misleading impressions that are or might have been created by partial revelation of the facts." *Blon v. Bank One, Akron, N.A.*, 35 Ohio St.3d 98, 101, 519 N.E.2d 363 (1988); *see also MV Circuit Design, Inc. v. Omnicell, Inc.*, No. 1:14 CV 2028, 2015 U.S. Dist. LEXIS 37688, 24 (N.D.Ohio Mar. 24, 2015) (citing *Blon*).

Ohio law requires parties to refrain from engaging in tortious conduct toward one another regardless of their contractual relationship. *See, e.g.*, *Mulch Mfg., Inc. v. Advanced Polymer Solutions, LLC*, 947 F.Supp.2d 841, 857 (S.D.Ohio 2013) (refusing to apply economic-loss doctrine where plaintiff's "non-contractual claims are all based upon Defendants' duties–*independent from any contractual obligation in this case*–not to engage in deceptive, misleading, and/or fraudulent practices in the course of their business relationship") (emphasis added); *MedChoice Fin., LLC v. ADS Alliance Data Sys., Inc.*, 857 F.Supp.2d 665, 672 (S.D.Ohio 2012) (recognizing that fraudulent inducement claim "implicate[s] a positive duty to avoid wrongful

4

conduct that induces a party to continue its obligations under a contract when it would not otherwise have done so").

Finally, SAP's argument that Hodell has not presented evidence of its tort damages ignores the deposition testimony of Hodell's CEO, Otto Reidl. Reidl testified that Hodell's claimed damages consist of a number of different components, including the costs of acquiring and implementing Business One, lost productivity costs and increased expenses, increased bank debt, the loss of a major acquisition, and the lost return on Hodell's investment in Business One.. *See* Deposition of Otto Reidl, Vol. 2, Feb. 8, 2012, at 330-336. The economic-loss doctrine does not bar claims for damages that are distinct from damages recoverable under the contract. *See, e.g.*, *MedChoice*, 857 F.Supp.2d at 672 (economic-loss doctrine did not bar fraud claim where "some of the damages suffered by the Bank may also be recoverable in connection with the Bank's breach of contract claims, [but] others will not be"); *ITS Fin., LLC v. Advent Fin. Servs., LLC*, 823 F.Supp.2d 772, 783 (S.D.Ohio 2011) (economic-loss doctrines inapplicable where plaintiff "seeks damages distinct from and in addition to damages caused by Advent's breach of contract"). Even so, Judge Wells correctly noted in her Order denying SAP's Motion to Dismiss that while contract and tort damages cannot be duplicative, the issue of what damages will ultimately be recovered will be determined at trial.

The damages described by Reidl are "distinct from and in addition to" damages caused by SAP's breach of contract, and therefore are not barred by the economic-loss doctrine. SAP argues that Hodell "agreed to an express limitation of liability provision which . . . disclaimed damages for lost profits and other special, incidental, or consequential damages." ECF No. 322 at 8. According to SAP's own theory, therefore, some of Hodell's damages are "distinct from and in addition to" the damages available to Hodell under the contract. *See Karmaloop*, 2014

5

U.S. Dist. LEXIS 9615 at 17 (noting that damages available on tort claim were "in addition to those attributable to the breach of contract" due to contract's limitation on damages).

This argument fails for at least two other reasons, SAP AG has successfully argued that it is not liable to Hodell under the License Agreement, and thus, Hodell has no contractual damages available to it against SAP AG. Further, the Court has already held several times that both SAP defendants can be liable for fraud related to the Development Agreement.

### III. Conclusion

Based upon the foregoing, SAP's Motion for Reconsideration should be denied.

Dated: June 12, 2015

Respectfully submitted,

/s/ *P. Wesley Lambert*
Christopher J. Carney (0037597)
Sharon A. Luarde (0071625)
P. Wesley Lambert (0076961)
BROUSE MCDOWELL
600 Superior Ave. E., Suite 1600
Cleveland, Ohio 44114
(216) 830-6830 phone
(216) 830-6807 fax
CCarney@brouse.com
SLuarde@brouse.com
WLambert@brouse.com
*Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 12, 2015, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document through the Court's electronic filing system.

/s/ *P. Wesley Lambert*
P. Wesley Lambert, Esq. (0076961)
*Attorney for Plaintiff Hodell-Natco Industries, Inc.*

936592