IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., | ) | CASE NO. 1:08-CV-2755 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO QUASH THE SAP** |
| SAP AMERICA, INC., et al. | ) | **DEFENDANTS' "NOTICE OF SUBPOENA** |
| | ) | **TO TESTIFY AND PRODUCE** |
| Defendants. | ) | **DOCUMENTS AT TRIAL UNDER** |
| | ) | **FEDERAL RULE OF CIVIL PROCEDURE** |
| | ) | **30(b)(6)"** |

Plaintiff Hodell-Natco Industries, Inc. ("Hodell") submits the following Memorandum in Support of its Motion to Quash the SAP Defendants' "Notice of Subpoena to Testify and Produce Documents at Trial under Federal Rule of Civil Procedure 30(b)(6)."

**I.** **SAP's Subpoena is an Improper Attempt to Obtain New Discovery When the Discovery Deadline Passed Nearly Three Years Ago.**

At the outset, SAP's subpoena should be quashed because it is an improper attempt to obtain discovery long after the expiration of the discovery deadline. The discovery deadline for fact-witness depositions in this case was August 3, 2012. SAP had ample opportunity to obtain the requested testimony and documents in the course of discovery, but failed to do so.

Multiple cases from the Sixth Circuit Court of Appeals, in nearly identical circumstances to those presented here, agree that a court should not condone a party's attempt to circumvent the discovery deadline by use of subpoenas after the deadline has already passed. *See Thomas v. City of Cleveland*, 57 Fed. Appx. 652, 654 (6th Cir. 2003) (trial court did not err by quashing subpoena served after discovery deadline, particularly since discovery deadline was already

extended twice); *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) ("Because the plaintiff here had adequate opportunity to discover this material through the normal discovery process, the district court did not abuse its discretion in quashing the subpoena."); *Ghandi v. Police Dept. of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984) (trial court did not err by quashing subpoena because "the record demonstrates that plaintiffs were given ample opportunity to complete discovery before trial").

It bears emphasizing that in each of those cases, the quashed subpoenas were issued shortly before trial. *See Thomas* at 654 (subpoena served "the day before trial"); *Buhrmaster* at 464 (subpoena issued "on the eve of trial"); *Ghandi* at 354 (subpoena served "while the case was on 24-hour call for trial").

This Court should follow the clear lead of the Sixth Circuit and reject SAP's impermissible attempt to circumvent the discovery deadline. For this reason alone, SAP's subpoena should be quashed.

**II.     SAP Cannot Compel a Party to Produce a Rule 30(b)(6) Witness at Trial.**

SAP's motion should also be quashed because it is procedurally improper. Rule 30(b)(6) refers to "depositions" of corporate representatives, not trial testimony. The proper vehicle for compelling trial testimony is a Rule 45 subpoena. A party cannot compel trial testimony from a Rule 30(b)(6) witness via a Rule 45 subpoena. *See, e.g.*, *Dopson-Troutt v. Novartis Pharms. Corp.*, 295 F.R.D. 536, 539-540 (M.D.Fla. 2013) (quashing trial subpoena issued to defendant seeking testimony of a "Corporate Representative"), citing *Hill v. Natl. R.R. Passenger Corp.*, No. 88-5277, 1989 U.S. Dist. LEXIS 9011 (E.D.La. July 28, 1989); *United Tort Claimants v. Quorum Health Res., LLC (In re Otero County Hosp. Assn.)*, No. 11-11-13686, 2014 Bankr. LEXIS 384, 65-66 (Bankr.D.N.Mex. Jan. 15, 2014) ("[I]n order to require a corporation to

designate a representative, a litigant must rely on [Rule 30(b)(6)]. Rule 30(b)(6) applies to *deposition* testimony, not trial testimony. For this reason Rule 30(b)(6) may not be used in conjunction with Rule 45 to serve a subpoena on a corporation for purposes of securing trial testimony without naming a particular individual.") (emphasis original).

Accordingly, SAP's attempt to compel Hodell to produce a "corporate designee" to testify at trial is plainly inappropriate.

### III. The Documents Sought by SAP are Irrelevant to the Claims and Defenses at Issue, and Production of the Documents Would Impose an Undue Burden on Hodell.

