# APPENDIX

Unpublished Opinions Cited in Brief

Ⓐ Neutral
As of: June 12, 2015 4:35 PM EDT

# *Thomas v. City of Cleveland*

United States Court of Appeals for the Sixth Circuit

January 30, 2003, Filed

No. 01-3064

**Reporter**
57 Fed. Appx. 652; 2003 U.S. App. LEXIS 1797

JAMES THOMAS, JR., Plaintiff-Appellant, v. CITY OF CLEVELAND, et al., Defendants-Appellees.

**Notice:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Subsequent History:** US Supreme Court certiorari denied by *Thomas v. Cleveland, 157 L. Ed. 2d 385, 124 S. Ct. 480, 2003 U.S. LEXIS 8121 (U.S., 2003)*

**Prior History:** On Appeal from the United States District Court for the Northern District of Ohio. 98-02671. Nugent. 12-19-00.

**Disposition:** Affirmed.

## Core Terms

district court, district judge, discovery, police officer, subpoena, issues, granting summary judgment, voir dire

## Case Summary

### Procedural Posture

Plaintiff arrestee, who appeared pro se, sued defendants, a city and police officers, for wrongful arrest under *42 U.S.C.S. § 1983* and state law. The United States District Court for the Northern District of Ohio granted summary judgment in favor of the city. The district court also granted judgment as a matter of law to the police officers on the federal claim, and a jury found in favor of the officers on the state claims. The arrestee appealed.

### Overview

The arrestee first challenged the district court's denial of his third request for an extension of the discovery deadline date. The was no abuse of discretion because the district court granted two extensions totaling 120 days and, after the second extension, warned the arrestee that no further extensions would be granted. Summary judgment in favor of the city was proper because the arrestee failed to show that that the arresting officers acted pursuant to a municipal custom or policy. The arrestee's allegations that the district judge should have recused himself because he had been an assistant prosecuting attorney and state court judge were without merit. Further, the judge's comments to the arrestee during the course of the trial were not prejudicial. To the extent there was any prejudice it was cured by the court's instruction to the jury. Finally, the arrestee waived his argument on appeal that the verdict was against the manifest weight of the evidence because he did not move for a judgment as a matter of law or new trial. The fact that the district court did not inform him of this requirement did not excuse the failure to file even if he did appear pro se.

### Outcome

The appellate court affirmed the decision of the district court.

## LexisNexis® Headnotes

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Criminal Law & Procedure > ... > Standards of Review > Abuse of Discretion > Discovery

*HN1* An appellate court reviews a district court's decisions on discovery for abuse of discretion.

Civil Procedure > Discovery & Disclosure > Discovery > Subpoenas

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

57 Fed. Appx. 652, *652; 2003 U.S. App. LEXIS 1797, **1

*HN2* The decision to quash a subpoena is within the sound discretion of a district court.

Civil Procedure > Discovery & Disclosure > General Overview

Civil Procedure > ... > Discovery > Misconduct During Discovery > Motions to Compel

Civil Procedure > Discovery & Disclosure > Discovery > Subpoenas

*HN3* It is not an abuse of discretion to deny a motion to compel or to quash a subpoena where the discovery was sought and the subpoena was served after a twice-extended discovery deadline.

Civil Procedure > Appeals > Summary Judgment Review > General Overview

Civil Procedure > Appeals > Summary Judgment Review > Standards of Review

Civil Procedure > Appeals > Standards of Review > De Novo Review

*HN4* An appellate court reviews de novo a district court's grant of summary judgment.

Civil Procedure > ... > Summary Judgment > Motions for Summary Judgment > General Overview

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > General Overview

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Appropriateness

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Legal Entitlement

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Materiality of Facts

*HN5* Summary judgment is appropriate when there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*. In deciding a motion for summary judgment, a court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party.

Civil Rights Law > ... > Elements > Color of State Law > State-Authorized Actions

Governments > Local Governments > Claims By & Against

Governments > Local Governments > Employees & Officials

Governments > Local Governments > Police Power

*HN6* A city is responsible for a constitutional violation committed by its employee if the plaintiff shows that a municipal custom or policy caused the alleged violation.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Criminal Law & Procedure > ... > Standards of Review > Abuse of Discretion > General Overview

*HN7* An appellate court reviews a denial of a motion to recuse for abuse of discretion.

Civil Procedure > Judicial Officers > Judges > General Overview

Civil Procedure > ... > Inability to Proceed > Disqualification & Recusal > General Overview

Evidence > ... > Judicial Intervention in Trials > Comments by Judges > General Overview

Governments > Courts > Judges

*HN8* A trial judge in federal court must rule upon objections and conduct a trial in an orderly way with a view to eliciting the truth and attaining justice between the parties. When a judge's remarks or handling of a trial clearly demonstrates a hostility to one of the parties, the judge may indicate, whether consciously or not, a personal bias and prejudice which renders the resulting judgment invalid.

Civil Procedure > ... > Jurors > Selection > General Overview

Civil Procedure > ... > Jurors > Selection > Voir Dire

*HN9* The content and conduct of voir dire questioning is committed to a district court's sound discretion.

Civil Procedure > ... > Jury Trials > Jury Instructions > General Overview

Evidence > Inferences & Presumptions > General Overview

*HN10* A jury will be presumed to have followed instructions correctly as given.

Civil Procedure > Parties > Pro Se Litigants > General Overview

Civil Procedure > Parties > Pro Se Litigants > Pleading Standards

*HN11* The United States Supreme Court has stated that the pleadings of pro se litigants are held to a less stringent standard than formal pleadings drafted by lawyers. The courts, however, have no duty to educate or train pro se litigants on the law or the procedure for preserving issues for appeal.

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Preservation for Review

Civil Procedure > ... > Standards of Review > Substantial Evidence > General Overview

Civil Procedure > ... > Standards of Review > Substantial Evidence > Preservation for Appeal

*HN12* Where a district court is not given the opportunity to correct any errors that might have occurred during a trial, a plaintiff does not preserve his right to challenge the sufficiency of the evidence in support of the verdict on appeal.

**Counsel:** JAMES THOMAS, JR., Plaintiff - Appellant, Pro se, Cleveland, OH.

For CITY OF CLEVELAND, Defendant - Appellee: Hilary S. Taylor, Gary A. Vick, Jr., Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH.

For CITY OF CLEVELAND, Defendant - Appellee: Awatef Assad, City of Cleveland Law Department, Office of Director of Law, Cleveland, OH.

**Judges:** Before: GUY and MOORE, Circuit Judges; BECKWITH, District Judge. *

# Opinion

[*653]  **Before: GUY and MOORE, Circuit Judges; BECKWITH, District Judge.** *

[**2] **PER CURIAM.** Plaintiff, James Thomas, Jr., appeals from the grant of summary judgment in favor of defendant, the City of Cleveland (City), and the judgment after a jury trial in favor of defendants, Cynthia Hall and Rhonda Gray. Many of the issues raised by plaintiff, proceeding *pro se*, are not sufficiently developed to permit this court to respond. [1] We have identified the following issues for review: (1) whether the district court erred in refusing to extend or compel discovery and in quashing a subpoena; (2) whether the district court erred in granting summary judgment to the City; (3) whether the district judge erred in refusing to disqualify himself; (4) whether plaintiff was denied a fair

trial by the district judge's conduct; and (5) whether the verdict was against the manifest [*654] weight of the evidence. After reviewing the arguments, the record, and the applicable law, we affirm.

### I.

Plaintiff was involved [**3] in an automobile accident in Cleveland, Ohio. Defendant Hall, a police officer for the City, responded to the accident. A second police officer, defendant Gray, and a supervisor, Lieutenant James Oryl, were subsequently called to the scene. While the plaintiff's and the officers' descriptions of what occurred that day differed dramatically, there was agreement that plaintiff did not produce a driver's license when asked by Officer Hall. Plaintiff claimed that he was verbally abused, patted down for weapons, physically assaulted, and illegally arrested by the officers. The officers testified that plaintiff was arrested for driving without a license and aggravated disorderly conduct after he refused to cooperate in the investigation of the accident and verbally and physically threatened the officers.

Plaintiff thereafter brought this action alleging violations of his civil rights under *42 U.S.C. § 1983* and several state law claims. The district court granted summary judgment to the City finding that plaintiff had produced no evidence which would indicate that any policy or the City's training of its police officers was constitutionally inadequate. [2] A jury trial [**4] was held on the remaining issues against the two police officers: the federal claim of illegal arrest and the state law claims of assault and battery, false arrest, and false imprisonment. The district court granted judgment as a matter of law to the police officers on the federal claim, and the jury returned a verdict on the state law claims in favor of the police officers. This appeal followed.

### II.

#### A. Discovery Challenges

*HN1* We review a district court's decisions on discovery for abuse of discretion. *Singleton v. United States, 277 F.3d 864, 870 (6th Cir. 2002)*. *HN2* The decision to quash a subpoena is also within the sound discretion of the district

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

[1]  Plaintiff also has not filed a joint appendix in compliance with *Fed. R. App. P. 30*.

[2]  The district court also granted summary judgment on a federal illegal seizure claim and a state intentional infliction of emotional distress claim against the police officers. Plaintiff does not challenge these decisions on appeal.

court. *Ghandi v. Police Dept., 747 F.2d 338, 354 (6th Cir. 1984).*

The district court [**5] granted plaintiff two extensions of the discovery cutoff date after he represented that he was about to retain an attorney to assist him in responding to defendants' discovery requests. He now challenges the denial of the third request for an extension. We find no abuse of discretion because the district court granted two extensions totaling 120 days and, after the second extension, warned plaintiff that no further extensions would be granted.

Plaintiff also challenges the denial of his motion to compel answers to discovery and the quashing of his subpoena served on the City the day before the trial. Plaintiff subpoenaed the same records sought in discovery. *HN3* It was not an abuse of discretion to deny the motion to compel or to quash the subpoena where the discovery was sought and the subpoena was served after the twice-extended discovery deadline. *See Buhrmaster v. Overnite Transp. Co., 61 F.3d 461, 464 (6th Cir. 1995).*

**B. Summary Judgment**

*HN4* We review *de novo* the district court's grant of summary judgment. *See, e.g., Smith v. Ameritech, 129 F.3d 857, 863 (6th Cir. 1997).* *HN5* Summary judgment is appropriate when there are no issues of material [**6] fact in dispute, and the moving party is [*655] entitled to judgment as a matter of law. *FED. R. CIV. P. 56(c).* In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).*

Plaintiff's claims against the City were based on its employment of the police officers. *HN6* A city is responsible for a constitutional violation committed by its employee if the plaintiff shows that a municipal custom or policy caused the alleged violation. *See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692-94, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978).* In this case, summary judgment was proper because the plaintiff did not produce any evidence of a custom or policy that was the cause of the alleged constitutional deprivations.

**C. Disqualification of District Judge**

*HN7* We review the denial of a motion to recuse for abuse of discretion. *United States v. Hartsel, 199 F.3d 812, 815 (6th Cir. 1999).* Plaintiff's motion was based on "potential areas of conflict of [**7] interest due to police and city involvement." Plaintiff pointed to the fact that the district judge had served in the Marines, been an assistant prosecuting attorney and judge on the Ohio Court of Common Pleas, and participated in various *pro bono* activities. None of this demonstrated a personal bias against plaintiff, nor did it present a conflict of interest that would prevent the district judge from presiding over the trial. *See Gen. Aviation, Inc. v. Cessna Aircraft Co., 915 F.2d 1038, 1043 (6th Cir. 1990).* The district court did not abuse its discretion in denying the motion.

