IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
|---|---|---|
| Plaintiff, | ) ) ) | JUDGE NUGENT |
| v. | ) ) | |
| SAP AMERICA, INC., et al. | ) ) | |
| Defendants. | ) ) ) | |

## MOTION TO PRECLUDE HODELL FROM USING PROPOSED TRIAL EXHIBITS 173 AND 174 AT TRIAL

Defendants SAP America, Inc. and SAP AG (collectively "SAP") hereby request that the Court preclude Hodell from using Proposed Trial Exhibits 173 and 174 at trial for the reasons set forth in SAP's Memorandum of Law in support thereof, which is incorporated herein by reference.

Respectfully submitted,

/s/ Gregory J. Star
Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone:  (215) 988-2700
Facsimile:  (215) 988-2757
*Attorneys for SAP America, Inc. and SAP AG*

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755-DCN |
|---|---|---|
| Plaintiff, | ) ) ) | JUDGE NUGENT |
| v. | ) ) | |
| SAP AMERICA, INC., et al. | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF SAP'S MOTION TO PRECLUDE
HODELL FROM USING PROPOSED TRIAL EXHIBITS 173 AND 174 AT TRIAL**

SAP seeks an order confirming Judge Wells' prior ruling that testimony related to Proposed Trial Exhibits 173 and 174 is precluded, and that these exhibits are inadmissible and may not be used at trial.

**I.    BACKGROUND**

Proposed Trial Exhibits 173 and 174 are emails written by Geoff Ashley, a former SAP employee, after his employment with SAP ended on July 29, 2011. Specifically, on December 22, 2011, SAP's Paul Killingsworth sent Mr. Ashley a message on the social media website known as "LinkedIn" asking whether Mr. Ashley would consent to providing SAP's outside counsel with his contact information in connection with the instant litigation. Mr. Ashley responded with consent but included his personal opinions about SAP and about which parties and persons did the right and/or wrong things in this case and which parties and persons ought to prevail in this case. A week later, on December 29, 2011, Mr. Ashley forwarded this "LinkedIn" response to Dan Lowery. *See* Proposed Trial Exhibit 173, attached hereto as Exhibit A.

Two days later, on December 31, 2011, Mr. Lowery responded with an email to Mr. Ashley's personal email account. In that email, Mr. Lowery again offered various self-serving

personal opinions of his own about SAP and this case.  On January 3, 2012, Mr. Ashley responded (again from his personal account) with further personal opinions.  *See* Proposed Trial Exhibit 174, attached hereto as Exhibit B.

Hodell subsequently marked these documents as Proposed Trial Exhibits 173 and 174.  On March 16, 2012, Mr. Ashley was deposed and Hodell's counsel asked him a series of questions about these proposed exhibits.[1]

On February 20, 2015, Hodell designated deposition testimony for Mr. Ashley.  SAP objected to a significant portion of the designated testimony on grounds of relevance, lack of personal knowledge, and unfair prejudice.  SAP's objections included the entirety of the testimony surrounding Proposed Trial Exhibits 173 and 174.

Judge Wells subsequently sustained *all* of SAP's objections and struck some 50 pages of Mr. Ashley's testimony, including *all* of his testimony about Proposed Trial Exhibits 173 and 174.  *See* Order, *Hodell-Natco Indus., Inc. v. SAP America, Inc.*, No. 1:08-cv-02755 (N.D. Ohio Feb. 20, 2015), attached hereto as Exhibit C; Highlighted Deposition Transcript of Deposition of Geoff Ashley (showing previously stricken testimony in red), attached hereto as Exhibit D.

**II.     ARGUMENT**

The Court should preclude Hodell from using Proposed Trial Exhibits 173 and 174 at trial.  Judge Wells already sustained SAP's objections to this entire line of questioning on grounds of relevance, lack of personal knowledge, and unfair prejudice and confusion.  *See* Exhibit C.

In addition, the exhibits themselves contain out-of-court statements that will plainly be offered by Hodell for the truth, and no exception to the hearsay rule applies.  Indeed, these are

---

[1]  Mr. Ashley was and remains a resident of New Hampshire.  At the time of his deposition, all parties involved understood that Mr. Ashley was a former SAP employee and outside the subpoena power of the Court.

- 3 -

personal messages and emails that Mr. Ashley obviously did not make in the scope and course of *any* regularly conducted business activity – let alone activity on behalf of his *former* employer, SAP. *See* Fed. R. Evid. 801(d)(2)(D) (only applies when the statement "was made by the party's agent or employee on a matter within the scope of that relationship *and while it existed*" (emphasis added)); Fed. R. Evid. 803(6) (only applies when "the record was kept *in the course of a regularly conducted activity of a business*"; "making the record was a *regular practice of that activity*"; and "the opponent does not show that the source of information or method or circumstances of preparation indicate a lack of trustworthiness" (emphases added)). As a consequence, the exhibits themselves are inadmissible hearsay and are properly excluded.

Finally, the emails contained within these exhibits are rife with broad, inflammatory personal opinions on ultimate issues – as opposed to actual facts based on first-hand knowledge. Therefore, presenting these emails to the jury would be unfairly prejudicial and would likely mislead the jury into deciding the case based on the ad hominem attacks of a former employee years after the events in question – as opposed to the facts of the case. Judge Wells plainly saw that any relevance was substantially outweighed by the likelihood of unfair prejudice and confusion and thus struck the entirety of Mr. Ashley's testimony surrounding these emails. This court should do the same.

- 4 -

**III. CONCLUSION**

SAP respectfully requests that the Court follow Judge Wells' prior order precluding any testimony concerning Proposed Trial Exhibits 173 and 174, and further order that Hodell is preclude from using or offering these documents into evidence or using them in any other way.

    Respectfully submitted,

    /s/ Gregory J. Star
    Michael J. Miller (admitted *pro hac vice*)
    Gregory J. Star (admitted *pro hac vice*)
    Drinker Biddle & Reath LLP
    One Logan Square, Suite 2000
    Philadelphia, PA 19103-6996
    Telephone: (215) 988-2700
    Facsimile: (215) 988-2757
    *Attorneys for SAP America, Inc. and SAP AG*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 21st day of June, 2015, a copy of the foregoing Motion to Preclude Hodell From Using Proposed Trial Exhibits 173 and 174 at Trial, along with the accompanying Memorandum of Law and all exhibits, was served by way of electronic court filing.

              /s/ Gregory J. Star
              Gregory J. Star (admitted *pro hac vice*)