UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| -vs- | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION IN LIMINE TO PRECLUDE THE SAP DEFENDANTS FROM ELICITING FROM BROOKS HILLIARD OPINIONS THAT HAVE BEEN ALREADY EXCLUDED AS IMPROPER BY JUDGE LESLEY WELLS**

Plaintiff Hodell-Natco Industries, Inc., through undersigned counsel, submits the following Motion in Limine to preclude the introduction of any testimony or opinions from defendants' witness, Brooks Hilliard, that were the subject of Judge Lesley Wells' Memorandum of Opinion and Order dated January 26, 2015.  [ECF # 267].

A Memorandum in Support of this Motion is below.

| | |
|---|---|
| Dated: June 28, 2015 | Respectfully submitted,<br><br>/s/ *P. Wesley Lambert*<br>Christopher J. Carney (0037597)<br>Sharon A. Luarde (0071625)<br>P. Wesley Lambert (0076961)<br>BROUSE MCDOWELL<br>600 Superior Ave. E., Suite 1600<br>Cleveland, Ohio 44114<br>(216) 830-6830 phone/(216) 830-6807 fax<br>CCarney@brouse.com<br>SLuarde@brouse.com<br>WLambert@brouse.com<br>*Attorneys for Plaintiff Hodell-Natco Industries, Inc.* |

**MEMORANDUM IN SUPPORT**

I.    **BACKGROUND**

Defendants intend to call Brooks Hilliard as their liability expert on Monday, June 29, 2015. Mr. Hilliard authored an August 10, 2012 expert report that was the subject of a motion *in limine* filed on July 16, 2014. [ECF # 197]. Mr. Hilliard's report included eight (8) opinions, six (6) of which Judge Lesley Wells excluded in her Memorandum of Opinion and Order dated January 26, 2015. [ECF # 267]. A copy of Judge Wells' Opinion is attached for the Court's convenience as Exhibit 1. Judge Wells also excluded several auxiliary opinions expressed by Mr. Hilliard in his report. A copy of Mr. Hillard's report with the sections excluded by Judge Wells highlighted in gray is attached as Exhibit 2.

Judge Wells excluded Mr. Hilliard's opinions relating to his explanation of the various standards of care in the business software industry and his description of the "typical responsibilities of the parties to an ERP software implementation." [ECF # 267.11]. As a result the following opinions have already been excluded and Mr. Hilliard should not be permitted to testify concerning them:

> **Opinion # 1**: The process for partnering between software companies and software implementation firms is done to facilitate client service and support, not the (sic) isolate the customer from the software company.
>
> **Opinion # 2**: The process by which Hodell agreed with LSi to arrange for the implementation of the SAP Business One software did not follow normal industry procedures that were known to both parties and unknown to SAP, proceeded in an unusual and unprofessional manner that both parties should have known would lead to Hodell's eventual dissatisfaction with the resulting implementation.

**Opinion # 5**:  LSi's and Hodell's neglect of technical warnings known to one or, in some cases, both of them before and after Hodell licensed the SAP Business One software, without getting normal guidance from SAP and without taking normal and customary actions to avoid potential problems was a major factor causing SAP Business One software not to perform up Hodell's expectations.

**Opinion # 6**:  Hodell's decision to go live with the SAP Business One software before completing adequate testing, combined with its knowledge that the results of the limited tests that were done did not satisfy its anticipated requirements, was inconsistent with the normal customs and practices of the industry and was a major cause of the problems and costs incurred by Hodell after go live.

**Opinion # 7**:  Hodell's use of outdated, inadequate and underpowered equipment, cabling and network components to run the SAP Business One software contributed to the alleged inadequate performance of the SAP Business One software was inconsistent with the normal customs and practices of the industry and was a major causal factor that slowed the very performance problems complained about by Hodell.

**Opinion # 8**:  SAP's support of LSi and Hodell was consistent with the normal standard of care typically delivered by ERP software companies and was not a significant cause of the alleged software deficiencies cited by Hodell.

In excluding these opinions, Judge Wells opined that these opinions had no bearing on whether LSi was SAP's apparent agent [ECF # 267.4] or any of the claims or defenses in this case [ECF # 274.5].  She further held that several of these opinions were inadmissible on other grounds.

Defendants have not sought a reconsideration of Judge Wells' decision, and any such attempt would be prejudicial to Hodell's preparation of its case.  Furthermore any such request for reconsideration would be futile as Judge Wells' correctly decided that Mr. Hilliard's excluded opinions were irrelevant to any issue in the case and would otherwise be unhelpful to the jury's resolution of this case.

## II. CONCLUSION

It is respectfully requested that this Court adhere to Judge Wells' prior ruling and prevent Defendants SAP America, Inc. and SAP AG from presenting testimony relating to Opinions 1, 2, 5, 6, 7, and 8 in Mr. Hilliard's August 10, 2012 report and from discussing the auxiliary opinions also excluded by Judge Wells.

          Respectfully submitted,

          /s/ *P. Wesley Lambert*
          Christopher J. Carney (0037597)
          Sharon A. Luarde (0071625)
          P. Wesley Lambert (0076961)
          BROUSE MCDOWELL
          600 Superior Ave. E., Suite 1600
          Cleveland, Ohio 44114
          (216) 830-6830 phone
          (216) 830-6807 fax
          CCarney@brouse.com
          SLuarde@brouse.com
          WLambert@brouse.com
          *Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 28, 2015, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document through the Court's electronic filing system.

          /s/ *P. Wesley Lambert*
          P. Wesley Lambert, Esq. (0076961)
          *Attorney for Plaintiff Hodell-Natco Industries, Inc.*

938119