IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., | ) | CASE NO. 1:08-CV-2755 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **BENCH BRIEF ON THE EFFECT OF THE** |
| | ) | **COURT'S DISMISSAL OF HODELL'S** |
| SAP AMERICA, INC., et al. | ) | **CONTRACT CLAIMS AGAINST** |
| | ) | **DEFENDANT SAP AG** |
| Defendants. | ) | |

Plaintiff Hodell-Natco Industries Inc. ("Hodell") submits the following Bench Brief addressing the effect of the Court's prior dismissal of Hodell's contract claims against Defendant SAP AG.

On September 2, 2010, Magistrate Judge Greg White issued a Report and Recommendation ("R&R") recommending dismissal of Hodell's contract claims against SAP AG. [ECF #50]. Based upon arguments advanced by SAP AG, Judge White held that SAP AG was not a party to the License Agreement, and that the License Agreement was a contract <u>solely between Hodell and SAP America, Inc</u>. [ECF #50, R&R at pp. 13-15: "As SAP AG is not a signatory to the contract and nothing in the agreement can reasonably be interpreted as an intent to bind SAP AG, the Court finds that SAP AG was not a party to the License Agreement."][1] Judge White further held that nothing in the License Agreement indicates the parties intended to

---

[1] The Court also held that Hodell could not pursue breach of contract claims against <u>either</u> SAP entity under the Development Agreement. This holding has implications with respect to SAP's arguments pertaining to the economic loss doctrine and will be addressed in a separate brief.

benefit SAP AG, and thus held that SAP AG was not a third-party beneficiary of the License Agreement. [R&R at p. 14].  SAP AG agreed with Judge White's decision in its Reply to Hodell's Objections to the R&R [ECF #55 at p. 5: "The Court properly held . . . that SAP AG is not a party to the License Agreement, and thus is not liable under that contract."]  Judge Wells adopted the R&R and dismissed Hodell's contract claim against SAP AG. [ECF #61, Order at pp. 8-9].  Judge Wells' decision on this issue is the law of the case.

The holdings described above have a substantial effect on the factual and legal issues being submitted to the Court and to the jury.  While SAP AG is no longer subject to Hodell's breach of contract claims, it remains a party to Hodell's fraud, fraudulent inducement and negligent misrepresentation claims, and has actively defended itself against those claims.  As a result of SAP AG successfully arguing that it was neither a party nor a third-party beneficiary to the License Agreement, it may not come into Court and advance arguments inconsistent with those previously made and that were adopted by the Court.

SAP AG and SAP America, Inc. are separate entities and have potentially separate legal liability for the tort claims made by Hodell.  There is no requirement for the jury to hold both SAP AG and SAP America, Inc. liable for Hodell to prevail.  Thus, in its own defense of Hodell's tort claims, SAP AG may not advance the following arguments in reliance upon the License Agreement to which it claims it was not a party:

1. On the issue of agency, SAP AG may not point to the License Agreement's disclaimer of agency as a defense because Hodell never signed any document stating that LSi/IBIS were not SAP AG's agent.  The disclaimer applies, if at all, only to LSi/IBIS's relationship with SAP America, Inc.

2. SAP AG may not point to the License Agreement's limitation of liability or

damage waiver provisions as a defense.

3.   SAP AG may not argue that Hodell's tort damages are duplicative of its contract damages for the simple reason that Hodell has no avenue to receive an award of contract damages against SAP AG.

4.   Similarly, SAP AG may not argue that Hodell's tort claims are duplicative of its contract claims because Hodell has no contract claims against SAP AG. As Judge White correctly noted, "SAP acknowledges that a defendant may be liable for fraudulent inducement even though that defendant is not a party to the agreement. (Tr. 26, 52-54.) As such, SAP's status as a nonparty to the Development Agreement does not necessarily bar Hodell's cause of action against SAP for fraudulent inducement." The same logic applies with respect to the License Agreement.

SAP AG is judicially estopped from advancing arguments directly inconsistent with those it successfully made to this Court to secure dismissal of Hodell's contract claim. Therefore, SAP AG is precluded from relying upon the License Agreement as a defense to Hodell's tort claims or from pointing to the License Agreement's disclaimer of agency provision.

Dated:  June 28, 2015                                      Respectfully submitted,

/s/ *P. Wesley Lambert*
Christopher J. Carney (0037597)
Sharon A. Luarde (0071625)
P. Wesley Lambert (0076961)
BROUSE MCDOWELL
600 Superior Ave. E., Suite 1600
Cleveland, Ohio 44114
(216) 830-6830 phone/(216) 830-6807 fax
CCarney@brouse.com
SLuarde@brouse.com
WLambert@brouse.com
*Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 28, 2015, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document through the Court's electronic filing system.

/s/ *P. Wesley Lambert*
P. Wesley Lambert, Esq. (0076961)
*Attorney for Plaintiff Hodell-Natco Industries, Inc.*

938118