IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HODELL-NATCO INDUSTRIES, INC., | ) | CASE NO. 1:08-CV-2755 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **BENCH BRIEF ON THE WRITTEN** |
| | ) | **MISREPRESENTATIONS PROVEN BY** |
| SAP AMERICA, INC., et al. | ) | **HODELL DURING TRIAL** |
| | ) | |
| Defendants. | ) | |

Plaintiff Hodell-Natco Industries Inc. ("Hodell") submits the following Bench Brief addressing the written misrepresentations proven by Hodell during trial. At the conclusion of the day on June 26, 2015, the Court requested Hodell's counsel to provide the particular marketing documents containing the written misrepresentations relied upon by Hodell. [Tr. at 2438-2439]. Hodell has introduced into evidence four pieces of marketing literature it contends contained misrepresentations that induced it to purchase SAP Business One and related software and hardware. These same written misrepresentations induced Hodell to enter into <u>both</u> the Development Agreement (to which neither SAP AG nor SAP America, Inc. are parties) and the License Agreement (to which only SAP America, Inc. is a party). These marketing documents were introduced as Exhibit 314 (this exhibit contains two separate marketing documents), Exhibit 617 and Exhibit 618.

While this Brief does not claim to identify every item of evidence in the record regarding

these documents, the following record evidence is sufficient to support Hodell's claim that misrepresentations were made to Hodell <u>directly</u> by SAP AG and SAP America, Inc. through SAP's marketing literature:

- **Exhibit 314** contains two documents: (1) an SAP Business One Brief; and (2) an SAP Solution Brief. Both documents bear the "SAP" logo and indicate they were published by Defendant SAP AG. [314.4 and 314.8]. Both Otto Reidl and Kevin Reidl testified that they relied on these documents in deciding whether to purchase Business One. [K. Reidl Tr. at 175-180; O. Reidl Tr. at 1679-1686].
  - The SAP Business One Brief represents: "The solution helps emerging businesses, from those with 10 to several hundred employees, to streamline their operational and managerial processes." [314.2]. It also discusses "Support for growth," [314.2] "Enhanced productivity and control" [314.3] and the delivery of Business One through "highly qualified channel partners" who provide "world-class service and support." [314.3]. This document is attached as <u>Exhibit A</u>.
  - The SAP Solution Brief was given to Otto Reidl during the sales process and represents: "Whether you have 5 employees or 500, the solution helps emerging businesses streamline their operational and managerial processes." [314.5]. It also discusses "Support for Growth," [314.6] "Trouble Free Customization," [314.7] and "Unmatched Expertise" stating: Because SAP Business One is delivered through a network of highly qualified channel partners and supported by SAP's global resources, you receive first-class service and support." [314.7]. This

2

  document is attached as Exhibit B.

- **Exhibit 617** was provided to Hodell by SAP's channel partner, American Express Business and Tax Services. [O. Reidl Tr. at 1686-87; Vitantonio Tr. at 1958-59]. It prominently displays SAP's logo on each page.  The document represents the "SAP Business One solution effectively supports companies with as low as 10 and as many as several hundred employees." [617.6] This document is attached as Exhibit C.

- **Exhibit 618** was also provided to Hodell by American Express Business and Tax Services. [O. Reidl Tr. at 1689; Vitantonio Tr. at 1960-61].  On the first page, SAP's logo and "SAP America" are prominently displayed.  The document was copyrighted by SAP AG.  Exhibit 618 represents in two separate places:  "To secure critical business and system processes, a robust MS-SQL 2000 database is used. It supports an unlimited number of simultaneous user transactions." [618.7; 618.18].  Exhibit 618 further represents: "In addition, its scalability provides for expansion of business activities while simultaneously securing and controlling all business processes."  [*Id.*].This document is attached as Exhibit D.

Judge White correctly held that whether the reference to "employees" in the marketing literature is equivalent to "users" is an issue of fact to be resolved by the jury:  "There is some debate as to whether the number of employees equates to a representation as to the number of users.  The Court believes this issue is best left for the finder of fact, as this Court cannot say that, as a matter of law, the representation as to the number of employees the software could accommodate cannot reasonably be construed as a corresponding representation as to the number of users that can be accommodated." [ECF #182, R&R at p. 14, fn. 11].

Not only has Hodell established at trial that it relied upon these misleading documents in deciding to purchase Business One, Dan Lowery (LSi) and Dale Van Leeuwen (IBIS/LSi) testified that they relied upon the same or similar documents in deciding whether Business One would be a fit for Hodell and as the basis for the verbal representations they made to Hodell (on SAP's behalf) regarding the product. [Lowery Tr. at 472, 652; Van Leeuwen Tr. 1281-1282, 1283-1285].

Further, Hodell wishes to make clear that its fraud claims are not premised solely upon the written literature published by SAP and distributed by its business partners AMEX and IBIS/LSi. There is ample evidence in the record that SAP's agent and business partners AMEX and IBIS/LSi verbally represented to Hodell that Business One could support its initial need of 120 users and its planned growth to 300 users. [See e.g., O. Reidl Tr. at 1903, K. Reidl Tr. at 174-75, Van Leeuwen Tr. at 1278].

Additionally, there is ample evidence that SAP (and potentially IBIS/LSi depending upon whose story the jury believes) knew that Hodell's purchase and implementation of Business One was highly risky and above what had been tested for the product, but failed to convey that information to Hodell and instead gladly took Hodell's order for 120 Business One licenses. *See, e.g., Escue v. Sequent, Inc.*, No. 2:09-cv-765, 2010 WL 3365933, at *7 (S.D. Ohio Aug. 24, 2010) ("[F]ull disclosure may be required of a party to a business transaction where such disclosure is necessary to dispel misleading impressions that are or might have been created by partial revelation of the facts.")

Further, even if the jury does not find that AMEX or IBIS/LSi were acting as SAP's agents during the sales process, the jury is permitted to find that AMEX and IBIS/LSi were merely relaying false information that had been supplied by SAP. [ECF #182, R&R at p. 9, fn. 7:

4

"Furthermore, there is evidence, if credited, that the representations were actually made by SAP and simply relayed by LSi/IBIS."]; *See also*, *Tanner v. United States*, 483 U.S. 107, 129, 107 S.Ct. 2739 (1987)("[U]nder the common law a fraud may be established when the defendant has made use of a third party to reach the target of the fraud."); *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 686, fn. 29 (6th Cir. 2005)("The requirement that the plaintiff allege that the defendant made a misrepresentation does not mean that the plaintiff must allege that the defendant communicated that misrepresentation directly to the plaintiff.").

Dated: June 28, 2015                              Respectfully submitted,

                                                             /s/ *P. Wesley Lambert*
                                                             Christopher J. Carney (0037597)
                                                             Sharon A. Luarde (0071625)
                                                             P. Wesley Lambert (0076961)
                                                             BROUSE MCDOWELL
                                                             600 Superior Ave. E., Suite 1600
                                                             Cleveland, Ohio 44114
                                                             (216) 830-6830 phone
                                                             (216) 830-6807 fax
                                                             CCarney@brouse.com
                                                             SLuarde@brouse.com
                                                             WLambert@brouse.com
                                                             *Attorneys for Plaintiff Hodell-Natco Industries, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 28, 2015, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the document through the Court's electronic filing system.

/s/ *P. Wesley Lambert*
P. Wesley Lambert, Esq. (0076961)
*Attorney for Plaintiff Hodell-Natco Industries, Inc.*

938117