IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| SAP AMERICA, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SAP AMERICA, INC. AND SAP AG'S MOTION TO PRECLUDE HODELL FROM CALLING G. WILLIAM KENNEDY AND JOSEPH VISLOCKY AS REBUTTAL WITNESSES**

Defendants SAP America, Inc. and SAP AG (collectively, "SAP"), through undersigned counsel, hereby request that the Court enter an Order, in the form of the Proposed Order attached hereto, granting SAP's Motion for to Preclude Hodell From Calling G. William Kennedy and Joseph Vislocky as Rebuttal Witnesses.

The reasons supporting this Motion are set forth in SAP's Memorandum of Law, incorporated herein by reference.

Respectfully submitted,

/s/ Gregory J. Star
Michael J. Miller (admitted *pro hac vice*)
Gregory J. Star (admitted *pro hac vice*)
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
| --- | --- | --- |
| Plaintiff, | ) ) ) | JUDGE NUGENT |
| v. | ) ) | |
| SAP AMERICA, INC., et al. | ) ) | |
| Defendants. | ) ) ) | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF SAP AMERICA, INC. AND SAP AG'S MOTION TO PRECLUDE HODELL FROM CALLING G. WILLIAM KENNEDY AND JOSEPH VISLOCKY AS REBUTTAL WITNESSES**
_____

**I.   INTRODUCTION**

Hodell indicated for the first time on Monday, June 29, 2015 that it intends to offer G. William Kennedy as a rebuttal witness at conclusion of SAP's case-in-chief.  And while Hodell has yet to broach the topic with the Court, SAP expects that Hodell likewise intends to call Joseph Vislocky on rebuttal.

For the reasons set forth below, however, neither Dr. Kennedy nor Mr. Vislocky are appropriate rebuttal witnesses, and as such, Hodell should be precluded from calling either for such purpose.

**II.   ARGUMENT**

Hodell should be precluded from calling Dr. G. William Kennedy and Joseph Vislocky as so-called rebuttal witnesses.  A district court should limit the "scope of rebuttal testimony, to that which is directed to rebut new evidence or new theories proffered in the defendant's case-in-

chief." *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 700-01 (6th Cir. 2001). Only "real rebuttal evidence" should be permitted, and this must be limited to "evidence presented to rebut 'new' evidence, and evidence is new 'if, under all the facts and circumstances, . . . the evidence was not fairly and adequately presented to the trier of fact before the defendant's case-in-chief.'" *Id*. at 1429. The Court should not allow these gentlemen to be presented in rebuttal because nothing about their proposed testimony will be in the nature of actual rebuttal.

    A.    **Hodell Should Be Precluded from Calling Dr. Kennedy As a Rebuttal Witness**

Dr. Kennedy's opinions cannot possibly be considered rebuttal evidence, let alone "real rebuttal evidence."

During trial, Otto Reidl – Hodell's only real damages witness – testified to a number of damages categories, including "lost productivity." With respect to this category, Otto Reidl claimed, *inter alia*, that productivity at Hodell was properly measured by pounds shipped per employee; that due to an alleged decreased productivity, Hodell hired 27 additional employees to run Business One (all while his own financial records indicate otherwise); that Hodell has never produced any employment information for these phantom 27 additional employees;[1] and that he multiplied these phantom 27 workers by the average employment cost for every Hodell employee – including Mr.Reidl himself and all other executives – and not by their actual employment costs.

During cross-examination, Mr. Reidl summarily rejected SAP's theories as to how damages should be properly measured. For example, Mr. Reidl testified that metrics such as revenue per employee were not appropriate measures of productivity at Hodell; that he was –

---

[1] During trial, Mr. Reidl claimed that this information *does* exist but was not produced to SAP – all the while acknowledging that Hodell was under a continuing obligation to produce any such materials during discovery.

2

somehow – not required to show actual employee records to prove his theory; and that it was acceptable to use average employee costs as opposed to actual employee costs.

Mr. Osborne methodically rebutted each and every category of damages presented by Mr.Reidl. Mr. Osborne (1) listed each category of damages alleged by Hodell; (2) explained his understanding of Hodell's theory for each; and (3) indicated the specific testimony and/or documentary evidence relied upon by Hodell in support. Finally, he explained how a professional accountant would analyze damages under each category and provided an opinion as to whether Hodell's theories passed muster under accepted professional standards.

With respect to Mr. Reidl's lost productivity theory, Mr. Osborne testified that measuring productivity at Hodell based on pounds shipped per employee was an inappropriate measure and that revenue per employee would be a more appropriate measure of productivity; that Hodell's own financial records showed that Hodell did not hire any additional workers; that it was inappropriate to base an increased labor expense damages claim on phantom additional workers without some documentary evidence that these workers actually existed and what they were paid; and that it was not appropriate to claim losses based on average salary information, but that actual salary information for actual workers should be used.

For each and every category, Mr. Osborne testified that the damages theories proffered by Hodell did not pass muster and that Hodell had not proven any damages attributable to Business One (beyond some possible refund on the purchase price paid to SAP – as discounted for Hodell's two years' worth of use – if SAP were to be ultimately found liable).

During his testimony, Mr. Osborne introduced no new theory or evidence that had not already been put into the record by Hodell. In fact, Mr. Osborne himself has always served as a rebuttal damages witness: Hodell initially pursued the "ultimate conclusion of what the damages

3

are" by way of Dr. Kennedy, and Mr. Osborne submitted his report in rebuttal. Upon Dr. Kennedy's preclusion, Hodell attempted to backfill his stricken expert opinions with the lay opinions of Mr. Reidl as to, effectively, the same damages categories using the same (or similar) theories. When Mr. Osborne was proffered at trial as a rebuttal witness to Hodell's damages testimony, Hodell objected, and the Court asked Hodell's counsel to provide a list of its damages claims. After a review of said list, the Court held that Mr. Osborne could testify on rebuttal as to those categories of damages. And this is precisely what Mr. Osborne did.

