IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| HODELL-NATCO INDUSTRIES, INC. | ) | CASE NO. 1:08 CV 2755 |
|---|---|---|
| Plaintiff, | ) ) ) | JUDGE NUGENT |
| v. | ) ) | |
| SAP AMERICA, INC., et al. | ) ) | |
| Defendants. | ) ) | |

_____

**SUPPLEMENT TO SAP'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S TORT CLAIMS**
_____

At page two of its Bench Brief on the Written Misrepresentation issues, Hodell cites three exhibits: Exhibit Nos. 314, 617, 618. In a few instances, Hodell quotes the portions of these exhibits that Hodell suggests are false. In several other instances, Hodell merely includes one-line references to things like "Support" and "Enhanced Productivity and Control." The instances where Hodell has been specific about SAP statements that it deems fraudulent are the following:

- **Exhibit 314:** "The solution helps emerging businesses, from those with 10 to several hundred employees, to streamline their operations and managerial processes" and "Whether you have 5 employees or 500, the solution helps emerging businesses streamline their operational and managerial processes."

- **Exhibit 617**: "SAP Business One solution effectively supports companies with as low as 10 and as many as several hundred employees."

- **Exhibit 618**: "To secure critical business and system processes, a robust MS-SQL 2000 database is used. It supports an unlimited number of simultaneous user transactions" and

"In addition, its scalability provides for expansion of business activities while simultaneously securing and controlling all business processes."

All of these materials are high-level marketing documents. Not one is specific to Hodell or its highly customized solution – a solution that includes Radio Beacon and Inflight Enterprise (a massive custom add-on). High-level marketing documents cannot form the basis for a fraud claim. *See, e.g.*, *In re Ford Motor Co. Securities Litig. Class Action*, 381 F.3d 563, 570 (6th Cir. 2004) (holding that puffery and/or statements of opinion are not actionable in fraud).

As for the statements about the solution working for numbers of employees, the evidence in this case was clear. These statements are accurate. SAP has many customers with this number of employees for whom Business One has worked well and for whom Business One has delivered what is referenced in the marketing materials. And there has been no challenge to this.[1] Hodell's point has been that Business One did not work for *them* – that is, in the context of their *complex three-part solution*.

As for the statements about the M/S SQL server, the record is likewise clear. "M/S" stands for Microsoft. This is their database. Further, Hodell introduced no evidence that there was anything wrong with the M/S SQL server. To the contrary, the only evidence in the case about M/S SQL is from Brooks Hilliard, who testified that it is an extremely robust product that in no way operates as a limitation on Business One.

As for the statements in the American Express marketing document, this document is replete with references to "Business One – American Express Edition." And the one sentence

---

[1] Users does not mean the same thing as "employees," but even if those terms were synonymous (which they are not), the evidence makes clear that the marketing statements referencing "employees" would still be accurate even if employees did mean the same thing as users.

2

referenced by Hodell that is specific with respect to Business One working with certain numbers of employees is not fraudulent for the reasons described.

For these additional reasons, Hodell's complaints about the SAP marketing materials should not be presented to the jury.

        Respectfully submitted,

        /s/ Gregory J. Star
        Michael J. Miller (admitted *pro hac vice*)
        Gregory J. Star (admitted *pro hac vice*)
        Drinker Biddle & Reath LLP
        One Logan Square, Suite 2000
        Philadelphia, PA 19103-6996

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of June, 2015, a copy of the foregoing Supplement to SAP's Rule 50 Motion For Judgment as a Matter of Law on Plaintiff's Tort Claims was filed electronically and served.

                                              /s/ Gregory J. Star
                                              Gregory J. Star (admitted *pro hac vice*)