SAP's subpoena should also be quashed pursuant to Federal Rules of Evidence 401 and 403 and Federal Rule of Civil Procedure 45. The subpoena requests three categories of documents: (1) "contracts or other agreements between Hodell and any Representative Agency, as identified during the deposition of Jaime [sic] Clark"; (2) "Hodell marketing literature and product literature used by any Representative Agency, as identified during the deposition of Jaime [sic] Clark"; and (3) "[a]ll communications, including but not limited to e-mails, between Hodell (and its representatives), LSi, IBIS, Dale van Leeuwen and/or and [sic] Daniel Lowery since November 21, 2008." The documents in categories (1) and (2) are not relevant, and even if the documents in category (3) are relevant, being ordered to produce them on the final business day before trial represents an undue burden on Hodell.

Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Federal Rule of Evidence 403 states that evidence may be excluded, even if relevant, "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Federal Rule of Civil

3

Procedure 45(d)(3)(A) states that the court "*must* quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." (Emphasis added).

The documents requested in categories (1) and (2) are not relevant to any facts that are "of consequence in determining the action." Hodell fails to see how its agreement(s) with any Representative Agency have any bearing on the claims at issue in this lawsuit. Even if the agreements may be obliquely relevant to a fact of consequence, presentation of such agreements would run afoul of the dangers presented in Rule 403: confusing the issues, misleading the jury, and needlessly delaying and wasting time on tangential issues.

Category (3) represents an extremely broad request for "all communications" between Hodell (and any of its "representatives") and four persons or entities. SAP made no attempt to limit the scope of this request to relevant information. Even if SAP had done so, however, the request would still represent an undue burden on Hodell: a production of almost seven years' worth of communications, including paper documents in addition to e-mails, would entail a massive effort at any time–much less in the weekend before trial begins. Quite simply, SAP could have requested this information during discovery, but failed to do so. For the reasons stated in Rule 45(d)(3)(A), as well as those stated above in Section I, this is grounds for quashing the subpoena.

### IV. Due to SAP's Baseless and Harassing Conduct, Hodell Requests an Award of Attorney's Fees.

Hodell respectfully requests that the Court impose appropriate sanctions, including but not limited to awarding Hodell its reasonable attorney's fees, due to SAP's violation of the Civil Rules. Rule 45(d)(1) states that the party issuing a subpoena "must take reasonable steps to

avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonably attorney's fees—on a party or attorney who fails to comply." SAP's conduct evinces a disregard for its duties under Rule 45(d)(1).

SAP's counsel first attempted to serve the subpoena on Hodell's counsel via e-mail on June 10, 2015. Hodell's counsel informed SAP's counsel that it would not accept service of the subpoena, that the subpoena was procedurally improper, and that if SAP insisted on serving the subpoena, Hodell would move to quash it and request costs associated with doing so. Despite Hodell's good-faith attempt to forestall SAP's improper subpoena, SAP made no attempts to alter the subpoena in an attempt to comply with its duties under Rule 45(d)(1).[1]

As set forth above, SAP's subpoena represents a clear attempt to circumvent the discovery deadline, impose an undue burden on Hodell, and harass and annoy Hodell and its counsel in the final days before trial. SAP's subpoena is so clearly procedurally improper that Hodell should be awarded its costs under Rule 45(d)(1). *See, e.g.*, *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013) (holding Rule 45(d)(1) sanctions are appropriate "when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law") (citations omitted).

V. **Conclusion**

Based upon the foregoing, SAP's Notice of Subpoena should be quashed and Hodell should be awarded its attorneys' fees and costs incurred in responding thereto.

---

[1] Hodell also notes that SAP apparently served a similar Rule 30(b)(6)/Rule 45 subpoena on Dan Lowery of LSi.

Dated: June 12, 2015

Respectfully submitted,

/s/ *P. Wesley Lambert*
Christopher J. Carney (0037597)
Sharon A. Luarde (0071625)
P. Wesley Lambert (0076961)
BROUSE MCDOWELL
600 Superior Ave. E., Suite 1600
Cleveland, Ohio 44114
(216) 830-6830 phone/(216) 830-6807 fax
CCarney@brouse.com
SLuarde@brouse.com
WLambert@brouse.com
*Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

937009