**D. Denial of Fair Trial**

Plaintiff argues that the district judge's comments demonstrated hostility towards him, and denied him a fair trial. In one instance, the district judge admonished plaintiff not to make faces, and warned plaintiff that he was facing a fine or "time" after plaintiff made the same objection four times in a row and continued to argue about the judge's decision to overrule the objection.

*HN8* A trial judge in federal court must rule upon objections and conduct the trial in an orderly way with a view to eliciting the truth and attaining justice between the parties. [**8] *Knapp v. Kinsey, 232 F.2d 458, 466 (6th Cir. 1956).* When a judge's remarks or handling of a trial clearly demonstrates a hostility to one of the parties, the judge may indicate, whether consciously or not, a personal bias and prejudice which renders the resulting judgment invalid. *Id.* While it is apparent that the district judge expressed his displeasure over plaintiff's actions in continually objecting and arguing with the court's rulings, a review of the entire record shows that plaintiff was not denied a fair trial. It is apparent that the district judge was attempting to maintain order and move the case along. Plaintiff has not shown that the district court's comments were so pervasive as to show bias or prejudice. [3]

[**9] Moreover, the district court specifically instructed the jury not to draw any inferences from any acts or comments made by the court:

> You will draw no inference of any kind from the manner in which the Court has [*656] ruled on any

---

[3] Plaintiff also argues the district court caused prejudice by refusing to ask his proposed questions on *voir dire. HN9* The content and conduct of *voir dire* questioning is committed to the district court's sound discretion. *Eisenhauer v. Burger, 431 F.2d 833, 836 (6th Cir. 1970).* In this case, the district court conducted the *voir dire.* When asked whether he had any questions not asked by the court on *voir dire*, plaintiff responded "No, just that they would be fair, that's it." Based on this record, we can find no abuse of discretion or prejudice to plaintiff. Plaintiff also claims he was prejudiced by a story used by the district judge to explain bias to the jury on *voir dire.* Plaintiff

57 Fed. Appx. 652, *656; 2003 U.S. App. LEXIS 1797, **9

question of law, nor will you, because of any expression or other act of the Court, infer the Court entertains any notion whatsoever as to the facts of this case.

The Court must not, and therefore does not, seek to invade the province of the jury in determining the issues which the jury is called upon to decide.

Insofar as you are concerned, the Court has no opinion on the matters which it is the jury's responsibility to decide.

To the extent there was any prejudice arising from the district court's comments or actions, it was cured by the court's instruction to the jury. *See Holmes v. City of Massillon, 78 F.3d 1041, 1046-47 (6th Cir. 1996). HN10* A jury will be presumed to have followed instructions correctly as given. *Conwood Co. v. U.S. Tobacco Co., 290 F.3d 768, 794 (6th Cir. 2002)*, cert. denied. *154 L. Ed. 2d 850, 123 S. Ct. 876, 2003 U.S. LEXIS 268*, S. Ct. __, *2003 WL 102537, 71 U.S.L.W. 3319* (U.S. Jan. 13, 2003) (No. 02-603).

**[**10]  E. Manifest Weight of the Evidence**

On appeal, plaintiff argues that the verdict was against the manifest weight of the evidence, but he did not move for a judgment as a matter of law or new trial. He argues he did not do so because the district court did not inform him of this requirement. *HN11* The Supreme Court in *Haines v. Kerner, 404 U.S. 519, 520-21, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972)*, stated that the pleadings of *pro se* litigants are held to a less stringent standard than formal pleadings drafted by lawyers. The courts, however, have no duty to educate or train *pro se* litigants on the law or the procedure for preserving issues for appeal. *HN12* Because the district court was not given the opportunity to correct any errors that might have occurred during the trial, plaintiff did not preserve his right to challenge the sufficiency of the evidence in support of the verdict on appeal. *See Young v. Langley, 793 F.2d 792, 794 (6th Cir. 1986)*. In any event, our review of the record establishes that the verdict is supported by the weight of the evidence. [4]

[**11]

---

claims the story inferred that his brother's testimony was false or fraudulent. Our review of the record shows absolutely no merit to this argument.

[4]  Plaintiff also claims that the district court did not instruct the jury on the elements of disorderly conduct. The district court, however, did so instruct the jury; and plaintiff raised no objections to the instructions before the jury was sent into deliberations.


Cited
As of: June 12, 2015 4:39 PM EDT

## *Hill v. National R. Passenger Corp.*

United States District Court for the Eastern District of Louisiana

July 28, 1989, Decided, Filed, and Entered

Civil Action No. 88-5277

Reporter
1989 U.S. Dist. LEXIS 9011

CHARLES HILL v. THE NATIONAL RAILROAD PASSENGER CORPORATION, et al

## Core Terms

subpoena, deposition, designating, REASONS, argues

## Case Summary

### Procedural Posture

Defendant railroad passenger company filed a motion to quash plaintiff individual's trial subpoena which designated 13 areas of inquiry and was served on a the railroad passenger company through an agent.

### Overview

The individual filed an application to issue a trial subpoena which designated 13 specific areas of inquiry and served the subpoena upon a railroad corporation through its agent for service. The railroad passenger company filed a motion to quash the subpoena and claimed that the railroad corporation could not be served in that fashion for trial. The court granted the motion to quash, granted the subpoena, and ordered the subpoena quashed. The court held that there was no provision allowing the use of *Fed. R. Civ. P. 30(b)(6)* type designation of areas of inquiry or permitting service of a subpoena on a corporation through an agent for service of process. *Fed. R. Civ. P. 45* provided the proper procedure to compel a person to testify at trial.

### Outcome

The court granted the railroad passenger company's motion to quash, granted the individual's subpoena, and ordered the subpoena quashed.

## LexisNexis® Headnotes

Civil Procedure > ... > Pleadings > Service of Process > General Overview

Civil Procedure > ... > Service of Process > Methods of Service > Service on Agents

Civil Procedure > ... > Service of Process > Methods of Service > Service on Corporations

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

Civil Procedure > Discovery & Disclosure > Discovery > Subpoenas

**HN1** *Fed. R. Civ. P. 30(b)(6)* specifically applies to the deposition of a corporation. *Fed. R. Civ. P. 45* provides the proper procedure by which a person may be compelled to testify at a trial. There is no provision allowing the use of the *Fed. R. Civ. P. 30(b)(6)* type designation of areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at the trial.

**Opinion by:** [*1] LIVAUDAIS, JR.

## Opinion

### ORDER AND REASONS

MARCEL LIVAUDAIS, JR., UNITED STATES DISTRICT JUDGE

Defendant National Railroad Passenger Corporation ("Amtrak") has filed a motion to quash a trial subpoena issued upon the application of the plaintiff to the "National Railroad Passenger Corporation" through an agent for service and designating thirteen separate areas of inquiry. Amtrak argues that a corporation cannot be served in this fashion for trial, although certainly it can be served in this

1989 U.S. Dist. LEXIS 9011, *2

manner for a corporate deposition under *Rule 30(b)(6) of the Federal Rules of Civil Procedure*. The plaintiff argues that there is no specific prohibition in the Federal Rules against compelling the appearance of a corporation at a trial through the use of a 30(b)(6) deposition subpoena.

*HN1* *Rule 30(b)(6)* specifically applies to the *deposition* of a corporation. *Rule 45 of the Federal Rules of Civil Procedure* provides the proper procedure by which a person may be compelled to testify at a trial. There is no provision allowing the use of the 30(b)(6)-type designation of areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person, [*2] who may be a corporate employee outside the subpoena power of the court, to testify at the trial. Further, plaintiff has not pointed the Court to any specific authority allowing such a procedure nor has the Court found any authority supporting the plaintiff's position.

Accordingly, for the above and foregoing reasons,

IT IS ORDERED that the motion of Amtrak to quash the subpoena directed to the National Railroad Passenger Corporation be hereby GRANTED and the subpoena is hereby GRANTED and the subpoena is hereby QUASHED.

New Orleans, Louisiana, this 28 day of July, 1989.

A Neutral

As of: June 12, 2015 4:48 PM EDT

# United Tort Claimants v. Quorum Health Res., LLC (In re Otero County Hosp. Ass'n)

United States Bankruptcy Court for the District of New Mexico

January 15, 2014, Entered on Docket

No. 11-11-13686 JL, Separate Adversary Proceedings (Adversary Nos. 12-1204j, 12-1205j, 12-1206j, 12-1207j, 12-1208j, 12-1209j, 12-1210j, 12-1211j, 12-1212j, 12-1213j, 12-1214j, 12-1215j, 12-1216j; 12-1218j, 12-1219j, 12-1220j, 12-1221j, 12-1222j, 12-1223j; 12-1235j; 12-1238j, 12-1239j, 12-1240j, 12-1241j, 12-1242j, 12-1243j, 12-1244j, 12-1245j, 12-1246j, 12-1247j, 12-1248j, 12-1249j, 12-1251j, 12-1252j, 12-1253j, 12-1254j, 12-1255j, 12-1256j, 12-1257j, 12-1258j, 12-1259j, 12-1260j, 12-1261j; 12-1271j, 12-1276j; and 12-1278j), Misc. No. 13-0007 J

## Reporter

2014 Bankr. LEXIS 384; 2014 WL 184984

In re: OTERO COUNTY HOSPITAL ASSOCIATION, INC., Debtor.UNITED TORT CLAIMANTS, as individuals,[1] Plaintiffs, v. QUORUM HEALTH RESOURCES, LLC, Defendant.

**Subsequent History:** Summary judgment denied by, Sanctions disallowed by *United Tort Claimants v. Quorum Health Resources, LLC (In re Otero County Hosp. Ass'n), 2014 Bankr. LEXIS 2690 (Bankr. D.N.M., June 11, 2014)*

Summary judgment denied by *United Tort Claimants v. Quorum Health Res., LLC (In re Otero County Hosp. Ass'n), 514 B.R. 315, 2014 Bankr. LEXIS 3212 (Bankr. D.N.M., 2014)*

Later proceeding at *United Tort Claimants v. Quorum Health Res., LLC (In re Otero County Hosp. Ass'n), 527 B.R. 719, 2015 Bankr. LEXIS 650 (Bankr. D.N.M., 2015)*

## Core Terms

Disclosures, fact witness, witnesses, corporate liability, deposition, discovery, depose, Identification, parties, individuals, Issues, protective order, designate, pretrial, authenticate, disclose, damages, state court, purposes, additional witnesses, expert report, final witness, discoverable, impeachment, hearsay rule exception, adversary proceeding, relevant information, admissibility, reservation, renew motion

## Case Summary

### Overview

HOLDINGS: [1]-With respect to fact witness disclosures required to comply with a case management order incorporating *Fed. R. Civ. P. 26(a)(1)(A)*, plaintiffs' general reservation of the right to add new witnesses undermined the parties' intended purpose when they agreed to an expedited fact witness discovery period and crafted the case management order such that undisclosed witnesses would not be able to testify. Therefore, no legal effect would be given to any such general reservation; [2]-With respect to numerous witnesses plaintiffs listed who did not appear to have testimony relevant for corporate liability trial, plaintiff was required to identify any listed witnesses that had not been deposed and that plaintiffs intended to call at corporate liability trial; [3]-Plaintiffs could depose defendant's high-level executives for a limited period so long as certain conditions were met.