As a rebuttal witness, Mr. Osborne introduced no new theories, merely explaining why Hodell's existing theories (as proffered by Otto Reid) were flawed. Nor did Mr. Osborne introduce any new documents into the record. The limited documents shown to Mr. Osborne comprised (1) the exhibits that Hodell, by way of Mr. Reidl, had used to present its damages claims; (2) exhibits about which Mr. Reidl otherwise testified; and (3) various of the demonstrative exhibits prepared by Hodell.

There is simply no room under the rebuttal witness rule for Dr. Kennedy's testimony. Indeed, there is nothing new to rebut. Hodell's true motive is obvious: it is desperate for an opportunity to reintroduce Dr. Kennedy's speculative and methodologically infirm theories into this case in the hope of saving a failing damages claim (due, in part, to Hodell's failure to gather and produce basic pieces of evidentiary support). If permitted to testify on rebuttal, Dr. Kennedy will likely try to reconfigure his opinions to match those of Mr. Reidl's and will essentially parrot Mr. Reidl's opinions as his own. At that point, SAP would be entitled to recall Mr. Osborne to the stand to rebut Dr. Kennedy's testimony. Enough is enough.

### B. Hodell Should Be Precluded from Calling Joseph Vislocky As a Rebuttal Witness

Similarly, Joseph Vislocky's opinions and testimony cannot be considered rebuttal evidence, let alone "real rebuttal evidence."

Mr. Vislocky served as Hodell's IT Director post Go-Live, between November 2007 and October 2013.  During his deposition in this case, Mr. Vislocky offered testimony about Hodell's hardware and network structure during his tenure at the company – that is, as it existed at least nine months *after* the March 2007 Go-Live date.  Mr. Vislocky freely admitted that he was unable to provide testimony as to Hodell's hardware and network structure for the period during which SAP Business One was implemented at Hodell.  To be clear, the SAP Business One implementation occurred some nine months before his hiring.

Hodell included Mr. Visclocky on its June 10, 2015 witness list and tentatively scheduled his testimony for Friday, June 19, 2015.  That same day, however, just as the Court broke for lunch, Hodell's counsel informed SAP that it no longer intended to call Mr. Vislocky, stating instead that it was satisfied with the testimony it had thus far elicited.  In response, SAP issued a subpoena for Mr. Vislocky to appear and testify in SAP's case-in-chief.  In turn, Hodell's counsel – representing Mr. Vislocky as a former Hodell employee – instructed SAP that, in lieu of issuing amended subpoenas to accommodate the shifting trial schedule, Hodell would agree to make Mr. Vislocky available to SAP as needed.  SAP determined during its case-in-chief, however, that Mr. Vislocky's testimony would be largely duplicative of the testimony already offered.  As such, on Thursday, June 25, 2015, SAP notified Hodell's counsel that it no longer intended to call Mr. Vislocky, and SAP subsequently withdrew the Mr. Vislocky's trial subpoena.

5

SAP was therefore surprised to witness, on Monday, June 29, 2015, Mr. Vislocky conferring in person with Hodell's counsel in the hallway outside of Courtroom 15A. Naturally, SAP now suspects that Hodell intends to offer Mr. Vislocky as a rebuttal witness as to certain of the testimony offered at trial regarding Hodell's hardware and network infrastructures.

Notably, testimony as to nature of Hodell's infrastructure and hardware during the implementation of SAP Business One has been offered by witnesses whom *Hodell itself has called*. Accordingly, any such offer of Mr. Vislocky as a rebuttal witness would be improper on several ground, including the following: (1) Hodell has known for years that Hodell's hardware and infrastructure issues constituted a portion of SAP's defense; (2) Hodell called two witnesses as part of *its own case-in-chief* – Paul Killingsworth and Eddy Neveux – who testified as to the inadequacies of Hodell's hardware and network infrastructures; and (3) Hodell had every opportunity to call Mr. Vislocky during its case-in-chief but chose not to do so. Indeed, Hodell waived its right to call Mr. Vislocky by removing him from its witness list, and it cannot now call him on rebuttal.

As noted previously, a plaintiff is permitted to call a rebuttal witness when a defendant has raised *new evidence during its case-in-chief*. The hardware and network issues on which SAP expects Hodell will attempt to have Mr. Vislocky testify are, simply put, not fair game for "rebuttal" in any sense of the word. As explained, these topics were raised during *plaintiff's* case-in-chief. The time to rebut any testimony offered *in response to questions posed by Hodell's own counsel* was during Hodell's case-in-chief, not at the conclusion of SAP's. Hodell should not be allowed another bite at the apple, and as much as Hodell might regret its tactical decision not to call Mr. Vislocky during its case, it should be precluded from calling him now as a rebuttal witness.

        Respectfully submitted,

        <u>/s/ Gregory J. Star</u>
        Michael J. Miller (admitted *pro hac vice*)
        Gregory J. Star (admitted *pro hac vice*)
        Drinker Biddle & Reath LLP
        One Logan Square, Suite 2000
        Philadelphia, PA 19103-6996
        Telephone:  (215) 988-2700
        Facsimile:  (215) 988-2757
        *Attorneys for SAP America, Inc. and SAP AG*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2015, a copy of the foregoing Motion to Preclude Hodell from Calling Dr. G. William Kennedy and Joseph Vislocky as Rebuttal Witnesses was filed electronically and served.

<div style="text-align: right;">

/s/ Gregory J. Star
Gregory J. Star (admitted *pro hac vice*)

</div>