### Outcome

Motion granted in part, and denied in part.

## LexisNexis® Headnotes

Civil Procedure > Discovery & Disclosure > Disclosure > General Overview

*HN2* See *Fed. R. Civ. P. 26(a)(1)(A)*.

Civil Procedure > Discovery & Disclosure > Disclosure > General Overview

*HN1* *Fed. R. Civ. P. 26(a)(1)(A)* requires all parties early in the case to exchange information regarding potential

---

[1]  The individual adversary proceedings identified in the caption have been consolidated for purposes of determining corporate liability issues. The Plaintiffs in those adversary proceedings together are called the "United Tort Claimants." This is the name the Plaintiffs have designated for referring to them as a group.

witnesses. One major purpose of these initial disclosures is to accelerate the exchange of basic information about the case. _Rule 26_ also contains a separate provision requiring the parties to identify the witnesses they expect, or may need, to call at trial. _Fed. R. Civ. P. 26(a)(3)(A)_.

Civil Procedure > Discovery & Disclosure > Disclosure > General Overview

**HN3** See _Fed. R. Civ. P. 26(a)(3)(A)(i)_.

Civil Procedure > Discovery & Disclosure > Disclosure > General Overview

**HN4** Unlike the initial disclosures required under _Fed. R. Civ. P. 26(a)(1)(A)(i)_, the pretrial disclosures required under _Fed. R. Civ. P. 26(a)(3)(A)(i)_ do not include a requirement for the disclosing party to identify the subjects of information relating to each disclosed individual. The additional pretrial disclosures required under _Fed. R. Civ. P. 26(a)(3)(A)(i)_ are timely if filed 30 days before the trial date. _Fed. R. Civ. P. 26(a)(3)(B)_.

Civil Procedure > Discovery & Disclosure > Disclosure > General Overview

**HN5** _Fed. R. Civ. P. 26(a)(1)(A)_ requires that each party disclose, for each individual likely to have discoverable information, the subjects of that information, if the disclosing party may use the individual to support its claims or defenses, unless the use would be solely for impeachment. While a party is not required to provide a detailed narrative of the potential witness' knowledge, the _Rule 26(a)(1)(A)_ disclosure should provide enough information that would allow the opposing party to help focus the discovery that is needed and to determine whether a deposition of a particular person identified as a potential witness might be necessary. When information about disclosed witnesses is known to a party, the party is not excused from providing it merely because he believes defendants already have knowledge of these individuals and their contact information.

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

**HN6** The apex doctrine bars the deposition of high-level executives absent a showing of their unique personal knowledge of relevant facts. The United States Court of Appeals for the Tenth Circuit has neither adopted nor rejected the apex doctrine, though at least one Federal District Court in New Mexico seems to have applied it. In considering whether to preclude a high-level executive from having to appear for deposition, the court should be guided

by the standards articulated in _Fed. R. Civ. P. 26(c)_. Under _Rule 26(c)_, the court may preclude a deposition to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. _Fed. R. Civ. P. 26(c)(1)_. The "apex doctrine" is a formulation of a standard for applying this provision of _Rule 26(c)(1)_.

Civil Procedure > Discovery & Disclosure > Disclosure > Sanctions

**HN7** When a party fails to make the required disclosures under _Fed. R. Civ. P. 26_, _Fed. R. Civ. P. 37(c)(1)_ provides that such party will not be permitted to use the undisclosed witness or information as evidence at trial or otherwise unless the failure to disclose was substantially justified and harmless to opposing parties. _Fed. R. Civ. P. 37(c)(1)_. The court has broad discretion to determine whether the failure to disclose is justified or harmless. In exercising this discretion, the court is not required to make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose but should be guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

Civil Procedure > Discovery & Disclosure > Disclosure > Sanctions

**HN8** See _Fed. R. Civ. P. 37(c)(1)_.

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

**HN9** _Fed. R. Civ. P. 30(b)(6)_ specifically contemplates that a party may serve a subpoena for deposition on a corporation who must then designate a representative to testify with respect to the particular matters identified by the requesting party. But in order to require a corporation to designate a representative, a litigant must rely on that rule. _Rule 30(b)(6)_ applies to deposition testimony, not trial testimony. For this reason _Fed. R. Civ. P. 30(b)(6)_ may not be used in conjunction with _Fed. R. Civ. P. 45_ to serve a subpoena on a corporation for purposes of securing trial testimony without naming a particular individual. _Fed. R. Civ. P. 26(a)(1)(A)(i)_ requires identification of each individual likely to have discoverable information. _Fed. R. Civ. P. 26(a)(1)(A)(i)_. To discharge the requirement of _Rule 26(a)(1)(A)(i)_ that a party identify individuals with knowledge of discoverable information the party may call at trial to support a claim or defense, it is incumbent on the party to take depositions pursuant to _Rule 30(b)(6)_ to identify the individuals.

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

HN10 See *Fed. R. Civ. P. 30(b)(6)*.

Civil Procedure > ... > Methods of Discovery > Depositions > Oral Depositions

Civil Procedure > Discovery & Disclosure > Discovery > Subpoenas

HN11 *Fed. R. Civ. P. 30(b)(6)* specifically applies to the deposition of a corporation. *Fed. R. Civ. P. 45* provides the proper procedure by which a person may be compelled to testify at trial. There is no provision allowing the use of the 30(b)(6)-type designation of areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at trial.

**Counsel:** [*1] For Otero County Hospital Association, Inc., dba Gerald Champion Regional Medical Center, dba Mountain View Catering, Debtor (11-13686-j11): Craig H. Averch, Roberto J. Kampfner, White & Case, LLP, Los Angeles, CA; Spencer Lewis Edelman, Modrall Sperling Roehl, Harris & Sisk PA, Albuquerque, NM; Lauren Christie Fujiu, White & Case LLP, Los Angeles, CA; Ronald Kevin Gorsich, White & Case LLP, Los Angles, CA; Jeremy Harrison, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, NM; Robert G. Heyman, Sutin, Thayer & Browne, APC, Albuquerque, NM; Charles R. Hughson, Rodey, Dickason, Sloan, Akin & Robb, P.A, Albuquerque, NM; William R Keleher, Albuquerque, NM; Jennifer A Noya, Modrall Sperling Roehl et al, Albuquerque, NM; John D. Wheeler, Alamogordo, NM.

For United States Trustee, U.S. Trustee (11-13686-j11): Alice Nystel Page, Office of U.S. Trustee, Albuquerque, NM.

For Gilbert C. Marquez, Marie Marquez, Plaintiffs (12-01204-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01204-j): John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, McClaugherty [*2] & Silver PC, Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01204-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01204-j): Matthew S. Rappaport, Miller, Stratvert, P.A., Las Cruces, NM; Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Annabelle Lindley, Jearl Lindley, M.D., Plaintiffs (12-01205-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01205-j): William W. Drury, Phoenix, AZ; John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01205-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM; John D. Wheeler, Alamogordo, NM.

For Cecil Lunceford, Gayle Lunceford, Plaintiffs (12-01206-j): [*3] Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01206-j): William W. Drury, Phoenix, AZ; John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01206-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01206-j): Matthew S. Rappaport, Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Tony S. Chavez, Rita Chavez, Plaintiffs (12-01207-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01207-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, [**4] NM.

For White Sands Health Care Systems, LLC, Defendant (12-01207-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01207-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Maria Nora Coyazo, Plaintiff (12-01208-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01208-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01208-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Gayle Lunceford, Cecil Lunceford, Plaintiffs (12-01209-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01209-j): [**5] William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01209-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Shirley Hubert, Plaintiff (12-01210-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01210-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01210-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01210-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; [**6] Lawrence R White, Las Cruces, NM.

For James Cross, Wanda Cross, Plaintiffs (12-01211-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01211-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01211-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01211-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Laurie K Baker, Ronald Baker, Plaintiffs (12-01212-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos. 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01212-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty [**7] & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01212-j): Lee M. Rogers, Jr.,Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01212-j): Matthew S. Rappaport, Miller, Stratvert, P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Phillis Barnett, Plaintiff (12-01213-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01213-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant: Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant: Matthew S. Rappaport, Miller, Stratvert, P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For James R Boren, Plaintiff (12-01214-j): Bernard R Given, II, **[*8]** Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01214-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01214-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01214-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For David L Burton, Helen Burton, Plaintiffs (12-01215-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01215-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver,

P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant **[*9]** (12-01215-j): John A Frase, John D. Wheeler, Alamogordo, NM.

For Frank Bryant, M.D., Defendant (12-01215-j): Matthew S. Rappaport, Miller, Stratvert, P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Melissa Mackechnie, Plaintiff (12-01216-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01216-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01216-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For John F O'Byrne, Laverne O'Byrne, Plaintiffs (12-01218-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01218-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, **[*10]** Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01218-j): John A Frase, John D. Wheeler, Alamogordo, NM.

For Frank Bryant, M.D., Defendant (12-01218-j): Matthew S. Rappaport, Miller, Stratvert, P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Edna O Chavez, John I Chavez, Plaintiffs (12-01219-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01219-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01219-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Darrell Gilmore, Susan Gilmore Plaintiffs (12-01220-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 **[*11]** Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01220-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01220-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Kent Gwynne, Elizabeth Gwynne, Plaintiffs (12-01221-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01221-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01221-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., **[*12]** Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01221-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Marjorie Curtis, Plaintiff (12-01222-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01222-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01222-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Dale Fox, Phyllis Fox, Plaintiffs (12-01223-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01223-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen **[*13]** Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01223-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, PA, Roswell, NM.

For Frank M. Guerrero, Plaintiff (12-01235-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01235-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01235-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01235-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Lavine M. Durden, Plaintiff (12-01238-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum **[*14]** Health Resources, LLC, Defendant (12-01238-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01238-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Nancy L. Jonsson, Plaintiff (12-01239-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01239-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver PC, Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01239-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01239-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Ivan S. Jackson, **[*15]** Plaintiff (12-01240-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01240-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01240-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01240-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Paul A Houston, Plaintiff (12-01241-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01241-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health **[*16]** Care Systems, LLC, Defendant (12-01241-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01241-j): Matthew S. Rappaport, Miller, Stratvert, P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Susan Schwarzenegger, Plaintiff (12-01242-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01242-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01242-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, PA, Roswell, NM.

For Kathy J Swope, Jimmy L Swope, Plaintiffs (12-01243-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01243-j): William W. Drury, John **[*17]** A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01243-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, PA, Roswell, NM.

For Mela Herrera, Jake Herrera, Plaintiffs (12-01244-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01244-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01244-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01244-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For David Warden, Plaintiff [*18] (12-01245-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01245-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01245-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, PA, Roswell, NM.

For James Silva, Plaintiff (12-01246-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01246-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01246-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, [*19] Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, PA, Roswell, NM.

For Ronald Whiteley, Marilyn Whiteley, Plaintiffs (12-01247-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01247-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01247-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, PA, Roswell, NM.

For Chrystal L Sauls, Plaintiff (12-01248-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01248-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, [*20] NM.

For White Sands Health Care Systems, LLC, Defendant (12-01248-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Mark A. Stewart, Plaintiff (12-01249-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01249-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01249-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01249-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

2014 Bankr. LEXIS 384, *20

For William J Rogers, Plaintiff (12-01251-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01251-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., [*21] Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01251-j): John A Frase, John D. Wheeler, Alamogordo, NM; Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, PA, Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01251-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Alice Thompkins, Plaintiff (12-01252-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01252-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01252-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Barbara A Pace, James Pace, Plaintiffs (12-01253-j): Bernard R Given, II, Loeb [*22] & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01253-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01253-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01253-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Val L Turnbull, Jr., Carel Turnbull, Plaintiffs (12-01254-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01254-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant [*23] (12-01254-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Desiree A Smith, Henry Smith, Plaintiffs (12-01255-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01255-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01255-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01255-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Phillip R Simmons, Plaintiff (12-01256-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01256-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara [*24] Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01256-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01256-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Patricia E Rue, Gary T Rue, Plaintiffs (12-01257-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01257-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01257-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01257-j): Matthew S. Rappaport, Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, [*25] NM.

For Wiley Munsey, Ann Munsey, Plaintiffs (12-01258-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01258-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01258-j): John A Frase, John D. Wheeler, Alamogordo, NM; Carla Neusch Williams, Atwood, Malone, Turner & Sabin, PA, Roswell, NM.

For Frank J Bryant, Defendant (12-01258-j): Matthew S. Rappaport, Miller, Stratvert, P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Mary M Quappe, David Quappe, Plaintiffs (12-01259-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA;

Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01259-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, [*26] Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01259-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01259-j): Matthew S. Rappaport, Miller, Stratvert, P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Manuel Martinez, Darlene Martinez, Plaintiffs (12-01260-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01260-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01260-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01260-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Thomas T Sullivan, Pat Sullivan, Plaintiffs (12-01261-j): Bernard R Given, [*27] II, Loeb & Loeb LLP, Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Quorum Health Resources, LLC, Defendant (12-01261-j): William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Ellen Thorne Skrak, Rodey, Dickason, Sloan, Akin, & Robb, Albuquerque, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01261-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For Frank Bryant, M.D., Defendant (12-01261-j): Matthew S. Rappaport, Miller, Stratvert, P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Ann Berry, Plaintiff (12-01271-j): Lisa K. Curtis, Curtis and Lucero, Albuquerque, NM; Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Amalia Lucero, Albuquerque, NM.

For Frank Bryant, M.D., Southwest Orthopaedics, P.C., Defendants (12-01271-j): Joshua L Smith, Miller Stratvert P.A., Las Cruces, NM; Lawrence R White, Las Cruces, NM.

For Quorum Health Resources, LLC, Defendant (12-01271-j): Frank Alvarez, Hermes Sargent Bates, LLP, Dallas, TX; William W. Drury, John A. Klecan, Renaud Cook Drury **[*28]** Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM.

For White Sands Health Care Systems, LLC, Defendant (12-01271-j): Lee M. Rogers, Jr., Carla Neusch Williams, Atwood, Malone, Turner & Sabin, P.A., Roswell, NM.

For James Fender, Cynthia Fender, Plaintiffs (12-01276-j): Tim Chelpaty, Las Cruces, NM; Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA; Gregory R Kauffman, Cid D Lopez, Albuquerque, NM; Felicia C Weingartner, Law Offices of Felicia C Weingartner PC; Albuquerque, NM.

For Frank Bryant, M.D., Southwest Orthopedics, P.C., Defendants (12-01276-j): Lawrence White, Albuquerque, NM.

For William Pollard, M.D., Defendant (12-01276-j): Richard J Shane, Albuquerque, NM.

For Alamogordo Surgical Associates, PA, Defendant (12-01276-j): Mary Behm, Albuquerque, NM.

For Quorum Health Resources, LLC, Defendant (12-01276-j): Frank Alvarez, Hermes Sargent Bates, LLP, Dallas, TX; William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, McClaugherty & Silver PC, Santa Fe, NM; Tamara Safarik, Santa Fe, NM.

For Linda Hoefler, Victor Wilkerson, Joel Crossno, Vivian Crossno, Michael McCullough, Karen McCullough, **[*29]** Kelly Robbins, Herbert Robbins, Jerome Ward, Rodney Bunsen, Martha Bunsen, Edna Morton, Royce Morton, Thomas Olive, Shirley Walls, Theresa Crawford, Clarence Crawford, Linda McKinney, Arthur McKinney, Barbara Olson, Paul Strunk, Janice Bergeron, Otis Ferguson, Judy Ann Ferguson, Mickie Francis, Plaintiffs (12-01278-j): Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA.

For Frank Bryant, M.D., Defendant (12-01278-j): Frank Alvarez, Hermes Sargent Bates, LLP, Dallas, TX.

For Quorum Health Resources, LLC, Defendant (12-01278-j): Frank Alvarez, Hermes Sargent Bates, LLP, Dallas, TX; William W. Drury, John A. Klecan, Renaud Cook Drury Mesaros, P.A., Phoenix, AZ; Joe L McClaugherty, Tamara Safarik, McClaugherty & Silver, P.C., Santa Fe, NM; Christina Gratke Nason, Hermes Sargent Bates, LLP, Dallas, TX.

For Gilbert C. Marquez, Marie Marquez, Annabelle Lindley, Jearl Lindley, M.D., Cecil Lunceford, Gayle Lunceford, Tony S. Chavez, Rita Chavez, Maria Nora Coyazo, Shirley Hubert, James Cross, Wanda Cross, Laurie K Baker, Ronald Baker, Phillis Barnett, James R Boren, David L Burton, Helen Burton, Melissa Mackechnie, John F O'Byrne, Laverne O'Byrne, Edna O Chavez, John I Chavez, Darrell Gilmore, **[*30]** Susan Gilmore, Kent Gwynne, Marjorie Curtis, Dale Fox, Phyllis Fox, Frank M. Guerrero, Lavine M. Durden, Nancy L. Jonsson, Ivan S. Jackson, Paul A Houston, Susan Schwarzenegger, Kathy J Swope, Jimmy L Swope, Mela Herrera, Jake Herrera, David Warden, James Silva, Ronald Whiteley, Marilyn Whiteley, Chrystal L Sauls, Mark A. Stewart, William J Rogers, Alice Thompkins, Barbara A Pace, Val L Turnbull, Jr., Desiree A Smith, Phillip R Simmons, Patricia E Rue, Wiley Munsey, Mary M Quappe, Manuel Martinez, Darlene Martinez, Thomas T Sullivan, Pat Sullivan, Ann Berry, James Fender, Cynthia Fender, Plaintiffs (13-00007-j): Lisa K. Curtis, Curtis and Lucero, Albuquerque, NM; Bernard R Given, II, Loeb & Loeb LLP Los Angeles, CA; Victor F Poulos, 5915 Silver Springs Dr Building 1, El Paso, TX.

For Linda Hoefler, Victor Wilkerson, Vivian Crossno, Joel Crossno, Karen McCullough, Michael McCullough, Kelly Robbins, Herbert Robbins, Jerome Ward, Rodney Bunsen, Martha Bunsen, Edna Morton, Royce Morton, Thomas Olive, Shirley Walls, Clarence Crawford, Theresa Crawford, Arthur McKinney, Linda McKinney, Barbara Olson, Paul Strunk, Janice Bergeron, Otis Ferguson, Judy Ann Ferguson, Mickie Francis, Plaintiffs **[*31]** (13-00007-j): Lisa K.

2014 Bankr. LEXIS 384, *31

Curtis, Curtis and Lucero, Albuquerque, NM; Bernard R Given, II, Loeb & Loeb LLP, Los Angeles, CA.

For Christian R. Schlicht, D.O., Defendant (13-00007-j): Paul Bishop, Albuquerque, NM; Neil R. Blake, Butt, Thornton & Baehr, P.C., Albuquerque, NM.

For Frank Bryant, M.D., Defendant (13-00007-j): Frank Alvarez, Hermes Sargent Bates, LLP, Dallas, TX.

For Quorum Health Resources, LLC, Defendant (13-00007-j): Frank Alvarez, Hermes Sargent Bates, LLP, Dallas, TX; William W. Drury, Phoenix, AZ; Paul M Fish, Albuquerque, NM; John A. Klecan, Renaud Cook Drury Mesaros, P.A. Phoenix, AZ; Joe L McClaugherty, McClaugherty & Silver PC, Santa Fe, NM; Christina Gratke Nason, Hermes Sargent Bates, LLP, Dallas, TX Tamara Safarik, Santa Fe, NM.

**Judges:** ROBERT H. JACOBVITZ, United States Bankruptcy Judge.

**Opinion by:** ROBERT H. JACOBVITZ

## Opinion

### MEMORANDUM OPINION AND ORDER GRANTING, IN PART, AND DENYING, IN PART QUORUM HEALTH RESOURCES LLC'S MOTION TO PRECLUDE CERTAIN OF PLAINTIFFS' FACT WITNESS DISCLOSURE

THIS MATTER is before the Court on Quorum Health Resources, LLC's Motion to Preclude Certain of Plaintiffs' Fact Witness Disclosure ("Motion to Preclude Witnesses" or "Motion"). *See* Docket No. 14. By the Motion, [*32] Quorum Health Resources, LLC ("QHR") asks the Court to preclude certain witnesses from testifying at the trial on corporate liability issues. The Court held a final hearing on the Motion on December 12, 2013 and took the matter under advisement. At the final hearing, the United Tort Claimants ("UTC")[2] made an oral motion to extend the time for them to depose James Horrar and Timothy Ryan. After the final hearing, the Court directed the parties to submit post-hearing exhibits to supplement the evidence. *See* Order Directing Parties to Submit Post-Hearing Supplemental Exhibits Relating to Quorum Health Resources, LLC's Motion to Preclude Certain of Plaintiffs' Fact Witness Disclosure ("Order") —

Docket No. 57. The parties submitted supplemental exhibits by January 6, 2014, as directed.

QHR filed the Motion to Preclude Witnesses after the UTC served QHR with their initial witness disclosures (the "UTC's [*33] Initial Fact Witness Identification"), *see* Exhibit 1, but before the UTC served QHR with their final witness disclosures (the "UTC's Final Fact Witness Disclosures" or "Final Fact Witness Disclosures"). *See* Exhibit 2. The Court held the final hearing after the UTC had served their Final Fact Witness Disclosures. QHR raises several objections to the UTC's fact witness disclosures, including: 1) the UTC improperly attempts to reserve the right to supplement, amend, modify, or alter the disclosures; 2) some of the fact witness disclosures fail to sufficiently identify the subject areas about which the named witnesses have discoverable information; 3) the fact witness disclosures improperly include damages witnesses; 4) some of the fact witness disclosures fail to identify the witness by name and instead identify an organization; 5) James Horrar and Timothy Ryan should not be required to appear for deposition because they are "apex" witnesses who do not possess any relevant personal knowledge; and 6) the UTC's Final Fact Witness Disclosure designates ten additional witnesses who were omitted other than in good faith from the UTC's Initial Fact Witness Identification.

After reviewing the [*34] Motion, the evidence submitted at the final hearing and the post-hearing supplemental evidence, and after considering the arguments of counsel in light of the rules of civil procedure and relevant case law, the Court finds that the Motion should be granted, in part, and denied, in part. Because the Motion was filed before the UTC served their Final Fact Witness Disclosures, the Court will address the majority of QHR's objections by reviewing each numbered witness in the Final Fact Witness Disclosures that QHR indicated at the final hearing it seeks to preclude.

### BACKGROUND

The UTC consist of approximately seventy-five litigants who have asserted claims against QHR arising in connection with a medical procedure performed by two doctors at a hospital operated by Otero County Medical Association, Inc. known as the Gerald Champion Regional Medical Center ("Otero Hospital"). Forty-six cases initially filed in state court were removed to the bankruptcy court, thereby initiating forty-six separate adversary proceedings. *See* Adversary Proceeding Nos. 12-1204j through 12-1216j;

---

2    The plaintiffs in each of the adversary proceedings consolidated for purposes of determining corporate liability issues together are called the "United Tort Claimants," or UTC. This is the name the Plaintiffs have designated for referring to them as a group.

Case: 1:08-cv-02755-DCN  Doc #: 342-2  Filed:  06/12/15  21 of 31.  PageID #: 17462

Page 13 of 23
2014 Bankr. LEXIS 384, *34

12-1218j through 12-1223j; 12-1235j; 12-1238j through 12-1249j; 12-1251j through 12-1261j; 12-1271j; 12-1276j; and 12-1278j. [*35] Other lawsuits involving similar claims remain pending in state court, including an action entitled *Douthitt-Dugger, et al. v. Quorum Health Resources, LLC*, Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2012-01798 (the "State Court Litigation"). In an effort to streamline the litigation pending before the bankruptcy court, this Court entered an order bifurcating and consolidating the UTC's adversary proceedings for purposes of conducting a separate, consolidated trial on the liability issues relating to QHR (the "Corporate Liability Issues"). *See* Order Resulting from Hearing on Motion to Establish Discovery and Case Management Procedures ("Bifurcation and Consolidation Order") filed in each of the above referenced Adversary Proceedings. Papers filed in the consolidated adversary proceedings are docketed under Misc. No. 13-0007.

At the Court's direction the parties crafted a Case Management Order for Trial on the Bifurcated Issue of Corporate Liability (the "Case Management Order"). *See* Docket No. 6. The Court entered the Case Management Order negotiated and drafted by the parties without making any changes to their proposed form of order. Prior [*36] to their negotiation of the Case Management Order, the UTC and QHR disagreed regarding the period for discovery. The UTC wanted a very expedited discovery period and a sooner trial. QHR wanted a longer discovery period. The Case Management Order, entered August 21, 2013, reflects a compromise reached between the parties. Under the Case Management Order, all discovery relating to fact witnesses must be completed by December 30, 2013, and all expert discovery must be completed by April 15, 2014. Any expert report required by *Fed.R.Civ.P. 26(a)(2)(B)* to be offered by the UTC, except rebuttal reports, must be served on QHR by January 15, 2014. Any expert report required by *Fed.R.Civ.P. 26(a)(2)(B)* to be offered by QHR must be served on the UTC by February 14, 2014.[3] Any expert reports to be offered by the UTC to contradict or rebut QHR's expert reports must be served by February 21, 2014. The dispositive

motion deadline is April 29, 2014, with response and reply deadlines of May 6, 2014 and May 13, 2014, respectively. A proposed form or forms of pre-trial order are due to the Court by May 15, 2014. Trial on the bifurcated issue of corporate liability (the "Corporate Liability Trial") is [*37] set to commence on June 23, 2014. Nine days have been set aside for the Corporate Liability Trial, plus additional time for closing arguments.

The Case Management Order, by providing that *Fed.R.Civ.P. 26* applies, makes *Fed.R. Civ.P. 26(a)(1)*, and *26(f)* applicable to discovery taken in connection with the Corporate Liability Trial. *See* Case Management Order, ¶ 1 — Docket No. 6 ("Notwithstanding NM LBR 7016-1, the parties have requested and the Court has agreed to adopt and utilize *Fed.R.Civ.P. 26* in these Proceedings.").[4] Paragraph 2 of the Case Management Order sets forth the deadlines for serving the "initial identification of fact witnesses" and the "[f]inal disclosures of fact witnesses." Case Management Order, ¶ 2. The deadline for completion of fact witness discovery, December [*38] 30, 2013, including deposition discovery, is thirty-three days after the date the final disclosures of fact witnesses are due. The Case Management Order provides further that "the Court shall exclude the testimony of any fact witness not disclosed in the final disclosures or who were omitted other than in good faith from the initial identification." Case Management Order, ¶ 2.

Though a specific subsection of *Rule 26* is not referenced, the provisions in the Case Management Order requiring the parties to make an initial identification of fact witnesses and final fact witness disclosures stem from the initial disclosure requirements of *Rule 26(a)(1)(A)*.[5] *HN1* This subsection of *Rule 26* "requires all parties . . . early in the case to exchange information regarding potential witnesses." *Fed.R.Civ.P. 26* Advisory Committee Notes to 1993 Amendments. One "major purpose" of these initial disclosures "is to accelerate the exchange of basic information about the case." *Id*. *Rule 26* also contains [*39] a separate provision requiring the parties to identify

---

[3]   In the State Court Litigation, on the other hand, the discovery deadline is October 6, 2014. *See* Quorum Health Resources, LLC's Renewed Motion for Protective Order Regarding Depositions of James Horrar and Timothy Ryan and Motion for Protective Order Regarding Joan Signorille ("QHR's Renewed Motion for Protective Order"), p. 2. , a copy of which was provided to the Court pursuant to the Court's Order.

[4]   New Mexico Local Bankruptcy Rule 7026-1 provides: "Unless the court orders otherwise, *Fed.R.Civ.P. 26(a)*, *26(d)(1)*, and *26(f)* shall not apply in contested matters or in adversary proceedings." NM LBR 7026-1(a).

[5]   *Subsection (a)(1)(A)(i) of Rule 26* provides:

*HN2 In General*. Except as exempted by *Rule 26(a)(1)(B)* or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

the witnesses they expect, or may need, to call at trial. *See Fed.R.Civ.P. 26(a)(3)(A)*.[6] The parties agreed as part of the Case Management Order to the exclusion of testimony of fact witnesses as a remedy for not properly disclosing fact witnesses in the initial disclosures. *See* Case Management Order, ¶ 2. This agreed remedy was specified in the context of an expedited discovery period. In considering the Motion to Preclude Witnesses, the Court will keep in mind that the Final Fact Witness Disclosures are part of the initial discovery disclosures under *Fed.R.Civ.P. 26(a)(1)(A)*.

A. General Reservation of Right to Amend

As part of their Final Fact Witness Disclosures, the UTC included the following general reservation:

> The UTC makes these disclosures based on the information reasonably available to them as of [*42] the present date. The UTC reserves the right to supplement, amend, modify or alter these initial disclosures as new information becomes available . . . . UTC reserves the

right to call any witness, including the right to identify expert witnesses not listed herein but determined through discovery, investigation, or otherwise to support their claims and/or defenses.

UTC's Final Fact Witness Disclosures, pp. 1 - 2.

QHR contends that this general reservation defeats the purpose of *Rule 26(a)(1)(A)*. This Court agrees. Under the Case Management Order, the final fact witness disclosures must identify each fact witnesses the party making the disclosure expects may have information relevant to the Corporate Liability Issues as a requisite to such disclosed fact witness testifying at trial. *See* Case Management Order, ¶ 2 ("The Court shall exclude the testimony of any fact witness not disclosed in the final disclosures . . ."). Given this condition to calling a witness at trial, a general reservation of the right to add to the UTC's Final Fact Witness Disclosures any new witness the UTC may later discover undermines the parties' intended purpose when they agreed to an expedited fact witness discovery

---

(i)  the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

   *Fed.R.Civ.P. 26(a)(1)(A)(i)*.

The UTC's Final Fact Witness [*40] Disclosures preface the witness disclosures with: "The following individuals may have discoverable information that the UTC may use to support their claims and/or defenses." *See* Final Fact Witness Disclosures, p. 2. This language tracks almost word for word language in *Fed.R.Civ.P. 26(a)(1)(A)(i)*.

[6]   This subsection of *Rule 26* provides:

> *HN3 In General*. In addition to the disclosures required by *Rule 26(a)(1)*( and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
>
>> (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expect to present and those it may call if the need arises.
>
>    *Fed.R.Civ.P. 26(a)(3)(A)(i)*.

*HN4* Unlike the *initial* disclosures required under *Fed.R.Civ.P. 26(a)(1)(A)(i)*,the *pretrial* disclosures required under *Fed.R.Civ.P. 26(a)(3)(A)(i)* do not include a requirement for the disclosing party to identify the subjects of information relating to each disclosed individual. The additional pretrial disclosures required under *Fed.R.Civ.P. 26(a)(3)(A)(i)* are timely if filed 30 days before the trial [*41] date. *See Fed.R.Civ.P. 26(a)(3)(B)* ("Unless the court orders otherwise, these disclosures must be made at least 30 days before trial.").

Although the Case Management Order does not appear to have a separate provision relating to this second, additional pre-trial disclosure requirement, the Court does not construe paragraph 2 of the Case Management Order to encompass the pretrial disclosure requirement under *Fed.R.Civ.P. 26(a)(3)(A)(i)*. Rather, the Court finds that the "initial identification of fact witnesses" and the "[f]inal disclosures of fact witnesses" described in paragraph 2 of the Case Management Order splits into two components the *initial* disclosures required under *Fed.R.Civ.P. 26(a)(1)(A)(i)*. The Court presumes that the final *pretrial* disclosures of witnesses each party may or will call to testify at the trial on the Corporate Liability Issues will be included as part of the pretrial order required under paragraph 8 of the Case Management Order.

 [*43] period and crafted the Case Management Order. The Court will, therefore, grant QHR's request and will give no legal effect to this general reservation in the UTC's Final Fact Witness Disclosures.

B. Inclusion of Damages Witnesses

The UTC's Final Fact Witness Disclosures include witnesses that relate to the damages portion of the trial. *See* UTC's Final Witness Disclosures, Items 1 - 126 (identifying as fact witnesses the individual tort claimants, relatives, and spouses of the tort claimants); and 147 and 148 (medical doctors). Because the Case Management Order was entered as a result of the Bifurcation and Consolidation Order, it seems implicit, if not explicit, that the only fact witness disclosures required under the Case Management Order are fact witnesses relating to the Corporate Liability Issues. Nevertheless, the UTC asserts that they included damages witnesses as part of their Final Fact Witness Disclosures in an abundance of caution.

The UTC's descriptions of the subject of the witnesses' knowledge for Items 1 - 126 of their Final Fact Witness Disclosures include disclosures such as:

> Janice Bergeron . . . . will testify about, including, but not limited to the incident, her pain, [*44] suffering, impairments and damages.

> UTC's Final Fact Witness Disclosures, Item 1.

The UTC's descriptions of the subject of the witnesses' knowledge for Items 147 and 148 of the Final Fact Witness Disclosures consist of:

> The UTC is informed and believes that [Gregory ] Misenhimer [M.D.] possesses relevant information related to Plaintiffs' claims, including, but not limited to the incident, Plaintiffs' pain, suffering, impairments and damages.

> The UTC is informed and believes that [Donald] Wolfel [M.D.] possesses relevant information related to Plaintiffs' claims, including, but not limited to the radiological finding of improper placement of PMMA and physiologic complications that are related to the subject of the complaint and the UTC's pain, suffering, impairments and damages.

> UTC's Final Witness Disclosures, Items 147 and 148.

QHR contends that the UTC included more than 125 damages witnesses in their Final Fact Witness Disclosures,

with non-limiting language in the descriptions of the subject of such witnesses' knowledge, in order to obscure the true fact witnesses relating to the Corporate Liability Issues. QHR asks the Court to make it clear that none of these witnesses will be called [*45] at the Corporate Liability Trial. At oral argument, when asked whether the UTC would so stipulate, counsel for the UTC reserved the right to call these witnesses at the Corporate Liability Trial.

*HN5 Rule 26(a)(1)(A)* requires that each party disclose, for each individual likely to have discoverable information, the subjects of that information, if the disclosing party may use the individual to support its claims or defenses, unless the use would be solely for impeachment. *See Fed.R.Civ.P. 26(a)(1)(A)*. "[W]hile a party is not required to provide a detailed narrative of the potential witness' knowledge, the *Rule 26(a)(1)(A)* disclosure should provide enough information that would allow the opposing party to help focus the discovery that is needed and to determine whether a deposition of a particular person identified as a potential witness might be necessary." *Lipari v. U.S. Bancorp, NA, 2008 U.S. Dist. LEXIS 60332, 2008 WL 2874373, *2 (D.Kan. July 22, 2008)*. *Accord, LT Game Int'l Ltd. v. Shuffle Master, Inc., 2013 U.S. Dist. LEXIS 11835, 2013 WL 321659, *5 (D.Nev. Jan. 28, 2013)*(quoting *Lipari*). *See also* Advisory Committee Notes to 1993 Amendment to *F.R.Civ.P. 26(a)(1)* ("Indicating briefly the general topics on which such persons have information [*46] should not be burdensome, and will assist other parties in deciding which depositions will actually be needed."); *Colony Ins. Co. v. Kuehn, 2011 U.S. Dist. LEXIS 106884, 2011 WL 4402738, *3 (D.Nev. Sept. 20, 2011)*("The rule does not require a detailed summary of a potential witness's expected testimony. It does require at minimum, however, that the party identify the specific subjects or topics on which the witness may be called to testify. It is not sufficient to merely state that each witness 'may testify regarding the facts and circumstances of the incident in this case and all other matters of which they have knowledge.'"). When information about disclosed witnesses is known to a party, "the party is not excused from providing it merely because he believes Defendants already have knowledge of these individuals and their contact information." *Lipari, 2008 U.S. Dist. LEXIS 60332, 2008 WL 2874373 at *3*.

The descriptions of the subjects of the knowledge of the fact witnesses disclosed in paragraphs 1 through 126, 147 and 148 of the UTC's Final Fact Witness Disclosures are insufficient to put QHR on notice that the UTC may call any of these witnesses to testify about Corporate Liability Issues, or to allow QHR to determine whether a deposition [*47] of any of the individuals as a potential witness at the Corporate Liability Trial might be necessary.

Nevertheless, the Court will not exclude these witnesses at this time from testifying at the Corporate Liability Trial, notwithstanding the restrictions contained in the Case Management Order. The Case Management Order requires exclusion only of fact witnesses *omitted* from the fact witness disclosures, not witnesses included in the disclosures but for whom the disclosures were inadequate. Exclusion of a witness is a harsh remedy.

If the UTC wishes to call as fact witnesses at the Corporate Liability Trial any of the individuals that QHR has not deposed who are listed in paragraphs 1 through 126, 147 or 148 of the UTC's Final Fact Witness Disclosures, the UTC must specifically identify by name and witness number each such individual, and must describe the subject matter to which each witness may testify at the Corporate Liability Trial with sufficient detail to allow QHR to determine whether to depose such designated fact witnesses to prepare for that trial. The descriptions of the subject matters must be sufficiently detailed to make it clear why each witness's knowledge is relevant [*48] to the matters at issue at the Corporate Liability Trial.

## C. "Apex" Witnesses

The Final Witness Disclosures include the following individuals: James Horrar, Current CEO of QHR (Item 135) and Timothy Ryan, Current CFO of QHR (Item 137). Mr. Horrar became the Chief Executive Officer of QHR in 2008, which is near the end of the relevant time period identified by the UTC.[7] QHR seeks to preclude these two persons from the Final Fact Witness Disclosures, and from having their depositions taken, arguing that under the "apex doctrine" these high level executives are not subject to having their depositions taken.[8] *HN6* The "'apex doctrine' . . . bars the deposition of high-level executives absent a

showing of their 'unique personal knowledge' of relevant facts[.]" *Serrano v. Cintas Corp., 699 F.3d 884, 900 (6th Cir. 2012)*. The Tenth Circuit Court of Appeals has neither adopted nor rejected the apex doctrine, though at least one Federal District Court in New Mexico seems to have applied it. *See Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc., 2012 U.S. Dist. LEXIS 126631, 2012 WL 3879885, *3 (D. Kan. Sept. 6, 2012)*(finding "no Tenth Circuit opinion that adopts the doctrine."); *Lane v. Page, 273 F.R.D. 665, 668 (D.N.M. 2011)*(refusing [*49] to grant motion to protective order where the Court did not believe the proposed deponent was an "apex employee . . . . or a high-ranking officer who has no knowledge about the facts of the case."). In considering whether to preclude a high-level executive from having to appear for deposition, the Court should be guided by the standards articulated in *Rule 26(c)*. *Garmin, 2012 U.S. Dist. LEXIS 126631, 2012 WL 3879885 at *3* (stating that *Thomas v. Int'l Bus. Mach., 48 F.3d 478 (10th Cir. 1995)*[9] "suggests that the lower courts properly address motions for protective order to preclude depositions of high level officials or executives under the standard of *Rule 26(c)* while also considering special factors that may apply to such officials."). Under *Rule 26(c)*, the Court may preclude a deposition "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Fed.R.Civ.P. 26(c)(1)*. The "apex doctrine" is a formulation of a standard for applying this provision of *Rule 26(c)(1)*.

QHR [*51] filed a renewed motion for protective order in the parallel State Court Litigation in response to the UTC's notices to take the deposition of Mr. Horrar and Mr. Ryan.[10] The UTC seek to question these high level executives about QHR's high level business strategies and about financial matters relating to QHR's managed hospitals. QHR asserts that neither Mr. Horrar nor Mr. Ryan has personal knowledge

---

[7]   *See* Reply in Support of Quorum Health Resources, LLC's Renewed Motion for Protective Order Regarding Depositions of James Horrar and Timothy Ryan, p, 7, filed in the State Court Litigation; Plaintiffs' Response [*50] in Opposition to Defendant QHR's Renewed Motion for Protective Order Regarding the Depositions of James Horrar and Timothy Ryan and Motion for Protective Order Regarding Joan Signorille, p.4, filed in the State Court Litigation p. 4 (stating that the relevant time period is June 2006 through February of 2009). Both documents were submitted to the Court as post-hearing exhibits pursuant to the Court's Order.

[8]   QHR also complains that the UTC noticed the depositions of Mr. Horrar and Mr. Ryan only in the State Court Litigation, contrary to the requirements of the Bifurcation and Consolidation Order. *See* Reply Re Motion to Preclude — Docket No. 21. The UTC filed a notice of deposition for Mr. Horrar and Mr. Ryan in the consolidated case on December 3, 2013 (*see* Docket Nos. 28 and 29), after QHR made this complaint, and explained that their failure to do so earlier was inadvertent.

[9]   In *Thomas v. IBM*, the Tenth Circuit affirmed the district court's order granting IBM's motion for protective order with respect to its chairman of the board of directors where IBM submitted an affidavit from the chairman stating that he lacked personal knowledge of the relevant facts. *Thomas, 48 F.3d at 483*.

[10]   *See* QHR's Renewed Motion for Protective Order, a copy of which was provided to the Court as a post-hearing exhibit pursuant to the Court's Order.

of the relevant facts, and that Mr. Vento and Mr. Johns, who have already given their depositions, have the knowledge of the areas the UTC now seeks from Mr. Horrar and Mr. Ryan. QHR contends that the UTC have failed to demonstrate that Messrs. Horrar and Ryan have unique or superior knowledge that could not have been obtained from other witnesses, and goes so far as to suggest that the UTC simply failed to ask the correct questions of Mr. Robert Vento, QHR's Senior Vice President of Operations, and Mr. Michael Johns, QHR's vice president of financial practice.[11]

After having carefully reviewed QHR's Renewed Motion for Protective Order filed in the State Court Litigation and the response and reply, together with deposition transcripts and other materials admitted in evidence at the hearing on QHR's Motion filed in this Court, the Court finds, under the standard of _Rule 26(c)_, that neither Mr. Horrar nor Mr. Ryan should be excluded from the UTC's Final Fact Witness Disclosures and that the UTC will be permitted to take their depositions within certain limitations. Pending before this Court are forty-six adversary proceedings involving some seventy-five plaintiffs. Many millions of dollars are at issue. Mr. Horrar and Mr. Ryan would each be deposed only one time under the restrictions the Court will impose to minimize the burden on them. With the restrictions, the burden of their being deposed does not rise to the level of harassment, embarrassment, or oppression contemplated under _Rule 26(c)_. Thus, the Court will not exclude Mr. Horrar or Mr. Ryan from the UTC's Final Fact Witness Disclosures, but will [*53] require that any deposition of these two persons must take place in the city of their place of business (unless QHR agrees otherwise) and may not exceed four hours per deposition, excluding any breaks or questioning by QHR.

### D. Addition of New Fact Witnesses to the UTC's Final Fact Witness Disclosures

The Final Fact Witness Disclosures designate the following witnesses who were not previously identified in the UTC's Initial Fact Witness Identification: 1) John Stinson[12] (136); 2) Rosemary Guffy (138); 3) Joan Signorille[13] (139); 4) Dianna Melendres (140); 5) Jodi Dupree (141); 6) Catherine Kincaid, M.D. (142); 7) Paul Echols, M.D. (143); 8) Robert Laub, M.D. (145); 9) John Wheeler, Esq. (145); and 10)

Stephanie Tanner (146). The Case Management Order requires the Court to exclude the testimony of any fact witness not disclosed in the initial identification, unless the omission was made in good faith. See Case Management Order, ¶ 2. QHR contends that these ten additional witnesses should be precluded from testifying at the Corporate Liability Trial because they were known to the UTC well before the UTC prepared their Initial Fact Witness Identification and that the UTC has not provided [*54] a good faith basis for including these additional witnesses for the first time in their Final Fact Witness Disclosures.[14] Counsel for the UTC represents to the Court that the UTC acted in good faith in omitting these ten additional witnesses from the UTC's Initial Fact Witness Identification, explaining that identification of witnesses in the UTC's Initial Witness Identification required the UTC to sift through tens of thousands of pages of documents; and the UTC, despite acting diligently, had not yet identified the ten new witnesses as potential trial witnesses to support their case on the Corporate Liability Issues when the initial witness disclosures were due. The UTC urge that they should not be precluded from adding these ten additional witnesses to their Final Witness Disclosures simply because the names of these additional fact witnesses were made available to the UTC somewhere in those many thousands of pages before the initial witness disclosures were due.

It does appear to the Court that at least some of the ten fact witnesses added to the Final Fact Witness Disclosures should have been apparent to the UTC when they filed the UTC's Initial Fact Witness Identification. For example, the UTC identify John Stinson as the "former CEO of QHR during relevant time periods." Final Fact Witness Disclosures, Item 136. The UTC disclose the subject of Mr. Stinson's expected knowledge as "relevant information related [to] the strategic decisions made at the corporate level that caused and contributed to the mismanagement of GCRMC, and harm and damages to the UTC caused thereby." Id. The UTC identify Rosemary Guffy as the "former CFO QHR and CFO during relevant time periods." Final Witness Disclosures, Item 138. The UTC disclose the subject matter of her expected knowledge as

> relevant information related to the overall financial impact of the strategic decisions made to increase the

---

[11]  See Excerpts from Deposition of Michael Johns submitted by the UTC post-hearing [*52] pursuant to the Court's Order; QHR's Renewed Motion for Protective Order, p. 3 and attached Exhibit B, excerpts from Deposition of Robert Vento.

[12]  The UTC identified this witness as John Stinton. See Final Witness Disclosures, Item 136.

[13]  The UTC identified this witness as Joan Signarelli. See Final Witness Disclosures, Item 139.

[14]  To demonstrate that the additional [*55] witnesses were known to the UTC well before the preparation of the initial Witness Disclosures, QHR prepared a notebook with respect to nine of the ten additional witnesses. See Exhibit 3.

revenue of QHR on their contracts and payments form their individual hospitals. He  [*56] [sic.] is also expected to testify concerning all the ways that QHR makes money form the hospitals that are contractually bound to them, under management services agreements, and all other contracts or agreements in place that result in money paid to QHR. *Id.*

The prospect that the UTC may wish to call at the Corporate Liability Trial the persons who were the CEO and CFO of QHR during much of the period at issue in these adversary proceedings should have been apparent to the UTC when they filed the UTC's Initial Fact Witness Identification, especially given the UTC's arguments for their desire to depose QHR's current CEO and CFO, Mr. Horrar and Mr. Ryan. The UTC did not need to sift through tens of thousands of documents to learn of Mr. Stinson and Ms. Guffy.[15] The same is true of Mr. Wheeler. Mr. Wheeler is local bankruptcy counsel of record for Otero Hospital in this bankruptcy case. His connection to Otero Hospital has been known to the UTC for a long time. The fact that these three fact witnesses added to the UTC's Final Fact Witness Disclosures should have been apparent to the UTC when they filed the UTC's Initial Fact Witness Identification raises some question about whether any  [*57] of the other seven new fact witnesses added to the UTC's Final Fact Witness Disclosures likewise should have been apparent to the UTC in time to include them in their Initial Fact Witness Identification. Nevertheless, for the reasons stated below, the Court will not exclude any of the ten additional witnesses from testifying at the Corporate Liability Trial so long as the UTC complies with the conditions the Court will impose to permit their testimony.

The Court also finds that the disclosures for five of the ten added witnesses are insufficient in connection with the Corporate Liability Trial. The UTC identify Diana Melendres as a person who "possesses  [*58] relevant information related to UTC's liability claims." UTC's Final Fact Witness Disclosures, Item 140. The UTC identify Jodi Dupree RN as the "OR Manager Gerald Champion Regional Medical Center" and discloses that she "possesses relevant information related to UTC's liability claims." UTC's Final Fact Witness Disclosures, Item 141. The UTC identify Catherine Kincaid, M.D. as a person who "possesses relevant information related to UTC's liability claims." UTC's Final Fact Witness Disclosures, Item 142. The UTC identify John Wheeler as a person the UTC believes "possesses relevant information related [to] UTC claims and damages." UTC's Final Fact Witness Disclosures, Item 145. The UTC identify Stephanie Tanner as the former Food Services Director at Gerald Champion Regional Medical Center and disclose that the UTC believes "Ms. Tanner "possesses relevant information related to UTC's liability claims, and the credibility of QHR's management witnesses' testimony." UTC's Final Fact Witness Disclosures, ¶ 146. None of these disclosures contain sufficient information from which QHR can make an informed decision whether to take the depositions of these witnesses in relation to the Corporate  [*59] Liability Issues.

*HN7* When a party fails to make the required disclosures under *Rule 26*, *Rule 37(c)(1)* provides that such party will not be permitted to use the undisclosed witness or information as evidence at trial or otherwise unless the failure to disclose was substantially justified and harmless to opposing parties. *Fed.R.Civ.P.  37(c)(1)*.[16] The Court interprets the Case Management Order as consistent with the Court applying this standard. The Court has broad discretion to determine whether the failure to disclose is justified or harmless. *Woodworker's Supply, Inc. v. Principal*

---

[15]    The UTC also urges with respect to John Stinson and Rosemary Guffy, that the need to depose them became apparent to the UTC only after they took other depositions of QHR personnel. However, based on the Court's review of the deposition transcripts proffered to the Court in connection with the Motion to Preclude Witnesses, and the UTC's reasons for wanting to depose QHR's current and former CEOs and CFOs, the Court believes that the UTC reasonably could have included Mr. Stinson and Ms. Guffy in the UTC's Initial Fact Witness Identification.

[16]    *Rule 37(c)(1)* provides:

*HN8* [If a party fails to provide information or identify a witness as required by *Rule 26(a)* or *(e)*, the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; . . . .; and

(C) may impose other appropriate sanctions, including any of the orders listed in *Rule 37(b)(2)(A)(i)—(vi)*.

*Fed.R.Civ.P. 37(c)(1)*.

2014 Bankr. LEXIS 384, *59

*Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999)*(quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996))*. In exercising this discretion, the Court is not required to "make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose" but should be guided by the following factors:

(1) the prejudice or surprise to the party against whom the testimony is offered;

(2) the ability of the party to cure the prejudice;

(3) the extent to which introducing such testimony would disrupt the trial; and

(4) the moving party's [*60] bad faith or willfulness.

*Woodworker's Supply, 170 F.3d at 985* (citation omitted).

It does not appear that QHR was materially prejudiced by the UTC's addition of the ten fact witnesses to its Final Fact Witness Disclosures, apart from the insufficiency of the UTC's descriptions of the subjects of the witnesses' knowledge in relation to the Corporate Liability Issues. Any prejudice to QHR stemming from the insufficiently of the descriptions was ameliorated by the information QHR had about those witnesses. QHR had about a month after service of [*61] the UTC's Final Fact Witnesses Disclosures to take additional depositions. Instead of deposing any of the ten additional witnesses it wished to depose, QHR filed the Motion to Preclude Witnesses. Introducing testimony from the ten added witnesses would not disrupt the Corporate Liability Trial, assuming the Court has set aside sufficient time for the trial. On the other hand, the time for fact witness discovery has now expired. For that reason, QHR would now be prejudiced if the Court permitted the UTC to call the ten new witnesses to testify at the Corporate Liability Trial, unless the time for QHR to depose those witnesses were extended.

Applying and weighing the four criteria described in *Woodworker's Supply, 170 F.3d at 985*, quoted above, the Court finds that, on the conditions set forth below, it will not exclude any of the ten witnesses added to the UTC's Final Fact Witness Disclosures from testifying at the Corporate Liability Trial based on the UTC's failure to include those witnesses in the UTC's Initial Fact Witness Identification. Nor will the Court exclude those ten witnesses based on the UTC's failure to adequately describe the subjects of those witnesses' knowledge. The [*62] evidence is insufficient for the Court to find that the UTC acted in bad faith by adding ten witnesses to the Final Fact Witness Disclosures, though such omissions reflect a lack of diligence.

The Court will permit the UTC to call at the Corporate Liability Trial any of the ten added witnesses it wishes to call on the following conditions. First, the UTC must supplement the subject area descriptions for the following five additional witnesses: 1) Diana Melendres; 2) Jodie Dupree, RN; 3) Catherine Kincaid, M.D.; 4) John Wheeler; and 5) Stephanie Tanner. Second, the Court will extend the time for QHR to depose those witnesses. Third, the Court will extend the time for QHR to serve any expert reports it wishes to offer governed by *Fed.R.CIv.P. 26(a)(2)(B)* and the time for the UTC to serve any supplement expert reports to contradict or rebut QHR's expert reports. Finally, the Court will consider whether a continuance of the Corporate Liability Trial is appropriate, on a written motion by either party, in light of the extended discovery period and time for service of expert reports.

E. Remaining Objections to Particular Numbered Items on the UTC's Final Fact Witness Disclosures

Item 127 of [*63] the UTC's Final Fact Witness Disclosures states that the following individuals may have discoverable information that the UTC may use to support their claims and/or defenses:

All Representatives, agents, servants, employees, custodian of records, for Defendant Quorum Health Resources, LLC . . . . who possess information and documents including knowledge of conduct that is the subject of this case and others, and the specific relevant actions and inaction showing mismanagement of the hospital that resulted in the conduct of Christian R. Schlicht, D.O., Frank Bryant, MD, Otero County Hospital Association, d/b/a Gerald Champion Regional Medical Center, their employees, and all QHR employees' conduct and processes that lead to the harm and damages to the UTC.

UTC's Final Fact Witness Disclosures, Item 127.

This disclosure references, in part, custodians of records, whom the UTC may need to rely upon at the Corporate Liability Trial in the event QHR objects to the admissibility of a particular document. For the limited purposes of calling a witness to authenticate an exhibit or to lay a foundation to

2014 Bankr. LEXIS 384, *63

admit an exhibit under an exception to the hearsay rule, the Court finds that Item 127 is [*64] sufficient.

Item 127 also references employees of QHR. The Court finds that such disclosure is adequate for that purpose as well. If the UTC identifies a witness in their portion of the pre-trial order for the Corporate Liability Trial employed by QHR when the Final Fact Witness Disclosures were made, QHR can interview the employee prior to trial. If a witness identified by the UTC in the pre-trial order left QHR's employ after the date the Final Fact Witness Disclosures were made, the Court will permit QHR to depose the employee prior to trial if it wishes.

Finally, the disclosure references representatives, agents, and servants of QHR who possess information and documents and who are not employees of QHR. The Court finds that the disclosure is insufficient as to those persons; it is insufficient to enable QHR to determine whether a deposition of a particular individual as a potential witness at the Corporate Liability Trial might be necessary. The Court will, therefore, exclude from the UTC's case in chief at the Corporate Liability Trial any such witness identified only in Item 127 unless called solely for impeachment, to authenticate an exhibit, or to lay a foundation to admit an [*65] exhibit under an exception to the hearsay rule.

Item 149 of the UTC's Final Fact Witness Disclosures states that the following individuals may have discoverable information that the UTC may use to support their claims and/or defenses:

> Pursuant to *Fed.R.Civ.P. 30(b)(6)*, the UTC intends to call witnesses most familiar with Retention Tool Kit,

IntraNet, QIX, QHR information concerning GCRMC, GCRMC total revenue from QHR's Leadership Teams Financial Improvement Schemes, GCRMC total money paid to QHR.

UTC's Final Fact Witness Disclosures, Item 149.

QHR objects to this disclosure on grounds that it fails to identify a particular individual. This Court agrees. *HN9* *Rule 30(b)(6)* specifically contemplates that a party may serve a subpoena for deposition on a corporation who must then designate a representative to testify with respect to the particular matters identified by the requesting party.[17] But in order to require a corporation to designate a representative, a litigant must rely on that rule. *Rule 30(b)(6)* applies to *deposition* testimony, not trial testimony. For this reason *Rule 30(b)(6)* may not be used in conjunction with *Rule 45* to serve a subpoena on a corporation for purposes of securing [*66] trial testimony without naming a particular individual.[18] *Rule 26(a)(1)(A)(i)* requires identification of "each individual likely to have discoverable information." *Fed.R.Civ.P. 26(a)(1)(A)(i)*. To discharge the requirement of *Rule 26 (a)(1)(A)(i)* that a party identify individuals with knowledge of discoverable information the party may call at trial to support a claim or defense, it is incumbent on the party to take depositions pursuant to *Rule 30(b)(6)* to identify the individuals. The Court finds that it is not sufficient for the UTC to use their Final Fact Witness Disclosures as a substitute for seeking a *Rule 30(b)(6)* deposition with the idea of serving a trial subpoena on a corporation or other form of organization that does not name an individual but instead specifies particular matters

---

[17]   Rule 30(b)(6) provides:

> *HN10* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agent, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

> Fed.R.Civ.P. 30(b)(6).

[18]   *See Hill v. Nat'l Railroad Passenger Corp.*, 1989 U.S. Dist. LEXIS 9011, 1989 WL 87621, *1 (E.D.La. July 28, 1989)(*HN11* "Rule 30(b)(6) specifically applies to the deposition of a corporation. Rule 45 . . . provides the proper [*68] procedure by which a person may be compelled to testify at trial. There is no provision allowing the use of the 30(b)(6)-type designation of areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at trial."). *But cf. Conyers v. Balboa Ins. Co.*, 2013 U.S. Dist. LEXIS 78999, 2013 WL 2450108 (M.D.Fla. June 5, 2013)(declining to quash a trial subpoena on an unnamed corporate representative).

2014 Bankr. LEXIS 384, *66

on which testimony is to be given.[19] The Court will exclude from the UTC's case in chief at the Corporate Liability Trial the witnesses the UTC identifies as "witnesses most familiar with Retention Tool Kit, IntraNet, QIX, QHR information concerning GCRMC, GCRMC total revenue from QHR's Leadership Teams Financial Improvement Schemes, GCRMC total money paid to QHR" unless the person was separately [*67] identified by name in the Final Fact Witness Disclosures or is called solely for impeachment purposes or to authenticate a document or to lay a foundation to admit an exhibit under the hearsay rule.

The UTC also urges that they should be entitled [*69] to call as a witness whatever corporate representative QHR ultimately determines to bring to the trial on the Corporate Liability Issues, even if such witness is not disclosed in the UTC's Final Fact Witness Disclosures. The Court agrees that it will not exclude such a witness based on the witness not being listed in the Final Fact Witness Disclosures. The initial fact witness disclosures required by *Fed.R.Civ.P. 26(a)(1)(A)(i)* are designed to give the parties a fair opportunity to conduct discovery prior to trial, or if the party prefers to interview potential trial witnesses in addition to or in lieu of a deposition. A party logically would not want to depose its own corporate representative who will sit at counsel table during the trial. QHR would simply interview the corporate representative if the individual is designated as a trial witness. For this reason, the UTC's disclosure of QHR's corporate representative who may sit at counsel table during trial need not be included in QHR's fact witness disclosures served pursuant to *Rule 26(a)(1)(A)*. However, the Court will not regard designation of a corporate representative, without naming an individual, as an adequate disclosure of [*70] trial witnesses in the pretrial order.

Item 150 of the UTC's Final Fact Witness Disclosures states that the following individuals may have discoverable information that the UTC may use to support their claims and/or defenses:

> Individuals to lay the foundation for financial documents and any other exhibits objected to by QHR on grounds of foundation.
>
> UTC's Final Fact Witness Disclosures, Item 150.

Even though this disclosure does not name a specific

individual, it is sufficient because of its limited scope as long as the witness is called solely for impeachment or to authenticate an exhibit or to lay a foundation to admit an exhibit under an exception to the hearsay rule. QHR will not be materially prejudiced by witnesses called solely to authenticate a documents, or to lay a foundation for admissibility under an exception to the hearsay rule, even if such witness is not identified by individual name in the Final Fact Witness Disclosures.

Item 151 of the Final Fact Witness Disclosures states that the following individuals may have discoverable information that the UTC may use to support their claims and/or defenses:

> one or more of the following record custodian witnesses may be called for [*71] the limited purpose of laying the foundation for the admissibility of Plaintiffs' medical records and/or to lay the foundation for the admissibility, reasonableness and necessity of Plaintiffs' care and reasonableness and customary nature of Plaintiffs' medical bills.
>
> UTC's Final Fact Witness Disclosures, Item 151.

Item 151 then identifies 180 individuals, or in some instances entities without naming a particular individual (*see, e.g.*, Item 151, VII. - Alamogordo Mental Health Service). Item 151 appears aimed primarily at records custodians who may be required to lay foundation in the event QHR objects to the admissibility of a particular medical record. QHR will not be materially prejudiced by the UTC's failure to identify individuals by name if the witness is called solely to authenticate an exhibit, or to lay a foundation for admissibility of an exhibit under an exception to the hearsay rule. On the other hand, the language of Item 151 stating that such witnesses may be called to show the "reasonableness and necessity of Plaintiffs' care and reasonableness and customary nature of Plaintiffs' medical bills" encompasses testimony much broader than the testimony of a records custodian [*72] for purposes of authenticating documentary evidence for admission at trial or establishing admissibly of a document under a hearsay exception. UTC's Final Fact Witness Disclosures, Item 151. Counsel for the UTC stated at the final hearing that the entities identified in Item 151 likely

---

[19]   The discovery cutoff date in the State Court Litigation does not expire until after the scheduled Corporate Liability Trial before this Court. It would be inappropriate for a party to add an individual to its fact witness list in the pretrial order issued by this Court based on Rule 30(b)(6) discovery in the State Court Litigation after expiration of the fact witness disclosure deadline before this Court. The dates expert witness reports are due and the expert discovery cutoff dates relating to the Corporate Liability Trial are predicated on the discovery deadlines imposed by the Case Management Order issued by this Court.

(but not necessarily) will pertain only to the damages phase of the bifurcated trial. However, because of the broad language in Item 151 that goes beyond the scope of records custodian-type testimony, and due to the lack of any connection between the specified subject of the testimony and the Corporate Liability Issues, the Court will exclude from the UTC's case in chief at the Corporate Liability Trial the testimony of any witnesses included in Item 151 unless the person is an individual separately identified by name in the Final Fact Witness Disclosures, or is called to authenticate an exhibit, to lay a foundation for its admissibility as an exception to the hearsay rule, or solely for impeachment purposes.

WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED, in part, and DENIED, in part as follows:

1. The UTC are precluded from including a general reservation in their Final Fact Witness Disclosures. [*73] Such provision contained on pages 1 and 2 of the UTC's Final Fact Witness Disclosures is stricken.

2. The UTC are not precluded from identifying fact witnesses 1 through 126, 147 and 148 as trial witnesses at the Corporate Liability Trial, *provided*:

a) The UTC, by **January 22, 2014**, files with the Court and serves on QHR a supplement to their Final Fact Witness Disclosures specifically identify by name and witness number each individual, and describe the subject matter to which each witness is expected to testify with sufficient detail to allow QHR to determine whether to depose such designated fact witness to prepare for the Corporate Liability Trial.

b) If the UTC timely identify a witness under subsection a), QHR shall have until **February 21, 2014** to depose such witness.

3. The UTC are not precluded from deposing Mr. Horrar and Mr. Ryan, *provided*:

a) The time for the UTC to take the depositions of Mr. Horrar and Mr. Ryan is extended until **February 21, 2014** or until such later date to which QHR agrees in writing.

b) Any deposition of either Mr. Horrar or Mr. Ryan must take place in the city of such witness's place of business, unless QHR agrees otherwise; and

c) Any deposition of either [*74] Mr. Horrar or Mr. Ryan may not exceed four hours in duration per

deposition, excluding any breaks or questioning by QHR.

4. The UTC are not precluded from including the ten new witnesses on their Final Witness Disclosures, *provided*:

a) The UTC files with the Court and serves on QHR a supplement to their Final Fact Witness Disclosure by **January 22, 2014** to describe the subject matter to which Diana Melendres, Jodi Dupree, RN, Catherine Kincaid, M.D., John Wheeler, and Stephanie Tanner, is expected to testify with sufficient detail to allow QHR to determine whether to depose such designated fact witness to prepare for the Corporate Liability Trial;

b) The time to depose any of the ten new witnesses is extended with respect to QHR through **February 21, 2014**; and

c) The deadline for QHR to serve any expert reports governed by *Fed.R.Civ.P. 26(a)(2)(B)*, and the time for the UTC to serve any supplemental expert reports to contradict or rebut QHR's expert reports are extended through **March 7, 2014** and **March 14, 2014**, respectively.

5. The UTC are not precluded from calling to testify in the UTC's case in chief at the Corporate Liability Trial individuals identified [*75] generally in Item 127 and Item 150 of the Final Fact Witness Disclosures for the limited purposes authenticating an exhibit or laying a foundation to admit a document under an exception to the hearsay rule.

6. The UTC are precluded from calling to testify in the UTC's case in chief at the Corporate Liability Trial any representative, agent, or servant of QHR generically identified in Item 127 who possesses information and documents and who is not an employee of QHR, unless such person is called solely for impeachment, to authenticate an exhibit, or to lay a foundation to admit a document under an exception to the hearsay rule.

7. The UTC are not precluded from naming as a witness in its portion of the pre-trial order for the Corporate Liability Trial any individual who was employed by QHR at the time of the Final Witness Disclosures or who is currently employed by QHR.

8. In the event the UTC identify a fact witness in their portion of the pre-trial order for the Corporate Liability Trial any individual who was an employee of QHR at the time of the Final Fact Witness Disclosure but who has left QHR's employ after that date, the Court will

2014 Bankr. LEXIS 384, *75

permit QHR to depose such employee upon motion [*76] and further order of the Court.

9. The UTC are precluded from referencing *Rule 30(b)(6)* as a substitute for identifying a particular fact witness in their Final Fact Witness Disclosures. The UTC are precluded from calling in the UTC's case in chief at the Corporate Liability Trial all witnesses identified by the UTC in Item 149 as "witnesses most familiar with Retention Tool Kit, IntraNet, QIX, QHR information concerning GCRMC, GCRMC total revenue from QHR's Leadership Teams Financial Improvement Schemes, GCRMC total money paid to QHR" unless the UTC separately identified such individual by name elsewhere in the UTC's Final Fact Witness Disclosures, or such individual is called solely for impeachment purposes, or such individual is called for the limited purposes authenticating an exhibit or laying a foundation to admit a document under an exception to the hearsay rule.

10. The UTC are precluded from calling in the UTC's case in chief at the Corporate Liability Trial any witness identified generically in Item 151 unless the UTC separately identified such individual by name elsewhere in the UTC's Final Fact Witness Disclosures, is called to authenticate a document or to lay a foundation [*77] for the admissibility of a document, or is called solely for impeachment purposes.

ORDERED FURTHER, that any additional relief requested in the Motion that is inconsistent with this Order is DENIED.

ROBERT H. JACOBVITZ

United States Bankruptcy Judge

Date entered on docket: January 15, 2014

David Sporar